IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:** | MDL No. 2492<br><br>Judge John Z. Lee<br><br>Magistrate Judge Brown |
| **Walker,** *et al*.<br><br>       v.<br><br>**National College Athletic Assoc.,** | No. 1:13-cv-00293 |
| **Morgan,** *et al*.<br><br>       v.<br><br>**National Collegiate  Athletic Assoc.,** | No. 1:13-cv-03174 |

*WALKER* AND *MORGAN* PLAINTIFFS' UNOPPOSED MOTION FOR EXTENSION OF PAGE LIMITATION FOR MEMORANDUM IN SUPPORT OF *WALKER* AND *MORGAN* PLAINTIFFS' MOTION TO TEMPORARILY ENJOIN THE ONGOING *ARRINGTON* MEDICAL MONITORING CLASS SETTLEMENT NEGOTIATIONS WITH DEFENDANT NCAA

Plaintiffs in the cases of *Walker, et al. v. NCAA*, 1:13-cv-00293 (E.D. Tennessee), and *Morgan, et al. v. NCAA*, 1:13-cv-03174 (D. Minn.), consolidated before this Court as part of MDL No. 2492, as their unopposed motion for an extension of the page limitation, state the following:

1. Under the Minute Entry Order entered by this Court in the case of *Arrington, et al. v.*

1

*NCAA*, 1:11-cv-06356 (N.D. Illinois) on August 15, 2013 (*Arrington*, Dkt. # 186), medical monitoring class settlement negotiations between the *Arrington* Plaintiffs and Defendant NCAA were set to occur in Fall 2013. The Court's minute entry stayed the *Arrington* case pending settlement discussions and mediation.

    2.    On December 18, 2013, the Judicial Panel on Multidistrict Litigation ruled that similarly-situated NCAA concussion cases should be consolidated before this Court pursuant to 28 U.S.C. § 1407. Transfer of ten (10) different cases to this Court commenced on December 24, 2013 (MDL No. 2492, Dkt. # 55, 57).

    3.    The *Walker* and *Morgan* Plaintiffs contend that the ongoing settlement negotiations between the *Arrington* Plaintiffs and the NCAA lack structural assurance of fair and adequate representation for the diverse interests within the class – specifically for former NCAA football players who played before 2004 and former NCAA football players who played in 32 states excluded from the *Arrington* medical monitoring class motion for class certification (*Arrington*, Dkt. # 175 at p. 2, 28).

    4.    Now that the *Walker* and *Morgan* cases have been consolidated with the other pending NCAA concussion cases before this Court, the *Walker* and *Morgan* Plaintiffs move to temporarily enjoin the court-approved medical monitoring class settlement negotiations in the *Arrington* case.

    5.    Under Local Rule 7.1, briefs are limited to 15 pages:

> Neither a brief in support of or in opposition to any motion nor objections to a report or recommendation or order of a magistrate judge or special master shall exceed 15 pages without prior approval of the court. Briefs that exceed the 15 page limit must have a table of contents with the pages noted and a table of cases.

N.D. Ill. Loc. R. 7.1.

6. To appropriately address the multiple, complex issues that will be raised by the *Walker* and *Morgan* Plaintiffs' Motion to Temporarily Enjoin the Ongoing *Arrington* Medical Monitoring Class Settlement Negotiations with Defendant NCAA, including the procedural history of the *Arrington* medical monitoring class definition and the medical literature that demonstrates the significant and chronic health impacts to the former NCAA football players who played before 2004 and the NCAA's liability to those former players, the *Walker* and *Morgan* Plaintiffs request leave to file a Memorandum of Law in support of that motion not to exceed twenty-five (25) pages.

7. On January 30, 2014, counsel for *Walker* Plaintiffs (Richard Lewis) contacted counsel for the *Arrington* Plaintiffs (Elizabeth A. Fegan) and counsel for Defendant NCAA (Mark S. Mester) to determine whether the *Arrington* Plaintiffs and Defendant NCAA would agree to the page extension. *Walker* and *Morgan* Plaintiffs offered to agree to a request by any party for the same twenty-five (25) page limit for any response in opposition. Defendant NCAA counsel Mark S. Mester indicated Defendant's agreement to these 25-page limits for the parties' briefs in a response on January 30, 2013. *Arrington* counsel Elizabeth A. Fegan replied on January 31, 2014 that *Arrington* Plaintiffs also do not oppose the motion for an extension of page limits and agree to the 25-page limit extension for any their response briefs.

8. Accordingly, for the reasons provided above, and for good cause shown, *Walker* and *Morgan* Plaintiffs request that this Court grant this unopposed motion and enter an order granting the *Walker* and *Morgan* Plaintiffs' leave to file a Memorandum of Law not to exceed twenty-five (25) pages. Additionally, Defendant's Memorandum of Law in opposition, as well as any response in opposition from the *Arrington* Plaintiffs, would also not exceed 25 pages.

Dated: January 31, 2014                                              Respectfully Submitted:

                                                             By: */s/ Richard S. Lewis*

| | |
|---|---|
| Renae Steiner<br>Heins Mills & Olson, P.L.C.<br>310 Clifton Avenue<br>Minneapolis, MN 55403<br>Phone: 612-338-4605<br>Fax: 612-338-4605 | Michael D. Hausfeld<br>Richard S. Lewis<br>Mindy B. Pava<br>Hausfeld LLP<br>1700 K Street, N.W.<br>Suite 650<br>Washington, DC 20006<br>Phone: 202-540-7200<br>Fax: 202-540-7201 |
| Mark J. Feinberg<br>Shawn D. Stuckey<br>Zelle Hofmann Voelbel & Mason LLP<br>500 Washington Avenue, South<br>Suite 4000<br>Minneapolis, MN 55415<br>Telephone: 612-339-2020<br>Facsimile: 612-336-9100 | Gordon Ball<br>Law Offices of Gordon Ball<br>7001 Old Kent Drive<br>Knoxville, TN 37919<br>Phone: 865-525-7028<br>Fax: 865-525-4679 |
| Daniel S. Mason<br>Zelle Hofmann Voelbel & Mason LLP<br>44 Montgomery Street<br>Suite 3400<br>San Francisco, CA 94104<br>Phone: 415- 633-0700<br>Fax: 415-693-0770 | W. Mark Lanier<br>Eugene R. Egdorf<br>The Lanier Law Firm<br>6810 FM 1960 West<br>Houston, Texas 77069<br>Phone: 713-659-5200<br>Fax: 713-659-2204 |
| Timothy J. McIlwain<br>Timothy J. McIlwain, Attorney at Law, LLC<br>89 River Street #1538<br>Hoboken, NJ 07030<br>Phone:  877-375-9599<br>Fax: 609-450-7017 | Joseph J. DePalma<br>Steven J. Greenfogel<br>Lite DePalma Greenberg, LLC<br>Two Gateway Center<br>Suite 1201<br>Newark, NJ 07102<br>Phone: 973-623-3000<br>Fax: 973-623-0858 |
| Edgar D. Gankendorff,<br>Provosty & Gankendorff, L.L.C.<br>650 Poydras Street<br>Suite 2700<br>New Orleans, LA  70130<br>Phone: 504-410-2795<br>Fax: 504-410-2796 | Charles S. Zimmerman<br>J. Gordon Rudd, Jr.<br>Brian C. Gudmundson<br>Zimmerman Reed, PLLP<br>1100 IDS Center, 80 South 8th Street<br>Minneapolis, MN  55402<br>Phone:  612-341-0400<br>Fax:  612-341-0844 |

*Counsel for Walker Plaintiffs*

        James C. Selmer
        Marc Berg
        J. Selmer Law, P.A.
        500 Washington Avenue South
        Suite 2010
        Minneapolis, MN 55415
        Phone: 612-338-6005
        Fax: 612-338-4120

*Counsel for Morgan Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on the 31st day of January, 2014, a true and correct copy of the above and foregoing was served by electronic mail upon all attorneys of record.

/s/ Richard S. Lewis