IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:** | MDL No. 2492<br><br>Judge John Z. Lee<br><br>Magistrate Judge Brown |
| **Walker,** *et al*.<br><br>    v.<br><br>**National College Athletic Assoc.,** | No. 1:13-cv-00293 (E.D. Tenn.) |
| **Morgan,** *et al*.<br><br>    v.<br><br>**National Collegiate  Athletic Assoc.,** | No. 1:13-cv-03174 (D. Minn) |

*HUDSON* **PLAINTIFFS' JOINDER OF** *WALKER* **AND** *MORGAN* **PLAINTIFFS' MOTION TO TEMPORARILY ENJOIN THE ONGOING** *ARRINGTON* **MEDICAL MONITORING CLASS SETTLEMENT NEGOTIATIONS WITH DEFENDANT NCAA**

COMES NOW, Plaintiff, RAY HUDSON, individually and on behalf of himself and others similarly situated (hereinafter collectively referred to as "Plaintiff Hudson and the Class"), by and through the undersigned attorneys, and wish to join in and support the *Walker* and *Morgan* Plaintiffs' Motion to Enjoin the *Arrington* Medical Monitoring Class Settlement Negotiations (MDL No. 2492, Doc. #5).

The Plaintiff Hudson and the Class are similarly excluded from the *Arrington* medical monitoring class definition because:

(a) They played before 2004, and/or

(b) They played in one of the 32 states excluded by the *Arrington* medical monitoring class definition.

These two groups of class members, estimated to make up considerably more than half of all former NCAA football players, and numbering in the hundreds of thousands, have been excluded from the medical monitoring class defined in *Arrington's* motion for class certification. The *Arrington* counsel has taken the position in numerous subsequent federal court pleadings that the medical monitoring claims of Former Players Before 2004 and Former Players From 32 States lack merit. Thus, *Arrington* counsel has a manifest intra-class conflict with these class members and cannot vigorously and independently represent their interests, as is required by Rule 23. Therefore, neither *Arrington* counsel nor the *Arrington* class representatives can act as adequate representatives under Rule 23(a)(4) for these groups of former players.

The Plaintiff Hudson and the Class seek fair and adequate representation in any medical monitoring class settlement negotiation and believe that *Arrington* counsel have manifested an intra-class conflict and adequacy defect making it impossible for *Arrington* counsel to represent the Plaintiff Hudson and the Class.

Dated: February 5, 2014                              Respectfully Submitted,

                                                     /s/Robert M. Foote            ___

Robert M. Foote, Esq. (#03214325)
Foote, Mielke, Chavez & O'Neil, LLC
10 W State Street
Suite 200
Geneva, IL 60134
Tel. No.: (630) 232-7450
Fax No.: (630) 232-7452

J. Matthew Stephens
Florida Bar No.: 0688649
*McCALLUM, METHVIN & TERRELL, P.C.*
2201 Arlington Avenue South
Birmingham, Alabama
Phone: (205) 939-0199
Email: *mstephens@mmlaw.net*


***Attorneys for Plaintiff Ray Hudson***

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 5, 2014, I electronically filed the foregoing ***HUDSON* PLAINTIFFS' JOINDER OF *WALKER* AND *MORGAN* PLAINTIFFS' MOTION TO TEMPORARILY ENJOIN THE ONGOING *ARRINGTON* MEDICAL MONITORING CLASS SETTLEMENT NEGOTIATIONS WITH DEFENDANT NCAA** with the clerk of court for the U. S. District Court, Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

      /s/Robert M. Foote