```
 1                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3   IN RE:  NATIONAL COLLEGIATE      )  Docket No. 13 C 9116
     ATHLETIC ASSOCIATION STUDENT-    )
 4   ATHLETE CONCUSSION INJURY        )  Chicago, Illinois
     LITIGATION,                      )  April 14, 2014
 5                                    )  3:00 o'clock p.m.

 6                 TRANSCRIPT OF PROCEEDINGS - MOTION
                BEFORE THE HONORABLE JOHN Z. LEE
 7
     APPEARANCES:
 8
     For the Arrington Plaintiffs:  HAGENS BERMAN SOBOL SHAPIRO, by
 9                                  MS. ELIZABETH A. FEGAN
                                    1144 West Lake Street
10                                  Suite 400
                                    Oak Park, Illinois 60301
11
                                    HAGENS BERMAN SOBOL SHAPIRO, by
12                                  MR. STEVE W. BERMAN
                                    1918 8th Avenue
13                                  Suite 3300
                                    Seattle, Washington 98101
14                                  (appearing telephonically)

15                                  SIPRUT PC, by
                                    MR. JOSEPH J. SIPRUT
16                                  17 North State Street
                                    Suite 1600
17                                  Chicago, Illinois 60602

18   For the Walker Plaintiffs:     HAUSFELD LLP, by
                                    MR. RICHARD S. LEWIS
19                                  1700 K Street NW
                                    Suite 650
20                                  Washington, DC 20006

21

22                   ALEXANDRA ROTH, CSR, RPR
                       Official Court Reporter
23                   219 South Dearborn Street
                            Room 1224
24                    Chicago, Illinois 60604
                         (312) 408-5038
25
```

```
 1   APPEARANCES:   (Continued)

 2                                  LITE DePALMA GREENBERG, by
                                    MS. KATRINA CARROLL
 3                                  211 West Wacker Drive
                                    Suite 500
 4                                  Chicago, Illinois 60606

 5                                  ZIMMERMAN REED, by
                                    MR. CHARLES S. ZIMMERMAN
 6                                  1100 IDS Center
                                    80 South 8th Street
 7                                  Minneapolis, Minnesota 55402
                                    (appearing telephonically)
 8
                                    ZELLE HOFMANN VOELBEL &
 9                                  MASON, by
                                    MR. SHAWN D. STUCKEY
10                                  500 Washington Avenue
                                    Suite 400
11                                  Minneapolis, Minnesota 55415
                                    (appearing telephonically)
12
                                    HAUSFELD LLP, by
13                                  MS. MINDY B. PAVA
                                    1700 K Street NW
14                                  Suite 650
                                    Washington, DC 20006
15                                  (appearing telephonically)

16   For the Wolf Plaintiffs:       CORBOY & DEMETRIO, by
                                    MR. WILLIAM T. GIBBS
17                                  33 North Dearborn Street
                                    Suite 2100
18                                  Chicago, Illinois 60602

19   For Proposed Intervenors       EDELSON PC, by
     Moore and Nichols:             MR. RAFEY S. BALBANIAN
20                                  350 North LaSalle Street
                                    Suite 1300
21                                  Chicago, Illinois 60654

22   For the Hudson Plaintiffs:     McCALLUM METHVIN & TERRELL, by
                                    MR. JAMES MATTHEW STEPHENS
23                                  2201 Arlington Avenue S
                                    Birmingham, Alabama 35205
24                                  (appearing telephonically)

25
```

```
 1   APPEARANCES:  (Continued)

 2   For the Caldwell Plaintiffs:  OELANDO FIRM, by
                                   MR. OMAR MARK ZAMORA
 3                                 315 East Ponce de Leon
                                   Suite 400
 4                                 Decatur, Georgia 30030
                                   (appearing telephonically)
 5
                                   THE MABRA FIRM, by
 6                                 MR. RONNIE MABRA
                                   197 14th Street NW
 7                                 Suite 200
                                   Atlanta, Georgia 30318
 8                                 (appearing telephonically)

 9                                 THE PORTER LAW FIRM, by
                                   MR. MARWAN EMMETT PORTER
10                                 5033 SE Federal Highway
                                   Stuart, Florida, 34997
11                                 (appearing telephonically)

12   For the Morgan Plaintiffs:    JAMES C. SELMER & ASSOCIATES, by
                                   MR. MARC M. BERG
13                                 500 Washington Avenue
                                   Suite 2010
14                                 Minneapolis, Minnesota 55415
                                   (appearing telephonically)
15
     For the Durocher Plaintiffs:  DUGAN LAW FIRM, by
16                                 MR. JAMES R. DUGAN, II
                                   One Canal Place
17                                 365 Canal Street
                                   Suite 1000
18                                 New Orleans, Louisiana 70130
                                   (appearing telephonically)
19
                                   COHEN & MALAD, by
20                                 MS. LYNN A. TOOPS
                                   One Indiana Square
21                                 Suite 1400
                                   Indianapolis, Indiana 46037
22                                 (appearing telephonically)

23

24

25
```

Case: 1:13-cv-09116 Document #: 39 Filed: 04/22/14 Page 4 of 16 PageID #:396
4

```
 1  APPEARANCES:  (Continued)

 2  For the Powell Plaintiffs:    BARTIMUS, FRICKLETON, ROBERTSON
                                  & GORNY, by
 3                                MR. MICHAEL C. RADER
                                  11150 Overbrook Road
 4                                Suite 200
                                  Leawood, Kansas 66211
 5                                (appearing telephonically)

 6  For Defendant NCAA:           LATHAM & WATKINS, by
                                  MS. JOHANNA MARGARET SPELLMAN
 7                                MR. MARK STEVEN MESTER
                                  233 South Wacker Drive
 8                                Suite 5800
                                  Chicago, Illinois 60606
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1           (Proceedings had in open court:)
 2               THE CLERK:  13 C 9116, NCAA Student Athlete Concussion
 3    Injury Litigation, for motion hearing.
 4               MS. FEGAN:  Good afternoon, your Honor.  Elizabeth
 5    Fegan from Hagens Berman on behalf of the Arrington plaintiffs.
 6    And on the phone is my managing partner, Steve Berman, from
 7    Hagens Berman also.
 8               MR. SIPRUT:  Good afternoon, your Honor.  Joe Siprut
 9    from Siprut PC also for the Arrington plaintiffs.
10               MR. LEWIS:  Good afternoon, your Honor.  Richard Lewis
11    for the Walker plaintiffs.
12               MS. CARROLL:  Katrina Carroll also for the Walker
13    plaintiffs.
14               MR. GIBBS:  Good afternoon, your Honor.  Bill Gibbs
15    from Corboy & Demetrio on behalf of the Wolf plaintiffs.
16               MR. MESTER:  Good afternoon, your Honor.  Mark Mester
17    on behalf of the NCAA.
18               MS. SPELLMAN:  Johanna Spellman on behalf of the
19    defendant NCAA.
20               MR. BALBANIAN:  Good afternoon, your Honor.  Rafey
21    Balbanian on behalf of plaintiff intervenor Nichols.
22               THE COURT:  Okay.  Is there anyone else we have on the
23    phone?
24               MR. ZIMMERMAN:  Yes, your Honor.  This is Charles
25    Zimmerman, here for the Walker plaintiffs with Rich Lewis.  I
```

1    am with the law firm of Zimmerman Reed in Minneapolis.
2              THE COURT:  Can you state that a little bit more
3    clearly and slowly please.
4              MR. ZIMMERMAN:  I beg your pardon.  My name is Charles
5    Zimmerman.  I am here on behalf of the Walker plaintiffs.  I am
6    co-counsel with Rich Lewis of the Hausfeld firm, who's in the
7    courtroom today.  And I am with the law firm of Zimmerman Reed
8    in Minneapolis.
9              MR. STEPHENS:  Hi, Judge.  This is Matt Stephens.  I
10   am attorney for Ray Hudson, plaintiff, our of Birmingham,
11   Alabama.
12             MR. ZAMORA:  Your Honor, this is Mark Zamora,
13   Z-a-m-o-r-a.  And I am counsel for the Caldwell plaintiffs.
14             MR. STUCKEY:  Shawn Stuckey with the law firm of Zelle
15   Hofmann Voelbel & Mason.  I'm counsel for the Walker
16   plaintiffs.
17             MR. BERG:  Your Honor, this is Marc Berg, M-a-r-c,
18   B-e-r-g.  I represent the Morgan plaintiffs.  I am calling from
19   Minneapolis also.
20             MR. RADER:  Judge, this Mike Rader calling from Kansas
21   City on behalf of the Powell plaintiffs.
22             THE COURT:  Anyone else?
23             MR. DUGAN:  Good afternoon, Judge.  This is James
24   Dugan, with the Dugan law firm in New Orleans on behalf of the
25   Durocher plaintiffs.

1    MR. PORTER: Your Honor, Marwan Porter from Stuart,
2 Florida, on behalf of the Caldwell plaintiffs.
3    MR. MABRA: Your Honor, Ronnie Mabra from Atlanta,
4 Georgia, on behalf of the Caldwell?
5    THE COURT: Can you spell your name please?
6    MR. MABRA: Yes, last name, M as in Mary, A as in
7 Adam, B as in boy, r-a.
8    MS. PAVA: Your Honor, this is Mindy Pava, P-a-v-a,
9 co-counsel for the Walker plaintiffs, along with Richard Lewis,
10 who's currently in the courtroom.
11    THE COURT: Okay. Anyone else on the phone we didn't
12 get?
13    MS. TOOPS: Yes, your Honor. This is Lynn Toops,
14 T-o-o-p-s, co-counsel for the Durocher plaintiffs here in
15 Indianapolis.
16    THE COURT: Great. Anyone else? All right. Good
17 afternoon, counsel.
18    I have with me Magistrate Judge Brown. Magistrate
19 Brown will be supervising, presiding over, discovery in this
20 case. So I thought it would be best for her to be here for
21 this hearing, and for everyone to get to know her as well.
22    So we are here on the medical monitoring plaintiffs
23 second agreed motion for extension of dates set in case
24 management order No. 1, as amended. I have reviewed the motion
25 as well as the response filed by the Nichols attorneys, who

1  don't object to the relief that's requested but wanted to
2  apprize me of certain developments.
3  　　　　　The reason I wanted to have this status was, No. 1, I
4  haven't seen you all in a while.  And really it was just to get
5  a sense of exactly what was going on and what was taking so
6  long in these discussions that the plaintiffs have been having.
7  Now, I recognize that some of those discussions may be subject
8  to some sort of privilege, and plaintiffs may not want to
9  disclose some of those discussions because of some sort of
10 privilege.  And I am very -- I understand that.  But I wanted
11 to get kind of in broad strokes and as much as possible the
12 status of those discussions.
13 　　　　　MS. FEGAN:  Your Honor --
14 　　　　　MR. BERMAN:  Your Honor, this is Steve Berman.  I
15 thank you.  If it's okay, I'll lead off for the Arrington
16 plaintiffs.
17 　　　　　THE COURT:  That's fine, Mr. Berman.
18 　　　　　MR. BERMAN:  Thank you for accommodating us by phone
19 given it's the Jewish holiday.  It's very important to some of
20 us.  Appreciate that.
21 　　　　　I know it's been taking a long time and maybe longer
22 than your Honor wants.  But I wanted first tell you what we
23 think is the importance of what's happening here and then
24 explain what we've been doing.
25 　　　　　If this settlement is proposed to the Court, without

1  going into details that would violate 408, it has two broad
2  principles: One, that there will be medical monitoring for any
3  student athlete that's ever played any sport in every state,
4  and that that medical monitoring will go forward for a period
5  of 40 or 50 years. That's, let's say, point one of the
6  settlement.
7       Point two of the settlement is that there will be a
8  change in the return-to-play practices in all NCAA institutions
9  involving contact sports, the idea being these changes will
10 help prevent concussions and will help assist in the proper
11 treatment of concussions.
12      So when we are talking about these concepts that
13 affect so many athletes over such a broad period of time, we
14 think it's important that we get it right to the extent humanly
15 possible, and that to the extent humanly possible we work we
16 other lawyers who are interested in this, for example the
17 Walker plaintiffs and all the lawyers who introduced themselves
18 on the phone, to understand what their concerns and issues are,
19 to come to agreement on those or not, and to air those out with
20 the NCAA.
21      And because of the kind of complicated nature of
22 medical monitoring and the length of time -- so we have to deal
23 with symptoms that younger athletes may be experiencing as well
24 as symptoms older athletes may experience when they are in
25 their 40s and 50s. There has been a constant dialogue back and

1    forth between various experts on these issues.  That is going
2    slower than we wanted.  But it -- it's not from lack of effort.
3    There has been a lot of effort on everyone's part here.
4           And I think where we are is that we think it's going
5    to take us another 45 days to be in a position to tell the
6    Court that we have a motion for preliminary approval we want to
7    present and whether or not that motion is opposed by any or
8    certain groups that have also filed cases.  That is kind of
9    where we are.
10          If you have questions for me, your Honor, I'll be glad
11   to answer them.
12          THE COURT:  Well, let's allow other counsel to have a
13   say as well.
14          Mr. Lewis?
15          MR. LEWIS:  Yes, your Honor.  Richard Lewis for the
16   Walker plaintiffs.
17          Your Honor, from our prior hearing, the Court
18   understands that -- that we are primarily interested in making
19   sure that the medical monitoring relief responds to the older
20   former college football players, who are at risk from mid to
21   late life behavioral and cognitive brain injuries from playing
22   college sports.  And it's that subject that our expert, Dr.
23   Stern from Boston University, has conferred with one of the
24   Arrington medical consultants to make sure that the relief
25   fully responds to the risk those older individuals face.  And

1    it has taken us more time than we anticipated.

2            It's very detailed discussions about the scope of
3    relief, about the type of screening, about the type of medical
4    exams that will be provided. And we've made significant
5    progress on that issue in terms of reaching consensus with
6    Arrington and their counsel, that that type of relief needs to
7    be part of this protocol.

8            And we haven't reached the stage now where we take
9    that back to the NCAA. But we are very close to do that. We
10   have made very good progress on the details of medical
11   monitoring. There are other important issues that we haven't
12   resolved that we're still working on. And that's where we are
13   as of today, your Honor.

14           THE COURT: Okay. Can I hear from someone who
15   represents the Nichols plaintiffs?

16           MR. BALBANIAN: Yes, your Honor. We coordinated a
17   meeting with those firms that are interested in pursuing the
18   personal injury aspect of this case. And we have, I believe,
19   made great progress in structuring that -- that group at this
20   point. It's not -- hasn't been finalized at this point.

21           And we have been speaking to the NCAA with respect to
22   our concerns in the settlement and making sure that -- that our
23   clients' personal injury issues are either accounted for in the
24   settlement or not -- not adversely affected by the settlement.
25   We made good progress with Mr. Mester and his colleagues as

1   well.

2         I am not going to reiterate what we put in our papers.
3   We've had a little bit of frustration communicating with Mr.
4   Berman's office with respect to those issues.  But we don't
5   have any objection to the motion for extension.

6         THE COURT:  Hear from the NCAA?

7         MR. MESTER:  Yes, your Honor.  Just two items.  One, I
8   want to apprise you of one of the moving parts that we alluded
9   to the last time we were here in February, and that's the
10  insurance piece.  As I -- as we advised you at that time, we
11  had invited the insurance carriers to that final mediation
12  session with Judge Phillips.  That was in February.

13        Since that time, we've had three additional mediation
14  sessions with the carriers with a different mediator at the
15  insistence of the carriers and made good progress.  But to
16  reiterate what we said before, it is a fairly complex coverage
17  map.  There is 11 different carriers represented by 12
18  different law firms and over a hundred and five different
19  policies that span a couple of decade periods.  It's -- it's
20  more complicated than some.

21        But we -- our most recent mediation was April 2 in
22  Dallas.  We made some good progress.  So we continue to
23  communicate with the participating carriers, hope to reach a
24  resolution on that also in the time frame that Mr. Berman
25  alluded to.

1  The other clarification I wanted to make, your Honor,
2  was, in terms of the return-to-play guidelines, that would
3  really be a reaffirmation of guidelines that were put into
4  place a couple of years ago.  But I'm not -- I'm not
5  challenging Mr. Berman's characterization.  I just want to make
6  clear, those are guidelines that have been in place a couple
7  years.
8  		THE COURT:  Okay.  Anyone else wants to pipe up at
9  this point?
10 		The concern I have with regard to where this case
11 is -- well, let me give you the good news.  The good news is
12 that I am very encouraged by the efforts that the parties are
13 making to try to work together with and to confer with one
14 another and to come to some sort of agreement on how this case,
15 how the settlement, would move forward.
16 		The last time we were all here, I would say that there
17 were a lot of splintered pieces.  It's good to see that there
18 is starting to be some cohesion, particularly among the
19 different plaintiffs.  I know that there is a lot of different
20 interests and a lot of different pieces at play.  And you all
21 have to represent your particular clients and the people that
22 you represent.  And I understand that.  And I'm encouraged by
23 those discussions.  I want to encourage those discussions to
24 continue.
25 		Mr. Berman, the concern that I have -- and here is the

1   bad news, although it's not really too bad.  The concern that I
2   have is, the tendency for the plaintiffs, at least from what
3   I'm hearing, to want to have everything tidy with a nice bow in
4   place and then offering everything to the Court in one package,
5   No. 1, just based upon my experience in cases like this, I
6   don't think that's really ever going to happen.  I think that
7   while most of the issues probably the plaintiffs will come to
8   some agreement with the NCAA, there are bound to be some issues
9   and objections and things of that sort at some point in this
10  process.  Okay?
11          Second of all, I think that waiting for that time to
12  come will really enure to the fact that this -- it will delay
13  this case moving forward in terms of case management and
14  discovery.  And so while I will grant the motion that is
15  pending and that's up today, and I will enter the dates that
16  are requested, I am not inclined to change those dates beyond
17  the dates that are set forth in the motion, because I believe
18  that it would be in the best interest of trying to resolve this
19  case for the case to go forward, even if it does have to be on
20  two separate tracks.  If it has to be on a settlement track and
21  litigation track, well, then so be it.
22          But I think that waiting until --
23       (Brief interruption.)
24          MR. SIPRUT:  My apologies.  New phone.
25          THE COURT:  -- waiting until any further than beyond

1 May or mid-May, to get this case on track, to get discovery
2 going and see if there is any need for additional discovery,
3 and to set a specific case management order that will set forth
4 litigation time frame for this case in a manner in which this
5 case will be able to be resolved, would be really in everyone's
6 interest. And so certainly that's what I intend to do.
7 So that said, the motion is granted. Again, the dates
8 will be entered. But just be advised that this will be the
9 last extension absent some extraordinary circumstances. I'll
10 never say never. But barring some extraordinary circumstances,
11 these dates that I entered will not change. Okay?
12 With regard to the April 24 status hearing, I will go
13 ahead and strike that. And what I would suggest is, given
14 everyone's different calendars and what not, I will in the
15 order provide a couple of alternatives for dates for the next
16 status hearing. I expect all the attorneys to meet and confer.
17 And then you can call Ms. Acevedo and provide the date upon
18 which everyone agrees for the next status hearing.
19 Okay. At this point is there anything else that we
20 need to address today?
21 MR. MESTER: No, your Honor.
22 THE COURT: All right. As far as the next status
23 hearing goes, again, out-of-town counsel do have leave to
24 participate by telephone if they so choose. If you want to be
25 here, that's great. The weather is getting better here every

1  day, except for today.  But I understand that if you rather
2  participate by telephone conference, and that's fine.
3            Please let's use the same protocol that we used today.
4  We find that that really helped us out quite a bit.
5            All right.  Very good.
6            MS. FEGAN:  Thank you, your Honor.
7            THE COURT:  Thank you very much.
8            MR. SIPRUT:  Thank you.
9            MR. BERMAN:  Thank you, your Honor.
10     (Which were all the proceedings had at the hearing of the
11      within cause on the day and date hereof.)
12                            CERTIFICATE
13            I HEREBY CERTIFY that the foregoing is a true, correct
14  and complete transcript of the proceedings had at the hearing
15  of the aforementioned cause on the day and date hereof.
16
17   /s/Alexandra Roth                              4/17/2014
     _____      _____
18    Official Court Reporter                           Date
      U.S. District Court
19    Northern District of Illinois
      Eastern Division
20
21
22
23
24
25