# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE AURORA DAIRY CORP. | ) | |
| ORGANIC MILK MARKETING | ) | Case No. 4:08MD01907 ERW |
| AND SALES PRACTICES LITIGATION | ) | |

<u>This Order Relates to:</u>

| | |
|---|---|
| *Mothershead, et al. v. Aurora Organic Dairy* | Case No. 4:07CV01701 ERW |
| *Koch v. Aurora Dairy Corporation* | Case No. 4:08CV00254 ERW |
| *Fiallos v. Aurora Dairy Corporation* | Case No. 4:08CV00280 ERW |
| *Freyre, et al. v. Aurora Dairy Corporation* | Case No. 4:08CV00303 ERW |
| *Still et al. v. Aurora Dairy Corporation* | Case No. 4:08CV00305 ERW |
| *Kaye v. Aurora Dairy Corporation* | Case No. 4:08CV00371 ERW |
| *Hudspeth et al. v. Target Corporation* | Case No. 4:08CV00374 ERW |
| *Bowen v. Wal-Mart Stores, Inc.* | Case No. 4:08CV00382 ERW |
| *Cockrell v. Aurora Dairy Corporation* | Case No. 4:08CV00384 ERW |
| *Snell, et al. v. Aurora Dairy Corporation, et al.* | Case No. 4:08CV00385 ERW |
| *Tysseling-Mattiace v. Wild Oats Market, Inc.* | Case No. 4:08CV00386 ERW |
| *West et al. v. Aurora Dairy Corporation* | Case No. 4:08CV00387 ERW |
| *Hesse v. Costco Wholesale Corporation, et al.* | Case No. 4:08CV00391 ERW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Motion of the "KTHB Group" to Appoint Two Co-Lead Counsel, an Executive Committee and Liaison Counsel for the Putative Class [doc. #6] and The National Plaintiffs Group's Motion to Appoint Co-Interim Class Counsel Pursuant to Fed. R. Civ. P. 23(g) [doc. #32]. The Court heard arguments on these Motions during a hearing on March 28, 2008.

When coordinating multi-district litigation, district courts may "combine procedures, appoint lead counsel, recognize steering committees of lawyers, limit and manage discovery, etc. to minimize expense to all litigants and to provide judicial efficiency." *In re Showa Denko K.K. L-Tryptophan Products Liability Litigation II*, 953 F.2d 162, 165 (4th Cir. 1992) (*citing* <u>Manual for Complex Litigation (Second)</u> §§ 33.22, 33.25 (1985)).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Defendants propose that Mark S. Mester, of the law firm of Latham & Watkins LLP, be appointed Lead Counsel for Defendants in these proceedings, and that Livia M. Kiser, of the law firm of Latham & Watkins LLP, be appointed Liaison Counsel.  Plaintiffs' counsel have been unable to reach an accord on the identity of Co-Interim Class Counsel and Co-Lead Counsel ("Plaintiffs' Lead Counsel"), and have presented two competing leadership proposals to the Court.  The KTHB Group proposes the appointment of two attorneys as Plaintiffs' Lead Counsel, a five-member Steering Committee, and Liaison Counsel.  The National Plaintiffs Group proposes the appointment of four attorneys as Plaintiffs' Lead Counsel, a four-member Steering Committee, and Liaison Counsel.  Specifically:

The KTHB Group proposal:
- Plaintiffs' Lead Counsel
  - Tucker Ronzetti (Kozyak Tropin & Throckmorton)
  - Elizabeth Fegan (Hagens Berman Sobol Shapiro, LLC)
- Steering Committee
  - Stephen Gardner (Center for Science in the Public Interest)
  - Rob Bramson (Bramson, Plutzik, Mahler & Birkhaeuser)
  - The KTHB Group intentionally left the remaining three spots on the Steering Committee open to provide room to incorporate the assistance of other attorneys.
- Liaison Counsel
  - John Campbell (Simon Passanante, PC.)

The National Group proposal:
- Plaintiffs' Lead Counsel
  - Kenneth S. Canfield (Doffermyre Shields Canfield knowles & Devine, LLC)
  - Don M. Downing (Gray Ritter & Graham, P.C.)
  - Edith M. Kallas (Whatley Drake & Kallas, LLC)
  - Adam J. Levitt (Wolf Haldenstein Adler Freeman & Herz LLC)
- Steering Committee
  - James Stranch (Branstetter, Stranch & Jennings, PLLC)
  - Tracy Rezvani (Finkelstein Thompson, LLP)
  - Maury A. Herman (Herman Gerel, LLP)
  - Curtis Gantz (Lane Alton & Horst, LLC)
  - Rebekah McKinney (Watson, Jimmerson, Martin, McKinney, Graffeo, & Helms, P.C.)
- Liaison Counsel
  - Chip Robertson (Bartimus, Frickleton, Robertson & Gorny, P.C.)

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

In situations such as this, where more than one qualified applicant seeks appointment as Lead Counsel, "the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(a)(2)(C). This requires consideration of:

> 1) the work that counsel has performed in identifying or investigating potential claims in the action; 2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; 3) counsel's knowledge of the applicable law; and 4) the resources that counsel will commit to representing the class... [5)] the Court may also consider other matter pursuant to counsel's ability to fairly and adequately represent the interests of the class.

*In re Delphi ERISA Litigation*, 230 F.R.D. 496, (E.D. Mich. 2005) (*citing* Fed. R. Civ. P. 23(g)(1).

The KTHB Group, in the Court's view, has the better plan. The Court is mindful of its responsibilities to limit costs to protect the interest of the prospective class, and to dispel the perception that class action litigation is more about rewarding counsel than providing a cost effective remedy to claimants. The KTHB Group proposes appointment of one lead counsel to prosecute claims against Aurora Dairy Corporation, and one counsel to seek relief against retailers. The National Group claims to have a plan, but offers the Court no details, and presents the prospect of being excessively costly.

It was apparent from arguments presented to the Court at the March 28, 2008 hearing that the Groups are unable to agree on the approach to the litigation or the composition of the team to proceed with the litigation. Each Group claims to be either the first into the fray or to have the larger share of claimants, but these arguments seem divisive rather than cohesive. The Court's primary responsibility is to protect the interests of the Plaintiffs. Selecting from the stellar candidates proffered by the respective Groups for assigned roles will assure more than adequate representation for all Plaintiffs.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

The selection of attorneys from both proposals is not a reflection of the Court's attempt to "assemble a compromise." The Court feels that the individuals, and their respective firms, who have been selected as Plaintiffs' Lead Counsel, Steering Committee and Liaison Counsel are the applicants who are "best able to represent the interests of the class." Fed. R. Civ. P. 23(a)(2)(C).

As detailed below, both Plaintiffs and Defendants are expected to act only through leadership counsel, unless otherwise specified by the Court. Finally, the Court's notes that the appointment of Lead Counsel does not indicate either approval or disapproval of the *in camera* fee proposals that were submitted in response to the Court's Memorandum and Order dated April 3, 2008.

Accordingly,

**IT IS HEREBY ORDERED** that Motion of the "KTHB Group" to Appoint Two Co-Lead Counsel, an Executive Committee and Liaison Counsel for the Putative Class [4:08MD01907 doc. #6, 4:07CV01701 doc. #18, 4:08CV00254 doc. #3, 4:08CV00280 doc. #3, 4:08CV00303 doc. #4, 4:08CV00305 doc. #4] is **DENIED.**

**IT IS FURTHER ORDERED** that The National Plaintiffs Group's Motion to Appoint Co-Interim Class Counsel Pursuant to Fed. R. Civ. P. 23(g) [4:08MD01907 doc. #32, 4:07CV01701 doc. #27, 4:08CV00254 doc. #19, 4:08CV00280 doc. #12, 4:08CV00303 doc. #13, 4:08CV00305 doc. #13, 4:08CV00371 doc. #10, 4:08CV00374 doc. #9, 4:08CV00382 doc. #9, 4:08CV00384 doc. #9, 4:08CV00385 doc. #15, 4:08CV00386 doc. #10, 4:08CV00387 doc. #9, 4:08CV00391 doc. #9] is **DENIED.**

**IT IS FURTHER ORDERED** that Mark S. Mester, of the law firm of Latham & Watkins LLP, is appointed Defendants' Lead Counsel.

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS FURTHER ORDERED** that Livia M. Kiser, of the law firm of Latham & Watkins LLP, is appointed Defendants' Liaison Counsel. As such, she is responsible for keeping all defense counsel apprised of any changes in Plaintiffs' service list, coordinating all discovery and pretrial matters on behalf of Defendants, ensuring that all defense counsel are served with all court orders and are consulted and kept informed on all aspects of the pretrial phase of these cases.

**IT IS FURTHER ORDERED** that the Plaintiffs' leadership structure will be:

1. Don M. Downing (Gray Ritter & Graham, P.C.) and Elizabeth Fegan (Hagens Berman Sobol Shapiro, LLC) are appointed Co-Interim Class Counsel and Co-Lead Counsel ("Lead Counsel"). Don M. Downing will have primary responsibility for pursuing claims against Aurora Dairy Corporation, while Elizabeth Fegan shall have primary responsibility for pursuing claims against the Defendant retailers.

2. Chip Robertson (Bartimus, Frickleton, Robertson & Gorny, P.C.) is appointed Plaintiffs' Liaison Counsel. As such, he shall be the attorney to whom the Court may direct inquiries and shall be responsible for maintaining and distributing an up-to-date service list, distributing to all Plaintiff's counsel all Court Orders, pleadings and other documents, and performing other assignments deemed necessary as the case progresses.

3. The following attorneys are appointed to Plaintiffs' Steering Committee: Robert M. Bramson (Bramson, Plutzik, Mahler & Birkhaeuser, LLP), Edith M. Kallas (Whatley Drake & Kallas, LLC), Adam J. Levitt (Wolf Haldenstein Adler Freeman & Herz LLC) and Tucker Ronzetti (Kozyak Tropin & Throckmorton). Plaintiffs' Lead Counsel shall confer and submit the name of a fifth attorney for the Plaintiffs' Steering Committee to the Court no later than **April 25, 2008.** The Steering Committee shall

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

operate under the direction of Lead Counsel and shall assist Lead Counsel in all aspects of the case.

**IT IS FURTHER ORDERED** that Plaintiffs' Lead Counsel shall act on behalf of all Plaintiffs and the other members of the proposed classes as follows:

1. To direct and execute on behalf of Plaintiffs the filing of pleadings and other documents with the Court;

2. To direct and manage pretrial proceedings on behalf of all Plaintiffs, including the briefing and argument of motions and the conduct of all types of discovery proceedings;

3. To seek the assistance of other Plaintiffs' counsel, including, but not limited to, those on the Executive Committee, in performance of all work necessary for the prosecution of the case, including investigation, research, briefing, and discovery, with particular attention to using efficiently the resources of the other Plaintiffs' counsel in a matter commensurate with those lawyers' resources and experience.

4. To call and chair meetings of Plaintiffs' counsel;

5. To direct and conduct settlement negotiations;

6. To direct and arrange a system for keeping and collecting all Plaintiffs' counsel's time records; and

7. To supervise any other matters concerning the prosecution or resolution of this litigation.

**IT IS FURTHER ORDERED** that a Consolidated Complaint be filed no later than **May 19, 2008.**

**IT IS FURTHER ORDERED** that Defendants' Answer be filed no later than **July 3, 2008.** Upon receipt of the Answer, the Court will schedule a Rule 16 Conference.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS FURTHER ORDERED** that within ten (10) days, Lead Counsel for Plaintiffs and Defendants should meet and confer regarding the preservation of documents and electronic materials, confidentiality issues, and protective orders.

Dated this 18th Day of April, 2008.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com