UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION** | MDL NO. 2492<br>Case No. 13-cv-09116<br><br>Judge John Z. Lee<br><br>Magistrate Judge Brown |

**JOINT AGREED APPLICATION FOR APPOINTMENT OF LEAD CLASS COUNSEL, SPECIAL CLASS COUNSEL FOR MONITORING RELIEF, AND EXECUTIVE COMMITTEE FOR THE MEDICAL MONITORING PLAINTIFFS**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT ........................................................................................................................1

    A. Factor One: Counsel's Willingness And Availability To Commit To A Time-Consuming Project ...........................................................................................2

        1. Hagens Berman and Siprut PC should be re-appointed Lead Counsel, having already demonstrated their willingness to commit to the Class.......2

        2. Hausfeld should be appointed Special Class Counsel for Monitoring Relief, and Zimmerman to the Executive Committee. ................................2

        3. Dugan and Orlando should be appointed to the Executive Committee, because they have committed the time necessary to ensure that all Class Members receive a benefit ..................................................................3

    B. Factor Two: Counsel's Ability to Work Cooperatively With Others ......................3

    C. Factor Three: Counsel's Professional Experience In This Type of Litigation ........3

III. CONCLUSION.....................................................................................................................4

## I. INTRODUCTION

The Medical Monitoring Plaintiffs[1] jointly propose that the Court make the following appointments:

- Steve W. Berman of Hagens Berman Sobol Shapiro LLP and Joseph Siprut of Siprut PC as Lead Counsel for the Medical Monitoring Plaintiffs;[2]

- Richard Lewis of Hausfeld LLP as Special Class Counsel for Monitoring Relief;[3] and

- Charles Zimmerman of Zimmerman Reed, James R. Dugan II of The Dugan Law Firm and Mark Zamora of The Orlando Firm to an Executive Committee.[4]

The Medical Monitoring Plaintiffs agree that this structure, as further discussed below, will serve the best interests of the putative class of all current and former NCAA student-athletes.[5]

## II. ARGUMENT

Courts evaluating interim counsel appointments do so utilizing the Rule 23(g)(1)(A) factors.[6] For its evaluation, this Court emphasized the following criteria: "(a) counsel's willingness and availability to commit to a time-consuming project; (b) counsel's ability to work cooperatively with others; and (c) counsel's professional experience in this type of litigation, including any prior appointments as lead counsel or liaison counsel in multi-party litigation."[7]

However, "the court should always encourage the parties themselves to agree on lead

---

[1] The Medical Monitoring Plaintiffs are defined to include those plaintiffs in *Adrian Arrington, et al. v. NCAA*, No. 1:11-cv-06356; *Walker, et al. v. NCAA*, No. 1:13-cv-09117; *Jerry Caldwell, et al. v. NCAA*, No. 1:14-cv-00195; *Stanley Doughty v. NCAA*, No. 1:14-cv-00199; *John Durocher, et al. v. NCAA, et al.*, No. 1:14-cv-00035; *Ray Hudson v. NCAA*, No. 1:14-cv-00194; *Paul Morgan, et al. v. NCAA*, No. 1:14-cv-00196; *Christopher M. Powell v. NCAA*, No. 1:14-cv-00198; *Chris John Walton, et al. v. NCAA*, No. 1:14-cv-00200; *Sharron D. Washington, et al. v. NCAA*, No. 1:14-cv-00197; and *Wolf v. NCAA*, No. 1:14-cv-01268.

[2] *See* Declaration of Steve W. Berman, Ex. A; Declaration of Joseph Siprut, Ex. B.

[3] *See* Declaration of Richard Lewis, Ex. C.

[4] *See* Firm Resume of Zimmerman Reed, Ex. D; Declaration of James Dugan, Ex. E; Declaration of Mark Zamora, Ex. F.

[5] The Medical Monitoring Plaintiffs do not believe that it is necessary to appoint a Liaison Counsel because Lead Counsel Joseph Siprut is located in Chicago, Illinois, and also Hagens Berman maintains an office here.

[6] *See* Fed. R. Civ. P. 23(g)(1)(A).

[7] Case Management Order No. 1 (Feb. 5, 2014), Dkt. # 15.

counsel, while imposing its own choice only in extraordinary circumstances."[8] Here, counsel for the Medical Monitoring Plaintiffs has worked diligently to reach a consensus, mindful of the Court's criteria. As reflected below, we believe that the parties' consensus should meet with this Court's approval.

**A.      Factor One: Counsel's Willingness And Availability To Commit To A Time-Consuming Project**

      **1.      Hagens Berman and Siprut PC should be re-appointed Lead Counsel, having already demonstrated their willingness to commit to the Class.**

From 2011 through January 31, 2014, Hagens Berman and Siprut PC invested more than 8,000 hours and invested more than $400,000 in out-of-pocket costs on a wholly contingent basis. A brief breakdown of this work is reflected in the Declaration of Steve W. Berman.[9] Likewise, Hagens Berman and Siprut have engaged in 10 months of settlement negotiations with the NCAA with respect to a medical monitoring program for all current and former student-athletes, as well as significant changes to the NCAA's concussion management and return to play guidelines. Moreover, they have spent the last three months consulting with other Medical Monitoring Plaintiffs' counsel to address any concerns that they may have with respect to the settlement. Accordingly, Hagens Berman's and Siprut's work weighs heavily in support of reappointment as lead counsel.[10]

      **2.      Hausfeld should be appointed Special Class Counsel for Monitoring Relief, and Zimmerman to the Executive Committee.**

Since filing in 2013, Hausfeld and Zimmerman Reed have advocated on behalf of older

---

[8] NEWBERG ON CLASS ACTIONS § 9:35, at 387 (4th ed.)

[9] Ex. A.

[10] *See Walker v. Discover Card Servs.*, No. 10-cv-6994, 2011 WL 2160889, at *3 (N.D. Ill. May 26, 2011) (Darrah, J.) (following MDL consolidation, appointing the law firms that "have been involved in this litigation for the longest time period and have performed most the work in identifying and investigation potential claims," recognizing they were "in a better position to represent the class fairly and adequately" than firms who did not undertake those tasks).

and former NCAA players, as well as to ensure that appropriate cognitive, mood, behavioral and movement disorder testing was considered for purposes of inclusion in any medical monitoring program. They have worked closely with appropriate experts, and actively demonstrated their commitment to their clients and the putative Class and a willingness to invest the time and resources necessary to prosecute this matter through to the finish line. Accordingly, Hausfeld should be appointed Special Class Counsel for Monitoring Relief, and Zimmerman to the Executive Committee.

  **3. Dugan and Orlando should be appointed to the Executive Committee, because they have committed the time necessary to ensure that all Class Members receive a benefit**

Since filing in 2013, both Dugan and Orlando have spent considerable time consulting with Lead Counsel (and others) to determine the scope of the parties' claims and the potential for a medical monitoring settlement, as well as to ensure that the Medical Monitoring Plaintiffs reached a consensus on the goals of the parties and the benefits to be achieved through working together. Accordingly, both should be appointed to the Executive Committee.

**B. Factor Two: Counsel's Ability to Work Cooperatively With Others**

Counsel for each of the Medical Monitoring Plaintiffs has worked hard to build consensus among them, in order to forge a team that will be rightly focused on jointly prosecuting their clients' medical monitoring claims and achieving a historical medical monitoring settlement for the NCAA student-athletes. They have demonstrated that they are able to work cooperatively together to achieve consensus both on leadership and on strategy moving forward.

**C. Factor Three: Counsel's Professional Experience In This Type of Litigation**

The Medical Monitoring Plaintiffs agree that each of the firms proposed to the Court for appointment regularly prosecute and are successful in these types of actions. Each firm's

experience is reflected in their declarations and/or curriculum vitaes submitted herewith.[11]

### III. CONCLUSION

WHEREFORE, the Medical Monitoring Plaintiffs respectfully request that the Court grant their agreed motion; appoint Steve W. Berman of Hagens Berman Sobol Shapiro LLP and Joseph Siprut of Siprut PC as Lead Counsel for the Medical Monitoring Plaintiffs; Richard Lewis of Hausfeld LLP as Special Class Counsel for Monitoring Relief;[12] and Charles Zimmerman of Zimmerman Reed, James R. Dugan II of The Dugan Law Firm and Mark Zamora of The Orlando Firm to the Executive Committee; and enter the proposed form of order setting forth the responsibilities of each submitted herewith.

Date: May 9, 2014

Respectfully submitted,

All Medical Monitoring Plaintiffs, individually and on behalf of all others similarly situated,

By: */s/ Steve W. Berman*
      Steve W. Berman
*steve@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
206.623.7292
Fax: 206.623.0594

---

[11] *See* Exs. A-F.
[12] *See* Declaration of Richard Lewis, Ex. C.

                Elizabeth A. Fegan
*beth@hbsslaw.com*
Daniel J. Kurowski
*dank@hbsslaw.com*
Thomas E. Ahlering
*toma@hbsslaw.com*
H<small>AGENS</small> B<small>ERMAN</small> S<small>OBOL</small> S<small>HAPIRO</small> LLP
1144 W. Lake Street, Suite 400
Oak Park, IL 60301
708.628.4949
Fax: 708.628.4950

- 5 -

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on May 9, 2014 a true and correct copy of the foregoing document was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

By: */s/ Steve W. Berman*
Steve W. Berman