# Ex. C

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION | MDL NO. 2492<br>Case No. 13-cv-09116<br><br>Judge John Z. Lee<br><br>Magistrate Judge Brown |

### DECLARATION OF RICHARD S. LEWIS

I, Richard S. Lewis, declare as follows:

1. I am counsel for the Plaintiffs in *Walker, et al. v. National College Athletic Assoc.*, No. 1:13-cv-00293 (E.D. Tenn.), which was one of ten (10) cases consolidated before this Court under Case No. 13-cv-09116 by the Judicial Panel on Multidistrict Litigation in December 2013.

2. As counsel for the *Walker* Plaintiffs, and as counsel in this consolidated multidistrict litigation proceeding, I have advocated for the medical monitoring interests of former NCAA players. Specifically, I have worked with expert Dr. Robert A. Stern to develop a medical monitoring protocol to evaluate athletes for mid- and late-life cognitive and behavioral disorders.

3. In support of the medical monitoring relief sought, I have met and conferred with other Plaintiffs' counsel in this case, including proposed co-lead counsel Steve W. Berman and Joseph J. Siprut, as well as with proposed executive committee members and counsel for the other cases consolidated as part of this multidistrict litigation proceeding, and will continue to do so.

4. As Special Class Counsel for Monitoring Relief, I agree to confer with co-lead counsel and the executive committee members on the issues described in the Agreed Motion.

5. As Special Class Counsel for Monitoring Relief, I agree to share authority with co-lead counsel over the retention of experts and settlement negotiations with Defendants, as set forth in the Agreed Motion of Plaintiffs ¶ 7.

6. My litigation practice for the past 25 years has focused principally on mass torts, consumer, and class actions, as set forth in my resume, attached as Ex. A. I have served in a range of leadership positions in mass torts, products liability, and antitrust class actions. I am qualified to assume the position of Special Class Counsel for Monitoring Relief based on my experience with medical monitoring claims and other complex litigation and class action cases. See Richard S. Lewis Resume at Ex. A.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 9, 2014 　　　　　　　　　　　　　_____*/s/ Richard S. Lewis*_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　Richard S. Lewis

# Exhibit A

**HAUSFELD**LLP

202.540.7200 ph
202.540.7201 fax

1700 K Street, NW
Suite 650
Washington, DC 20006

215.985.3270 ph
215.985.3271 fax

1604 Locust St.
Second Floor
Philadelphia, PA 19103

## Richard S. Lewis

Richard S. Lewis is a founding partner of Hausfeld LLP. His litigation practice for the past 25 years has focused principally on mass torts, consumer, and class actions. Mr. Lewis received his bachelor's degree *cum laude* from Tufts University (1976), his Master's Degree in Public Health from the University of Michigan (1981), and his law degree *cum laude* from the University of Pennsylvania Law School (1985), where he served as Comments Editor of the University of Pennsylvania Law Review. Following law school, Mr. Lewis served as a law clerk for the Honorable Stanley S. Brotman, United States District Court for the District of New Jersey. He is admitted to practice in the District of Columbia.

**Leadership in Representative Cases:**

Mr. Lewis has served in a range of leadership positions in mass torts, products liability, and antitrust class actions, including, but not limited to, the following:

***Prescription Drug and Other Products Liability***
- *In re Prempro Prods. Liab. Litig.*, No. 03-cv-1507 (E.D. Ark.) (Pls.' Steering Committee)
- *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 09-md-02047 (E.D. La.) (Of Counsel to Pls.' Steering Committee)
- *In re Diet Drugs Prods. Liab. Litig.*, MDL No. 1202 (E.D. Pa.) (Pls.' Steering Committee and sub-class counsel)
- *In re StarLink Corn Prods. Liab. Litig.*, MDL No. 1403 (N.D. Ill.) (Co-lead Counsel)
- *In re Phenylpropanolamine Prods. Liab. Litig.*, No. 01-md-1407 (W.D. Wash.) (Co-lead Counsel)
- *Bowman v. St. Joseph's Medical Center*, No. 03-C-11-005250 (Cir. Ct. Balt. Cty) (Co-lead Counsel)

***Toxic Torts***
- *In re NFL Players Concussion Injury Litigation,* No. 2:12-MD-02323 (E.D. Pa.) (Pls.' Executive Committee)
- *Yslava, et al. v. Hughes, et al.*, No. 91-civ-525 (D. Ariz.) — involving TCE contaminated drinking water (Lead Counsel)
- *Bocook, et al. v. Ashland Oil*, No. 91-cv-839 (S.D.W.Va.) — involving air pollution from oil refinery (Lead Counsel)
- *Hunter v. Pneumo Abex*, Civ. No. L98-1062 (Cir. Ct. City of Portsmouth, VA, 1999) — involving lead poisoning of children from nearby foundry operation (Co-lead Counsel)

- *Wagner v. Anzon* (Pa. Ct. of Comm. Pleas, 1994) — involving lead poisoning of children from nearby foundry (Co-lead Counsel)

*Antitrust*
- *Sample, et al. v. Monsanto, et al.*, No. 01CV65 (E.D. Mo.) (Co-lead Counsel)
- *In re Travel Agent Commissions Litig.*, MDL No. 1058 (D. Minn.) (Pls.' Steering Committee)

**Successes**

Mr. Lewis was sub-class counsel in *In re Diet Drugs Prods. Liab. Litig.*, where counsel negotiated one of the largest settlements ever obtained in a mass tort case—$3.75 billion—on behalf of millions of U.S. consumers who used diet drugs that are associated with heart valve damage. In addition, Mr. Lewis served on the PSC in the *Hormone Therapy* MDL, and successfully resolved the firm's inventory of cases. In the *Stents* case against St. Joseph's Hospital in Baltimore, Mr. Lewis served as co-lead trial counsel and tried the case, which resulted in a $35M hospital malpractice settlement for the plaintiff group.

Mr. Lewis also successfully litigated medical monitoring claims in *Harman v. Rohm & Haas Co., Inc.*, Civ. No. L-1375-95 (N.J. Super. Ct., Gloucester Cty.), on behalf of a class of those who lived or played near a toxic waste Superfund site. He obtained certification of two medical monitoring sub-classes and a multi-million dollar medical monitoring fund. Mr. Lewis was trial counsel in *Germano, et al. v. Taishan Gypsum Co. Ltd. et al.*, Nos. 09-cv-6687, 09-md-2047 (E.D. La.), a property damages and remediation mass tort on behalf of homeowners seeking relief for damage caused by defective drywall manufactured in China, in which the court ordered plenary relief of $2.6 million dollars and set the standard for remediation for damaged homes. Mr. Lewis was instrumental in the *Daubert* briefing and argument in that case.

Further, in *StarLink Corn Products Liability Litig.* (MDL No. 1403), as co-lead counsel, Mr. Lewis successfully secured a $110 million settlement on behalf of U.S. corn farmers in a national class

action against the manufacturer and distributor of a genetically modified corn variety. The variety, never approved for human consumption, was found in retail food products across the country and was traced to widespread contamination of the U.S. corn supply. The settlement was the first successful resolution of tort claims brought by farmers against makers of genetically modified seeds.

**Serving the Underserved in Cutting Edge Public Health Cases**

Mr. Lewis is committed to establishing new frontiers in plaintiffs' recovery, particularly in the areas of health and safety. Mr. Lewis has been in the forefront of recent concussion litigation, against the NFL and the NCAA. Mr. Lewis has also undertaken representation of underserved constituencies in the developing world seeking compensation for harm to property and health caused by environmental contamination and workplace conditions. For example, in *Farnum v. Shell*, an oil spill-pollution case brought in Barbados against international oil companies, Mr. Lewis secured a settlement providing property damage relief for 26 local farmers and landowners. In addition, Mr. Lewis and Hausfeld LLP have been invited to participate in precedent-setting litigation in South African courts on behalf of gold miners who suffer from silicosis—a disabling lung disease afflicting an estimated one in four South African gold miners—caused by their uncontrolled exposures to silica dust. The litigation is designed to establish the workers' rights to compensation under the South African Constitution and various statutory compensation schemes.

In a case now pending for nearly eight years, Mr. Lewis represents, as co-lead counsel, a putative class of residents of Bhopal, India exposed to toxic waste that contaminated the soil and drinking water surrounding the infamous Union Carbide Plant—the site of the 1984 gas leak that killed and injured thousands of residents. *Sahu v. Union Carbide Corp.,* No. 04-cv- 8825 (S.D.N.Y.). After gas leak disaster, Union Carbide abandoned the plant, causing the remaining chemicals to enter groundwater and resulting in high rates of cancer and neurological disorders among nearby residents. After a 2008

3

reversal of an adverse district court decision, the action remains pending. The putative class seeks remediation, medical monitoring and damages for personal injury and harm to property.

**References**

- **The Honorable John T. Copenhaver, Jr.**, U.S. District Court for the District of West Virginia (*Royce v. Wyeth, et al.*, No. 2004-cv-690 (W.D. Va.))
- **The Honorable Eldon E. Fallon**, U.S. District Court for the Eastern District of Louisiana (*Germano, et al. v. Taishan Gypsum Co. Ltd., et al.* (Nos. 09-cv-6687, 09-md-2047) (E.D. La.))