## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION** | **MDL NO. 2492**<br>**Case No. 13-cv-09116**<br><br>**Judge John Z. Lee**<br><br>**Magistrate Judge Brown** |

## MDL PLAINTIFFS' OBJECTION TO PLAINTIFF NICHOLS' MOTION TO APPOINT JAY EDELSON AS LEAD COUNSEL OF THE CLASS PERSONAL INJURY CLAIMS

Plaintiffs transferred to this Court by the Judicial Panel on Multi-District Litigation ("MDL Plaintiffs"),[1] by and through their attorneys,[2] object to Plaintiff Nichols' Motion To Appoint Jay Edelson As Lead Counsel Of The Class Personal Injury Claims. In support thereof, the MDL Plaintiffs state as follows:

### A.      It Is Unnecessary to Appoint Lead Counsel For One Case

Counsel for *Nichols* seeks to be appointed lead of the "class personal injury claims"[3] but has not demonstrated that the appointment is necessary.[4] Rule 23(g)(3) is a permissive rule

---

[1] These cases are: *Adrian Arrington, et al. v. NCAA*, No. 1:11-cv-06356; *Walker, et al. v. NCAA*, No. 1:13-cv-09117; *Jerry Caldwell, et al. v. NCAA*, No. 1:14-cv-00195; *Stanley Doughty v. NCAA*, No. 1:14-cv-00199; *John Durocher, et al. v. NCAA, et al*., No. 1:14-cv-00035; *Ray Hudson v. NCAA*, No. 1:14-cv-00194; *Paul Morgan, et al. v. NCAA*, No. 1:14-cv-00196; *Chris John Walton, et al. v. NCAA*, No. 1:14-cv-00200; *Sharron D. Washington, et al. v. NCAA*, No. 1:14-cv-00197.  Also, Plaintiffs in *Wolf v. NCAA*, No. 1:14-cv-01268, join in this motion.

[2] *See* Joint Agreed Application For Appointment Of Lead Class Counsel, Special Class Counsel For Monitoring Relief, And Executive Committee For The Medical Monitoring Plaintiffs (Dkt. # 49) (seeking re-appointment of Steve W. Berman and Joseph Siprut as Lead Class Counsel ("Lead Counsel"), and appointment of Richard Lewis as Special Class Counsel for Medical Monitoring Relief, and Charles Zimmerman, James Dugan and Mark Zamora to the Executive Committee).

[3] *See* Plaintiff Nichols' Motion to Appoint Jay Edelson as Lead Counsel of the Class Personal Injury Claims (Dkt. # 50).

- 1 -

stating that "a court *may* designate interim counsel to act on behalf of a putative class before

determining whether to certify the action as a class action."[5]

However, courts repeatedly decline to appoint interim counsel when faced with a single

class action, as exists here for personal injury claims.[6] Courts deny such motions because the

single lawyer who filed the single case has a duty to act in the best interests of the class he

purports to represent.[7] As the court stated in *Parrish v. Nat'l Football League Players, Inc.* in

denying a motion to appoint interim class counsel in a single plaintiff case:

> Here, there is a single action and a single law firm who has moved
> to be appointed as interim counsel. There are not multiple
> complaints, nor is there a gaggle of law firms jockeying to be
> appointed class counsel. No consolidation with other actions is on
> the horizon. A single group of counsel represents that class, so
> responsibility for protecting the class' rights is clear. Because of
> this there is no need to appoint interim class counsel at this time.
> Accordingly, plaintiffs' motion to appoint interim class counsel is
> DENIED.[8]

---

[4] Counsel for *Nichols* bears the burden of demonstrating that the appointment of interim class counsel is necessary. *See Carrier v. Am. Bankers Life Assurance Co. of Fla.*, 2006 U.S. Dist. LEXIS 76346, at *3 (D.N.H. Oct. 19, 2006) (finding plaintiffs failed to "provide[] any concrete examples of circumstances … under which … interim counsel would be advantageous for the putative class").

[5] Fed. R. Civ. P. 23(g)(3) (emphasis added).

[6] *See Donaldson v. Pharmacia Pension Plan*, 2006 U.S. Dist. LEXIS 28607, at *5 (S.D. Ill. May 10, 2006) (finding appointment of interim counsel was not appropriate where "only a single putative class action [was] before the court"); *see also Nutz for Candy v. Ganz, Inc.*, 2008 U.S. Dist. LEXIS 79340, at *4 (N.D. Cal. Sept. 19, 2008) (denying a motion to appoint interim class counsel where only a single action was before the court).

[7] *In re Issuer Plaintiff Initial Pub. Offering Antitrust Litig.*, 234 F.R.D. 67, 69-70 (S.D.N.Y. 2006) (denying the appointment of interim counsel where only one attorney filed the class action and faced no competition; finding no prejudice to putative class in denying the appointment because an attorney who acts on behalf of the putative class – even without formal designation as interim counsel – must act in the best interest of the class as a whole).

[8] *Parrish v. Nat'l Football League Players Inc.*, 2007 U.S. Dist. LEXIS 43732, at *25-26 (N.D. Cal. June 4, 2007).

- 2 -

Here, *Nichols* is the only purported class personal injury case filed in this Court (or elsewhere). Accordingly, "there is no rivalry among competing law firms to represent" the personal injury class amongst counsel with filed cases, because *Nichols* is the only existing class case for personal injuries.[9] Absent any such competition, the appointment of interim counsel is not necessary,[10] because the appointment of lead counsel will be addressed when Nichols files a motion for certification of a personal injury class. "If only one lawyer seeks appointment as class counsel, … the application is generally submitted as part of the certification motion."[11]

Finally, the purpose of an interim lead counsel appointment is to clarify the responsibilities of various attorneys during *precertification* activities, "such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement."[12] This purpose will not be fulfilled by the appointment of *Nichols* as interim lead counsel for class personal injury claims, because *Nichols*' counsel will already be conducting these activities. Accordingly, the application should be denied.

**B.    Any Leadership Order for Purported Class Personal Injury Claims Should Exclude Individual Cases and Claims for Personal Injury Damages**

Many of the MDL Plaintiffs have *individual* personal injury claims for damages (as opposed to class personal injury claims). The MDL plaintiffs estimate that collectively they have in excess of 200 individual clients.  None of these individuals want or need Mr. Edelson's

---

[9] *In re Issuer*, 234 F.R.D. at 69-70.

[10] *See* 2003 Advisory Committee Notes; *In re Issuer*, 234 F.R.D. at 69-70.

[11] *See* MANUAL FOR COMPLEX LITIGATION, FOURTH, § 21.273 (2004).

[12] MANUAL FOR COMPLEX LITIGATION, FOURTH, § 21.11 (2004). *See also* WRIGHT & MILLER, § 1802.3 (citing Committee Note to the 2003 amendments to Rule 23) ("[Rule 23(g)] recognizes the fact that there is a need for an attorney to take some actions in preparation for the class-certification decision, including possibly discovery and even settlement negotiations. Although in many instances these may appropriately be handled by the attorney who originally filed the suit, in some cases 'there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate.'").

assistance.  The *Arrington* Plaintiffs have been prosecuting their own personal injury claims without the need for a lead counsel. Thus, the personal injury claims are more akin to a mass tort, where each individual plaintiff's case is worked up separately. As one commentator explained:

> A mass tort involves multiple people injured by the same product, but damages for each plaintiff can be vastly different. Like most personal injury cases, every person's medical history is relevant in mass torts and that history is relevant to the extent of the damages caused by the defective product. So unlike a class action, a firm represents each person individually in a mass tort, and each case is worked up like a traditional personal injury case.[13]

Thus, while "multiple plaintiffs' firms will share in common benefit expenses such as corporate depositions and document production,"[14] they do not share their individual personal injury cases or clients themselves. The *Nichols* motion seeking appointment as lead counsel of class personal injury claims seeks to cast a broader net than permitted in the mass tort context.

Finally, the expenses of purported common benefit work should not be borne by any individual plaintiffs outside the *Nichols*' case, because the work has already been completed in *Arrington* and borne by *Arrington* Lead Counsel on a wholly-contingent basis. Moreover, the NCAA's productions and depositions have already been analyzed and filed with the Court publicly so that all personal injury plaintiffs have access to the evidence of the NCAA's duties and its breach of those duties with respect to concussion management and return to play guidelines.

Thus if the Court does appoint Mr. Edelson, such an appointment should limit his role to lead counsel for class certification purposes for absent class members who are not pursuing individual personal injury actions.  Again, none of these plaintiffs want or need Mr. Edelson's

---

[13] Gibson, "Managing drug and medical device mass-tort litigation," available at http://www.theindianalawyer.com/gibson-managing-drug-and-medical-device-mass-tort-litigation/PARAMS/article/32854 (last accessed May 14, 2014).

[14] *Id.*

assistance. Each is content to make use of the discovery already conducted in *Arrington*. Each will be using their own medical experts to prove causation and damage issues as such proof cannot be accomplished on a class basis.

## CONCLUSION

WHEREFORE, the Plaintiffs respectfully request that the Court deny Plaintiff Nichols' Motion To Appoint Jay Edelson As Lead Counsel Of The Class Personal Injury Claims. Alternatively, the Plaintiffs request that the Court restrict the appointment of Mr. Edelson to the *Nichols*' case, and not appoint him to represent any individual personal injury claims the MDL Plaintiffs or any other lawyer in the United States may have outside the context of the *Nichols*' case.

Date: May 15, 2014                                     Respectfully submitted,


                                                      By: */s/ Steve W. Berman*

                                                      Steve W. Berman
                                                      HAGENS BERMAN SOBOL SHAPIRO LLP
                                                      1918 Eighth Avenue, Suite 3300
                                                      Seattle, WA 98101
                                                      Telephone: 206.623.7292
                                                      Fax: 206.623.0594

                                                      Elizabeth A. Fegan
                                                      HAGENS BERMAN SOBOL SHAPIRO LLP
                                                      1144 W. Lake Street, Suite 400
                                                      Oak Park, IL 60301
                                                      Telephone: 708.628.4949
                                                      Fax: 708.628.4950

Joseph J. Siprut
SIPRUT PC
17 North State Street, Suite 1600
Chicago, IL  60602
Telephone: 312.236.0000
Fax: 312.878.1342

*Proposed Co-Lead Counsel for the Medical
Monitoring Plaintiffs*

- 6 -

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on May 15, 2014, a true and correct copy of the foregoing document was filed electronically via CM/ECF, which caused notice to be sent to all counsel of record.

                                                    */s/ Steve W. Berman*
                                                    Steve W. Berman

- 7 -