# EXHIBIT 1

5/9/2014 3:21 PM

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION | MDL NO. 2492<br>Case No. 13-cv-09116<br><br>Judge John Z. Lee<br><br>Magistrate Judge Brown |

**[PROPOSED] AGREED ORDER FOR APPOINTMENT OF COUNSEL FOR
THE MEDICAL MONITORING PLAINTIFFS**

Upon the Agreed Motion of the Medical Monitoring Plaintiffs for appointment of Plaintiffs' Co-Lead Class Counsel, Special Class Counsel, and an Executive Committee, and it appearing to the Court that the appointment of counsel is necessary to the efficient administration of this case, it is hereby ORDERED as follows:

1. Pursuant to Fed. R. Civ. P. 23(g), and based on the qualifications set forth in the declarations of counsel submitted to the Court, the Court appoints the following as Co-Lead Counsel for the proposed class of current and former NCAA student-athletes:

Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1918 8th Ave
Suite 3300
Seattle, WA 98101
(206) 623-7292
Email: steve@hbsslaw.com

Joseph J. Siprut
Siprut PC
17 North State Street
Suite 1600
Chicago, IL 60602
Phone: (312) 236-0000
Email: jsiprut@siprut.com

2. Pursuant to Fed. R. Civ. P. 23(g), and based on the qualifications set forth in the declarations of counsel, submitted to the Court, the Court appoints as Special Class Counsel for Monitoring Relief:

Richard S. Lewis
Hausfeld LLP
1700 K Street, NW
Washington, DC 20006
Phone: (202) 540-7200
Email: rlewis@hausfeldllp.com

3. Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the following as members of the Executive Committee for the proposed class of current and former NCAA student-athletes:

Charles S. Zimmerman
Zimmerman Reed, PLLP
1100 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Phone: (612) 341-0400
Email: Charles.Zimmerman@zimmreed.com

| | |
|---|---|
| Mark Zamora | James R. Dugan, II, Esq. |
| The Orlando Firm, PC | The Dugan Law Firm, APLC |
| 315 East Ponce De Leon Ave. #400 | One Canal Place |
| Decatur, GA 30030 | 365 Canal Street, Suite 1000 |
| Phone: (404) 373-1800 | New Orleans, LA 70130 |
| Email: mark@orlandofirm.com | Phone: (504) 648-0180 |
| | Email: jdugan@dugan-lawfirm.com |

4. Co-Lead Counsel are expected to maintain communications and promote harmonious dealings among all plaintiffs' counsel. In addition, Co-Lead Class Counsel shall provide general supervision of the activities of plaintiffs' counsel.

5. Co-Lead Counsel shall have authority on the following matters on behalf of the putative class and all plaintiffs in this consolidated action: (a) convening meetings of counsel; (b) the initiation, response, scheduling, briefing and argument of all motions; (c) the scope, order and conduct of all discovery proceedings; (d) making such work assignments to other counsel as they may deem appropriate; (e) collecting time and expense reports from all

Plaintiffs' counsel on a periodic basis; (f) communication with counsel for defendants; and (g) any and all other matters concerning the prosecution of or resolution of their respective cases. Co-Lead Counsel shall confer with Special Class Counsel for Monitoring Relief and the Executive Committee on these matters.

6. Co-Lead Counsel and Special Class Counsel for Monitoring Relief shall have shared authority over the retention of experts and settlement negotiations with Defendants. They shall confer with the Executive Committee on these matters.

7. All Plaintiffs' counsel shall work together to ensure that all work necessary to prosecute this action is allocated based on the skills and abilities of counsel representing the class, and that such decisions shall not be made on the basis of whether a firm is, or is not, Co-Lead Counsel.

8. All plaintiffs' counsel in these consolidated class actions must keep contemporaneous time and expense records and submit them periodically to Co-Lead Counsel or their designee.

9. The Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation. Accordingly, the mere communication of otherwise privileged information between and among plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the work product doctrine.

10. Counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pre-trial proceedings in this action.

IT IS SO ORDERED:

Dated: _____, 2014                    _____
                                                                  HONORABLE JOHN Z. LEE
                                                                  UNITED STATES DISTRICT JUDGE