**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| **IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION** | MDL NO. 2492<br><br>Master Docket No. 13-cv-09116<br><br>Judge John Z. Lee<br><br>Magistrate Judge Geraldine Soat Brown |

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT
AND CERTIFICATION OF SETTLEMENT CLASS**

Plaintiffs Adrian Arrington, Derek Owens, Kyle Solomon, Angela Palacios, Abram Robert Wolf, Sean Sweeney, Jim O'Conner, Dan Ahern, Paul Morgan, Jeffrey Caldwell, John DuRocher, and Sharron Washington (collectively, the "Class Representatives"), on behalf of themselves and as representatives of the Settlement Class, through Class Counsel[1] and pursuant to Rules 23(b)(2) and 23(d)(1), respectfully move for preliminary approval of the Settlement Agreement and for certification of the following Settlement Class pursuant to Rules 23(b)(2) and 23(d)(1):

> All persons who played an NCAA-sanctioned sport at an NCAA member institution at any time through the date of Preliminary Approval.

As reflected in more detail in the accompanying Memorandum in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement

---

[1] Capitalized terms have the same meaning as defined in the Settlement Agreement ("SA"), attached as Exhibit 1 hereto. "Class Counsel" means Steve W. Berman of Hagens Berman Sobol Shapiro LLP and Joseph Siprut of Siprut PC as Lead Class Counsel ("Lead Counsel"), Richard Lewis of Hausfeld LLP as Special Class Counsel for Medical Monitoring Relief ("Special Class Counsel"), and Charles Zimmerman of Zimmerman Reed, James Dugan of the Dugan Law Firm, and Mark Zamora of The Orlando Law Firm as the Executive Committee. SA, ¶ II(E).

- 1 -

Class,[2] which is incorporated herein by reference, the Settlement Class meets the requirements of Rule 23(a) because: (1) the thousands of members are too numerous to be joined; (2) they share a common interest in establishing the NCAA's duty to protect the health and welfare of student-athletes, the NCAA's alleged breach of its duty with respect to concussion management, the establishment of a medical monitoring remedy, and changes to the NCAA's return-to-play and concussion-management guidelines; (3) the Class Representatives' claims for medical monitoring are typical of the Settlement Class's interests in establishing medical monitoring in the form of neurological and neuropsychological testing to identify cognitive, mood, and behavioral disorders resulting from concussions and the accumulation of sub-concussive hits, as well as in establishing changes in how the NCAA manages concussions and return-to-play decisions; and (4) the Class Representatives are adequate because they have no interests antagonistic to the Class's interests and are represented by experienced counsel.

The Settlement Class also meets the requirements of Rule 23(b)(2), because "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."[3] Here, the Parties have agreed to final relief generally applicable to the Settlement Class in the form of the Medical Monitoring Program and in the form of changes to the NCAA's concussion-management guidelines.

Even though not required by Rule 23(b)(2), the Parties have also agreed to provide the Settlement Class with Notice of the Settlement as well as the right to exclude themselves from the Settlement. Thus, the Parties are requesting that the Court exercise its power, pursuant to Rule 23(d)(1), to order notice and a right to opt out in conjunction with certification of the Rule

---

[2] Preliminary approval of the Settlement is also supported by the Expert Report of Dr. Cantu, the Expert Report of Bruce Deal, and the Declarations of Steve W. Berman, Hon. Layn R. Phillips, and Hon. Wayne Andersen.

[3] FED. R. CIV. P. 23(b)(2).

23(b)(2) Settlement Class in order to ensure procedural fairness.[4]  Because this "hybrid"[5] Settlement Class meets the requirements of Rule 23, the Settlement Class should be certified.

Next, this Court should find that the Settlement is within the range of possible approval, direct that Notice be provided to the Settlement Class,[6] and schedule a Fairness Hearing to determine whether the Settlement is fair, adequate, and reasonable.  The Settlement is within the range of possible approval because:  (1) the Medical Monitoring Program exceeds the relief that Plaintiffs could achieve after a win on the merits; (2) the likely complexity, length, and expense of continued litigation outweighs any benefits to the Settlement Class; (3) the Settlement Class Representatives support the Settlement; (4) Lead Counsel has conducted full merits discovery and extensive investigation and believes that the Settlement is in the best interests of the Settlement Class; and (5) the fact that the *Arrington* Plaintiffs, and Lead Counsel, have the benefit of full merits discovery and filed a Motion For Class Certification in July 2013 demonstrates that they have the benefit of making a fully-informed assessment of the risks and benefits of continued litigation versus Settlement.

Accordingly, as more fully described in the Memorandum in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class and supporting documents, Plaintiffs respectfully request that the Court grant the Motion for Preliminary Approval, conditionally certify the Settlement Class, find that the Settlement is

---

[4] *In re Cincinnati Radiation Litig.*, 187 F.R.D. 549, 555 (S.D. Ohio 1999) ("Courts that have exercised that power to require notice and a right to opt out [under Rule 23(d)] in conjunction with the certification of a Rule 23(b)(2) class have recognized that failure to do so 'may deny many members of the class procedural fairness.'") (quoting *Fuller*, 168 F.R.D. at 604 (citing Rosen, *Title VII Classes and Due Process: To (b)(2) or not to (b)(3)*, 26 WAYNE L. REV. 919, 952 (1980))).

[5] *Id.*

[6] The Parties will submit a proposed Notice Plan to the Court within 14 days of Preliminary Approval.

within the range of possible approval, direct that Notice be given to the Settlement Class, and schedule a final Fairness Hearing to determine whether the Settlement is fair, adequate, and reasonable.

Date: July 28, 2014

Respectfully submitted,

By: */s/ Steve W. Berman*
      Steve W. Berman
*steve@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
206.623.7292
Fax: 206.623.0594

Elizabeth A. Fegan
*beth@hbsslaw.com*
Thomas E. Ahlering
*toma@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
1144 W. Lake Street, Suite 400
Oak Park, IL 60301
708.628.4949
Fax: 708.628.4950

Joseph J. Siprut
*jsiprut@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
SIPRUT PC
17 North State Street
Suite 1600
Chicago, IL  60602
312.236.0000
Fax: 312.878.1342

*Settlement Class Counsel*

Richard Lewis
HAUSFELD LLP
1700 K Street, NW Suite 650
Washington, DC 20006

*Proposed Special Class Counsel for Medical Monitoring Relief*

Charles Zimmerman
ZIMMERMAN REED
1100 IDS Center
80 South 8th St.
Minneapolis, MN 55402

James Dugan
DUGAN LAW FIRM, APLC
One Canal Place, Suite 1000
365 Canal Street
New Orleans, LA 70130

Mark Zamora
THE ORLANDO FIRM, P.C.
315 West Ponce De Leon Ave
Suite 400
Decatur, Georgia 30030

*Proposed Executive Committee for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on July 28, 2014, a true and correct copy of the foregoing was filed electronically via CM/ECF, which caused notice to be sent to all counsel of record.

By: */s/ Steve W. Berman*