# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | MDL No. 2492<br><br>Master Docket No. 1:13-cv-09116<br><br>The Document Relates To:<br>All Cases<br><br><br>Judge John Z. Lee<br><br>Magistrate Judge Geraldine Soat Brown |

**[PROPOSED]
<u>PRELIMINARY APPROVAL ORDER</u>**

Plaintiffs Adrian Arrington, Derek Owens, Kyle Solomon, Angelica Palacios, Abram Robert Wolf, Sean Sweeney, Jim O'Connor, Dan Ahern, Paul Morgan, Jeffrey Caldwell, John DuRocher, and Sharron Washington (the "Class Representatives," and collectively with the members of the Settlement Class the "Settlement Class Members") and Defendant National Collegiate Athletic Association ("NCAA") have entered into a Class Action Settlement Agreement and Release dated _____, 2014 ("Settlement" or "Settlement Agreement") to settle the above-captioned litigation ("Litigation") and have filed a Motion for Entry of Preliminary Approval Order ("Motion"). The Settlement Agreement, together with its exhibits incorporated herein, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the Litigation.

Having read and considered the Settlement and its exhibits, the Motion, the pleadings and other papers on file in this action, and statements of counsel, the Court finds that the Motion should be GRANTED and that this Preliminary Approval Order should be entered. Terms and

2

phrases used in this Preliminary Approval Order shall have the same meaning ascribed to them in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

**A.    Preliminary Approval of Settlement and Conditional Certification of Settlement Class**

1.    The Court preliminarily approves the Settlement Agreement for purposes of providing notice of the Settlement to the Settlement Class and deciding whether to grant final approval of the Settlement.

2.    The Court preliminarily certifies for settlement purposes the following Settlement Class pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(d)(1):

> All Persons who played an NCAA-sanctioned sport at an NCAA member institution on or prior to the date of this Order.
>
> Specifically excluded from the Settlement Class are the following persons:
>
> a.    The NCAA and the NCAA's officers and directors;
>
> b.    Class Counsel; and
>
> c.    The judges who have presided over this Litigation.

The NCAA and the Released Parties shall retain all rights to assert that the Litigation may not be certified as a class action except for settlement purposes.

3.    The Court appoints the Class Representatives as representatives of the Settlement Class.

4.    The Court appoints the following attorneys to act as Settlement Class Counsel:

| | |
|---|---|
| Steve W. Berman, Esq.<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>1918 Eighth Avenue, Suite 3300<br>Seattle, Washington 98101<br>Telephone: (206) 623-7292<br>Facsimile: (206) 623-0594<br>E-mail: steve@hbsslaw.com | Joseph J. Siprut, Esq.<br>SIPRUT PC<br>17 North State Street, Suite 1600<br>Chicago, Illinois 60602<br>Telephone: (312) 236-0000<br>Facsimile: (312) 878-1342<br>E-mail: jsiprut@siprut.com |

5. The Court appoints Hausfeld LLP as Special Counsel for Medical Monitoring Relief and appoints Charles Zimmerman of Zimmerman Reed, James Dugan of the Dugan Law Firm, and Mark Zamora of The Orlando Law Firm as the Executive Committee.

6. Pursuant to Rule 23(a), the Court finds, for purposes of preliminary approval and for settlement purposes only, that: (a) Members of the Settlement Class are so numerous as to make joinder of all Settlement Class Members impracticable; (b) there are questions of law and fact common to Members of the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class Members; and (d) the Settlement Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class Members.

7. Pursuant to Rule 23(b)(2), the Court finds, for purposes of preliminary approval and for settlement purposes only, final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Class as a whole.

8. Pursuant to Rule 23(d)(1), the Court finds that it is appropriate to provide Notice to the Settlement Class as well as provide Settlement Class Members the right to exclude themselves from the Settlement.

9. The Court finds that the proposed Settlement is within the range of possible approval to warrant providing notice to the Settlement Class and to hold a Fairness Hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement.

10. The Court orders that the certification of the Settlement Class and preliminary approval of the proposed Settlement, and all actions associated with them, are undertaken on the condition that they shall be vacated if the Settlement is terminated or disapproved in whole or in part by the Court, or any appellate court and/or other court of review, or if any of the Parties invokes the right to withdraw from the Settlement as provided in Sections XIX of the Settlement Agreement, in which event the Settlement Agreement and the fact that the Settlement was entered into shall not be offered, received, or construed as an admission or as evidence for any purpose, including but not limited to an admission by any party of liability or non-liability or of the certifiability of a litigation class, or otherwise be used by any Person for any purpose whatsoever, in any trial of this Litigation or any other action or proceedings, and each party will be restored to his, her or its respective position as it existed prior to the execution of the Settlement Agreement.

**B.  Appointment of Medical Science Committee, Program Administrator and Notice Administrator**

11. The Court appoints _____ to the Medical Science Committee, which shall have the responsibilities and tenure set forth in the Settlement Agreement.

12. The Court appoints _____ as the Program Administrator, which shall administer the Settlement in accordance with the terms and conditions of this Order and the Settlement Agreement.

13. The Court appoints ____ as the Notice Administrator, in accordance with the provisions of Section VII of the Settlement Agreement.

**C.      Notice to the Settlement Class**

14.     The Court has reviewed and approves the Publication Notice, the content of which is without material alteration from Exhibit A to the Settlement Agreement and directs that Publication Notice be published as set forth in the _____ Declaration.

15.     The Court has reviewed and approves the Long-Form Notice, the content of which is without material alteration from Exhibit B to the Settlement Agreement and directs that the Long-Form Notice be distributed as set forth in the _____ Declaration.

16.     The Court approves the creation of the Settlement Website, as defined in Section II(WW) of the Settlement Agreement, which shall include, at a minimum, downloadable copies of the Publication Notice, Long-Form Notice, and Settlement Agreement, and shall be maintained in accordance with the provisions of Section II(WW) of the Settlement Agreement.

17.     The Court finds that the proposed Notice (i) is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive notice, (ii) fairly and adequately describes the terms and effects of the Settlement Agreement, (iii) fairly and adequately describes the date by which Settlement Class Counsel must file the Motion For Final Approval, and Motion For Award of Attorneys' Fees and Expenses, (iv) fairly and adequately describes the method and date by which any member of the Settlement Class may object to or comment upon the Settlement or exclude themselves from the Settlement Class, (v) sets a date by which Settlement Class Counsel may respond to any objections to the Settlement, (vi) provides notice to the Settlement Class of the time and place of the Fairness Hearing, and (vii) constitutes reasonable notice under the circumstances and otherwise meets all requirements of applicable law.

18. The Court orders the Notice Administrator to file proof of publication of the Publication Notice, proof of dissemination of the Long-Form Notice, and proof of maintenance of the Settlement Website at or before the Fairness Hearing.

**D. Exclusions From the Settlement Class**

19. The Court approves the procedures set forth in the Settlement Agreement and the Notice of Settlement of Class Action for exclusions from and objections to the Settlement.

20. The Court orders that any Settlement Class Member who wishes to exclude himself or herself from the Settlement Class must comply with the terms set forth in the Settlement Agreement and Notice of Settlement of Class Action. To be considered timely, a request for exclusion must be mailed to the Notice Administrator at _____, postmarked no later than _____, 2014.

21. The Court orders that any Settlement Class Member who does not submit a timely, written request for exclusion from the Settlement Class (i.e., becomes an Opt-Out) will be bound by all proceedings, orders and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

22. The Court enjoins all Settlement Class Members unless and until they timely exclude themselves from the Settlement Class from (i) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on the Released Claims; (ii) filing, commencing or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any Settlement Class Members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on claims made

6

in this Litigation; (iii) pursuing any Released Claims; and (iv) attempting to effect Opt-Outs of individuals or a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on the Released Claims.

23. The Court orders the Program Administrator to provide the Opt-Out List to Settlement Class Counsel and Counsel for the NCAA no later than seven (7) Days after the Opt-Out and Objection Date, and then file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof no later than seven (7) Days thereafter or on such other date as the Parties may direct.

**E.     Motion For Final Approval, Fee Petition, and Objections to the Settlement**

24. The Court orders that Settlement Class Counsel shall file the Motion For Final Approval of the Settlement, and their applications for Attorneys' Fees and Expenses and Service Awards on or before _____, 2014.

25. The Court orders that each Settlement Class Member who is not an Opt-Out and who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement or the proposed Settlement or to the Attorneys' Fees and Expenses must file with the Court and serve on Class Counsel on or before _____, 2014, or as the Court may otherwise direct, a statement of the objection signed by the Settlement Class Member containing all of the following information:

    a.     The name, address and telephone number of the Person objecting and, if represented by counsel, of his or her counsel;

    b.     The name of the NCAA member institution(s) at which he or she participated in NCAA-sponsored sport(s), the NCAA-sponsored sport(s) in which he or she participated, and the years during which he or she participated in NCAA-sponsored sport(s);

      c.      A written statement of all grounds for the objection accompanied by any legal support for such objection;

      d.      Copies of any papers, briefs or other documents upon which the objection is based;

      e.      A statement of whether the objector intends to appear at the Fairness Hearing; and,

      f.      If the objector intends to appear at the Fairness Hearing through counsel, the objection must also identify the attorney(s) representing the objector who will appear at the Fairness Hearing.

26.      Any response to an objection must be filed with the Court by _____, 2014.

27.      The Court orders that any Settlement Class Member who fails to file and serve timely a written objection to the Settlement or who fails to otherwise comply with the requirements of Paragraph \_\_ of this order shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

28.      The Court orders that any attorney hired by a Settlement Class Member for the purpose of objecting to the Settlement Agreement or to the proposed Settlement or to the Attorneys' Fees and Expenses will be at the Settlement Class Member's expense.

29.      The Court orders that Settlement Class Member, or any attorney hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement or to the Attorneys' Fees and Expenses, who intends to make an appearance at the Fairness Hearing must provide to Settlement Class Counsel and Counsel for the NCAA and must file with the Clerk of the Court a notice of intention to appear no later than _____, 2014 or as the Court may otherwise direct.

8

30. The Court orders the Notice Administrator to establish a post office box in its name to be used for receiving requests for exclusion and any other communications. The Court further orders that only the Notice Administrator, the Program Administrator, Settlement Class Counsel, Counsel for the NCAA, the Court, the Clerk of the Court and their designated agents shall have access to this post office box, except as otherwise provided in the Settlement Agreement.

31. The Court orders that the Notice Administrator must promptly furnish Settlement Class Counsel and Counsel for the NCAA with copies of any and all written requests for exclusion that come into its possession, except as expressly provided in the Settlement Agreement.

**F.** **Establishment of Medical Monitoring Fund**

32. By _____ (14 days after entry of this Order), the NCAA shall deposit or cause to be deposited five million U.S. dollars ($5,000,000.00) into the Medical Monitoring Fund, to be used to pay the costs of the Notice, CAFA Notice, administrative costs incurred by the Program Administrator for the responsibilities set forth in Section VI of the Settlement Agreement, and/or the costs incurred by the Medical Science Committee for the responsibilities set forth in Section V of the Settlement Agreement. The Medical Monitoring Fund shall be governed by the terms of the Settlement Agreement.

**G.** **Fairness Hearing**

33. The Court orders that a Fairness Hearing shall be held on _____ at _____ __ before the undersigned to consider the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court pursuant to a final approval order and judgment.

34. The Court reserves the right to adjourn or continue the Fairness Hearing, or any further adjournment or continuance thereof, without further notice other than announcement at the Fairness Hearing or at any adjournment or continuance thereof, and to approve the Settlement with modifications, if any, consented to by the counsel for the Settlement Class and NCAA without further notice.

35. All pretrial proceedings in the Litigation are stayed and suspended until further order of this Court.

36. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

37. The current deadlines, reflected in detail above, are:

- Class notice must be complete by _____, 2014;

- Papers in support of final approval of the settlement and any application for service awards, attorneys' fees, and expenses due _____, 2014;

- Comments in support of, or in objection to, the settlement and/or fee application due _____, 2014;

- Responses to any objections to the settlement due _____, 2014;

- Requests for exclusion must be postmarked by or received by Claims Administrator by _____, 2014;

- Fairness Hearing scheduled for _____ at _____ .m.

**SO ORDERED.**

Dated:_____    _____
                                        Judge John Z. Lee