UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION | MDL NO. 2492<br><br>Master Docket No. 13-cv-09116<br><br>Judge John Z. Lee<br><br>Magistrate Judge Geraldine Soat Brown |

**DECLARATION OF STEVE W. BERMAN IN SUPPORT OF MOTION
FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT
AND CERTIFICATION OF SETTLEMENT CLASS**

I, Steve W. Berman, declare as follows:

1. I am the Managing Partner of Hagens Berman Sobol Shapiro LLP and Co-Lead Counsel for the Plaintiffs in *Arrington, et al. v. National Collegiate Athletic Ass'n*, No. 11-cv-06356 (N.D. Ill.). I have full knowledge of the matters stated herein, and could and would testify hereto if necessary.

2. Interim Co-Lead Counsel in *Arrington* and Plaintiffs' Counsel in the Related Actions engaged in multiple written and oral communications to reach consensus on the scope of the medical monitoring relief and the leadership of the medical monitoring claims in the MDL Action, and, with the exception of the *Nichols* Plaintiffs, agreed to support (i) the reappointment of Steve W. Berman of Hagens Berman Sobol Shapiro LLP and Joseph Siprut of Siprut PC as Lead Class Counsel ("Lead Counsel"), (ii) the appointment of Richard Lewis of Hausfeld LLP as Special Class Counsel for Medical Monitoring Relief, and (iii) the appointment of Charles Zimmerman of Zimmerman Reed, James Dugan of the Dugan Law Firm, and Mark Zamora of The Orlando Law Firm to the Executive Committee.

- 1 -

3. Between October 2011 and June 2013, in *Arrington*, we conducted a thorough investigation into the facts and law in this matter. We conducted full merits discovery, including:

   a. More than two dozen oral meet and confers with defense counsel and third parties regarding discovery requests;

   b. The negotiation of 97 search terms for NCAA electronically-stored information;

   c. Nine lawyers spent at least 2,314 hours reviewing the 29,502 documents (176,849 pages) produced by the NCAA from 14 NCAA custodians and central libraries;

   d. Three lawyers spent more than 209 hours reviewing the *Arrington* Plaintiffs' emails and documents, and produced 3,842 documents (10,144 pages) in response to NCAA requests;

   e. 43 third parties produced 8,124 documents (28,485 pages), which were reviewed over a period of 400 hours by seven lawyers;

   f. Hagens Berman took 10 depositions of the NCAA's fact witnesses, including two experts on NCAA committees, expending more than 200 hours; and

   g. The NCAA deposed the four Lead Plaintiffs and one absent class member, which were defended by Co-Lead Counsel.

4. Moreover, Hagens Berman spent more than 375 hours drafting the Proffer of Facts in Support of Class Certification, and more than 700 hours researching and drafting Plaintiffs' Motion for Class Certification. Excluding mediation-related work, Hagens Berman

spent 110+ hours working with their expert, Dr. Cantu, and Dr. Cantu spent approximately 85 hours working on his report or consulting with us related to his report in support of Plaintiffs' Motion For Class Certification.

5. On August 7, 2013, after our filing of the Motion For Class Certification and before any of the Related Actions were filed, Defendant's counsel suggested that the NCAA would be interested in mediation. On August 15, 2013, we requested that the Court enter a stay pending mediation.

6. The *Arrington* Parties initially retained the Honorable Layn R. Phillips (Ret.) to conduct the settlement negotiations. We engaged in in-person mediation sessions with the NCAA mediated by Judge Phillips on November 1, 2013 in New York, New York; December 13, 2013 in Houston, Texas; and February 6-7, 2014 in New York, New York. The NCAA's insurers participated in two of these sessions.

7. Following the creation of the MDL Action, we conferred extensively together with the newly-filed Plaintiffs' counsel and with medical experts regarding the scope of an appropriate medical monitoring program for the Settlement Class. We also continued to engage in negotiations with the NCAA.

8. On May 12, 2014, we participated, together with the NCAA, Special Class Counsel for Medical Monitoring Relief and one member of the Executive Committee, in a fourth and final mediation before the Honorable Wayne R. Andersen (Ret.) regarding the consensus reached by Class Counsel, in consultation with their experts, regarding the medical monitoring claims, requests for equitable relief in the form of changes to the NCAA's concussion-management and return-to-play policies, and the scope of an appropriate medical monitoring program.

9. We also engaged in multiple written and oral communications to consummate the Settlement spanning months of vigorous, arm's-length negotiations with the NCAA. All of the negotiations between us and the NCAA were conducted at arm's-length and were facilitated by Judge Phillips or Judge Andersen.

10. We did not discuss the issue of attorneys' fees at any point during the mediation sessions or in discussions with the NCAA (except to defer the issue), until after an agreement in principal was reached on all material terms providing benefits to the Settlement Class.

I declare that the foregoing is true and correct to the best of my ability.

Date: July 28, 2014

Respectfully submitted,

By: */s/ Steve W. Berman*
      Steve W. Berman
*steve@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
206.623.7292
Fax: 206.623.0594

- 5 -

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on July 28, 2014, a true and correct copy of the foregoing was filed electronically via CM/ECF, which caused notice to be sent to all counsel of record.

By: */s/ Steve W. Berman*

010270-12 705720 V1