**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION** | MDL NO. 2492<br><br>Master Docket No. 13-cv-09116<br><br>Judge John Z. Lee<br><br>Magistrate Judge Geraldine Soat Brown |

**SETTLEMENT CLASS REPRESENTATIVES' SUPPLEMENTAL
SUBMISSION IN SUPPORT OF PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF SETTLEMENT**

**TABLE OF CONTENTS**

**Page**

I. OVERVIEW ..................................................................................................................1

II. ARGUMENT................................................................................................................3

    A. The Seventh Circuit Has Crafted Three Options for Certifying Class Actions In Which Plaintiffs Sued for Both Equitable Relief and Monetary Damages..................................................................................................3

    B. Class Action Settlements That Waive Future Class Actions Have Been Approved Under Rules 23(b)(1) and (b)(2) ............................................5

    C. Alternatively, the Settlement Class Should Be Certified Pursuant to Rule 23(b)(3)...................................................................................................7

        1. Common questions of fact predominate. ......................................................7

        2. A class action is superior to other methods of adjudication. ........................9

III. CONCLUSION...........................................................................................................11

010270-12 707085 V2

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Allison v. Citgo Petroleum Corp.*,
 151 F.3d 402 (5th Cir. 1998) ....................................................................................................4

*Amchem Prods, Inc. v. Windsor*,
 521 U.S. 591 (1997)...................................................................................................................9

*Amgen Inc. v. Conn. Ret. Plans & Trust Funds*,
 __ U.S. __, 133 S. Ct. 1184 (2013)............................................................................................8

*Butler v. Sears, Roebuck & Co.*,
 727 F.3d 796 (7th Cir. 2013), *cert. denied*, 134 S. Ct. 1277 (2014).........................................9

*Cicilline v. Jewel Food Stores, Inc.*,
 542 F. Supp. 2d 831 (N.D. Ill. 2008) .......................................................................................10

*Fresco v. Auto. Directions*,
 No. 03-CIV-61063, 2009 WL 9054828 (S.D. Fla. Jan. 20, 2009)........................................5, 6

*In re Mex. Money Transfer Litig.*,
 267 F.3d 743 (7th Cir. 2001) .....................................................................................................9

*In re Trans Union Corp. Privacy Litig.*,
 741 F.3d 811 (7th Cir. 2014) ...........................................................................................1, 5, 6

*Jefferson v. Ingersoll Int'l Inc.*,
 195 F.3d 894 (7th Cir. 1999) ........................................................................................1, 3, 4, 7

*Kartman v. State Farm Mut. Auto. Ins. Co.*,
 634 F.3d 883 (7th Cir. 2011) .....................................................................................................4

*Lemon v. Int'l. Union of Operating Eng'rs., Local No. 139*,
 216 F.3d 577 (7th Cir. 2000) ...........................................................................................1, 3, 4

*Messner v. Northshore Univ. HealthSystem*,
 669 F.3d 802 (7th Cir. 2012) .....................................................................................................7

*Richardson v. L'Oreal USA, Inc.*,
 No. 13-508(JDB), 2013 WL 5941486 (D.C. Nov. 6, 2013) ......................................................6

*Sullivan v. DB Invs., Inc.*,
 667 F.3d 273 (3d Cir. 2011)......................................................................................................9

*Williams v. Burlington N., Inc.*,
 832 F.2d 100 (7th Cir. 1987) ............................................................................................3, 4, 7

010270-12 707085 V2

**OTHER AUTHORITIES**

MANUAL FOR COMPLEX LITIGATION § 22.74 (4th ed. 2004) ..........................................................4

Plaintiffs respectfully submit this memorandum in response to the Court's request for a supplemental submission regarding "the ability of the proposed settlement class to waive their rights to pursue class-wide relief under Fed. R. Civ. P. 23(b)(3)."[1]

## I.   OVERVIEW

The Seventh Circuit has held that a class seeking monetary damages incidental to equitable relief may be certified under Rule 23(b)(2), so long as the procedural protections afforded under Rule 23(b)(3) – notice and the right to opt-out – are provided.[2]

Here, Plaintiffs moved for certification of the Settlement Class pursuant to Rule 23(b)(2), because the NCAA's alleged failure to implement or enforce standard concussion-management and return-to-play guidelines is based on conduct that is "generally applicable to the class." Thus, final injunctive or equitable relief in the form of the Medical Monitoring Program and implementation of concussion-management standards that meet consensus best practices "is appropriate respecting the class as a whole."[3]

However, given that the Settlement also waives class personal injury claims, Plaintiffs requested that the Court approve notice to the Class, as well as provide Settlement Class Members the right to exclude themselves from the Class, in order to provide the additional procedural safeguards that exist under Rule 23(b)(3). Under similar circumstances, the Seventh Circuit has affirmed a district court's decision to certify a class and approve a class settlement that waived future class actions, while preserving individual claims, where notice was provided to the class members.[4] Accordingly, certification pursuant to Rule 23(b)(2) is appropriate.

---

[1] Case Management Order No. 2 (Dkt. # 74).

[2] *Lemon v. Int'l. Union of Operating Eng'rs., Local No. 139*, 216 F.3d 577, 581 (7th Cir. 2000) (citing *Jefferson v. Ingersoll Int'l Inc.*, 195 F.3d 894, 898-99 (7th Cir. 1999)).

[3] *See* Rule 23(b)(2).

[4] *In re Trans Union Corp. Privacy Litig.*, 741 F.3d 811, 813 (7th Cir. 2014).

Alternatively, this Court should certify the Settlement Class pursuant to Rule 23(b)(3). First, common questions of fact predominate. As reflected in the *Arrington* Plaintiffs' Motion for Class Certification, Proffer of Facts In Support of Plaintiffs' Motion for Class Certification ("Fact Proffer") and the Expert Report of Dr. Cantu, the common questions of fact concerning the NCAA's duty to protect the health and welfare of its student-athletes and the NCAA's alleged breach of that duty apply class-wide. Each of these questions would be answered with facts proven by the NCAA's own documents and witnesses.

Under these circumstances, class-wide medical monitoring relief to identify and diagnose the short- and long-term effects from concussions and the accumulation of subconcussive hits to which Settlement Class Members were exposed is appropriate. Moreover, changes to the NCAA's concussion-management and return-to-play guidelines are not unique to any one student-athlete, making changes that will benefit all current student-athletes in the Class is appropriate. Finally, certification of the Settlement Class for the purpose of implementing the class-wide Medical Monitoring Program and programmatic changes is superior to individual trials. Plaintiffs thus satisfy Rule 23(b)(3).

In sum, Plaintiffs request that the Court certify the Settlement Class pursuant to Rule 23(b)(2) and order that Notice and the right to opt out be provided to the Class pursuant to Rule 23(d)(1). Alternatively, Plaintiffs request that the Court certify the Settlement Class pursuant to Rule 23(b)(3).

## II. ARGUMENT

**A. The Seventh Circuit Has Crafted Three Options for Certifying Class Actions In Which Plaintiffs Sued for Both Equitable Relief and Monetary Damages**

When Plaintiffs sue for both monetary damages and equitable relief, the Seventh Circuit has "instruct[ed] the district court to consider three alternatives for handling the case."[5]

First, the court could certify the class under Rule 23(b)(3).[6] Under the second option of divided certification, the court could "certify a Rule 23(b)(2) class for the portion of the case addressing equitable relief and a Rule 23(b)(3) class for the portion of the case addressing damages."[7] Third, the court could "certify the class under Rule 23(b)(2) for both monetary and equitable remedies but exercise its plenary authority under Rules 23(d)(2) and 23(d)(5) to provide all class members with personal notice and opportunity to opt out, as though the class was certified under Rule 23(b)(3)."[8]

The Seventh Circuit has held that this third option, sometimes referred to as hybrid certification, provides "safeguards… [which are] the functional equivalent of those offered by Rule 23(b)(3)."[9] The purpose of these safeguards, such as notice and the right to object or opt-out, is to ensure "adequate protection from any potentially antagonistic interest between class members."[10]

---

[5] *Lemon v. Int'l. Union of Operating Eng'rs, Local No. 139*, 216 F.3d 577, 581 (7th Cir. 2000) (citing *Jefferson v. Ingersoll Int'l Inc.*, 195 F.3d 894, 898-99 (7th Cir. 1999)).

[6] *Id.* (citations omitted).

[7] *Id.*

[8] *Id.* at 582 (citing *Jefferson*, 195 F.3d at 898) (other citations omitted).

[9] *Williams v. Burlington N., Inc.*, 832 F.2d 100, 103-04 (7th Cir. 1987) (finding that the district court did not abuse its discretion in certifying a class for purposes of a settlement, which provided both monetary and equitable relief in an employment discrimination case, under Rule 23(b)(2), where the class members were provided notice and an opportunity to object to the settlement), *cited with approval in Lemon*, 216 F.3d at 582.

[10] *Williams*, 832 F.2d at 104.

010270-12 707085 V2

Here, Plaintiffs moved for certification under the third option approved by the Seventh Circuit: Rule 23(b)(2) certification, together with the Rule 23(d) procedural safeguards of notice and the right to opt out. Plaintiffs seek certification pursuant to Rule 23(b)(2), because the grounds for liability – the NCAA's failure to adopt consensus best practices in concussion management – are based on NCAA conduct that is "generally applicable to the class."[11] Thus, the primary relief sought under the Settlement – the Medical Monitoring Program and changes to the NCAA's concussion-management policies – is injunctive or equitable in nature. [12]

While actions for class-wide injunctive relief "are intended for (b)(2) certification precisely because they involve uniform group remedies,"[13] Plaintiffs recognized that Settlement Class Members should have the notice of and the opportunity to object to the Settlement, including to the waiver of the class action mechanism for negligence claims. Thus, Plaintiffs sought an order, pursuant to this Court's powers under Rule 23(d) "to protect class members and fairly conduct the action," to provide notice to the Class and the right to exclude themselves. By requesting a Rule 23(d) order, Plaintiffs sought to provide Settlement Class Members the "safeguards… [which are] the functional equivalent of those offered by Rule 23(b)(3)."[14]

---

[11] *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 894 (7th Cir. 2011). *See also* MANUAL FOR COMPLEX LITIGATION § 22.74, at 427 (4th ed. 2004) (footnote omitted) (advising that "Rule 23(b)(2) generally applies" to a mass tort class for medical monitoring "when the relief sought is a court-supervised program for periodic medical examination and research to detect diseases attributable to the product in question.") ("MANUAL").

[12] FED. R. CIV. P. 23(b)(2); *Kartman*, 634 F.3d at 892.

[13] *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 414 (5th Cir. 1998), *reasoning adopted in Jefferson*, 195 F.3d at 898.

[14] *Williams v. Burlington N., Inc*., 832 F.2d at 103-14 (finding that the district court did not abuse its discretion in certifying a class for purposes of a settlement, which provided both monetary and equitable relief in an employment discrimination case, under Rule 23(b)(2), where the class members were provided notice and an opportunity to object to the settlement), *cited with approval in Lemon*, 216 F.3d at 582.

**B. Class Action Settlements That Waive Future Class Actions Have Been Approved Under Rules 23(b)(1) and (b)(2)**

The Seventh Circuit has previously considered a settlement of a class action which barred future class actions, and found it important that the "settlement in this case did not foreclose outside lawyers from asserting and settling thousands of modest follow-on claims."[15]

In *In re Trans Union Corp. Privacy Litig.*, plaintiffs brought a class action for violations of the Fair Credit Reporting Act and the parties "agreed to an unusual feature that preserved class members' substantive claims even after settlement."[16] Instead of releasing all claims against defendant, class members who did not request cash set aside for the settlement ($75 million) gave up only their ability to sue as part of a future class action.[17] In exchange for the class members' agreement not to proceed further on a class basis, defendant offered online credit monitoring to all class members.[18] The district court certified the settlement class under Rule 23(b)(1) and approved the settlement agreement as fair, adequate, and reasonable.[19]

Similarly, in *Fresco v. Automotive Directions, Inc.*,[20] the district court certified a settlement class pursuant to Rule 23(b)(2), consisting of persons whose personal information was wrongfully obtained by the defendants.[21] The settlement waived the ability to "use the class action procedural device in any future lawsuit" but the settlement class did not release, and instead preserved, the right to file individual lawsuits for actual monetary and punitive

---

[15] *In re Trans Union Corp. Privacy Litig.*, 741 F.3d at 811 n.1.

[16] 741 F.3d at 813.

[17] *Id.*

[18] *Id.*

[19] Final Approval Order, *In re Trans Union Corp. Privacy Litig.*, Case No. 1:00-cv-04729 (N.D. Ill. 2008) (Dkt. # 515), at 9.

[20] No. 03-CIV-61063, 2009 WL 9054828 (S.D. Fla. Jan. 20, 2009)

[21] *Id.* at *3.

- 5 -

damages.[22] While certified pursuant to Rule 23(b)(2), "[d]ue and adequate notice [was] provided to members of the Settlement Class,"[23] where the notice was designed to reach a significant number of settlement class members. Rejecting class members' objections that the class action waiver was unconscionable, the court noted it was "not aware of any binding authority holding that parties may not waive such rights in a settlement agreement."[24]

Like in *Trans Union Corp.* and *Fresco*, Plaintiffs here seek certification of the Settlement under Rule 23(b)(2) but with the additional procedural protections of notice and the right for Settlement Class Members to exclude themselves. And addressing the Seventh Circuit's concern that Class Members not be effectively foreclosed from litigating individual claims, individual negligence lawsuits are currently pending against the NCAA and its member institutions. Accordingly, Rule 23(b)(2) certification is appropriate.

To the extent that Courts have expressed concerns regarding class action waivers in class settlements, the concerns primarily focus on the need to provide notice to the Class Members and the right to opt-out of the Class.[25] The Parties have expressly addressed those concerns here by agreeing to provide notice and the right to opt out, pursuant to Rule 23(d)(1), to Class Members.

---

[22] *Id.* at *20-21.

[23] *Id.* at *3.

[24] *Id.* at *6.

[25] *Richardson v. L'Oreal USA, Inc.*, No. 13-508(JDB), 2013 WL 5941486 (D.C. Nov. 6, 2013) (denying certification of a settlement class under Rule 23(b)(2) where the settlement relief was comprised of labeling changes to a consumer product and a release of class damage claims (but the preservation of individual claims) and where the parties did not propose to provide notice to the class nor an opportunity to opt out).

- 6 -

010270-12 707085 V2

As reflected above, this approach allows the Court to "treat a Rule 23(b)(2) class as *if* it were under Rule 23(b)(3), giving notice and an opportunity to opt out on the authority of Rule 23(d)(2)."[26]

## C. Alternatively, the Settlement Class Should Be Certified Pursuant to Rule 23(b)(3)

Alternatively, the Settlement Class also satisfies the requirements of Rule 23(b)(3), making certification appropriate. Rule 23(b)(3) instructs that a class should be certified if Rule 23(a) is satisfied,[27] "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members," and "a class action is superior" to other methods of adjudication.[28]

### 1. Common questions of fact predominate.

Rule 23(b)(3)'s predominance requirement is satisfied when "common questions represent a significant aspect of [a] case and … can be resolved for all members of [a] class in a single adjudication."[29] Similarly, common questions predominate "if a 'common nucleus of operative facts and issues' underlies the claims brought by the proposed class."[30]

In making this inquiry, the Court must keep in mind that Rule 23(b)(3) "requires a showing that *questions* common to the class predominate, not that those questions will be

---

[26] *Jefferson*, 195 F.3d at 898 (citing *Williams v. Burlington N., Inc.*, 832 F.2d 100, 103 (7th Cir. 1987)) (emphasis in original).

[27] Plaintiffs incorporate their analysis of Rule 23(a) from their Memorandum In Support of Motion For Preliminary Approval as if fully set forth herein.

[28] *See* FED. R. CIV. P. 23(b)(3).

[29] *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 815 (7th Cir. 2012) (quoting WRIGHT & MILLER, *supra*, § 1778).

[30] *Messner*, 669 F.3d at 815 (quoting *In re Nassau County Strip Search Cases*, 461 F.3d 219, 228 (2d Cir. 2006), quoting *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 299 (1st Cir. 2000)).

answered, on the merits, in favor of the class."[31] In fact, "the office of a Rule 23(b)(3) certification ruling is not to adjudicate the case; rather, it is to select the 'metho[d]' best suited to adjudication of the controversy 'fairly and efficiently.'"[32]

Analysis of predominance under Rule 23(b)(3) "begins, of course, with the elements of the underlying cause of action."[33] The focus of a claim seeking medical monitoring and injunctive relief is on the conduct of the NCAA, rather than the conduct of individual Class Members. The NCAA had a duty to protect the health and welfare of its student-athletes, breached that duty, and put student-athletes at risk for short- and long-term brain injuries caused by concussions and the accumulation of subconcussive hits. The facts underlying these contentions are common to the Class.

As reflected in the *Arrington* Motion For Class Certification and accompanying Fact Proffer and Expert Report, Plaintiffs demonstrated that they intended to prove at trial, on a class-wide basis and using documents and testimony from the NCAA, that:

- the NCAA owed a duty to safeguard student-athletes during their participation in NCAA-sanctioned sports activities;
- this duty required the NCAA to promulgate and enforce best-practices concussion-management standards; and
- the NCAA failed to promulgate or enforce consensus best-practices concussion-management standards.

---

[31] *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, __U.S. __, 133 S. Ct. 1184, 1191 (2013) (emphasis in original).

[32] *Id.* (alteration in original, internal quotation omitted).

[33] *Id.* (citing *Erica P. John Fund, Inc. v. Halliburton Co.*, __ U.S. __, 131 S. Ct. 2179, 2184, 180 L. Ed. 2d 24 (2011)).

- 8 -

010270-12 707085 V2

All of these core issues, and the underlying proof, are common for all Class Members. Resolution of these core issues will be the same for each Class Member who faced heightened risk of post-concussion syndrome and other disorders related to Chronic Traumatic Encephalopathy as a result of the NCAA's failure to promulgate and enforce appropriate best-practices concussion-management standards. These are exactly the type of issues that are "central to the validity of each one of the claims in a class action," and since they "can be resolved in one stroke, can justify class treatment" under Rule 23(b)(3).[34]

Every Class Member has an interest in proving the NCAA's common course of conduct as outlined in the Fact Proffer. A class action is the most fair and efficient means for Plaintiffs and Class Members to achieve medical monitoring funded by the NCAA, as well as changes to the NCAA's concussion-management and return-to-play guidelines. The predominance requirement of Rule 23(b)(3) is satisfied.[35]

### 2. A class action is superior to other methods of adjudication.

Rule 23(b)(3) also requires a showing that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Addressing these core issues now by implementing a Medical Monitoring Program and changing the way the NCAA handles concussion management is far superior to individualized lawsuits. Class certification for

---

[34] *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 801 (7th Cir. 2013), *cert. denied*, __, U.S. __, 134 S. Ct. 1277 (2014) (quotations omitted).

[35] The fact that 33 states do not recognize medical monitoring as an independent cause of action or as a remedy for negligence is not fatal to the predominance inquiry. Manageability concerns regarding differences in state laws are irrelevant in the settlement context. *See, e.g.*, *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems … for the proposal is that there be no trial."). *See also Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 298-99 (3d Cir. 2011) (certifying a settlement class despite the fact that variances in state law would likely have defeated predominance if the class was being certified for trial); *In re Mex. Money Transfer Litig.*, 267 F.3d 743, 747 (7th Cir. 2001) ("Given the settlement, no one need draw fine lines among state-law theories of relief.").

purposes of Settlement will assure that all Class Members have access to the same diagnostic opportunities overseen by this Court and that current athletes are protected by the same programmatic changes, rather than having these issues be re-litigated in countless courts around the country.

Rule 23(b)(3) states that matters pertinent to a finding of superiority also include: "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."[36]

Plaintiffs satisfy these factors. First, there is no indication that Class Members desire to individually control their medical monitoring or best practices claims. Second, this litigation has been pending for three years and no Plaintiffs other than those represented by Mr. Edelson are objecting to the Medical Monitoring Program or change in concussion management. Further, absent a class action encompassing medical monitoring and best practices claims, many Settlement Class Members would likely find that the relief afforded by pursuing an individual medical monitoring and injunctive relief claim "may be too insignificant to provide class members with incentive to pursue a claim individually."[37] Third, class resolution of Plaintiffs' medical monitoring and injunctive relief claims through the Settlement is superior to individual trials as evidenced by the unanimous support of the medical monitoring and injunctive relief provided by the Settlement. Finally, there are no difficulties in the management and adjudication

---

[36] FED. R. CIV. P. 23(b)(3); *see also Cicilline v. Jewel Food Stores, Inc.*, 542 F. Supp. 2d 831, 838 (N.D. Ill. 2008).

[37] *Cicilline*, 542 F. Supp. 2d at 839.

of Plaintiffs' claims in the settlement context, because differences among state laws do not pose the same manageability concerns which may be present at trial. The Settlement also maximizes the assistance to courts trying individual claims for personal injury. The superiority requirement of Rule 23(b)(3) is thus satisfied.

Accordingly, this Court could certify the Settlement Class under Rule 23(b)(3).

### III. CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court: (1) grant their Motion For Preliminary Approval, (2) certify the Settlement Class pursuant to Rule 23(b)(2) with notice and the right to opt out pursuant to Rule 23(d)(1) or, alternatively, pursuant to Rule 23(b)(3), and (3) grant such other and further relief as this Court deems appropriate.

Date: August 8, 2014

Respectfully submitted,

By: */s/ Steve W. Berman*

Steve W. Berman
*steve@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
206.623.7292
Fax: 206.623.0594

Elizabeth A. Fegan
*beth@hbsslaw.com*
Thomas E. Ahlering
*toma@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
1144 W. Lake Street, Suite 400
Oak Park, IL 60301
708.628.4949
Fax: 708.628.4950

By: */s/ Joseph J. Siprut*

Joseph J. Siprut
*jsiprut@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
SIPRUT PC
17 North State Street
Suite 1600
Chicago, IL 60602
312.236.0000
Fax: 312.878.1342

*Co-Lead and Settlement Class Counsel*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on August 8, 2014 a true and correct copy of the foregoing document was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

By: /s/ Steve W. Berman<br>
Steve W. Berman

010270-12 707085 V2