# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ADRIAN ARRINGTON, DEREK OWENS, MARK TURNER and ANGELA PALACIOS, individually and on behalf of all others similarly situated, | ) ) ) ) | Case No. 11-cv-06356 |
| | ) | Judge John Z. Lee |
| Plaintiffs, | ) | |
| v. | ) | Magistrate Judge Brown |
| | ) | |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, | ) ) | JURY DEMAND |
| Defendant. | ) ) | |

## PLAINTIFFS' SUPPLEMENTAL RESPONSE TO CERTAIN INTERROGATORIES AND PLAINTIFFS' RULE 26(a)(1)(A)(iii) DISCLOSURES

## INTERROGATORY (ARRINGTON 12, OWENS 7, PALACIOS 6, SOLOMON 9)

Identify the amount of damages you are seeking from the NCAA in this action on your own behalf, and state with full particularity how you computed those damages.

## SUPPLEMENTAL RESPONSE:

Plaintiffs incorporate their responses and objections to the First Set of Interrogatories as if fully set forth herein. Without waiving said objections, Plaintiffs state as follows:

*For Plaintiff Arrington*, Arrington refers to documents indexed on the spreadsheet attached as Appendix A. As reflected in the spreadsheet, Arrington has incurred medical expenses and costs to date of at least $76,567.69 for treatment related to his concussions and post-concussion syndrome. As reflected in Arrington's medical records and as he testified at his deposition, Arrington continues to suffer from seizures, chronic severe headaches, depression, nausea and vomiting, photophobia, confusion, short-term memory loss/cognitive impairment, insomnia, and spells of unresponsiveness, and requires ongoing emergency and non-emergency

2

medical treatment.  Accordingly, Plaintiffs will provide supplemental productions on a periodic basis reflecting his treatment and medical costs.  Arrington seeks payment of all past, present and future medical costs from the NCAA.

Arrington also seeks payment of $19,023.09 in tuition, room and housing costs incurred to date as a result of his scholarships being revoked upon being required to leave Eastern Illinois University's football team as a result of his concussions and post-concussive syndrome. *See* Appendix A.

For purposes of trial on his individual claim, and without waiving the right to provide additional experts pursuant to Fed. R. Civ. P. 26(a)(2) and without waiving attorney work product, Arrington also anticipates expert testimony in one or more of the following areas in support of his request for compensatory and punitive damages:

1.  An economist to testify regarding (i) vocational economics or Arrington's loss of earning capacity, reduced earnings, and/or reduced work life arising out of his concussions and/or post-concussion syndrome; (ii) the future costs of Arrington's medical care; and/or the (iii) future costs of Arrington's undergraduate education.

2.  A life coach or rehabilitation specialist to testify regarding a life care plan for Arrington given his need for ongoing medical care, and the projected costs of such a plan.

3.  An actuary or other expert to testify regarding Arrington's reduced life expectancy and mortality rates for traumatic brain injuries.

4.  One or more medical experts to testify regarding Arrington's future medical care and projected costs.

5.  One or more experts to testify regarding Arrington's emotional distress at being

> abandoned by the NCAA, member institution, coach and team (after they failed to
>
> protect him in accordance with the standard of care) upon advising them of the
>
> need for him to refrain from playing football, or any contact sports, for the
>
> remainder of his life as a result of the concussions he incurred while playing
>
> football for Eastern Illinois University.

Arrington will seek compensatory and punitive damages with respect to each of the above areas. Investigation continues.

**For Plaintiff Owens**, Owens refers to documents indexed on the spreadsheet attached as Appendix A. As reflected in the spreadsheet, Owens has incurred medical expenses and costs to date of at least $7,212.89 for treatment related to his concussions and post-concussion syndrome. As reflected in Owens's medical records and as he testified at his deposition, Owens continues to struggle academically and has been unable to finish a semester of classes. Owens continues to suffer from migraines, moodiness, anxiety, feeling "short-fused," depression, trouble concentrating and short-term memory problems, and requires ongoing medical treatment. Accordingly, Plaintiffs will provide supplemental productions on a periodic basis reflecting his treatment and medical costs. Owens seeks payment of all past, present and future medical costs from the NCAA.

Owens also seeks payment of $5,540.25 in tuition, room and housing costs incurred to date as a result of his scholarships being revoked upon being required to leave University of Central Arkansas' football team as a result of his concussions and post-concussive syndrome. *See* Appendix A. Owens anticipates incurring additional costs in the future to complete his undergraduate education and will supplement his production accordingly.

For purposes of trial on his individual claim, and without waiving the right to provide

additional experts pursuant to Fed. R. Civ. P. 26(a)(2) and without waiving attorney work product, Owens also anticipates expert testimony in one or more of the following areas in support of his request for compensatory and punitive damages:

1. An economist to testify regarding (i) vocational economics or Owens' loss of earning capacity, reduced earnings, and/or reduced work life arising out of his concussions and/or post-concussion syndrome; (ii) the future costs of Owens' medical care; and/or the (iii) future costs of Owens' undergraduate education.

2. A life coach or rehabilitation specialist to testify regarding a life care plan for Owens given his need for ongoing medical and rehabilitative care, and the projected costs of such a plan.

3. An actuary or other expert to testify regarding Owens' reduced life expectancy and mortality rates for traumatic brain injuries.

4. One or more medical experts to testify regarding Owens' future medical care and projected costs.

5. One or more experts to testify regarding Owens' emotional distress at being abandoned by the NCAA, member institution, coach and team (after they failed to protect him in accordance with the standard of care) upon advising them of the need for him to refrain from playing football, or any contact sports, for the remainder of his life as a result of the concussions he incurred while playing football for University of Central Arkansas.

Owens will seek compensatory and punitive damages with respect to each of the above areas. Investigation continues.

**_For Plaintiff Palacios_**, Palacios refers to documents indexed on the spreadsheet attached

as Appendix A.  As reflected in the spreadsheet, Palacios has incurred medical expenses and

costs to date of at least $4,549.00 for treatment related to her concussions and post-concussion

syndrome.  Plaintiffs will provide supplemental productions on a periodic basis reflecting her

treatment and medical costs.  Palacios seeks payment of all past, present and future medical costs

from the NCAA.

Palacios also seeks payment of $23,684.83 in tuition, room and housing costs incurred to

date as a result of her scholarships being revoked upon being required to leave Ouachita Baptist

University's soccer team as a result of her concussions.  *See* Appendix A.  Palacios anticipates

incurring additional costs in the future to complete her undergraduate education and will

supplement her production accordingly.

For purposes of trial on her individual claim, and without waiving the right to provide

additional experts pursuant to Fed. R. Civ. P. 26(a)(2) and without waiving attorney work

product, Palacios also anticipates expert testimony in one or more of the following areas in

support of her request for compensatory and punitive damages:

1. An economist to testify regarding (i) vocational economics or Palacios' loss of
   earning capacity, reduced earnings, and/or reduced work life arising out of his
   concussions and/or post-concussion syndrome; (ii) the future costs of Palacios'
   medical care; and/or the (iii) future costs of Palacios' undergraduate education.

2. An actuary or other expert to testify regarding Palacios' reduced life expectancy
   and mortality rates for traumatic brain injuries.

3. One or more medical experts to testify regarding Palacios' future medical care
   and projected costs.

4. One or more experts to testify regarding Palacios' emotional distress at being

abandoned by the NCAA, member institution, coach and team (after they failed to

protect her in accordance with the standard of care) upon advising them of the

need for her to refrain from playing soccer, or any contact sports, for the

remainder of her life as a result of the concussions she incurred while playing

soccer for Ouachita Baptist University.

Palacios will seek compensatory and punitive damages with respect to each of the above

areas. Investigation continues.

***For Plaintiff Solomon,*** Solomon refers to documents indexed on the spreadsheet

attached as Appendix A.  As reflected in the spreadsheet, Solomon has incurred medical

expenses and costs to date of at least $7,212.89 for treatment related to his concussions and post-

concussion syndrome.  As reflected in Solomon's medical records and as he testified at his

deposition, Solomon continues to suffer from seizures, headaches (including migraines caused

by sensitivity to light, working on a computer, or stress), short term memory loss, intense

psychological distress, and anxiety.  He struggles with schoolwork and has been placed on

restrictions regarding homework and examinations, avoiding physical activities beyond walking,

and avoiding unnecessary mental activity, and requires ongoing emergency and non-emergency

medical treatment.  Accordingly, Plaintiffs will provide supplemental productions on a periodic

basis reflecting his treatment and medical costs.  Solomon seeks payment of all past, present and

future medical costs from the NCAA.

Solomon also seeks payment of approximately $3,000 in tuition, room and housing costs

incurred to date as a result of his scholarships being revoked upon being required to leave

University of Maine's hockey team as a result of his concussions and post-concussive syndrome.

*See* Appendix A.  Solomon anticipates incurring additional costs in the future to complete his

undergraduate education and will supplement his production accordingly.

For purposes of trial on his individual claim, and without waiving the right to provide additional experts pursuant to Fed. R. Civ. P. 26(a)(2) and without waiving attorney work product, Solomon also anticipates expert testimony in one or more of the following areas in support of his request for compensatory and punitive damages:

1. An economist to testify regarding (i) vocational economics or Solomon's loss of earning capacity, reduced earnings, and/or reduced work life arising out of his concussions and/or post-concussion syndrome; (ii) the future costs of Solomon's medical care; and/or the (iii) future costs of Solomon's undergraduate education.

2. A life coach or rehabilitation specialist to testify regarding a life care plan for Solomon given his need for ongoing medical care, and the projected costs of such a plan.

3. An actuary or other expert to testify regarding Solomon's reduced life expectancy and mortality rates for traumatic brain injuries.

4. One or more medical experts to testify regarding Solomon's future medical care and projected costs.

5. One or more experts to testify regarding Solomon's emotional distress at being abandoned by the NCAA, member institution, coach and team upon advising them (after they failed to protect him in accordance with the standard of care) of the need for him to refrain from playing hockey, or any contact sports, for the remainder of his life as a result of the concussions he incurred while playing football for University of Maine.

Solomon will seek compensatory and punitive damages with respect to each of the above

areas. Investigation continues.

## INTERROGATORY (ARRINGTON 14, OWENS 9, PALACIOS 8, SOLOMON 11)

Identify what relief you are seeking on behalf of the Proposed Class, and state with full particularity how the damages for each member of the Proposed Class would be calculated.

## SUPPLEMENTAL RESPONSE:

Without waiving work product and Plaintiffs' right to amend their responses to conform to the evidence and/or Fed. R. Civ. P. 26(a)(2) reports, and as set forth in paragraphs 226, 230(c), 253, 258, 265, 283, and 302 in the Corrected Second Amended Complaint, Plaintiffs are seeking equitable and injunctive relief on behalf of the putative class that includes, but may not be limited to, a medical monitoring program of current and former student-athletes that have suffered concussions or symptoms to determine whether they are suffering from post-concussion syndrome. Once armed with an appropriate diagnosis, if applicable, class members will have the ability to seek appropriate intervention and treatment for the symptoms of post-concussion syndrome. The purpose, scope and costs of the proposed medical monitoring program will be the subject of an expert report by Robert C. Cantu, M.A., M.D., F.A.C.S., F.A.C.S.M., America's preeminent expert on the head trauma crisis in sports (who Plaintiffs previously and voluntarily disclosed to Defendant), which will be filed with Plaintiffs' Motion for Class Certification on May 24, 2013.

Plaintiffs provide a brief summary below – but retain the right to amend and supplement their response to conform to the evidence. Moreover, investigation continues.

The proposed medical monitoring program will include both a neurological assessment and a neurocognitive assessment for each class member.

The neurological assessment would be conducted by a physician with experience in the

diagnosis, treatment and management of concussion. The neurological assessment would include, but may not be limited to, a prior concussion history and conditions that affect concussion recovery, symptom checklist, plus a neurological examination (focused on cognitive, visual tracking (King Devick test), and balance test (Modified Balance Error Scoring System). The estimated physician cost for the neurological assessment is approximately $500 per class member and the cost of the King Devick test is $1.75 per class member (based on 1,000 persons). Investigation continues.

The neurocognitive assessment would use combined computer-based and paper-and-pencil testing to assess cognitive skills, mood, and behavior. This assessment would be administered by a trained technician. If the results fell below normative data, the results would be reviewed by a neuropsychologist. The estimated cost for the technician and/or neuropsychologist would range from approximately $300-500 per class member. Moreover, the cost of the computer-based testing is approximately $20 per class member. Investigation continues.

Accordingly, and as will be further described and/or amended in the May 24, 2013 report by Dr. Cantu, the costs of the medical monitoring program on a per-class member basis are estimated to be approximately $825.00 (when the results of the neurocognitive assessment are not below normative data) to $1,025.00 (when the results of the neurocognitive assessment are below normative data and a neuropsychologist must review the results).

Investigation continues.

## PLAINTIFFS' SUPPLEMENTAL RESPONSE TO RULE 26(a)(1)(A)(iii):

Plaintiffs incorporate their prior disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii) as if fully set forth herein. Without waiving said objections, Plaintiffs incorporate their

supplemental responses to the following interrogatories above as if fully set forth herein:

Arrington 12 and 14, Owens 7 and 9, Palacios 6 and 8, and Solomon 9 and 11. Investigation

continues.

Date: April 29, 2013                    Respectfully submitted,

                                        ADRIAN ARRINGTON, DEREK OWENS,
                                        ANGELICA PALACIOS, and KYLE SOLOMON
                                        individually and on behalf of all others similarly
                                        situated

                                        By: /s/ Elizabeth A. Fegan
                                        Elizabeth A. Fegan
                                        beth@hbsslaw.com
                                        Daniel J. Kurowski
                                        dank@hbsslaw.com
                                        HAGENS BERMAN SOBOL SHAPIRO LLP
                                        1144 W. Lake Street, Suite 400
                                        Oak Park, IL 60301
                                        708.628.4949
                                        Fax: 708.628.4950

                                        Steve W. Berman
                                        steve@hbsslaw.com
                                        HAGENS BERMAN SOBOL SHAPIRO LLP
                                        1918 Eighth Avenue, Suite 3300
                                        Seattle, WA 98101
                                        206.623.7292
                                        Fax: 206.623.0594

                                        Joseph J. Siprut
                                        jsiprut@siprut.com
                                        Aleksandra M. S. Vold
                                        avold@siprut.com
                                        SIPRUT PC
                                        17 North State Street
                                        Suite 1600
                                        Chicago, IL  60602
                                        312.236.0000

                                        *Interim Plaintiffs' Co-Lead Class Counsel*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on April 29, 2013, a true and correct copy of the foregoing, together with all attachments thereto, was served electronically by ECF, which caused notice to be sent to all counsel of record.

/s/ Elizabeth A. Fegan

# APPENDIX A

*Arrington et al v. National Collegiate Athletic Association*
**Case No. 11-cv-6356 (N.D. Ill.)**

**Adrian Arrington**
**Medical and Education-Related Costs**

| MEDICAL | | | |
|---|---|---|---|
| **Provider** | **Date Incurred** | **Amount** | **Bates Label** |
| Bonutti Orthopedic Services Ltd | September 21-22, 2006 | $230.00 | ARRINGTON-EIU200000370 |
| Sarah Bush Lincoln Health Center | February 3, 2009 | $2,851.00 | ARRINGTON-EIU000000102-106 |
| Central Illinois Vision | March 24, 2009 | $175.72 | ARRINGTON-EIU200000554 |
| St. Anthony's Memorial Hospital | May 14, 2009 | $9,439.63 | ARRINGTON-EIU200000379 |
| Sarah Bush Lincoln Health Center | October 10, 2009 | $2,871.00 | ARRINGTON-EIU000000079 |
| Lakeland Radiologists | October 20, October 24, 2009 | $940.00 | ARRINGTON-EIU000000087 |
| St. Joseph Medical Center | May 11, 2010 | $19.75 | ARRINGTON003345 |
| Sarah Bush Lincoln Health Center | November 23, 2010 | $18,143.65 (Appears Paid by EIU) | ARRINGTON-EIU200000188 |
| St. Anthony Memorial Hospital | November 23, 2010 | $9,439.63 (Appears Paid by EIU) | ARRINGTON-EIU200000188 |
| Lakeland Radiologists Ltd | November 23, 2010 | $1,936.00 (Appears Paid by EIU) | ARRINGTON-EIU200000188 |
| Anesthesia Care of Effingham | December 1, 2010 | $1,400 (Appears Paid by EIU) | ARRINGTON-EIU200000188 |
| Amsol Anes. Of Illinois | December 1, 2010 | $700.00 (Appears Paid by EIU) | ARRINGTON-EIU200000188 |
| Bonutti Orthopedic Services, LTD | January 12, 2011 | $5,429.00 (Appears Paid by EIU) | ARRINGTON-EIU200000188 |
| Carle Physicians | September 26, 2011 | $165.00 | ARRINGTON000072 |
| Sarah Bush Lincoln Health Center | October 25, 2011 | $172.00 | ARRINGTON000057-58 |
| Carle Physicians | November 4, 2011 | $1,484.00 | ARRINGTON-EIU200000003-04 |
| Sarah Bush Lincoln Health Center | November 7, 2011 | $3,779.00 | ARRINGTON000053-54 |
| Sarah Bush Lincoln Health Center | November 15, 2011 | $843.40 | ARRINGTON000108 |
| Sarah Bush Lincoln Health Center | November 15, 2011 | $351.00 | ARRINGTON000108 |

***Arrington et al v. National Collegiate Athletic Association***
**Case No. 11-cv-6356 (N.D. Ill.)**

**Adrian Arrington**
**Medical and Education-Related Costs**

| | | | |
|---|---|---|---|
| Sarah Bush Lincoln Health Center | November 15, 2011 | $714.00 | ARRINGTON000111 |
| Sarah Bush Lincoln Health Center | November 7, 2011 | $351.00 | ARRINGTON000059-60 |
| Carle Physicians | December 19, 2011 | $330.00 | ARRINGTON000065-66 |
| Sarah Bush Lincoln Health Center | December 29, 2011 | $351.00 | ARRINGTON000061-62 |
| Carle Physicians | January 12, 2012 | $330.00 | ARRINGTON000100 |
| Sarah Bush Lincoln Health Center | February 27, 2012 | $2,980.00 | ARRINGTON000102 |
| Sarah Bush Lincoln Health Center | February 27, 2012 | $172.00 | ARRINGTON000103 |
| Sarah Bush Lincoln Health Center | February 27, 2012 | $46.00 | ARRINGTON000104 |
| Lakeland Radiologists | May 17, 2012 | $46.00 | ARRINGTON000105 |
| Sarah Bush Lincoln Health Center | May 17, 2012 | $928.50 | ARRINGTON000105 |
| Carle Physicians | June 4, 2012 | $180.00 | ARRINGTON000092 |
| St. Joseph Medical Center | July 11, 2012 | $3,555.00 | ARRINGTON003347 |
| St. Joseph Medical Center | July 13, 2012 | $264.00 | ARRINGTON003348 |
| St. Joseph Medical Center | July 16, 2012 | $674.00 | ARRINGTON003346 |
| St. Joseph Medical Center | October 12, 2012 | $269.00 | ARRINGTON003350 |
| St. Joseph Medical Center | October 22, 2012 | $708.00 | ARRINGTON003349 |
| Mclean County Neurology | November 11, 2012 | $623.17 | ARRINGTON-MCLEAN000000089 |
| St. Joseph Medical Center | November 12, 2012 | $2,262.20 | ARRINGTON003351 |
| St. Joseph Medical Center | November 23, 2012 | $517.85 | ARRINGTON003352 |
| St. Joseph Medical Center | December 9-10, 2012 | $4,328.30 | ARRINGTON003353-54 |
| St. Joseph Medical Center | December 30, 2012 | $1,143.10 | ARRINGTON003355 |
| St. Francis Medical Center | January 7, 2013 | $182.00 | ARRINGTON003356 |
| St. Francis Medical | January 21-24, | $23,382.70 | ARRINGTON003357-59 |

*Arrington et al v. National Collegiate Athletic Association*
**Case No. 11-cv-6356 (N.D. Ill.)**

**Adrian Arrington**
**Medical and Education-Related Costs**

| | | | |
|---|---|---|---|
| Center | 2013 | | |
| St. Francis Medical Center | January 24, 2013 | $3,715.15 | ARRINGTON003360 |
| St. Joseph Medical Center | February 20, 2013 | $2,202.40 | ARRINGTON003361 |
| St. Joseph Medical Center | February 22, 2013 | $2,188.05 | ARRINGTON003362 |
| Mclean County Neurology | March 4, 2013 | $703.17 | ARRINGTON-MCLEAN0000002 |
| St. Francis Medical Center | March 13, 2013 | $100.00 | ARRINGTON003377 |
| | | | |
| **Total for Plaintiff** | | $76,567.69 | |

**Arrington et al v. National Collegiate Athletic Association**
**Case No. 11-cv-6356 (N.D. Ill.)**

**Adrian Arrington**
**Medical and Education-Related Costs**

| EDUCATION | | |
|---|---|---|
| **Term** | **Charges, Offsets, and Payments** | **Bates Label** |
| **Spring Term 2006** | During the Spring Term of 2006 at EIU, Plaintiff was charged $1,851.00 in tuition, $1,889.80 in fees, and $3,098.00 in housing for a total of $6,839.40.<br><br>This amount was paid by a $1,808.40 State of Illinois MAP Grant, a $2,500.00 State of Illinois IIA Grant, $1,293.00 in subsidized loans, a $1,463.00 Federal Direct Plus Loan and a $2,025.00 Federal Pell Grant.<br><br>Total term credits and payments equaled $6,839.40. | ARRINGTON001753-2782. |
| **Summer Term 2006** | During the Summer Term of 2006 at EIU, Plaintiff was charged $925.80 in tuition, $1,898.00 in fees including a $1,261.89 financial aid refund for a total of $2,823.00.<br><br>This amount was paid by a $3,023.00 Federal Direct Plus Loan and a transfer from a university account for $200.<br><br>Total term credits and payments equaled $2,823.00. | ARRINGTON001753-2782. |
| **Fall Term 2006** | During the Fall Term of 2006 at EIU, Plaintiff was charged $2,314.50 in tuition, $3,330.00 in housing and $2,836.38 in fees, including a financial aid refund of $1,434.37 for a total of $8,480.88.<br><br>This amount was paid by a $3,907.00 Athletic Grant in Aid, a $2,484.00 State of Illinois MAP Grant, and a $2,025.00 Federal | ARRINGTON001753-2782. |

*Arrington et al v. National Collegiate Athletic Association*
**Case No. 11-cv-6356 (N.D. Ill.)**

**Adrian Arrington**
**Medical and Education-Related Costs**

| EDUCATION | | |
|---|---|---|
| **Term** | **Charges, Offsets, and Payments** | **Bates Label** |
| | Pell Grant and a $39.88 general student payment.<br><br>Total term credits and payments equaled $8,455.88. | |
| **Spring Term 2007** | During the Spring Term of 2007 at EIU, Plaintiff was charged $1,388.70 in tuition, $3,330.00 in housing and $3,817.81 in fees, including a financial aid refund of $2,270.29 for a total of $8,536.51.<br><br>This amount was paid by a $4,018.63 Athletic Grant in Aid, a $1,987.20 State of Illinois MAP Grant, $449.00 in subsidized loans, a $2,025.00 Federal Pell Grant and general student payments of $56.68.<br><br>Total term credits and payments equaled $8,536.51. | ARRINGTON001753-2782. |
| **Summer Term 2007** | During the Summer Term of 2007 at EIU, Plaintiff was charged $20.96 in fees and finance charges.<br><br>This amount was offset by a $20.96 general student payment.<br><br>Total term credits and payments equaled tuition and $20.96. | ARRINGTON001753-2782. |
| **Fall Term 2007** | During the Fall Term of 2007 at EIU, Plaintiff was charged $2,468.80 in tuition and $5,031.34 in fees, including a financial aid refund in the amount of $3,351.04 for a total of $7,500.14.<br><br>This amount was offset by a $4,073.57 | ARRINGTON001753-2782. |

*Arrington et al v. National Collegiate Athletic Association*
**Case No. 11-cv-6356 (N.D. Ill.)**

**Adrian Arrington**
**Medical and Education-Related Costs**

| EDUCATION | | |
|---|---|---|
| **Term** | **Charges, Offsets, and Payments** | **Bates Label** |
| | Athletic Grant in Aid, a $2,468.80 TSA Athletic scholarship, and a $311.83 general student payment.<br><br>Total term credits and payments equaled $6,854.20. . | |
| **Spring Term 2008** | During the Spring Term of 2008 at EIU, Plaintiff was charged $2,468.80 in tuition and $4,227.95 in fees, including a financial aid refund in the amount of $2,364.06 for a total of $6,696.75.<br><br>This amount was paid by a $4,073.57 Athletic Grant in Aid and a $2,468.80 TSA Athletic scholarship.<br><br>Total term credits and payments equaled $6,542.37.20. | ARRINGTON001753-2782. |
| **Summer Term 2008** | During the Summer Term of 2008 at EIU, Plaintiff was charged $1,543.00 in tuition and $809.62 in fees and expenses for a total of $2,352.62.<br><br>This amount was paid by a $2,333.15 Athletic Grant in Aid scholarship.<br><br>Total term credits and payments equaled $2,333.15. | ARRINGTON001753-2782. |
| **Fall Term 2008** | During the Fall Term of 2008 at EIU, Plaintiff was charged $1,851.60 in tuition and $7,002.21 in fees and expenses including a financial aid refund in the amount of $5,034.15 for a total of $8,853.81.<br><br>This amount was paid by a $2,888.00 | ARRINGTON001753-2782. |

*Arrington et al v. National Collegiate Athletic Association*
**Case No. 11-cv-6356 (N.D. Ill.)**

**Adrian Arrington**
**Medical and Education-Related Costs**

| EDUCATION | | |
|---|---|---|
| **Term** | **Charges, Offsets, and Payments** | **Bates Label** |
| | unsubsidized loan, a $4,523.32 Athletic Grant in Aid, and a $1,851.60 TSA Athletic scholarship, Total term credits and payments equaled $9,262.92. | |
| **Spring Term 2009** | During the Spring Term of 2009 at EIU, Plaintiff was charged $1,851.60 in tuition and $7,334.96.21 in fees, including a financial aid refund in the amount of $5,701.32 for a total of $9,186.56. This amount was paid by a $2,888.00 unsubsidized loan, a $4,507.64 Athletic Grant in Aid, and a $1,851.60 TSA Athletic scholarship, Total term credits and payments equaled $9,247.24. | ARRINGTON001753-2782. |
| **Summer Term 2009** | During the Summer Term of 2009 at EIU, Plaintiff was charged $91.95 in in fees and expenses. | ARRINGTON001753-2782 |
| **Fall Term 2009** | During the Fall Term of 2009 at EIU, Plaintiff was charged $2,332.80 in tuition and $6,783.83 in fees and expenses including financial aid refunds in amounts of $2,877.05 and $2,025.20 for a total of $9,116.63. This amount was paid by a $1,987.20 Illinois Map Grant, a $2,675.00 Federal Pell Grant, a $4,852.53 GIA Athletic scholarship and a $345.60 TSA – Athletic scholarship. Total term credits and payments equaled $9,860.33. | ARRINGTON001753-2782. |

***Arrington et al v. National Collegiate Athletic Association***
**Case No. 11-cv-6356 (N.D. Ill.)**

**Adrian Arrington**
**Medical and Education-Related Costs**

| EDUCATION | | |
|---|---|---|
| **Term** | **Charges, Offsets, and Payments** | **Bates Label** |
| | | |
| **Spring Term 2010** | During the Spring Term of 2010 at EIU, Plaintiff was charged $2,332.80 in tuition and $8,626.67 in fees and expenses including a financial aid refund in amount of $6,601.69 for a total of $10,959.47.<br><br>This amount was paid by a $1,987.20 Illinois Map Grant, a $2,675.00 Federal Pell Grant, a $4,794.84 GIA Athletic scholarship and a $345.60 TSA – Athletic scholarship and a general student payment of $855.08.<br><br>Total term credits and payments equaled $10,657.72. | ARRINGTON001753-2782. |
| **Summer Term 2010** | During the Summer Term of 2010 at EIU, Plaintiff was charged $264.80 in fees and expenses.<br><br>Beginning with this term, Plaintiff received no athletic grants or scholarships having stopped playing football because of his concussions and post-concussion syndrome.<br><br>This amount was offset by a $264.80 general student payment. Plaintiff claims these out of pocket expenses as damages in this matter.<br><br>Total term credits and payments equaled $264.80. | ARRINGTON001753-2782. |
| **Fall Term 2010** | During the Fall Term of 2010 at EIU, Plaintiff was charged $2,256.15 in tuition and $6,829.55 in fees and expenses including a financial aid refund in the amount of $5,244.03 for a total of $9,085.70. | ARRINGTON001753-2782. |

*Arrington et al v. National Collegiate Athletic Association*
**Case No. 11-cv-6356 (N.D. Ill.)**

**Adrian Arrington**
**Medical and Education-Related Costs**

| EDUCATION | | |
|---|---|---|
| **Term** | **Charges, Offsets, and Payments** | **Bates Label** |
| | Plaintiff received a $2,775.00 Federal Pell Grant. Plaintiff paid the remaining charges with $2,737.00 in subsidized loans, $3,483.00 in unsubsidized loans, and a general student payment of $61.73. Plaintiff claims these out of pocket expenses as damages in this matter. Total term credits and payments equaled $9,056.73. | |
| **Spring Term 2011** | During the Spring Term of 2011 at EIU, Plaintiff was charged $2,082.60 in tuition and $6,948.15 in fees and expenses including a financial aid refund in amount of $5,400.51 for a total of $9,030.75. Plaintiff received a $2,775.00 Federal Pell Grant. Plaintiff paid the remaining charges with $2,737.00 in subsidized loans, $3,483.00 in unsubsidized loans, and a general student payment of $35.75. Plaintiff claims these out of pocket expenses as damages in this matter. Total term credits and payments equaled $9,030.75. | ARRINGTON001753-2782. |
| **Fall Term 2011** | During the Fall Term of 2011 at EIU, Plaintiff was charged $2,616.00 in tuition and $6,350.03 in fees and expenses including a financial aid refund in the amount of $5,232.49 for a total of $8,966.03. Plaintiff received a $2,775.00 Federal Pell Grant. | ARRINGTON001753-2782. |

23

*Arrington et al v. National Collegiate Athletic Association*
**Case No. 11-cv-6356 (N.D. Ill.)**

**Adrian Arrington**
**Medical and Education-Related Costs**

| EDUCATION | | |
|---|---|---|
| **Term** | **Charges, Offsets, and Payments** | **Bates Label** |
| | Plaintiff paid the remaining charges with $2,737.00 in subsidized loans, $3,483.00 in unsubsidized loans. Plaintiff claims these out of pocket expenses as damages in this matter.<br><br>Total term credits and payments equaled $8,995.00. | |
| **Spring Term 2012** | During the Spring Term of 2012 at EIU, Plaintiff was charged $0.81 as a finance charge and made a $0.81 payment. Plaintiff claims these out of pocket expenses as damages in this matter. | ARRINGTON001753-2782. |

In sum, to date, Plaintiff Arrington claims $76,567.69 in medical expenses and $19,023.09 in educational expenses as damages in this matter.

*Arrington et al v. National Collegiate Athletic Association*
**Case No. 11-cv-6356 (N.D. Ill.)**

**Derek Owens**
**Medical and Education-Related Costs**

| MEDICAL | | | |
|---|---|---|---|
| **Provider** | **Date Incurred** | **Charge** | **Bates Label** |
| Conway Regional Medical Center | September 16, 2008 | $1,989.12 | OWENS_CONWAY 200000014-15; OWENS-UCA000054 |
| Rick Harrison | July 28, 2009 | $131.00 | OWENS20-21 |
| James Carter | December 29, 2009 | $319.00 | OWENS20-21 |
| C&D Drug Store | March 1, 2010 | $19.00 | OWENS5481 |
| C&D Drug Store | June 18, 2010 | $15.00 | OWENS5481 |
| C&D Drug Store | June 18, 2010 | $6.86 | OWENS5481 |
| James Carter | June 20, 2011 | $77.00 | OWENS14-15 |
| Dan Johnson | August 23, 2011 | $1,800.00 | OWENS16 |
| Rick Harrison | August 31, 2011 | $131.00 | OWENS14-15 |
| C&D Drug Store | August 31, 2011 | $2.72 | OWENS5481 |
| C&D Drug Store | August 31, 2011 | $99.89 | OWENS5481 |
| C&D Drug Store | September 23, 2011 | $0.54 | OWENS5481 |
| C&D Drug Store | September 23, 2011 | $22.06 | OWENS5481 |
| Dan Johnson | October 11, 2011 | $1,400 | OWENS16 |
| Rick Harrison | October 26, 2011 | $77.00 | OWENS14-15 |
| Walgreens | November 10, 2011 | $11.99 | OWENS5485 |
| Walgreens | November 10, 2011 | $143.70 | OWENS5485 |
| Walgreens | November 26, 2011 | $138.00 | OWENS5485 |
| Rick Harrison | December 12, 2011 | $91.00 | OWENS14-15 |
| Walgreens | December 25, 2011 | $134.70 | OWENS5482 |
| Walgreens | December 25, 2011 | $11.16 | OWENS5482 |
| Walgreens | January 29, 2012 | $134.00 | OWENS5482 |
| Walgreens | January 29, 2012 | $11.16 | OWENS5482 |
| Walgreens | March 13, 2012 | $126.99 | OWENS5483 |
| Walgreens | March 29, 2012 | $10.00 | OWENS5482 |
| Walgreens | May 1, 2012 | $10.00 | OWENS5482 |
| Walgreens | June 14, 2012 | $10.00 | OWENS5483 |
| Walgreens | July 11, 2012 | $10.00 | OWENS5483 |
| Walgreens | August 11, 2012 | $10.00 | OWENS5483 |
| Walgreens | September 12, 2012 | $10.00 | OWENS5483 |
| Walgreens | October 13, 2012 | $10.00 | OWENS5484 |
| Walgreens | November 12, 2012 | $10.00 | OWENS5484 |
| Walgreens | December 13, 2012 | $10.00 | OWENS5484 |
| Dan Johnson | December 27, 2012 | $200.00 | OWENS16 |
| Walgreens | January 9, 2013 | $10.00 | OWENS5484 |

*Arrington et al v. National Collegiate Athletic Association*
**Case No. 11-cv-6356 (N.D. Ill.)**

**Derek Owens**
**Medical and Education-Related Costs**

| MEDICAL | | | |
|---|---|---|---|
| **Provider** | **Date Incurred** | **Charge** | **Bates Label** |
| Walgreens | February 15, 2013 | $10.00 | OWENS5484 |
| Walgreens | March 18, 2013 | $10.00 | OWENS5484 |
| | | | |
| **Total for Plaintiff** | | $7,212.89 | |

**Arrington et al v. National Collegiate Athletic Association**
**Case No. 11-cv-6356 (N.D. Ill.)**

**Derek Owens**
**Medical and Education-Related Costs**

| EDUCATION | | |
|---|---|---|
| **Term** | **Charges, Offsets, and Payments** | **Bates Label** |
| **Fall Term 2008** | During the Fall Term of 2008, UCA charged Plaintiff $2,720.00 in tuition, $802.50 in fees, $1,670.00 in room and board, and $1,010.00 in meals for a total of $6,202.50.<br><br>This amount was reduced by a $6,000.00 Foundation Scholarship and $500.00 in private funds from Arkansas Activities Association's Scholar-Athlete scholarship.<br><br>Plaintiff paid the difference with a $100.00 housing deposit return and a $202.50 check payment.<br><br>Total term credits and payments equaled $6,802.50. | OWENS650-51 |
| **Spring Term 2009** | During the Spring Term of 2009, UCA charged Plaintiff $2,890.00 in tuition, $855.00 in fees, $1,670.00 in room and board, and $1,010.00 in meals for a total of $6,455.00.<br><br>This amount was reduced by a $6,000.00 Foundation Scholarship.<br><br>Plaintiff paid the difference with a $455.00 check payment.<br><br>Total term credits and payments equaled $6,455.00. | OWENS649-50 |
| **Fall Term 2009** | During the Fall Term of 2009, UCA charged Plaintiff $2,776.00 in tuition, $901.00 in fees, $1,675 in room and board, and $1,050.00 in meals, for a total of $6,397.00. | OWENS648-49 |

*Arrington et al v. National Collegiate Athletic Association*
**Case No. 11-cv-6356 (N.D. Ill.)**

**Derek Owens**
**Medical and Education-Related Costs**

| EDUCATION | | |
|---|---|---|
| **Term** | **Charges, Offsets, and Payments** | **Bates Label** |
| | This amount was reduced by a $6,000.00 Foundation Scholarship.<br><br>Plaintiff paid the difference with a $372.00 check payment and a $325.00 Visa payment.<br><br>Total term credits and payments equaled $6,697.00. | |
| **Spring Term 2010** | During the Spring Term of 2010, UCA charged Plaintiff $3,123.00 in tuition, $1014.50 in fees, and $1,675 in room and board, and $1,050.00 in meals for a total of $6,872.5.<br><br>This amount was reduced by a $6,000.00 Foundation Scholarship.<br><br>Plaintiff paid the difference with a $532.50 Visa payment and a $450.00 Visa payment.<br><br>Total term credits and payments equaled $6,982.50. | OWENS648-49 |
| **Fall Term 2010** | With the beginning of the Fall Term of 2010, Plaintiff Owens lost his $6,000 Foundation Scholarship because he could not maintain the required grade point average as a result of concussions and post-concussion syndrome. This loss was partially offset by receiving a lottery scholarship ($2,500) and also a football scholarship ($2,500) in recognition for his contributions to the football team.<br><br>During the Fall Term of 2010, UCA charged Plaintiff $2,617.50 in tuition, $968.50 in fees, $900 in room and board, $324.75 in book advance charges, for a total of $7,396.25. | OWENS647-48 |

*Arrington et al v. National Collegiate Athletic Association*
**Case No. 11-cv-6356 (N.D. Ill.)**

**Derek Owens**
**Medical and Education-Related Costs**

| EDUCATION | | |
|---|---|---|
| **Term** | **Charges, Offsets, and Payments** | **Bates Label** |
| | This amount was reduced by a $2,500.00 Arkansas Challenge Current Achievers lottery scholarship and a $2,500.00 UCA Football scholarship. Plaintiff paid the difference with $1,872.00 in a direct unsubsidized student loan, a $503.25 check payment, and a $15.00 Visa payment. Plaintiff claims these out of pocket expenses as damages in this matter. Total term credits and payments equaled $7,390.25. | |
| **Spring Term 2011** | During the Spring Term of 2011, UCA charged Plaintiff $2,792.00 in tuition and $1057.00 in fees, for a total of $7,595.00. This amount was reduced by a $2,500.00 Arkansas Challenge Current Achievers lottery scholarship and a $2,500 UCA Football scholarship. Plaintiff paid the difference with a $2,376.00 in a direct unsubsidized student loan and a $319.00 Visa payment. Plaintiff claims these out of pocket expenses as damages in this matter. Total term credits and payments equaled $7,695.00. | OWENS645-46 |
| **Summer Term 2011** | During the Summer Term of 2011, Plaintiff's final term at UCA, UCA charged Plaintiff $698.00 in tuition and $291.50 in fees for a total of $989.50. | OWENS644 |

*Arrington et al v. National Collegiate Athletic Association*
**Case No. 11-cv-6356 (N.D. Ill.)**

**Derek Owens**
**Medical and Education-Related Costs**

| EDUCATION | | |
|---|---|---|
| **Term** | **Charges, Offsets, and Payments** | **Bates Label** |
| | This amount was reduced solely by a $989.50 UCA Football scholarship. Plaintiff did not make any payments or credits. Plaintiff received an "F" for the class because he was unable to finish the class as a result of his concussions and post-concussion syndrome. | |
| **Spring Term 2012** | For the Spring Term 2012, Plaintiff enrolled at Arkansas Tech University, On, January 9, 2012, ATU charged Plaintiff $2,340.00 in tuition and $423.00 in fees, but credited those amounts back on February 17, 2012 when he could not finish due to his post-concussion syndrome. | OWENS-ATU000006 |
| **Fall Term 2012** | For the Fall Term 2012, Owens again attempted to take two classes at ATU only to again drop out of both because of post-concussion syndrome related issues. He was charged $1,541.00 in tuition and fees, but refunded $636.00 to his school account when he dropped the classes. Plaintiff claims the remainder ($905.00) as damages in this matter. | OWENS005487-88 |

In sum, to date, Plaintiff Owens claims $ 7,212.89 in medical expenses and $5,540.25 in educational expenses as damages in this matter.

*Arrington et al v. National Collegiate Athletic Association*
**Case No. 11-cv-6356 (N.D. Ill.)**

**Angelica Palacios**
**Medical and Education-Related Costs**

| MEDICAL | | | |
|---|---|---|---|
| **Provider** | **Date Incurred** | **Amount** | **Bates Label** |
| Arkadelphia Clinic | September 16, 2011 | $58.00 | PALACIOS07-09 |
| Mansfield Methodist Medical Center | September 19, 2011 | $3,765.00 | PALACIOS01-06, 21 |
| Radiology Assoc of Tarrant Cty | September 19, 2011 | $395.00 | PALACIOS10-12 |
| Physicians Emergency Care | September 19, 2011 | $273.00 | PALACIOS13-15 |
| Arkadelphia Clinic | October 3, 2011 | $58.00 | PALACIOS17-19 |
| | | | |
| **Total for Plaintiff** | | $4,549.00 | |

*Arrington et al v. National Collegiate Athletic Association*
**Case No. 11-cv-6356 (N.D. Ill.)**

**Angelica Palacios**
**Medical and Education-Related Costs**

| EDUCATION | | |
|---|---|---|
| **Term** | **Charges, Offsets, and Payments** | **Bates Label** |
| **Fall Term 2010** | During the Fall Term of 2010, OBU charged Plaintiff $9,680.00 in tuition, $320.00 in fees, and $2,920.00 in room and board, for a total of $12,920.00.<br><br>This amount was reduced by a $1,850.00 Ouachita Grant, $500.00 Legacy Award, and a $3,000 Ouachita Scholars scholarship.<br><br>Plaintiff paid $2,737.00 in unsubsidized student loans and $3,450.00 in online credit card payments.<br><br>Total term credits and payments equaled $11,537.00. | PALACIOS_OUACHITA 200000026. |
| **Spring Term 2011** | During the Spring Term of 2011, OBU charged Plaintiff $9,680.00 in tuition, $751.98 in fees, and $2,920.00 in room and board for a total of $13,351.98.<br><br>This amount was reduced by a $1,850.00 Ouachita Grant, $500.00 Legacy Award, a $3,000.00 Ouachita Scholars scholarship, and $3,700 Ouachita grant.<br><br>Plaintiff paid $2,737.00 in unsubsidized student loans and $2,000.00 in online credit card payments. | PALACIOS_OUACHITA 200000026. |

*Arrington et al v. National Collegiate Athletic Association*
**Case No. 11-cv-6356 (N.D. Ill.)**

**Angelica Palacios**
**Medical and Education-Related Costs**

| EDUCATION | | |
|---|---|---|
| **Term** | **Charges, Offsets, and Payments** | **Bates Label** |
| | Total term credits and payments equaled $13,787.00 | |
| **Fall Term 2011** | During the Fall Term of 2011, OBU charged Plaintiff $10,080.00 in tuition, $583 in fees, and $3,020.00 in room and board for a total of $13,683.00.<br><br>This amount was reduced by a $1,850.00 Edna Linn Scholarship, and a $500.00 Legacy Award.<br><br>Plaintiff paid $2,239.00 in subsidized student loans, $995.00 in unsubsidized student loans, a $1,000 check payment, and $3,000 in online credit card payments.<br><br>Total term credits and payments equaled $9,134.00. | PALACIOS_OUACHITA200000026. |
| **Spring Term 2012** | For the Spring Term of 2012, Plaintiff transferred to University of Arkansas after being isolated following her departure from the OBU soccer team due to her concussions.<br><br>During the Spring Term 2012, University of Arkansas charged Plaintiff $6,528.24 in tuition and $776.20 in fees for a total of $7,304.44.<br><br>Plaintiff did not receive any scholarships or grants. | PALACIOS000059-64. |

*Arrington et al v. National Collegiate Athletic Association*
**Case No. 11-cv-6356 (N.D. Ill.)**

**Angelica Palacios**
**Medical and Education-Related Costs**

| EDUCATION | | |
|---|---|---|
| **Term** | **Charges, Offsets, and Payments** | **Bates Label** |
| | Plaintiff took out $2,239.00 in subsidized student loans and $995.00 in unsubsidized student loans and had a term balance of $4,070.44.<br><br>Plaintiff Palacios claims the full amount of the $7,304.44 charged by University of Arkansas as damages. | |
| **Fall Term 2012** | For the Fall Term of 2012, University of Arkansas charged Plaintiff $7,376.33 in tuition and $1,290.80 in fees for a total of $8,667.13.<br><br>Plaintiff did not receive any scholarships or grants.<br><br>Plaintiff took out $2,228.00 in subsidized student loans, $990.00 in unsubsidized student loans, a $1,500 Federal Perkins Loan, and had a term balance of $5,449.13.<br><br>Plaintiff Palacios claims the full amount of the $8,667.13 charged by University of Arkansas as damages. | PALACIOS000059-64. |
| **Spring Term 2013** | For the Spring Term of 2013 at University of Arkansas, Plaintiff was charged $6,808.92 in tuition and $904.34 in fees for a total of $7,713.26. | PALACIOS000059-64. |

***Arrington et al v. National Collegiate Athletic Association***
**Case No. 11-cv-6356 (N.D. Ill.)**

**Angelica Palacios**
**Medical and Education-Related Costs**

| EDUCATION | | |
|---|---|---|
| **Term** | **Charges, Offsets, and Payments** | **Bates Label** |
| | Plaintiff did not receive any scholarships or grants.<br><br>This amount was offset by $2,228.00 in subsidized student loans, $990.00 in unsubsidized student loans, a $1,500.00 Federal Perkins Loan, and $5,300.00 payments by check, leaving a term balance of $804.74.<br><br>Plaintiff Palacios claims the full amount of the $7,713.26 charged by University of Arkansas as damages. | |

In sum, to date, Plaintiff Palacios claims $4,549.00 in medical expenses and $23,684.83 in educational expenses as damages.

***Arrington et al v. National Collegiate Athletic Association***
**Case No. 11-cv-6356 (N.D. Ill.)**

**Kyle Solomon**
**Medical and Education-Related Costs**

| MEDICAL | | | |
|---|---|---|---|
| **Provider** | **Date Incurred** | **Amount** | **Bates Label** |
| Eastern Maine | January 25, 2012 | $1,280.00 | SOLOMON423, 859-64 |
| G. O'Malley Dickinson | March 5, 2012 | $170.00 | SOLOMON423, 857-58 |
| R. Cantu | March 7, 2012 | $800.00 | SOLOMON423, 853-56 |
| R. Cantu | March 22, 2012 | $700.00 | SOLOMON423, 849-52 |
| 24-7 Emergency Care | July 31, 2012 | $782.84 | SOLOMON423, 847-48 |
| 24-7 Emergency Care | July 31, 2012 | $500.52 | SOLOMON423, 843-44 |
| Southampton (X-Ray) | July 31, 2012 | $30.00 | SOLOMON423, 845-46 |
| H Marano Jr. | August 2, 2012 | $300.00 | SOLOMON423, 841-42 |
| H Marano Jr. | August 2, 2012 | $30.00 | SOLOMON423, 839-40 |
| P. Vallancourt | August 17, 2012 | $300.00 | SOLOMON423, 837-38 |
| M. Guo | August 28, 2012 | $650.00 | SOLOMON423, 835-36 |
| D. Besser | August 30, 2012 | $585.89 | SOLOMON423, 833-34 |
| B. Rosen | August 30, 2012 | $1,100.00 | SOLOMON423, 831-32 |
| | | | |
| **Total for Plaintiff** | | $7,229.25 | |

*Arrington et al v. National Collegiate Athletic Association*
**Case No. 11-cv-6356 (N.D. Ill.)**

**Kyle Solomon**
**Medical and Education-Related Costs**

| EDUCATION | | |
|---|---|---|
| **Term** | **Charges, Offsets, and Payments** | **Bates Label** |
| **Fall Term 2008** | During the Fall Term of 2008, Maine charged Plaintiff $8,918.00 in tuition, $1,429.88 in fees, $4,004.00 in room and board including meal plan, for a total of $14,351.88.<br><br>Plaintiff was not credited with any grants or scholarships.<br><br>Plaintiff paid with $980.00 in unsubsidized student loans, $1,715.00 in subsidized student loans, and an $11,413.44 federal plus loan and a $100 housing credit.  Refunds of $4,762.73 were given. | SOLOMON-UMAINE00000237-242. |
| **Spring Term 2009** | During the Spring Term of 2009 at Maine, Plaintiff was charged $10,290.00 in tuition, $1,355.00 in fees, $4,004.00 in room and board including meal plan for a total of $15,649.00.<br><br>Plaintiff was not credited with any grants or scholarships.<br><br>Plaintiff paid for $980.00 in unsubsidized student loans, $1,715.00 in subsidized student loans, a $11,413.44 federal plus loan, a $1,920.00 federal plus loan and a $100 housing credit. | SOLOMON-UMAINE00000237-242. |
| **Summer Term 2009** | During the Summer Term of 2009, Maine charged Plaintiff $2,058.00 in tuition and $258.00 in fees for a total of $2,316.00.<br><br>Plaintiff was not credited with any grants or scholarships.<br><br>Plaintiff paid $354.88.  A $216.88 refund | SOLOMON-UMAINE00000237-242. |

*Arrington et al v. National Collegiate Athletic Association*
**Case No. 11-cv-6356 (N.D. Ill.)**

**Kyle Solomon**
**Medical and Education-Related Costs**

| EDUCATION | | |
|---|---|---|
| **Term** | **Charges, Offsets, and Payments** | **Bates Label** |
| | check was also issued. | |
| **Fall Term 2009** | During the Fall Term of 2009, Maine charged Plaintiff $9,464.00 in tuition and $1,068.00 in fees for a total of $10,532.00. Plaintiff was not credited with any grants or scholarships. Plaintiff paid $3,201.25 in unsubsidized student loans and a $13,632.00 federal plus loan. | SOLOMON-UMAINE00000237-242. |
| **Spring Term 2010** | During the Spring Term of 2010 at Maine, Plaintiff was charged $10,920.00 in tuition and $1,093.00 in fees and tickets for a total of $12,013.00. Plaintiff was not credited with any grants or scholarships. Plaintiff paid with a $3,201.25 unsubsidized student loan and a $13,632.00 federal plus loan, a $1,920.00 federal plus loan, a $100 housing credit. A $4,732.25 federal plus refund was given to Plaintiff. In addition, check refunds in the amounts of $2,134.00 were given. | SOLOMON-UMAINE00000237-242. |
| **Summer Term 2010** | During the Summer Term of 2010, Maine charged Plaintiff $2,184.00 in tuition and $114.00 in fees for a total of $2,298.00. However, both charges were refunded. | SOLOMON-UMAINE00000237-242. |
| **Fall Term 2010** | During the Fall Term of 2010, Maine charged Plaintiff $12,288.00 in tuition and $1,114.00 in fees for a total of $13,402.00. Plaintiff was not credited with any grants or | SOLOMON-UMAINE00000237-242. |

*Arrington et al v. National Collegiate Athletic Association*
**Case No. 11-cv-6356 (N.D. Ill.)**

**Kyle Solomon**
**Medical and Education-Related Costs**

| EDUCATION | | |
|---|---|---|
| **Term** | **Charges, Offsets, and Payments** | **Bates Label** |
| | scholarships.<br><br>Plaintiff paid with a $3,234.00 in unsubsidized student loans and a $14,967.00 federal plus loan.  A $4,749.00 federal plus refund was given. | |
| **Fall Term 2011** | During the Fall Term of 2011, Maine charged Plaintiff $12,045.00 in tuition and $1,209.00 in fees for a total of $13,254.00.<br><br>Plaintiff was not credited with any scholarships but received a $2,775 Federal Pell Grant.<br><br>Plaintiff paid with a $3,483.00 in unsubsidized student loan, a $2,737.00 in subsidized student loan, and a $10,066.00 Sallie Mae Smart Option Loan.  A $8,216.00 refund was given. | SOLOMON-UMAINE00000237-242. |
| **Spring Term 2012** | During the Spring Term of 2012, Maine charged Plaintiff $9,636.00 in tuition and $1,184.00 in fees for a total of $10,280.00.<br><br>Plaintiff was not credited with any scholarships but received a $2,775 Federal Pell Grant.<br><br>Plaintiff paid with a $3,483.00 in unsubsidized student loan, a $2,737.00 in subsidized student loan, and a $10,066.00 Sallie Mae Smart Option Loan.  A $5,907.00 refund was given.<br><br>During Spring Term 2012, Plaintiff withdrew from his statistics course when he could not finish because of his concussions and post- | SOLOMON-UMAINE00000237-242. |

*Arrington et al v. National Collegiate Athletic Association*
**Case No. 11-cv-6356 (N.D. Ill.)**

**Kyle Solomon**
**Medical and Education-Related Costs**

| EDUCATION | | |
|---|---|---|
| **Term** | **Charges, Offsets, and Payments** | **Bates Label** |
| | concussion syndrome.  He was not refunded when he dropped the class and Plaintiff claims this amount as damages and Plaintiff believes the unrefunded amount to be approximately $3,000.  Investigation continues. | |
| **Fall Term 2012** | During the Fall Term of 2012, Maine charged Plaintiff $10,092.00 in tuition and $1,107.00 in fees for a total of $11,199.00.<br><br>Plaintiff was not credited with any scholarships but received a $2,775 Federal Pell Grant.<br><br>Plaintiff paid with a $3,465.00 unsubsidized student loan, a $2,723.00 subsidized student loan, and a $6,000 Sallie Mae Smart Option Loan.  Refunds totaling of $3,689.00 were given. | SOLOMON-UMAINE00000237-242. |

In sum, to date, Plaintiff Solomon claims $7,212.89 in medical expenses and approximately $3,000 in educational expenses as damages in this matter.