UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION | MDL NO. 2492<br><br>Master Docket No. 13-cv-09116<br><br>Judge John Z. Lee<br><br>Magistrate Judge Geraldine Soat Brown |

**PLAINTIFFS' AMENDED MOTION FOR PRELIMINARY APPROVAL OF AMENDED CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

Plaintiffs Adrian Arrington, Derek Owens, Kyle Solomon, Angela Palacios, Abram Robert Wolf, Sean Sweeney, Jim O'Conner, Dan Ahern, Paul Morgan, Jeffrey Caldwell, John DuRocher, and Sharron Washington (collectively, the "Class Representatives"), on behalf of themselves and as representatives of the Settlement Class, through Class Counsel[1] and pursuant to Rules 23(b)(2) and 23(d)(1), respectfully move for preliminary approval of the Amended Settlement Agreement and for certification of the following Settlement Class pursuant to Rules 23(b)(2) and 23(d)(1):

> All persons who played an NCAA-sanctioned sport at an NCAA member institution at any time through the date of Preliminary Approval.

The amendments to the Settlement Agreement are reflected and explained below, and are intended to conform the Settlement Agreement to the revisions reflected in Plaintiffs' Reply In

---

[1] Capitalized terms have the same meaning as defined in the Amended Settlement Agreement ("SA"), attached as Exhibit 1 hereto. "Class Counsel" means Steve W. Berman of Hagens Berman Sobol Shapiro LLP and Joseph Siprut of Siprut PC as Lead Class Counsel ("Lead Counsel"), Richard Lewis of Hausfeld LLP as Special Class Counsel for Medical Monitoring Relief ("Special Class Counsel"), and Charles Zimmerman of Zimmerman Reed, James Dugan of the Dugan Law Firm, and Mark Zamora of The Orlando Law Firm as the Executive Committee. SA, ¶ II(E).

- 1 -

Support of the Motion For Preliminary Approval and the Notice Plan submitted to the Court.[2] Preliminary approval should be granted as reflected in detail in the Memorandum in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class,[3] the Settlement Class Representatives' Supplemental Submission In Support Of Plaintiffs' Motion For Preliminary Approval Of Settlement, Plaintiffs' Reply in Support of Motion for Preliminary Approval, and Settlement Class Representatives' Motion For Approval Of Notice Plan, all of which are incorporated herein by reference.

### A. The Amended Settlement Agreement Conforms to the Revisions Reflected in Plaintiffs' Reply Brief.

In Plaintiffs' Reply In Support of the Motion For Preliminary Approval, Plaintiffs stated that the Parties had agreed to the following revisions to the Settlement Agreement. First, in Section XX.F, the reference to "Class Counsel" should be deleted. Second, in Section XX.S, the tolling provision for personal injury claims should be revised to end at final approval, rather than preliminary approval. Both changes have been made in the Amended Settlement Agreement.[4]

### B. The Amended Settlement Agreement Conforms to the Schedule Reflected in the Notice Plan.

The Notice Plan contemplates a 60-day period for the NCAA to obtain contact information for Class Members from its member institutions so that direct notice can be issued via First Class Mail or e-mail. The Notice Plan further contemplates a phased, or incremental, approach to reach 80% of the Settlement Class Members. Under the phased approach, a portion of the Notice budget would be spent at the onset of the Notice period and then the Administrator

---

[2] For the Court's ease of reference, Ex. 2 is a redlined copy, reflecting the changes in the Amended Settlement Agreement.

[3] Preliminary approval of the Settlement is also supported by the Expert Report of Dr. Cantu, the Expert Report of Bruce Deal, and the Declarations of Steve W. Berman, Hon. Layn R. Phillips, and Hon. Wayne Andersen.

[4] SA, §§ XX.F, XX.S.

would monitor both the paid and earned media to evaluate the campaign's effectiveness.[5] Depending on the reach achieved as of 120 days after Preliminary Approval, the balance of the total notice plan budget would be spent to ensure that 80% of the Settlement Class received notice.[6]

Accordingly, based on the Notice Plan, the Parties are proposing the following schedule:

| Date | Event |
|---|---|
| Date of Preliminary Approval | Six-month Notice Period begins |
| Within two Days of Preliminary Approval | Settlement website established and basic Settlement documents posted. |
| Within 14 Days of Preliminary Approval | NCAA sends letter to schools requesting direct contact information for class members |
| Within 14 Days of Preliminary Approval | Publication Notice published, call center established, notice via social media begins |
| 60 Days from Preliminary Approval | Deadline for schools to submit contact information for class members. Direct notice mailings begin. |
| 120 Days from Preliminary Approval | Phase 1 of Notice Period ends and Phase 2 begins |
| 150 Days from Preliminary Approval | Due date for Plaintiffs' Class Counsel's papers in support of final approval of the Settlement, including a declaration of proof of mailing and publishing notice, and papers in support of the request for an award of attorneys' fees and expenses. |
| 180 Days from Preliminary Approval | Due date for postmark or delivery of requests for exclusion.<br>Due date for delivery and filing of objections and intentions to appear at the Fairness Hearing. |
| 187 Days from Preliminary Approval (7 Days from Opt-Out and Objection Date) | Due date for Notice Administrator to provide Opt-Out and Objection List to the parties |

---

[5] *See generally* Motion For Approval of Notice Plan.

[6] *Id.*

| | |
|---|---|
| 194 Days from Preliminary Approval (7 Days from date Opt-Out and Objection List provided to the parties) | Due date for Notice Administrator to file declaration |
| 194 Days from Preliminary Approval (14 Days from Opt-Out and Objection Date) | Due date to file reply papers, if any, in support of final approval of the Settlement and request for an award of attorneys' fees and expenses. |
| On or after 208 days after the Preliminary Approval date (14 Days from date reply papers due) | Fairness Hearing |

Thus, the Amended Settlement Agreement reflects the changes to the scheduling provisions to conform to the Notice Plan and corresponding schedule.

WHEREFORE, Plaintiffs respectfully request that the Court grant their Amended Motion for Preliminary Approval of the Amended Settlement, conditionally certify the Settlement Class, find that the Amended Settlement is within the range of possible approval, direct that Notice be given to the Settlement Class, and schedule a final Fairness Hearing to determine whether the Amended Settlement is fair, adequate, and reasonable.

Date: October 20, 2014

Respectfully submitted,

By: */s/ Steve W. Berman*
      Steve W. Berman
*steve@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
206.623.7292
Fax: 206.623.0594

- 4 -

010270-12 705719 V1

- 5 -

Elizabeth A. Fegan
*beth@hbsslaw.com*
Thomas E. Ahlering
*toma@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
1144 W. Lake Street, Suite 400
Oak Park, IL 60301
708.628.4949
Fax: 708.628.4950

Joseph J. Siprut
*jsiprut@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
SIPRUT PC
17 North State Street
Suite 1600
Chicago, IL 60602
312.236.0000
Fax: 312.878.1342

*Settlement Class Counsel*

- 6 -

Richard Lewis
HAUSFELD LLP
1700 K Street, NW Suite 650
Washington, DC 20006

*Proposed Special Class Counsel for Medical Monitoring Relief*

Charles Zimmerman
ZIMMERMAN REED
1100 IDS Center
80 South 8th St.
Minneapolis, MN 55402

James Dugan
DUGAN LAW FIRM, APLC
One Canal Place, Suite 1000
365 Canal Street
New Orleans, LA 70130

Mark Zamora
THE ORLANDO FIRM, P.C.
315 West Ponce De Leon Ave
Suite 400
Decatur, Georgia 30030

*Proposed Executive Committee for Plaintiffs*

010270-12  705719 V1

- 7 -

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on October 20, 2014, a true and correct copy of the foregoing was filed electronically via CM/ECF, which caused notice to be sent to all counsel of record.

By: */s/ Steve W. Berman*