FILED
OCT 23 2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION | MDL No. 2492<br><br>Master Docket No. 1:13-cv-09116<br><br>This Document Relates to:<br>   All Cases<br><br>Judge John Z. Lee<br><br>Magistrate Judge Geraldine Soat Brown |

## JULIUS WHITTIER'S OBJECTION TO PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

### INTRODUCTION

Julius Whittier is a member of the proposed class identified in Plaintiffs' Motion for Preliminary Approval of Class Settlement. Mr. Whittier was the first African American football letterman at The University of Texas, where he played as an offense lineman and tight-end from 1969-1972. During his football career, Mr. Whittier sustained repeated traumatic head impacts of a nature believed to be the cause of latent brain injury, including early onset Alzheimer's disease, for which Mr. Whittier was diagnosed on or about August 20, 2012, at the age of 62.

After graduation from The University of Texas in 1972 with a bachelor's degree, Mr. Whittier attended The University of Texas School of Law, where obtained a joint degree in law and public administration from The University of Texas LBJ School of Public Affairs. Mr.

013317.4845-5529-6544.v1

Whittier sustained a distinguished in law and public administration, last serving as an Assistant District Attorney for the Dallas County District Attorney's office.

Mr. Whittier is totally disabled today at the age of 64, unable to practice law and provide services to the public because of the effects of the early onset Alzheimer's on his cognitive, memory and other essential brain functions. Today, his care is dependent upon his sister, Mildred Whittier, with whom he lives and depends upon for his survival.

Based upon information and belief, Mr. Whittier joins with Plaintiffs in asserting that the repeated traumatic head impacts suffered during his college football career created an increased risk of brain injury and brain disease, such as early onset Alzheimer's. The NCAA knew or should have known of and warned Mr. Whittier about the increased risk of brain injury from repeated traumatic head impacts, or Defendant NCAA should have established reasonable protocols to have protected Mr. Whittier and the other class members from injury.

## ARGUMENT

Mr. Whittier incorporates herein by reference all of the arguments proffered in Nichols Response to the Plaintiffs' Motion for Preliminary Approval of Class Settlement (Document #83) as if set forth fully herein.

Class Settlement provides nothing for class members for whom medical monitoring is of no benefit, but for whom treatment and palliative care are required. The Class Settlement should contain a remedy for living class members who participated in football where repeated traumatic head impacts are a common and mandatory part of the sport. Mr. Whittier, in his lawsuit, seeks on behalf of the class members who have been diagnosed with brain injury or disease, monetary compensation in an amount that would be supplemental to any public or private benefits the class member may be relying upon for support.

Mr. Whittier joins with Nichols in his citation to Judge Esterbrooks' comments in the case *Crawford v. Equifax*, 201 5th 3rd 877 (7th Cir. 2000), citing 7th Circuit precedent regarding class settlements that require class members to forfeit or waive certifiable personal injury and other class claims that, for very practical reasons, "will never be asserted individually." This settlement suffers from the very malady cited by Judge Esterbrooks and quoted in Nichols' response, class members like Mr. Whittier, who engage in the "contact sport" with the highest exposure to concussion and latent brain disease, such as early onset Alzheimer's, under the class settlement "gain nothing" since injunctive relief and medical monitoring are of no benefit to these class members. Yet, they lose the right to the benefits of aggregation in a class. Mr. Whittier believes that Nichols' reliance on the case of *Richardson v. L'Oneal USA, Inc.*, 991 5th Supp. 2nd 181 (DDC 2013) and *Felix v. Northstar Location Servs., LLC*, 290 FRD 397, 408 (W.D. NY 2013), are examples of the 7th Circuit's position on class settlements that waive class members such as Mr. Whittier's personal injury claims. The Court's approval of a class settlement means that those personal injury claims cannot be asserted as a class claim and, thereby, effectively foreclosing any personal injury claims for no value.

Mr. Whittier concurs and joins in Nichols' conclusion that it would be inappropriate for this Court to opine that the personal injury claims are not certifiable. It would be premature for the Court to reach such a conclusion at this time. Class-wide damages for the class members suffering personal injuries are, in fact, ascertainable and subject to class certification. The cost of care attributable to a diagnosis of latent brain injury or disease, such as early onset Alzheimer's is readily ascertainable and uniform across the class. Also, the post *Amchem* cases cited by Nichols where the Courts have allowed certification of personal injury claims, including the creation of sub-classes, use of sampling, and phased litigation easily rebuts the class

3

counsel's assertion that the personal injury claims cannot be certified, and stand for the proposition that this Court should refuse to find the waiver acceptable on the grounds that none of the class members are certifiable.

Mr. Whittier joins with Nichols in rejecting class counsel's reliance on *In re Trans Union Corp. Privacy Litig.* 741 5th 3rd 811 (7th Cir. 2014) and *Fresco v. Automotive Direction, Inc.*, No. 03-Civ-61063, 2009, WL 9054828 LSP FL Jan. 2009 as misapplications of the law of those respective cases as in the case of Trans Union citing *dicta* as authority, and in the case of *Fresco*, misapplying the standards of waiver related to arbitration, "unconscionability," as opposed to the proper standard for waiver in a class settlement, "whether the release is fair, reasonable or adequate." As referenced by Nichols in citing *Crawford*, "the release cuts the class 'off at the knees' …" and should not be approved.

Mr. Whittier agrees that entering into an agreement to limit future malpractice claims without the client being referred to another lawyer for advice does violate the model Rule of Professional Conduct 1.8(h)(l) and that class counsel's inclusion of such a waiver in the settlement agreement creates an actual conflict of interest. Moreover, Mr. Whittier joins in Nichols' assertion that the class is over broad and includes people who will never have any claims while waiving the legitimate claims of class members like Mr. Whittier who have actually suffered an injury as a result of the Defendants' conduct. The money being set aside to provide for medical monitoring of class members who will never qualify for the relief provided by the settlement should properly be applied as relief to those class members suffering from personal injuries today. Most notably, as relates to Mr. Whittier, is the provision in the settlement that terminates the tolling of the claims upon the Court's preliminary approval of a class settlement, and not upon final approval. It is well settled that, in the instance of class actions, individual

4

013317.4845-5529-6544.v1

claims are tolled "until the final adverse determination of the class claims." To require this deviation from the norm regarding tolling in the settlement, or to require this artificial deadline for the tolling of claims in the class settlement is yet another example of conflicts of interest between class counsel and those class members similarly situated with Mr. Whittier.

Mr. Nichols, by and through his counsel, has enumerated numerous grounds as to why the class settlement does not meet the standards of reasonableness, fairness and adequacy to earn this Court's approval.

WHEREFORE, Mr. Whittier prays that the Court deny Plaintiffs' Motion for Preliminary Approval of Class Settlement until such time as the settlement meets the requirement for class certification in this case.

Respectfully submitted,

COATS ROSE YALE RYMAN & LEE

*/s/ Dwight E. Jefferson*
By:_____
Dwight E. Jefferson
State Bar No. 10605600
djefferson@coatsrose.com
9 Greenway Plaza, Suite 1100
Houston, Texas 77046-0307
Telephone:  (713) 651-0111
Facsimile:  (713) 651-0220

**ATTORNEYS FOR PLAINTIFF
MILDRED WHITTIER A/N/F
AND ATTORNEY IN FACT FOR
JULIUS WHITTIER**

013317.4845-5529-6544.v1

## CERTIFICATE OF SERVICE

    I, Dwight E. Jefferson, an attorney, hereby certify that on October 23rd, 2014, I served the foregoing Julius Whittier's Objection to Plaintiffs' Motion for Preliminary Approval of Class Settlement on all counsel of record by personal service – hand delivery.

                                                                                                _____

                                                                                                 Dwight E. Jefferson

013317.4845-5529-6544.v1