# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION | MDL NO. 2492<br><br>Master Docket No. 13-cv-09116<br><br>Judge John Z. Lee<br><br>Magistrate Judge Geraldine Soat Brown |

## SETTLEMENT CLASS REPRESENTATIVES' MOTION
## TO ADD NON-CONTACT SPORTS PLAINTIFFS AND CLASS REPRESENTATIVES

**TABLE OF CONTENTS**

Page

I.     INTRODUCTION ...............................................................................................1

II.    BACKGROUND FACTS ....................................................................................2

       A.     Ms. Williams is a Sophomore and Member of an NCAA Women's Golf Team ....2

       B.     Mr. Sheeder is a Junior and Member of NCAA Men's Cross Country and Track and Field Teams .....................................................................................................4

III.   ARGUMENT .......................................................................................................6

       A.     The Addition of Ms. Williams and Mr. Sheeder as Class Representatives May Be Necessary to Protect Settlement Class Members Who Played Non-Contact Sports 6

       B.     The NCAA Athletes Who Played Non-Contact Sports Will Suffer Prejudice if the Court Deems the Current Plaintiffs Inadequate to Represent Them *and* Denies the Addition of Ms. Williams and Mr. Sheeder as Plaintiffs .........................................7

       C.     Ms. Williams and Mr. Sheeder Satisfy Rule 23(a)(3) and (a)(4) ...........................9

IV.    CONCLUSION ...................................................................................................10

010270-12 729841 V1

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*American Pipe & Constr. Co. v. Utah,*
   414 U.S. 538 (1974).................................................................................6

*Brider v. Nationwide CR Inc.,*
   1999 U.S. Dist. LEXIS 2681 (N.D. Ill. Mar. 5, 1999).............................7

*In re Discovery Zone Secs. Litig.,*
   181 F.R.D. 582 (N.D. Ill. 1998)..............................................................8

*Foster v. Gueory,*
   655 F.2d 1319 (D.C. Cir. 1981)...............................................................7

*Gates v. Rohm & Haas Co.,*
   248 F.R.D. 434 (E.D. Pa. 2008)..............................................................9

*In re General Elec. Capital Corp. Bankr. Debtor Reaffirmation Agreements Litig.,*
   2000 WL 45534 (N.D. Ill. Mar. 13, 2000)..............................................9

*Hill v. Western Elec. Co.,*
   672 F.2d 381 (4th Cir. 1982) ..................................................................7

*Keele v. Wexler,*
   149 F.3d 589 (7th Cir. 1998) ..................................................................9

*Marshall v. H&R Block Tax Servs.,*
   270 F.R.D. 400 (S.D. Ill. 2010) ..............................................................9

*Nelson v. IPALCO Enters.,*
   2003 U.S. Dist. LEXIS 26392 (S.D. Ind. Sept. 30, 2003) .......................7

*Searcy v. eFunds Corp.,*
   2010 U.S. Dist. LEXIS 73881 (N.D. Ill. July 22, 2010)..........................7

*South v. Rowe,*
   759 F.2d 610 (7th Cir. 1985) ..................................................................6

*Stallworth v. Monsanto Co.,*
   558 F.2d 257 (5th Cir. 1977) ..................................................................7

*United Airlines, Inc. v. McDonald,*
   432 U.S. 385 (1977)................................................................................6

*United States v. Union Elec. Co.*,
  64 F.3d 1152 (8th Cir. 1995) ....................................................................................7

010270-12  729841 V1

Plaintiffs Adrian Arrington, Derek Owens, Kyle Solomon, Angela Palacios, Abram Robert Wolf, Sean Sweeney, Jim O'Conner, Dan Ahern, Paul Morgan, Jeffrey Caldwell, John DuRocher, and Sharron Washington (collectively, the "Settlement Class Representatives"), on behalf of themselves and as representatives of the Settlement Class, for their Motion to Add Non-Contact Sports Plaintiffs And Class Representatives, state as follows:

## I.     INTRODUCTION

We believe that the current Settlement Class Representatives are more than adequate to represent the Settlement Class, and we are not aware of any conflicts between them and the persons they seek to represent. Nevertheless, we are mindful of the concerns raised by the Court at the October 23rd hearing and request leave to add Shelby Williams and Brice Sheeder as class representatives in order to address those concerns.

During the October 23, 2014 hearing on the Motion for Preliminary Approval of the Amended Settlement Agreement,[1] the Court noted that it was "cognizant of the fact that … non-contact sports are not represented by any class representative…."[2]/[3] Accordingly, the Court inquired: "[C]an the current class representatives adequately represent the interests of those who played non-contact sports when it comes to the terms that are set forth in this settlement?"[4] To

---

[1] On July 29, 2014, the Settlement Class Representatives filed their Motion for Preliminary Approval of Class Settlement and Certification of Settlement Class ("Motion for Preliminary Approval") seeking preliminary approval of the Settlement Agreement on behalf of a Settlement Class defined as: "All persons who played an NCAA-sanctioned sport at an NCAA member institution at any time through the date of Preliminary Approval." *See* Motion for Preliminary Approval (Dkt. No. 64), at 1. On October 10, 2014, Plaintiffs filed their Amended Motion ("Amended Motion") for Preliminary Approval of Amended Class Settlement and Certification of Settlement Class seeking approval of the Amended Settlement Agreement ("Amended Settlement Agreement") (Dkt. No. 91).

[2] *See* Transcript of Proceedings – Motion Before the Honorable John Z. Lee, Oct. 23, 2013 ("Transcript of Proceedings"), Ex. C., at 8.

[3] "Contact Sports" is defined in the Amended Settlement Agreement to include football, lacrosse, wrestling, ice hockey, field hockey, soccer, and basketball, whether a men's or women's team. Amended Settlement Agreement, ¶ II(G) (Dkt. No. 92).

[4] Transcript of Proceedings, Ex. C., at 9.

- 1 -

alleviate the Court's "concern that the interests of people who play non-contact sports be formally represented in this case,"[5] the Settlement Class Representatives request to add current participants in non-contact NCAA sports as Class Representatives.[6]

The request should be granted for three reasons. In the event that the Court determines that the Settlement Class Representatives are not adequate to represent members of the Settlement Class that play non-contact sports, (1) the rights of and benefits for non-contact sports Class Members under the Settlement are at risk; (2) the denial of the right to add Ms. Williams and Mr. Sheeder would prejudice non-contact sports Settlement Class Members; and (3) the claims of Ms. Williams and Mr. Sheeder are typical and they will fairly and adequately protect the Settlement Class including non-contact Class Members. Accordingly, the motion should be granted.

## II. BACKGROUND FACTS

### A. Ms. Williams is a Sophomore and Member of an NCAA Women's Golf Team

Ms. Williams is a current student-athlete at Northwest Missouri State University in Maryville, Missouri. She is a sophomore and a member of the women's golf team.[7]

Ms. Williams reviewed the Amended Settlement Agreement on behalf of current and former NCAA student-athletes who have played non-contact sports. She reviewed it with the threshold question in mind of whether it was appropriate for current and former student-athletes who played non-contact sports to participate in the Settlement. She also reviewed it with the question in mind of whether the receipt of the benefits under the Settlement was fair to non-

---

[5] *Id.* at 13.

[6] Ms. Williams is a member of the golf team at Northwest Missouri State University in Maryville, Missouri and Mr. Sheeder is a member of the Cross Country and Track and Field teams at Simpson College in Indianola, Iowa. *See* Declaration of Shelby Williams ("Williams Decl."), Ex. A, ¶ 1; Declaration of Brice Sheeder ("Sheeder Decl."), Ex. B, ¶ 1.

[7] Williams Decl., ¶ 1.

- 2 -

contact sports student-athletes in exchange for the release of the claims outlined in the Settlement.[8] Ms. Williams also discussed the Settlement with her friends who currently play NCAA sports to get their views.[9]

Ms. Williams believes that the concussion issues raised in this litigation are very important to NCAA student-athletes. Many NCAA student-athletes are impacted on a daily basis by concussion-management practices within the NCAA. While non-contact sport athletes are not affected on a daily basis, concussions can and do still occur.[10]

Ms. Williams further explains that, for those student-athletes who suffer effects from concussions, she believes that all current or former student-athletes should have access to the Medical Monitoring Program – regardless of the sport they played. She states that each player has dedicated time to the NCAA to play their sport, and should have access to the diagnostic program provided under the Settlement.[11]

During her review of the Settlement, Ms. Williams realized that it provided for trained personnel to be present at contact sports events but not at non-contact sports events. She does not believe that this difference means that the Settlement is unfair to non-contact sports athletes due to the rarity of concussions at non-contact sports events.[12] However, in the event that a concussion occurs at a non-contact sports event, she states that it is important that all athletes will have a baseline test against which to test their recovery from the injury, as well as a rule that

---

[8] Williams Decl., ¶¶ 2-3.
[9] *Id.*, ¶ 4.
[10] *Id.*, ¶ 5.
[11] *Id.*, ¶ 6.
[12] *Id.*, ¶ 7.

010270-12 729841 V1

prevents athletes from being returned to play too early. These are important benefits that will protect all student-athletes, regardless of sport, in the future.[13]

Ms. Williams also supports the Settlement because she has friends that have suffered concussions. She believes it is important for her to step forward and ensure that all student-athletes in all sports are protected in the future. She also believes it is important for her to ensure that non-contact sports athletes receive the medical benefits provided under the Settlement.[14]

Ms. Williams states that she is willing to be a class representative in this litigation if the Court grants this motion, and will stay abreast of developments in the litigation.[15]

**B.      Mr. Sheeder is a Junior and Member of NCAA Men's Cross Country and Track and Field Teams**

Mr. Sheeder is a current student-athlete at Simpson College in Indianola, Iowa, where he is a junior and member of the men's Track and Field and Cross Country teams. He was asked to review the Settlement Agreement on behalf of current and former NCAA student-athletes who have played non-contact sports.[16]

Mr. Sheeder first reviewed the Settlement Agreement to determine the questions he had regarding the Settlement. He also reviewed it to determine whether he thought it was appropriate for current and former student-athletes who played non-contact sports to participate in the Settlement. Mr. Sheeder provided his opinion regarding whether the receipt of the benefits under the Settlement was fair to non-contact sports student-athletes in exchange for the release of the claims outlined in the Settlement.[17]

---

[13] *Id.*, ¶ 7.
[14] Williams Decl., ¶ 8.
[15] *Id.*, ¶ 9.
[16] Sheeder Decl., ¶¶ 1-2.
[17] *Id.*, ¶ 3.

010270-12 729841 V1

Mr. Sheeder believes that the concussion issues raised in this litigation are very important to NCAA student-athletes. He has roommates that have received concussions and were returned to play on the same day. He has never received any baseline testing. His school only requires athletes to watch a short video regarding concussions at the beginning of each season, which is less than the Settlement provides based on his review.[18]

Mr. Sheeder concluded that the Settlement was not only fair but important for all student-athletes to have access to the Medical Monitoring Program, receive baseline testing before each season, and be protected by a prohibition against same-day return-to-play guidelines.[19]

Mr. Sheeder focused, in part, on the Settlement's paragraphs that provided for trained personnel to be present at contact sports events but not at non-contact sports events. He does not believe that this difference means that the Settlement is unfair to non-contact sports athletes, because they do not receive hits or concussions on a daily basis. In fact, he found it important that the Settlement provides that trainers will receive annual concussion-management training. He explains that at many non-contact sporting events, trainers – who are sometimes just college students themselves – are the only medical personnel present. Knowing that they will receive annual training in concussion management is thus important to him.[20]

Mr. Sheeder also thinks it is important that non-contact sports athletes will receive baseline testing before each season,[21] and that the NCAA will provide training to teachers regarding the need for academic accommodations to protect all student-athletes and provide adequate time for recovery from head injuries without being penalized.[22]

---

[18] Sheeder Decl., ¶ 4.

[19] Id., ¶ 5.

[20] Id., ¶ 7.

[21] Id., ¶ 6.

[22] Id., ¶ 8.

010270-12 729841 V1

Mr. Sheeder fully supports the Settlement on behalf non-contact sport athletes, and wants to make sure that non-contact sports athletes receive the medical benefits provided under the Settlement.[23] He is willing to be a class representative in this lawsuit if the Court grants this motion, and will stay current with any developments in the lawsuit.[24]

## III.     ARGUMENT

**A.     The Addition of Ms. Williams and Mr. Sheeder as Class Representatives May Be Necessary to Protect Settlement Class Members Who Played Non-Contact Sports**

This Court has expressed concern that non-contact Class Members are not currently represented in the litigation.  While the current Plaintiffs believe that they adequately protect the Settlement Class, the interests of the Plaintiffs and Ms. Williams and Mr. Sheeder are aligned in desiring to ensure that the interests of non-contact sports Class Members continue to be protected.[25]  Ms. Williams and Mr. Sheeder are thus taking steps to ensure that non-contact Class Members have access to the substantial benefits provided by the Settlement Agreement.

The Supreme Court has explained that the addition of class representatives is permissible and necessary when it is apparent that the current class representatives may no longer be adequate to represent the Class's interests.[26]  As reflected in *Am. Pipe & Constr. Co. v. Utah* and *United Airlines, Inc. v. McDonald*, additional class representatives may be added even after class certification is denied or judgment is entered in order to ensure that the interests of unnamed class members are protected.[27]

---

[23] *Id.*, ¶ 9.

[24] *Id.*, ¶ 10.

[25] *South v. Rowe*, 759 F.2d 610, 612 (7th Cir. 1985) (addition of new party nearly two years after entry of consent decree and one day before its expiration was timely because the motion was filed one month after intervener discovered detriment to his interests; court found "no indication in the record" that defendant was prejudiced by the delay).

[26] *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974); *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 387 (1977).

[27] *Id.*

010270-12 729841 V1

Courts in the Seventh Circuit thus permit the addition of class representatives when the court determines that the current representatives are not adequate to represent the class.[28] This is consistent with courts nationwide which follow the Supreme Court's rule that the addition of a class representative is timely at the time class certification is denied.[29]

Accordingly, in the event that the Court believes that Settlement Class Members who played non-contact sports are not adequately represented by the current Settlement Class Representatives, this motion should be granted. Ms. Williams and Mr. Sheeder are fully informed regarding the Settlement, and are willing to serve as class representatives.

**B.     The NCAA Athletes Who Played Non-Contact Sports Will Suffer Prejudice if the Court Deems the Current Plaintiffs Inadequate to Represent Them *and* Denies the Addition of Ms. Williams and Mr. Sheeder as Plaintiffs**

If the Court deems the current Plaintiffs inadequate to represent non-contact sports athletes, those Settlement Class Members will no longer be protected in this litigation.[30]

---

[28] *Searcy v. eFunds Corp.*, 2010 U.S. Dist. LEXIS 73881 (N.D. Ill. July 22, 2010) (granting limited discovery of new class representative added after original class representative found inadequate); *Nelson v. IPALCO Enters.*, 2003 U.S. Dist. LEXIS 26392, at *18 n.2 (S.D. Ind. Sept. 30, 2003) ("If the problem of [individual defenses] arises later in a case, it is more likely to affect the issue of adequate representation, which could be solved by merely having a new class representative step forward rather than decertifying an otherwise proper plaintiff class."); *Brider v. Nationwide CR Inc.*, 1999 U.S. Dist. LEXIS 2681 (N.D. Ill. Mar. 5, 1999) (granting leave to add a new plaintiff after class certification was denied because the original plaintiff was found to not be adequate).

[29] *See, e.g., Hill v. Western Elec. Co.*, 672 F.2d 381, 386 (4th Cir. 1982) ("[i]n a class action the critical issue with respect to timeliness is whether the proposed intervenor moved to intervene 'as soon as it became clear ... that the interests of the unnamed class members would no longer be protected by the named class representatives.'") (quoting *United Airlines*, 432 U.S. 385); *Foster v. Gueory*, 655 F.2d 1319 (D.C. Cir. 1981) ("[i]n the present case appellants satisfied the timeliness requirement when their motion was made little more than one month after the district court denied the original plaintiffs' motion for class certification. Until that denial, appellants might have reasonably believed they could secure relief as members of a plaintiff class."); *Stallworth v. Monsanto Co.*, 558 F.2d 257, 265 (5th Cir. 1977) (explaining that, for a class action, "the time that the would-be intervenor first became aware of the pendency of the case is not relevant to the issue of whether his application was timely").

[30] *See United States v. Union Elec. Co.*, 64 F.3d 1152, 1159 (8th Cir. 1995) (finding that the question in determining whether to allow additional parties is focused on whether the existing parties will be prejudiced).

Moreover, if the Settlement Class Members that played non-contact sports must resort to filing a separate action, the chances of obtaining a recovery comparable to that contained in the Settlement Agreement is slim.[31]

During the October 23rd hearing, the NCAA's counsel argued that a stand-alone class consisting solely of non-contact athletes would not be successful, but that it was important to provide the Settlement's benefits to all student-athletes:

> We are also mindful, of course, that if we don't have that broad scope, that whatever we leave left, whatever we don't include with the settlement class, will inevitably be the – the basis for some claim and it likely will be a class claim. *I don't think it will be a particularly meritorious class claim, but that doesn't mean it wouldn't be brought.* And there is no question at all, another driving force is to avoid the relatively high transaction costs of – of class claims seriatim being filed, virtually ad nauseam.
>
> So that was the driving force as well. But first and foremost, we want to provide this medical monitoring to every student athlete who needs it. And the fact that there may only be three participants in rifling who need it doesn't mean they shouldn't get it. I think they should get it. But it should be provided to everybody.[32]

Accordingly, in the event that this motion is denied, the prejudice to Settlement Class Members who played non-contact sports is clear. If the Court denies preliminary approval of the Settlement based on adequacy, the non-contact sports athletes will have little chance of success in an independent class lawsuit, and will lose the right to substantial diagnostic testing if needed and meaningful changes to the NCAA's current concussion-management practices under the Settlement.

---

[31] *See In re Discovery Zone Secs. Litig.*, 181 F.R.D. 582, 597 (N.D. Ill. 1998) (finding that if forced to file its own action, the additional party would be prejudiced because of the unlikelihood of recovery).

[32] Transcript of Proceedings, Ex. C., at 24-25 (emphasis added).

010270-12 729841 V1

C.     **Ms. Williams and Mr. Sheeder Satisfy Rule 23(a)(3) and (a)(4)**

Rule 23(a)(3) requires that the "claims … of the representative parties [be] typical of the

claims … of the class." A "plaintiff's claim is typical if it arises from the same event or practice

or course of conduct that gives rise to the claims of other class members and his or her claims are

based on the same legal theory."[33] This requirement ensures that the class representative's

interests align with those of the class as a whole.[34] Ms. Williams and Mr. Sheeder satisfy this

element and are "typical" for purposes of Rule 23 because they play NCAA-sanctioned sports at

NCAA schools.[35]

Rule 23(a)(4) requires that the representative parties will "fairly and adequately protect

the interests of the class." Here, Ms. Williams and Mr. Sheeder seek the same goal as other

Class Members arising out of the same factual allegations: the establishment of a medical

monitoring program to provide diagnostic testing for post-concussion syndrome, mid- to late-life

neuropsychological disease, or any other form of post-concussion injury from participation in

NCAA sports, as well as changes to the NCAA's concussion-management and return-to-play

guidelines.[36] Accordingly, Plaintiffs' motion should be granted.

---

[33] *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998) (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)).

[34] *E.g., Marshall v. H&R Block Tax Servs.*, 270 F.R.D. 400, 405 (S.D. Ill. 2010).

[35] *Gates v. Rohm & Haas Co.*, 248 F.R.D. 434, 441 (E.D. Pa. 2008) (finding medical monitoring class representatives typical where they "do not allege that they were singled out; instead, they allege that they suffered harm as a result of the same conduct that allegedly injured the absentee class members").

[36] *See, e.g., In re General Elec. Capital Corp. Bankr. Debtor Reaffirmation Agreements Litig.*, 2000 WL 45534, at *7 (N.D. Ill. Mar. 13, 2000) ("[T]he named plaintiffs suffered the exact same injury and advanced the exact same interest as the Stastny Plaintiffs … The Stastny Plaintiffs' interests were no doubt properly represented in this Settlement Agreement. Unlike in *Amchem*, their interests and injuries are perfectly aligned with those of the name plaintiffs.").

010270-12 729841 V1

## IV.    CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court grant the motion to add

Shelby Williams and Brice Sheeder as additional class representatives, and grant such other and

further relief as this Court deems appropriate.

Date:  November 7, 2014                          Respectfully submitted,


By:   */s/ Steve W. Berman*
      Steve W. Berman
*steve@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
206.623.7292
Fax: 206.623.0594

Elizabeth A. Fegan
*beth@hbsslaw.com*
Thomas E. Ahlering
*toma@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
1144 W. Lake Street, Suite 400
Oak Park, IL 60301
708.628.4949
Fax: 708.628.4950

Joseph J. Siprut
*jsiprut@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
SIPRUT PC
17 North State Street
Suite 1600
Chicago, IL  60602
312.236.0000
Fax: 312.878.1342

*Co-Lead and Settlement Class Counsel*