# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION | MDL NO. 2492<br><br>Master Docket No. 13-cv-09116<br><br>Judge John Z. Lee<br><br>Magistrate Judge Geraldine Soat Brown |

### DECLARATION OF BRICE SHEEDER

I, Brice Sheeder, under oath, declare as follows:

1. I am a current student-athlete at Simpson College in Indianola, Iowa. I permanently reside in Casey, Iowa. I am a senior and a member of the men's Track and Field and Cross Country teams. I am not related to any of the lawyers currently representing the parties in this matter. I have not been promised any compensation for my participation in this matter. I have full knowledge of the matters stated herein and could and would testify hereto if necessary.

2. I received and reviewed the Amended Settlement Agreement in this matter. I was asked to review the Settlement Agreement on behalf of current and former NCAA student-athletes who have played non-contact sports.

3. I first reviewed it to determine the questions I had regarding the Settlement. I also reviewed it to determine whether I thought it was appropriate for current and former student-athletes who played non-contact sports to participate in the Settlement. I was asked for my opinion whether the receipt of the benefits under the Settlement was fair to non-contact sports student-athletes in exchange for the release of the claims outlined in the Settlement.

- 1 -

- 2 -

4. I think the concussion issues raised in this litigation are very important to NCAA student-athletes. I have friends that have received concussions and were returned to play on the same day. I have never received any baseline testing. My school only requires us to watch a short video regarding concussions at the beginning of each season, which is less than the Settlement provides.

5. As I reviewed the Settlement, I came to the conclusion that it was not only fair but important for all student-athletes to have access to the Medical Monitoring Program, receive baseline testing before each season, and be protected by a prohibition against same-day return-to-play.

6. I did focus on the Settlement's paragraphs that provided for trained personnel to be present at contact sports events but not at non-contact sports events. I do not believe that this difference means that the Settlement is unfair to non-contact sports athletes, because we do not receive hits or concussions on a daily basis. However, I do think it is important that non-contact sports athletes will receive baseline testing before each season.

7. It was also important to me that the Settlement provides that trainers will receive annual concussion management training. Many times, at our events, only trainers – who are sometimes just college students themselves – are the only medical personnel present. Knowing that they will receive annual training in concussion management is important to me.

8. The Settlement's requirements that the NCAA provide training to teachers regarding the need for academic accommodations was also important to protect all student-athletes and provide adequate time for recovery from head injuries without being penalized.

010270-12 729907 V1

9. I fully support the Settlement on behalf non-contact sport athletes, and want to make sure that non-contact sports athletes receive the medical benefits provided under the Settlement.

10. I am willing to be a class representative in this lawsuit if the Court deems my participation is necessary, and will stay current with any developments in the lawsuit.

Date: November 6, 2014

Brice Sheeder

*[signature]*