# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILILNOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:  NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION | ) ) ) ) ) ) ) ) ) | **MDL No. 2492**<br><br>**Master Docket No. 13 C 9116**<br><br>**Judge John Z. Lee**<br><br>**Magistrate Judge Geraldine Soat Brown** |
| This Document Relates to All Cases | ) | |

## CASE MANAGEMENT ORDER NO. 3

On April 14, 2014, the Court ordered the parties to submit applications to serve as Lead and Liaison Counsel in connection with this MDL action.  Pursuant to the order, Defendant National Collegiate Athletic Association (the "NCAA") submitted an unopposed application for "Designation of Lead and Liaison Counsel," requesting that Latham & Watkins LLP be appointed as its Lead and Liaison Counsel.  Dkt. 47.  As for Plaintiffs, Steve Berman of Hagens Berman Sobol Shapiro LLP submitted a "Joint Agreed Application for Appointment of Lead Class Counsel, Special Class Counsel for Monitoring Relief, and Executive Committee for the Medical Monitoring Plaintiffs" on behalf of his firm as well as other firms, including Siprut P.C. Dkt. 49.  In addition, Jay Edelson, counsel for Plaintiff Anthony Nichols and those similarly situated, filed a "Motion to Appoint Jay Edelson as Lead Counsel of the Class Personal Injury Claims." Dkt. 50.  For the reasons stated below, the Court grants the applications submitted by the NCAA and the Hagens Berman firm and denies the application submitted by the Edelson firm.



PLAINTIFF'S EXHIBIT 1

**Discussion**

Fed. R. Civ. P. ("Rule") 23(g)(3) provides that a Court may, in its discretion, "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." All class counsel appointed pursuant to Rule 23(g) have the duty to "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4); *see* Charles A. Wright *et al., Federal Practice & Procedure* § 1802.3 (3d. Ed. 2014). Where, as here, more than one adequate applicant seeks appointment as class counsel, "the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

The NCAA requests that the Court appoint Latham & Watkins LLP to serve as its Lead Counsel and Liaison Counsel. Not only is there no objection to this request, but Latham & Watkins has been representing the NCAA from the inception of the *Arrington* case in 2011 and is intimately familiar with the issues involved in this case. Additionally, Latham & Watkins has substantial experience serving as Lead and Liaison Counsel in numerous other class actions of this magnitude. Accordingly, the Court grants the NCAA's application and designates Mark S. Mester of Latham & Watkins LLP as Lead Counsel for the NCAA, and Johanna Spellman, also of Latham & Watkins LLP, as its Liaison Counsel.

As for the Plaintiffs, the Court notes as a preliminary matter that the term "Medical Monitoring Plaintiffs," coined by Hagens Berman in its application, is a misnomer. Hagens Berman's application defines "Medical Monitoring Plaintiffs" to include the Plaintiffs in *Arrington, et al. v. NCAA*, No. 1:11-cv-06356; *Walker, et al. v. NCAA*, No. 1:13-cv-09117; *Caldwell, et al. v. NCAA*, No. 1:14-cv-00195; *Doughty v. NCAA*, No. 1:14-cv-00199; *John Durocher, et al. v. NCAA, et al.*, No. 1:14-cv-00035; *Hudson v. NCAA*, No. 1:14-cv-00194; *Paul Morgan, et al. v. NCAA*, No. 1:14- cv-00196; *Powell v. NCAA*, No. 1:14-cv-00198; *Walton, et al.*

*v. NCAA*, No.1:14-cv-00200; *Washington, et al. v. NCAA*, No. 1:14-cv-00197; and *Wolf v. NCAA*, No. 1:14-01268.

The second amended complaint in *Arrington*, in turn, seeks to certify a class pursuant to Rule 23(b)(2) and 23(b)(3) comprised of "[a]ll current and former NCAA student-athletes who experienced one or more head impacts while playing sports at an NCAA school resulting in a concussion or concussion-like symptoms." *Arrington* 2d Am. Complt., Case No. 11-cv-6356, dkt. 124 ¶¶ 227; *see also id.*, Request for Relief (A). In so doing, the *Arrington* Plaintiffs seek not only injunctive relief under Rule 23(b)(2) in the form of medical monitoring, but also monetary damages under Rule 23(b)(3) to compensate Plaintiffs for injuries that they have suffered or will suffer in the future. *See Arrington* Complt., Case No. 11-cv-6356, dkt. 124 ¶¶ 16, 18, 32, 49, 62, 72-73, 82-83, 224, 230, 234, 238, 253, 258, 265, 271, 274, 279-81; *see also id.*, Request for Relief (A) (seeking "certification of the proposed Class pursuant to Federal Rules of Civil Procedure Rule 23(a), (b)(2) and (b)(3)" and "an award of compensatory damages, the amount of which is to be determined at trial")[1] As a result, by its own definition, the term "Medical Monitoring Plaintiffs" encompasses putative class members who seek monetary damages related to their alleged injuries as well as injunctive relief.

Realizing the scope of the term, Edelson does not oppose Hagens Berman's appointment as Lead Counsel so long as it "is limited to medical monitoring claims only," but objects to the extent that Hagens Berman seeks to serve as Lead Counsel for "class personal injury issues," which (according Edelson) Hagens Berman has "consistently repudiated." Edelson Resp. at 2 (dkt. 56). But in light of the statements made by counsel in open court on July 29, 2014, as well as Hagens Berman's actions in the *Arrington* case and prior proceedings in this Court, the Court disagrees with Edelson and finds that Hagens Berman has not "repudiated" the personal injury

---

[1] Similarly, the *Durocher*, *Powell*, and *Wolf* cases also seek to certify Rule 23(b)(2) and 23(b)(3) classes.

claims alleged by the putative class members. Nor have they disclaimed or affirmatively waived the personal injury claims during these proceedings.

Furthermore, the Court notes that the scope of the putative class in *Arrington* is substantially identical to the putative class in *Nichols*. Like *Arrington*, the *Nichols* suit seeks to certify Rule 23(b)(2) and (b)(3) classes for medical monitoring and damages and similarly defines the putative class as "[a]ll current and former NCAA student-athletes who sustained a concussion(s) or suffered concussion-like symptoms while playing an NCAA regulated sport and who incurred medical expenses as a result." *Nichols* Complt., Case No. 14-cv-0962, dkt. 1 ¶ 41. Given this overlap, the Court sees no reason to conclude, as Edelson argues, that counsel for the *Arrington* Plaintiffs would not be able to represent the interests of the entire class as required by Rule 23(g)(2).

Accordingly, at this interim stage, prior to the any decision by this Court with respect to the appropriateness of the proposed settlement and/or the certification of a class (whether it be in the context of a settlement or otherwise), the Court will grant the application by Hagens Berman and appoints Hagens Berman and Siprut P.C. as interim co-Lead Counsel in this case. In doing so, the Court notes that Hagens Berman and Siprut have served as Co-Lead Counsel for the *Arrington* Plaintiffs since the inception of this case in 2011, have expended numerous hours in service of their clients, and have moved the case along at a commendable pace. Moreover, these firms have substantial class action experience and in serving as Lead Counsel in other class actions of comparable scope. Finally, the Court notes that there are economies to be gained due to the fact that the firms have offices in Chicago, eliminating the necessity of appointing additional local or Liaison Counsel. The *Arrington* Plaintiffs' joint application is therefore granted as to Hagens Berman and Siprut. As co-Lead Counsel, Hagens Berman and Siprut P.C.

owe a duty to all of the Plaintiffs and putative class members who are part of this MDL with respect to all of their interests as set forth in the respective complaints until further order of this Court.

The *Arrington* Plaintiffs also seek to designate Richard S. Lewis of Hausfeld LLP as Special Class Counsel for Monitoring Relief. After reviewing Lewis' application, the Court appoints Lewis to this position. In doing so, the Court acknowledges that the Hausfeld firm and Lewis also have substantial experience in serving as lead counsel in class actions, and Lewis has been working diligently on behalf of his clients in proceedings before the JPML and this Court.

The *Arrington* Plaintiffs further ask the Court to appoint Charles S. Zimmerman of Zimmerman Reed, PLLP, Mark Zamora of the Orlando Firm PC, and James R. Dugan, II, of the Dugan Law Firm, APLC, as members of the Executive Committee. The Court notes that Zimmerman, Zamora, and Dugan, like Lewis, have substantial experience as class counsel, and have been diligently representing their clients in the course of this action. Thus, that application also is approved.

Finally, the Court denies the motion by Jay Edelson, counsel in the *Nichols* case, to be appointed Lead Counsel for a putative "Personal Injury" class at this stage. As set forth above, the Court has determined that the Hagens Berman and Siprut firms are best situated to represent the interests of the class as a whole at this stage in the proceedings. The Court may revisit Edelson's application as the case proceeds.

For these reasons, the Court orders as follows:

1.      Pursuant to Fed. R. Civ. P. 23(g), and based on the qualifications set forth in the declarations of counsel submitted to the Court, the Court appoints the following as Co-Lead Counsel for the proposed class of current and former NCAA student-athletes:

Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1918 8th Ave
Suite 3300
Seattle, WA 98101
(206) 623-7292
steve@hbsslaw.com

Joseph J. Siprut
Siprut PC
17 North State Street
Suite 1600
Chicago, IL 60602
Phone: (312) 236-0000
jsiprut@siprut.com

2.      Pursuant to Fed. R. Civ. P. 23(g), and based on the qualifications set forth in the declarations of counsel submitted to the Court, the Court appoints the following as Special Class Counsel for Monitoring Relief:

Richard S. Lewis
Hausfeld LLP
1700 K Street, NW
Washington, DC 20006
Phone: (202) 540-7200
rlewis@hausfeldllp.com

3.      Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the following as members of the Executive Committee for the proposed class of current and former NCAA student-athletes:

Charles S. Zimmerman
Zimmerman Reed, PLLP
1100 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Phone: (612) 341-0400
Charles.Zimmerman@zimmreed.com

Mark Zamora
The Orlando Firm, PC
315 East Ponce De Leon Ave. #400
Decatur, GA 30030
Phone: (404) 373-1800
mark@orlandofirm.com

James R. Dugan, II, Esq.
The Dugan Law Firm, APLC
One Canal Place
365 Canal Street, Suite 1000
New Orleans, LA 70130
Phone: (504) 648-0180
jdugan@dugan-lawfirm.com

4.     Co-Lead Counsel are expected to maintain communications and promote harmonious dealings among all Plaintiffs' counsel.  In addition, Co-Lead Counsel shall provide general supervision of the activities of Plaintiffs' counsel.

5.     Co-Lead Counsel shall have authority on the following matters on behalf of the putative class and all Plaintiffs in this consolidated action:  (a) convening meetings of counsel; (b) the initiation, response, scheduling, briefing and argument of all motions; (c) the scope, order and conduct of all discovery proceedings; (d) making such work assignments to other counsel as they may deem appropriate; (e) collecting time and expense reports from all Plaintiffs' counsel on a periodic basis; (f) communication with counsel for Defendants; and (g) any and all other matters concerning the prosecution of or resolution of their respective cases. Co-Lead Counsel shall confer with Special Class Counsel for Monitoring Relief and the Executive Committee on these matters.

6.     Co-Lead Counsel and Special Class Counsel for Monitoring Relief shall have authority over the retention of experts and settlement negotiations with Defendant.  They shall confer with the Executive Committee on these matters.

7.     All Plaintiffs' counsel shall work together to ensure that all work necessary to prosecute this action is allocated based on the skills and abilities of counsel representing the class, and that such decisions shall not be made on the basis of whether a firm is, or is not, Co-Lead Counsel.

8.     All Plaintiffs' counsel in these consolidated class actions must keep contemporaneous time and expense records and submit them periodically to Co-Lead Counsel or their designee.

9.     The Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation. Accordingly, the mere communication of otherwise privileged information between and among Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the work product doctrine.

10.     As proposed by the Defendant, it is further ordered that Mark S. Mester of Latham & Watkins LLP is appointed Defendant's Lead Counsel and Johanna M. Spellman of Latham & Watkins LLP is appointed Defendant's Liaison Counsel.

11.     Plaintiff Nichols' Motion to Appoint Jay Edelson as Lead Counsel of the Class Personal Injury Claims [dkt. 50] is denied without prejudice.


IT IS SO ORDERED:

Dated: 7/30/14

HONORABLE JOHN Z. LEE
UNITED STATES DISTRICT JUDGE