UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NATIONAL COLLEGIATE ATHLETIC
ASSOCIATION STUDENT – ATHLETE
CONCUSSION INJURY LITIGATION, ET AL

*Plaintiffs,*

V.

Case No.: 1:13-cv-09116
Honorable John Z. Lee

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION

*Defendant.*

## PLAINTIFF'S RULE 23 MOTION FOR APPOINTMENT OF ADDITIONAL CLASS COUNSEL

**COMES NOW**, Mildred Whittier, A/N/F, Julius Whittier, Putative Class Member in the above-styled and numbered cause and files this his Motion requesting that his counsel, the undersigned, Dwight E. Jefferson, be appointed as an additional co-class counsel, along with Steve W. Berman and Joseph J. Siprut, previously appointed class counsel by this Honorable Court by Order signed on July 30, 2014 (Document No. 76); and in support of his motion, the Plaintiff would show the Court as follows:

This Motion is brought pursuant to Rule 23(4)(9) FRCP, which requires that the Court appoint class counsel. In that regard, the Court is instructed to consider four factors: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's

1

knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. The Court may appoint more than one class counsel provided that the applicants are adequate under Rule 23(g)(1) and (4). See Rule 23(g)(2).

## BACKGROUND

Review of the proposed settlement agreement underlying the settlement class proposed in this case shows that although the litigation in question (MDL) was initiated by a former football player diagnosed and suffering from a traumatic head injury and Plaintiff's related condition, the proposed settlement would exclude from the settlement class, all putative class members who are currently suffering from traumatic head impact injuries, and waives their right to assert their claims as a class.

The waiver of claims for putative class members with personal injuries deny these individuals, of whom the Plaintiff Whittier is one, with the benefit of class action as a means of asserting their claims. The current class counsels' failure to protect the interest of putative class members with personal injury claims raises significant questions as to whether the putative class members in this sub-class are being adequately represented by class counsel currently appointed. This fact represents a change in posture from the time this Court appointed co-class counsel. At that time, the Court determined that co-class counsel, Hagens Berman and the Siprut P.C. firms are best suited to represent the interest of the class as a whole, "at this stage of the proceedings." The Court indicated that it reserved the right to

2

revisit this issue. The circumstances that existed at the time the Court appointed co-class counsel have changed significantly. At that time, the Court noted that the *Arrington* complaint "sought monetary damages to compensate Plaintiffs for injuries they have suffered ..." The Court concluded over the objection of attorney Jay Edelson that in light of the statements of Mr. Berman in open Court, and his actions in the *Arrington* case the Court disagreed that Hagens Berman had repudiated the personal injury claims (See **Exhibit 1**; Case Management Order No. 3, Doc. #76 at p. 3).

The preliminary settlement agreement entered into by co-class counsel expressly repudiates the class claims for personal injury claims and monetary damages for class members. Moreover, the class settlement entered into by current class-counsel affirmatively waives the personal injury claims. The direct opposite of what the Court had noted as a reason for not appointing a co-class counsel to represent the interest of the personal injury class in July 2014. (See Doc. #76, p. 4).

In light of the significant change in the posture of the case since the Court made its original appointment of the class counsel, the Court should reconsider its earlier determination that current Plaintiffs' class counsel can adequately represent the interest of personal injury class members. The Court noted in its Order appointing class counsel ". . . at this interim state, prior to the (sic) any decision on this settlement . . ." the Court appointed Hagens Berman and Siprut P.C. as <u>interim</u> co-lead counsel in this case. In light of the court's decision regarding the appropriateness of the proposed settlement; denial of the application for

3

4827-6178-2561.v1

certification of the settlement class, and for the reasons stated above, the undersigned submits that the time is appropriate for the Court's reconsideration of the appointment of a class counsel to represent the interest of the personal injury class.

## WORK IDENTIFYING OR INVESTIGATING POTENTIAL CLAIMS

Regarding the matters this Court must consider in evaluating the undersigned counsel regarding the first factor of identifying or investigating claims, upon becoming aware of the Plaintiff Julius Whittier's condition (early onset Alzheimer's), the undersigned undertook an investigation into potential causes of action related to the possible causes of Plaintiff's condition. That investigation identified football related repetitive traumatic head impact as a proximate cause for early onset Alzheimer's among former football players. The undersigned's investigation identified the pending MDL and preliminary settlement class, which included as putative class members individuals who played contact sports at NCAA sanctioned colleges or universities since inception of the NCAA.

In an effort to protect the interest of Plaintiff Whittier, the undersigned counsel, filed the action *Mildred Whittier A/N/F and Attorney in Fact for Julius Whittier, a Disabled Person*, Civil Action No. 1:14-cv-00978-SS, in the Western District of Texas, seeking class certification of a class of former college football players who played football from 1960 through 2014 who have been diagnosed with traumatic brain injury.

4

The undersigned counsel's work in identifying and investigating the potential claims of persons similarly situated with Plaintiff Whittier should be considered by this Court as meeting the standard for appointing class counsel as required by Rule 23(g)(2).

## COUNSEL'S EXPERIENCE HANDLING CLASS ACTION/COMPLEX LITIGATION

The undersigned counsel has extensive experience in handling class actions, other complex litigation and other types of litigation in over 30 years as a practicing attorney and State District Judge in Houston, Harris County, Texas. The undersigned counsel's experience in class action includes serving as one of the Plaintiff's counsel in consumer class action litigation in Texas[1] and California.[2] In addition, the undersigned counsel has served as Plaintiff's counsel in mass tort cases in Florida[3] and Louisiana[4] involving, combined, approximately thousands of Plaintiffs. These cases were environmental cases involving incinerator fly ashe contamination over a large area in Jacksonville, Florida, and radiation exposure to residents of a large area of Harvey, Louisiana. Both of these cases were settled with the undersigned participating in the mediated settlement of each case, which included monetary damages and medical monitoring. In addition, as a trial judge, the undersigned counsel presided over a mass tort docket that included thousands of asbestos and breast implant cases. The undersigned counsel also served as

---

[1] Nos. GN-001347 and D-1-GN-11-000854; *Gilberto Villanueva Jr. v. Texas Farmers Insurance Company, et al*, In the 53rd Judicial District Court of Travis County, Texas.
[2] *Fogel v. Farmers Group, Inc., et al*, Case No. BC 300142, Superior Court of the State of California for the County of Los Angeles.
[3] *Jane Doe, et al v. City of Jacksonville*, In the Circuit Court, Duval County, Florida.
[4] *Dottie Adams, et al v. Joseph Grefer, et al*, 24th Judicial District Court for the Parish of Jefferson, State of Louisiana; No. 624-278, Division K

defense counsel for a major boiler manufacturer in asbestos litigation filed in Texas, and represented this client in the first mass tort asbestos case to go to trial in Dallas County, Texas in 1993. Clearly, the undersigned counsel has extensive experience in handling the types of claims asserted in this action. Rule 23(g)(1)(A)(i). Attached hereto as **Exhibit 2** is the curriculum vitae of the undersigned counsel which details his experience in mass tort, class action and complex litigation.

### COUNSEL'S KNOWLEDGE OF APPLICABLE LAW

The undersigned counsel as a former college football player and captain of the University of Texas football team in 1978, and recipient of the Outstanding Lineman Award in the 1979 Sun Bowl, along with his experience and knowledge in class action and complex litigation as an attorney, judge, mediator and arbitrator provides him with unique perspective and resources that can contribute to the adequacy of representation of the class and potential resolution of the class-action in question.

Finally, the undersigned counsel is a certified mediator with experience mediating personal injury and mass tort cases involving environmental contamination and asbestos exposure. Additionally, the undersigned is a Panelist of the American Arbitration Association's Class Action/Mass Tort/Complex Litigation, Commercial, Construction, and Employment Panels (See **Exhibit 3**). In that capacity, the undersigned has arbitrated mass tort and complex litigation cases involving personal injury and environmental exposure to thousands of individuals, including issues such as the terms and conditions of settlement and adequacy of

6

representation. The undersigned counsel's knowledge of the applicable law is significant and meets the standards for appointing class counsel as set forth in Rule 23(g)(1) and (4).

## COUNSEL'S RESOURCES TO COMMIT TO REPRESENTING THE CLASS

The undersigned is Of Counsel with the Coats | Rose law firm's principal office in Houston, Texas. Coats | Rose is a firm of 91 lawyers (see **Exhibit 4**). The firm also has offices in Dallas, Austin, San Antonio, and New Orleans. The firm was established in 1989 and has a nationally recognized construction law practice, and well respected litigation section, including litigation of mass tort, environmental, and complex construction cases. The filing of this class action was authorized by the firm's management committee and reflects the firm's commitment of the resources necessary to represent the class.

## CONCLUSION

Rule 23(g)(1)(B) gives the Court broad latitude in appointing class counsel; Section (B) says that the Court, "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interest of the class." The undersigned would submit that his experience as a former college player can provide a dimension to the class representation that is currently not represented by class counsel. The undersigned is someone who can interpret and articulate the concerns, fears, and hopes of those class members facing the reality of their mortality, and those fearing the tragic consequence for their having played a game they so dearly loved.

4827-6178-2561.v1

Moreover, the undersigned's knowledge of the law gleaned from over a 30 year legal career; including cases involving class action, mass tort, and complex litigation; when combined with his litigation experience, qualifying him for selection as a member of the American Board of Trial Advocates, and his training and experience as a mediator and arbitrator make the undersigned well qualified for serving as class counsel in this case. Because of the undersigned's breath of experience, he can contribute constructively to crafting a class settlement that is appropriate in size and scope, and adequate in representation sufficient to meet with the Court's approval.

The undersigned has the ability to bring forward positive ideas consistent with the Court's expressed concerns with the proposed settlement class and settlement agreement that may prove valuable to the process of resolution of this class action case.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff Julius Whittier requests that the Court appoint the undersigned counsel Dwight E. Jefferson as an additional class counsel to represent the interest of the class in the above-styled and numbered cause.

4827-6178-2561.v1

Respectfully submitted,

By: */s/ Dwight E. Jefferson*
Dwight E. Jefferson
State Bar No. 10605600
djefferson@coatsrose.com

**ATTORNEY FOR CLASS-PLAINTIFF MILDRED WHITTIER, A/N/F, JULIUS WHITTIER**

OF COUNSEL:

COATS ROSE YALE RYMAN & LEE
9 Greenway Plaza, Suite 1100
Houston, Texas 77046-0307
Telephone: (713) 651-0111
Facsimile: (713) 651-0220

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically via CM/ECF, which caused notice to be sent to all counsel of record on this 13th day of January, 2015.

By: */s/ Dwight E. Jefferson*

4827-6178-2561.v1