**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION** | MDL No. 2492<br><br>Master Docket No. 1:13-cv-09116<br><br>This Documents Relates To All Cases<br><br>[Hon. John Z. Lee]<br><br>[Magistrate Judge Geraldine Soat Brown] |

**PLAINTIFF NICHOLS'** *RENEWED* **MOTION TO APPOINT
JAY EDELSON AS LEAD COUNSEL OF THE PERSONAL INJURY CLASS**

**Respectfully submitted by**:

Jay Edelson
jedelson@edelson.com
Rafey S. Balabanian
rbalabanian@edelson.com
Ari J. Scharg
ascharg@edelson.com
EDELSON PC
350 N. LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

| | | |
|---|---|---|
| Robert A. Clifford<br>Shannon M. McNulty<br>CLIFFORD LAW OFFICES, P.C.<br>120 N. LaSalle Street, Suite 3100<br>Chicago, Illinois 60602<br>Tel: 312.899.9090 | Brian W. Coffman<br>COFFMAN LAW OFFICES<br>2615 North Sheffield Avenue<br>Chicago, Illinois 60614<br>Tel: 773.348.1295 | Richard R. Gordon<br>GORDON LAW OFFICES, Ltd.<br>211 West Wacker Drive, Suite<br>Chicago, Illinois 60606<br>Tel: 312.332.5200 |
| Steven K. Mamat<br>STEVEN MAMAT, PLLC<br>302 S. Main St., Suite 202<br>Royal Oak, Michigan 48067<br>Tel: 248.548.1009 | Samuel M. Lasser<br>LAW OFFICE OF SAMUEL LASSER<br>1934 Divisadero St.<br>San Francisco, California 94115<br>Tel: 415.994.9930 | John J. Driscoll<br>THE DRISCOLL FIRM, P.C.<br>211 N. Broadway<br>St. Louis, Missouri 63102<br>Tel: 314.932.3232 |

This Court's appointment of attorneys Steve Berman ("Berman") and Joseph Siprut ("Siprut") as interim co-lead counsel for the *entire* class in this consolidated proceeding was predicated upon the "compensatory damages" sought in their Second Amended Complaint and their statements to the Court that they were pursuing the putative class's personal injury claims. (Dkt. 76.) Through the Third Amended Complaint (dkt. 119), however, Berman and Siprut have removed the Court's basis for their appointment as interim co-lead counsel for the entire class by expressly and unequivocally abandoning[1] the class's personal injury claims and only seeking to recover "injunctive relief as well as equitable relief in the form of medical monitoring." Interim co-lead counsel no longer represents the interests of the class *as a whole* and the Court needs to appoint counsel to pick up the personal injury claims torch that has been dropped by the lawyers who pledged to carry it forward.

As such, pursuant to the Court's Case Management Order No. 3 (dkt. 76) and Federal Rule of Civil Procedure 23(g), Plaintiff Anthony Nichols[2] respectfully renews his motion to appoint Jay Edelson ("Edelson") of Edelson PC as lead class counsel of the putative class's personal injury claims against the NCAA in this MDL. This motion is supported by a coalition of attorneys, as well as the two leading advocacy groups for current and former NCAA student-athletes—the College Athletes Players Association (CAPA) and the National College Players Association (NCPA).

I. **The Court Appointed Berman and Siprut To Represent The Putative Class's Medical Monitoring <u>And</u> Personal Injury Claims.**

On December 18, 2013, the Judicial Panel on Multidistrict Litigation consolidated all student-athlete concussion-related class action complaints against the NCAA in this Court.

---

[1] Edelson previously argued that Berman and Siprut abandoned the class's personal injury claims long ago and stands by that argument. Nevertheless, Edelson understands that his arguments were overruled by the Court and he is not now seeking to re-argue his previous motions.
[2] The *Nichols* action is captioned *Nichols v. NCAA*, Case No. 1:14-cv-962.

1

Thereafter, Berman and Siprut submitted an "agreed" application for appointment as interim co-lead counsel of the "Medical Monitoring Plaintiffs,"[3] which implied that they only sought to represent plaintiffs pursuing medical monitoring claims. Nonetheless, the term "Medical Monitoring Plaintiffs" was defined to include the claims asserted by various actions in this MDL, including those in the Second Amended Complaint filed in *Arrington, et al. v. NCAA*, No. 1:11-cv-6356, which sought monetary and compensatory damages arising from concussion-related personal injuries. (*See id.* dkt. 124 ¶¶ 230, 234, 238, 253, 258, 265, 274, 279-81; *see also id*. Request for Relief (A) (seeking "certification of the proposed Class pursuant to Federal Rules of Civil Procedure Rule 23(a), (b)(2) and (b)(3)" and "an award of compensatory damages, the amount of which is to be determined at trial"); *see also* dkt. 76 at 3.) At that time, Edelson petitioned the Court for appointment as interim co-lead counsel for the sole purpose of representing and protecting the putative class's concussion-related personal injury claims (dkt. 50), which Berman and Siprut had already repudiated in the press and seemingly abandoned in their leadership application.

During the July 29, 2014 hearing—and given the ambiguity surrounding the term "Medical Monitoring Plaintiffs"—the Court sought to clarify the scope of Berman's and Siprut's leadership application. Specifically, the Court wanted to ensure that if appointed, Berman and Siprut would represent and protect the interests of *all* putative class members, including those with personal injury claims and not just those seeking medical monitoring:

> THE COURT: And I wanted to be clear because this was an issue that has been discussed in prior statuses between the Hagens Berman firm and Mr. Edelson on behalf of the *Nichols* plaintiffs, that, Mr. Berman, medical monitoring plaintiffs as defined would include at this point both putative classes, is that correct? That is, the plaintiffs who are asking for injunctive relief as well as plaintiffs

---

[3] *See* dkt. 49 ("WHEREFORE, the Medical Monitoring Plaintiffs respectfully request that the Court . . . appoint [Berman and Siprut] as Lead Counsel *for the Medical Monitoring Plaintiffs*") (emphasis added).

2

>at this point in time, as stated in the second amended complaint, that are also seeking damages as a result of the alleged actions or inactions by the NCAA.

(The July 29, 2014 Transcript is attached hereto as Exhibit 1, 7:5-14.) Berman responded by representing to the Court that he would act in the best interests of the entire "class," meaning "everyone who's got a claim, even if they have a personal injury claim." (*Id*. at 9:21-22.)

The same question was posed to Siprut:

>THE COURT: So you too agree that your obligations to represent your clients in this case, should you be appointed as lead counsel, would include the *entire class as defined by the second amended complaint in Arrington* as well as all of the other complaints that were filed as part of this MDL, is that correct?
>
>MR. SIPRUT: That's correct.

(*Id*. at 12:23-13:4) (emphasis added). As such, both Berman and Siprut pledged to the Court that they would act in the best interests of *all* putative class members, including those with personal injury claims.

In the end, the Court granted Berman's and Siprut's application for appointment of interim co-lead of the "Medical Monitoring Plaintiffs"—and denied Edelson's petition without prejudice—for two reasons. First, in light of the requested relief in *Arrington*, the Court found that the term "Medical Monitoring Plaintiffs" is a "misnomer," and actually encompasses all putative class members, including those who seek monetary damages related to their personal injuries. (Dkt. 76 at 2.) Second, the Court was satisfied by Berman's and Siprut's in-court representations:

>[I]n light of the statements made by counsel in open court on July 29, 2014, as well as Hagens Berman's actions in the *Arrington* case and prior proceedings in this Court, the Court disagrees with Edelson and finds that Hagens Berman has not "repudiated" the personal injury claims alleged by the putative class members. Nor have they disclaimed or affirmatively waived the personal injury claims during these proceedings.

3

(*Id*. at 3-4.) As such, the Court found that Berman and Siprut were best situated to "represent the interests of the class as a whole *at this stage* in the proceedings," but noted that it may "revisit Edelson's application as the case proceeds." (*Id.* at 5) (emphasis added). The circumstances providing the Court's basis for appointing Berman and Siprut have now effectively been removed by the allegations and relief sought through the Third Amended Complaint.

II.     **Berman and Siprut Have Now Expressly Abandoned The Class's Personal Injury Claims.**

Notwithstanding their appointment as interim co-lead counsel and their statements to the Court, Berman and Siprut have now unequivocally abandoned the class's personal injury claims and can no longer serve as representative counsel. On January 7, 2015, Berman and Siprut filed a Third Amended Complaint in the *Arrington* action that dropped the personal injury claims and focuses exclusively on the medical monitoring claims. (*See* dkt. 119 at ¶¶ 288, 293, 300 ("As a result of the foregoing, Plaintiffs and the Class have been injured and are entitled to injunctive relief *as well as equitable relief in the form of medical monitoring*") (emphasis added); *see also id*. at ¶ 313 ("Plaintiffs have no adequate remedy at law in that monetary damages cannot compensate them for the risk of long-term physical and economic losses due to concussions and sub-concussive injuries. Thus, Plaintiffs and the Class are entitled to medical monitoring"); *id.* at Request for Relief (seeking only injunctive relief and medical monitoring fund).)

Notably absent from the Third Amended Complaint is a request for relief seeking "an award of compensatory damages, the amount of which is to be determined at trial," upon which the Court based the interim appointment of Berman and Siprut. (Dkt. 76 at 3.) In other words, the Third Amended Complaint disclaims all personal injury claims and no longer pursues "monetary damages under Rule 23(b)(3) to compensate Plaintiffs for injuries they have suffered or will suffer in the future." (*Id*.) Thus, the circumstances surrounding the appointment of Berman and

4

Siprut have changed, and the putative class members with personal injury claims have been left without representation of their core injuries. This gap in representation is critical given that Berman and Siprut have already made clear that they plan to release class personal injury claims through a medical monitoring class settlement.[4]

Beyond that, Berman's and Siprut's abandonment of the personal injury claims exposed putative class members to statute of limitations, statute of repose, and improper claim splitting defenses, all of which could have the effect of barring their ability to recover for personal injuries suffered. *See, e.g., Krueger v. Wyeth, Inc.*, 2008 WL 481956, at *2 (S.D. Cal. Feb. 19, 2008) ("If Plaintiff is only seeking partial relief, and will not pursue damages for those that have manifest personal injuries, then she is engaging in claim-splitting."); *Thompson v. Am. Tobacco Co., Inc.*, 189 F.R.D. 544, 550 (D. Minn. 1999) ("The Court finds that the named Plaintiffs' efforts to reserve personal injury and damage claims may, in fact, jeopardize the class members' rights to bring such claims in a subsequent case.").[5]

---

[4] To be sure, given that Berman and Siprut have already voluntarily dismissed the putative class's personal injury claims in exchange for nothing, they cannot now negotiate them away as part of a medical monitoring deal. *See, e.g., Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 621 (1997) (going to the settlement table without the threat of litigation renders "both class counsel and court . . . disarmed"); *Smith v. Sprint Commc'ns Co., L.P.*, 387 F.3d 612, 614 (7th Cir. 2004) (rejecting settlement produced by negotiations where class counsel, who had abandoned claims, was "unable to 'use the threat of litigation to press for a better offer.'") (quoting *Amchem*, 521 U.S. at 621); *Epstein v. MCA, Inc.*, 126 F.3d 1235, 1250 (9th Cir. 1997) ("It is axiomatic that a plaintiff's power to negotiate a reasonable settlement derives from the threat of going to trial with a credible chance of winning."); *see also In re Stec Inc. Sec. Litig.*, 2012 WL 6965372, at *6 (C.D. Cal. Mar. 7, 2012) ("Proposed class representatives have a conflict of interest with the absent putative class members if they do not have standing to or refuse to assert certain claims that may be available and advantageous to the absent putative class members").

[5] *See also Feinstein v. Firestone Tire & Rubber Co.*, 535 F. Supp. 595, 606 (S.D.N.Y. 1982) ("a serious question of adequacy of representation arises when the class representatives profess themselves willing, as they do here, to assert on behalf of the class only such claims as arise from breach of an implied warranty . . . It is fair to say that, during the course of preliminary hearings in this case, plaintiffs so tailored the class claims in an effort to improve the possibility of demonstrating commonality. But that improvement . . . was purchased at the price of presenting putative class members with significant risks of being told later that they had impermissibly split a single cause of action.")

**III.     The Court Should Appoint Edelson as Lead Counsel for Personal Injury Claims**

Edelson should be appointed Lead Counsel for the personal injury claims that have now been abandoned by current co-lead counsel. As set forth in detail in his initial petition, Edelson has substantial experience prosecuting complex class actions and MDLs of this sort, has shown a commitment to protecting the personal injury claims, has devoted substantial resources towards successful prosecution of the claims, and has demonstrated an ability to work cooperatively with not only the dozens of attorneys pursuing the same claims, but defense counsel as well. (*See* dkt. 50.) Edelson's appointment is supported by a coalition of attorneys who represent clients with concussion-related personal injury claims against the NCAA. Further, Edelson's track record in this case has earned him the support of the two leading advocacy groups for current and former NCAA student-athletes—the College Athletes Players Association (CAPA) and the National College Players Association (NCPA). (*See* Declaration of Ramogi Huma, attached as Exhibit 2.) As such, the Court should find that Edelson readily meets the requirements for appointment as lead counsel under Rule 23(g), and thus, should appoint him to lead the prosecution of the class personal injury claims.[6]

**CONCLUSION**

For the foregoing reasons, Plaintiff Nichols respectfully requests that the Court enter an Order (i) granting his renewed motion, (ii) appointing Jay Edelson Lead Counsel for the class personal injury claims, and (iii) awarding such other and further relief that the Court deems equitable and just.

---

[6] Edelson notes that attorney Dwight Jefferson ("Jefferson") has also petitioned for appointment as lead counsel of the class's personal injury claims. Although his resume is notable, Jefferson has not shown the level of commitment or experience as Edelson, nor does he have the support of the relevant stakeholders. That being said, Edelson is confident that he and Jefferson will continue to work productively and collaboratively, and that he will be an important asset to the litigation going forward.

Respectfully submitted,

**ANTHONY NICHOLS**

By: /s/ Jay Edelson
      One of his Attorneys

Jay Edelson
jedelson@edelson.com
Rafey S. Balabanian
rbalabanian@edelson.com
Ari J. Scharg
ascharg@edelson.com
EDELSON PC
350 N. LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Robert A. Clifford
rclifford@cliffordlaw.com
Shannon M. McNulty
smm@cliffordlaw.com
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, Suite 3100
Chicago, Illinois 60602
Tel: 312.899.9090
Fax: 312.251.1160

Richard R. Gordon
richard.gordon@gordonlawchicago.com
GORDON LAW OFFICES, Ltd.
211 West Wacker Drive, Suite 500
Chicago, Illinois 60606
Tel: 312.332.5200
Fax: 312.236.7727

Brian W. Coffman
bcoffmanlaw@gmail.com
COFFMAN LAW OFFICES
2615 North Sheffield Avenue
Chicago, Illinois 60614
Tel: 773.348.1295
Fax: 773.248.6013

Steven K. Mamat

7

        STEVEN MAMAT, PLLC
        302 S. Main St., Suite 202
        Royal Oak, Michigan 48067
        Tel: 248.548.1009
        Fax: 248.548.1012

        Samuel M. Lasser
        LAW OFFICE OF SAMUEL LASSER
        1934 Divisadero St.
        San Francisco, California 94115
        Tel: 415.994.9930
        Fax: 415.776.8047

        Jeffrey L. Raizner
        DOYLE RAIZNER LLP
        2402 Dunlavy St.
        Houston, Texas 77006
        Tel: 832.463.2882

        John J. Driscoll
        THE DRISCOLL FIRM, P.C.
        211 N. Broadway
        St. Louis, Missouri 63102
        Tel: 314.932.3232

**CERTIFICATE OF SERVICE**

      I, Ari J. Scharg, an attorney, hereby certify that on January 26, 2015, I served the above and foregoing ***Plaintiff Nichols' Renewed Motion to Appoint Jay Edelson as Lead Counsel of the Personal Injury Class***, on all counsel of record by filing it electronically with the Clerk of the Court using the CM/ECF system on this, the 26th day of January 2015.

                                                 /s/ Ari J. Scharg