IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION | ) ) ) ) ) ) ) ) ) ) | MDL No. 2492<br><br>Master Docket No. 1:13-cv-09116<br><br>This Document Relates to All Cases<br><br>Judge John Z. Lee<br><br>Magistrate Judge Geraldine Soat Brown |

**AGREED MOTION FOR AN EXTENSION OF TIME**

The National Collegiate Athletic Association (the "NCAA"), by its counsel, respectfully requests an extension of time until Monday, February 23, 2015, for the submission of the report on the cost and feasibility of direct notice called for by the Court's December 17, 2014 Memorandum Opinion and Order. In support of this motion, the NCAA states as follows:

1. In its December 17, 2014 Memorandum Opinion and Order, the Court described the proposed settlement as "a significant step in trying to arrive at a resolution of this highly complex matter," but the Court raised several issues and directed the parties to take certain steps to address those issues. See Mem. Op. and Order (Dkt. #115) at 21. The cost and feasibility of direct notice was one of the issues raised. See id. at 15.

2. More specifically, the December 17, 2014 Memorandum Opinion and Order directed the Parties to determine the feasibility and anticipated cost of direct, mailed notice to members of the Settlement Class.[1] See Mem. Op. and Order (Dkt. #115) at 15. The Court

---

[1] Capitalized terms in this submission have the meaning ascribed to them in the Settlement Agreement, which itself is Exhibit A to the amended motion for preliminary approval of Plaintiffs. See Am. Settlement Agmt. (Dkt. #92).

further directed the Parties to report back to the Court with respect to notice on or before February 17, 2015. See id. at 15.

3. Following issuance of the December 17, 2014 Memorandum Opinion and Order, the Parties have been working diligently to address the issues raised by the Court. See Mem. Op. and Order (Dkt. #115) at 13-15. As anticipated at the December 19, 2014 hearing, the process of assessing the contact information held by NCAA member institutions was complicated to a degree by the intervening holidays and by the fact that many institutions were already on winter break. See Dec. 19, 2014 Hr'g Tr. (Dkt. #137) at 12:7-13:10. The NCAA and its counsel, however, have had discussions with representatives from a range of member institutions and have a clear sense of the variety of contact information possessed by member institutions as well as the steps that can be taken to ensure that notice is sent to current addresses of members of the Settlement Class.

4. To be sure, certain complications have been encountered in the process, including privacy concerns and related issues raised by member institutions with respect to the Family Educational Rights and Privacy Act ("FERPA"), which issues will be fully addressed in the submission to be made to the Court.[2] The Parties nonetheless believe that they now have the information necessary to address the feasibility and cost of direct notice to members of the Settlement Class, and that information will be set forth in a detailed submission to be filed with the Court.

---

[2] Under FERPA, educational institutions generally must receive written permission from either an eligible student or that student's parent in order to release information from the student's education record. See 20 U.S.C. § 1232g(b). FERPA and its related regulations make clear, however, that such information may otherwise be disclosed pursuant to a lawfully-issued subpoena. See 20 U.S.C. § 1232g(b)(2)(B); 34 C.F.R. § 99.31(a)(9)(ii).

2

5. Counsel for the NCAA conferred with Co-Lead Counsel for Plaintiffs on February 17, 2015, and Plaintiffs do not oppose this motion and agree to the need for the requested extension.

6. In light of the above, we respectfully submit that good cause exists under Fed. R. Civ. P. 6(b)(1) for the requested extension and that this motion is not brought for purposes of delay.

WHEREFORE, the NCAA respectfully requests an extension of time until February 23, 2015 for the submission of the report on the cost and feasibility of direct notice called for by the Court's December 17, 2014 Memorandum Opinion and Order. The NCAA further requests whatever other relief the Court deems appropriate.

Dated: February 17, 2015

Respectfully submitted,

/s/ Mark S. Mester
Lead Counsel for Defendant
National Collegiate Athletic Association

Mark S. Mester
  mark.mester@lw.com
Johanna M. Spellman
  johanna.spellman@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

J. Christian Word
  christian.word@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

## **CERTIFICATE OF SERVICE**

      I, Mark S. Mester, certify that on February 17, 2015, a true and correct copy of the foregoing Agreed Motion For An Extension of Time was filed through the ECF system and served upon the following parties by prepaid first class mail:

| | |
|---|---|
| Timothy J. McIlwain<br>TIMOTHY J. MCILWAIN, ATTORNEY AT LAW, LLC<br>89 River Street #1538<br>Hoboken, New Jersey 07030<br>Telephone: (877) 375-9599<br>Facsimile: (609) 450-7017 | Edgar D. Gankendorff<br>PROVOSTY & GANKENDORFF, L.L.C.<br>650 Poydras Street, Suite 2700<br>New Orleans, Louisiana 70130<br>Telephone: (504) 410-2795<br>Facsimile: (504) 410-2796 |
| Elizabeth J. Cabraser<br>LIEFF CABRASER HEIMANN & BERNSTEIN<br>275 Battery Street, 29th Floor<br>San Francisco, California 94111<br>Telephone: (415) 956-1000<br>Facsimile: (415) 956-1008 | /s/ Mark S. Mester<br>Mark S. Mester<br>  mark.mester@lw.com<br>LATHAM & WATKINS LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, Illinois 60611<br>Telephone: (312) 876-7700<br>Facsimile: (312) 993-9767 |