# Exhibit D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION | ) MDL No. 2492 <br> ) <br> ) Master Docket No. 1:13-cv-09116 <br> ) <br> ) This Document Relates To: <br> ) All Cases <br> ) <br> ) Judge John Z. Lee <br> ) <br> ) Magistrate Judge Geraldine Soat Brown |

**STIPULATED QUALIFIED HIPAA PROTECTIVE ORDER**

Pursuant to the Amended Class Action Settlement Agreement and Release,[1] the Parties have stipulated and agreed, through their respective counsel, to the entry of an Order pursuant to Federal Rule of Civil Procedure 26(c) for the protection of protected health information that may be produced or otherwise disclosed during the course of the Medical Monitoring Program.

Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1. "HIPAA" is defined herein as the Health Insurance Portability and Accountability Act of 1996, codified primarily at Sections 18, 26 and 42 of the United States Code, and "Privacy Standards" is defined herein as the Standards for Privacy of Individually Identifiable Health Information, codified at 45 C.F.R. §§ 160 and 164.

2. Confidentiality is required by HIPAA for all medical and mental health records and is necessary to protect private medical information of the Settlement Class Members.

---

[1] All capitalized terms herein shall have the same meanings as set forth in the Amended Class Action Settlement Agreement and Release.

3. As used in this Order, "Protected Health Information" has the meaning set forth in 45 C.F.R. §§ 160.103 and 164.501.

4. As used in this Order, "Covered Entity" has the meaning set forth in 45 C.F.R. § 160.103.

5. This Court authorizes any Covered Entity who receives a request from the Program Administrator for a Settlement Class Member's Protected Health Information to disclose Protected Health Information in response to such request. The Program Administrator shall not request a Settlement Class Member's Protected Health Information unless such Settlement Class Member has completed a Screening Questionnaire. This Order is intended to authorize such disclosures pursuant to 45 C.F.R. § 164.512(e) of the Privacy Regulations issued pursuant to HIPAA.

6. This Order does not authorize a Covered Entity to disclose the results of a Qualifying Settlement Class Member's Medical Evaluation, including the Medical Evaluation Report. In no event shall the Program Administrator request the results of a Qualifying Settlement Class Member's Medical Evaluation, including the Medical Evaluation Report.

7. Pursuant to 45 C.F.R. § 164.512(e)(1)(v), the Parties agree and the Court orders that this Order is a Qualified Protective Order and all Parties, their attorneys, the Program Locations, the Program Administrator, and the Medical Science Committee are hereby prohibited from using or disclosing a Settlement Class Member's Protected Health Information that is obtained through the Medical Monitoring Program for any purpose other than to: (i) facilitate the administration of and analyze the Screening Questionnaires for purposes of determining whether a Settlement Class Member qualifies for a Medical Evaluation; (ii) provide Medical Evaluations to Settlement Class Members; (iii) complete and send Medical Evaluation

Reports to Qualifying Class Members or their designees; (iv) intervene for a risk of suicidality, as set forth in Sections IV(B)(4)(f) and IV(B)(5)(e) of the Settlement Agreement; and (v) seek subrogation or reimbursement from Qualifying Settlement Class Members' private health insurance for the cost of Medical Evaluations.

8. All Parties, their attorneys, the Program Locations, the Program Administrator, and the Medical Science Committee shall not permit the disclosure of any Protected Health Information to any third person or entity except as set forth in Paragraph (5). Subject to these requirements, disclosure to a third party is permitted only by written consent of the Settlement Class Member or upon order of the Court.

9. All Parties, their attorneys, the Program Locations, the Program Administrator, and the Medical Science Committee are permitted to retain Protected Health Information for a period of five (5) years from the end of the Medical Monitoring Period.

10. Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons and entities made subject to this Order by its terms.

11. Nothing in this Order authorizes counsel for Defendant to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

*So Ordered.*

Dated: _____  _____
                                                                                  Judge John Z. Lee