IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION | ) ) ) ) ) ) ) ) ) ) | 

MDL No. 2492

Master Docket No. 1:13-cv-09116

This Document Relates to All Cases

Judge John Z. Lee

Magistrate Judge Geraldine Soat Brown

**MEMORANDUM OF THE NCAA IN SUPPORT OF
JOINT MOTION FOR PRELIMINARY APPROVAL**

Defendant National Collegiate Athletic Association ("NCAA") submits the following memorandum in support of the joint motion for preliminary approval of class settlement and certification of settlement class filed with the Court on April 14, 2015:[1]

The Parties and their counsel have expended a good deal of time and effort addressing the issues raised by the Court in its December 17, 2014 Memorandum Opinion and Order, and we believe the Amended Class Action Settlement Agreement And Release, which is being provided to the Court with Plaintiffs' joint motion for preliminary approval of class settlement and certification of settlement class, addresses each of those issues. See Am. Settlement Agt. (Dkt. #154-1) at passim; see also Dec. 17, 2014 Mem. Op. and Order (Dkt. # 115). Accordingly, the NCAA has joined the joint motion and respectfully requests that the Court grant preliminary approval of the Amended Class Action Settlement Agreement and Release. See disc. infra at 2-4.

---

[1] Capitalized terms in this submission have the meaning ascribed to them in the Amended Class Action Settlement Agreement And Release, which itself is Exhibit 1 to the joint motion for preliminary approval of class settlement and certification of settlement class. See Am. Settlement Agt. (Dkt. #154-1).

The standard for preliminary approval is well-settled in this circuit. See, e.g., In re AT&T Mobility Wireless Data Servs. Sales Litig., 270 F.R.D. 330, 346 (N.D. Ill. 2010) (citing, inter alia, Armstrong v. Board of School Directors of City of Milwaukee, 616 F.2d 305, 314 (7th Cir. 1980)); Kaufman v. Am. Express Travel Related Servs. Co., 264 F.R.D. 438, 447 (N.D. Ill. 2009) (same). The principal purpose of preliminary approval is to determine whether a proposed settlement falls "within the range of possible approval," such that it would be appropriate to provide notice of the proposed settlement to class members so that they can have an opportunity themselves to react to the proposed settlement terms. See, e.g., Armstrong, 616 F.2d at 314, overruled on other grounds by Felzen v. Andreas, 134 F.3d 873 (7th Cir. 1998); see also William B. Rubenstein, Newberg on Class Actions § 13:13 (5th ed.) ("[C]ourts will grant preliminary approval where the proposed settlement is neither illegal nor collusive and is within the range of possible approval.") (internal quotations omitted). In considering preliminary approval, courts consider whether the proposed settlement was the result of arm's length negotiations, whether sufficient discovery and investigation was undertaken on the underlying claims and whether the proponents of the settlement have experience in class litigation. See, e.g., AT&T Mobility, 270 F.R.D. at 346 (noting "the opinion of competent counsel" and "the stage of the proceedings and the amount of discovery completed" as considerations for preliminary approval); see also, e.g., AIG v. ACE INA Holdings, Inc., 2011 WL 3290302, at *7 (N.D. Ill. 2011) (noting arm's length negotiation in preliminarily approving a class settlement).

The appropriate analysis for preliminary approval, however, is separate and distinct from the relevant standard for final approval. See, e.g., Newberg on Class Actions § 13:13 ("[T]he standard that governs the preliminary approval inquiry is less demanding than the standard that applies at the final approval phase."); see also, e.g., Butler v. Am. Cable & Tel., LLC, 2011 WL

2

2708399, at *8 (N.D. Ill. 2011); Schulte v. Fifth Third Bank, 2010 WL 8816289, at *2 (N.D. Ill. 2010) (citing Armstrong, 616 F.2d at 314). Through preliminary approval, a court allows notice to be provided to the class, and the reaction of the class in terms of objections and opt-outs then plays an important role in the final approval process. See, e.g., Wong v. Accretive Health, Inc., 773 F.3d 859, 863 (7th Cir. 2014) (noting "the amount of opposition to the settlement" and "the reaction of members of the class to the settlement" as factors in final approval).

Nine separate class cases were, of course, transferred to and consolidated before this Court by the Judicial Panel on Multidistrict Litigation ("Multidistrict Panel"), and since the Multidistrict Panel issued its initial December 2013 transfer orders, four additional class cases have been filed and also consolidated before this Court.[2] See Dec. 17, 2014 Mem. Opinion and Order (Dkt. # 115) at 3 n.1 (listing all consolidated cases). The Settlement is, in turn, supported by all of the lawyers who filed the fourteen class actions now before this Court, with the exception of only two (i.e., Nichols and Whittier). See Nichols Objs. to Pls.' Mot. for Preliminary Approval (Dkt. # 83); Whittier Objs. to Pls.' Mot. for Preliminary Approval (Dkt. # 94).

Only the lawyers who filed Nichols and Whittier have opposed preliminary approval of the Settlement, and at this point, their respective views are well known. See Nichols Obj. (Dkt. # 83); Whittier Obj. (Dkt. # 94); July 29, 2014 Hr'g Tr. (Dkt. # 82) at 9:25-10:15, 33:19-38:12; Oct. 23, 2014 Hr'g Tr. (Dkt. # 103) at 29:23-33:17, 36:2-38:12, 48:13-52:13, 52:18-53:25, 82:13-86:12, 86:16-88:25; Nov. 18, 2014 Hr'g Tr. (Dkt. # 104) at 3:7-4:10. The objections they have made to preliminary approval of the Settlement, however, are the sort that would typically

---

[2] The Multidistrict Panel issued three transfer orders in December 2013, all of which became final in December 2013 and January 2014. See Transfer Order (Dkt. # 1); Conditional Transfer Order (CTO-1) (Dkt. # 2); Conditional Transfer Order (CTO-2) (Dkt. # 3).


be considered as objections in the context of final approval. See, e.g., AIG, 2011 WL 3290302, at *7 (noting that determinations about the value of the settlement to the class "are the subject of the final fairness hearing, not preliminary approval").

At this point, we believe that it would be appropriate to provide notice of the Settlement to the Settlement Class and allow members of the Settlement Class to express their own views, at which point the lawyers who filed Nichols and Whittier can decide whether or not they and their clients wish to object to the Settlement or opt out. See, e.g., Kaufman, 264 F.R.D. at 447 (Purpose of preliminary approval inquiry is "to determine whether the proposed settlement is within the range of possible approval" and "whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing.") (internal quotations omitted); AIG v. ACE INA Holdings, Inc., 2012 WL 651727, at *7 (N.D. Ill. 2012) (Preliminary approval does not "clos[e] the door on entertaining opposition to the settlement" but "'it is premature to fully assess [the merits of a settlement]' at preliminary approval.") (quoting AT&T Mobility, 270 F.R.D. at 349); see also Am. Settlement Agt. (Dkt. #154-1) at ¶¶ XII(F), XIII (providing opportunity for class members to object to or opt out of Settlement after notice).

Dated: April 14, 2015

Respectfully submitted,

/s/ Mark S. Mester
Lead Counsel for Defendant
National Collegiate Athletic Association

Mark S. Mester
  mark.mester@lw.com
Johanna M. Spellman
  johanna.spellman@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

J. Christian Word
  christian.word@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

## **CERTIFICATE OF SERVICE**

  I, Mark S. Mester, certify that on April 14, 2015, a true and correct copy of the foregoing Memorandum Of The NCAA In Support Of The Joint Motion For Preliminary Approval was filed through the ECF system and served upon the following parties by prepaid first class mail.

| | |
|---|---|
| Timothy J. McIlwain<br>TIMOTHY J. MCILWAIN<br>ATTORNEY AT LAW, LLC<br>89 River Street #1538<br>Hoboken, New Jersey 07030<br>Telephone: (877) 375-9599<br>Facsimile: (609) 450-7017 | Edgar D. Gankendorff<br>PROVOSTY & GANKENDORFF, L.L.C.<br>650 Poydras Street, Suite 2700<br>New Orleans, Louisiana 70130<br>Telephone: (504) 410-2795<br>Facsimile: (504) 410-2796 |
| Elizabeth J. Cabraser<br>LIEFF CABRASER HEIMANN &<br>BERNSTEIN<br>275 Battery Street, 29th Floor<br>San Francisco, California 94111<br>Telephone: (415) 956-1000<br>Facsimile: (415) 956-1008 | |

              /s/ Mark S. Mester
              Mark S. Mester
               mark.mester@lw.com
              LATHAM & WATKINS LLP
              330 North Wabash Avenue, Suite 2800
              Chicago, Illinois 60611
              Telephone: (312) 876-7700
              Facsimile: (312) 993-9767