```
                    IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
                             EASTERN DIVISION

IN RE:  NATIONAL COLLEGIATE        )  Docket No. 13 C 9116
ATHLETIC ASSOCIATION STUDENT-      )
ATHLETE CONCUSSION INJURY          )  Chicago, Illinois
LITIGATION,                        )  August 18, 2015
                                   )  9:00 o'clock a.m.

              TRANSCRIPT OF PROCEEDINGS - MOTION
              BEFORE THE HONORABLE JOHN Z. LEE

APPEARANCES:

For Plaintiff Arrington:     CLIFFORD LAW OFFICES, by
                             MS. SHANNON MARIE McNULTY
                             120 North LaSalle Street
                             Suite 3100
                             Chicago, Illinois 60602

For the Plaintiffs:          HAGENS BERMAN SOBOL SHAPIRO, by
                             MS. ELIZABETH A. FEGAN
                             455 North Cityfront Plaza Drive
                             NBC Tower - Suite 2410
                             Chicago, Illinois 60611

                             SIPRUT PC, by
                             MR. RICHARD L. MILLER II
                             MR. GREGG M. BARBAKOFF
                             17 North State Street
                             Suite 1600
                             Chicago, Illinois 60602

For the Objectors:           EDELSON PC, by
                             MR. RAFEY S. BALBANIAN
                             MR. ARI JONATHAN SCHARG
                             350 North LaSalle Street
                             Suite 1300
                             Chicago, Illinois 60654
```

                ALEXANDRA ROTH, CSR, RPR
                 Official Court Reporter
                219 South Dearborn Street
                       Room 1224
                Chicago, Illinois 60604
                    (312) 408-5038

1  APPEARANCES: (Continued)

2  For Defendant NCAA:         LATHAM & WATKINS, by
                                MS. JOHANNA MARGARET SPELLMAN
3                               233 South Wacker Drive
                                Suite 5800
4                               Chicago, Illinois 60606

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1     (Proceedings had in open court:)
2         THE CLERK:  13 C 9116, NCAA Student-Athlete Concussion
3  Injury Litigation, for motion hearing.
4         MS. McNULTY:  Good morning, your Honor.  Shannon
5  McNulty on behalf of Arrington.
6         MS. SPELLMAN:  Good morning, your Honor.  Johanna
7  Spellman on behalf of defendant NCAA.
8         MS. FEGAN:  Good morning, your Honor.  Elizabeth Fegan
9  on behalf of plaintiffs.
10        MR. MILLER:  Good morning, your Honor.  Richard
11 Miller, Siprut PC, on behalf of plaintiffs.
12        MR. BARBAKOFF:  Good morning, your Honor.  Gregg
13 Barbakoff, Siprut PC, on behalf of plaintiffs.
14        MR. BALBANIAN:  Good morning, your Honor.  Rafey
15 Balbanian and Ari Scharg on behalf of the objectors.
16        THE COURT:  All right.  So this is Mr. Arrington's
17 motion for leave to file an opposition to the proposed
18 settlement.  Robert Clifford as well as -- well, Robert
19 Clifford has entered an appearance on behalf of Mr. Arrington,
20 as members of his firms.
21        I guess my question to you is, my understanding is
22 that Mr. Clifford also is counsel for the Nichols plaintiffs,
23 isn't that correct?
24        MS. McNULTY:  That's true, your Honor.
25        THE COURT:  And so my question is, what new objections

1  would be raised by Mr. Arrington in his particular opposition
2  or objections that wouldn't previously be addressed or would
3  not come within the scope of the briefing that I have already
4  provided?
5         MS. McNULTY: There are a few, your Honor. This in
6  fact is the document I seek to file with the Court. But
7  namely, it is a -- a clarification of both the history of Mr.
8  Arrington's involvement in the case and as well a clarification
9  on the effect the proposed settlement would ever have on any
10 individual personal injury claims; namely, the fact that the
11 proposed settlement does indeed have the effect of releasing
12 those claims because none of those claims were preserved.
13        Of course, everyone knows that any claim against a
14 state university in the State of Illinois must be filed with
15 the Court of Claims within one year. And that has not been
16 done. Mr. Arrington's personal injury claims are now gone
17 against the school.
18        THE COURT: So he is objecting to -- I guess I am
19 still not quite clear what exactly he --
20        MS. McNULTY: He is objecting to -- he is reinforcing
21 the objections that have already been placed before the Court.
22 However, he is making a point of further distinction in that
23 despite the defendants -- or excuse me -- despite the
24 plaintiffs for the medical monitoring class arguing that the
25 settlement does not release personal injury claims, the release

1   for the proposed settlement has that effect.  Even if that
2   language is not in such release, that is precisely what the
3   proposed settlement does because it does not allow Arrington
4   and those similarly situated to proceed with this litigation.
5           THE COURT:  I guess I'm still a little confused
6   because whatever release is approved by the Court as part of
7   the settlement would be obviously limited to the specific
8   causes of action that are set forth in the settlement
9   agreement.  And so whatever rights Mr. Arrington may or may not
10  have with regard to personal injury rights on behalf of himself
11  with regard to whatever institutions, those are unaffected
12  either by the filing of this lawsuit or the settlement itself.
13  Isn't that correct?
14          MS. McNULTY:  I don't necessarily agree with that,
15  your Honor.  I think that there is still work to be done in
16  this case specific to a common issue that should be certified
17  and not abandoned as contemplated by the current proposed
18  settlement.
19          The medical monitoring has value for a portion of the
20  class.  However, the proposed settlement would have the effect
21  of causing an abandonment of the remaining litigation that
22  stands to be done in this case.
23          THE COURT:  But my question is, how would the terms of
24  the proposed settlement have that effect?
25          MS. McNULTY:  The terms of the proposed settlement

1  would have that effect because Arrington and those who are in
2  nearly identical situations, would not be able to pursue any
3  further litigation.
4      THE COURT:  On a class-wide basis, right?  Is that
5  what you are saying?
6      MS. McNULTY:  Or an individual basis.
7      THE COURT:  But the individual claims, personal
8  damages claims, at least under the proposed settlement, are
9  expressly reserved.  And so they are not even reserved.  They
10 are just basically -- they are segregated out.  And the
11 settlement isn't going to touch that or -- or deal with any of
12 those issues.
13     So I guess I am still not understanding how, if we
14 focus for this purpose, what I want to do, on Mr. Arrington
15 himself, why would his rights to pursue an individual personal
16 damages claim against whomever be adversely affected by the
17 terms of the proposed settlement?
18     MS. McNULTY:  Because lead counsel did not preserve
19 those claims.  Those claims are no longer viable.  The statute
20 of limitations in the Court of Claims of the State of Illinois,
21 which is the only place that he could pursue relief as it is
22 suggested by lead counsel under the current proposed
23 settlement, those are now gone.  They cannot be -- they cannot
24 be pursued because they were not preserved or protected by lead
25 counsel.

| | |
|---|---|
| 1 | THE COURT: Well, then if that's the case, at this |
| 2 | point I am not -- I don't think I can know one way or the |
| 3 | other. But even assuming that's the case for purposes of |
| 4 | argument, then he would have a malpractice claim against his |
| 5 | counsel. It wouldn't really have anything to do with the terms |
| 6 | of the proposed settlement vis-a-vis the putative class to the |
| 7 | extent that the terms as currently proposed are eventually |
| 8 | proved by the Court if they are approved by the Court. |
| 9 | And so I guess I'm still not understanding how Mr. |
| 10 | Arrington's objections, proposed objections, are any different |
| 11 | in kind than those that the lead objectors or the Court has |
| 12 | determined to be lead objectors -- and by the way who are also |
| 13 | represented by Mr. Clifford and his firm -- how they are |
| 14 | different in kind than those that are already raised in this |
| 15 | action? |
| 16 | MR. BALBANIAN: Your Honor, may I be heard? |
| 17 | THE COURT: Hold on. Let her finish. |
| 18 | MS. McNULTY: Your Honor, I have no doubt that the |
| 19 | Court has been fully apprised of all possible objections or |
| 20 | permutations that the settlement would have. However, we do |
| 21 | have this pleading, which is I think ten or 12 paragraphs, that |
| 22 | simply states for clarity on the record Mr. Arrington's |
| 23 | specific objections, many of which the Court has, of course, |
| 24 | heard on behalf of those similarly situated. However, he was |
| 25 | the and remains the lead plaintiff. And he does have actual |

1 injury. And he has not been consulted in connection with the
2 settlement or it's presentation to the Court. And he has not
3 had any opportunity prior to this motion to articulate those
4 objection.
5     And so that is really, you know, part and parcel to
6 the purpose of the -- the minimal pleading that is going to be
7 filed, if I have leave of Court.
8     MS. FEGAN: Your Honor, I guess I would start that --
9 with the fact that Mr. Clifford has been in this case since
10 October 2013. The subject of the release has been part of
11 ongoing objection over the last two years, the scope of it,
12 whether or not we preserve claims against the NCAA with respect
13 to personal injury as well as our specific request that this
14 Court take steps to ensure that individual personal injury
15 claims are not prejudiced as a result of this settlement. And
16 this Court has been very well aware, rolled up its sleeves and
17 has dove into those issues.
18     We are still at preliminary approval. And Rule 23
19 does provide a mechanism by which Mr. Arrington and any other
20 class member will be able to come forward upon notice to have
21 all these views heard. And to start over again with, you know,
22 a very individual issue, which is apparently Mr. Arrington's
23 concern about his claim against his school -- he will have an
24 opportunity to present that to the Court or in another forum.
25     But the point is that this case has always been about

1   the NCAA and NCAA's duties and its rules.  And it's our beliefs
2   that the rules were deficient.  And the settlement is providing
3   a mechanism by which to correct those rules and to provide
4   medical monitoring for 4.2 million current and former student
5   athletes.
6         So at this point, given the length of time, given the
7   fact that we are already in a fact-based briefing before this
8   Court on Rule 23, we think it makes sense to see that through,
9   to provide notice to all class members.  And Mr. Arrington will
10  have his time and his day in court to present the objection.
11  But it just seems like it's -- this isn't that point.
12        MR. BALBANIAN:  Thank you, your Honor.
13        There is a couple things that I think Arrington is
14  saying.  I think he has a substantive objection to the
15  settlement, as we do.  But he also has a separate objection, I
16  think, from what I read in his papers, which is, I didn't know
17  about the settlement.  I didn't authorize the settlement.
18        That's a significant point.  That goes to the adequacy
19  of counsel.  And as Ms. Fegan remarked, we're at the Rule 23
20  stage.  And the Court has to make a finding on certification.
21  If we have a situation where Mr. Arrington wasn't consulted
22  when it came to signing and agreeing to the settlement
23  agreement, then we have a real problem as far as adequacy of
24  counsel.  And the Court has to make a determination on that
25  point, I think.

1                So if Arrington wants to file a substantive objection,
2   our position is, sure, whatever, of course. But I think on the
3   issue of whether Arrington had notice and an opportunity to
4   agree to this settlement, because it wasn't signed by him, I --
5   I think it's important to understand class counsel's position,
6   to a lesser extent defense counsel's position. But I think
7   certainly that is something it will supplement the record and
8   something that is not before this Court right now.
9                MS. SPELLMAN: Your Honor, if I may? And Mr. Mester
10  asked me to convey his regret that he couldn't be here today.
11  He had a prior work commitment in California.
12               We were likewise somewhat surprised to see the motion
13  filed last week. As the Court is aware, Mr. Nichols has been
14  designated the lead objector. And as Ms. Fegan alluded to, Mr.
15  Clifford has been involved in this case for some time, even
16  appeared on some of Mr. Nichols' filing. So we were a little
17  bit confused as to why his objections couldn't be consolidated
18  with the objections that Mr. Nichols has made.
19               In -- in hearing Mr. Arrington's counsel's explanation
20  for his motion today, it sounds as -- to me, your Honor,
21  that -- and, your Honor, as you noted, he may have a
22  malpractice claim. The reasons that his counsel have given
23  seems to have to do with his potential claim against his -- his
24  school, which is not a party to this case. I didn't hear
25  anything about how the settlement would prejudice his claim

1 against the NCAA.

2 And we don't necessarily oppose this motion. But we
3 are sensitive to the fact that the Court has received quite a
4 lot of briefing on this issue and -- and wouldn't want to
5 unduly burden the Court with unnecessary briefing.

6 THE COURT: All right. Thanks for all the arguments.
7 I appreciate that.

8 I am going to go ahead and allow Mr. Arrington to file
9 his pleading. And the reason I am doing so is as follows, is
10 that Mr. Arrington has a rather unique position in the case as
11 one of the named plaintiffs in one of the various MDL -- or the
12 various class actions consolidated by the MDL Court before me.
13 In light of that particular position as named counsel -- and he
14 was not only named counsel. One of the actions who's the named
15 counsel -- or named plaintiff rather in the action that was
16 originally filed before me in this court.

17 I am going to allow him to file his objections. If I
18 need a response from any of the parties, I will let you know.
19 Otherwise I will take a look at it and consider it with all of
20 the other things that I am looking at as part of the
21 preliminary approval process. Okay?

22 All right. Thank you very much.

23 MS. FEGAN: Thank you, your Honor.

24 (Which were all the proceedings had at the hearing of the
25 within cause on the day and date hereof.)

1      CERTIFICATE

2      I HEREBY CERTIFY that the foregoing is a true, correct

3  and complete transcript of the proceedings had at the hearing

4  of the aforementioned cause on the day and date hereof.

5

6   /s/Alexandra Roth                          8/19/2015
   _____      _____
7    Official Court Reporter                      Date
     U.S. District Court
8    Northern District of Illinois
     Eastern Division