IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION | MDL No. 2492 <br><br> Master Docket No. 1:13-cv-09116 <br><br> This Documents Relates To: <br> All Cases <br><br> Judge John Z. Lee <br><br> Magistrate Judge Geraldine Soat Brown |

**NICHOLS' RESPONSE TO THE NCAA'S SEPTEMBER 15, 2015
*EX PARTE*[1] LETTER TO THE COURT**

Lead Objector Anthony Nichols ("Nichols"), by and through his counsel, respectfully submits this response to Defendant National Collegiate Athletic Association's ("NCAA") recent arguments made through its September 15, 2015 "courtesy copy" correspondence to the Court. For his response, Nichols states as follows:

1. On September 15, 2015, Mark S. Mester, counsel for NCAA, delivered a letter to chambers along with "[a] courtesy copy of the NCAA's response to the July 15, 2015 submission of Mr. Nichols." (September 15, 2015 Correspondence to chambers from Mark S. Mester, attached hereto as Exhibit A.) The letter was not simply a cover for the delivery of courtesy copies, however, as it also addressed substantive points made in Nichols' Second Objections to the Motion for Preliminary Approval of Class Settlement. Specifically, it accused Nichols of violating Fed. R. Evid. 408 by divulging confidential settlement communications from the

---

[1] There is no question that the September 15th letter from the NCAA was a prohibited *ex parte* communication, as the NCAA failed to include all counsel of record on the letter. In an email dated September 15, 2015, Nichols' counsel pointed out that the letter should be withdrawn for a number of reasons, including because it was an *ex parte* communication with the Court. The NCAA has neither corrected nor withdrawn the document.

parties' May 13, 2015 in-chambers conference, (*see*, *e.g.*, Dkt. 201 at 1, n.1). Nichols briefly responds to these points below.

2. First, the conference with the Court was not a settlement conference. Indeed, no parties were asked to prepare (or volunteered) any offers or demands. No one even discussed whether any particular ADR process should be used. Instead, the conference was limited to discussing how best to proceed on the briefing of Nichols' objections. Nichols included a reference to the Court's comments only to explain what he understood his brief was supposed to focus on. This was both necessary and appropriate and, obviously, had nothing to do with an attempt to "prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction[.]" After receiving the letter, Nichols' counsel reached out to Mr. Mester and asked why the NCAA believed Nichols violated Rule 408, but Mr. Mester offered no response. (*See* September 15, 2015 Email Correspondence between Jay Edelson and Mark Mester, attached hereto as Exhibit B.)

3. Second, the NCAA's complaints about Nichols' supposed disclosure of confidential settlement communications are inconsistent with its own actions. Indeed, the NCAA attached *four* emails to its recent briefing that discuss—at length—the same May 13th in-chambers conference. (*See* Exhibits 42, 43, 44, and 45 to Declaration of Johanna Spellman (Dkt. 222-1 at pp. 361-370) (Email correspondence between Ari J. Scharg, Jay Edelson, and Mark Mester).) If the NCAA believed that everything said at the May 13th conference should be kept secret, then one would think they would have moved to file those emails under seal.

4. Finally, it goes without saying that sending a letter (especially an *ex parte* letter) to the Court containing substantive arguments is entirely inappropriate.[2] All such arguments

---

[2] This is actually not the first time that the NCAA has sent an *ex parte* communication to the Court that contains substantive argument. Indeed, in a "courtesy copy" letter dated June 22, 2015, the NCAA made

2

should be made on the public record. This matter is a putative class action that stands to affect some four million individuals. It has drawn (and continues to draw) considerable attention from the public, both from the popular press and members of the proposed Settlement Class. Nichols requests that all substantive communications with the Court—on any aspect of this case—be filed through the Court's CM/ECF electronic filing system. Again, if the NCAA wants to keep substantive matters from the public record, it should move to file such materials under seal pursuant to Local Rules 5.8 and 26.2.

Date:   September 22, 2015            Respectfully submitted,

**ANTHONY NICHOLS**

By: /s/ Jay Edelson
        One of his Attorneys

Jay Edelson
jedelson@edelson.com
Rafey S. Balabanian
rbalabanian@edelson.com
Ari J. Scharg
ascharg@edelson.com
Benjamin S. Thomassen
bthomassen@edelson.com
EDELSON PC
350 N. LaSalle, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

---

substantive arguments regarding the same issues raised in their September 15th letter—i.e., regarding the "propriety" of Nichols' references to the May 13, 2015 in-chambers conference.