# Exhibit A

**Mark S. Mester**
Direct Dial: +1.312.876.7623
mark.mester@lw.com

# LATHAM&WATKINS LLP

330 North Wabash Avenue
Suite 2800
Chicago, Illinois 60611
Tel: +1.312.876.7700 Fax: +1.312.993.9767
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Milan |
| Barcelona | Moscow |
| Beijing | Munich |
| Boston | New Jersey |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

September 15, 2015

**BY HAND DELIVERY**

Judge John Z. Lee
United States District Court for
  the Northern District of Illinois
219 South Dearborn Street, Chambers 1262
Chicago, Illinois 60604

Re:   In re NCAA Student-Athlete Concussion Injury
        Litigation, Case No. 1:13-cv-09116 (N.D. Ill.)

Dear Judge Lee:

A courtesy copy of the NCAA's response to the July 15, 2015 submission of Mr. Nichols is enclosed. As before, Mr. Nichols and his counsel elected to divulge in their July 15, 2015 submission what transpired at the May 13, 2015 settlement conference. See Nichols Mem. (Dkt. #201) at 1 n.1 (referring to the applicability to member institutions of the classwide release). We understand, however, that the discussions that transpired at the May 13, 2015 settlement conference were governed by Federal Rule of Evidence 408. See June 22, 2015 Corresp. fr. M. Mester to Judge Lee. Moreover, we did not understand from what was discussed at the settlement conference that the Court had made a final decision with respect to member institutions nor did we understand the issue raised by the Court at that time to the applicability of the classwide release to member institutions (which was otherwise addressed in the Court's December 17, 2014 Memorandum Opinion and Order) as opposed to the class waiver. But see Nichols Mem. (Dkt. #201) at 1 n.1 (suggesting that the Court "would not approve a class settlement where the NCAA member institutions receive a class-wide release under the current structure"). In any event, we understood the Court's remarks at the May 13, 2015 settlement conference on this issue to be preliminary in nature, and the NCAA will, in turn, formally address this issue when requested by the Court.

Respectfully submitted,

Mark S. Mester
of LATHAM & WATKINS LLP

Enclosure

cc:   Counsel of Record (by email, without enclosure)