# Exhibit B



Ben Thomassen &lt;bthomassen@edelson.com&gt;

## NCAA

**MARK.MESTER@lw.com** &lt;MARK.MESTER@lw.com&gt;  Tue, Sep 15, 2015 at 6:34 PM
To: jedelson@edelson.com
Cc: ascharg@edelson.com, tlogan@edelson.com, bthomassen@edelson.com, atievsky@edelson.com

Jay - We certainly understood the conference to be a settlement conference and likewise understood the Court to be raising the issue of the class waiver vis-a-vis member institutions in a preliminary fashion and not as a final ruling, as otherwise suggested in your July 15, 2015 submission.  Having received no comment or response from you, however, to our earlier letter where we made the same point, we were disappointed that you elected to do the same thing again in your last submission, hence the reason for the second letter.   Moreover, since you didn't object or even address the earlier letter, we certainly had no reason to believe that you objected to us raising the issue with the Court in this fashion.   It is not, however, an ex parte communication, since  you were provided a copy of the letter and can obviously respond as you see fit.   Moreover, I don't know what there is to "strike," since we didn't file our letter.

Best regards.

_____
From: Jay Edelson
Sent: Tuesday, September 15, 2015 3:25:18 PM
To: Mester, Mark (CH)
Cc: Ari Scharg; Todd Logan; Ben Thomassen; Alex Tievsky
Subject: NCAA

Mark,

I noticed that, under the guise of a courtesy copy, you engaged in an ex parte communication with the Court, wherein you suggest that I somehow violated Rule 408 in setting out the contours of our brief.  When I looked at previous letters to the court, I was astonished to find that you did this at least once before.

Let me start by responding to the substance of your letter.  First, the conference with the Court was not a settlement conference.  We did not discuss a single aspect of settlement, not substantively (i.e. what modifications might work) nor procedurally (what ADR process would achieve a resolution).  Instead, the sole focus was on how to tee up our "class certification has value" argument.

Second, our comments about the conference were not used to admit into evidence any fact that might "prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction."  See Rule 408.  Instead, it was simply to make clear what we were instructed to write about and what we were not.

Third, if you felt that Rule 408 somehow would prohibit all communications about the conference, you would not have attached undredacted email correspondence between us where we reference and debate what happened at that conference.  See Aug. 4 email wherein I detail what transpired at the conference and your response disagreeing.  (Your decision to attach a slew of irrelevant discovery emails is bizarre, though not improper under the rules.)

Fourth, if you felt that any such disclosure was material, one would presume that you would have taken immediate action to block the filing from the public record.  Instead you waited several months to even bring this up (and still are not asking the Court to take any action to remove it from the record).

I believe that you should consent to an immediate stipulation striking your letters.  Failing that, we will contemplate what the appropriate next steps should be given your conduct.

Best,

Jay


Jay Edelson | Edelson PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
1.312.589.6375 (direct) | 1.312.589.6370 (firm) | 1.312.589.6378 (fax)
jedelson@edelson.com<mailto:jedelson@edelson.com> | www.edelson.com<http://www.edelson.com>

Please consider the environment before printing this e-mail

CONFIDENTIALITY AND LIABILITY FOR MISUSE.
The information contained in this communication is the property of Edelson PC.  It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s).  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited.  If you have received this communication in error, please notify Edelson PC immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.
-----------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
-----------------------------------------------------------