**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| | **MDL No. 2492** |
| **IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION** | **Master Docket No. 1:13-cv-09116** |
| | **This Documents Relates To: All Cases** |
| | **Judge John Z. Lee** |
| | **Magistrate Judge Geraldine Soat Brown** |

**DECLARATION OF ARI J. SCHARG**

Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

1.      I am over the age of 18 and am fully competent to make this declaration. I am a Partner at the law firm of Edelson PC, which has been retained to represent Plaintiff Anthony Nichols in this matter. This declaration is based upon my personal knowledge. I make this Declaration in support of Mr. Nichols' Combined Reply in Support of His Second Objections to Motion for Preliminary Approval of Class Settlement.  If called upon to testify as to the matters stated herein, I could and would competently do so.

2.      Attached hereto as Exhibit A is a true and accurate copy of an email sent by Jay Edelson to Mark Mester on August 4, 2015.

3.      Attached hereto as Exhibit B is a true and accurate copy of an email sent by Mark Mester to Jay Edelson on August 5, 2015.

/s/ Ari J. Scharg
_____

# Exhibit A



**Ben Thomassen <bthomassen@edelson.com>**

## RE: NCAA MDL -- Response to 07-31-15 E-mail re Nichols Discovery

**Jay Edelson** <jedelson@edelson.com>                          Tue, Aug 4, 2015 at 10:34 AM
To: Steve Berman <Steve@hbsslaw.com>
Cc: "<Johanna.Spellman@lw.com>" <Johanna.Spellman@lw.com>, "<MARK.MESTER@lw.com>"
<MARK.MESTER@lw.com>, "<ascharg@edelson.com>" <ascharg@edelson.com>, "Elizabeth A. Fegan"
<beth@hbsslaw.com>, "<jsiprut@siprut.com>" <jsiprut@siprut.com>, "<bthomassen@edelson.com>"
<bthomassen@edelson.com>

I think that people may be operating under a misunderstanding of the facts.  Here they are:

1.  Judge Lee asked all of us whether we wanted to submit the issue of whether a class could be certified against the NCAA to him without additional discovery in the context of objecting to the current iteration of the settlement or as a full class cert motion with more discovery.

2.  Everyone agreed to the former - in fact that was the express preference of the NCAA and Class Counsel; we were agnostic.  (Mark remembers saying that he was reserving the issue of whether he needed more discovery until he saw our brief.  That is inaccurate.  He said only that he didn't know how long he would need to respond to our brief until he saw it.)

3.  The Court then entered a minute order memorializing what happened:

**MINUTE entry before the Honorable John Z. Lee: . . . As the Court has previously noted, class and merits discovery already has been taken in the Arrington case, and the parties should incorporate this discovery in their memoranda to the extent necessary. Mailed notice(ca, )**

4.  On Friday, Mark -- for the first time -- asked for some discovery into our putative class rep ("The Putative Rep") because inter alia it would bear on the issue of superiority (which in turn seems to be based on an argument that Steve never took proper discovery into).  Steve agreed that not only would written discovery be appropriate but also that the NCAA should be allowed take his deposition, even though the NCAA did not even request that.  This would delay the briefing considerably; something that seems to matter intermittently, to Class Counsel.

5.  When we said that we would like some limited discovery as well, the NCAA appeared to be open to it but Steve objected based on the idea that it would delay things.  He did not ask what we needed, nor did he have any reason to conclude that what we needed would take longer to get than the considerable time the NCAA and Class Counsel have to respond to our brief, let alone the extended time necessitated by discovery into The Putative Rep.

Our suggestion is as follows:  Why don't we agree to convert our objection brief into an actual class cert motion, as Judge Lee discussed with us originally?  The NCAA could depose the person we put up as the class rep and take quick written discovery as well.  (Class Counsel, I guess, could also participate in the deposition, though we would like to understand whether it opposes adversarial class certification.)  We don't need much discovery ourselves; really we just want to understand the basis for Mark's point about the NCAA's experience fighting these cases and why the NCAA thinks the individual cases are worth so much and would be pursued outside of a class action.  (If the NCAA is not going to introduce any new facts on this point, we would not need discovery.)

Mark -- I'm happy to jump on the phone to further discuss this.  Again, I suggested an in person meeting not to delay things (you'll note how responsive we have been) but because they generally save time (see this email trail as an example).

Best,

Jay

Jay Edelson | Edelson PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
1.312.589.6375 (direct) | 1.312.589.6370 (firm) | 1.312.589.6378 (fax)
jedelson@edelson.com | www.edelson.com

Please consider the environment before printing this e-mail

CONFIDENTIALITY AND LIABILITY FOR MISUSE.
The information contained in this communication is the property of Edelson PC.  It is confidential, may be attorney work product, attorney-client
privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s).  Unauthorized use,
disclosure or copying of this communication or any part thereof is strictly prohibited.  If you have received this communication in error, please notify
Edelson PC immediately by return e-mail and destroy this communication and all copies thereof, including all attachments.
Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including
any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue
Code or (ii) promoting, marketing or recommending to another person any tax-related matter.
[Quoted text hidden]

# Exhibit B



**Ben Thomassen <bthomassen@edelson.com>**

---

# RE: NCAA MDL -- Nichols Discovery

**MARK.MESTER@lw.com** <MARK.MESTER@lw.com>      Wed, Aug 5, 2015 at 2:04 PM
Reply-To: MARK.MESTER@lw.com
To: jedelson@edelson.com
Cc: Johanna.Spellman@lw.com, Steve@hbsslaw.com, beth@hbsslaw.com, jsiprut@siprut.com, bthomassen@edelson.com, ascharg@edelson.com

Jay – We obviously have somewhat different recollections as to what transpired at the May 13, 2015 settlement conference. To cut to the chase, however, and in the continuing spirit of cooperation, we only intend to address in our response to your July 15, 2015 submission publicly-available documents from the individual cases that have been filed against the NCAA, and we can and will provide all of those documents to you on an expedited basis if you will agree to provide us the limited information requested in my July 31, 2015 letter. There is no need, however, for you to convert your July 15, 2015 submission to a contested motion for class certification in order for us to provide those documents and that information to you, nor do we think it would be appropriate for you to undertake such a conversion for the reasons we explained to the Court at the May 13, 2015 settlement conference. Moreover, it was our clear sense at the May 13, 2015 settlement conference that Judge Lee preferred assessing the likelihood of Mr. Nichols being able to obtain and maintain certification of a personal injury class in the context of his fairness analysis as opposed to deciding what in many respects would otherwise only be a hypothetical motion for class certification.

I am traveling today, but Johanna should be available to discuss this in more detail with you if you wish.

**Mark S. Mester**


**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.876.7623
Fax: +1.312.993.9767
Email: mark.mester@lw.com
http://www.lw.com