**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION | ) ) ) ) ) ) ) ) ) ) | MDL No. 2492<br><br>Master Docket No. 1:13-cv-09116<br><br>**This Document Relates to All Cases**<br><br>**Judge John Z. Lee**<br><br>**Magistrate Judge Geraldine Soat Brown** |

**MOTION OF THE NCAA FOR LEAVE TO SUPPLEMENT
THE RECORD PREVIOUSLY PRESENTED TO THE COURT**

Defendant National Collegiate Athletic Association ("NCAA"), through its counsel, respectfully requests leave to supplement the record previously presented to the Court regarding the matters addressed in the Court's January 26, 2016 Memorandum Opinion and Order. In support of this motion, the NCAA states as follows:

1. In their July 15, 2015 submission, Anthony Nichols ("Nichols") and his counsel proposed for the Court's consideration in the context of its fairness analysis two separate classes: (1) a nationwide Rule 23(b)(3) damages class for the adjudication of the bodily injury claims of persons who had had a documented concussion while participating in an NCAA athletic event and who had also received a documented diagnosis or, in the alternative, (2) a Rule 23(c)(4) core issues class. See Nichols Mem. (Dkt. #201) at 1. The NCAA, in turn, addressed in detail in its September 14, 2015 submission the multiple reasons why neither class proposed by Nichols and his counsel could properly be certified. See NCAA Resp. to Nichols Mem. (Dkt. #222) at passim.

2. After extensive briefing of these two issues by Nichols, the NCAA and Class Counsel, the Court issued a comprehensive opinion on January 26, 2016, addressing both the

Rule 23(b)(3) issue as well as the Rule 23(c)(4) issue.[1] See Mem. Op. and Order (Dkt. #246). The Court concluded that the likelihood of certification of either the bodily injury class or the core issues class was "minimal, at best" and that accordingly, the ability of class members to pursue these types of claims on a class basis was of "minimal value." See id. at 14. The Court further concluded it was "highly unlikely that Plaintiffs would be able to certify a nationwide personal injury class under Rule 23(b)(3)," such that "this procedural right has little, if any, value." See id. at 28. The Court likewise concluded that the core issues class "likely would not satisfy the requirements of Rule 23(c)(4) and has little, if any, value to the putative class members." See id. at 33.

       3.      In its January 26, 2016 Memorandum Opinion and Order, however, the Court also noted that the focus of the earlier briefing had been on the two classes proposed by Nichols and his counsel and that the factual record presented to the Court did not provide sufficient facts to assess whether classes "much more narrowly defined in terms of size, type of sport, and/or time period" could ever be certified. See id. at 28. More specifically, the Court ruled that in terms of the feasibility of a narrower, single-school or single-school / single-sport Rule 23(b)(3) class, such claims would face "significant, perhaps insurmountable, hurdles," but that "the Court simply is unable to evaluate the strength (or value) of such a procedural claim on the limited record before it." See id. at 29. Accordingly, the Court requested that the Parties consider modifying the class waiver in the Settlement Agreement so as to exclude from its scope single-school or single-school / single-sport class cases filed against the NCAA and/or its member institutions. See id. at 45. The Court indicated that if the Parties and the NCAA "are agreeable

---

[1] Capitalized terms have the meaning ascribed to them in the Amended Settlement Agreement, which is Exhibit 1 to the joint motion for preliminary approval filed with the Court on April 14, 2015. See Am. Settlement Agt. (Dkt. #154-1) (hereinafter cited as the "ASA").

to these modifications or are otherwise able to address the Court's concerns, preliminary approval of the amended class settlement is granted." See id. at 3 (emphasis supplied).

4. The Parties appreciate the fact that the record presented to the Court in connection with the July 15, 2015 submission made by Nichols and his counsel was largely limited to materials relevant to the viability of the Rule 23(b)(3) and Rule 23(c)(4) classes proposed by Nichols. See, e.g., Nichols Mem. (Dkt. #201-1) at 72-78. Likewise, the briefing provided by the Parties and Nichols' counsel clearly focused on that record as well as the issues raised by Nichols and the classes proposed by him. See, e.g., NCAA Resp. to Nichols Mem. (Dkt. #222) at 21 n.21, 25-26.

5. Other aspects of the Arrington record that were not provided to the Court, however, directly bear upon the viability of the single-school and single-school / single-sport classes that were referred to in the Court's January 26, 2016 Memorandum Opinion and Order. See, e.g., Mem. Op. and Order (Dkt. #246) at 45. These issues include ascertainability, typicality, predominance, manageability and superiority. See, e.g., NCAA Resp. to Nichols Mem. (Dkt. #222) at 9-11, 21-26, 31-32. Moreover, the NCAA has requested that its expert, the Claro Group, undertake a comprehensive analysis of the numerosity issues that would be posed by single-school or single-school / single-sport classes.[2] As such, we respectfully submit that it

---

[2] Numerosity was, of course, barely addressed in the briefing on Nichols' July 15, 2015 submission. See Nichols Mem. (Dkt. #201) at 15-16. While the NCAA took issue with many aspects of Nichols' proposed Rule 23(b)(3) and Rule 23(c)(4) classes, there was no legitimate dispute that both nationwide classes would have satisfied the numerosity requirement of Rule 23(a)(1). See NCAA Resp. to Nichols Mem. (Dkt. #222) at passim (challenging Nichols' proposed classes on various grounds other than numerosity). There are very significant questions, however, whether a single-school or single-school / single-sport class could ever meet the numerosity requirement, separate and apart from the other requirements of Rule 23. See, e.g., Rivera v. Grossinger Autoplex, Inc., 2000 WL 1280904, at *3 (N.D. Ill. 2000) ("[A] small number militates against certification."). But if these types of classes could not satisfy the numerosity requirement of Rule 23(a)(1), then the value of the

(continued...)

would be appropriate to allow the Parties to supplement the record previously provided to the Court in connection with Nichols' objections so that the Court can assess as part of its fairness analysis the value of the procedural rights implicated by the proposed carve out to the class waiver.[3]

6. The NCAA is prepared to submit within forty-five (45) days of the submission of this memorandum the full analysis prepared by Claro, along with all of the underlying data relied upon by Claro and a memorandum addressing the viability of a single-school class and single-school / single-sport class, based upon the supplemental materials in the record not presently provided to the Court. To the extent Nichols and his counsel wish to file a responsive memorandum, they can file that on whatever date is acceptable to them and the Court, and then, the NCAA will file a reply (if necessary) within twenty-one (21) days. To the extent the Court then wishes to hear testimony on the Claro analysis, the NCAA and Claro will make themselves available at the Court's convenience.[4]

Dated: February 29, 2016

Respectfully submitted,

/s/ Mark S. Mester
Lead Counsel for Defendant
National Collegiate Athletic Association

---

(...continued)
procedural right to bring such cases (like Nichols' proposed Rule 23(b)(3) and Rule 23(c)(4) classes) is basically nil. See Mem. Op. and Order (Dkt. #246) at 14.

[3] This supplemental record along with the comprehensive data analysis being performed by Claro would not only be relevant to the Court's fairness analysis, it would also appear likely that if any single-school or single-school / single-sport class cases were ever filed, those cases would be transferred to this Court pursuant to conditional transfer orders as tag-along actions, in which case the numerosity of other Rule 23 issues would be before the Court. See Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation Rule 7.1.

[4] Class Counsel have advised us that they do not oppose this motion.

Mark S. Mester
  mark.mester@lw.com
Johanna M. Spellman
  johanna.spellman@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

J. Christian Word
  christian.word@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

# CERTIFICATE OF SERVICE

I, Mark S. Mester, certify that on February 29, 2016, a true and correct copy of the MOTION OF THE NCAA FOR LEAVE TO SUPPLEMENT THE RECORD PREVIOUSLY PRESENTED TO THE COURT was filed through the ECF system and served upon the following parties by prepaid first class mail.

Timothy J. McIlwain
McIlwain Professional Building
2020 New Road, 2nd Floor
Linwood, New Jersey 08221
Telephone: (877) 375-9599
Facsimile: (609) 450-7017
E-mail: attorney@mcilwainlaw.com

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN &
BERNSTEIN
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Edgar D. Gankendorff
PROVOSTY & GANKENDORFF, L.L.C.
650 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 410-2795
Facsimile: (504) 410-2796

/s/ Mark S. Mester
Mark S. Mester
  mark.mester@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767