**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| **IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION** | MDL NO. 2492<br><br>Master Docket No. 13-cv-09116<br><br>Judge John Z. Lee<br><br>Magistrate Judge Geraldine Soat Brown |

**JOINT MOTION FOR PRELIMINARY APPROVAL OF SECOND
AMENDED CLASS SETTLEMENT AND CERTIFICATION OF
<u>SETTLEMENT CLASS AND SETTLEMENT SUBCLASSES</u>**

Plaintiffs Derek Owens, Kyle Solomon, Angela Palacios, Abram Robert Wolf, Sean Sweeney, Jim O'Conner, Dan Ahern, Paul Morgan, Jeffrey Caldwell, John DuRocher, Sharron Washington, Shelby Williams, Brice Sheeder, Shavaughne Desecki, Spencer Trautmann, Ryan Parks, Ursula Kunhardt, and Jessica Miller, on behalf of themselves and as representatives of the Settlement Class, through Class Counsel,[1] and the National Collegiate Athletic Association ("NCAA"), through its counsel, respectfully move the Court for preliminary approval of the Second Amended Class Action Settlement Agreement and Release under Rule 23(b)(2).[2]

---

[1] Capitalized terms have the same meaning as defined in the Second Amended Class Action Settlement Agreement and Release ("Second Amended Settlement" or "Sec. Am. SA"), attached hereto as Exhibit 1. A red-lined version of the Second Amended Class Action Settlement Agreement and Release is also attached as Exhibit 2. "Class Counsel" means Steve W. Berman of Hagens Berman Sobol Shapiro LLP and Joseph Siprut of Siprut PC as Lead Class Counsel ("Lead Counsel"), Richard Lewis of Hausfeld LLP as Special Class Counsel for Medical Monitoring Relief, and Charles Zimmerman of Zimmerman Reed, James Dugan of the Dugan Law Firm, and Mark Zamora of The Orlando Law Firm as the Executive Committee. Sec. Am. SA, ¶ II(E).

[2] The Class Representatives and the NCAA are jointly referred to herein as the "Parties." Because of their differing positions in the underlying litigation, Plaintiffs and the NCAA are filing separate memoranda in support of this motion.

The Parties also move for the certification of a settlement class and two settlement sub-classes under Rule 23(b)(2). The Settlement Class is defined as:[3]

All Persons who played an NCAA-sanctioned sport at an NCAA member institution on or prior to the Preliminary Approval Date.[4]

The Contact Sport Settlement Subclass is defined as:

All Persons who played an NCAA-sanctioned Contact Sport at an NCAA member institution on or prior to the Preliminary Approval Date.[5]

And the Non-Contact Sport Settlement Subclass is defined as:

All Persons who played an NCAA-sanctioned non-Contact Sport at an NCAA member institution on or prior to the Preliminary Approval Date.[6]

The following are excluded from the Settlement Class and the Settlement Subclasses:

(i) the NCAA and the NCAA's officers and directors; (2) Class Counsel; (3) the Special Master; and (4) the judges who have presided over this Litigation.[7]

In addition, the parties move for appointment of the following Plaintiffs as Class Representatives for the Settlement Class: Derek Owens, Kyle Solomon, Angelica Palacios, Abram Robert Wolf, Sean Sweeney, Jim O'Connor, Dan Ahern, Paul Morgan, Jeffrey Caldwell, John DuRocher, Sharon Washington, Shelby Williams, Brice Sheeder, Shavaughne Desecki, Spencer Trautmann, Ryan Parks, Ursula Kunhardt, Jessica Miller, Anna Bartz, Peter Dykstra, DaChe

---

[3] The NCAA does not object to an order granting this motion solely for the purposes of implementing the Second Amended Settlement and effectuating the Settlement but expressly reserves the right to contest the suitability of class treatment of these or any other claims for contested litigation and/or trial. Sec. Am. SA, ¶ III(B), (C).

[4] *Id*., ¶ III(A).

[5] *Id*.

[6] *Id*.

[7] *Id*.

Williams, Rachel Harada, Natalie Harada, and Adam Walker.[8]  The parties further move for appointment of the following Plaintiffs as Class Representatives for the Contact Sport Settlement Subclass:  Derek Owens, Angelica Palacios, Kyle Solomon, Rachel Harada, Natalie Harada, and Dache Williams.[9]  And the Parties move for appointment of the following Plaintiffs as Class Representatives for the Non-Contact Sport Settlement Subclass:  Shelby Williams, Brice Sheeder, Shavaughne Desecki, Spencer Trautmann, Ryan Parks, Ursula Kunhardt, Jessica Miller, Adam Walke, Anna Bartz, and Peter Dykstra.[10]

As reflected in more detail in Plaintiffs' Memorandum in Support of Joint Motion for Preliminary Approval of Second Amended Class Settlement and Certification of Settlement Class and Settlement Subclasses and in the separate supporting memorandum to be filed by the NCAA, each of the changes to the settlement agreement required by the Court in its Memorandum Opinion and Order (Dkt. No. 246), dated January 26, 2016 (the "Order") has been made by the Parties in the Second Amended Settlement, including:

- the creation of subclasses for contact and non-contact sports;[11]

- changes to the extent of notice to the settlement class and subclasses;[12]

- deletion of provisions allowing subrogation or reimbursement of program costs;[13]

- direct payment of certain Settlement Class Members' Medical Evaluation costs;[14]

- provisions relating to the end of Medical Monitoring Period;[15]

---

[8] *Id.*, ¶ II(F).

[9] *Id.*, ¶ II(G).

[10] *Id.*, ¶ II(H).

[11] *See* Order at 16; Sec. Am. SA, ¶ III(A).

[12] *See* Order at 41; Sec. Am. SA, ¶ XI(A)(2).

[13] *See* Order at 47-48; Sec. Am. SA, ¶ IV(B)(5)(g).

[14] *See* Order at 50; Sec. Am. SA, ¶ VI(A)(4).

- changes relating to NCAA's contribution of $5 million toward concussion research;[16]

- changes relating to publicity campaign;[17]

- expressly allowing the Court to request reports regarding the status of the Medical Monitoring Program;[18] and

- excluding Class Counsel from waiver of future claims.[19]

The only change required by the Court that the Parties do not fully implement in the Second Amended Settlement relates to Class Members' release of class-wide claims for personal injury. This Court stated that "the scope of the release of class-wide personal injury claims must be limited to those instances where the plaintiffs or claimants seek a nationwide class or where the proposed class is comprised of student-athletes from more than one NCAA-affiliated school."[20] But because a single-school, multi-sport bodily injury class could not be certified, as fully explained in the Parties' memoranda in support of this motion, the Parties move the Court to approve the release of "any and all claims, actions, causes of action, rights, demands, suits, debts, liens, contracts, agreements, offsets or liabilities brought or pursued on a class-wide basis (other than claims pursued on behalf of a class of persons who allege personal injuries or bodily injuries resulting from their participation in a single NCAA-sanctioned sport at a single-NCAA member school, and relating to concussions or sub-concussive hits or contact)…."[21]

---

[15] See Order at 51; Sec. Am. SA, ¶ IV(A)(4).

[16] See Order at 51-52; Sec. Am. SA, ¶ X(A).

[17] See Order at 52; Sec. Am. SA, ¶ XI(A)(3).

[18] See Order at 52; Sec. Am. SA, XXI(L).

[19] See Order at 18 n.10; Sec. Am. SA, XXI(F).

[20] Order at 45 (footnote omitted).

[21] Sec. Am. SA, ¶ II(RR) (emphasis added).

- 4 -

The proposed Settlement Class and Class Representatives satisfy Rule 23(a)'s require-ments: (i) the size of the proposed Settlement Class makes joinder impracticable; (ii) the pro-posed Settlement Class members share common questions of law and fact; (iii) Plaintiffs' requests for medical monitoring relief and changes to the NCAA's concussion-management policies are typical of the relief needed by the proposed Class; and (iv) Plaintiffs and their coun-sel will vigorously protect the proposed Settlement Class's interests. For the same reasons, both the Contact Sport Settlement Subclass and the Non-Contact Sport Settlement Subclass satisfy Rule 23(a)'s requirements.

The Settlement Class and the Settlement Subclasses also satisfy Rule 23(b)(2), which provides for class treatment where defendant has "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."[22] Plaintiffs' claims for medical monitoring relief and changes to the way the NCAA handles concussion management are based on conduct that is "generally applicable to the class."

The Settlement Agreement provides final relief to the entire Class and does not "require[] thousands of individual determinations of class membership, liability, and appropriate reme-dies."[23] Rather, the relief is purely for injunctive, non-monetary medical monitoring relief which expressly reserves the right of Class Members to pursue any and all claims other than medical monitoring and accordingly should be certified under Rule 23(b)(2),[24] with Notice to the Class and the right for Settlement Class Members to exclude themselves pursuant to Rule 23(d)(1).

---

[22] FED. R. CIV. P. 23(b)(2); *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 892 (7th Cir. 2011).

[23] *Cf.*, *Jamie S. v. Milwaukee Pub. Schs.*, 668 F.3d 481, 499 (7th Cir. 2012).

[24] MANUAL FOR COMPLEX LITIGATION § 22.74, at 427 (4th ed. 2004) (footnote omitted) (advising that "Rule 23(b)(2) generally applies" to a mass tort class for medical monitoring

- 5 -

The Parties seek an order, under this Court's powers under Rule 23(d) "to protect class members and fairly conduct the action," to provide notice to the Class members and granting them the right to exclude themselves.  By requesting a Rule 23(d) order, the Parties seek to provide Settlement Class Members the "safeguards … [which are] the functional equivalent of those offered by Rule 23(b)(3)."[25]

The Parties also move the Court to find that the Second Amended Settlement is within the range of possible approval, direct that Notice be provided to the Settlement Class, and schedule a Fairness Hearing to determine whether the Settlement is fair, adequate, and reasonable.  The Settlement is within the range of possible approval because:  (1) the comprehensive Medical Monitoring Program for all living NCAA athletes under 50 states' laws and significant changes to the NCAA's concussion-management and return-to-play guidelines exceeds the relief that Plaintiffs could achieve after a win on the merits; (2) the likely complexity, length, and expense of continued litigation outweighs any benefits to the Settlement Class; (3) the Settlement Class Representatives support the Settlement; and (4) Lead Counsel has conducted full merits discovery and with the benefit of making a fully-informed assessment of the risks and benefits of continued litigation versus Settlement believes that the Settlement is in the best interests of the Settlement Class.  Further, the Court previously held that the Settlement was "within the range of possible approval," subject to several modifications that the Parties have made.[26]

---

"when the relief sought is a court-supervised program for periodic medical examination and research to detect diseases attributable to the product in question.").

[25] *Williams v. Burlington N., Inc*., 832 F.2d 100, 103-04 (7th Cir. 1987) (finding that the district court did not abuse its discretion in certifying a class for purposes of a settlement, which provided both monetary and equitable relief in an employment discrimination case, under Rule 23(b)(2), where the class members were provided notice and an opportunity to object to the settlement), *cited with approval in Lemon v. Int'l Union of Operating Eng'rs, Local No. 139*, 216 F.3d 577, 582 (7th Cir. 2000).

[26] *See* Order at 42.

- 6 -

Accordingly, as more fully described in the memoranda filed by the Parties with this motion and in the supporting documents, the Parties respectfully request that the Court grant the Motion and enter an order:  (i) certifying the Settlement Class; (ii) certifying the Contact Sport Settlement Subclass; (iii) certifying the Non-Contact Sport Settlement Subclass; (iv) granting Preliminary Approval of the Second Amended Settlement; (v) directing that Notice be provided to the Settlement Class; and (vi) scheduling a Fairness Hearing.

Date:  May 20, 2016

Respectfully submitted,

By: ___/s/ Steve W. Berman_____
       Steve W. Berman
*steve@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
206.623.7292
Fax: 206.623.0594

Elizabeth A. Fegan
*beth@hbsslaw.com*
Thomas E. Ahlering
*toma@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
1144 W. Lake Street, Suite 400
Oak Park, IL 60301
708.628.4949
Fax: 708.628.4950

*Lead and Settlement Class Counsel*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on May 20, 2016, a true and correct copy of the foregoing was filed electronically via CM/ECF, which caused notice to be sent to all counsel of record.

By: ___*/s/ Steve W. Berman*___
Steve W. Berman

010270-12 773886 V1