APPENDIX A

Table of Authorities Denying Class Certification of a Personal Injury Class

*Smith v. Sherriff of Cook Cnty.*, 2008 WL 1995059, at *3 (N.D. Ill. May 6, 2008) (denying certification of a class of inmates who were allegedly injured by a lack of dental treatment noting "[T]he plaintiff has not cited any other case in which a class was certified in which the predominant claim was one of injury and the court has found none.").

*In re Air Crash at Sioux City, Iowa on July 19, 1989*, 1990 WL 6891, at *2 (N.D. Ill. Jan. 9, 1990) (denying class certification and finding that common questions did not predominate because "[T]here are no significant common issues of damages. These claims for death and personal injury are highly individualized and must be resolved individually.").

*Hurd v. Monsanto Co.*, 164 F.R.D. 234, 240 (S.D. Ind. 1995) (denying class certification for personal injury class because "causation in a personal injury case … will necessarily be different for every person in the proposed class, based on each person's length of exposure to [PCBs], notice, pre-existing medical conditions and other factors.") (internal quotations omitted).

*In re Katrina Canal Breaches Consol. Litig.*, 258 F.R.D. 128, 140 (E.D. La. 2009) (denying motion for class certification and holding that "[T]he proposed class suffers from individual issues of … measuring personal injury damage, determining causation, and assessing affirmative defenses.").

*Benner v. Becton Dickinson & Co.*, 214 F.R.D. 157, 173 (S.D.N.Y. 2003) (denying class certification in personal injury case and finding the superiority requirement for class certification was not satisfied).

*Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 633 (3d Cir. 1996) (a class action was not a superior means for resolving personal injury claims against manufacturers of asbestos-containing products where "the amounts at stake for individuals" were not "so small that separate suits would be impracticable"), *aff'd*, 521 U.S. 591 (1997).

*Yandle v. PPG Indus., Inc.*, 65 F.R.D. 566, 569, 572 (E.D. Tex. 1974) (denying class certification in massive tort action against asbestos plant noting that "Class actions [under Rule 23] have had limited application in the past in mass tort cases."; "[T]he Court finds that the members of the purported class have a vital interest in controlling their own litigation because it involves serious personal injuries and death in some cases.").

*In re Rezulin Prods. Liab. Litig.*, 210 F.R.D. 61, 65-66 (S.D.N.Y. 2002) (rejecting an attempt to certify a personal injury class action for personal injuries sustained through consumption of a drug because of "the individualized nature of the causation inquiries" as class members took the drug at different times, for different periods, and in different amounts and the issue of causation will depend on unique individualized characteristics).

*In re Paxil Litig.*, 212 F.R.D. 539, 548 (C.D. Cal. 2003) (denying class certification in a products liability suit for personal injuries sustained and holding that individual issues were "an

# APPENDIX A

## Table of Authorities Denying Class Certification of a Personal Injury Class

overarching barrier to class action treatment," including that the "putative plaintiffs … took Paxil at various times, with different dosages" and "the symptoms and injuries allegedly suffered by the plaintiffs vary from individual to individual").

*In re N. Dist. of Cal., Dalkon Shield IUD Prods. Liab. Litig.*, 693 F.2d 847, 852 (9th Cir. 1982) (denying class certification and recognizing the "inherent obstacles to personal injury class actions … especially those alleging negligence … over extended periods").

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 208 F.R.D. 625, 631-32 (W.D. Wash. 2002) (denying class certification on behalf of persons who suffered injuries after ingesting products containing phenylpropanolamine (PPA) noting "[a]n assessment of specific causation … necessarily dissolves into a myriad of individualized causation inquires"; causation inquiries inevitably will require evidence of "an individual's family and medical history; age; gender; diet; [and] lifestyle").

*Brown v. Se. Pa. Transp. Auth.*, 1987 WL 9273, at *6, *10 (E.D. Pa. Apr. 9, 1987) (denying class certification for personal injuries arising from storage of polychlorinated biphenyls at defendant's rail yard noting that "[s]ome class members may have been exposed … for a few months, while others, for a lifetime. Some will have been exposed to low levels … and others to high levels"; moreover, a defendant's affirmative defenses, "depend on facts peculiar to each plaintiff's case.").

*Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1230 (9th Cir. 1996) (denying class certification to a class of persons injured by an epilepsy drug and finding that the class did not satisfy "[t]he important Rule 23 requirements, including the predominance of common issues over individual issues and the superiority of class adjudication over other litigation alternatives").

*Krueger v. Wyeth, Inc.*, 2008 WL 481956, at *2-3 (S.D. Cal. Feb. 19, 2008) (denying class certification of class members' potential personal injury claims).

*Delaney v. Borden, Inc.*, 99 F.R.D. 44 (E.D. Pa. 1983) (denying class certification due to highly individualized nature of claims and amount of requested monetary relief for personal injuries).

*Puerto Rico v. M/V Emily S.*, 158 F.R.D. 9, 15 (D.P.R. 1994) (denying class certification in action arising from personal injuries caused by exposure to fumes from fuel oil spill from barge because individual issues predominated; "Even if the plaintiffs succeeded in establishing the fault or negligence …, the personal injury claimants would still have the bulk of their cases to prove, because any successful personal injury claimant will still have to prove injury in fact and causation.").

*Neenan v. Carnival Corp.*, 199 F.R.D. 372 (S.D. Fla. 2001) (denying class certification for personal injuries caused when fire rendered cruise ship's sanitary system inoperable and noting numerous individual issues of causation and injury defeating class treatment).

# APPENDIX A

## Table of Authorities Denying Class Certification of a Personal Injury Class

*Castano v. Am. Tobacco Co.*, 84 F.3d 734 (5th Cir. 1996) (decertifying class action on behalf of all smokers alleging personal injuries).

*In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726 (2d Cir.1993) (vacating limited fund class action).

*In re Bendectin Prods. Liab. Litig.*, 749 F.2d 300 (6th Cir. 1984) (granting mandamus reversing class certification on behalf of class to recover for injuries sustained by persons exposed in utero to prescription drug).

*Harding v. Tambrands Inc.*, 165 F.R.D. 623, 629 (D. Kan. 1996) (denying certification of nationwide class of persons alleging toxic shock syndrome).

*Kurczi v. Eli Lilly & Co.*, 160 F.R.D. 667 (N.D. Ohio 1995) (denying nationwide class certification on behalf of class of women who suffered damage to their reproductive systems due to their exposure to drug in utero).

*Bethards v. Bard Access Sys., Inc.*, 1995 WL 75356 (N.D. Ill. Feb. 21, 1995) (recommending denial of class certification in products liability action regarding catheters).

*Ikonen v. Hartz Mountain Corp.*, 122 F.R.D. 258 (S.D. Cal. 1988) (denying class certification in flea and tick spray products liability action).

*In re Tetracycline Cases*, 107 F.R.D. 719 (W.D. Mo. 1985) (denying certification for persons who suffered tooth discoloration or other injuries as a result of their mother's ingestion of drug).

*Mertens v. Abbott Labs.*, 99 F.R.D. 38 (D.N.H. 1983) (denying certification of class of persons injured by drug and finding that individual issues of causation and damages predominated).

*Ryan v. Eli Lilly & Co.*, 84 F.R.D. 230 (D.S.C. 1979) (denying certification of class of women who took synthetic estrogen during pregnancy and suffered personal injury).

*In re Baycol Prods. Litig.*, 218 F.R.D. 197, 213 (D. Minn. 2003) (denying class certification on behalf of plaintiffs who sustained injuries who took drug because class members took the drug "at different times, in different amounts … and with different medical backgrounds").

*Rink v. Cheminova, Inc.*, 203 F.R.D. 648, 665 (M.D. Fla. 2001) (denying certification of subclass of individuals who claimed personal injuries as a result of poisoning).

*Bostick v. St. Jude Med., Inc.*, 2004 WL 3313614, at *15-16 (W.D. Tenn. Aug. 17, 2004) (denying class certification of a personal injury class of those injured by an aortic connector and

# APPENDIX A

## Table of Authorities Denying Class Certification of a Personal Injury Class

finding that causation determinations for each individual "would essentially require the adjudication of every potential class member's claim").

*In re Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450 (E.D. La. 2006) (denying certification of a nationwide personal injury class action).

*Faraci v. Regal Cruise Line, Inc.*, 1994 WL 573305 (S.D.N.Y. Oct. 18, 1994) (denying class certification of personal injury claims).

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 241 F.R.D. 435 (S.D.N.Y. 2007) (predominance requirement was not satisfied with respect to subclass raising personal injury claims).

*In re Fibreboard Corp.*, 893 F.2d 706, 712 (5th Cir. 1990) (holding that individual medical causation issues destroy commonality and hence prevent class certification in case involving exposure to asbestos).

*Steering Comm. v. Exxon Mobil Corp.*, 461 F.3d 598, 602 (5th Cir. 2006) (affirming denial of class certification in a mass tort context because "one set of operative facts would not establish liability and that the end result would be a series of individual mini-trials which the predominance requirement is intended to prevent").

*Martin v. Am. Med. Sys., Inc.*, 1995 WL 680630, at *8 (S.D. Ind. Oct. 25, 1995) (denying class certification in product liability case related to medical devices).

*Fisher v. Bristol-Myers Squibb Co.*, 181 F.R.D. 365 (N.D. Ill. 1998) (denying class certification in drug products liability action).

*Lienhart v. Dryvit Sys. Inc.*, 255 F.3d 138, 148 (4th Cir. 2001) (certification denied of non-personal injury mass tort class based on individual issues of non-party negligent installation of product).

*Caruso v. Celsius Insulation Res., Inc.*, 101 F.R.D. 530 (M.D. Pa. 1984) (denying class certification on behalf of individuals suffering personal injury damages as a result of exposure to toxins contained in insulation).

*Neely v. Ethicon, Inc.*, 2001 WL 1090204 (E.D. Tex. Aug. 15, 2001) (denying certification to a class injured by contaminated sutures).

*Wethington v. Purdue Pharma LP*, 218 F.R.D. 577 (S.D. Ohio 2003) (denying class certification on behalf of class alleging bodily harm, addiction and death due to consumption of drug).

# APPENDIX A

## Table of Authorities Denying Class Certification of a Personal Injury Class

*In re ConAgra Peanut Butter Prods. Liab. Litig.*, 251 F.R.D. 689 (N.D. Ga. 2008) (denying class action suit alleging personal injury as a result of consumption of contaminated peanut butter finding that common issues did not predominate with respect to personal injury claims).

*Sanders v. Tailored Chem. Corp.*, 570 F. Supp. 1543, 1543-44 (E.D. Pa. 1983) (denying class certification because of differing factual and legal issues inherent in requested monetary relief for personal injury and property damage in case against urea formaldehyde insulation).

*In re Three Mile Island Litig.*, 87 F.R.D. 433, 441-43 (M.D. Pa. 1980) (denying certification of personal injury class on superiority grounds after nuclear incident).

*Marchesi v. Eastern Airlines, Inc.*, 68 F.R.D. 500 (E.D.N.Y. 1975) (denying certification of class of passengers killed after airline crash because of individualized damages).

*Boring v. Medusa Portland Cement Co.*, 63 F.R.D. 78 (M.D. Pa. 1974) (denying motion for class certification because of differences in exposure to limestone dust).

*Thompson v. Procter & Gamble Co.*, 1982 U.S. Dist. LEXIS 18313 (N.D. Cal. 1982) (denying class certification in class action for damages sustained in using tampons in part because of the predominance of individual issues affecting each class member).

*Newton v. S. Wood Piedmont Co*., 163 F.R.D. 625, 632 (S.D. Ga. 1995), *aff'd*, 95 F.3d 59 (11th Cir. 1996) (denying certification of class as "incapable of common proof" where plaintiffs would have different exposure to chemical and determination of class membership would require individualized medical determinations).

*Samuel v. United Health Servs*., 2010 WL 2428107, at *14 (E.D. La. June 4, 2010) (denying certification based on long line of precedents against mass tort personal injury class actions).

*Rivers v. Chalmette Med. Ctr., Inc*., 2010 WL 2428662, at *13-14 (E.D. La. June 4, 2010) (denying class certifications because individual issues predominate through the litigation).

*Henry v. St. Croix Alumina, LLC*, 2008 WL 2329223, at *7 (D.V.I. June 3, 2008) (decertifying class and denying recertification of personal injury class for failure to meet predominance requirements).