```
 1              IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF ILLINOIS
 2                       EASTERN DIVISION

 3  IN RE:  NATIONAL COLLEGIATE      )  Docket No. 13 C 9116
    ATHLETIC ASSOCIATION STUDENT-    )
 4  ATHLETE CONCUSSION INJURY        )  Chicago, Illinois
    LITIGATION,                      )  May 25  2016
 5                                   )  11:00 o'clock a.m.

 6              TRANSCRIPT OF PROCEEDINGS - STATUS
              BEFORE THE HONORABLE JOHN Z. LEE
 7
    APPEARANCES:
 8
    For the Plaintiffs:         HAGENS BERMAN SOBOL SHAPIRO, by
 9                              MR. STEVE W. BERMAN
                                1918 8th Avenue
10                              Suite 3300
                                Seattle, Washington 98101
11
                                HAGENS BERMAN SOBOL SHAPIRO, by
12                              MS. ELIZABETH A. FEGAN
                                455 North Cityfront Plaza Drive
13                              Suite 2410
                                Chicago, Illinois 60611
14
                                SIPRUT PC, by
15                              MR. JOSEPH J. SIPRUT
                                17 North State Street
16                              Suite 1600
                                Chicago, Illinois 60602
17
    For the Nichols Objectors:  EDELSON PC, by
18                              MR. BEN THOMASSEN
                                350 North LaSalle Street
19                              Suite 1300
                                Chicago, Illinois 60654
20

21

22            ALEXANDRA ROTH, CSR, RPR
                Official Court Reporter
23            219 South Dearborn Street
                     Room 1224
24            Chicago, Illinois 60604
                   (312) 408-5038
25
```

```
 1   APPEARANCES:  (Continued)

 2   For Plaintiff Whittier:        COATS ROSE YALE RYMAN & LEE, by
                                    MR. DWIGHT E. JEFFERSON
 3                                  Nine Greenway Plaza
                                    Suite 1100
 4                                  Houston, Texas 77046
                                    (appearing telephonically)
 5
     For Plaintiffs Morgan,         JAMES C. SELMER & ASSOCIATES, by
 6   Deese, Balthozor:              MR. MARC M. BERG
                                    500 Washington Avenue
 7                                  Suite 2010
                                    Minneapolis, Minnesota 55415
 8                                  (appearing telephonically)

 9   For Defendant NCAA:            LATHAM & WATKINS, by
                                    MR. MARK STEVEN MESTER
10                                  MS. JOHANNA MARGARET SPELLMAN
                                    330 North Wabash
11                                  Suite 2800
                                    Chicago, Illinois 60611
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Case: 1:13-cv-09116 Document #: 273 Filed: 06/03/16 Page 3 of 13 PageID #:8224

3

```
 1        (Proceedings had in open court:)
 2             THE CLERK:  13 C 9116, NCAA Student-Athlete Concussion
 3   Injury Litigation, for status.
 4             MR. BERMAN:  Good morning, your Honor.  Steve Berman
 5   on behalf of the settlement class.
 6             MR. SIPRUT:  Good morning, your Honor.  Joe Siprut on
 7   behalf of the settlement class.
 8             MR. THOMASSEN:  Good morning, Judge.  Ben Thomassen
 9   here on behalf of Mr. Nichols.
10             MR. MESTER:  Good morning, your Honor.  Mark Mester
11   and Johanna Spellman on behalf of the NCAA.
12             THE COURT:  Who do we have on the phone?
13             MR. JEFFERSON:  Dwight Jefferson, Judge, plaintiff --
14             THE COURT:  I'm sorry, Mr. Jefferson.  We could not
15   hear you.  Could you speak a little bit closer to the phone
16   please?
17             MR. JEFFERSON:  Is this better now?
18             THE COURT:  That's a little better.  Keep --
19             MR. JEFFERSON:  Dwight Jefferson for plaintiff Julius
20   Whittier.
21             MR. BERG:  Your Honor, also Marc Berg, M-a-r-c,
22   B-e-r-g, on behalf of plaintiffs Paul Morgan, Cliff Deese, Joey
23   Balthozor from the District of Minnesota matter.
24             THE COURT:  Anyone else on the phone?  All right.
25   Very well.
```

Case: 1:13-cv-09116 Document #: 273 Filed: 06/03/16 Page 4 of 13 PageID #:8225

4

1      So I set this date for status.  And the parties have
2 also filed a joint motion for preliminary approval of second
3 amended class settlement and certification of settlement class
4 and settlement subclasses.
5      I have reviewed the briefs at least that were
6 submitted by the NCAA as well as by the settling plaintiffs.  I
7 have also reviewed the response that was submitted by Mr.
8 Edelson's firm on behalf of his client, Mr. Nichols.
9      As I understand the current position of the parties,
10 the parties have had further settlement discussions with the
11 aid of Judge Andersen.  And at the conclusion of those
12 discussions, in which Mr. Edelson was also involved, the
13 settling plaintiffs and the NCAA have agreed to incorporate all
14 of the modifications that I had suggested in my prior order
15 granting preliminary approval subject to certain modifications,
16 safe one.  And that is with regard to my proposed modification
17 that the release of the class members' ability to bring bodily
18 injury and personal damages claims on a class-wide basis be
19 limited to those cases where the putative class is seeking a
20 certification of the class with regard to a single NCAA-
21 affiliated school.
22     At that time I noted that the record was insufficient
23 for me to make any findings with regard to whether or not a
24 more limited modification would be appropriate in this case.
25 Since that time, the parties have reviewed that issue and now

1   request that the Court amend that last modification in the
2   following manner:  The Court then allow the release by putative
3   class members of their ability to proceed on a class-wide basis
4   with regard to their personal injury and bodily injury,
5   personal damages claim, except in those instances where the
6   putative class is seeking class certification of athletes at a
7   single school in a single sport.
8           And in support of their arguments, the NCAA
9   predominantly, but also the settling plaintiffs, have presented
10  additional factual records based upon the record that is
11  currently before the Court, to assist the Court in assessing
12  the appropriateness of that request.
13          So that's kind of the 20,000-level view of where we
14  sit today.  I have, as I noted, started to go through the
15  materials.  And I wanted to first of all give the parties an
16  opportunity to either highlight any arguments or present
17  anything to the Court today that they would like to do.  And
18  then I want to enter a schedule that provides the opportunity
19  for any others to provide, file, responses to the latest
20  proposals before I decide this particular issue.
21          I would note, for the record, that in his response,
22  while Mr. Edelson and his firm on behalf of his client Mr.
23  Nichols takes issue with some of the arguments, one or two of
24  the arguments, raised by the NCAA and the settling plaintiffs,
25  at this point in time he does not object to the proposed

1    modifications to the settlement, and has agreed to withdraw his
2    objections to the settlement based upon the proposed
3    modifications that have been agreed to by the settling
4    plaintiffs and the NCAA.  So that's kind of where we stand.
5              Mr. Berman, if you want to add anything to that, I
6    just want to give you an opportunity to put whatever you wanted
7    on the record.
8              MR. BERMAN:  Thank you, your Honor.  Appreciate that.
9              I think we -- I don't know if you had a chance to go
10   through the red-line.  But I think we tried to faithfully
11   incorporate all of your comments.  And if we did not do so, I
12   assume you will let us know.
13             We looked at it.  The NCAA looked at it.  Judge
14   Andersen compared your order to what we did.  We think we got
15   it right.
16             With respect to the issue of whether or not there --
17   the right to bring a multi-state -- excuse me -- a multi-sport
18   class action is a valuable one, I am not going to repeat what's
19   in our papers.
20             THE COURT:  Very well.  Mr. Mester?
21             MR. MESTER:  Your Honor, I don't have much to add
22   either.  I really just propose a clarification.  We intended to
23   submit that supplemental submission in support of preliminary
24   approval, and contrary to some suggestion, Mr. Edelson's
25   submission.  We weren't asking for any type of finding.  We

1   just submitted in support of preliminary approval.
2           THE COURT: I understand.
3           Anything from the Nichols?
4           MR. THOMASSEN: Yes, Judge, thanks. I -- it's great
5   that you had a chance to read our response. I know we
6   submitted it last night. And I think your characterization of
7   it is right.
8           Based on the settlement that you have in front of you
9   now, Mr. Nichols has no objection to the case going forward.
10  Whether that position will carry on going forward really
11  depends on what your Honor's findings are with respect to the
12  briefing that's been submitted, and whether they -- those
13  findings impact other cases that have now been filed across the
14  federal court system, relating to the single-sport, single-
15  school class action that this settlement now allows.
16          We don't want a finding in this case on matters that
17  aren't in front of the Court through the process of a non-
18  adversarial proceeding to affect our ability to go forward with
19  those cases.
20          But as matters stand now, your Honor is correct. We
21  don't have any objection to this settlement that's before your
22  Honor.
23          THE COURT: All right. Well, to the extent I make any
24  findings at all, it's going to be directed towards the question
25  of whether or not the amended settlement is within the realm of

1  possible approval, so that I can grant preliminary approval of
2  the settlement as modified. So that's kind of what I am going
3  to be focused on, whatever arguments there might be with regard
4  to that.
5           How about from the attorneys who are on the phone?
6  Again, I will give people an opportunity to file responses.
7  But is there anything to add, Mr. Jefferson, Mr. Berg?
8           MR. JEFFERSON: This is Mr. Jefferson, Judge. I will
9  join with Mr. Edelman and the comments he's made to the Court
10 relative to the preliminary approval.
11          MR. BERG: Your Honor, this is Marc Berg speaking.
12 No, and we have nothing to add.
13          THE COURT: All right. Very well. And, Mr.
14 Jefferson, you mean, Mr. Edelson, right? Just want to make
15 sure for the record.
16          MR. JEFFERSON: Yes.
17          THE COURT: Great.
18          MR. JEFFERSON: Thank you, your Honor.
19          THE COURT: I just want to make sure the record is as
20 clear as possible. All right.
21          So this is what I am going to do. Just in case there
22 are any further responses to the latest proposals, I am putting
23 the joint motion as well as the supporting materials as well as
24 the briefs that were submitted on the Court's MDL website, so
25 that interested parties can review it there.

1        I am going to set a date of July 1 for any responses,
2   any additional responses, to be filed.  And I am sorry, June 1
3   for any responses to be filed.  I think 14 days should be more
4   than sufficient for that, given the history of where we are.
5   And again, 14 days would be June 8.  So I will set June 8, 14
6   days from today, to be the deadline for anyone who wishes to
7   file any response to the papers that are currently before the
8   Court and the settlement as amended.
9        I'm going to go ahead --
10       MR. JEFFERSON:  Judge, I'm sorry, I didn't hear the
11  first part.  June 8 is going to be for what purpose?  I'm
12  sorry, your Honor.
13       THE COURT:  To the extent that anyone else would like
14  to file a response or opposition to the motion for preliminary
15  approval of a second amended class settlement.
16       MR. JEFFERSON:  Thank you.
17       THE COURT:  And then I am going to set a status date
18  by which I will have a ruling with regard to the joint motion.
19  I will set this case for status on July 14, at 2:00 p.m.  And
20  again, my goal is to have my ruling issued by that date.
21  Hopefully before that date, but certainly by that date.
22       So I have reviewed also the proposed schedule that
23  Mr. Berman provided in his brief in support.  And, Mr. Mester,
24  have you had -- I know you have been very busy working on this
25  over the past 30 or 60 days.  But I wonder if you had any

1  additional information with regard to the timeframe by which
2  you believe notice can be sent out?
3  　　　　MR. MESTER: We do, your Honor. You raised it in the
4  last call. I am going to hand the baton over to Ms. Spellman
5  who's been handling that.
6  　　　　MS. SPELLMAN: Yes, your Honor. As contemplated in
7  the schedule that was filed with the Court last week, we expect
8  that within 15 days of a preliminary approval order, the NCAA
9  would send a request to member institutions asking that they
10 submit student contact information. As you may recall, the
11 NCAA was a party to a class action settlement out of the
12 Northern District of California, the Keller case. And in that
13 case, they sent a similar request to member institutions there,
14 Division 1 schools.
15 　　　　So we talked to the counsel for NCAA from that case to
16 get a sense of what the response time was like. In that case
17 the request was sent out in mid-November. They began receiving
18 some responses with contact information very shortly
19 thereafter. A fair number of schools, however, did require
20 that subpoenas be issued so that they were assured that they
21 are complying with FERPA. And the parties worked together to
22 issue those subpoenas. And the process was completed in March.
23 So that's the timing in the Keller case.
24 　　　　We also, with respect to the issue that you raised
25 previously as to whether receiving a request during the summer

1  months might have some impact on response time.  We did reach
2  out to several of the member institutions that we had contacted
3  early last year when we were attempting to ascertain the extent
4  to which schools maintain student-athlete contact information.
5  And we asked them, if receiving such a request over the summer
6  months would impact the -- how long it would take them to
7  respond.
8          The response we got was varied.  Some schools said
9  that they didn't think it would have any impact.  They have
10 staff year round, 12 months, who would be working -- the people
11 who would be working on our class.  Several schools did say
12 they thought it would take longer, perhaps several weeks
13 longer.
14         We -- the Keller case, you know, given that the
15 request was sent out shortly before Thanksgiving with the end
16 of semester activities, the winter holiday and break, that may
17 end up being somewhat comparable to what we have here, where
18 the request is going out over the summer.  But again, that
19 involved Division 1 schools.  Here, of course, we got
20 Division 2 and Division 3 schools.  Particularly expected that
21 Division 3 schools may take longer to respond.
22         THE COURT:  So does the timeframe that's proposed or
23 set forth in the plaintiffs' brief, does that take into
24 consideration the various time frames that you are discussing?
25         MS. SPELLMAN:  We think it does, your Honor.

1    MR. BERMAN: Your Honor, we also raised with the NCAA
2 today an additional source of data that may help us get mailing
3 out. There is something called the National Eligibility Center
4 that my partner Ms. Fegan discovered. And it's a place where
5 student-athletes who want to participate in sport have to
6 register. And as I understand it, the NCAA verifies that
7 information. And so that database may be out there, may be
8 very helpful. And they've agreed to investigate that as a
9 further way to enhance our mailing.
10    THE COURT: Okay. All right. Very good. Is there
11 anything else that the parties would like to bring to my
12 attention or I need to address today?
13    MR. BERMAN: No. But there is one housekeeping matter
14 that I might be able to make things easier for you; and that
15 is, if you do grant preliminary approval, we put a lot of
16 blanks in the order because there is maybe 20 dates that are
17 following from that preliminary approval. And if you want us
18 to give you exact dates maybe right before the hearing, if you
19 are going in that direction, you can contact us so we can send
20 those dates up to you. I think that will make life a little
21 easier rather than you trying to count them all out.
22    THE COURT: Okay. Anything else?
23    All right. Anything else from the attorneys on the
24 phone?
25    MR. JEFFERSON: Nothing, your Honor. Thank you.

1          MR. BERG:  No, your Honor.

2          THE COURT:  Very good.  Thank you.

3          MR. MESTER:  Thank you, your Honor.

4          MR. BERMAN:  Thank you, your Honor.

5          MR. SIPRUT:  Thank you, your Honor.

6      (Which were all the proceedings had at the hearing of the

7        within cause on the day and date hereof.)

8                         CERTIFICATE

9          I HEREBY CERTIFY that the foregoing is a true, correct

10  and complete transcript of the proceedings had at the hearing

11  of the aforementioned cause on the day and date hereof.

12

13   /s/Alexandra Roth                              5/26/2016
    _____        _____
14   Official Court Reporter                          Date
     U.S. District Court
15   Northern District of Illinois
     Eastern Division

16

17

18

19

20

21

22

23

24

25