IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) | MDL No. 2492<br><br>Master Docket No. 1:13-cv-09116<br><br>The Document Relates To:<br>All Cases<br><br><br>Judge John Z. Lee |

## PRELIMINARY APPROVAL ORDER

Plaintiffs Derek Owens, Kyle Solomon, Angelica Palacios, Abram Robert Wolf, Sean Sweeney, Jim O'Connor, Dan Ahern, Paul Morgan, Jeffrey Caldwell, John DuRocher, Sharron Washington, Shelby Williams, Brice Sheeder, Shavaughne Desecki, Spencer Trautmann, Ryan Parks, Ursula Kunhardt, Jessica Miller, Anna Bartz, Peter Dykstra, DaChe Williams, Rachel Harada, Natalie Harada, and Adam Walker (the "Class Representatives," and collectively with the members of the Settlement Class the "Settlement Class Members") and Defendant National Collegiate Athletic Association ("NCAA") have entered into a Second Amended Class Action Settlement Agreement and Release dated May 20, 2016 ("Amended Settlement" or "Amended Settlement Agreement") to settle the above-captioned litigation ("Litigation") and have filed a Renewed Joint Motion for Preliminary Approval of Class Settlement ("Renewed Joint Motion"). The Amended Settlement Agreement, together with its exhibits incorporated herein, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the Litigation.

In addition to its prior Memorandum and Opinion dated January 26, 2016 and having read and considered the Amended Settlement and its exhibits, the Renewed Joint Motion, the pleadings and other papers on file in this action, and statements of counsel, the Court finds that

the Renewed Joint Motion should be GRANTED and that this Preliminary Approval Order should be entered.  Terms and phrases used in this Preliminary Approval Order shall have the same meaning ascribed to them in the Amended Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

**A.  Preliminary Approval of Amended Settlement and Conditional Certification of Settlement Class and Subclasses**

1.  The Court preliminarily approves the Amended Settlement Agreement for purposes of providing notice of the Amended Settlement to the Settlement Class and Subclasses and deciding whether to grant final approval of the Amended Settlement.

2.  The Court preliminarily certifies for settlement purposes the following Settlement Class pursuant to Federal Rules of Civil Procedure 23(b)(2):

> All Persons who played an NCAA-sanctioned sport at an NCAA member institution on or prior to the date of this Order.

The Court preliminarily certifies for settlement purposes the following Contact Sport Settlement Subclass pursuant to Federal Rules of Civil Procedure 23(b)(2):

> All Persons who played an NCAA-sanctioned Contact Sport at an NCAA member institution on or prior to the date of this Order.

The Court also preliminarily certifies for settlement purposes the following Non-Contact Sport Settlement Subclass pursuant to Federal Rules of Civil Procedure 23(b)(2):

> All Persons who played an NCAA-sanctioned non-Contact Sport at an NCAA member institution on or prior to the date of this Order.

Specifically excluded from the Settlement Class and Subclasses are the following persons:

    a.  The NCAA and the NCAA's officers and directors;

    b.  Class Counsel;

    c.  the Special Master; and

    d.  The judges who have presided over this Litigation.

The NCAA and the Released Parties shall retain all rights to assert that the Litigation may not be certified as a class action except for settlement purposes.

  3.  The Court appoints the Class Representatives as representatives of the Settlement Class, the Contact Sport Class Representatives as representatives of the Contact Sport Settlement Subclass, and the Non-Contact Sport Class Representatives as representatives of the Non-Contact Sport Settlement Subclass.

  4.  The Court appoints the following attorneys to act as Settlement Class Counsel:

| | |
|---|---|
| Steve W. Berman, Esq. | Joseph J. Siprut, Esq. |
| HAGENS BERMAN SOBOL SHAPIRO LLP | SIPRUT PC |
| 1918 Eighth Avenue, Suite 3300 | 17 North State Street, Suite 1600 |
| Seattle, Washington 98101 | Chicago, Illinois 60602 |
| Telephone: (206) 623-7292 | Telephone: (312) 236-0000 |
| Facsimile: (206) 623-0594 | Facsimile: (312) 878-1342 |
| E-mail: steve@hbsslaw.com | E-mail: jsiprut@siprut.com |

  5.  The Court appoints Hausfeld LLP as Special Counsel for Medical Monitoring Relief and appoints Charles Zimmerman of Zimmerman Reed, James Dugan of the Dugan Law Firm, and Mark Zamora of The Orlando Law Firm as the Executive Committee.

  6.  Pursuant to Rule 23(a), the Court finds, for purposes of preliminary approval and for settlement purposes only, that: (a) Members of the Settlement Class and Subclasses are so numerous as to make joinder of all Settlement Class Members impracticable; (b) there are questions of law and fact common to Members of the Settlement Class and Subclasses; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class Members, the claims of the Contact Sport Settlement Class Representatives are typical of the Contact Sport Settlement Subclass members, and the claims of the Non-Contact Sport Settlement

Class Representatives are typical of the Non-Contact Sport Settlement Subclass members; and (d) the Settlement Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class Members; the Contact Sport Settlement Class Representatives and Class Counsel will fairly and adequately protect the interests of the Contact Sport Settlement Subclass members; and the Non-Contact Sport Settlement Class Representatives and Class Counsel will fairly and adequately protect the interests of the Non-Contact Sport Settlement Subclass members.

7. Pursuant to Rule 23(b)(2), the Court finds, for purposes of preliminary approval and for settlement purposes only, final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Class as a whole.

8. Pursuant to Rule 23(d) and (e)(1), the Court finds that it is appropriate to provide Notice to the Settlement Class as well as provide Settlement Class Members the right to exclude themselves from the Settlement.

9. The Court finds that the proposed Settlement is within the range of possible approval to warrant providing notice to the Settlement Class and to hold a Fairness Hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement.

10. The Court orders that the certification of the Settlement Class, Settlement Subclasses and preliminary approval of the proposed Amended Settlement, and all actions associated with them, are undertaken on the condition that they shall be vacated if the Amended Settlement is terminated or disapproved in whole or in part by the Court, or any appellate court and/or other court of review, or if any of the Parties invokes the right to withdraw from the Amended Settlement as provided in Section XX of the Settlement Agreement, in which event the Amended Settlement Agreement and the fact that the Amended Settlement was entered into shall

not be offered, received, or construed as an admission or as evidence for any purpose, including but not limited to an admission by any party of liability or non-liability or of the certifiability of a litigation class, or otherwise be used by any Person for any purpose whatsoever, in any trial of this Litigation or any other action or proceedings, and each party will be restored to his, her or its respective position as it existed prior to the execution of the Amended Settlement Agreement.

### B. Appointment of Special Master, Medical Science Committee, Program Administrator and Notice Administrator

11. The Court appoints Hon. Wayne R. Andersen (ret.) as Special Master, who shall have the responsibilities and tenure set forth in the Amended Settlement Agreement.

12. The Court appoints Dr. Brian Hainline, Dr. Robert Cantu, Dr. Ruben Echemendia and Dr. Robert Stern to the Medical Science Committee, which shall have the responsibilities and tenure set forth in the Amended Settlement Agreement.

13. The Court appoints The Garretson Resolution Group as the Program Administrator, which shall administer the Amended Settlement in accordance with the terms and conditions of this Order and the Amended Settlement Agreement.

14. The Court appoints Gilardi & Co. LLC as the Notice Administrator, in accordance with the provisions of Section VII of the Amended Settlement Agreement.

### C. Notice to the Settlement Class

15. The Court has reviewed and approves the Publication Notice, the content of which is without material alteration from Exhibit A to the Amended Settlement Agreement and directs that Publication Notice be published as set forth in the Vasquez Declaration, with the first Publication Notice to be issued by July 29, 2016.

16. The Court has reviewed and approves the Long-Form Notice, the content of which is without material alteration from Exhibit B to the Amended Settlement Agreement and

directs that the Long-Form Notice be distributed as set forth in the Vasquez Declaration. The Court further directs that the letter to NCAA members seeking contact information from Settlement Class Members be sent by July 29, 2016.

17. The Court approves the creation of the Settlement Website, which shall include, at a minimum, downloadable copies of the Publication Notice, Long-Form Notice, and Settlement Agreement, and shall be maintained in accordance with the provisions of the Amended Settlement Agreement. The Settlement Website shall be live by July 21, 2016.

18. The Court also directs that the NCAA shall provide notice to the Settlement Class via the NCAA's website, as well as the NCAA's Facebook pages and Twitter accounts by July 29, 2016.

19. The Court directs that the Program Administrator establish the call center for inquiries by Settlement Class Members by July 29, 2016.

20. The Court finds that the proposed Notice (i) is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive notice, (ii) fairly and adequately describes the terms and effects of the Amended Settlement Agreement, (iii) fairly and adequately describes the date by which Settlement Class Counsel must file the Motion For Final Approval, and Motion For Award of Attorneys' Fees and Expenses, (iv) fairly and adequately describes the method and date by which any member of the Settlement Class may object to or comment upon the Amended Settlement or exclude themselves from the Settlement Class, (v) sets a date by which Settlement Class Counsel may respond to any objections to the Amended Settlement, (vi) provides notice to the Settlement Class of the time and place of the Fairness Hearing, and (vii) constitutes reasonable notice under the circumstances and otherwise meets all requirements of applicable law.

21. The Court orders the Notice Administrator to file proof of publication of the Publication Notice, proof of dissemination of the Long-Form Notice, and proof of maintenance of the Settlement Website <u>by January 13, 2017</u>.  <u>The Court also directs the parties to provide a notice to the Court when direct notice to individual class members has been completed.</u>

22. The Court shall also hold a status conference on the status of the Notice Program on <u>December 8, 2015</u>.

**D.  Exclusions From the Settlement Class**

23. The Court approves the procedures set forth in the Amended Settlement Agreement and the Notice of Settlement of Class Action for exclusions from and objections to the Settlement.

24. The Court orders that any Settlement Class Member who wishes to exclude himself or herself from the Settlement Class must comply with the terms set forth in the Settlement Agreement and Notice of Settlement of Class Action.  To be considered timely, a request for exclusion must be mailed to the Notice Administrator, postmarked no later than <u>March 10, 2017</u>.

25. The Court orders that any Settlement Class Member who does not submit a timely, written request for exclusion from the Settlement Class (<u>i.e.</u>, becomes an Opt-Out) will be bound by all proceedings, orders and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

26. The Court enjoins all Settlement Class Members unless and until they timely exclude themselves from the Settlement Class from (i) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit or

administrative, regulatory, arbitration or other proceeding in any jurisdiction based on the Released Claims; (ii) filing, commencing or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any Settlement Class Members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on claims made in this Litigation, except that Settlement Class Members may pursue personal injury or bodily injury class claims on behalf of persons who allege injury resulting from their participation in a single NCAA-sanctioned sport at a single-NCAA member school; (iii) pursuing any Released Claims; and (iv) attempting to effect Opt-Outs of individuals or a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on the Released Claims.

27. The Court orders the Program Administrator to provide the Opt-Out List to Settlement Class Counsel and Counsel for the NCAA no later than seven (7) Days after the Opt-Out and Objection Date, and then file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof by April 21, 2017.

**E.  Motion For Final Approval, Fee Petition, and Objections to the Settlement**

28. The Court orders that Settlement Class Counsel their applications for Attorneys' Fees and Expenses and Service Awards on or before January 13, 2017.

29. The Court orders that each Settlement Class Member who is not an Opt-Out and who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement or to the Attorneys' Fees and Expenses must file with the Court and serve on Class Counsel on or before March 10, 2017, or as the Court may otherwise direct, a statement of the objection signed by the Settlement Class Member containing all of the following information:

  a.  The name, address and telephone number of the Person objecting and, if represented by counsel, of his or her counsel;

  b.  The name of the NCAA member institution(s) at which he or she participated in NCAA-sponsored sport(s), the NCAA-sponsored sport(s) in which he or she participated, and the years during which he or she participated in NCAA-sponsored sport(s);

  c.  A written statement of all grounds for the objection accompanied by any legal support for such objection;

  d.  Copies of any papers, briefs or other documents upon which the objection is based;

  e.  A statement of whether the objector intends to appear at the Fairness Hearing; and,

  f.  If the objector intends to appear at the Fairness Hearing through counsel, the objection must also identify the attorney(s) representing the objector who will appear at the Fairness Hearing.

30. Settlement Class Counsel shall file their Motion For Final Approval of the Settlement, including responses to any objections, by <u>March 31, 2017</u>.

31. The Court orders that any Settlement Class Member who fails to file and serve timely a written objection to the Amended Settlement or who fails to otherwise comply with the requirements of Paragraph 29 of this order shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

32. The Court orders that Settlement Class Member, or any attorney hired by a Settlement Class Member for the purpose of objecting to the proposed Amended Settlement or to

the Attorneys' Fees and Expenses, who intends to make an appearance at the Fairness Hearing must provide to Settlement Class Counsel and Counsel for the NCAA and must file with the Clerk of the Court a notice of intention to appear no later than March 10, 2017 or as the Court may otherwise direct.

33. The Court orders the Notice Administrator to establish a post office box in its name to be used for receiving requests for exclusion and any other communications. The Court further orders that only the Notice Administrator, the Program Administrator, Settlement Class Counsel, Counsel for the NCAA, the Court, the Clerk of the Court and their designated agents shall have access to this post office box, except as otherwise provided in the Settlement Agreement.

34. The Court orders that the Notice Administrator must promptly furnish Settlement Class Counsel and Counsel for the NCAA with copies of any and all written requests for exclusion that come into its possession, except as expressly provided in the Settlement Agreement.

**F. Establishment of Medical Monitoring Fund**

35. By July 28, 2016 (14 days after entry of this Order), the NCAA shall deposit or cause to be deposited five million U.S. dollars ($5,000,000.00) into the Medical Monitoring Fund, to be used to pay the costs of the Notice, CAFA Notice, administrative costs incurred by the Program Administrator for the responsibilities set forth in Section VI of the Settlement Agreement, and/or the costs incurred by the Medical Science Committee for the responsibilities set forth in Section V of the Amended Settlement Agreement. The Medical Monitoring Fund shall be governed by the terms of the Amended Settlement Agreement.

**H.     Fairness Hearing**

36.     The Court orders that the Notice Administrator and Program Administrator file declarations with the Court concerning implementation of the Notice Program and other terms of the Settlement by <u>April 21, 2017</u>.

37.     The Court orders that a Fairness Hearing shall be held on <u>May 5, 2017 at 10 a.m.</u> before the undersigned to consider the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court pursuant to a final approval order and judgment.

38.     The Court reserves the right to adjourn or continue the Fairness Hearing, or any further adjournment or continuance thereof, without further notice other than announcement at the Fairness Hearing or at any adjournment or continuance thereof, and to approve the Settlement with modifications, if any, consented to by the counsel for the Settlement Class and NCAA without further notice.

39.     All pretrial proceedings in the Litigation are stayed and suspended until further order of this Court.

40.     The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

41.     The current deadlines, reflected in detail above, are:

- The Settlement website shall be live by <u>July 21, 2016</u>;

- By <u>July 29, 2016</u>, the letter to NCAA members seeking contact information for Settlement Class Members shall be issued; the initial Publication Notice shall be distributed; the NCAA shall distribute notice on its social media; and the call center for Settlement Class Members shall be established;

- Class notice must be complete by <u>January 13, 2017</u> and a declaration from the Notice Administrator shall be submitted to the Court on this date;

11

- Papers in support of any applications for service awards, attorneys' fees, and expenses due January 13, 2017;

- Comments in support of, or in objection to, the settlement and/or fee application due March 10, 2017;

- Requests for exclusion must be postmarked by or received by Claims Administrator by March 10, 2017;

- The Motion For Final Approval of the Settlement, including responses to any objections, is due March 31, 2017;

- The Notice Administrator and Program Administrator shall submit declarations to the Court concerning completion of the Notice Program, the requests for exclusion, and other terms of implementation of the Settlement by April 21, 2017.

- Fairness Hearing scheduled for May 5, 2017 at 10 a.m.

**IT IS SO ORDERED.**

**Dated: 7/15/16**

*[signature: John Z. Lee]*

**John Z. Lee**
**United States District Judge**