

# Florida Agricultural and Mechanical University

TALLAHASSEE, FLORIDA 32307-3100

*Excellence With Caring*

TELEPHONE: (850) 599-3591
FAX: (850) 561-2862

OFFICE OF THE GENERAL COUNSEL

December 20, 2016

**FILED**
12/27/2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Honorable Judge John Z. Lee
Everett McKinley Dirksen
United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

re: *In re National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation*, No. 13-cv-09116, MDL No. 2492 (N.D. Ill.).

Dear Judge Lee:

Enclosed please find a Non-Party's Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and Incorporated Memorandum of Law for your review and consideration in the above referenced matter. Please be aware that I am not licensed to practice law in the State of Illinois, and I am not admitted to the federal court in which this case is currently being litigated.

If you have any questions or concerns, please call me at (850) 599-3591.

Respectfully,

Ana Gargollo-McDonald
Assistant General Counsel
Florida A&M University

*Enclosure*

FAMU IS AN EQUAL OPPORTUNITY/EQUAL ACCESS UNIVERSITY

UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re: National Collegiate Athletic Association Student-Athletic Concussion Injury Litigation | ) ) ) ) ) ) | Civil Action No. MDL 2492 |

## NON-PARTY'S MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION AND INCORPORATED MEMORANDUM OF LAW

Florida Agricultural and Mechanical University Board of Trustees, a non-party, files this Motion to Quash Subpoena pursuant to 18 CFR 385.410 and FRCP 45(d)(3)(A)(iii) and (iv), and states:

1.    Florida Agricultural and Mechanical University Board of Trustees ("FAMU"), is a public State of Florida University, located in Tallahassee, Florida.

2.    On November 23, 2016, FAMU received a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action via FedEx.

3.    FAMU is not a party to the case.

4.    The subpoena requests the last know contact information in FAMU's records for any and all student athletes who participated in any NCAA sanctioned sport at FAMU. However, the subpoena does not limit the scope of its request to a specific time period.

5.    On November 29, 2016, undersigned called Rachel Christman at the number provided in the subpoena to notify her that the subpoena was too broad. Based on this communication, Ms. Chrisman modified the request to the period in

1

which FAMU had NCAA sanctioned sports; however, the undersigned again relayed to her that the subpoena was still overly broad.

6.      The subpoena seeks information for any and all students who participated in an NCAA sanctioned sport, from the past 59 years.[1]

7.      The Federal Rules of Civil Procedure Rule 45(d)(3)(A), in pertinent part states:

> (3) Quashing or Modifying a Subpoena.
>     (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>         ...
>     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>     (iv) subjects a person to undue burden.

## LEGAL ARGUMENT

### Federal and State Laws

8.      The subpoena requires that FAMU provide information regarding students and former students; however, students' education records and certain information are federally protected. The Family Educational Rights and Privacy Act ("FERPA") is a federal law that protects the privacy of student education records. 20 U.S.C. § 1232g. The law applies to all schools including FAMU that receive funds under an applicable program of the U.S. Department of Education. *Id.*

9.      Florida Statute 1002.225, additionally requires that "[a]ll public postsecondary educational institutions shall comply with the FERPA with respect to the education records of students."

---

[1] In or around 1957, Florida A&M University was an all-sports full member of the Southern Intercollegiate Athletic Conference (SIAC) Division II Conference, which is sanctioned by the NCAA. In or about 1978, Florida A&M University became a full member of the NCAA's Division I. FAMU's NCAA sanctioned sports include Football, Women's Basketball, Men's Basketball, Baseball, Softball, Women's Track & Field, Women's Cross Country, Men's Track & Field, Women's Cross Country, Volleyball, Golf, Women's Bowling, Women's Tennis, Men's Tennis, bowling, and swimming.

10.    FERPA generally requires that prior written consent be provided by an eligible student before education records are disclosed to a third party. 20 U.S.C. § 1232g(b). 34 CFR § 99.30.  However, there are exceptions to the general prohibition on nonconsensual disclosures. One of the exceptions permits the nonconsensual disclosure of education records when the disclosure is made in compliance with a lawfully issued subpoena or court order, if the educational agency or institution makes a reasonable attempt to notify the parent or eligible student of the order or subpoena in advance of compliance. 20 U.S.C. § 1232g(b)(2)(B); 34 CFR § 99.31(a)(9)(ii).  This notification is intended to give the student sufficient time to object to the subpoena. *Id.*

11.    In accordance with FERPA, 20 U.S.C. section 1232g, and Florida Statute Section 1002.225, FAMU provides students and former students with a copy of the subpoena, and notice that FAMU has received a subpoena requesting documents that may contain their student records and/or information. FAMU also requests a copy of any objection the student/former student files with the Court.

**Undue Burden and Expense**

12.    Because the subpoena requires information that goes back as far as 1957, FAMU will incur significant cost and loss of personnel time mailing FERPA notifications to several thousands of students and former students.

13.    Based on the above, the subpoena is unduly burdensome and costly.

**Directory Information**

14.    There is an alternative to the subpoena's request.  FERPA permits the disclosure of directory information, which is defined as information contained in an education record of a student that would not generally be considered harmful or an invasion of privacy if disclosed without prior consent. *See* 34 CFR §§ 99.31(a)(11) and 99.37. FAMU has designated, in pertinent part, the following as directory information:

3

- The name of a student.
- The local, home address.
- The telephone number.
- Participation in officially recognized collegiate sports.

15.    FAMU is working on compiling information on former students and students based on their directory information. *See* Exhibit B, Excerpt from FAMU's Response to Subpoena.    These records provide information requested by the subpoena to the extent it is available, but does not include student email addresses.

16.    University student email addresses are not part of FAMU's directory information and are considered protected information requiring FERPA notices.  In addition, email addresses are issued to students upon enrollment to use for official University communication; and once a student leaves the University, student emails accounts are no longer considered active after approximately one year.

17.    As stated, FAMU's is currently working on a compilation of approximately 4900 names and information spanning over a 13 year period which would appropriately respond to the subpoena, and does not contain protected information. *See* Exhibit B.

**Students' Protected Rights**

18.    Students and former students who do not have a legal background will not know or understand their legal right to object to the subpoena, or where to file such an objection.

19.    FAMU's proposed response to the subpoena eliminates the issue of notifying students and former students of the subpoena by encompassing only FAMU directory information. *See* Exhibit B.

**State of Florida Records Retention Policy**

20.    The State of Florida requires universities to maintain certain records related to athletes for a period of 6 anniversary years after graduation, last date of

attendance, leaving program, or the athlete's eligibility is exhausted. This record series consists of information, among others, pertaining to the eligibility of players and receipts of financial aid in the form of scholarships, including grant-in-aid scholarships, maintained to monitor accounts and to assist in complying with National Collegiate Athletic Association (NCAA).[2] Although academic records have an indefinite retention period; athletic participation records do not.

21.     The subpoena at issue is overly broad and unduly burdensome because it requires production of records/information that exceeds the State of Florida's required time period for the retention of certain athletes' records.

**FAMU's Response to the Subpoena**

22.     However, FAMU in good faith is compiling information beginning with the 2003-2004 academic year.[3] *See* Exhibit B. This compilation once completed will exceed the State of Florida's retention requirement by 7 years, and will also provide the subpoenaed information which does not require FERPA notification. *See* Exhibit B. By providing directory information, FAMU's response to the subpoena is cost effective and does not waste the public university's limited resources. *Id.*

**Sovereignty**

23.     FAMU also has sovereign immunity as a pubic State of Florida University. FAMU has not waived this immunity.

24.     FAMU respectfully requests that this Court grant the Motion to Quash Subpoena pursuant to Federal Rules of Civil Procedure 45(d)(3)(A)(iii) and (iv), as the subpoena is unduly burdensome and overly broad spanning over a period of 59 years.

---

[2] State of Florida General Records Schedule GS5 for Public Universities and Colleges, Item #105, available at http://dlis.dos.state.fl.us/barm/genschedules/gs05.pdf (last date visited December 20, 2016).
[3] FAMU is requesting that the Court limit the subpoena to the State of Florida records retention time period of six years, but with the understanding that if it can obtain older records, it will provide the information.

25.   In the alternative, FAMU respectfully requests that this Court modify the subpoena by limiting the request to the State of Florida's records retention policy of 6 years, and requiring only student and former student directory information.

## CONCLUSION

Accordingly, FAMU requests that this Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action be granted; or in the alternative, modifies the subpoena by limiting the request to 6 years and requiring only student and former student directory information.

DATED this 20th of December, 2016.

Respectfully submitted,

BY: _____

Ana Gargollo-McDonald
Assistant General Counsel
Florida Bar No. 85907
1700 Lee Hall Drive FHAC Suite 304
Tallahassee, Florida 32307
Telephone (850) 599-3591
Facsimile (850) 567-2862
ana.mcdonald@famu.edu
*Attorney for Florida A&M University*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 20, 2016, this Motion to Quash and incorporated Memorandum of Law was mailed via USPS to: Steve W. Berman, Esquire, 1918 Eight Avenue, Ste. 3300, Seattle, Washington 98101.

_____

Ana Gargollo-McDonald
Assistant General Counsel

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

RECEIVED

NOV 23 2016

Office of the General Counsel
Florida A&M University

In re National Collegiate Athletic Association )
Student-Athlete Concussion Injury Litigation )
)                                   Civil Action No.   MDL 2492
)
)   (If the action is pending in another district, state where:
)                                                              )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Florida Agricultural and Mechanical University, c/o Office of the General Counsel, 1700 Lee Hall Drive, 304
Foote-Hilyer Administration Center, Tallahassee, FL 32307

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the
material: See Exhibit A

| Place:  See instructions at Exhibit B | Date and Time: |
|---|---|
| | December 20, 2016, 5:00 p.m. (Central) |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule
45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are
attached.

Date:  ___11/18/2016___

_CLERK OF COURT_

OR

_____          /s/ Steve W. Berman
_Signature of Clerk or Deputy Clerk_                _Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Settlement Class Counsel
_____ , who issues or requests this subpoena, are:

Steve W. Berman,  steve@hbsslaw.com, Hagens Berman Sobol Shapiro, LLP
1918 Eighth Ave. Ste. 3300, Seattle, WA 98101, (206) 623-7292
Joseph J. Siprut, jsiprut@siprut.com, Siprut PC, 17 N. State St., Ste. 1600, Chicago, IL 60602, (312) 236-0000

**EXHIBIT**

A

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

A.      The terms "You," "Your" and "Yours," as used herein, shall refer to Florida

Agricultural and Mechanical University and shall include all other persons acting on behalf of

Florida Agricultural and Mechanical University.

B.      "All" or "any" shall mean "each and every."

C.      "And" and "or" shall mean either disjunctively or conjunctively as necessary to

bring within the scope of the discovery request all responses that might otherwise be construed

outside of its scope.

D.      The term "Records," as used herein, shall mean writings or records of every type

that are in Your possession, custody or control, or to which You have access, including, without

limitation, Microsoft Excel files or other data records.

E.      The term "Student-Athletes," as used herein, shall mean all persons who played

an NCAA-sanctioned sport at Florida Agricultural and Mechanical University at any time on or

prior to July 15, 2016.

F.      Except as specifically provided herein, words that impart the singular shall

include the plural and vice versa.

## INSTRUCTIONS

1.      In producing the requested Records, furnish all Records in the manner prescribed

in the "Instructions to Submit Student-Athletes Census," attached hereto as Exhibit B.

2.      This Request shall be deemed to be continuing in nature.  If at any time additional

responsive Records come into Your possession, custody or control, the responses to this Request

shall promptly be supplemented.

Exhibit A-1

## REQUEST FOR PRODUCTION

**REQUEST NO. 1:**

The following last-known contact information in your Records for any and all Student-Athletes who participated in any NCAA sanctioned sport at Florida Agricultural and Mechanical University:

        a.     First name;

        b.     Last name and middle initial;

        c.     Last-known street address;

        d.     City;

        e.     State;

        f.     Zip code;

        g.     E-mail address(es);

        h.     Telephone number(s);

        i.     First year attended; and

        j.     NCAA-sanctioned sports played.

Exhibit A-2

## EXHIBIT B

### INSTRUCTIONS TO SUBMIT STUDENT-ATHLETES CENSUS

1. Go to https://gilardigateway.com/CollegeAthleteConcussionSettlement/uploadmanager and download the template Census file in Microsoft Excel format.

2. Once you have downloaded the template Census file, please review the instructions below to upload your Census.

3. Once Census is complete, go to https://gilardigateway.com/CollegeAthleteConcussionSettlement/uploadmanager and follow the instructions in Part 2. You will be prompted to select your school from a dropdown list. If you cannot find your school in the dropdown, please contact Rachel Christman by email at Rachel.Christman@gilardi.com or by phone at (415) 458-3603.

4. Please answer the questions on the Data Submission Form page.

5. Once complete, please select your file and click **Upload**. When it says Upload 100% next to the file you are uploading, your upload is complete. You may then upload additional files or you may click **Submit Data** to securely upload the student-athlete list(s) to the Notice Administrator. If your file is too large to upload, please contact Rachel Christman by email at Rachel.Christman@gilardi.com or by phone at (415) 458-3603.

You will receive an email confirmation with your unique School ID after you have successfully submitted the student-athlete Data Submission.

### INSTRUCTIONS TO COMPLETE STUDENT-ATHLETES CENSUS

Please review the instructions and complete the Census before returning to the site to upload your Data Submission.

Completing a Census means providing the first and last name, last known street address, city, state and zip of all applicable NCAA student-athletes. If available, please also provide email address, phone number(s), and sport played information.

While Excel is a common format for most institutions and the default Census form is an Excel file, you may already have this data in another tabular format (e.g., Microsoft Access or a tab delimited text file), and you may submit your data in this tabular format, being sure to adhere to the below Data Submission Guidelines.

### DATA SUBMISSION GUIDELINES

**Types of Data Files**

Data is most efficiently and accurately transmitted within delimited or fixed-width text files, Microsoft Excel and Access files or SQL Server backup files. Excel and Access are typically the

most convenient methods for small to moderate volumes of data. Text files are the preferred method for transferring large volumes of data (hundreds of thousands or millions of records).

**Access**

The file should contain only the table objects necessary and not include query, form, module, or report objects. The data should not contain control characters such as carriage return, line feed, tab, etc. Date values should be formatted as MM/DD/YYYY.

**Excel**

The file should contain one sheet per dataset. If the number of records exceeds the capacity of the Excel sheet (too many records) such that the records would need to be split among two or more sheets, another file format, such as an Access table, should be considered. The file should not include any unnecessary data or objects, such as images, VBA code, forms, etc. The data should not contain control characters such as carriage return, line feed, tab, etc.

Numeric values should be actual values and not formula or calculation results. Date values should be formatted as MM/DD/YYYY.

**Delimited Text**

The file should be a tab or pipe-delimited format with double-quote text identifiers. Comma separated files can only be accepted with double-quote text identifiers. Date values should be formatted as MM/DD/YYYY.

**Note: Please include the heading row.**

Exhibit B-4

## APPENDIX A

## GENERAL DATA STRUCTURE

Regardless of the type of file for transfer, the data should contain a single record or line for each Student athlete with separate data elements (field or column) for each of the following elements of information:

Athlete First Name *
Athlete Middle Name or Initial
Athlete Last Name *
Athlete Address *
Athlete City *
Athlete State *
Athlete Zip Code *
Athlete Foreign Province
Athlete Foreign Postal Code
Athlete Foreign Country
Athlete SSN (optional)
Athlete Phone Number
Athlete Email
First Year Attended
Primary Sport
Secondary Sport (if any)
Tertiary Sport (if any)

*Those elements marked with an asterisk are generally required for all uploads.*

Thank you for your time and attention. Should you have any questions, please contact Rachel Christman by email at Rachel.Christman@gilardi.com or by phone at (415) 458-3603.

Gilardi & Co LLC
Notice Administrator

Exhibit B-5

| Last Name | First Name | Middle Name | Sport | Academic Year | Fulltime Enrollment Year Here | Address1 | Address2 | City | State | Postal Code |
|---|---|---|---|---|---|---|---|---|---|---|
| Adoki | Nemi | M. | Baseball | 2003-04 | 2003-04 | 11001 E 59TH ST | | RAYTOWN | MO | 64133-3435 |
| Beauford | Jim | M. | Baseball | 2003-04 | 2003-04 | 2204 Paul Russel Circle | | Tallahassee | FL | 32301 |
| Bernier | Eric | | Baseball | 2003-04 | 2002-03 | | | Tallahassee | FL | 32301 |
| Branning | Christopher | | Baseball | 2003-04 | 2000-01 | 2595 Front St | | Cottondale | FL | 32431 |
| Braxton | Brian | A. | Baseball | 2003-04 | 2003-04 | 958 Highlands Cir | | Alford | FL | 32420 |
| Clethen | Kevin | D. | Baseball | 2003-04 | 2001-02 | S Magnolia Dr Apt T102 | | Tallahassee | FL | 32301 |
| Connell | Mike | | Baseball | 2003-04 | 2003-04 | PO Box 312 | | Woodville | FL | 32362 |
| Dean | Joshua | L. | Baseball | 2003-04 | 2000-01 | 4362 Wilton St | | Marrianna | FL | 32446 |
| Dorsey | Terrance | J. | Baseball | 2003-04 | 2000-01 | 5256 Family Tree Dr | | Tallahassee | FL | 32303 |
| Drayton | Jay | M. | Baseball | 2003-04 | 1999-00 | 6523 Haslett Dr N | | Jacksonville | FL | 32277 |
| Flaherty | Daniel | J. | Baseball | 2003-04 | 2003-04 | 2025 E Dolphin Dr | | Englewood | FL | 34223 |
| Franklin | Reginald | | Baseball | 2003-04 | 2001-02 | 2001 Bellevue Way Apt 131 | | Tallahassee | FL | 32304 |
| Frazier | Joel | S. | Baseball | 2003-04 | 2003-04 | 13120 Old Settlement RD | | Tallahassee | FL | 32309 |
| Gnat | Stanley | J. | Baseball | 2003-04 | 2003-04 | 12081 Hidden Hills Dr | | Jacksonville | FL | 32225 |
| Guastella | Peter | N. | Baseball | 2003-04 | 2003-04 | 11449 102nd CT | | Seminole | FL | 33778 |
| Hampton | David | M. | Baseball | 2003-04 | 2003-04 | 6 HEMLOCK TERRACE CRSE | | OCALA | FL | 34472 |
| Hengebold | John | | Baseball | 2003-04 | 2003-04 | 207 RUSKIN ST | | LAKE MARY | FL | 32746 |
| Johnson | Carl | E. | Baseball | 2003-04 | 2002-03 | 6485 Broadtree Ct | | Tallahassee | FL | 32317 |
| Knight | Jamil | P. | Baseball | 2003-04 | 2003-04 | 308 VALLEY CREEK HOMES APT D | | SELMA | AL | 36701 |
| Lietz | Scott | P. | Baseball | 2003-04 | 2003-04 | 2826 NE 18TH TER | | OCALA | FL | 34470 |
| Mitchell | Julian | B. | Baseball | 2003-04 | 2001-02 | 15450 SW 295TH ST | | HOMESTEAD | FL | 33033 |
| Nunez | Gabriel | | Baseball | 2003-04 | 2003-04 | 4819 EAGLE COVE BLVD | | PALM HARBOR | FL | 34685 |
| Patrick | Charles | A. | Baseball | 2003-04 | 2001-02 | PO BOX 102 | | WOODVILLE | FL | 32362 |
| Pinkerton | Patrick | | Baseball | 2003-04 | 2003-04 | 4128 Miraflores LN | | Tallahassee | FL | 32303 |
| Priestly | Virgil | S. | Baseball | 2003-04 | 2000-01 | 19500 sw 134th ct | | Miami | FL | 33177 |
| Rhodes | Brett | D. | Baseball | 2003-04 | 2003-04 | 4120 NE 27th Ave. | | Lighthouse Point | FL | 33064 |
| Rodman | Todd | I. | Baseball | 2003-04 | 2002-03 | | | Tallahassee | FL | 32307 |
| Sills | Michael | O. | Baseball | 2003-04 | 2001-02 | 1665 Vintage Ridge CT | | Tallahassee | FL | 32312 |
| Sims | Marcus | M. | Baseball | 2003-04 | 2001-02 | 644 E. Lincoln Ave. | | Waukegan | IL | 60085 |
| Sweatt | Michael | J. | Baseball | 2003-04 | 2001-02 | 408 Pull Back | | Sopchoppy | FL | 32358 |
| Vickery | Jake | | Baseball | 2003-04 | 2002-03 | | | Tallahassee | FL | 32307 |
| Walterick | James | S. | Baseball | 2003-04 | 2002-03 | 14528 110th Ter. | | Largo | FL | 33774 |
| Waters | Justin | G. | Baseball | 2003-04 | 2003-04 | 1011 Redbud Ave. | | Tallahassee | FL | 32303 |
| Beauford | Jim | M. | Baseball | 2004-05 | 2003-04 | 2204 Paul Russel Circle | | Tallahassee | FL | 32301 |
| Braxton | Brian | A. | Baseball | 2004-05 | 2003-04 | 958 Highlands Cir | | Alford | FL | 32420 |
| Bushnell | Edmond | D. | Baseball | 2004-05 | 2003-04 | | | Tallahassee | FL | 32307 |
| Clethen | Kevin | D. | Baseball | 2004-05 | 2001-02 | S Magnolia Dr Apt T102 | | Tallahassee | FL | 32301 |
| Dean | Joshua | L. | Baseball | 2004-05 | 2000-01 | 4362 Wilton St | | Marrianna | FL | 32446 |
| Dorsey | Terrance | J. | Baseball | 2004-05 | 2000-01 | 5256 Family Tree Dr | | Tallahassee | FL | 32303 |
| Flaherty | Daniel | J. | Baseball | 2004-05 | 2003-04 | 2025 E Dolphin Dr | | Englewood | FL | 34223 |
| Frazier | Joel | S. | Baseball | 2004-05 | 2003-04 | 13120 Old Settlement RD | | Tallahassee | FL | 32309 |
| Gnat | Stanley | J. | Baseball | 2004-05 | 2003-04 | 12081 Hidden Hills Dr | | Jacksonville | FL | 32225 |
| Guastella | Peter | N. | Baseball | 2004-05 | 2003-04 | 11449 102nd CT | | Seminole | FL | 33778 |
| Hampton | David | M. | Baseball | 2004-05 | 2003-04 | 6 HEMLOCK TERRACE CRSE | | OCALA | FL | 34472 |
| James | David | Ellis | Baseball | 2004-05 | 2004-05 | | | Tallahassee | FL | 32307 |
| Johnson | Carl | E. | Baseball | 2004-05 | 2002-03 | 6485 Broadtree Ct | | Tallahassee | FL | 32317 |
| Knight | Jamil | P. | Baseball | 2004-05 | 2003-04 | 308 VALLEY CREEK HOMES APT D | | SELMA | AL | 36701 |
| Lietz | Scott | P. | Baseball | 2004-05 | 2003-04 | 2826 NE 18TH TER | | OCALA | FL | 34470 |
| Manego | Cirilo | Reyes | Baseball | 2004-05 | 2004-05 | | | Tallahassee | FL | 32307 |
| McFadden | Corey | J. | Baseball | 2004-05 | 2004-05 | | | Tallahassee | FL | 32307 |
| Millan | Elvin | | Baseball | 2004-05 | 2004-05 | | | Tallahassee | FL | 32307 |
| Patrick | Charles | A. | Baseball | 2004-05 | 2001-02 | PO BOX 102 | | WOODVILLE | FL | 32362 |
| Priestly | Virgil | S. | Baseball | 2004-05 | 2000-01 | 19500 sw 134th ct | | Miami | FL | 33177 |
| Rhodes | Brett | D. | Baseball | 2004-05 | 2003-04 | 4120 NE 27th Ave. | | Lighthouse Point | FL | 33064 |
| Rodman | Todd | I. | Baseball | 2004-05 | 2002-03 | | | Tallahassee | FL | 32307 |
| Sills | Michael | O. | Baseball | 2004-05 | 2001-02 | 1665 Vintage Ridge CT | | Tallahassee | FL | 32312 |
| Sims | Marcus | M. | Baseball | 2004-05 | 2001-02 | 644 E. Lincoln Ave. | | Waukegan | IL | 60085 |
| Snyder | Nicholas | Andrew | Baseball | 2004-05 | 2004-05 | | | Tallahassee | FL | 32307 |
| Stiffler | Stephen | Wayne | Baseball | 2004-05 | 2004-05 | | | Tallahassee | FL | 32307 |
| Sweatt | Michael | J. | Baseball | 2004-05 | 2001-02 | 408 Pull Back | | Sopchoppy | FL | 32358 |
| Walterick | James | S. | Baseball | 2004-05 | 2002-03 | 14528 110th Ter. | | Largo | FL | 33774 |
| Waters | Justin | G. | Baseball | 2004-05 | 2003-04 | 1011 Redbud Ave. | | Tallahassee | FL | 32303 |
| Ardis | Domonick | | Baseball | 2005-06 | 2005-06 | | | Tallahassee | FL | 32307 |
| Baylor | David | C | Baseball | 2005-06 | 2005-06 | 655 Pugsley Drive | | Monticello | FL | 32344 |
| Bushnell | Edmond | D. | Baseball | 2005-06 | 2003-04 | | | Tallahassee | FL | 32307 |
| Cannon | Arien | | Baseball | 2005-06 | 2004-05 | | | Tallahassee | FL | 32307 |
| Clethen | Kevin | D. | Baseball | 2005-06 | 2001-02 | S Magnolia Dr Apt T102 | | Tallahassee | FL | 32301 |
| Davis | Mathew | | Baseball | 2005-06 | 2005-06 | | | Tallahassee | FL | 32307 |
| De la Concha | Kevin | | Baseball | 2005-06 | 2005-06 | | | Tallahassee | FL | 32307 |
| DeCambra | Allen | Dutton | Baseball | 2005-06 | 2005-06 | | | Tallahassee | FL | 32307 |
| Dill | Austin | | Baseball | 2005-06 | 2004-05 | | | Tallahassee | FL | 32307 |
| Fullman | Gary | | Baseball | 2005-06 | 2005-06 | | | Tallahassee | FL | 32307 |
| Gnat | Stanley | J. | Baseball | 2005-06 | 2003-04 | 12081 Hidden Hills Dr | | Jacksonville | FL | 32225 |
| Grimball | Albert | L. | Baseball | 2005-06 | 2002-03 | | | Tallahassee | FL | 32307 |
| Guastella | Peter | N. | Baseball | 2005-06 | 2003-04 | 11449 102nd CT | | Seminole | FL | 33778 |
| James | David | Ellis | Baseball | 2005-06 | 2004-05 | | | Tallahassee | FL | 32307 |
| Leonard-Matthias | Kahmari | | Baseball | 2005-06 | 2005-06 | | | Tallahassee | FL | 32307 |
| Manego | Cirilo | Reyes | Baseball | 2005-06 | 2004-05 | | | Tallahassee | FL | 32307 |
| Mazzeo | Anthony | | Baseball | 2005-06 | 2005-06 | | | Tallahassee | FL | 32307 |
| McFadden | Corey | J. | Baseball | 2005-06 | 2004-05 | | | Tallahassee | FL | 32307 |
| McKinley | Brice | | Baseball | 2005-06 | 2003-04 | | | Tallahassee | FL | 32307 |
| Mercer | Blair | | Baseball | 2005-06 | 2004-05 | | | Tallahassee | FL | 32307 |
| Millan | Elvin | | Baseball | 2005-06 | 2004-05 | | | Tallahassee | FL | 32307 |
| Register | Stephen | | Baseball | 2005-06 | 2005-06 | | | Tallahassee | FL | 32307 |
| Smith | Rian | | Baseball | 2005-06 | 2004-05 | | | Tallahassee | FL | 32307 |
| Smith | Timothy | C. | Baseball | 2005-06 | 2005-06 | | | Tallahassee | FL | 32307 |
| Snyder | Nicholas | Andrew | Baseball | 2005-06 | 2004-05 | | | Tallahassee | FL | 32307 |
| Bailey | Julian | L. | Baseball | 2006-07 | 2006-07 | | | Tallahassee | FL | 32307 |
| Baylor | David | C | Baseball | 2006-07 | 2005-06 | 655 Pugsley Drive | | Monticello | FL | 32344 |
| Birch | Antonio | V. | Baseball | 2006-07 | 2006-07 | | | Tallahassee | FL | 32307 |

EXHIBIT

B