# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION | MDL NO. 2492<br>Case No. 13-cv-09116<br><br>Judge John Z. Lee |

## DECLARATION OF STEVE W. BERMAN IN SUPPORT OF PETITION FOR FEES AND EXPENSES

I, Steve W. Berman, declare as follows:

1. I am the founder and Managing Partner of Hagens Berman Sobol Shapiro LLP. I am Lead Class Counsel, having been initially appointed by the Court on October 19, 2011, in *Arrington* and subsequently reappointed by the Court in the above-entitled action. I am submitting this declaration in support of my firm's application for an award of attorneys' fees and expenses in connection with services rendered in the above-entitled action.

2. My firm and the Plaintiffs we represent support the Settlement in this matter.

3. My firm was one of the first two to file a case in this matter, and represent Plaintiffs Owens and Solomon in *Arrington*. From the inception of this litigation, counsel for plaintiffs have aggressively prosecuted this case and vigorously represented the best interests of plaintiffs and the Class.

4. Hagens Berman took the lead in the following work in *Arrington*:

(a) Drafting and filing the Consolidated Class Action Complaint on November 18, 2011;[1]

(b) Conducting full merits discovery between October 2011 and June 2013, including but not limited to requesting and reviewing the production of 29,502 documents

---

[1] Consolidated Class Action Complaint (*Arrington* Dkt. No. 24).

1

926212

(176,849 pages) by the NCAA, 8,124 documents by 42 third parties (28,485 pages), and 3,842 documents (10,144 pages) by Lead Plaintiffs; taking the depositions of 10 NCAA fact witnesses; and defending the depositions of the four Lead Plaintiffs and one absent class member;

(c) Drafting and filing the Second Amended Class Action Complaint, incorporating the fact discovery, on March 11, 2013;[2]

(d) Drafting and filing Plaintiffs' Motion for Class Certification and Memorandum in Support,[3] together with a detailed Proffer of Facts In Support of Class Certification ("Fact Proffer")[4] and an expert analysis of the NCAA's concussion policies from one of the nation's leading sport concussion experts, Dr. Robert Cantu.[5]

(e) Taking the lead in settlement negotiations with the NCAA, first overseen by the Hon. Layn Phillips (ret.) at mediation sessions on November 1, 2013 (New York), December 13, 2013 (Houston), and February 6-7, 2014 (New York). On February 7, 2014, the NCAA and Lead Class Counsel signed a Term Sheet.

5. From the filing of *Arrington* in 2011 through the initial settlement (as of January 31, 2014), Hagens Berman invested more than 8,000 hours and invested more than $400,000 in out-of-pocket costs on a wholly contingent basis. These hours included more than two dozen oral meet and confers with defense counsel and third parties regarding discovery requests; the negotiation of 97 search terms for NCAA electronically-stored information; nine lawyers spent at least 2,314 hours reviewing the 29,502 documents (176,849 pages) produced by the NCAA from 14 NCAA custodians and central libraries; three lawyers spent more than 209 hours reviewing the plaintiffs' emails and documents, and produced 3,842 documents (10,144 pages) in response to NCAA requests; 43 third parties produced 8,124 documents (28,485 pages), which were reviewed over a period of 400 hours by seven lawyers; Hagens Berman took 10 depositions of the NCAA's fact witnesses, including two experts on NCAA committees, expending more than

---

[2] Second Amended Class Action Complaint (*Arrington* Dkt. No. 135).
[3] Plaintiffs' Motion for Class Certification (*Arrington* Dkt. No. 174); Plaintiffs' Memorandum in Support of Motion for Class Certification (*Arrington* Dkt. No. 175).
[4] Proffer of Common Facts in Support of Motion for Class Certification ("Fact Proffer") (*Arrington* Dkt. No. 176).
[5] Report of Robert C. Cantu, M.A., M.D., F.A.C.S., F.A.C.S.M. (*Arrington* Dkt. No. 180).

200 hours; the NCAA deposed the four Lead Plaintiffs and one absent class member; Hagens Berman spent more than 375 hours drafting the Proffer of Facts in Support of Class Certification, and more than 700 hours researching and drafting Plaintiffs' Motion for Class Certification; and, excluding mediation-related work, Hagens Berman spent more than 110 hours working with their expert, Dr. Cantu, and Dr. Cantu spent approximately 85 hours working on his report or consulting with us related to his report.

6. Hagens Berman also led the 10 months of settlement negotiations with the NCAA, resulting in the initial Term Sheet dated February 7, 2014. The Term Sheet included the fundamental agreement still in place today: a $75-million Medical Monitoring Fund to create a 50-year Medical Monitoring Program, as well as the NCAA's agreement to implement significant changes to its concussion management and return-to-play protocols.

7. Hagens Berman also took the lead in the following work in the MDL:

(a) After the *Walker* case was filed in the Eastern District of Tennessee in September 2013, just 20 days after the parties in *Arrington* disclosed that the case was headed to mediation, Lead Class Counsel sought to intervene in *Walker* and initiated and argued the Motion to Transfer for Coordinated or Consolidated Pre-Trial Proceedings Pursuant to 28 U.S.C. § 1407 with the U.S. Judicial Panel on Multidistrict Litigation, requesting transfer to this Court, which was granted on December 18, 2013;

(b) We conferred and reached consensus with the majority of new MDL Plaintiffs' Counsel concerning leadership, forming the Executive Committee, and working with the Executive Committee on further negotiations regarding eligibility for and tests within the Medical Monitoring Program;

(c) We led negotiations with the NCAA regarding the additional demands from Plaintiffs as well as the Court's concerns regarding the terms of the Settlement, including in additional mediations overseen by the Hon. Wayne Andersen;

(d) We retained and worked directly with Dr. Cantu and the Medical Science Committee to create a state-of-the-art program that includes both a Screening Questionnaire and on-site testing when eligible due to symptoms related to concussion in sport;

(e) We retained and worked directly with actuaries to model the sufficiency of the Medical Monitoring Fund for the life of the Medical Monitoring Program;

(f) We responded to numerous rounds of objections by Nichols over a three-year period;

(g) We facilitated interviews between Judge Andersen and every Settlement Class Representative per the Court's request;

(h) We worked with the Notice Administrator to design and implement the phased-notice approach approved by this Court, including working with the NCAA schools to obtain direct contact information for all current and former student-athletes;

(i) We worked with the Program Administrator and Medical Science Committee to design and begin implementation of the Medical Monitoring Program so that it will be ready to launch upon the effective date.

8. Through November 30, 2016, the total number of hours spent on this litigation by my firm is 11,030. The total lodestar amount for attorney/professional time based on the firm's current rates is $5,518,447.35. The hourly rates shown below are the usual and customary rates charged for each individual in all of our cases. A breakdown of the lodestar is as follows:

| Partners | Hours | Rate | Lodestar |
|---|---|---|---|
| Steve W. Berman | 633.1 | $ 950.00 | $ 601,445.00 |
| Elizabeth A. Fegan | 2128.5 | $ 735.00 | $ 1,564,447.50 |
| Daniel J. Kurowski | 1108.55 | $ 473.00 | $ 524,344.15 |
| Rob Carey | 158 | $ 735.00 | $ 116,130.00 |
| Leonard Aragon | 7.2 | $ 578.00 | $ 4,161.60 |
| Jeniphr Breckenridge | 156.98 | $ 630.00 | $ 98,897.40 |
| Jennifer Connolly | 0.3 | $ 683.00 | $ 204.90 |
| Erin K. Flory | 510.4 | $ 600.00 | $ 306,240.00 |
| Leif Garrison | 1.5 | $ 425.00 | $ 637.50 |
| Lisa Hasselman | 11.75 | $ 550.00 | $ 6,462.50 |
| Sean Matt | 177 | $ 735.00 | $ 130,095.00 |
| Chris O'Hara | 401 | $ 605.00 | $ 242,605.00 |
| Craig Spiegel | 68 | $ 760.00 | $ 51,680.00 |
| Nick Styant-Browne | 160 | $ 683.00 | $ 109,280.00 |
| **Of Counsel** | | | |
| Kevin Green | 1.3 | $ 630.00 | $ 819.00 |
| **Associates** | | | |
| Thomas Ahlering | 2577 | $ 420.00 | $ 1,082,340.00 |
| Anthea Grivas | 356.9 | $ 473.00 | $ 168,813.70 |
| Michella Kras | 8.5 | $ 525.00 | $ 4,462.50 |
| **Staff Attorney** | | | |
| Ed Craft | 36.5 | $ 275.00 | $ 10,037.50 |
| Robertson Noreus | 445.75 | $ 350.00 | $ 156,012.50 |
| **Law Clerk** | | | |
| Brandon Cavenaugh | 457.45 | $ 150.00 | $ 68,617.50 |
| Chris Hack (Admitted) | 31.5 | $ 250.00 | $ 7,875.00 |
| Laura Heft | 8.3 | $ 250.00 | $ 2,075.00 |
| **Paralegals** | | | |
| Alma C. Marrero | 70.55 | $ 158.00 | $ 11,146.90 |
| Audrey Moore | 1.8 | $ 158.00 | $ 284.40 |
| Sheila Carey | 1091.25 | $ 150.00 | $ 163,687.50 |
| Carrie Flexer | 240.4 | $ 200.00 | $ 48,080.00 |
| Adrian Garcia | 10.5 | $ 158.00 | $ 1,659.00 |
| Nicolle Grueneich | 2.8 | $ 180.00 | $ 504.00 |
| Robert Haegele | 19.45 | $ 180.00 | $ 3,501.00 |
| Rebecca Heneghen | 9.2 | $ 170.00 | $ 1,564.00 |
| Cindy Johnson | 3.8 | $ 158.00 | $ 600.40 |
| Larry Kunzler | 7 | $ 140.00 | $ 980.00 |
| Sherri Malloy | 52.8 | $ 150.00 | $ 7,920.00 |
| Dawn Cornelius | 29 | $ 290.00 | $ 8,410.00 |
| Tom McClurg | 43.7 | $ 265.00 | $ 11,580.50 |
| **Marketing & Presentations** | | | |
| Heidi Kalscheur | 2.3 | $ 368.00 | $ 846.40 |
| **Totals** | **11030** | | **$ 5,518,447.35** |

5

926212

9. Through November 30, 2016, my firm incurred a total of $658,794.50 in expenses in connection with the prosecution of this litigation. They are broken down as follows:

| EXPENSE CATEGORY | TOTAL |
| --- | --- |
| Meals, Hotels & Transportation | $57,241.54 |
| Photocopies | $8,930.85 |
| Technology | $120.15 |
| Telephone, Facsimile | $1,907.88 |
| Messenger, Overnight Delivery | $7,913.84 |
| Filing, Witness & Other Fees | $418.00 |
| Court Reporters | $3,808.21 |
| Lexis, Westlaw, Online Library Research | $91,919.41 |
| Mediation Fees | $59,488.12 |
| Experts/Consultants/Investigators | $398,520.39 |
| Marketing | $28,526.11 |
| TOTAL | $658,794.50 |

10. The expenses pertaining to this case are reflected in the books and records of this firm. These books and records are prepared from expense vouchers, check records, and other documents and are an accurate record of the expenses.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of January, 2017



Steve W. Berman