# Exhibit D

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| **IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION** | MDL NO. 2492<br>Case No. 13-cv-09116<br><br>Judge John Z. Lee |

**DECLARATION OF RICHARD S. LEWIS IN SUPPORT OF**
**PETITION FOR FEES AND EXPENSES**

I, RICHARD S. LEWIS, declare as follows:

1.        I am a partner with the firm of Hausfeld LLP.  I represent Class Representative Dan Ahern in this matter and *Walker* Class Representatives Chris Walker and Ben Martin, and was appointed by this Court as Special Class Counsel for Monitoring Relief, in the above-entitled action.  I am submitting this declaration in support of my firm's application for an award of attorneys' fees and expenses in connection with services rendered in the above-entitled action.

2.        My firm and the Plaintiff Class Representative we represent support the Settlement in this matter.

3.        My firm first became involved with the litigation in July, 2013.  From the inception of our work in this litigation, counsel for plaintiffs have aggressively prosecuted this case and vigorously represented the best interests of plaintiffs and the Class.

4.        The main contribution the Hausfeld firm made to this litigation and settlement was to file a medical monitoring class complaint **focused primarily on late-life cognitive impairment medical monitoring relief (for Dementia and CTE) on behalf of the older former NCAA football players** and advocate for and obtain that relief in working with counsel for the *Arrington* class and NCAA counsel.[1]  This specific injury (late-life cognitive impairment) and this class of

---

[1] Compl. *Walker v. NCAA*, Case No. 13cv293 (E.D.TN), ECF No. 1.

players (those that played before 2004) were not part of the medical monitoring class for which the *Arrington* Plaintiffs initially sought class certification on July 19, 2013.[2] Importantly, the *Walker* plaintiffs, working in conjunction with counsel representing other plaintiffs seeking to represent the interests of the older former players, produced the expert report of Robert Stern, Ph.D of the Boston University Sports Legacy Institute. The report documented the particular risk of late-life cognitive impairment to the older former players, with ample citation to the peer reviewed medical literature, and identified the necessary particularized medical monitoring these older former class members (*Walker* class) would require to respond to this risk and mitigate the damage of late-life cognitive disorders through early diagnosis and preventive interventions.[3]

This expert report was cited and relied on by *Walker* plaintiffs to advocate for inclusion of late-life cognitive impairment monitoring and inclusion of these high risk former players (who played before the 2004 class cut off in *Arrington* medical monitoring class definition). The *Walker* Plaintiffs advocated for this specific medical monitoring relief based on the Stern expert report in filing an Emergency Motion for Consideration of Mediation, on September 16, 2013, in *Walker*,[4] and a Motion to Temporarily Enjoin the *Arrington* Medical Monitoring Class Settlement Negotiation, on January 13, 2014, in *Arrington*.[5] The *Walker* Plaintiffs' position was that the interests of the high risk older former players who played before 2004 as well as former college football players from 32 states needed to be fully represented in any NCAA medical monitoring litigation or settlement. Richard Lewis on behalf of the *Walker* Plaintiffs (and the *Caldwell*, *Morgan*, *Washington*, *Doughty*, *Hudson*, and *Walton* plaintiffs who joined)[6] advanced this argument before Judge Lee on February 5, 2014, and argued that: (1) the late-life cognitive

---

[2] Plaintiffs' Mot. For Class Cert, *Arrington v. NCAA*, Case No. 11cv6356 (N.D.IL), ECF No. 174, at 1.
[3] Affidavit of Robert A. Stern, Ph.D., ECF No. 6-3; *Walker v. NCAA,* Case No. 13cv293 (E.D.TN).
[4] Plaintiffs Mot. & Mem. To Suggest Consideration of Mediation on an Expedited Basis, *Walker v. NCAA*, Case No. 13cv293 (E.D.TN), ECF No. 13.
[5] *Walker* and *Morgan* Plaintiffs' Mot. To Temp. Enjoin the Ongoing *Arrington* Medical Monitoring Class Settlement Negotiations with Defendant NCAA, ECF No. 5-6.
[6] *Caldwell* counsel: Orlando firm, Mabra firm, and McCallum firm; *Morgan* counsel: Selmer firm; *Washington* counsel: DeFeo firm, and *Weaver* firm; *Doughty* counsel: Pittman firm; *Hudson* counsel: Pittman firm; *Walker* counsel: Ball firm, Hausfeld firm, Lite DePalma firm, Zimmerman firm, Heins Mills firm, Zelle firm, and Provosty firm; and *Walton* counsel: Easter firm.

2

disorder monitoring must be included in any medical monitoring relief, (2) the medical monitoring class must include the older former players who played before the 2004 *Arrington* class cut off, and (3) that former players from 32 states not part of the Arrington proposed class should also be included in any medical monitoring class.[7] This Court heard these arguments, encouraged Mr. Lewis on behalf of the *Walker* plaintiffs and related cases representing older former players to meet and confer with Mr. Berman, interim lead counsel for the *Arrington* class[8], to determine if the issues raised at the hearing could be resolved. On February 27, 2014, the court granted the *Walker* Motion to Enjoin the Settlement.[9]

As a result of meeting and conferring of the *Walker* counsel and the *Arrington* counsel, issues raised by the Motion to Enjoin were resolved. Lead Counsel supported Mr. Lewis to be appointed Special Counsel for the Medical Monitoring Class[10] and the class definition would include the older former players and the medical monitoring relief would specifically include types of tests recommended by Dr. Stern for the monitoring of late-life cognitive impairment.[11]

Going forward from that point in 2014, Mr. Lewis and Dr. Stern participated on a regular basis in the drafting of the proposed medical monitoring protocols along with lead counsel for *Arrington* and the NCAA, and other experts and consultants retained by *Arrington* counsel including Dr. Robert Cantu, a world recognized concussion expert, and Garretson Resolution Group, to develop the projected costs, operational, and logistical elements of the monitoring program,[12] with two medical experts put forward by the defendant NCAA, Dr. Rueben Echemendia, Ph.D, and Dr. Brian Hainline, MD, both highly regarded experts in their fields.[13] Ultimately the Court appointed these experts to the Medical Science Committee to function under the supervision of Retired Judge Wayne Andersen. The work of the Hausfeld firm in conjunction

---

[7] Tr. at 9-14, 17-18, & 24-25, ECF No. 26.
[8] *Id*. at 27.
[9] Min. Entry Granting Plaintiffs' Mot. To Temp. Enjoin the Ongoing *Arrington* Medical Monitoring Class Settlement Negotiations with Defendant NCAA, ECF No. 28.
[10] Case Management Order #3, ECF No. 76.
[11] Stern, *Supra* note 3.
[12] Report of the Proposed Medical Science Committee in Supp. of Mot. For Prelim. Approval, ECF No. 159
[13] Prelim. Approval Order, ECF No. 278 at 5.

with Dr. Stern was utilized in the negotiation and final resolution of the settlement particularly as to the late-life cognitive impairment medical monitoring relief, and throughout 2015 and 2016 in the form of drafting medical monitoring protocols, editing relevant briefs, attending relevant court hearings, and advising class representatives and counsel on related cases of the developments in the case.

5.     Through December 31, 2016, the total number of hours spent on this litigation by my firm is **1,065.6**.  The total lodestar amount for attorney/professional time based on the firm's current rates is $**650,064.00**.  The hourly rates shown below are the usual and customary rates charged for each individual in all of our cases.  A breakdown of the lodestar is as follows:

| NAME | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Richard S. Lewis, Partner | 491 | 920.00 | 439,235 |
| Michael D. Hausfeld, Partner | 8.8 | 995.00 | 8,626 |
| Brent Landau, Partner | .8 | 630.00 | 457 |
| Frederick Kuykendall, Of Counsel | 6 | 750.00 | 4,500 |
| Sathya Gosselin, Partner | 11.3 | 530.00 | 4,859 |
| Jamie Pizzirusso, Partner | 1 | 630.00 | 560 |
| Hilary Scherrer, Partner | 16.8 | 640.00 | 9,744 |
| Brian Ratner, Partner | .6 | 650.00 | 366 |
| Jeannine Kenney, Associate | .5 | 450.00 | 215 |
| Mindy Pava, Associate | 278.6 | 390.00 | 100,716 |
| Swathi Bojedla, Associate | 41.2 | 410.00 | 14,420 |
| Robert Armstrong, Staff Attorney | 22.6 | 370.00 | 7,598 |
| James Mitchell, Paralegal | 108.5 | 340.00 | 33,863 |
| Krishna Patel, Paralegal | 63.5 | 340.00 | 20,530 |
| Pejmon Pashai, Paralegal | 3.2 | 300.00 | 960 |
| Marilani Huling, Paralegal | 8.1 | 340.00 | 2,514 |
| Elliot Robinson, Paralegal | 3 | 320.00 | 870 |
| Kristina Stubbs, Paralegal | .1 | 310.00 | 31 |
| **TOTAL:** | **1,065.6** | | **$650,064.00** |

4

6.     My firm incurred a total of **$50,100.01** in expenses in connection with the prosecution of this litigation.  They are broken down as follows:

| EXPENSE CATEGORY | TOTAL |
|---|---|
| Meals, Hotels & Transportation | 7,413.82 |
| Photocopies | 1,859.88 |
| Postage | |
| Telephone, Facsimile | 1,355.26 |
| Messenger, Overnight Delivery | 327.55 |
| Filing, Witness & Other Fees | 1,236.00 |
| Court Reporters | |
| Lexis, Westlaw, Online Library Research | 3,740.07 |
| Class Action Notices/Business Wire | |
| Mediation Fees | |
| Experts/Consultants/Investigators | 34,167.43 |
| [INSERT ADDITIONAL CATEGORIES HERE] | |
| **TOTAL:** | **$50,100.01** |

7.     The expenses pertaining to this case are reflected in the books and records of this firm.  These books and records are prepared from expense vouchers, check records, and other documents and are an accurate record of the expenses.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of January, 2017.

Richard S. Lewis
HAUSFELD LLP
1700 K. Street, NW
Suite 650
Washington, DC 20006
rlewis@hausfeld.com
Phone: 202-540-7151
Fax: 202-540-7201

6