UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION | MDL No. 2492<br><br>Master Docket No. 1:13-cv-09116<br><br>John Z. Lee<br><br>Magistrate Judge Geraldine Soat Brown |

**PLAINTIFF WHITTIER'S MOTION FOR LEAVE TO AMEND HIS
MOTION FOR ATTORNEY'S FEES AND COSTS**

COMES NOW Plaintiff Julius Whittier by and through his next friend and Attorney in Fact, Mildred Whittier ("Plaintiff Whittier") and files this his Motion for Leave to Amend his Agreed Motion for Attorney's Fees and Costs and in support thereof would show the Court as follows:

1. On or about January 13, 2017 Plaintiff Whittier filed his Agreed Motion for Attorney's Fees and Costs ("Motion)". Plaintiff Whittier is requesting that the Court grant him leave to amend his Motion to address three errors and/or miscalculations in the Motion filed on January 13, 2017.

2. First, Plaintiff Whittier requests leave to amend the heading of the Motion filed to omit the reference to the motion as being "Agreed". Counsel for Plaintiff Whittier's secretary advised that her understanding of the electronic filing process was that the motion, in order to be filed, had to include a reference to it being either "agreed," "opposed," or "unopposed." Review of subsequent motions filed by other Plaintiff's counsel for attorney's fees and costs did not contain any such reference, and although consistent with the Parties' agreed modification to the

1

Amended Settlement Agreement recognizing the Court's discretion to amend award attorney's fees, the reference in the heading of the Motion may be unnecessary.

3. Second, Plaintiff Whittier requests leave to amend his Motion to correct the reference to his counsel as "Class Counsel", as opposed to "Objector Counsel." Although, reference within the Motion identifies Whittier as an Objector, reference to his counsel as Objector Counsel will avoid any confusion with regard to the identification of the party seeking and requesting relief.

4. Third, Plaintiff Whittier requests that the Court grant him leave to amend his Motion regarding the amount of fees requested to reflect a Lodestar multiplier of three times the amount of his hourly fees as reflected by Exhibit A to Plaintiff's Motion ($243,198.00). Further evaluation of the Lodestar factors and a better understanding of its application to this case, and review of counsel's time allocation suggest that the application of a Lodestar multiplier of 3 is reasonable and consistent with customary practices and fee evaluations by the courts. Federal courts have increased hourly rates ("Lodestar Fees") by multiples of three or four (or more) to account for consideration such as the risk undertaken, the quality of the services rendered, the results achieved, and the delay in receipt of payment. See, for example, *In re: Rite Aid Corp Securities Litigation*, 146 F. Supp. 2d 706, 736 n. 44, E.D. Pa. 2001) (finding "a Lodestar multiple in the range of 4.5 to 8.5" to be "unquestionably reasonable."); *Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 298-299 (N.D. Ca. 1995) (applying a multiple of 3.6 and noting that "multiples in the 3-4 range are common in Lodestar awards for lengthy and complex class action litigation"); *Harman v. Lyphomed, Inc.*, 945 F.2d 969, 975 (7th Cir. 1991) (approving a risk multiplier of up to 4).

5. Plaintiff Whittier's request for attorney's fees even with a multiplier of 3 represents only 1.6% of the $15 million attorney's fees preliminarily approved by the Court; and only .35% of the $70 million settlement fund. Plaintiff Whittier's original request failed to factor in the nature and length of the professional relationship with the client. The nature of this case is complex and the professional relationship with the client was new and complex in light of his damaged mental capacity and deteriorating health. It is in full recognition of the court's discretion to award or not award attorney's fees that Plaintiff Whittier respectively defers to court's wise discretion in consideration of his motion for leave to amend his request for attorney's fees and costs for the reasons stated herein.

6. Finally, Plaintiff Whittier would like to amend his Motion to include a service award as compensation for his participation as an Objector to the class settlement agreement. Plaintiff Whittier's participation in the case and the value created by his presence as the only class plaintiff diagnosed with and suffering from the advanced stages of a concussive related injury (early onset Alzheimer's), entitles him to a service award for representing the interest of the most seriously injured class members, persons diagnosed with and suffering from advanced concussive related brain diseases.

## CONCLUSION

Plaintiff Whittier prays that the Court grant his motion to amend his motion for attorney's fees and costs and for such other relief at law or in equity to which he has shown himself justly entitled.

Date:  January 20, 2017.

                                            Respectfully submitted,

**MILDRED WHITTIER, AS NEXT FRIEND AND ATTORNEY IN FACT FOR JULIUS WHITTIER**

By:  */s/ Dwight E. Jefferson*
      Attorney
      Dwight E. Jefferson
      State Bar No. 10605600
      djefferson@coatsrose.com

OF COUNSEL:
COATS ROSE, P.C.
9 Greenway Plaza, Suite 1100
Houston, Texas 77046-0307
Telephone: (713) 651-0111
Facsimile:  (713) 651-0220

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically via CM/ECF, which caused notice to be sent to all counsel of record on this 20th day of January, 2017.

                                        */s/ Dwight E. Jefferson*
                                        Dwight E. Jefferson