UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION | MDL No. 2492<br><br>Master Docket No. 1:13-cv-09116<br><br>John Z. Lee<br><br>Magistrate Judge Geraldine Soat Brown |

**PLAINTIFF WHITTIER'S AMENDED MOTION FOR
ATTORNEY'S FEES AND COSTS**

COMES NOW Counsel for Plaintiff Mildred Whittier a/n/f and Attorney in Fact for Julius Whittier ("Objector Counsel") to move the Court to award attorney's fees of Two Hundred Forty-Three Thousand One Hundred Ninety-Eight and No/100 Dollars ($243,198.00) and costs of Nine Thousand Sixty-Two and 67/100 Dollars ($9,062.67) incurred in representing Plaintiff/Objector Whittier and other class members and asserting their objection to the proposed class settlement agreement and motions for preliminary approval in the above-referenced case.

### I.  PROCEDURAL HISTORY

1.      Plaintiff Whittier filed this action on or about October 27, 2014.  On November 20, 2014, this case was transferred to MDL 2492 by way of CTO-4.  On October 23, 2014 Objector Counsel filed Plaintiff Whittier's objections to the parties' request for preliminary approval of their proposed class settlement agreement and release.  The "class" was originally defined as follows:

> All persons who are playing or have played a NCAA sanctioned sport at an NCAA member institution.

(DKT 119 at p. 75).

2. However, subsequent modification of the "class" definition expressly excluded from the "class" the following persons (i) the NCAA and the NCAA's officers and directors; (ii) Objector Counsel; (iii) the judges who have presided over the litigation; (iv) *Mildred Whittier, and* (v) *Anthony Nichols*. Whittier, Nichols, and later, Arrington, were the only objectors to the parties' preliminary class settlement as originally submitted to the Court which required all class members to waive their right to assert class-wide claims on behalf of class members suffering from personal injuries as a result of the Defendants' conduct. Plaintiff Whittier joined Plaintiff Nichols in objecting to the original proposed preliminary settlement agreement on this and other grounds.[1]

3. On March 11, 2013 Class Plaintiffs filed their Second Amended Complaint and moved for certification of the class for medical monitoring purposes only. On August 15, 2013, the Court granted the parties' mutual requests for a stay in order to conduct further settlement negotiations. Plaintiff Nichols and Plaintiff Whittier were two of the few class members seeking to certify a class of Plaintiffs seeking monetary damages on a class-wide bases. The Court in its Memorandum Opinion and Order of December 17, 2014 denying the parties' motion for preliminary approval of Plaintiffs' Second Amended Complaint addressed the issue of attorney's fees incurred by Objector Counsels.

4. The parties subsequently agreed to modify the provision in the class settlement agreement that provided attorney's fees for objectors to the settlement must be borne by the objector. The modification allows the Court to award fees at its discretion from the common settlement fund to objectors as appropriate.[2] The parties have included the modified language in

---

[1] Whittier objected to provisions limiting future malpractice claims as a conflict of interest; that the class was overbroad; and termination of the tolling of claims upon preliminary approval of the class. (DKT 94).
[2] MO&O at 20, 21.

2

their Joint Motion for Preliminary Approval of Class Settlement and Certification of Settlement Class[3] . . . each of the issues raised by the Court in its MO&O dated December 17, 2014 ("Order") has been addressed by the parties in the presentation of their amended class action settlement agreement and release ("Amended Settlement") including . . . "a recognition that this Court has the discretion to award fees to an attorney hired by a settlement class member."

5. On January 26, 2016 the Court granted preliminary approval of the Amended Class Settlement and Certification of Settlement Class, subject to a number of modifications suggested by the Court and/or raised by objectors, including Plaintiff Whittier's objections to the Preliminary Class Settlement and the parties Joint Motion for Preliminary Approval of Settlement and Certification of Settlement Class, and their proposed waiver of class-wide personal injury claims.

6. On July 15, 2016 the Court entered its Preliminary Approval Order (DKT 278) and Memorandum Opinion and Order approving the proposed release of class-wide (personal injury) claims, ". . . but only to the extent that it precluded actions brought by a nationwide class or a class that consists of current or former student athletes from more than one NCAA school. The settling parties now agree that the release of class-wide personal injury damages claims will not extend to those cases where the class is composed of current or former student athletes of a single sport at a single NCAA-affiliated school." (DKT 276). This modification of the settlement agreement by the parties is a significant modification in the settlement agreement in response, in part, to the arguments and authorities submitted to the Court by the objectors to the Amended Settlement Agreement.

---

[3] See DKT 154 at 4, filed April 14, 2015.

## II. ATTORNEY'S FEES

7. An attorney's fees award in a class action from a common settlement fund is authorized by Fed. R. Civ. P. 23(h) and Rule 54(d)(2). Objector Counsel has objected to the preliminary settlement on behalf of class plaintiffs asserting personal injury claims. It is well established that the common fund doctrine is founded on the equitable principal that those who have profited from the litigation should share in its cost. *In re 13 Appeals Arising Out of the San Juan DuPont Plaza Hotel Fire Litigation* 56 F.3d 295, 305, n. 6 (1st Cir. 1995).

8. In this case Objector Counsel asked the Court to apply the Lodestar analysis to its consideration of Plaintiff Whittier's request for attorney's fees and costs. Objector Counsel submits that the hours expended on this case are entirely reasonable and reflect the challenging nature of the lawsuit and the unwavering commitment to achieving a successful result for the personal injury class members. Every reasonable effort was made to avoid unnecessary duplication or repetition of task and, where appropriate, work was assigned to paralegals. Given the complexity of the claims and defenses, the real risk of non-recovery, a substantial delay in receipt of payment, the exceptional result achieved and experience and skill of Objector Counsel, Plaintiff Whittier submits that a fee of $243,190.00 is fair and reasonable compensation for Objector Counsel's work. Objector Counsel advocates that the Court fashion a reasonable attorney's fee and costs of litigation out of the common settlement fund.

9. Notwithstanding the parties' agreement to modify the Amended Settlement Agreement to recognize the Court's discretion to award Objector Counsel attorney's fees and costs; it is well settled that in class actions the substantial benefit theory allows the Court to exercise its equitable discretion to compel those receiving the benefits to contribute to the costs of its production by paying a share of counsel's fees. Federal courts generally use the Lodestar

method in statutory fee-shifting cases. It ensures that the prevailing attorneys receive reasonable compensation where litigation furthers important public policies, but does not produce a large pecuniary benefit for the class. In the instant case several of the Lodestar multipliers of 1) time and labor required; 2) novelty and difficulty of the issues; 3) skill required to perform the service properly; 4) preclusion of other employment; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitation imposed by the client or circumstances; 8) amount involved and results obtained; 9) experience, reputation and ability of the attorneys; 10) undesirability of the case; 11) nature and length of the professional relationship with the client; 12) awards in similar cases, support the attorney's fee request by Objector Counsel.

### III. MULTI-FACTOR ANALYSIS

10. Plaintiff Whittier requests that the Court grant him leave to amend his Motion regarding the amount of fees requested to reflect a Lodestar multiplier of three times the amount of his hourly fees as reflected by Exhibit A to Plaintiff's Motion ($243,198.00). Further evaluation of the Lodestar factors and a better understanding of its application to this case, and review of counsel's time allocation suggest that the application of a Lodestar multiplier of 3 is fair and reasonable. Federal courts have increased hourly rates ("Lodestar Fees") by multiples of three or four (or more) to account for consideration such as the risk undertaken, the quality of the services rendered, the results achieved, and the delay in receipt of payment. See, for example, *In re: Rite Aid Corp Securities Litigation*, 146 F. Supp. 2d 706, 736 n. 44, E.D. Pa. 2001) (finding "a Lodestar multiple in the range of 4.5 to 8.5" to be "unquestionably reasonable."); V*ranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 298-299 (N.D. Ca. 1995) (applying a multiple of 3.6 and noting that "multiples in the 3-4 range are common in Lodestar awards for lengthy and complex class action litigation"); *Harman v. Lyphomed, Inc.*, 945 F.2d 969, 975 (7th Cir. 1991)

(approving a risk multiplier of up to 4). Plaintiff Whittier's request for attorney's fees even with a multiplier of 3 represents only 1.6% of the $15 million attorney's fees preliminarily approved by the Court; and only .35% of the $70 million settlement fund. Plaintiff Whittier's original request failed to adequately factor into his analysis the nature of the case and the length of the professional relationship with the client. The nature of this case is complex and the professional relationship with the client is new. Moreover, Plaintiff Whittier's diminished mental capacity and deteriorating health only adds to the complexity of the issues presented by his case. Plaintiff Whittier respectively prays for the court's wise discretion in consideration of his motion for leave to amend his request for attorney's fees and costs.

11. Objector Counsel has expended approximately 205 hours of time between October 16, 2014 and November 30, 2016 on matters related to the preservation of class claims for class members seeking personal injury damages. In addition, Objector Counsel conferred and coordinated with other Objector Counsels, including preparation and drafting of memorandum in support of counsel for Plaintiff Nichols appointment as additional Class Counsel. The time expended also includes Objector Counsel's travel to Chicago for hearings on the motions for preliminary approval and case status.

12. Although Objector Counsel's compensation agreement with Plaintiff Whittier is contingent, Objector Counsel has maintained a record of his time expended and cost incurred in this case.[4] Moreover, the hourly fee charges for the services provided Plaintiff Whittier of $400 per hour is Objector Counsel's customary fee for services provided. Objector Counsel submits that application of the Lodestar multipliers to Objector Counsel's time expended and hourly fee charged supports the award of attorney's fees and cost. The attorney's fees requested are reasonable and supported by awards in similar cases and represent only 1.62% of the

---

[4] See Exhibit A to the Affidavit of Dwight Jefferson filed in support of Motion for Attorney's Fees and Cost.

$15,000,000.00 request for Objector Counsel attorney's fees in the preliminary class settlement approved by the Court in its Order granting preliminary approval of the Amended Class Settlement and only .347% of the $70,000,000.00 common settlement fund.

13.     Objector Counsel has been licensed to practice law for over 30 years and has participated as counsel and tried cases in the federal courts in the Southern, Western and Eastern Districts of Texas, the Western and Eastern Districts of Louisiana, the Southern District of Alabama, the Northern District of Florida, the Southern District of New York, the Fifth Circuit Court of Appeals and the Fourth Circuit Court of Appeals.  In addition, Objector Counsel has tried cases in state courts throughout the State of Texas.  Objector Counsel has the skills required to perform the legal services properly and the experience, reputation and ability to represent the interest of personal injury class members.[5]

14.     The issues presented by the class settlement agreement and the proposed waiver of the right to assert class claims for personal injuries were novel, and as the Court has recognized by its rulings, difficult.  The nature of this case is complex and the professional relationship with the Plaintiff is new and it is made difficult because of the medical condition of Plaintiff Whittier caused by his advancing Alzheimer's disease.  Objector Counsel believes the Court's analysis and conclusions regarding class settlement reflects, in part, the results obtained from the efforts of Objector Counsel and other class objectors to highlight and/or reinforce the Court's equitable review of the class settlement and request for preliminary approval.

---

[5] See Exhibit B to the Affidavit of Dwight Jefferson filed in support of Motion for Attorney's Fees and Cost.

## IV.  LITIGATION COSTS

15.     Objector Counsel respectfully requests reimbursement of his litigation cost and expenses in the amount of $9,062.67.[6] Objector Counsel would submit that every effort has been made to minimize costs; the majority of which represents travel costs from Houston to Chicago to attend hearings where counsel's presence was required.

## V.  SERVICE AWARDS

16.     Plaintiff Whittier requests a service award as compensation for his participation as an Objector to the class settlement agreement.  Plaintiff Whittier's participation in the case and the value created by his presence as the only class plaintiff diagnosed with and suffering from the advanced stages of a concussive related injury (early onset Alzheimer's), he is entitled to a service award for representing the interest of the most severely injured of the personal injury class in an amount deemed fair and reasonable in the discretion of the Court.

## CONCLUSION

For the foregoing reasons Objector Counsel for Plaintiff Whittier respectfully requests that the Court award him $243,198.00 in attorney's fees and $9,062.67 in litigation costs in the prosecution of Plaintiff Whittier's objections to the preliminary approval of the class settlement agreement and class certification requests in this matter, and that the Court grant Plaintiff Whittier's request for a service award for representing the interest of class members currently suffering from advanced brain diseases related to concussive head injury in an amount that is fair and reasonable in the Court's discretion.

---

[6] Id.

Date: January 20, 2017.

                                      Respectfully submitted,

                                      By: */s/ Dwight E. Jefferson*
                                              Dwight E. Jefferson
                                              State Bar No. 10605600
                                              djefferson@coatsrose.com
                                      **ATTORNEY FOR CLASS-PLAINTIFF MILDRED WHITTIER, A/N/F, JULIUS WHITTIER**

OF COUNSEL:
COATS ROSE, P.C.
9 Greenway Plaza, Suite 1100
Houston, Texas 77046-0307
Telephone: (713) 651-0111
Facsimile: (713) 651-0220

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was filed electronically via CM/ECF, which caused notice to be sent to all counsel of record on this 20th day of January, 2017.

                                        */s/ Dwight E. Jefferson*
                                        Dwight E. Jefferson