# Exhibit B

| *Case 1:13-cv-09116; In Re: National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation* | | | | | | | |
|---|---|---|---|---|---|---|---|
| ACTION *1 | HOURS SPENT | | | | | | |
| | Joseph J. Siprut ($750/hr) | Todd McLawhorn ($625/hr) | Richard Miller ($550/hr) | Gregg M. Barbakoff ($375/hr) | Aleksandra Vold ($375/hr) | James McClintick ($375/hr) | Kristi Pearson ($150) |
| Pre-filing research, drafting, analysis, potential client intake, and case development | 382.4 | | | | 108.6 | 0.5 | 76.2 |
| Post-filing client and class member communications, meetings | 530.5 | | | 39.8 | 267.6 | 102.6 | 86.3 |
| Written and oral discovery, including depositions, client preparation, motion practice and court hearings re same | 476.4 | | | 430.2 | 426.4 | 274.2 | 48.1 |
| Class certification briefing, research, analysis | 187.6 | | | | 43.4 | 58.7 | |
| Settlement and mediation, including mediation sessions, memoranda, communications between and among counsel, renewed leadership structure discussions | 383.7 | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Settlement approval process, including legal memoranda, court filings, court appearances re same, communications between and among counsel re same, client and class member communications | 623.4 | 20.5 | 13.0 | | | | 134.4 |
| **Total Hours to date** | 2584.0 | 20.5 | 13.0 | 470.0 | 846.0 | 436.0 | 345 |
| **Total Billed** | $ 1,938,000.00 | $ 12,812.50 | $ 7,150.00 | $ 176,250.00 | $ 317,250.00 | $ 163,500.00 | $ 51,750.00 |
| **Total Hours Spent** | 4,714.5 | | | | | | |
| **Total Lodestar Fee** | $ 2,666,712.50 | | | | | | |

\*1 The entries in this chart show the lodestar time for time-billers at Class Counsel's firm allocated to various "task billing" categories set up at the inception of the case, inclusive of all time from May 2011 through January 2017 – nearly a six-year period. During this period of time, the methods by which Class Counsel's law firm kept track of its time (on a firm-wide basis) varied from case-to-case.

For example, some of our firm's retentions involve traditional, bilateral commercial litigation in which the firm is paid on an hourly basis. For those matters, individual attorneys maintained contemporaneous time records for work on that matter, which is eventually centralized and then invoiced to the client (either on a monthly basis or consistent with whatever the terms of the retention agreement dictate). The description of the work performed (including the level of detail) and other billing issues (time increments, treatment of costs, etc.) are, again, dictated by the terms of the retention agreement.

In other matters, individual attorneys may not have kept contemporaneous time records inputted directly into a time-keeping system, and instead may have derived or "reconstructed" their time at some later point when it became necessary or appropriate to do so, including at predetermined intervals for internal purposes (such as monthly or quarterly). The records relied upon included review of attorney calendars, emails, and legal research records, among other things, which is an appropriate method for determining lodestar figures. This is the method used by Class Counsel for lodestar on this case. Attorneys and time-billers working on this case were directed to allocate their time to one of the predetermined "task-based" categories, which was then periodically collected and inputted into the lodestar macro used for this case. And although time-keeping practices might vary from case to case, as explained above, this was generally the system utilized for all of the firm's class action cases.

Beginning in late 2016, however, Class Counsel's firm switched time-keeping systems in response to trial courts beginning to request detailed or daily time records in connection with fee petitions. The firm now uses a software program called Time59, which is installed on every attorney's computer and which firm policy requires all attorneys and time-billers to utilize, including the use of detailed, daily, contemporaneous time entries for all client-matters of any kind, including class actions.