UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION | MDL NO. 2492<br><br>Master Docket No. 1:13-cv-09116<br><br>Judge John Z. Lee<br><br>Magistrate Judge M. David Weisman |

**RESPONSE TO ORDER REQUESTING SUPPLEMENTAL STATUS REPORT REGARDING ADDITIONAL NOTICE PROGRAM EXPENSES**

On January 19, 2016, this Court ordered that:

> Additionally, the declaration submitted by Rachel Christman of Gilardi & Co, LLC, the notice administrator, [322] indicates that Gilardi anticipates incurring a substantial amount of additional expenses to administer the notice program. These administrative expenses were not previously discussed by the parties in their filings in support of preliminary approval of the amended class settlement and were not included in the costs considered by Bruce Deal in his declaration supporting the amended settlement. Accordingly, the Court directs the parties to submit a supplemental status report regarding these additional expenses by 2/9/17.

*See* Order (Dkt. #337).[1] The parties jointly provide this response to the Court's Order.

---

[1] In order to analyze those costs that were considered by Bruce Deal in his expert report supporting the Amended Settlement Agreement, Class Counsel spoke with the Garretson Resolution Group ("Garretson"), the Program Administrator, to determine if there were any program expenses that Garretson previously estimated that were ultimately incurred by Gilardi. Garretson reported that of the estimated costs they provided to Mr. Deal for consideration in his report, approximately $88,000 were costs that Garretson expected to incur in processing requests for exclusion from the Settlement. *See* Corrected Expert Report of Bruce Deal (Dkt. #170) at 37 (Table 7, Line 1 estimate for "Program Initiation, Class Member Registration, and Opt Out" totaling $576,536). Although opt-out processing was not a task that Gilardi accounted for in Alan Vasquez's April 14, 2015 Declaration Regarding Dissemination of Notice to Class Members ("April 2015 Vasquez Declaration"), the costs associated with opt-out processing were accounted for in Mr. Deal's analysis.

Attached hereto as Exhibit 1 is the Second Declaration of Rachel Christman Regarding Notice Program Expenses ("Second Christman Decl."). Ms. Christman is the Senior Project Manager for Gilardi & Co., LLC, the Notice Administrator. The Second Christman Declaration provides additional detail on all Notice and administration expenses incurred for the period August 24, 2014 through January 20, 2017, as well as all projected Notice and administration costs expected to be incurred through the completion of the Notice program.

As set forth in greater detail in the Second Christman Declaration, the updated total estimated cost of the Notice program is $2,135,380.21. This includes (1) the total cost of implementing the Phase 1 Media Campaign ($291,718), (2) incurred direct notice and administration costs for the period August 24, 2014 through January 20, 2017 ($1,001,012.73) and (3) projected direct notice and administration costs beginning January 21, 2017 through Gilardi's completion of administration of the Notice program ($842,649.49). *See* Second Christman Decl., Ex. 1 hereto, at ¶ 3. A chart setting forth further detail on the incurred and projected direct notice and administration costs is attached as Exhibit A to the Second Christman Declaration.

The total estimated costs include approximately $250,624.98 in costs for tasks that were not addressed in the April 2015 Vasquez Declaration. *See id.* As Ms. Christman explained in her December 23, 2016 Declaration Regarding Notice Program Expenses (Dkt. #322 at Exhibit A ("First Christman Decl.")):

> The intent of the 2015 Vasquez Declaration was to outline the proposed notice plan and estimate the related hard notice costs. These costs included - but were limited to - direct notice (email notice and USPS postcard printing and postage costs) and the supplemental Media Campaign and development of the Settlement Website. The purpose was not to address the overall requirements and costs of complete Settlement and Notice Administration. The overall requirements for complete and appropriate Settlement and Notice administration include numerous

> additional and necessary tasks that were not previously presented and budgeted.

*See* First Christman Decl. at ¶ 9.

The costs that were not previously addressed in the April 2015 Vasquez Declaration primarily consist of incurred and projected project management costs ($142,356.25, *see id.* at ¶¶ 10.c and 13.c), Gilardi's charges for advising on the Phase I Media Campaign ($45,445.00, *see id.* at ¶ 10.p), costs associated with setting up a toll free line that Settlement Class Members can call with questions about the Settlement ($34,092.55, *see id.* at ¶¶ 10.m-o and 13.m-o), and costs associated with drafting declarations regarding the Notice program ($16,356.25, *see id.* at ¶¶ 10.l and 13.l), as well as a number of smaller but necessary administrative tasks.

More significantly, and as Ms. Christman further explains, the biggest driver of additional costs over those estimated in the April 2015 Vasquez Declaration is that Gilardi received significantly more usable Settlement Class Member contact information from NCAA member schools than was anticipated in April 2015. In April 2015, Gilardi estimated that approximately 2,900,000 Settlement Class Members would receive direct notice via U.S. mail and 1,450,000 would receive direct notice via email. Based on the information received to date from NCAA member institutions, however, Gilardi now estimates that a total of approximately 3,679,004 Settlement Class Members will receive direct postcard notice and approximately 1,685,981 Settlement Class Members will receive direct notice via email, greatly expanding the reach of direct notice to Class Members. *See id.* at ¶¶ 4,5.

Additionally, certain hard costs, such as postage and printing costs, have increased significantly since April 2015. Combined with the increase in the number of Settlement Class Members to whom direct notice will be sent, those increases contributed significantly to the approximately $452,085,98 increase in Notice costs from the amount estimated in the April 2015

Vasquez Declaration. *See id.* at ¶ 6. Indeed, considering postage costs alone, the total cost of postage for direct notice (when combining actual incurred costs with projected costs) is expected to be $429,081.28 more than was estimated in the April 2015 Vasquez Declaration. *See id.* at ¶ 9.g.

In this Court's January 26, 2016 Memorandum Opinion and Order, in which the Court conditionally granted Preliminary Approval of the Amended Settlement, the Court found that a Notice budget of $1.5 million was reasonable. *See* January 26, 2016 Memorandum Opinion and Order (Dkt. #246) at 41. The updated total estimated cost of the Notice program is now $2,135,380.21, an increase of $635,380.21. The updated total estimated cost is less than 3.1 percent (3.1%) of the Medical Monitoring Fund. The Parties respectfully submit that the updated Notice estimate remains well within the reported range of Notice program costs for comparable settlements.[2]

The Parties, in consultation with Gilardi, hereby certify that, in Counsel's opinion, the Notice expenses outlined in the Second Christman Declaration are necessary for the purpose of a just and efficient Notice program in this case.

---

[2] *See, e.g.*, *In re Capital One Tel. Consumer Prot. Act Litig.*, 2015 U.S. Dist. LEXIS 17120, at *12 (N.D. Ill. Feb. 12, 2015) (granting final approval of settlement and deducting "notice and administration costs" of $5,093,000, including direct notice pass-through expenses of approximately $3.7 million, from "settlement fund of $75,455,099" (more than 4.9% of the fund)); *In re Lawnmower Engine Horsepower Mktg. & Sales Practices Litig.*, 733 F. Supp. 2d 997, 1004 (E.D. Wis. 2010) (granting final approval of settlement and deducting over $7,000,000 for notice from common fund of $65,000,000 (more than 10.7% of the fund)); *Ko v. Natura Pet Prods.*, 2012 U.S. Dist. LEXIS 128615, at *13-14 (N.D. Cal. Sept. 10, 2012) (granting final approval of settlement and deducting $400,000 for "costs for notice and claims administration" from common fund of $2,150,000 (more than 18% of the fund)); *see also Larson v. AT&T Mobility LLC*, 687 F.3d 109, 116 n.9 (3d Cir. 2012) (noting that the district court rejected the objection that "class notice was deficient because the costs of notice and administrative expenses were to be paid from the Common Fund").

Dated: March 3, 2017

For the Plaintiffs:

HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Steve W. Berman*
    Steve W. Berman
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel.: 206.623.7292
Fax: 206.623.0594
Email: steve@hbsslaw.com

Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Tel.: 708.628.4949
Fax: 708.628.4950
Email: beth@hbsslaw.com

*Settlement Class Counsel*


For the National Collegiate Athletic Association:

LATHAM & WATKINS LLP

By: /s/ Mark S. Mester
    Mark Mester

Mark S. Mester
Johanna M. Spellman
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: mark.mester@lw.com
johanna.spellman@lw.com

*Lead Counsel for Defendant
National Collegiate Athletic Association*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on March 3, 2017, a true and correct copy of the foregoing was filed electronically via CM/ECF, which caused notice to be sent to all counsel of record.

> By: */s/ Steve W. Berman*
> Steve W. Berman