UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION | MDL No. 2492 <br><br> Master Docket No. 1:13-cv-09116 <br><br> **FILED** <br><br> MAR 10 2017 TM <br><br> THOMAS G. BRUTON <br> CLERK, U.S. DISTRICT COURT |
| v. | |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION | |

## CLASS MEMBER OBJECTION

My name is Adela Aprodu and I am a class member in the above-mentioned class action. From January 2008, to May 2008, I played tennis at Drake University and from August 2008 to May 2011 I played tennis at the University of Pittsburgh. I am objecting to the proposed class settlement, because it is inadequate, and to the proposed attorneys' fees, because they are unreasonable, excessive, and disproportional to the benefit received by class members.

### I. SUMMARY OF OBJECTIONS

1. The proposed settlement is inadequate considering the medical consequences associated with concussions.

    a. The proposed settlement includes only a monitoring program, with no funds paid for past or future medical treatment related to concussions.
    b. Significant expenses that are easily quantified are not recoverable under the terms of this proposed settlement.

2. The proposed settlement class is too broad to provide an adequate settlement for all class members.

3. The proposed settlement creates conflict between class members.

4. The release is too broad, and includes non-parties who also had duties to student athletes.

2

a. The release not only includes the NCAA, but also NCAA member institutions, who should not be released in a case where their liability was not at issue and adjudicated.
   b. By allowing the broad release, the Court would essentially deprive student athletes from pursuing concussion related (non-personal injury) class actions against their universities and colleges, who can also be alleged to have failed in their duties to the athletes.
   c. The settlement unfairly limits the remedies which would otherwise be available to class members relating to the "medical treatment of concussions or sub-concussive hits or contact."
5. The attorney fees are unreasonable and excessive considering the lack of value of the settlement to the class members as a whole.

## II. OBJECTIONS

### 1. THE PROPOSED CLASS SETTLEMENT IS INADEQUATE CONSIDERING THE MEDICAL CONSEQUENCES ASSOCIATED WITH CONCUSSIONS.

Plaintiffs' counsel (hereinafter "Plaintiffs") cite numerous studies outlining the severe consequences of concussions and the NCAA's failure to implement concussion protocols based on the same. Plaintiffs also argue that had the NCAA had proper protocols for diagnosing, **and** treating concussions, the impact of concussions on student athletes would be less severe. Despite acknowledging that treatment of concussions is important for the long-term health of current and former student athletes, the Plaintiffs propose to settle this class action without the benefit of adequate concussion treatment for former student athletes.

### a. The proposed settlement includes only a monitoring program, with no funds set aside for past or future treatment related to concussions.

Plaintiffs acknowledge that student athletes with untreated concussions can suffer from "an assortment of problems associated with the harm and injuries described above, including but not limited to post-concussion syndrome and Chronic Traumatic Encephalopathy, as well as such symptoms as headaches, dizziness, loss of memory, depression, anxiety, impulsivity to anger, cognitive dysfunction, employment impairment, limitations in physical activities,

3

embarrassment, loss of the pleasures of life, earlyonset dementia, and Parkonsonism, among other things." *See* Fourth Amended Class Action Complaint ¶ 344. Furthermore, Plaintiffs acknowledge that "if someone has continuing problems after a concussion, the doctor may refer him or her to a rehabilitation specialist for help." *Id.* at ¶ 205.

Plaintiffs not only acknowledge that medical treatment is appropriate for continuing concussion symptoms, they also criticize the NCAA for failing to provide treatment for the same. Yet, Plaintiffs' counsel propose to settle this class case, without providing further medical treatment to those student athletes that have suffered, and continue to suffer concussion related medical problems.

### b. **Significant expenses that can be quantified, such as loss of scholarships and past medical bills are not recoverable in this proposed settlement.**

Plaintiffs assert that monetary damages are not appropriate, because they are not quantifiable. However, for certain class members, including Plaintiffs Arrington, Owens, Solomon and Palacios, monetary damages for loss of scholarship and past medical expenses are appropriate and easily ascertainable. The proposed settlement addresses only a monitoring program, and provides no monetary benefit to class members with easily calculated monetary damages such as past medical bills, and loss or scholarships.

## 2. **THE PROPOSED SETTLEMENT CREATES CONFLICTS BETWEEN CLASS MEMBERS.**

The main conflict exists between former, current, and future NCAA student athletes. Current and future student athletes will reap the benefits of a new monitoring program, but also of new NCAA guidelines and baseline tests. However, as this settlement does not provide for past medical expenses or other damages, former NCAA student athletes only have the benefit of a monitoring program without adequate concussion treatments.

### 3. THE DEFINED CLASS IS TOO BROAD TO PROVIDE AN ADEQUATE SETTLEMENT FOR ALL CLASS MEMBERS.

The proposed settlement does not provide adequate relief, because it is too broad. The proposed class in this case attempts to bundle all student athletes in one package, despite many significant differences, including but not limited to, whether they suffered from a concussion, or from post-concussion syndrome.

### 4. THE RELEASE IS TOO BROAD, AND INCLUDES NON-PARTIES THAT ALSO HAD DUTIES TO STUDENT ATHLETES.

The release not only includes the NCAA, **but also NCAA member institutions**, who should not be released in a case where their liability was not at issue or adjudicated. In exchange for a concussion monitoring program, class members are giving up the right to "file a class action lawsuit against the NCAA **or its member institutions** relating to concussions or subconcussive hits or their effects." *See* Notice of Proposed Settlement, ¶19 (emphasis added). The release applies to the NCAA **and** to member institutions, (the schools at which the student athlete participated in their sport) that are not named parties.

Both the NCAA and member schools are individually liable for concussion related injuries to student athletes. Specifically, both the NCAA and individual schools had/ have the duty and the ability to institute "return to play" guidelines, and other concussions guides. Individual schools could/ can institute their own policies when dealing with concussions. In this case, Plaintiffs have outlined how the NCAA allegedly breached its duty, but there is no mention of the individual schools. Student athletes should be able to pursue not just personal injury class actions against their schools, but also claims such as breach of contract.

The settlement unfairly limits the remedies which would otherwise be available to class members relating to the "medical treatment of concussions or sub-concussive hits or contact."

*See id.* The liability of individual schools was not at issue in this case. Therefore, the settlement should not release individual schools from liability in a case where they were not even named parties.

5. **THE ATTORNEY FEES ARE UNREASONABLE AND EXCESSIVE CONSIDERING THE LACK OF VALUE OF THE SETTLEMENT TO THE CLASS MEMBERS AS A WHOLE.**

I believe that the benefits of the settlement should be proportional to the attorneys' fees. In this case, the benefits are limited to a monitoring program, providing no medical treatment to those who suffer from the very severe symptoms in Plaintiffs' complaint. Even Plaintiffs Arrington, Owens, Solomon and Palacios, will not be able to obtain damages for their past medical bills and loss of scholarship as alleged in their complaint. When the benefits are limited, the attorney fees should be limited as well.

### III. FAIRNESS HEARING

I do not plan on attending the fairness hearing.

Respectfully Submitted,

Adela Aprodu

*Pro se*
Peabody Corporate Center
1R Newbury Street, Suite 305
Peabody, MA 01960
(412) 996-5032