

March 9, 2017
5000 Montrose Blvd, 14e
Houston, Texas 77006



NCAA Student Athlete Concussion Injury Litigation
c/o Gilardi and Co. LLC, Administrator
P.O.Box 43414
Providence, Rhode Island 02940-3414

District Court Judge
United States District Court for the Northern District of Illinois
Everett M. Dirksen United States Courthouse
219 South Dearborn Street,
Chicago, Illinois 60604

Re: In re National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation
Case No: 1:3-ev-09116 (United States District Court for the Northern District of Illinois)

Dear Judge and Administrator:

I am a class member in the above-referenced action and received Legal Notice of the proposed settlement of this matter, including notice of my opportunity to opt out or object and comment on the settlement.

I played quarterback for Yale University during the seasons 1969 through 1972, at times as a starter. During this period, I suffered concussion and accumulated sub-concussive hits.

The purpose of this letter is to object to and comment on the settlement. Please note that my comments are hindered by the fact I do not have easy access to all the rulings and other matters issued by the Court or agreed to by the parties in this matter and am limited by the information on the small card I received. So, if any of my objections are already addressed in the litigation, please accept my apologies.

My objections are as follows:

While medical monitoring is a positive, it is grossly unfair to the members of the class who have suffered these concussion and sub-concussive events not to provide or allocate any settlement funds for *treatment* of the debilitating conditions these events may well produce or to provide *long term care* after onset. In truth, the settlement reminds me of a commercial now airing on television for Life Lock, in which a security guard in the midst of a bank robbery blithely informs the bank patrons who are lying on the floor that he is a "bank monitor", and, thus, his job is simply to tell the patrons when there is a bank robbery, not to actually do anything about it.

The more we read about the debilitating effects of concussion and sub-concussive hits and as the medical science and research in this area proceeds, the more it becomes clear that the biggest risk to those injured is not failure to diagnose the effect of the injuries due to lack of proper monitoring, but

13cv9116

the extreme reduction in the quality of life and the cost of long term care for those who suffer such injuries. To suggest that they give up all their rights to sue any potentially liable party in exchange for no more than a few monitoring events is wrong.

Accordingly, my objection is that the settlement amount is insufficient and should include additional amounts for treatment and care or that some significant portion of the proposed settlement amount be allocated to a fund to provide for treatment and long term care. In short, it is not fair to say, as the settlement does: "we will help you diagnose the disabilities but leave you to your own devices –and resources—if it turns out you have them." To the extent the Court's rulings and settlement do not carve out and preserve the rights of the class members to pursue claims against the NCAA and others in the future to recover personal injury damages and sums for long term care, I also object on that basis.

Best Regards,

*Roliff Purrington*
Roliff Purrington
Yale University, 1973
713 240 6127


This certifies that I have mailed a copy of this letter to the following this 9th day of March, 2017: Hagens, Berman, Sobol, Shapiro, LLP and Siprut, PC