Steve Wineberg
10 Heritage Way
Exeter, NH 03833
TEL: 603-775-0050

March 9, 2017

**FILED**

MAR 13 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Clerk of Court
United States District Court for the Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

Dear Sir/Madam:

I am a member of the NCAA Class Action *"In re National Collegiate Athletic Association Student-Athlete Concussion Litigation, Case No. 1:13-cv-09116"*. I was a varsity wrestler at the NCAA member institution Oberlin College in the years 1963 through 1967.

My name, address, and telephone number are:

Steve Wineberg
10 Heritage Way
Exeter, NH 03833
TEL: 603-775-0050

This letter is in objection to the proposed *Second Amended Class Action Settlement Agreement and Release*. My grounds for objection are these:

(1) This proposed Class does not satisfy the requirements of Federal Rules of Civil Procedure 23(a),(b) for certification as a class.

The proposed Class, despite dividing athletes into sub-classes designated *"Contact Sports"* and *"Non-Contact Sports"*, lumps together sports (such as both wrestling and football in the Contact Sports sub-class) with widely varying risks of concussion and consequently widely varying measures appropriate to attenuating those risks. Therefore, the proposed Class fails Rule 23(b)(2), which requires *"that defendants have acted or refused to act on grounds generally applicable to the class."*

The proposed class also fails the commonality test of Rule 23(a), because the widely varying risks in different sports mean questions of law and fact differ greatly for different members of the class.

For similar reasons, it should also be clear that, by any reasonable notion of "predominance", the proposed Class does not satisfy Rule 23(b) (3) *"that there are common questions of law or fact that predominate over any individual class member's questions."*

Neither Plaintiffs nor Defendants argue in the settlement agreement that the proposed Class meets the certification requirements of Rule 23, nor do they even propose any objective test by which the Court could make such a determination.

It appears that Plaintiffs and Defendants want the Court to wave away these Rule 23 requirements by asking the Court to certify the Class for settlement purposes only, not for litigation purposes. Indeed, Defendant NCAA maintains that their agreement to *"certification of the Settlement Class and Settlement Subclasses... shall not constitute, in this or any other proceeding, an admission by the NCAA of any kind or any determination that certification of a nationwide class for trial purposes is appropriate."*

This notion that the Class could be certified for settlement purposes but not trial purposes is directly contradicted by the controlling precedent - Amchem Products, Inc. v. Windsor, 521 U.S. 591, 117 S.Ct. 2231 (1997), which said:

*"Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, see Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial.* **But other specifications of the Rule those designed to protect absentees by blocking unwarranted or overbroad class definitions demand undiluted, even heightened, attention in the settlement context. Such attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold."* [See, for example, https://www.law.cornell.edu/supct/html/96-270.ZO.html ]

In summary, the proposed Class does not meet the requirements of Rule 23, and is therefore not certifiable for trial purposes or settlement purposes.

(2) The Second Amended Settlement Agreement also states *"Within forty-five (45) Days of the Preliminary Approval Date, the Medical Science Committee, or the Program Administrator as its designee, will issue a request for proposals ("RFP") to medical institutions or providers in at least thirty-three (33) regionally geographic locations, requesting bids to be retained to provide the Medical Evaluations to Qualifying Class Members."* [Page 24] ...**"The Medical Science Committee will agree on the scope of the Medical Evaluations."** [Page 29].

This means the benefits to Class members will be specified in the future by the Medical Science Committee. Therefore, Plaintiffs and the NCAA are requesting Court approval of the settlement without specifying the class benefits. Under these circumstances, it is not possible for the Court to determine whether the settlement is "fair and reasonable".

(3) Plaintiffs' Counsel are requesting attorneys' fees and expenses of $15,750,000 out of an NCAA-provided fund of $70,000,000, which leaves $54,250,000 for Class members. That means requested attorneys' fees are 29% of the amount available for Class members if Class members were to receive their benefits at the same time. However, benefits to the Class are both undetermined (depending on the as-yet--undetermined scope of medical evaluations) and they will be paid out over a possibly long period of time, so attorneys' fees are very likely to be much more than 29% of the present value of the Class award.

Given that, and given the fact that attorneys' fees are not restricted by how much of the Medical Monitoring Fund is actually paid out to class members, attorneys' fees could potentially be a large

percentage, even more than 100% of the benefits to class members. This makes it practically impossible for the Court to determine whether attorneys' fees are fair and reasonable.

**Conclusion:** the proposed settlement should be rejected by the Court on grounds that the Class is not certifiable, and on grounds that, as it is currently structured, it is not possible to determine whether it is fair and reasonable.

Thank you for your consideration of these objections,

Respectfully,

*Steve Wineberg*

Steve Wineberg