## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

IN RE: NATIONAL COLLEGIATE
ATHLETIC ASSOCIATION STUDENT-
ATHLETE CONCUSSION LITIGATION

This Filing Relates To:

*Owens v. NCAA*, Case No. 11-cv-6356
*Solomon v. NCAA*, Case No. 11-cv-6356

MDL NO. 2492

Master Docket No. 13-cv-09116

Judge John Z. Lee

Magistrate Judge David M. Weisman

### MOTION TO LIFT STAY AND FOR ENTRY OF SCHEDULING ORDERS
### FOR DEREK OWENS' AND KYLE SOLOMON'S INDIVIDUAL CLAIMS
### AGAINST DEFENDANT NCAA

Now come Plaintiffs Derek Owens and Kyle Solomon in their individual capacities and

as their Motion to Lift Stay and for Entry of Scheduling Orders for Derek Owens' and Kyle

Solomon's Individual Claims Against Defendant NCAA, hereby state the following:

1.      Derek Owens and Kyle Solomon have been Plaintiffs proceeding on behalf of a

class of current and former NCAA student-athletes beginning in 2011 and 2013 respectively.

*See generally* Class Action Complaint in *Owens, et al. v. NCAA*, No. 11-cv-06816 (N.D. Ill.,

filed Sept. 28, 2011) (Dkt. # 1) (Plaintiff Owens); Consolidated Complaint in *Arrington, et al. v.

NCAA*, No. 11-cv-6356 (November 21, 2011) (Dkt. # 24) (Plaintiff Owens); Second Amended

Class Action Complaint in *Arrington et, al. v. NCAA,* No. 11-cv-6356 (February 13, 2013) (Dkt.

# 124) (Plaintiff Solomon).

2.      Since 2013, the individual claims of Plaintiffs Owens and Solomon have been

stayed as the medical monitoring class case has proceeded through the Rule 23 settlement

process.  These individual claims were not resolved by the settlement in this case.

3.      As set forth in the Second Amended Class Action Settlement Agreement and Release, Plaintiffs' individual claims remain under a stay until final approval.  *See id.* at 8 ("NOW, THEREFORE, in consideration of the mutual covenants and agreements herein, the undersigned counsel on behalf of the NCAA and Class Representatives agree that the medical monitoring claims and other class claims asserted in the MDL Action shall be settled, compromised and dismissed with prejudice on the terms and conditions set forth in this Agreement, and without costs to the NCAA (except as provided for herein), subject to Court approval of this Agreement as a good faith, fair, reasonable and adequate Settlement under Fed. R. Civ. P. 23(e), and that the remaining individual claims in the MDL Action shall not be dismissed but shall be stayed pending Final Approval.").

4.      The final approval hearing is currently set for July 27, 2017, at 10:00 am.  Dkt. # 369.  A lift of the stay is now appropriate to ready their claims for trial after the final approval hearing.

5.      Substantial efforts of discovery relating to Plaintiffs' claims have already occurred, including discovery specific to the individual experiences and claims of Mr. Owens and Mr. Solomon, including depositions of both Mr. Owens and Mr. Solomon and the production of over 17,000 pages of Plaintiff-related records (e.g., academic and medical records).

6.      In addition to the work already completed, certain individual discovery and supplemental discovery will need to occur to advance the case toward trial.  Accordingly, Plaintiffs Owens and Solomon propose a short discovery period that will allow the parties' time to obtain and review additional medical records and engage in follow-up discovery issues as appropriate to ready their respective cases for trial.

7. Accordingly, for the reasons provided above and for good cause shown, Plaintiffs Owens and Solomon respectfully request that the Court lift the stay as to their individual claims and enter scheduling orders as follows:

**Supplemental Fact Discovery**

    a. **April 3, 2017 –** Supplemental fact discovery opens;

    b. **July 3, 2017** - Supplemental fact discovery closes.

**Rule 26(a)(2) Expert Disclosures.**

    a. **July 17, 2017** - Plaintiff's expert report(s) due;

    b. **July 31, 2017** - Deadline for Defendant to complete depositions of Plaintiff's experts;

    c. **August 21, 2017** - Defendant's expert report(s) due;

    d. **September 4, 2017** - Deadline for Plaintiff to complete depositions of Defendant's experts;

    e. **September 18, 2017** - Plaintiff's rebuttal expert report(s) due (if any).

**Dispositive Motions.**

    a. **October 2, 2017** - Dispositive motions due;

    b. **October 30, 2017** – Oppositions to dispositive motions due;

    c. **November 17, 2017** – Replies in support of dispositive motions due.

**Pre-Trial Motions, Conference and Trial.**

    a. **December 17, 2017** - Final pretrial orders, motions in limine, proposed voir dire forms, schedule of exhibits, proposed jury instructions & verdict forms due;

    b. **_____, 2018** - Final pretrial conference (1-2 weeks before trial);

3

        c.   **_____, 2018** - Trial.

8.      Counsel for Plaintiff has conferred with counsel for Defendant.  Counsel for Plaintiff understands that the NCAA has been unable to agree to propose a schedule to the Court due to delayed insurer input needed for the selection of additional counsel to litigate the individual claims of Plaintiffs Owens and Solomon.

9.      For the Court's convenience, a proposed order as to the individual claims of Plaintiff Owens is attached as Exhibit A and a proposed order as to the individual claims of Plaintiff Solomon is attached as Exhibit B.

Date: March 17, 2017

Respectfully submitted,

By:   */s/ Daniel J. Kurowski*_____
Steve W. Berman
*steve@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
206.623.7292
Fax: 206.623.0594

Elizabeth A. Fegan
*beth@hbsslaw.com*
Daniel J. Kurowski
*dank@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
708.628.4949
Fax: 708.628.4950

*Lead and Settlement Class Counsel and Attorneys for Derek Owens and Kyle Solomon*

4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on March 17, 2017, a true and correct copy of the foregoing was filed electronically via CM/ECF, which caused notice to be sent to all counsel of record.

By: ___*/s/ Daniel J. Kurowski*___
Daniel J. Kurowski