**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| | ) | MDL No. 2492 |
| | ) | |
| IN RE: NATIONAL COLLEGIATE | ) | Master Docket No. 1:13-cv-09116 |
| ATHLETIC ASSOCIATION STUDENT- | ) | |
| ATHLETE CONCUSSION INJURY | ) | This Filing Relates To:  1:11-cv-06356 |
| LITIGATION | ) | |
| | ) | Judge John Z. Lee |
| | ) | |
| | ) | Magistrate Judge M. David Weisman |

**RESPONSE OF THE NCAA TO THE MOTION OF OWENS AND SOLOMON
TO LIFT THE STAY AND FOR ENTRY OF SCHEDULING ORDERS**

Defendant National Collegiate Athletic Association ("NCAA") respectfully submits the following response to the Motion to Lift Stay and for Entry of Scheduling Orders of Derek Owens ("Owens") and Kyle Solomon ("Solomon"):

The motion recently filed by Owens and Solomon should be denied for two (2) reasons. First, the motion fails to comply with this Court's November 30, 2016 Order. See Minute Order (Dkt. #312). In its November 30, 2016 Order, the Court allowed the Named Plaintiffs ("Plaintiffs") and the NCAA until March 3, 2017 to explore settlement of individual personal injury claims Owens, Solomon and others had asserted in Arrington v. NCAA, Case No. 1:11-cv-06356 (N.D. Ill.). See id. If the parties were unable to reach a settlement of those claims by March 3, 2017, Plaintiffs were to then file new complaints by March 17, 2017 "[t]o the extent that [they] still wish to proceed on those claims." Id. Upon the filing of a new complaint, Plaintiffs were ordered to "file a motion to withdraw all claims seeking personal injury damages in" Arrington. Id.

By filing a motion to lift the stay, Plaintiffs failed to comply with the Court's November 30, 2016 Order. Plaintiffs Owens and Solomon did not file new complaints to pursue their

previously-asserted personal injury claims nor did they file motions to withdraw such claims previously asserted in Arrington. Cf. Motion (Dkt. #379) at passim. Accordingly, the NCAA respectfully submits that their motion should be denied.

Second, even if the motion complied with the Court's November 30, 2016 Order, Plaintiffs' proposed scheduling order fails to allow sufficient time for the parties to develop the record required to adjudicate the individual claims of Owens and Solomon. See Motion (Dkt. #379) at 3-4; see also Proposed Scheduling Order for Individual Trial of Derek Owens' Claims Against Def. NCAA (Dkt. #379-1); Proposed Scheduling Order for Individual Trial of Kyle Solomon's Claims Against Def. NCAA (Dkt. #379-2). Plaintiffs' proposed schedule provides only three (3) months for fact discovery, two (2) months for expert discovery and two (2) weeks following the close of expert discovery for the parties to file dispositive motions on claims that are complex and for which Owens and Solomon are seeking substantial amounts of money damages. See Motion (Dkt. #379) at 3. As Owens and Solomon concede, however, their individual claims have been stayed since 2013. See id. at 1; see also Minute Order (Dkt. #186), Arrington v. NCAA, Case No. 1:11-cv-06356 (N.D. Ill.) ("This case is stayed pending settlement discussions.").

Moreover, the limited discovery that was taken of Owens and Solomon in Arrington was focused on the class issue and the question of whether any of the claims being asserted could properly meet the requirements of Fed. R. Civ. P. 23.[1] To that end, the parties proposed in their proposed schedule for Arrington a deadline for the close of fact discovery and deadlines for

---

[1] This type of bifurcated or phased discovery is typical in class actions, particularly since the decision of the United States Supreme Court in Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541 (2011). See, e.g., Reid v. Unilever U.S., Inc., 964 F. Supp. 2d 893, 932-33 (N.D. Ill. 2013) (endorsing phased discovery focusing on the class issue and citing Dukes).

2

submission of expert reports in support of or in opposition to Plaintiffs' motion for class certification.  See, e.g., Joint Status Report (Dkt. #47) at 3, Arrington v. NCAA, Case No. 1:11-cv-06356 (N.D. Ill.); Proposed Joint Discovery Plan (Dkt. #116) at 5-6, Arrington v. NCAA, Case No. 1:11-cv-06356 (N.D. Ill.).  The parties also agreed that following a decision on the class issue, the parties "would confer in good faith regarding any remaining discovery to be conducted in light of the Court's decision."  See Joint Status Report (Dkt. #47) at 3, Arrington v. NCAA, Case No. 1:11-cv-06356 (N.D. Ill.).

The discovery necessary on the individual claims of Owens and Solomon would include, at a minimum, discovery regarding the medical conditions of Owens and Solomon from 2013 to present, depositions of each of the medical providers who have provided care and treatment to Owens and Solomon, discovery regarding concussions Owens and Solomon allege they sustained during college (including substantial third-party discovery), discovery regarding concussions they sustained before and after college (including third-party discovery) and discovery regarding the current damages claims of Owens and Solomon.[2]  Such discovery, however, cannot be completed in three (3) months and will likely take six (6) months or more to complete.  In short, the schedule proposed by counsel for Owens and Solomon allows

---

[2] During discovery in Arrington, the NCAA requested detailed damages information from counsel for Owens and Solomon.  See Mem. in Supp. of NCAA's Motion to Compel (Dkt. #153) at 6, Arrington v. NCAA, Case No. 1:11-cv-06356 (N.D. Ill.) (quoting NCAA's first set of interrogatories, which sought, inter alia, the amount of damages each Plaintiff sought on his own behalf and how those damages were calculated).  Counsel for Owens and Solomon, however, were unwilling to provide full discovery on that issue, citing, inter alia, the limited scope of the class discovery that was taking place in Arrington.  See id. at 6-7 (citing Plaintiffs' objections to the NCAA's first set of interrogatories, which included, inter alia, objections that the NCAA's interrogatories seeking damages information were premature).

3

insufficient time for the significant additional discovery necessary to prepare for adjudication of the individual bodily injury claims of Owens and Solomon.[3]

WHEREFORE, Defendant NCAA respectfully requests that the Court deny the Motion to Lift Stay and for Entry of Scheduling Orders of Derek Owens and Kyle Solomon and further requests whatever other relief the Court deems appropriate.

Dated: March 21, 2017

Respectfully submitted,

*/s/ Mark S. Mester*
Lead Counsel for Defendant
National Collegiate Athletic Association

Mark S. Mester
   mark.mester@lw.com
Johanna Spellman
   johanna.spellman@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois, 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

---

[3] As we have advised counsel for Owens and Solomon, the NCAA is in the process of selecting counsel to represent it vis-à-vis the individual claims of Owens and Solomon. That selection should occur in the near term. In the interim, however, the undersigned are confident they can work out a mutually-agreeable schedule with counsel for Owens and Solomon.

## **CERTIFICATE OF SERVICE**

      I, Mark S. Mester, hereby certify that on March 21, 2017, I electronically filed a true and correct copy of RESPONSE OF THE NCAA TO THE MOTION OF OWENS AND SOLOMON TO LIFT THE STAY AND FOR ENTRY OF SCHEDULING ORDERS through the CM/ECF system, which caused notice to be sent to all counsel of record.

                                    */s/ Mark S. Mester*
                                    Mark S. Mester
                                        mark.mester@lw.com
                                    LATHAM & WATKINS LLP
                                    330 North Wabash Avenue, Suite 2800
                                    Chicago, Illinois, 60611
                                    Telephone: (312) 876-7700
                                    Facsimile: (312) 993-9767