**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| ) | |
| ) | **MDL No. 2492** |
| **IN RE: NATIONAL COLLEGIATE** ) | |
| **ATHLETIC ASSOCIATION STUDENT-** ) | **Master Docket No. 1:13-cv-09116** |
| **ATHLETE CONCUSSION LITIGATION** ) | |
| ) | **Judge John Z. Lee** |
| ) | |
| ) | **Magistrate Judge M. David Weisman** |

**MOTION OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION
FOR THE PAYMENT OF SETTLEMENT EXPENSES**

The National Collegiate Athletic Association ("NCAA"), through its counsel, respectfully requests payment of certain settlement expenses from the Medical Monitoring Fund.[1] In support of this motion, the NCAA states as follows:

1. On July 15, 2016, the Court entered its Preliminary Approval Order, granting preliminary approval of the Second Amended Settlement Agreement in the above-captioned matter. See Preliminary Approval Order (Dkt. #278). In approving the Second Amended Settlement Agreement, the Court ordered that notice be provided to members of the Settlement Class, including direct notice to individual members of the Settlement Class. See id. at 2. The Court further appointed Gilardi & Co. LLC as the Notice Administrator, in accordance with Section VII of the Second Amended Settlement Agreement. See id. at 5.

2. On November 29, 2016, the Court ordered that motions to pay settlement expenses from the Medical Monitoring Fund: (1) certify that the settlement expenses are necessary for the purpose of a just and efficient settlement of this case; (2) include the invoice(s)

---

[1]  Unless otherwise defined, capitalized terms have the meaning ascribed to them in the Second Amended Settlement Agreement, which is Exhibit 1 to the joint motion for preliminary approval filed with the Court on May 20, 2016. See Second Am. Settlement Agt. (Dkt. #266-1).

justifying the expenses as exhibits to the motion; (3) provide the budget previously submitted to the Court for such expenses and state whether the actual expenses are under, over or at the budgeted amount; and (4) provide an estimate as to whether the Parties are on target for meeting the previously-submitted budget. See Minute Order (Dkt. #310).

3.     In order to facilitate direct notice to individual members of the Settlement Class, the NCAA sent letters to its member institutions on July 29, 2016 and again on October 19, 2016, requesting that member institutions provide the Notice Administrator with last-known contact information for Settlement Class Members (the "Notice Letters").

4.     In response to each of the Notice Letters, the NCAA and its counsel responded to numerous inquiries from member institutions regarding the request for student-athlete contact information. In several such communications, member institutions informed the NCAA and its counsel that due to concerns about compliance with the Family Educational Rights and Privacy Act or "FERPA," the member institutions could only provide the requested contact information pursuant to a subpoena. Each request for a subpoena was then communicated to Class Counsel.

5.     At a November 30, 2016 status hearing, counsel for the NCAA informed the Court that a number of member institutions had requested subpoenas and that there remained a number of NCAA member institutions that had not provided contact information for members of the Settlement Class. See Nov. 30, 2016 Hr'g Tr. (Dkt. #318) at 10:18-11:1. Counsel for the NCAA suggested to the Court that the NCAA submit a third and final communication, advising those remaining member institutions that if they did not provide available Settlement Class Member contact information to the Notice Administrator, Class Counsel would proceed with issuing subpoenas. See id. at 11:13-23. Counsel for the NCAA explained, however, that before the Parties issued a large number subpoenas, they wished to obtain the Court's guidance. See id.

at 11:13-14. The Court, in turn, then approved of the proposal to issue subpoenas to member institutions that had failed to respond to the NCAA's third and final request for Settlement Class Member contact information. See id. at 12:8-9; see also Minute Order (Dkt. #312).

6. On December 15, 2016, the NCAA send a third Notice Letter, informing NCAA member institutions that had not yet provided Settlement Class Member contact information that if they did not do so soon, Class Counsel would issue subpoenas. Ultimately, 446 subpoenas were served on NCAA member institutions. The 446 subpoenas were served using a private process server. The cost of service of process for the 446 subpoenas totaled $131,323.15, as set forth in Exhibit A attached hereto.

7. The Parties did not previously submit a budget to the Court associated with the service of subpoenas on member institutions, as it was not clear at the time the budget was submitted whether subpoenas would or would not be necessary. The expenses associated with serving subpoenas on 446 member institutions were, however, necessary for the purpose of a just and efficient settlement of this case. The Court approved the issuance of subpoenas as part of the efforts of the Parties to obtain as much Settlement Class Member contact information as possible, which will, of course, allow the Notice Administrator to send direct notice to as many Settlement Class Members as possible. See Nov. 30, 2016 Hr'g Tr. (Dkt. #318) at 12:8-9. Those efforts have been successful.

8. As of March 15, 2017, 1,046 NCAA member institutions have uploaded student-athlete contact information to the Notice Administrator, with a total of approximately 4,035,065 records uploaded.[2]

---

[2]    The number of records uploaded as of March 15, 2017 is based on information that NCAA member institutions provided when they uploaded files to the Notice Administrator. The Notice

<span style="font-size:smaller">(continued…)</span>

9.      Following the Court's approval of the issuance of subpoenas on November 30, 2016 and the NCAA's distribution of the December 15, 2016 Notice Letter, the private process server employed by the Parties served 446 subpoenas in a short timeframe.  The process server, however, has not yet been paid in full for its work.  The NCAA respectfully requests approval of payment of the invoice attached hereto as Exhibit A.

WHEREFORE, the NCAA respectfully requests that the Court approve payment of settlement expenses from the Medical Monitoring Fund totaling $131,323.15 for the service of 446 subpoenas.  The NCAA further requests whatever other relief the Court deems appropriate.

Dated: March 21, 2017                          Respectfully submitted,

                                               */s/ Johanna M. Spellman*
                                               Liaison Counsel for Defendant
                                               National Collegiate Athletic Association

Mark S. Mester
      mark.mester@lw.com
Johanna Spellman
      johanna.spellman@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois, 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

---

(…continued)
Administrator is working to verify the completeness of those records and accuracy of that number.

## <u>CERTIFICATE OF SERVICE</u>

I, Johanna Spellman, certify that on March 21, 2017, a true and correct copy of the

forgoing MOTION OF THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION FOR

THE PAYMENT OF SETTLEMENT EXPENSES was filed through the CM/ECF system,

which caused notice to be sent to all counsel of record.

*/s/ Johanna M. Spellman*
Johanna Spellman
    johanna.spellman@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois, 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767