UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION | MDL NO. 2492<br>Case No. 13-cv-09116<br><br>Judge John Z. Lee<br><br>Magistrate Judge Brown |

**SETTLEMENT CLASS REPRESENTATIVES' OPPOSITION TO NCAA'S REQUEST FOR PAYMENT OF SETTLEMENT EXPENSES FROM THE MEDICAL MONITORING FUND TO SUBPOENA ITS OWN MEMBERS**

The NCAA's request to be reimbursed for using a process server to serve subpoenas on 446 member schools to obtain student-athlete contact data should be denied for several reasons.

First, the parties negotiated a settlement that incorporated the NCAA's express agreement to "work with its member institutions to obtain all reasonably-available names and addresses of NCAA student-athletes." Second Amended Class Action Settlement Agreement and Release, §XI.A.1 (Dkt. #266-1). As the Court knows the settlement agreement was revised. While the Agreement contemplated that, "[i]f necessary, the Parties will issue subpoenas to obtain such names and addresses," *id.*, the NCAA expressly agreed with Class Counsel that it would handle the subpoenas, which Class Counsel understood included the time and expense associated with the subpoenas. At no time did the NCAA advise Class Counsel that the Settlement Class would be responsible for the NCAA's costs to obtain information from its own members. And no version of the carefully negotiated agreement provides for the NCAA to recover such costs. So as a purely contractual matter the NCAA's request should be denied.

Second, the parties have been before this Court on numerous occasions over the last six months addressing very specific concerns regarding the costs of the notice program and the

- 1 –

sufficiency of the Medical Monitoring Fund. Not once during this process did the NCAA advise Class Counsel or this Court that it intended to incur $131,323.15 (or any amount at all) for the costs of using a process server to serve its own members with subpoenas. Every other cost of this Notice Program has been the result of collaboration or extensive discussion between the Notice Administrator, the NCAA, and Class Counsel, and ultimately detailed presentations to this Court. For the NCAA to raise this new unexpected cost at this juncture is unwarranted and untimely.

Third, the costs of service by process server are unreasonable, given that a number of schools had agreed to accept service (which should have cost $0) and the remainder could have been served by certified mail. *Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (findng that service of a subpoena by certified mail is permitted under Rule 45 where "certified mail is a service that provides the sender with a mailing receipt; the Post Office also maintains a proof-of-delivery record with a copy of the recipient's signature for two years from the date of mailing.") (citation omitted). In fact, the Seventh Circuit has stated that: "We see no reason to inflate the costs of litigation by ruling out this sensible option [of certified mail] for serving a subpoena (along with the necessary fees) and requiring parties to hire a second person for service, at least in the absence of any language in the Rule that compels such a result." *Id.*

Even at conservative rates for the traditional green card return receipt (in lieu of the new email return receipt), the cost to serve certified mail through the United States Postal Service is $6.59 (comprised of $3.35 for certified mail, $2.75 for green card return receipt, and the cost of a stamp at $.49).[1] Thus, the maximum cost to serve 446 subpoenas via certified mail would have been $2,939.14. At no time did the NCAA advise the Court or Class Counsel that it intended to forego this acceptable form of service in favor of a personal process server that would cost an

---

[1] https://www.usps.com/ship/insurance-extra-services.htm; https://www.usps.com/ship/insurance-extra-services.htm; https://store.usps.com/store/browse/category.jsp?categoryId=buy-stamps (last accessed March 28, 2017).

average of $294.44 each.[2] In sum, the NCAA's unilateral decision to incur $131,323.15 in costs for a private process server – when certified mail would have cost no more than $2,939.14 – should not be approved at the expense of the Settlement Class. *See, e.g., Kristofek v. Vill. of Orland Hills*, 2014 U.S. Dist. LEXIS 172534 (N.D. Ill. Dec. 15, 2014) (finding that Defendants' costs for use of special process servers for subpoenas were not recoverable where the subpoenas could have been served via certified mail).

Moreover, the NCAA has "not provided justification to show exceptional circumstances in this case that warranted the hiring of a process server" for the subpoenas being served on its own members. *Kristofek*, 2014 U.S. Dist. LEXIS 172534, at *11. None of the subpoena recipients were attempting to evade service; in fact, some of them had expressly requested a subpoena for purposes of complying with educational and other federal privacy laws. Accordingly, the expense of a process server was not justified.

WHEREFORE, Settlement Class Counsel respectfully requests that the NCAA's motion be denied. Alternatively, Settlement Class Counsel respectfully requests that the Court grant the NCAA's motion in part, limiting the reimbursement of expenses from the Medical Monitoring Fund to the NCAA in the amount of $2,939.14 (the maximum cost for certified mail).

Dated: March 28, 2017

    Respectfully submitted,

    HAGENS BERMAN SOBOL SHAPIRO LLP

    By: */s/ Steve W. Berman*
        Steve W. Berman
    1918 Eighth Avenue, Suite 3300
    Seattle, WA 98101
    Tel.: 206.623.7292
    Fax: 206.623.0594
    Email: steve@hbsslaw.com

---

[2] *See* NCAA Motion at 4 (seeking $131,323.15 for the service of 446 subpoenas).

- 4 –

                                              Elizabeth A. Fegan
                                              HAGENS BERMAN SOBOL SHAPIRO LLP
                                              455 N. Cityfront Plaza Dr., Suite 2410
                                              Chicago, IL 60611
                                              Tel.: 708.628.4949
                                              Fax: 708.628.4950
                                              Email: beth@hbsslaw.com

                                              *Settlement Class Counsel*

- 5 –

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on March 28, 2017, a true and correct copy of the foregoing was filed electronically via CM/ECF, which caused notice to be sent to all counsel of record.

By:   */s/ Steve W. Berman*
       Steve W. Berman

010270-12 935688 V1