1

```
 1                     IN THE UNITED STATES DISTRICT COURT
                         NORTHERN DISTRICT OF ILLINOIS
 2                             EASTERN DIVISION

 3    IN RE:  NATIONAL COLLEGIATE      )   Docket No. 13 C 9116
      ATHLETIC ASSOCIATION STUDENT-    )
 4    ATHLETE CONCUSSION INJURY        )   Chicago, Illinois
      LITIGATION,                      )   March 7, 2017
 5                                     )   1:00 o'clock p.m.

 6                      TRANSCRIPT OF PROCEEDINGS - MOTION
                        BEFORE THE HONORABLE JOHN Z. LEE
 7
      APPEARANCES:
 8
      For the Plaintiffs:            HAGENS BERMAN SOBOL SHAPIRO, by
 9                                   MS. ELIZABETH A. FEGAN
                                     455 North Cityfront Plaza Drive
10                                   NBC Tower - Suite 2410
                                     Chicago, Illinois 60611
11
      For Plaintiff Whittier:       COATS ROSE YALE RYMAN & LEE, by
12                                   MR. DWIGHT E. JEFFERSON
                                     (appearing telephonically)
13                                   Nine Greenway Plaza
                                     Suite 1100
14                                   Houston, Texas 77046

15    For Plaintiff Nichols:        EDELSON PC, by
                                     MR. BENJAMIN SCOTT THOMASSEN
16                                   350 North LaSalle Street
                                     Suite 1300
17                                   Chicago, Illinois 60654

18    For Defendant NCAA:           LATHAM & WATKINS, by
                                     MS. JOHANNA MARGARET SPELLMAN
19                                   330 North Wabash Avenue
                                     Suite 2800
20                                   Chicago, Illinois 60611

21

22

23                       ALEXANDRA ROTH, CSR, RPR
                           Official Court Reporter
24                  219 South Dearborn Street, Room 1224
                          Chicago, Illinois 60604
25                            (312) 408-5038
```

1      (Proceedings had in open court:)

2          THE CLERK:  13 C 9116, NCAA Student Athlete Concussion

3   Injury Litigation.

4          MS. FEGAN:  Good afternoon, your Honor.  Elizabeth

5   Fegan for plaintiffs.

6          MS. SPELLMAN:  Johanna Spellman for defendants.

7          THE COURT:  Good afternoon.  Who do we have on the

8   phone?

9          MR. JEFFERSON:  Dwight Jefferson, Judge.

10          THE COURT:  Good morning, Mr. Jefferson.

11          MR. JEFFERSON:  I just wanted to -- good morning.

12          THE COURT:  Who else do we have on the phone?  Anyone

13   else?  No?  Okay.

14          MR. JEFFERSON:  Just me, Judge.

15          THE COURT:  All right.  So we are here for status in

16   this case.  There are a couple of things that the parties have

17   filed at my request.  One is the response to my order

18   requesting a supplemental status report regarding the

19   additional notice program expenses.

20          In short, the parties indicate that based upon various

21   developments, most significant of which is the additional

22   robust addresses and e-mail information that they received from

23   the various member institutions, that that along with other

24   things have resulted in an estimated increase in the cost of

25   notice program from the $1.5 million that was set forth as part

1    of the motion for preliminary approval of the amended

2    settlement, to now an estimate of $2,135,380.21.  I don't know

3    how that's an estimate, but that's certainly the updated

4    estimate, total estimate cost, of the notice program.

5              The parties submit that the increased cost is

6    necessary and reasonable, and that the total cost of the notice

7    program remains well within the reasonable range for notice

8    program costs when compared to comparable settlements.

9              What I wanted to do today, and the reason why I wanted

10   to have the parties appear for this status, is that I did want

11   to enter an order providing anyone that cares to an opportunity

12   to file any objections to the parties' request that the new

13   estimate be deemed reasonable.  And so I am going to give -- to

14   the extent anyone has any objections to the response, I am

15   going to give the parties, or anyone that wishes to, 14 days

16   from today to file any objections to the request by the

17   settling parties that the $2.135 million for the updated total

18   estimated cost of notice program is deemed reasonable.

19             I don't know whether we will receive anything.  If we

20   do, I will address it.  And if we don't, I will go ahead and

21   enter an order.  And we will see what comes.  We will see what

22   comes up.

23             Also pending before the Court is a joint motion for

24   extension of time.  And this addresses the various deadlines

25   that I had imposed as part of my order granting preliminary

1   approval of the class action settlement.  The parties request

2   additional time so that they can provide additional direct mail

3   notice to a number of additional class members.  My

4   understanding is that approximately 78 NCAA member institutions

5   have yet to provide settlement class member contact

6   information.

7          I believe that comprises somewhere between around

8   eight to ten percent of the overall member institutions, if I

9   recall?

10         MS. SPELLMAN:  That seems about right, your Honor.

11         THE COURT:  But as I noted the last time that we were

12  together, I do think that maximizing the direct notice program

13  so that as many putative class members as possible can receive

14  direct notice of the settlement is something that we should

15  endeavor to accommodate.  And so, therefore, I'm going to grant

16  the request to reset dates.

17         But again, because of the size of this class, of the

18  settlement class, I'm going to give anyone who wishes to 14

19  days to file any objections.  Okay?  But here are the revised

20  dates.  So I have reviewed the dates proposed by the parties.

21  And at this point, the notice administrator plans to send out

22  the second round of direct notice, based upon the new

23  information that the parties received from the member

24  institutions, on or before April 14.

25         Given that, I believe that setting May 5 as the deadly

1   by which the settlement class members can object or opt out is

2   too short of a timeframe, particularly if the last round of

3   notice goes out April 14.  People may not receive them until

4   five, six, seven days later.  And that leaves basically little

5   bit over two weeks for them to evaluate their rights.

6           So as a result, I'm going to extend that date.  So the

7   deadline for settlement class members to object or opt out of

8   the settlement will now be May 31.

9           Then the deadline for the notice administrator to file

10  with the Court the opt-out list with an affidavit attesting to

11  the completeness and accuracy thereof will be June 16.  The

12  notice administrator program administrator will file

13  declarations to the Court concerning the implementation of the

14  notice programs and other terms of the settlement by June 16.

15          The motion for final approval of the settlement,

16  including responses to any objections that were raised, shall

17  be filed by June 23.  And the fairness hearing will be

18  rescheduled to July 28.

19          Do you recall what time we set the fairness hearing

20  for on June 29?

21          MS. FEGAN:  Your Honor, I typically wouldn't ask to

22  reschedule a fairness hearing.  July 28 and 29 is our firm

23  retreat.  And I know Mr. Berman would very much like to be at

24  both.  If it's at all possible to pick either the 21st or

25  August 4, if your Honor would prefer to have it on a Friday, we

1   would very much appreciate it.

2           MR. JEFFERSON:  Judge, that was scheduled at 10:00

3   a.m.

4           THE COURT:  Okay.  Thank you.

5           MS. FEGAN:  Or even earlier that week, your Honor.

6           THE COURT:  When is the retreat?

7           MS. FEGAN:  It's the 28th and 29th, that Friday and

8   Saturday.  If it's not possible, we will make it work.

9           THE COURT:  How about the 27th?

10          MS. FEGAN:  That will be great.  Thank you.

11          THE COURT:  All right.  We will set the final fairness

12  hearing for July 27, at 10:00 a.m.

13          MS. FEGAN:  Thank you.

14          THE COURT:  If you could send me a proposed order with

15  the revised dates, that would be great.  And what I will do is,

16  I will revise that to state these are the dates that I propose

17  that we -- that I want to change it to.  And again, if there

18  are any objections, I will give anyone that wishes to some time

19  to file any objections to those dates.  I can't imagine there

20  will be any.

21          Furthermore, with regard to that, as I noted, I do

22  think it's important to take steps to let the class members

23  know about the revised dates.  So as a result, the parties have

24  suggested various steps that they will take to inform the class

25  of the revised dates, including e-mails as well as press

1  releases, changing the settlement class website to notify the

2  class of the revised dates.  The revised dates will obviously

3  also be posted on the court's website as well.

4        And so the steps that the parties have proposed in the

5  joint motion for extension of time appear reasonable to me.

6  And so you can go ahead and do that once the 14 days has

7  lapsed.

8        MS. FEGAN:  Okay.

9        THE COURT:  All right.  Is there anything else we need

10  to address today?

11        MR. THOMASSEN:  Your Honor, if I may.  I'm sorry, I

12  didn't step up before.  Ben Thomassen here for Mr. Nichols.

13        I just wanted to clarify, notice was sent out in the

14  motion that was filed with the Court.  And your Honor also

15  addressed it through your prior order.  But objections to the

16  fee briefs and petitions that have been filed, those would also

17  fall within the new objection deadline as well?

18        THE COURT:  That's correct.

19        MR. THOMASSEN:  Thanks, Judge.

20        THE COURT:  So the other question I want to --

21        MR. JEFFERSON:  The Court --

22        THE COURT:  Hold on, Mr. Jefferson.

23        So the other question that I wanted to talk to the

24  parties about is, so we have these member institutions, right,

25  78 member institutions, who haven't provided the class member

 1  contact information yet.  They have received subpoenas.

 2           Have you been in contact with them?

 3           MS. SPELLMAN:  With some of them, your Honor.

 4           THE COURT:  And what about the ones that just simply

 5  refused or have failed to provide any information?

 6           MS. SPELLMAN:  I have not -- to my knowledge, there

 7  have not been any that have just outright refused.  I think

 8  it's a matter of hopefully following up with them, perhaps

 9  giving them some clarity on the scope of what the request is

10  since, you know, as worded it comes across as very broad,

11  potentially burdensome request.  So that we are in discussions

12  with NCAA counsel about how best to do that.

13           But our intention is to reach out directly to them, to

14  try to really push them to provide what they are able to

15  provide by March 24.

16           THE COURT:  Okay.  And to the extent that institutions

17  don't provide any information or refuse to provide information,

18  we talked about that little bit before.  But how would that

19  impact the settlement vis-a-vis those institutions?

20           MS. FEGAN:  Your Honor, I don't think that it does.

21  Actually this is something I did go back and check the

22  settlement agreement.  It doesn't mean that they are not

23  released.  I think it just affects the notice program itself.

24  And given the very small numbers here, in talking to the notice

25  administrator, we don't think that it affects the overall

1  percentage reached that we thought we'd achieve, which we've

2  already achieved even without them.

3          And so I think that what we are trying to do at this

4  point is almost achieved to perfect.  But I don't think it will

5  affect either the notice program or ultimately the settlement

6  itself if there are some number left at the end of the day.

7          THE COURT:  If there are not, if there are schools

8  that for one reason or another do not provide any information

9  responsive to the subpoenas, at this point I am considering

10  issuing notices for rule to show cause as to why they have not

11  and requiring them to appear before me to explain to me why

12  they are refusing to cooperate with a duly issued subpoena.  So

13  you might inform them of that as well.

14          I may also take the step of requesting that the

15  parties file, so that everyone can see, a list of those member

16  institutions that have not provided any information.

17          MR. JEFFERSON:  Thank you, Judge.

18          THE COURT:  So that if the subpoena is not incentive

19  enough, perhaps public shaming on the docket would be.  Okay?

20          Mr. Jefferson, did you want to bring anything up?

21          MR. JEFFERSON:  Judge, only two things.  I was going

22  to ask, as you just indicated, if we can have identification of

23  the 78 institutions that have not complied with the subpoenas.

24  I think you -- you addressed that, Judge.

25          And the only other thing I had was regarding the

1  motion for extension of paragraph 12 and 13.  You're not making

2  any changes to the dates that are proposed in that order?

3  You're going to sign an order with those dates?

4          THE COURT:  No.  Those dates I will change.  12 and 13

5  is what counsel was addressing, which is the deadline to

6  respond or object to the fee petitions, which is currently

7  March 10.  I will go ahead and change those dates to May 31, to

8  coincide with the dates for objections.  Okay?

9          With regard to the member institutions that have not

10 provided any response, having given that some more thought,

11 given the fact that the notice administrator is going to be

12 issuing second round of direct notice by April 14, I am going

13 to order that the parties submit a status report listing those

14 member institutions that have not provided any information

15 responsive to the subpoena on April 15.

16          Okay.  Anything else that we need to address today?

17          MS. SPELLMAN:  No, your Honor.

18          MS. FEGAN:  No, your Honor.

19          THE COURT:  Thank you very much issues.

20          MS. FEGAN:  Thank you.

21          MR. JEFFERSON:  Thank you.

22     (Which were all the proceedings heard in this case.)

23

24

25

1                            CERTIFICATE

2              I HEREBY CERTIFY that the foregoing is a true, correct

3    and complete transcript of the proceedings had at the hearing

4    of the aforementioned cause on the day and date hereof.

5

6     /s/Alexandra Roth                        3/10/2017
     _____        _____
7     Official Court Reporter                        Date
      U.S. District Court
8     Northern District of Illinois
      Eastern Division
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25