```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3   IN RE:  NATIONAL COLLEGIATE     )   Docket No. 13 C 9116
     ATHLETIC ASSOCIATION STUDENT-   )
 4   ATHLETE CONCUSSION INJURY       )   Chicago, Illinois
     LITIGATION                      )   March 22, 2017
 5                                   )   9:00 o'clock a.m.

 6
                          TRANSCRIPT OF PROCEEDINGS
 7                   BEFORE THE HONORABLE JOHN Z. LEE

 8
     APPEARANCES:
 9
     For the Plaintiffs:        HAGENS BERMAN SOBOL SHAPIRO
10                              BY:  MS. ELIZABETH A. FEGAN
                                     MR. DANIEL J. KUROWSKI
11                              455 North Cityfront Plaza Drive
                                Suite 2410
12                              Chicago, Illinois  60611

13                              EDELSON PC
                                BY:  MR. BENJAMIN S. THOMASSEN
14                              350 North LaSalle Street
                                Suite 1300
15                              Chicago, Illinois  60654

16   For Defendant NCAA:        LATHAM & WATKINS
                                BY:  MS. JOHANNA MARGARET SPELLMAN
17                              330 North Wabash Avenue
                                Suite 2800
18                              Chicago, Illinois  60611

19

20

21

22

23

24

25
                   Nancy C. LaBella, CSR, RMR, CRR
                         Official Court Reporter
                  219 South Dearborn Street, Room 1222
                        Chicago, Illinois  60604
                             (312) 435-6890
                       NLaBella.ilnd@gmail.com
```

1      THE CLERK: 13 C 9116, NCAA Student-Athlete
2 Concussion Injury Litigation.
3      MS. SPELLMAN: Good morning, Your Honor. Johanna
4 Spellman on behalf of NCAA.
5      MS. FEGAN: Good morning, Your Honor. Elizabeth
6 Fegan and Dan Kurowski on behalf of plaintiff Owens and
7 Solomon, as well as the settlement class.
8      MR. THOMASSEN: Good morning, Judge. Ben Thomassen
9 here on behalf of Mr. Nichols.
10      THE COURT: Good morning.
11      There are two motions that were filed by a number of
12 the individual plaintiffs in the cases that are currently
13 pending with regard to the concussion injury litigation.
14      I want to first deal with the motion that was filed
15 by Anthony Nichols seeking leave to withdraw his claims with
16 regard to the personal injury damages from case 13 CV 9116.
17 And I see that Mr. Nichols has filed a separate cause of
18 action; is that correct?
19      MR. THOMASSEN: That's right, Judge.
20      THE COURT: And I believe that was recently
21 reassigned to me under the single-sport/single-school cases.
22 And so that's fine. So that motion is granted.
23      MR. THOMASSEN: Thank you, Judge.
24      THE COURT: Thank you.
25      So now let's turn to the motion that was filed by

1  plaintiffs Owens and Solomon.  And the NCAA has filed a
2  response to that motion that I've reviewed.
3          So, Ms. Fegan, tell me, why is it that the Owens and
4  Solomon claims should proceed under the current cases, as
5  opposed to being adjudicated as part of the -- well, as part
6  of the separate track for the MDL that I've established.
7          MS. FEGAN:  Your Honor, there's a couple of reasons.
8  First, Mr. Owens and Mr. Solomon continue to be settlement
9  class representatives in the medical monitoring settlement.
10 If they were to file separate lawsuits and get on a separate
11 track with respect to their individual negligence claims, they
12 would in effect be splitting their claims.  That's an issue
13 that we had originally addressed in our liability motion for
14 class certification asking the Court to make findings that
15 there wouldn't be claim splitting.  And it wasn't addressed
16 here because there hasn't been a formal substantive motion to
17 be decided.
18         So that being said, Your Honor, they should maintain
19 their status as settlement class representatives.  And in the
20 current complaint, they have individual negligence claims.
21 There has been discovery on those individual claims.  Their
22 schools have provided documents.  The providers have provided
23 documents.  The NCAA is correct, there is some limited
24 discovery still to be done on individual depositions of those
25 providers and some other matters.  But we're not starting from

1  scratch for these two as the others are starting from scratch
2  in the single-sport/single-school or individual personal
3  injury claims outside of them.
4  　　　　So we're at a point in time where we believe that we
5  should proceed before you on the complaint on the individual
6  negligence claims that are pending in the complaint and set a
7  schedule on the limited discovery that still needs to be done
8  so that we can get to trial.
9  　　　　THE COURT:  And for -- I know that Mr. Owens played
10 football, right?
11 　　　　MS. FEGAN:  That's correct.
12 　　　　THE COURT:  And Mr. Solomon played hockey?
13 　　　　MS. FEGAN:  That's correct.
14 　　　　THE COURT:  And Mr. Solomon played hockey for Maine?
15 　　　　MS. FEGAN:  Maine, that's correct.
16 　　　　THE COURT:  All right.  Let me hear from the NCAA.
17 　　　　MS. SPELLMAN:  Yes, Your Honor.  I think our primary
18 concern is the amount of time that plaintiffs have proposed.
19 Ms. Fegan characterizes it as limited discovery, but really
20 the focus of discovery throughout the Arrington case was on
21 class certification issues.  These are presumably substantial
22 individual bodily injury damages claims that Mr. Owens and
23 Mr. Solomon are asserting.  And, as such, there is a
24 substantial amount of discovery left to do.  We have done a
25 lot; but as we set forth in our response, there is discovery

1  related to, among other things, their current conditions,
2  given that their claims have been stayed for over three and a
3  half years.  There would be necessary third-party discovery
4  into the merits of their underlying claims and discovery --
5  you know, discovery of their medical providers as well.  The
6  accelerated schedule that plaintiffs propose is simply
7  unrealistic, given the substantial nature of the claims that
8  they are asserting.
9        THE COURT:  So with regard to Mr. Nichols's new
10 complaint -- I haven't had a chance to review it yet -- is he
11 asserting only individual claims or is he asserting
12 class-based claims?
13       MR. THOMASSEN:  No, Judge.  It looks a lot like the
14 other cases that are in front of you for the single-sport/
15 single-school track.  He's got his individual claims with
16 respect to his single school, and then he asserts a class on
17 behalf of people like him from that school.
18       THE COURT:  Okay. So Mr. Nichols's complaints are,
19 as you say, consistent with the other complaints that were
20 filed in the single-school/single-sport cases.
21       MR. THOMASSEN:  That's right, Judge.  But my
22 understanding of that track isn't that it's limited to class
23 claims; that, as Your Honor noted back on November 30th, it's
24 the personal injury track, which is why -- and just to address
25 something that counsel raised now, I want to make clear -- and

1  I think our motion is clear and I think your minute order from
2  November 30th is clear -- that Mr. Nichols is maintaining his
3  status in the 9116 litigation with respect to the settlement.
4  But as Your Honor directed, he has personal injury claims that
5  he intends to pursue further and move them over into the new
6  case, which then got reassigned to you in the single-school/
7  single-sport track.
8           THE COURT:  And the claims asserted by Mr. Owens and
9  Mr. Solomon, those are individual claims only; is --
10          MS. FEGAN:  Purely --
11          THE COURT:  -- that correct?
12          MS. FEGAN:  Purely individual claims, absent the
13 settlement medical monitoring piece.
14          THE COURT:  Right.  And I think that counsel is
15 right, that I don't -- just because Mr. Nichols has filed a
16 separate action doesn't mean that he can't still proceed in
17 his capacity as -- I guess previously as objector, for lack of
18 a better word, in the class action, the nationwide class
19 action settlement.
20          With regard to the Owens and Solomon claims, I
21 suppose with regard to -- first of all, given the fact that
22 they were part of the Arrington named plaintiff, was there any
23 individual discovery done with regard to Mr. Owens and
24 Solomon?
25          MS. FEGAN:  There was, Your Honor, because

1   obviously -- even though it was in the context of class
2   certification, there were significant issues with respect to
3   typicality and adequacy.  So there are -- individual
4   depositions were taken.  Individual document discovery was
5   done.  Depositions still do need to be done, Your Honor.
6           We have been proposing a schedule to the NCAA since
7   November.  They've never countered or said that we -- here's a
8   more reasonable schedule.  So to be honest with you, I'm sure
9   that we could actually work out a schedule if Your Honor says,
10  yes, let's lift the stay and go forward.  We just never
11  received a counter-proposal.  So we're certainly willing to
12  confer and work that out.
13          THE COURT:  I guess my only concern, particularly
14  with regard to the Owens claim, is that I don't want it to --
15  I'm weary of it being an attempt to try to circumvent the test
16  case protocol or bellwether case protocol that I've
17  established and the parties agreed to with regard to the
18  single-sport/single-school cases.  And that was my main
19  concern with regard to the Owens claims.
20          It seems to me though that given the fact, number
21  one, that Owens -- Mr. Owens and Mr. Solomon are kind of
22  uniquely situated, in that, number one, there's already been
23  some discovery done with regard to their individual claims as
24  part of the Arrington case.  Number two, they're asserting
25  only individual claims as opposed to class claims.  And part

1  of the bellwether methodology that I established was to assess
2  the class assertions as well as the individual assertions.
3  And, finally, with regard to Mr. Solomon, he plays hockey and,
4  of course, all the single-sport/single-school cases are all
5  football based.
6         So I think for those reasons, I will go ahead and
7  allow Mr. Owens and Mr. Solomon to proceed with regard to
8  their individual personal injury damages claims under the
9  current cases that they're assigned, that is, 11 CV 6356.
10        However, I do think that it would be prudent for me
11 to ask the parties to meet and confer and to propose a
12 class -- a schedule they think would be -- that would work for
13 everyone involved, keeping in mind that the parties are going
14 to be engaging in the discovery as far as the bellwether cases
15 in the football context.  And I think that's something the
16 parties need to keep in mind when they're thinking about a
17 schedule for the Owens claims.  Okay.  Because I don't want
18 the Owens schedule to conflict or interrupt the discovery
19 schedule with regard to the bellwether cases in the
20 single-sport/single-school case.  And to the extent that
21 there's any coordination that might increase efficiencies with
22 regard to that discovery, that's something that the parties
23 might think about as well.
24        Okay.  So I guess formally the motion to lift the
25 stay that's filed by Mr. Owens and Mr. Solomon is granted in

1 part, subject to the parties meeting and conferring and
2 presenting to the Court a proposed discovery schedule with
3 regard to the remaining discovery that needs to be done with
4 regard to the individual claims.  If the parties have
5 disparate positions with regard to that schedule, as always
6 you can just put the respective positions in the same filing.
7 And I'd like that filed within the next 14 days.
8      And with regard to Mr. Owens and Mr. Solomon's
9 individual claims, I'll set that for status the -- Carmen, do
10 we have some time the week of April 17th, please.
11      THE CLERK:  April 20th at 9:00 o'clock.
12      MS. FEGAN:  Your Honor, there's one other thing that
13 perhaps we can address today.  The NCAA has filed a motion for
14 the payment of some additional administrative expenses.  That
15 is something that class counsel would like to respond to
16 formally.  And it's not noticed up for today, but perhaps we
17 could have seven days from today to respond to that and
18 perhaps the NCAA will want to reply.  But if we could set a
19 briefing schedule today on that?
20      THE COURT:  When is it noticed for?
21      MS. SPELLMAN:  It's noticed for next Thursday, the
22 30th.
23      THE COURT: All right. That's fine. So class
24 counsel can respond to the motion by the 29th. Will the NCAA
25 require a reply?

| | |
|---|---|
| 1 | MS. SPELLMAN:  We may, Your Honor. |
| 2 | THE COURT:  Let's do this:  To the extent you need a |
| 3 | reply, you can file one by April 5th.  And then I'll hear -- |
| 4 | I'll tell you what I think of it the same day as the status. |
| 5 | MS. SPELLMAN:  Okay.  Thank you, Your Honor. |
| 6 | MS. FEGAN:  Thank you. |
| 7 | THE COURT:  Thank you. |
| 8 | MR. KUROWSKI:  Thank you. |
| 9 | MR. THOMASSEN:  Thank you, Judge. |
| 10 | *  *  *  *  * |
| 11 | |
| 12 | I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter. |
| 13 | |
| 14 | |
| 15 | /s/ Nancy C. LaBella                March 29, 2017
Official Court Reporter |