**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | **MDL No. 2492** |
| **IN RE: NATIONAL COLLEGIATE** | ) | |
| **ATHLETIC ASSOCIATION STUDENT-** | ) | **Master Docket No. 1:13-cv-09116** |
| **ATHLETE CONCUSSION LITIGATION** | ) | |
| | ) | **Judge John Z. Lee** |
| | ) | |
| | ) | **Magistrate Judge M. David Weisman** |

**JOINT STATUS REPORT ON NOTICE TO MEMBERS OF THE
SETTLEMENT CLASS AND IDENTIFYING NCAA MEMBER
INSTITUTIONS THAT DID NOT COMPLY WITH SUBPOENAS**

Pursuant to the Court's Order dated March 7, 2017 (Dkt. #369), Settlement Class Plaintiffs Derek Owens, et al., ("Plaintiffs") and Defendant National Collegiate Athletic Association (the "NCAA," and together with Plaintiffs, the "Parties"), through their counsel, jointly submit the following status report on notice to members of the Settlement Class and identifying NCAA member institutions that did not comply with subpoenas for Settlement Class Member contact information.[1]

1.      On July 15, 2016, the Court entered its Preliminary Approval Order, granting preliminary approval of the Second Amended Settlement Agreement in the above-captioned matter.  See Preliminary Approval Order (Dkt. #278).  In preliminarily approving the Second Amended Settlement Agreement, the Court ordered that notice be provided to members of the Settlement Class, including direct notice to individual members of the Settlement Class.  See id.

---

[1]      Unless otherwise defined, capitalized terms have the meaning ascribed to them in the Second Amended Settlement Agreement, which is Exhibit 1 to the joint motion for preliminary approval filed with the Court on May 20, 2016.  See Second Am. Settlement Agt. (Dkt. #266-1).

at 2.  The Court further appointed Gilardi & Co. LLC as the Notice Administrator, in accordance with Section VII of the Second Amended Settlement Agreement.  See id. at 5.

2.      The Parties immediately began efforts to collect contact information for members of the Settlement Class so that direct notice could be sent to the maximum number of individuals.  On July 29, 2016, the NCAA sent a letter to each of its member institutions, requesting that they provide the Notice Administrator with last-known contact information for Settlement Class Members by September 15, 2016.  See Spellman Decl., Ex. A hereto, at ¶ 2. The NCAA sent a second letter on October 20, 2016, reminding member institutions to provide the requested information as soon as possible.  See id. at ¶ 3.

3.      In November and December 2016, on behalf of Class Counsel, counsel for the NCAA prepared and sent subpoenas to sixty-two (62) NCAA member institutions that had requested a subpoena due to concerns about compliance with the Family Educational Rights and Privacy Act ("FERPA").  See Spellman Decl., Ex. A hereto, at ¶ 4.

4.      On November 30, 2016, the Court held a status conference in this matter.  See Minute Order (Dkt. #312).  At the November 30, 2016 status conference, the Parties provided an update to the Court on the progress of complying with the Notice Plan.  See Hr'g Tr. (Dkt. #318) at 10:9-13:5.  As part of that update, counsel for the NCAA proposed that the NCAA send a third and final letter to member institutions requesting last-known contact information for Settlement Class Members, stating in that letter that subpoenas would be issued to any institution that had not provided the requested data to the Notice Administrator.  See id. at 11:13-23.  The Court indicated approval of the NCAA's proposal.  See Minute Order (Dkt. #312) ("Lead Counsel for the Settlement Class provided an update regarding notice to the class and orally moved the Court

to approve a plan to obtain data from certain NCAA member institutions, including a third request letter and subpoenas. The Court approved the plan.").

5.     On December 15, 2016, the NCAA sent a letter to member institutions that had not yet provided the Notice Administrator with last-known contact information for Settlement Class Members. See Spellman Decl., Ex. A hereto, at ¶ 5. In its letter, the NCAA requested that the institutions provide the information as soon as possible and informed the institutions that if they did not comply with the request, Class Counsel would serve subpoenas for the requested information. See id.

6.     After the NCAA sent its December 15, 2016 letter, the NCAA prepared and coordinated the service of 385 subpoenas on member institutions that had not provided the requested information. See Spellman Decl., Ex. A hereto, at ¶ 6.

7.     On March 7, 2017, the Court held a status conference in this matter. See Minute Order (Dkt. #368). At the March 7, 2017 status conference, the Parties provided the Court with an update on notice efforts to date. See Hr'g Tr. (Dkt. #393) at 3:23-9:19. As part of that update, the Parties requested a continuance of certain dates set forth in the Preliminary Approval Order in order to allow additional time to follow up with institutions that had received a subpoena but not yet provided Settlement Class Member contact information. See id. at 4:1-6. "Finding this request reasonable and appropriate," the Court stated that it intended to modify the schedule set forth in its Preliminary Approval Order after providing an opportunity for the filing of objections to the proposed scheduling changes. See Minute Order (Dkt. #369); cf. Hr'g Tr. (Dkt. #392) at 9:12-15 ("I do recognize overall, though, that if a modest extension means that more potential class members get notice of their rights, then it's certainly worthwhile and reasonable to" modify the schedule.).

8.      At the March 7, 2017 status conference, the Court further ordered the Parties to file a status report on April 15, 2017, "identifying those institutions that have failed to comply" with the subpoenas requesting last-known contact information for Settlement Class Members.[2] See Minute Order (Dkt. #369).

9.      Following the March 7, 2017 status conference, counsel for the NCAA re-issued subpoenas to four (4) member institutions upon whom the process server previously was unable to effect service.[3]  See Spellman Decl., Ex. A hereto, at ¶ 7.  Additionally, Class Counsel re-served one (1) subpoena in response to objections from one (1) school.  See id.

10.     Following the March 7, 2017 status conference, counsel for the NCAA also reached out to member institutions that had received a subpoena but had not yet provided the requested information.  See Spellman Decl., Ex. A hereto, at ¶ 8.  Counsel for the NCAA spoke with individuals at sixty-three (63) of those institutions, many of whom said that they were working to provide the requested information.  See id.  Counsel for the NCAA left messages for the remaining thirteen (13) schools, indicating in the message that counsel were calling with regard to the subpoena, requesting that the institution provide the Notice Administrator with the student-athlete contact information as soon as possible and noting the Court's order requiring the Parties to file by April 15, 2017 a list of institutions that had not provided responses to the subpoena.  See id.

---

[2]      April 15, 2017 is a Saturday.  The Parties, therefore, respectfully submit this Joint Status Report on Monday, April 17, 2017, as specified in Fed. R. Civ. P. 6.

[3]      The process server, however, was unable to effect service on one (1) of those schools because the school refused to allow the process server on campus.  See Spellman Decl., Ex. A hereto, at ¶ 7.

11.    As of April 14, 2017, 1,084 NCAA member institutions have uploaded student-athlete contact information to the Notice Administrator, with a total of approximately 4,146,871 records uploaded.[4]  <u>See</u> Spellman Decl., Ex. A hereto, at ¶ 9.

12.    As of April 14, 2017, thirty-three (33) NCAA member institutions have not complied with subpoenas for Settlement Class Member contact information.  <u>See</u> Spellman Decl., Ex. A hereto, at ¶ 10.  Those institutions are identified in Exhibit A hereto.  <u>See id.</u>

Dated:  April 17, 2017

By:<u>/s/ Steve W. Berman</u> (w/ consent)
      Settlement Class Counsel

Steve W. Berman
  steve@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594


Elizabeth A. Fegan
  beth@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
455 North Cityfront Plaza Drive, Suite 2410
Chicago, Illinois  60611
Telephone:  (708) 628-4949
Facsimile:  (708) 628-4950

Respectfully submitted,

By:<u>/s/ Johanna M. Spellman</u>
      Liaison Counsel for Defendant
      National Collegiate Athletic Association

Mark S. Mester
  mark.mester@lw.com
Johanna M. Spellman
  johanna.spellman@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

---

[4]    The number of records uploaded as of April 14, 2017 is based on information that NCAA member institutions provided when they uploaded files to the Notice Administrator.  <u>See</u> Spellman Decl., Ex. A hereto, at ¶ 9.  The Notice Administrator is working to verify the completeness of those records and accuracy of that number.  <u>See id.</u>

## <u>CERTIFICATE OF SERVICE</u>

I, Johanna M. Spellman, certify that on April 17, 2017, a true and correct copy of the

foregoing JOINT STATUS REPORT ON NOTICE TO MEMBERS OF THE SETTLEMENT

CLASS AND IDENTIFYING NCAA MEMBER INSTITUTIONS THAT DID NOT COMPLY

WITH SUBPOENAS was filed through the CM/ECF system, which caused notice to be sent to

all counsel of record.

*/s/ Johanna M. Spellman*
Johanna M. Spellman
    johanna.spellman@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois, 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767