UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION | MDL NO. 2492<br>Case No. 13-cv-09116<br>Judge John Z. Lee<br>Magistrate Judge M. David Weisman |

## MOTION FOR ORDER ON RULE TO SHOW CAUSE

Pursuant to Federal Rule of Civil Procedure 45(g) and Local Rule 37.1, the Settlement Class Representatives hereby move this Court for entry of an order directing the following entities to show cause why they should not be held in contempt for failing to comply with a subpoena for the production of documents: The College of New Rochelle; Lane College; Lemoyne-Owen College; Saint Augustine's University; Southern University, Baton Rouge; University of Puerto Rico, Bayamon; and University of Puerto Rico, Rio Piedras (collectively, the "Subpoena Recipients").[1] In support of this motion, the Settlement Class Representatives state as follows:

1. On July 15, 2016, the Court entered its Preliminary Approval Order, granting preliminary approval of the Second Amended Settlement Agreement in the above-captioned matter. See Preliminary Approval Order (Dkt. #278). In preliminarily approving the Second Amended Settlement Agreement, the Court ordered that notice be provided to members of the Settlement Class, including direct notice to individual members of the Settlement Class. See id.

---

[1] Capitalized terms in this submission have the meaning ascribed to them in the Second Amended Class Action Settlement Agreement and Release, which is Exhibit 1 to the Joint Motion for Preliminary Approval of Second Amended Class Settlement and Certification of Settlement Class and Settlement Subclasses. See Second Am. Settlement Agt. (Dkt. #266-1).

at 2. The Court further appointed Gilardi & Co. LLC as the Notice Administrator, in accordance with Section VII of the Second Amended Settlement Agreement. See id. at 5.

2. The National Collegiate Athletic Association ("NCAA") and Class Counsel immediately began efforts to collect contact information for members of the Settlement Class so that direct notice could be sent to the maximum number of individuals. On July 29, 2016, the NCAA sent a letter to each of its member institutions, requesting that they provide the Notice Administrator with last-known contact information for student-athletes by September 15, 2016. See Spellman Aff., Ex. A hereto, at ¶ 3. The NCAA sent a second letter on October 20, 2016, reminding member institutions to provide the requested information as soon as possible. See id. at ¶ 4.

3. In November and December 2016, on behalf of Class Counsel, counsel for the NCAA prepared and sent subpoenas to sixty-two (62) NCAA member institutions that had requested a subpoena due to concerns about compliance with the Family Educational Rights and Privacy Act ("FERPA"). See Spellman Aff., Ex. A hereto, at ¶ 5.

4. On November 30, 2016, the Court held a status conference in this matter. See Minute Order (Dkt. #312). At the November 30, 2016 status conference, the parties provided an update to the Court on the progress of complying with the Notice Plan. See Hr'g Tr. (Dkt. #318) at 10:9-13:5. As part of that update, counsel for the NCAA proposed that the NCAA send a third and final letter to member institutions, requesting last-known contact information for student-athletes, stating in that letter that subpoenas would be issued to any institution that had not provided the requested data to the Notice Administrator. See id. at 11:13-23. The Court indicated approval of the NCAA's proposal at the November 30, 2016 hearing. See Minute Order (Dkt. #312).

5. On December 15, 2016, the NCAA sent a letter to member institutions that had not yet provided the Notice Administrator with last-known contact information for student-athletes. See Spellman Aff., Ex. A hereto, at ¶ 6. In its letter, the NCAA requested that the institutions provide the information as soon as possible and informed the institutions that if they did not comply with the request, Class Counsel would serve subpoenas for the requested information. See id.

6. After the NCAA sent its December 15, 2016 letter, the NCAA prepared and coordinated the service of 385 subpoenas on member institutions that had not provided the requested information. See Spellman Aff., Ex. A hereto, at ¶ 8.

7. On March 7, 2017, the Court held a status conference in this matter. See Minute Order (Dkt. #368). At the March 7, 2017 status conference, the parties provided the Court with an update on notice efforts to date, including the responses of NCAA member institutions to subpoenas requesting last-known contact information for student-athletes. See Hr'g Tr. (Dkt. #393) at 3:23-9:19. The Court further ordered the parties to file a status report on April 15, 2017, "identifying those institutions that have failed to comply" with the subpoenas. See Minute Order (Dkt. #369).

8. Following the March 7, 2017 status conference, counsel for the NCAA reached out to member institutions that had received a subpoena but had not yet provided the requested information. See Spellman Aff., Ex. A hereto, at ¶ 9. On April 17, 2017, the parties filed a Joint Status Report on Notice in which they identified 33 NCAA member institutions that had not provided student-athlete contact information requested in the subpoenas as of the date of that submission. See Joint Status Report on Notice (Dkt. #402).

9. On May 9, 2017, the Court ordered the filing of a motion for a rule to show cause for any NCAA member schools that had not provided student-athlete contact information requested in the subpoenas. See Minute Entry (Dkt. #405). Counsel for the NCAA subsequently again reached out to those remaining schools that had not complied with the subpoenas. See Spellman Aff., Ex. A hereto, at ¶ 9. At a May 23, 2017 hearing, the Court ordered that the foregoing motion for a rule to show cause be filed by June 6, 2017.

10. As of June 6, 2017, the Subpoena Recipients have not complied with subpoenas for student-athlete contact information. As explained in the attached affidavit, counsel for the NCAA have contacted or attempted to contact each of the Subpoena Recipients on multiple occasions. See Spellman Aff., Ex. A hereto, at ¶ 9.

11. In accordance with L.R. 37.2 and as set forth above, counsel for the NCAA consulted with Subpoena Recipients, but the Subpoena Recipients have not produced the requested information.

WHEREFORE, the Settlement Class Representatives respectfully request that this Court grant their Motion for Order on Rule to Show Cause why the Subpoena Recipients should not be held in contempt for failing to comply with the subpoenas by providing student-athlete contact information. The Settlement Class Representatives further request whatever other relief the Court deems appropriate.

Dated:  June 6, 2017 Respectfully submitted,

By:/s/ *Steve W. Berman*

Steve W. Berman
  steve@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594

Elizabeth A. Fegan
  beth@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
455 North Cityfront Plaza Drive, Suite 2410
Chicago, Illinois  60611
Telephone:  (708) 628-4949
Facsimile:  (708) 628-4950

*Settlement Class Counsel*

## CERTIFICATE OF SERVICE

I, Steve W. Berman, certify that on June 6, 2017, a true and correct copy of the foregoing MOTION FOR ORDER ON RULE TO SHOW CAUSE was filed through the CM/ECF system, which caused notice to be sent to all counsel of record. In addition, I hereby certify that I served the foregoing MOTION FOR ORDER ON RULE TO SHOW CAUSE via email on Maribel Gorbea Diaz, Counsel for University of Puerto Rico, Bayamon, using the following address: Maribel.gorbea@upr.edu. Further, I hereby certify that I caused the foregoing MOTION FOR ORDER ON RULE TO SHOW CAUSE to be hand delivered via process server to the following non-registered persons.

Lane College
President's Office
545 Lane Avenue
Bray Hall, 3rd Floor
Jackson, Tennessee 38301

Saint Augustine's University
President's Office
1315 Oakwood Avenue
Boyer Building, Room 110
Raleigh, North Carolina 27610-2298

University of Puerto Rico, Rio Piedras
President's Office
San Juan, 00931, Puerto Rico

The College of New Rochelle
President's Office
29 Castle Place
New Rochelle, New York 10805

Lemoyne-Owen College
President's Office
c/o Human Resources
807 Walker Avenue
Memphis, Tennessee 38126

Southern University, Baton Rouge
Southern University System
801 Harding Boulevard
J.S. Clark Administration Building
4th Floor President's Office
Baton Rouge, Louisiana 70813

*/s/ Steve W. Berman*
Steve W. Berman
  steve@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
