# EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| **IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION** | MDL NO. 2492<br>Case No. 13-cv-09116<br><br>Judge John Z. Lee<br><br>Magistrate Judge M. David Weisman |

## AFFIDAVIT OF JOHANNA SPELLMAN

I am an attorney with Latham & Watkins LLP, counsel of record for the National Collegiate Athletic Association ("NCAA"). On July 30, 2014, I was appointed by the Court as Liaison Counsel for the NCAA.

1. This Affidavit is submitted in support of the Motion for Order on Rule to Show Cause filed by Settlement Class Representatives, which requests that the Court enter an order directing third-parties The College of New Rochelle; Lane College; Lemoyne-Owen College; Saint Augustine's University; Southern University, Baton Rouge; University of Puerto Rico, Bayamon; and University of Puerto Rico, Rio Piedras (collectively, the "Subpoena Recipients") to show cause why they should not be held in contempt for failing to comply with subpoenas requesting last-known student-athlete contact information.[1]

2. I have firsthand knowledge of the matters set forth herein and could and would testify thereto if called upon to do so.

3. On July 29, 2016, the NCAA sent a letter to each of its member institutions, requesting that those institutions provide the Notice Administrator with last-known contact

---

[1] Capitalized terms in this submission have the meaning ascribed to them in the Second Amended Class Action Settlement Agreement and Release, which is Exhibit 1 to the Joint Motion for Preliminary Approval of Second Amended Class Settlement and Certification of Settlement Class and Settlement Subclasses. See Second Am. Settlement Agt. (Dkt. #266-1).

information for Settlement Class Members. The NCAA asked member institutions to provide the requested information by September 15, 2016.

4.      On October 20, 2016, the NCAA sent a second letter to member institutions, reminding them to provide the requested information as soon as possible.

5.      In November and December 2016, counsel for the NCAA sent subpoenas to 62 institutions that had requested subpoenas due to concerns about compliance with the Family Educational Rights and Privacy Act.

6.      On December 15, 2016, the NCAA sent a third letter to member institutions that had not yet provided the Notice Administrator with last-known contact information for Settlement Class Members. In its letter, the NCAA again requested that those institutions provide the information as soon as possible and informed the institutions that if they did not comply with the request, subpoenas would be issued for the requested information.

7.      Each of the NCAA's letters to member institutions explained the Settlement, the importance of providing notice and requested cooperation.

8.      In December 2016 and January 2017, the NCAA prepared and coordinated the service of 385 subpoenas on NCAA member institutions commanding the production of last-known student-athlete contact information.

9.      As of June 6, 2017, the following seven (7) NCAA member institutions have not complied with subpoenas for student-athlete contact information.[2]

    a.      **The College of New Rochelle:** On December 22, 2016, The College of New Rochelle was served with a subpoena for the production of student-athlete contact

---

[2] Stillman College provided contact information on the afternoon of June 6, 2017. It has thus been removed from the motion, subject to review and verification of the information it has provided.

information. A true and correct copy of the subpoena and affidavit of service is attached as Exhibit 1 hereto. The subpoena commanded compliance by January 9, 2017. On March 10, 2017, I contacted the President's Office of The College of New Rochelle to inquire about The College of New Rochelle's subpoena response. I was directed to the individual who signed for the subpoena, who stated that she did not remember the subpoena but would look into it. I emailed a copy of the subpoena to that individual on March 10, 2017. On May 10, 2017, I called the individual who signed for the subpoena and left a voicemail message explaining that the Court had ordered the filing of a motion for a rule to show cause and requesting a return phone call. On May 25, 2017, I called the individual who signed for the subpoena and explained that the Court had ordered the filing of a motion for a rule to show cause by June 6, 2017. The individual said she would forward the subpoena to The College of New Rochelle's Athletic Director. On May 31, 2017, I called the individual who signed for the subpoena, who stated that the Athletic Director was working with the Registrar and hoped to provide the requested information by June 2, 2017. As of June 6, 2017, according to the Notice Administrator, The College of New Rochelle has not provided the information requested in the subpoena.

        b.     **Lane College:**  On January 4, 2017, Lane College was served with a subpoena for the production of student-athlete contact information. A true and correct copy of the subpoena and affidavit of service is attached as Exhibit 2 hereto. The subpoena commanded compliance by January 9, 2017. On March 10, 2017, my colleague, Caitlin E. Dahl, an associate in the Chicago office of Latham & Watkins, attempted to contact the President's Office of Lane College several times but the line was busy each time. On March 22, 2017, my colleague left a voicemail message with the President's Office of Lane College regarding the subpoena. On May 9, 2017, my colleague called the President's Office of Lane College and was forwarded to the

Athletics Department. My colleague left a voicemail message explaining that the Court had

ordered the filing of a motion for a rule to show cause. On May 10, 2017, outside counsel for

Lane College called my colleague. My colleague explained that the Court had ordered the filing

of a motion for a rule to show cause and outside counsel for Lane College said he would look

into the status of Lane College's response. On May 25, 2017 and June 1, 2017, I called outside

counsel for Lane College and left voicemail messages explaining that the Court had ordered the

filing of a motion for a rule to show cause by June 6, 2017 and requesting a return phone call.

As of June 6, 2017, according to the Notice Administrator, Lane College has not provided the

information requested in the subpoena.

      c.    **Lemoyne-Owen College:** On January 9, 2017, Lemoyne-Owen College

was served with a subpoena for the production of student-athlete contact information. A true and

correct copy of the subpoena and affidavit of service is attached as Exhibit 3 hereto. The

subpoena commanded compliance by January 13, 2017. On March 10, 2017, my colleague,

Caitlin E. Dahl, contacted the President's Office of Lemoyne-Owen College and was forwarded

to the Human Resources Department. The individual in the Human Resources Department who

answered said she would call back with the Athletic Director on Monday, March 13, 2017. On

March 31, 2017, my colleague called the Human Resources employee of Lemoyne-Owen

College who said she would need to call back. On April 19, 2017, the Human Resources

employee left a voicemail asking my colleague to call. My colleague called back the same day

but the Human Resources employee did not answer and her voicemail box was full, so my

colleague could not leave a message. On May 9, 2017, my colleague called the Human

Resources employee explaining that the Court had ordered the filing of a motion for a rule to

show cause. The Human Resources employee emailed back the same day saying that Lemoyne-

Owen College would comply. On May 16, 2017, my colleague called the Human Resources employee, who stated that Lemoyne-Owen College would upload the information as soon as possible. On May 25, 2017, I called the Human Resources employee but her voicemail box was full. I emailed the Human Resources employee explaining that the Court had ordered the filing of a motion for a rule to show cause by June 6, 2017. The Human Resources employee responded that she was on vacation but Lemoyne-Owen College would comply with the subpoena. On June 5, 2017, the Human Resources employee called me to say that the computer systems of Lemoyne-Owen College had been down over the past several weeks, but that the information requested in the subpoena would be provided by noon on June 6, 2017. As of June 6, 2017, according to the Notice Administrator, Lemoyne-Owen College has not provided the information requested in the subpoena.

        d.    **Saint Augustine's University:** On December 22, 2016, Saint Augustine's University was served with a subpoena for the production of student-athlete contact information. A true and correct copy of the subpoena and affidavit of service is attached as Exhibit 4 hereto. The subpoena commanded compliance by January 9, 2017. On March 13, 2017, my colleague, Caitlin E. Dahl, left a voicemail message for the President's Office of Saint Augustine's University following up on the subpoena. A representative of Saint Augustine's University returned the call the same day and directed my colleague to call the Athletic Director of Saint Augustine's University. My colleague called the Athletic Director of Saint Augustine's University the same day. The Athletic Director was not familiar with the subpoena and requested a copy, which my colleague emailed to him, copying the Assistant to the Offices of Athletic Director (part of the Office of the President) and an Advisor in the Office of Academic Advising. The Athletic Director stated that Saint Augustine's University would work to provide

5

the requested information. On May 10, 2017 and May 16, 2017, my colleague called the

Athletic Director and left voicemail messages explaining that the Court had ordered the filing of

a motion for a rule to show cause and urging Saint Augustine's University to provide the

information as soon as possible. On May 26, 2017 and June 1, 2017, I left voicemail messages

for the Athletic Director explaining that the Court had ordered the filing of a motion for a rule to

show cause by June 6, 2017 and asking him to return the call. On June 1, 2017, I also emailed

the Athletic Director, Assistant to the Offices of Athletic Director and Advisor in the Office of

Academic Advising noting the June 6, 2017 deadline for the filing of a motion for a rule to show

cause and asking that the requested information be provided by June 2, 2017. As of June 6,

2017, according to the Notice Administrator, Saint Augustine's University has not provided the

information requested in the subpoena.

e.   **Southern University, Baton Rouge:**  On January 3, 2017, Southern

University, Baton Rouge was served with a subpoena for the production of student-athlete

contact information. A true and correct copy of the subpoena and affidavit of service is attached

as Exhibit 5 hereto. The subpoena commanded compliance by January 9, 2017. On March 14,

2017, my colleague, Caitlin E. Dahl, contacted the President's Office of Southern University,

Baton Rouge and was told by the individual who answered the phone that she believed the

subpoena had been given to the General Counsel of Southern University, Baton Rouge. The

individual said that the General Counsel was unavailable but she would convey to the General

Counsel the importance of providing the requested information as soon as possible and that the

Court may take action with respect to schools that did not respond to the subpoena. On May 10,

2017, my colleague called the Office of the President of Southern University, Baton Rouge and

left a message for the General Counsel. My colleague stated that the Court had ordered the filing

of a motion for a rule to show cause identifying schools that did not provide the requested information. On May 16, 2017, my colleague called the Office of the President and asked to speak with the General Counsel. The General Counsel was not available, and my colleague asked that she return the call as soon as possible. On May 23, 2017, outside counsel for Southern University, Baton Rouge emailed my colleague requesting a call to discuss the subpoena. On May 24, 2017, I spoke with outside counsel for Southern University, Baton Rouge and explained that the Court had ordered the filing of a motion for a rule to show cause by June 6, 2017. Outside counsel for Southern University, Baton Rouge said Southern University, Baton Rouge would work to provide the information. On June 1, 2017, I emailed outside counsel for Southern University, Baton Rouge requesting an update on the response of Southern University, Baton Rouge to the subpoena and reiterating the June 6, 2017 deadline for filing the motion for a rule to show cause. Outside counsel for Southern University, Baton Rouge responded that he hoped to provide the information by June 2, 2017. As of June 6, 2017, according to the Notice Administrator, Southern University, Baton Rouge has not provided the information requested in the subpoena.

        f.      **University of Puerto Rico, Bayamon:** On March 21, 2017, University of Puerto Rico, Bayamon was served with a subpoena for the production of student-athlete contact information.[3] A true and correct copy of the subpoena and affidavit of service is attached as Exhibit 6 hereto. The subpoena commanded compliance by March 23, 2017. On May 10, 2017, I called the Legal Department of the University of Puerto Rico, Bayamon and left a voicemail message stating that the Court had ordered the filing of a motion for a rule to show cause identifying schools that did not provide the requested information and requesting a return phone

---

[3] The process server attempted to serve the subpoena on the University of Puerto Rico, Bayamon in December 2016 but was unable to effect service at that time.

call.[4]  On May 11, 2017, my colleague, Caitlin E. Dahl, called and left a voicemail in Spanish conveying the same information.  On May 17, 2017, my colleague spoke with an employee from the University of Puerto Rico, Bayamon who said that the Athletic Director of the University of Puerto Rico, Bayamon would be contacting her later the same day.  The employee also requested a copy of the subpoena, which my colleague sent via email the same day.  On May 19, 2017, my colleague spoke with the Athletic Director, who said that the University of Puerto Rico, Bayamon has been on strike, which has impeded its ability to comply with the subpoena.  The Athletic Director stated that the Legal Department of the University of Puerto Rico, Bayamon would contact my colleague the following week.  On May 26, 2017, I called the employee of the University of Puerto Rico, Bayamon who was contacted on May 17, 2017 and who said that she would follow up with the Athletic Director.  On May 30, 2017, I spoke with counsel for the University of Puerto Rico, Bayamon, who said that the University of Puerto Rico, Bayamon would do its best to comply with the subpoena but noted that the University of Puerto Rico, Bayamon is closed due to a student strike.[5]  As of June 6, 2017, according to the Notice Administrator, University of Puerto Rico, Bayamon has not provided the information requested in the subpoena.

       g.      **University of Puerto Rico, Rio Piedras:**  On March 21, 2017, University of Puerto Rico, Rio Piedras was served with a subpoena for the production of student-athlete

---

[4] The outgoing message for the Legal Department of the University of Puerto Rico, Bayamon was in Spanish.  I left the May 10, 2017 voicemail in English.

[5] Universities in Puerto Rico have been on strike since at least April 5, 2017.  See Darmy Cortes, The University of Puerto Rico Student Strike, Explained, PASQUINES (Apr. 25, 2017), https://pasquines.us/2017/04/25/university-puerto-rico-student-strike-explained ("The University of Puerto Rico has been on a systematic indefinite strike since April 5.  On that day the strike was approved and since then ten out of eleven (with the Medical Science campus holding a 72 hour strike in lieu) campuses have joined in this strike as a sign of unity.").

contact information.[6]  A true and correct copy of the subpoena and affidavit of service is attached

as Exhibit 7 hereto.  The subpoena commanded compliance by March 23, 2017.  My colleague,

Caitlin E. Dahl, and I tried calling the Legal Department, Registrar's Office and main number of

the University of Puerto Rico, Rio Piedras on May 10, 2017, May 11, 2017, May 16, 2017, May

17, 2017, May 30, 2017 and June 1, 2017, but were unable to reach a person or a voicemail

system.  I understand that students at the University of Puerto Rico, Rio Piedras have been on

strike since approximately April 5, 2017, which may account for the failure of the University of

Puerto Rico, Rio Piedras to respond to the subpoena.[7]  As of June 6, 2017, according to the

Notice Administrator, University of Puerto Rico, Rio Piedras has not provided the information

requested in the subpoena.


**FURTHER AFFIANT SAYETH NOT**

I certify that the foregoing is true and correct to the best of my own knowledge, information, and
belief.

Date: June 6, 2017

Johanna Spellman

Sworn and subscribed before
me this 6th day of June, 2017


Notary Public

My commission expires: 9 | 17 | 2020

RACHEL M BARKER
Official Seal
Notary Public - State of Illinois
My Commission Expires Sep 17, 2020

---

[6] The process server attempted to serve the subpoena on the University of Puerto Rico, Rio
Piedras in December 2016 but was unable to effect service at that time.

[7] See Cortes, supra note 4.

9

# Exhibit 1

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | | |
|---|---|---|
| In re National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation | ) ) ) ) ) ) | Civil Action No. MDL 2492 NDIL No. 13 C 9116 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     COLLEGE OF NEW ROCHELLE
        29 Castle Place, New Rochelle, NY 10805

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: See instructions at Exhibit B | Date and Time: January 9, 2017, 5:00 PM CT |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 12/20/16

        CLERK OF COURT

_____          OR          _____
    *Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Settlement Class Counsel _____,who issues or requests this subpoena, are:

Steve W. Berman, steve@hbsslaw.com, Hagens Berman Sobol Shapiro, LLP, 1918 Eighth Ave. Ste. 3300, Seattle WA 98101, (206) 623-7292
Joseph J. Siprut, jsiprut@siprut.com, Siprut PC, 17 N. State St., Ste. 1600, Chicago IL, 60602, (312) 236-0000

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. MDL 2492

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

     ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

     ☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

     $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

     I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a **trade** secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

A.    The terms "You," "Your" and "Yours," as used herein, shall refer to COLLEGE

OF NEW ROCHELLE and shall include all other persons acting on behalf of COLLEGE OF

NEW ROCHELLE.

B.    "All" or "any" shall mean "each and every."

C.    "And" and "or" shall mean either disjunctively or conjunctively as necessary to

bring within the scope of the discovery request all responses that might otherwise be construed

outside of its scope.

D.    The term "Records," as used herein, shall mean writings or records of every type

that are in Your possession, custody or control, or to which You have access, including, without

limitation, Microsoft Excel files or other data records.

E.    The term "Student-Athletes," as used herein, shall mean all persons who played

an NCAA-sanctioned sport at COLLEGE OF NEW ROCHELLE at any time on or prior to July

15, 2016.

F.    Except as specifically provided herein, words that impart the singular shall

include the plural and vice versa.

## INSTRUCTIONS

1.    In producing the requested Records, furnish all Records in the manner prescribed

in the "Instructions to Submit Student-Athletes Census," attached hereto as Exhibit B.

2.    This Request shall be deemed to be continuing in nature.  If at any time additional

responsive Records come into Your possession, custody or control, the responses to this Request

shall promptly be supplemented.

Exhibit A-1

## REQUEST FOR PRODUCTION

### REQUEST NO. 1:

The following last-known contact information in your Records for any and all Student-Athletes who participated in any NCAA sanctioned sport at COLLEGE OF NEW ROCHELLE:

        a.      First name;

        b.      Last name and middle initial;

        c.      Last-known street address;

        d.      City;

        e.      State;

        f.      Zip code;

        g.      E-mail address(es);

        h.      Telephone number(s);

        i.      First year attended; and

        j.      NCAA-sanctioned sports played.

## EXHIBIT B

## INSTRUCTIONS TO SUBMIT STUDENT-ATHLETES CENSUS

1. Go to https://gilardigateway.com/CollegeAthleteConcussionSettlement/uploadmanager and download the template Census file in Microsoft Excel format.

2. Once you have downloaded the template Census file, please review the instructions below to upload your Census.

3. Once Census is complete, go to https://gilardigateway.com/CollegeAthleteConcussionSettlement/uploadmanager and follow the instructions in Part 2. You will be prompted to select your school from a dropdown list. If you cannot find your school in the dropdown, please contact Rachel Christman by email at Rachel.Christman@gilardi.com or by phone at (415) 458-3603.

4. Please answer the questions on the Data Submission Form page.

5. Once complete, please select your file and click **Upload**. When it says Upload 100% next to the file you are uploading, your upload is complete. You may then upload additional files or you may click **Submit Data** to securely upload the student-athlete list(s) to the Notice Administrator. If your file is too large to upload, please contact Rachel Christman by email at Rachel.Christman@gilardi.com or by phone at (415) 458-3603.

You will receive an email confirmation with your unique School ID after you have successfully submitted the student-athlete Data Submission.

## INSTRUCTIONS TO COMPLETE STUDENT-ATHLETES CENSUS

Please review the instructions and complete the Census before returning to the site to upload your Data Submission.

Completing a Census means providing the first and last name, last known street address, city, state and zip of all applicable NCAA student-athletes. If available, please also provide email address, phone number(s), and sport played information.

While Excel is a common format for most institutions and the default Census form is an Excel file, you may already have this data in another tabular format (e.g., Microsoft Access or a tab delimited text file), and you may submit your data in this tabular format, being sure to adhere to the below Data Submission Guidelines.

## DATA SUBMISSION GUIDELINES

**Types of Data Files**

Data is most efficiently and accurately transmitted within delimited or fixed-width text files, Microsoft Excel and Access files or SQL Server backup files. Excel and Access are typically the

most convenient methods for small to moderate volumes of data. Text files are the preferred method for transferring large volumes of data (hundreds of thousands or millions of records).

**Access**

The file should contain only the table objects necessary and not include query, form, module, or report objects. The data should not contain control characters such as carriage return, line feed, tab, etc. Date values should be formatted as MM/DD/YYYY.

**Excel**

The file should contain one sheet per dataset. If the number of records exceeds the capacity of the Excel sheet (too many records) such that the records would need to be split among two or more sheets, another file format, such as an Access table, should be considered. The file should not include any unnecessary data or objects, such as images, VBA code, forms, etc. The data should not contain control characters such as carriage return, line feed, tab, etc.

Numeric values should be actual values and not formula or calculation results. Date values should be formatted as MM/DD/YYYY.

**Delimited Text**

The file should be a tab or pipe-delimited format with double-quote text identifiers. Comma separated files can only be accepted with double-quote text identifiers. Date values should be formatted as MM/DD/YYYY.

**Note: Please include the heading row.**

## APPENDIX A

## GENERAL DATA STRUCTURE

Regardless of the type of file for transfer, the data should contain a single record or line for each Student athlete with separate data elements (field or column) for each of the following elements of information:

Athlete First Name *
Athlete Middle Name or Initial
Athlete Last Name *
Athlete Address *
Athlete City *
Athlete State *
Athlete Zip Code *
Athlete Foreign Province
Athlete Foreign Postal Code
Athlete Foreign Country
Athlete SSN (optional)
Athlete Phone Number
Athlete Email
First Year Attended
Primary Sport
Secondary Sport (if any)
Tertiary Sport (if any)

*Those elements marked with an asterisk are generally required for all uploads.*

Thank you for your time and attention. Should you have any questions, please contact Rachel Christman by email at Rachel.Christman@gilardi.com or by phone at (415) 458-3603.

Gilardi & Co LLC
Notice Administrator

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

In re National Collegiate Athletic Association Student-Athlete Concussion Injury
Litigation

CIVIL ACTION NO.: MDL 2492
NDIL NO. 13 C 9116

vs

# AFFIDAVIT OF SERVICE

State of New York  }
County of New York }  ss.:

The undersigned, being duly sworn, deposes and says;

Deponent is not a party herein, is over 18 years of age and resides in Rye Brook, New York

That on **12/22/2016** at **4:33 PM** at **29 Castle Place, Administrative Building, 2nd Floor, New Rochelle, NY 10805**

deponent served a(n) **Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action with Exhibits A-B and Appendix A**

on **College of New Rochelle**, a domestic corporation,

by delivering thereat a true copy to **Angela Ruta** personally,

deponent knew said corporation so served to be the corporation witness and knew said individual to be **Authorized Agent** thereof.

Description of Person Served:
Gender: Female
Skin: White
Hair: Brown
Age: 36 - 50 Yrs.
Height: 5' 4" - 5' 8"
Weight: 131-160 Lbs.
Other:

Sworn to before me this
22nd day of December, 2016

NOTARY PUBLIC
GABRIELA GALINDO
NOTARY PUBLIC STATE OF NEW YORK
QUEENS COUNTY
LIC. # 01GA6187899
COMM EXP. 6/02/2020

Nicholas DiCanio
License No. 1422308

Serving By Irving, Inc. | 233 Broadway, Suite 2201 | New York, NY 10279
New York City Dept. of Consumer Affairs License No. 0761160

# Exhibit 2

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Illinois

| | |
|---|---|
| In re National Collegiate Athletic Association | ) |
| Student-Athlete Concussion Injury Litigation | ) |
| | ) |
| | ) |
| | ) |
| | ) |

Civil Action No. MDL 2492
NDIL No. 13 C 9116

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     LANE COLLEGE
         545 Lane Ave., Jackson, TN 38301

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: See instructions at Exhibit B | Date and Time:<br>January 9, 2017, 5:00 PM CT |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  **DEC 2 0 2016**

CLERK OF COURT

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Settlement Class Counsel_____ ,who issues or requests this subpoena, are:

Steve W. Berman, steve@hbsslaw.com, Hagens Berman Sobol Shapiro, LLP, 1918 Eighth Ave. Ste. 3300, Seattle WA 98101, (206) 623-7292
Joseph J. Siprut, jsiprut@siprut.com, Siprut PC, 17 N. State St., Ste. 1600, Chicago IL, 60602, (312) 236-0000

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. MDL 2492

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____        _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a **trade** secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

A.      The terms "You," "Your" and "Yours," as used herein, shall refer to LANE COLLEGE and shall include all other persons acting on behalf of LANE COLLEGE.

B.      "All" or "any" shall mean "each and every."

C.      "And" and "or" shall mean either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope.

D.      The term "Records," as used herein, shall mean writings or records of every type that are in Your possession, custody or control, or to which You have access, including, without limitation, Microsoft Excel files or other data records.

E.      The term "Student-Athletes," as used herein, shall mean all persons who played an NCAA-sanctioned sport at LANE COLLEGE at any time on or prior to July 15, 2016.

F.      Except as specifically provided herein, words that impart the singular shall include the plural and vice versa.

**INSTRUCTIONS**

1.      In producing the requested Records, furnish all Records in the manner prescribed in the "Instructions to Submit Student-Athletes Census," attached hereto as Exhibit B.

2.      This Request shall be deemed to be continuing in nature. If at any time additional responsive Records come into Your possession, custody or control, the responses to this Request shall promptly be supplemented.

Exhibit A-1

## REQUEST FOR PRODUCTION

**REQUEST NO. 1:**

The following last-known contact information in your Records for any and all Student-Athletes who participated in any NCAA sanctioned sport at LANE COLLEGE:

      a.     First name;

      b.     Last name and middle initial;

      c.     Last-known street address;

      d.     City;

      e.     State;

      f.     Zip code;

      g.     E-mail address(es);

      h.     Telephone number(s);

      i.     First year attended; and

      j.     NCAA-sanctioned sports played.

## EXHIBIT B

## INSTRUCTIONS TO SUBMIT STUDENT-ATHLETES CENSUS

1. Go to https://gilardigateway.com/CollegeAthleteConcussionSettlement/uploadmanager and download the template Census file in Microsoft Excel format.

2. Once you have downloaded the template Census file, please review the instructions below to upload your Census.

3. Once Census is complete, go to https://gilardigateway.com/CollegeAthleteConcussionSettlement/uploadmanager and follow the instructions in Part 2. You will be prompted to select your school from a dropdown list. If you cannot find your school in the dropdown, please contact Rachel Christman by email at Rachel.Christman@gilardi.com or by phone at (415) 458-3603.

4. Please answer the questions on the Data Submission Form page.

5. Once complete, please select your file and click **Upload**. When it says Upload 100% next to the file you are uploading, your upload is complete. You may then upload additional files or you may click **Submit Data** to securely upload the student-athlete list(s) to the Notice Administrator. If your file is too large to upload, please contact Rachel Christman by email at Rachel.Christman@gilardi.com or by phone at (415) 458-3603.

You will receive an email confirmation with your unique School ID after you have successfully submitted the student-athlete Data Submission.

## INSTRUCTIONS TO COMPLETE STUDENT-ATHLETES CENSUS

Please review the instructions and complete the Census before returning to the site to upload your Data Submission.

Completing a Census means providing the first and last name, last known street address, city, state and zip of all applicable NCAA student-athletes. If available, please also provide email address, phone number(s), and sport played information.

While Excel is a common format for most institutions and the default Census form is an Excel file, you may already have this data in another tabular format (e.g., Microsoft Access or a tab delimited text file), and you may submit your data in this tabular format, being sure to adhere to the below Data Submission Guidelines.

## DATA SUBMISSION GUIDELINES

**Types of Data Files**

Data is most efficiently and accurately transmitted within delimited or fixed-width text files, Microsoft Excel and Access files or SQL Server backup files. Excel and Access are typically **the**

most convenient methods for small to moderate volumes of data. Text files are the preferred method for transferring large volumes of data (hundreds of thousands or millions of records).

## Access

The file should contain only the table objects necessary and not include query, form, module, or report objects. The data should not contain control characters such as carriage return, line feed, tab, etc. Date values should be formatted as MM/DD/YYYY.

## Excel

The file should contain one sheet per dataset. If the number of records exceeds the capacity of the Excel sheet (too many records) such that the records would need to be split among two or more sheets, another file format, such as an Access table, should be considered. The file should not include any unnecessary data or objects, such as images, VBA code, forms, etc. The data should not contain control characters such as carriage return, line feed, tab, etc.

Numeric values should be actual values and not formula or calculation results. Date values should be formatted as MM/DD/YYYY.

## Delimited Text

The file should be a tab or pipe-delimited format with double-quote text identifiers. Comma separated files can only be accepted with double-quote text identifiers. Date values should be formatted as MM/DD/YYYY.

**Note: Please include the heading row.**

## APPENDIX A

### GENERAL DATA STRUCTURE

Regardless of the type of file for transfer, the data should contain a single record or line for each Student athlete with separate data elements (field or column) for each of the following elements of information:

> Athlete First Name *
> Athlete Middle Name or Initial
> Athlete Last Name *
> Athlete Address *
> Athlete City *
> Athlete State *
> Athlete Zip Code *
> Athlete Foreign Province
> Athlete Foreign Postal Code
> Athlete Foreign Country
> Athlete SSN (optional)
> Athlete Phone Number
> Athlete Email
> First Year Attended
> Primary Sport
> Secondary Sport (if any)
> Tertiary Sport (if any)

*Those elements marked with an asterisk are generally required for all uploads.*

Thank you for your time and attention. Should you have any questions, please contact Rachel Christman by email at Rachel.Christman@gilardi.com or by phone at (415) 458-3603.

Gilardi & Co LLC
Notice Administrator

*FACHY Not here*
*Jan 2, 17*

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. MDL 2492

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* ___Lake College___

was received by me on *(date)* __12-23-16__ .

☑ I served the subpoena by delivering a copy to the named person as follows: ___Employees___
___in office Refused To accept Subpoena___
___Subpoena Was dRopped ON Desk___ on *(date)* __1-4-17__ for __1:45pm__

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: __1-4-17__

_____Julian Cooper_____
*Server's signature*

_____Julian Cooper_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# Exhibit 3

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Illinois

| | |
|---|---|
| In re National Collegiate Athletic Association<br>Student-Athlete Concussion Injury Litigation | )<br>)<br>)<br>)<br>)<br>) |

Civil Action No. MDL 2492
NDIL No. 13 C 9116

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: LEMOYNE-OWEN COLLEGE
President's office
807 Walker Ave., Memphis, TN 38126

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: See instructions at Exhibit B | Date and Time:<br>January 13, 2017, 5:00 PM CT |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: DEC 2 9 2016

CLERK OF COURT

*Latisha C. Willens*
_____     OR     _____
Signature of Clerk or Deputy Clerk                                   *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing (*name of party*) Settlement Class Counsel _____ ,who issues or requests this subpoena, are:

Steve W. Berman, steve@hbsslaw.com, Hagens Berman Sobol Shapiro, LLP, 1918 Eighth Ave. Ste. 3300, Seattle WA 98101, (206) 623-7292
Joseph J. Siprut, jsiprut@siprut.com, Siprut PC, 17 N. State St., Ste. 1600, Chicago IL, 60602, (312) 236-0000

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. MDL 2492

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a **trade** secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

A.     The terms "You," "Your" and "Yours," as used herein, shall refer to LEMOYNE-OWEN COLLEGE and shall include all other persons acting on behalf of LEMOYNE-OWEN COLLEGE.

B.     "All" or "any" shall mean "each and every."

C.     "And" and "or" shall mean either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope.

D.     The term "Records," as used herein, shall mean writings or records of every type that are in Your possession, custody or control, or to which You have access, including, without limitation, Microsoft Excel files or other data records.

E.     The term "Student-Athletes," as used herein, shall mean all persons who played an NCAA-sanctioned sport at LEMOYNE-OWEN COLLEGE at any time on or prior to July 15, 2016.

F.     Except as specifically provided herein, words that impart the singular shall include the plural and vice versa.

## INSTRUCTIONS

1.     In producing the requested Records, furnish all Records in the manner prescribed in the "Instructions to Submit Student-Athletes Census," attached hereto as Exhibit B.

2.     This Request shall be deemed to be continuing in nature. If at any time additional responsive Records come into Your possession, custody or control, the responses to this Request shall promptly be supplemented.

<u>**REQUEST FOR PRODUCTION**</u>

<u>**REQUEST NO. 1:**</u>

The following last-known contact information in your Records for any and all Student-Athletes who participated in any NCAA sanctioned sport at LEMOYNE-OWEN COLLEGE:

|   |   |
|---|---|
| i. | First name; |
| ii. | Last name and middle initial; |
| iii. | Last-known street address; |
| iv. | City; |
| v. | State; |
| vi. | Zip code; |
| vii. | E-mail address(es); |
| viii | Telephone number(s); |
| ix. | First year attended; and |
| x. | NCAA-sanctioned sports played. |

## EXHIBIT B

## INSTRUCTIONS TO SUBMIT STUDENT-ATHLETES CENSUS

1. Go to https://gilardigateway.com/CollegeAthleteConcussionSettlement/uploadmanager and download the template Census file in Microsoft Excel format.

2. Once you have downloaded the template Census file, please review the instructions below to upload your Census.

3. Once Census is complete, go to https://gilardigateway.com/CollegeAthleteConcussionSettlement/uploadmanager and follow the instructions in Part 2. You will be prompted to select your school from a dropdown list. If you cannot find your school in the dropdown, please contact Rachel Christman by email at Rachel.Christman@gilardi.com or by phone at (415) 458-3603.

4. Please answer the questions on the Data Submission Form page.

5. Once complete, please select your file and click **Upload**. When it says Upload 100% next to the file you are uploading, your upload is complete. You may then upload additional files or you may click **Submit Data** to securely upload the student-athlete list(s) to the Notice Administrator. If your file is too large to upload, please contact Rachel Christman by email at Rachel.Christman@gilardi.com or by phone at (415) 458-3603. You will receive an email confirmation with your unique School ID after you have successfully submitted the student-athlete Data Submission.

## INSTRUCTIONS TO COMPLETE STUDENT-ATHLETES CENSUS

Please review the instructions and complete the Census before returning to the site to upload your Data Submission.

Completing a Census means providing the first and last name, last known street address, city, state and zip of all applicable NCAA student-athletes. If available, please also provide email address, phone number(s), and sport played information.

While Excel is a common format for most institutions and the default Census form is an Excel file, you may already have this data in another tabular format (e.g., Microsoft Access or a tab delimited text file), and you may submit your data in this tabular format, being sure to adhere to the below Data Submission Guidelines.

## DATA SUBMISSION GUIDELINES

### Types of Data Files

Data is most efficiently and accurately transmitted within delimited or fixed-width text files, Microsoft Excel and Access files or SQL Server backup files. Excel and Access are typically the most convenient methods for small to moderate volumes of data. Text files are the preferred method for transferring large volumes of data (hundreds of thousands or millions of records).

### Access

The file should contain only the table objects necessary and not include query, form, module, or report objects. The data should not contain control characters such as carriage return, line feed, tab, etc. Date values should be formatted as MM/DD/YYYY.

### Excel

The file should contain one sheet per dataset. If the number of records exceeds the capacity of the Excel sheet (too many records) such that the records would need to be split among two or more sheets, another file format, such as an Access table, should be considered. The file should not include any unnecessary data or objects, such as images, VBA code, forms, etc. The data should not contain control characters such as carriage return, line feed, tab, etc.

Numeric values should be actual values and not formula or calculation results. Date values should be formatted as MM/DD/YYYY.

### Delimited Text

The file should be a tab or pipe-delimited format with double-quote text identifiers. Comma separated files can only be accepted with double-quote text identifiers. Date values should be formatted as MM/DD/YYYY.

**Note: Please include the heading row.**

**APPENDIX A**

**GENERAL DATA STRUCTURE**

Regardless of the type of file for transfer, the data should contain a single record or line for each Student athlete with separate data elements (field or column) for each of the following elements of information:

Athlete First Name *
Athlete Middle Name or Initial
Athlete Last Name *
Athlete Address *
Athlete City *
Athlete State *
Athlete Zip Code *
Athlete Foreign Province
Athlete Foreign Postal Code
Athlete Foreign Country
Athlete SSN (optional)
Athlete Phone Number
Athlete Email
First Year Attended
Primary Sport
Secondary Sport (if any)
Tertiary Sport (if any)

*\* Those elements marked with an asterisk are generally required for all uploads.*

Thank you for your time and attention. Should you have any questions, please contact Rachel Christman by email at Rachel.Christman@gilardi.com or by phone at (415) 458-3603.

Gilardi & Co LLC
Notice Administrator

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. MDL 2492

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* LeMoyne-Owen College

was received by me on *(date)* 1-9-17 .

☒ I served the subpoena by delivering a copy to the named person as follows:

Nena Burke, Executive Director of Human Resources

_____ on *(date)* 1-9-17 ; or 1:08 AM

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: 1-10-17

Julian Cooper B 481
*Server's signature*

JuliAn CoopeR
*Printed name and title*

5115 STeuben DR, Mphs, TN 38134
*Server's address*

Additional information regarding attempted service, etc:

# Exhibit 4

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | | |
|---|---|---|
| In re National Collegiate Athletic Association | ) | |
| Student-Athlete Concussion Injury Litigation | ) | Civil Action No. MDL 2492 |
| | ) | NDIL No. 13 C 9116 |
| | ) | |
| | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  SAINT AUGUSTINE'S UNIVERSITY
1315 Oakwood Avenue, Raleigh, NC 27610-2298

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: See instructions at Exhibit B | Date and Time:<br>January 9, 2017, 5:00 PM CT |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  DEC 2 0 2016

CLERK OF COURT

_____          OR     _____
Signature of Clerk or Deputy Clerk                                     Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Settlement Class Counsel                                                                     ,who issues or requests this subpoena, are:

Steve W. Berman, steve@hbsslaw.com, Hagens Berman Sobol Shapiro, LLP, 1918 Eighth Ave. Ste. 3300, Seattle WA 98101, (206) 623-7292
Joseph J. Siprut, jsiprut@siprut.com, Siprut PC, 17 N. State St., Ste. 1600, Chicago IL, 60602, (312) 236-0000

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. MDL 2492

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

□ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

□ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

           _____
                *Server's signature*

           _____
                *Printed name and title*

           _____
                *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a **trade** secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

A.    The terms "You," "Your" and "Yours," as used herein, shall refer to SAINT

AUGUSTINE'S UNIVERSITY and shall include all other persons acting on behalf of SAINT

AUGUSTINE'S UNIVERSITY.

B.    "All" or "any" shall mean "each and every."

C.    "And" and "or" shall mean either disjunctively or conjunctively as necessary to

bring within the scope of the discovery request all responses that might otherwise be construed

outside of its scope.

D.    The term "Records," as used herein, shall mean writings or records of every type

that are in Your possession, custody or control, or to which You have access, including, without

limitation, Microsoft Excel files or other data records.

E.    The term "Student-Athletes," as used herein, shall mean all persons who played

an NCAA-sanctioned sport at SAINT AUGUSTINE'S UNIVERSITY at any time on or prior to

July 15, 2016.

F.    Except as specifically provided herein, words that impart the singular shall

include the plural and vice versa.

## INSTRUCTIONS

1.    In producing the requested Records, furnish all Records in the manner prescribed

in the "Instructions to Submit Student-Athletes Census," attached hereto as Exhibit B.

2.    This Request shall be deemed to be continuing in nature.  If at any time additional

responsive Records come into Your possession, custody or control, the responses to this Request

shall promptly be supplemented.

Exhibit A-1

## REQUEST FOR PRODUCTION

### REQUEST NO. 1:

The following last-known contact information in your Records for any and all Student-Athletes who participated in any NCAA sanctioned sport at SAINT AUGUSTINE'S UNIVERSITY:

     a.    First name;

     b.    Last name and middle initial;

     c.    Last-known street address;

     d.    City;

     e.    State;

     f.    Zip code;

     g.    E-mail address(es);

     h.    Telephone number(s);

     i.    First year attended; and

     j.    NCAA-sanctioned sports played.

## EXHIBIT B

## INSTRUCTIONS TO SUBMIT STUDENT-ATHLETES CENSUS

1. Go to https://gilardigateway.com/CollegeAthleteConcussionSettlement/uploadmanager and download the template Census file in Microsoft Excel format.

2. Once you have downloaded the template Census file, please review the instructions below to upload your Census.

3. Once Census is complete, go to https://gilardigateway.com/CollegeAthleteConcussionSettlement/uploadmanager and follow the instructions in Part 2. You will be prompted to select your school from a dropdown list. If you cannot find your school in the dropdown, please contact Rachel Christman by email at Rachel.Christman@gilardi.com or by phone at (415) 458-3603.

4. Please answer the questions on the Data Submission Form page.

5. Once complete, please select your file and click **Upload**. When it says Upload 100% next to the file you are uploading, your upload is complete. You may then upload additional files or you may click **Submit Data** to securely upload the student-athlete list(s) to the Notice Administrator. If your file is too large to upload, please contact Rachel Christman by email at Rachel.Christman@gilardi.com or by phone at (415) 458-3603.

You will receive an email confirmation with your unique School ID after you have successfully submitted the student-athlete Data Submission.

## INSTRUCTIONS TO COMPLETE STUDENT-ATHLETES CENSUS

Please review the instructions and complete the Census before returning to the site to upload your Data Submission.

Completing a Census means providing the first and last name, last known street address, city, state and zip of all applicable NCAA student-athletes. If available, please also provide email address, phone number(s), and sport played information.

While Excel is a common format for most institutions and the default Census form is an Excel file, you may already have this data in another tabular format (e.g., Microsoft Access or a tab delimited text file), and you may submit your data in this tabular format, being sure to adhere to the below Data Submission Guidelines.

## DATA SUBMISSION GUIDELINES

**Types of Data Files**

Data is most efficiently and accurately transmitted within delimited or fixed-width text files, Microsoft Excel and Access files or SQL Server backup files. Excel and Access are typically the

most convenient methods for small to moderate volumes of data. Text files are the preferred method for transferring large volumes of data (hundreds of thousands or millions of records).

**Access**

The file should contain only the table objects necessary and not include query, form, module, or report objects. The data should not contain control characters such as carriage return, line feed, tab, etc. Date values should be formatted as MM/DD/YYYY.

**Excel**

The file should contain one sheet per dataset. If the number of records exceeds the capacity of the Excel sheet (too many records) such that the records would need to be split among two or more sheets, another file format, such as an Access table, should be considered. The file should not include any unnecessary data or objects, such as images, VBA code, forms, etc. The data should not contain control characters such as carriage return, line feed, tab, etc.

Numeric values should be actual values and not formula or calculation results. Date values should be formatted as MM/DD/YYYY.

**Delimited Text**

The file should be a tab or pipe-delimited format with double-quote text identifiers. Comma separated files can only be accepted with double-quote text identifiers. Date values should be formatted as MM/DD/YYYY.

**Note: Please include the heading row.**

## APPENDIX A

## GENERAL DATA STRUCTURE

Regardless of the type of file for transfer, the data should contain a single record or line for each Student athlete with separate data elements (field or column) for each of the following elements of information:

> Athlete First Name *
> Athlete Middle Name or Initial
> Athlete Last Name *
> Athlete Address *
> Athlete City *
> Athlete State *
> Athlete Zip Code *
> Athlete Foreign Province
> Athlete Foreign Postal Code
> Athlete Foreign Country
> Athlete SSN (optional)
> Athlete Phone Number
> Athlete Email
> First Year Attended
> Primary Sport
> Secondary Sport (if any)
> Tertiary Sport (if any)

*\* Those elements marked with an asterisk are generally required for all uploads.*

Thank you for your time and attention. Should you have any questions, please contact Rachel Christman by email at Rachel.Christman@gilardi.com or by phone at (415) 458-3603.

Gilardi & Co LLC
Notice Administrator

Exhibit B-5

|  | ) | **UNITED STATES DISTRICT COURT** |
|--|---|----------------------------------|
|  | ) | for the |
|  | ) | **Northern District of Illinois** |

In re National Collegiate Athletic Association
Student-Athlete Concussion Injury Litigation

**Civil Action No. MDL 2492**
**NDIL No. 13 C 9116**

**State of North Carolina** ) SS

**County of Johnston** )

**Affidavit of SERVICE**

**Date received:** <u>12/21/2016</u>

<u>**Jennifer McCracken,**</u> undersigned, being duly sworn, deposes and says that at the time of service, he/she was over the age of twenty-one, and was not a party to this action:
On the **22** day of <u>**December**</u>, **2016**, at **11:50** ▲M., at <u>**1315 Oakwood Avenue**</u>
<u>**Raleigh, NC 27610**</u> undersigned served the documents described as: <u>**Subpoena To Produce**</u>
<u>**Documents, Information, or Objects of to Permit Inspection of Premises n a Civil Action.**</u>

A true and correct copy of the aforesaid document(s) was served on: <u>**St. Augustine's University**</u>

By delivering them into the hands of <u>**Lattice R. Ferrell**</u> a person of suitable age and discretion at the place of service, whose position to the company to be served is <u>**Interim Director of Human Resources.**</u>

The person receiving the documents is described as follows:

| SEX: | <u>FEMALE</u> | SKIN COLOR: | <u>BLACK</u> | AGE: | <u>60</u> | WEIGHT: | <u>180</u> |
|------|---------------|-------------|--------------|------|-----------|---------|------------|
| HAIR | <u>BLACK</u> | FACIAL HAIR: | <u>NO</u> | GLASSES? | <u>YES</u> | HEIGHT: | <u>5'6"</u> |

To the best of my knowledge and belief, said person was not engaged in the U.S. Military at the time of service.

Sworn to and Subscribed before me this
<u>22</u> day of <u>December</u>, 2016

Undersigned declares under penalty of perjury that the foregoing is true and correct.

_(Process Server Signature)_

(OFFICIAL SEAL)
**Notary Public**

My Commission expires <u>July 11</u>, 20<u>21</u>



# Exhibit 5

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | | |
|---|---|---|
| In re National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation | ) ) ) ) ) ) | Civil Action No. MDL 2492 NDIL No. 13 C 9116 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     SOUTHERN UNIVERSITY, BATON ROUGE
801 Harding Blvd, Baton Rouge, LA 70813

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: See instructions at Exhibit B | Date and Time: January 9, 2017, 5:00 PM CT |
|---|---|
| | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: **DEC 2 0 2016**

CLERK OF COURT

_____          OR     _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Settlement Class Counsel                                                                    ,who issues or requests this subpoena, are:

Steve W. Berman, steve@hbsslaw.com, Hagens Berman Sobol Shapiro, LLP, 1918 Eighth Ave. Ste. 3300, Seattle WA 98101, (206) 623-7292
Joseph J. Siprut, jsiprut@siprut.com, Siprut PC, 17 N. State St., Ste. 1600, Chicago IL, 60602, (312) 236-0000

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. MDL 2492

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a **trade** secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

A.    The terms "You," "Your" and "Yours," as used herein, shall refer to SOUTHERN UNIVERSITY, BATON ROUGE and shall include all other persons acting on behalf of SOUTHERN UNIVERSITY, BATON ROUGE.

B.    "All" or "any" shall mean "each and every."

C.    "And" and "or" shall mean either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope.

D.    The term "Records," as used herein, shall mean writings or records of every type that are in Your possession, custody or control, or to which You have access, including, without limitation, Microsoft Excel files or other data records.

E.    The term "Student-Athletes," as used herein, shall mean all persons who played an NCAA-sanctioned sport at SOUTHERN UNIVERSITY, BATON ROUGE at any time on or prior to July 15, 2016.

F.    Except as specifically provided herein, words that impart the singular shall include the plural and vice versa.

## INSTRUCTIONS

1.    In producing the requested Records, furnish all Records in the manner prescribed in the "Instructions to Submit Student-Athletes Census," attached hereto as Exhibit B.

2.    This Request shall be deemed to be continuing in nature. If at any time additional responsive Records come into Your possession, custody or control, the responses to this Request shall promptly be supplemented.

## REQUEST FOR PRODUCTION

**REQUEST NO. 1:**

The following last-known contact information in your Records for any and all Student-Athletes who participated in any NCAA sanctioned sport at SOUTHERN UNIVERSITY, BATON ROUGE:

a.     First name;

b.     Last name and middle initial;

c.     Last-known street address;

d.     City;

e.     State;

f.     Zip code;

g.     E-mail address(es);

h.     Telephone number(s);

i.     First year attended; and

j.     NCAA-sanctioned sports played.

## EXHIBIT B

## INSTRUCTIONS TO SUBMIT STUDENT-ATHLETES CENSUS

1. Go to https://gilardigateway.com/CollegeAthleteConcussionSettlement/uploadmanager and download the template Census file in Microsoft Excel format.

2. Once you have downloaded the template Census file, please review the instructions below to upload your Census.

3. Once Census is complete, go to https://gilardigateway.com/CollegeAthleteConcussionSettlement/uploadmanager and follow the instructions in Part 2. You will be prompted to select your school from a dropdown list. If you cannot find your school in the dropdown, please contact Rachel Christman by email at Rachel.Christman@gilardi.com or by phone at (415) 458-3603.

4. Please answer the questions on the Data Submission Form page.

5. Once complete, please select your file and click **Upload**. When it says Upload 100% next to the file you are uploading, your upload is complete. You may then upload additional files or you may click **Submit Data** to securely upload the student-athlete list(s) to the Notice Administrator. If your file is too large to upload, please contact Rachel Christman by email at Rachel.Christman@gilardi.com or by phone at (415) 458-3603.

You will receive an email confirmation with your unique School ID after you have successfully submitted the student-athlete Data Submission.

## INSTRUCTIONS TO COMPLETE STUDENT-ATHLETES CENSUS

Please review the instructions and complete the Census before returning to the site to upload your Data Submission.

Completing a Census means providing the first and last name, last known street address, city, state and zip of all applicable NCAA student-athletes. If available, please also provide email address, phone number(s), and sport played information.

While Excel is a common format for most institutions and the default Census form is an Excel file, you may already have this data in another tabular format (e.g., Microsoft Access or a tab delimited text file), and you may submit your data in this tabular format, being sure to adhere to the below Data Submission Guidelines.

## DATA SUBMISSION GUIDELINES

**Types of Data Files**

Data is most efficiently and accurately transmitted within delimited or fixed-width text files, Microsoft Excel and Access files or SQL Server backup files. Excel and Access are typically the

most convenient methods for small to moderate volumes of data. Text files are the preferred method for transferring large volumes of data (hundreds of thousands or millions of records).

**Access**

The file should contain only the table objects necessary and not include query, form, module, or report objects. The data should not contain control characters such as carriage return, line feed, tab, etc. Date values should be formatted as MM/DD/YYYY.

**Excel**

The file should contain one sheet per dataset. If the number of records exceeds the capacity of the Excel sheet (too many records) such that the records would need to be split among two or more sheets, another file format, such as an Access table, should be considered. The file should not include any unnecessary data or objects, such as images, VBA code, forms, etc. The data should not contain control characters such as carriage return, line feed, tab, etc.

Numeric values should be actual values and not formula or calculation results. Date values should be formatted as MM/DD/YYYY.

**Delimited Text**

The file should be a tab or pipe-delimited format with double-quote text identifiers. Comma separated files can only be accepted with double-quote text identifiers. Date values should be formatted as MM/DD/YYYY.

**Note: Please include the heading row.**

## APPENDIX A

### GENERAL DATA STRUCTURE

Regardless of the type of file for transfer, the data should contain a single record or line for each Student athlete with separate data elements (field or column) for each of the following elements of information:

> Athlete First Name *
> Athlete Middle Name or Initial
> Athlete Last Name *
> Athlete Address *
> Athlete City *
> Athlete State *
> Athlete Zip Code *
> Athlete Foreign Province
> Athlete Foreign Postal Code
> Athlete Foreign Country
> Athlete SSN (optional)
> Athlete Phone Number
> Athlete Email
> First Year Attended
> Primary Sport
> Secondary Sport (if any)
> Tertiary Sport (if any)

*\* Those elements marked with an asterisk are generally required for all uploads.*

Thank you for your time and attention. Should you have any questions, please contact Rachel Christman by email at Rachel.Christman@gilardi.com or by phone at (415) 458-3603.

Gilardi & Co LLC
Notice Administrator

Exhibit B-5

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. MDL 2492

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* ___SOUTHERN UNIVERSITY, BATON ROUGE___

was received by me on *(date)* ___1-3-17___ .

☑ I served the subpoena by delivering a copy to the named person as follows: ___VICKEY MURRAY___
___SECRETARY FOR SOUTHERN UNIVERSITY, BATON Rouge___
_____ on *(date)* ___1-3-17___ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: ___1-3-17___        _____
                              *Server's signature*

                         ___MICHAEL THIBODEAUX PIS___
                              *Printed name and title*

                         BOMBET, CASHIO, DARBONNE & ASSOC, INC
                         11220 N. Harrell's Ferry Rd
                         Baton Rouge, LA 70816-8309
                         ph 225-275-0796 fax 225-272-3631
                         www.serverisaddress*Server's address*

Additional information regarding attempted service, etc:

Exhibit 6

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Illinois

| | |
|---|---|
| In re National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation | Civil Action No. MDL 2492 NDIL No. 13 C 9116 |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     UNIVERSITY OF PUERTO RICO, BAYAMON, President's Office
        Industrial Minillas 170, Carr. 174, Bayamón, PR 00959-1919

    ☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: See instructions at Exhibit B | Date and Time: March 23, 2017, 5:00 PM CT |
|---|---|

    ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   **MAR 0 9 2017**

        *CLERK OF COURT*

                      OR    _____

      *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Settlement Class Counsel                                                              ,who issues or requests this subpoena, are:

Steve W. Berman, steve@hbsslaw.com, Hagens Berman Sobol Shapiro, LLP, 1918 Eighth Ave. Ste. 3300, Seattle WA 98101, (206) 623-7292
Joseph J. Siprut, jsiprut@siprut.com, Siprut PC, 17 N. State St., Ste. 1600, Chicago IL, 60602, (312) 236-0000

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. MDL 2492

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a **trade** secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e)** *Contempt.* The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

A.      The terms "You," "Your" and "Yours," as used herein, shall refer to UNIVERSITY OF PUERTO RICO, BAYAMON and shall include all other persons acting on behalf of UNIVERSITY OF PUERTO RICO, BAYAMON.

B.      "All" or "any" shall mean "each and every."

C.      "And" and "or" shall mean either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope.

D.      The term "Records," as used herein, shall mean writings or records of every type that are in Your possession, custody or control, or to which You have access, including, without limitation, Microsoft Excel files or other data records.

E.      The term "Student-Athletes," as used herein, shall mean all persons who played an NCAA-sanctioned sport at UNIVERSITY OF PUERTO RICO, BAYAMON at any time on or prior to July 15, 2016.

F.      Except as specifically provided herein, words that impart the singular shall include the plural and vice versa.

## INSTRUCTIONS

1.      In producing the requested Records, furnish all Records in the manner prescribed in the "Instructions to Submit Student-Athletes Census," attached hereto as Exhibit B.

2.      This Request shall be deemed to be continuing in nature.  If at any time additional responsive Records come into Your possession, custody or control, the responses to this Request shall promptly be supplemented.

## <u>REQUEST FOR PRODUCTION</u>

<u>REQUEST NO. 1</u>:

  The following last-known contact information in your Records for any and all Student-Athletes who participated in any NCAA sanctioned sport at UNIVERSITY OF PUERTO RICO, BAYAMON:

    a. First name;

    b. Last name and middle initial;

    c. Last-known street address;

    d. City;

    e. State;

    f. Zip code;

    g. E-mail address(es);

    h. Telephone number(s);

    i. First year attended; and

    j. NCAA-sanctioned sports played.

<u>EXHIBIT B</u>

<u>INSTRUCTIONS TO SUBMIT STUDENT-ATHLETES CENSUS</u>

1. Go to https://gilardigateway.com/CollegeAthleteConcussionSettlement/uploadmanager and download the template Census file in Microsoft Excel format.

2. Once you have downloaded the template Census file, please review the instructions below to upload your Census.

3. Once Census is complete, go to https://gilardigateway.com/CollegeAthleteConcussionSettlement/uploadmanager and follow the instructions in Part 2. You will be prompted to select your school from a dropdown list. If you cannot find your school in the dropdown, please contact Rachel Christman by email at Rachel.Christman@gilardi.com or by phone at (415) 458-3603.

4. Please answer the questions on the Data Submission Form page.

5. Once complete, please select your file and click **Upload**. When it says Upload 100% next to the file you are uploading, your upload is complete. You may then upload additional files or you may click **Submit Data** to securely upload the student-athlete list(s) to the Notice Administrator. If your file is too large to upload, please contact Rachel Christman by email at Rachel.Christman@gilardi.com or by phone at (415) 458-3603.

You will receive an email confirmation with your unique School ID after you have successfully submitted the student-athlete Data Submission.

<u>INSTRUCTIONS TO COMPLETE STUDENT-ATHLETES CENSUS</u>

Please review the instructions and complete the Census before returning to the site to upload your Data Submission.

Completing a Census means providing the first and last name, last known street address, city, state and zip of all applicable NCAA student-athletes. If available, please also provide email address, phone number(s), and sport played information.

While Excel is a common format for most institutions and the default Census form is an Excel file, you may already have this data in another tabular format (e.g., Microsoft Access or a tab delimited text file), and you may submit your data in this tabular format, being sure to adhere to the below Data Submission Guidelines.

<u>DATA SUBMISSION GUIDELINES</u>

**Types of Data Files**

Data is most efficiently and accurately transmitted within delimited or fixed-width text files, Microsoft Excel and Access files or SQL Server backup files. Excel and Access are typically the

most convenient methods for small to moderate volumes of data. Text files are the preferred method for transferring large volumes of data (hundreds of thousands or millions of records).

**Access**

The file should contain only the table objects necessary and not include query, form, module, or report objects.  The data should not contain control characters such as carriage return, line feed, tab, etc.  Date values should be formatted as MM/DD/YYYY.

**Excel**

The file should contain one sheet per dataset.  If the number of records exceeds the capacity of the Excel sheet (too many records) such that the records would need to be split among two or more sheets, another file format, such as an Access table, should be considered.  The file should not include any unnecessary data or objects, such as images, VBA code, forms, etc. The data should not contain control characters such as carriage return, line feed, tab, etc.

Numeric values should be actual values and not formula or calculation results.  Date values should be formatted as MM/DD/YYYY.

**Delimited Text**

The file should be a tab or pipe-delimited format with double-quote text identifiers.  Comma separated files can only be accepted with double-quote text identifiers.  Date values should be formatted as MM/DD/YYYY.

**Note: Please include the heading row.**

## APPENDIX A

## GENERAL DATA STRUCTURE

Regardless of the type of file for transfer, the data should contain a single record or line for each Student athlete with separate data elements (field or column) for each of the following elements of information:

> Athlete First Name *
> Athlete Middle Name or Initial
> Athlete Last Name *
> Athlete Address *
> Athlete City *
> Athlete State *
> Athlete Zip Code *
> Athlete Foreign Province
> Athlete Foreign Postal Code
> Athlete Foreign Country
> Athlete SSN (optional)
> Athlete Phone Number
> Athlete Email
> First Year Attended
> Primary Sport
> Secondary Sport (if any)
> Tertiary Sport (if any)

*Those elements marked with an asterisk are generally required for all uploads.*

Thank you for your time and attention. Should you have any questions, please contact Rachel Christman by email at Rachel.Christman@gilardi.com or by phone at (415) 458-3603.

Gilardi & Co LLC
Notice Administrator

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

In re National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation

Case No: MDL 2492

## AFFIDAVIT OF SERVICE

I, Roberto Diaz, a Private Process Server, being duly sworn, depose and say:

That I have been duly authorized to make service of the Subpoena Duces Tecum with Exhibits in the above entitled case.

That I am over the age of eighteen years and not a party to or otherwise interested in this action.

That on 03/21/2017 at 1:30 PM, I served University of Puerto Rico, Bayamon, President's Office with the Subpoena Duces Tecum with Exhibits at Industrial Minillas 170, Carr. 174, Bayamon, Puerto Rico 00959-1919 by serving Monica Allen, Assistant, authorized to accept service.

Monica Allen is described herein as:

Gender: Female    Race/Skin: White    Age: 25-30    Weight: 130    Height: 5'5"    Hair: Black    Glasses: No

I do solemnly declare and affirm under penalty of perjury that I have read the foregoing information set forth herein is correct to the best of my knowledge, information, and belief.

3/31/2017
**Executed On**

Roberto Diaz

Client Ref Number:049742-0012
Job #: 1523623

Capitol Process Services, Inc. | 1827 18th Street, NW, Washington, DC 20009 | (202) 667-0050

# Exhibit 7

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

|  |  |  |
|---|---|---|
| In re National Collegiate Athletic Association | ) | |
| Student-Athlete Concussion Injury Litigation | ) | Civil Action No. MDL 2492 |
| | ) | NDIL No. 13 C 9116 |
| | ) | |
| | ) | |
| | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     UNIVERSITY OF PUERTO RICO, RIO PIEDRAS, President's Office
San Juan, 00931, Puerto Rico

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: See instructions at Exhibit B | Date and Time: |
|---|---|
| | March 23, 2017, 5:00 PM CT |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:     MAR 0 9 2017

CLERK OF COURT

_____     OR     _____
Signature of Clerk or Deputy Clerk                              Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Settlement Class Counsel _____,who issues or requests this subpoena, are:

Steve W. Berman, steve@hbsslaw.com, Hagens Berman Sobol Shapiro, LLP, 1918 Eighth Ave. Ste. 3300, Seattle WA 98101, (206) 623-7292
Joseph J. Siprut, jsiprut@siprut.com, Siprut PC, 17 N. State St., Ste. 1600, Chicago IL, 60602, (312) 236-0000

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. MDL 2492

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a **trade** secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e)** *Contempt.* The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

A.      The terms "You," "Your" and "Yours," as used herein, shall refer to UNIVERSITY OF PUERTO RICO, RIO PIEDRAS and shall include all other persons acting on behalf of UNIVERSITY OF PUERTO RICO, RIO PIEDRAS.

B.      "All" or "any" shall mean "each and every."

C.      "And" and "or" shall mean either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope.

D.      The term "Records," as used herein, shall mean writings or records of every type that are in Your possession, custody or control, or to which You have access, including, without limitation, Microsoft Excel files or other data records.

E.      The term "Student-Athletes," as used herein, shall mean all persons who played an NCAA-sanctioned sport at UNIVERSITY OF PUERTO RICO, RIO PIEDRAS at any time on or prior to July 15, 2016.

F.      Except as specifically provided herein, words that impart the singular shall include the plural and vice versa.

## INSTRUCTIONS

1.      In producing the requested Records, furnish all Records in the manner prescribed in the "Instructions to Submit Student-Athletes Census," attached hereto as Exhibit B.

2.      This Request shall be deemed to be continuing in nature.  If at any time additional responsive Records come into Your possession, custody or control, the responses to this Request shall promptly be supplemented.

## <u>REQUEST FOR PRODUCTION</u>

<u>**REQUEST NO. 1:**</u>

The following last-known contact information in your Records for any and all Student-Athletes who participated in any NCAA sanctioned sport at UNIVERSITY OF PUERTO RICO, RIO PIEDRAS:

a.   First name;

b.   Last name and middle initial;

c.   Last-known street address;

d.   City;

e.   State;

f.   Zip code;

g.   E-mail address(es);

h.   Telephone number(s);

i.   First year attended; and

j.   NCAA-sanctioned sports played.

<u>EXHIBIT B</u>

<u>INSTRUCTIONS TO SUBMIT STUDENT-ATHLETES CENSUS</u>

1.  Go to https://gilardigateway.com/CollegeAthleteConcussionSettlement/uploadmanager and download the template Census file in Microsoft Excel format.

2.  Once you have downloaded the template Census file, please review the instructions below to upload your Census.

3.  Once Census is complete, go to https://gilardigateway.com/CollegeAthleteConcussionSettlement/uploadmanager and follow the instructions in Part 2.  You will be prompted to select your school from a dropdown list.  If you cannot find your school in the dropdown, please contact Rachel Christman by email at Rachel.Christman@gilardi.com or by phone at (415) 458-3603.

4.  Please answer the questions on the Data Submission Form page.

5.  Once complete, please select your file and click **Upload**. When it says Upload 100% next to the file you are uploading, your upload is complete. You may then upload additional files or you may click **Submit Data** to securely upload the student-athlete list(s) to the Notice Administrator.  If your file is too large to upload, please contact Rachel Christman by email at Rachel.Christman@gilardi.com or by phone at (415) 458-3603.

You will receive an email confirmation with your unique School ID after you have successfully submitted the student-athlete Data Submission.

<u>INSTRUCTIONS TO COMPLETE STUDENT-ATHLETES CENSUS</u>

Please review the instructions and complete the Census before returning to the site to upload your Data Submission.

Completing a Census means providing the first and last name, last known street address, city, state and zip of all applicable NCAA student-athletes.  If available, please also provide email address, phone number(s), and sport played information.

While Excel is a common format for most institutions and the default Census form is an Excel file, you may already have this data in another <u>tabular</u> format (<u>e.g.</u>, Microsoft Access or a tab delimited text file), and you may submit your data in this tabular format, being sure to adhere to the below Data Submission Guidelines.

<u>DATA SUBMISSION GUIDELINES</u>

**Types of Data Files**

Data is most efficiently and accurately transmitted within delimited or fixed-width text files, Microsoft Excel and Access files or SQL Server backup files.  Excel and Access are typically the

most convenient methods for small to moderate volumes of data. Text files are the preferred method for transferring large volumes of data (hundreds of thousands or millions of records).

**Access**

The file should contain only the table objects necessary and not include query, form, module, or report objects.  The data should not contain control characters such as carriage return, line feed, tab, etc.  Date values should be formatted as MM/DD/YYYY.

**Excel**

The file should contain one sheet per dataset.  If the number of records exceeds the capacity of the Excel sheet (too many records) such that the records would need to be split among two or more sheets, another file format, such as an Access table, should be considered.  The file should not include any unnecessary data or objects, such as images, VBA code, forms, etc. The data should not contain control characters such as carriage return, line feed, tab, etc.

Numeric values should be actual values and not formula or calculation results.  Date values should be formatted as MM/DD/YYYY.

**Delimited Text**

The file should be a tab or pipe-delimited format with double-quote text identifiers.  Comma separated files can only be accepted with double-quote text identifiers.  Date values should be formatted as MM/DD/YYYY.

**Note: Please include the heading row.**

## APPENDIX A

## GENERAL DATA STRUCTURE

Regardless of the type of file for transfer, the data should contain a single record or line for each Student athlete with separate data elements (field or column) for each of the following elements of information:

> Athlete First Name *
> Athlete Middle Name or Initial
> Athlete Last Name *
> Athlete Address *
> Athlete City *
> Athlete State *
> Athlete Zip Code *
> Athlete Foreign Province
> Athlete Foreign Postal Code
> Athlete Foreign Country
> Athlete SSN (optional)
> Athlete Phone Number
> Athlete Email
> First Year Attended
> Primary Sport
> Secondary Sport (if any)
> Tertiary Sport (if any)

*Those elements marked with an asterisk are generally required for all uploads.*

Thank you for your time and attention. Should you have any questions, please contact Rachel Christman by email at Rachel.Christman@gilardi.com or by phone at (415) 458-3603.

Gilardi & Co LLC
Notice Administrator

## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

In re National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation

Case No: MDL 2492

## AFFIDAVIT OF SERVICE

I, Roberto Diaz, a Private Process Server, being duly sworn, depose and say:

That I have been duly authorized to make service of the Subpoena Duces Tecum with Exhibits in the above entitled case.

That I am over the age of eighteen years and not a party to or otherwise interested in this action.

That on 03/21/2017 at 11:00 AM, I served University of Puerto Rico, Rio Piedras, President's Office with the Subpoena Duces Tecum with Exhibits at Jardin Botanico Intersection 1 and 847, San Juan, Puerto Rico 00926 by serving Maria Nieves, Legal Assistant, authorized to accept service.

Maria Nieves is described herein as:

Gender: Female   Race/Skin: White   Age: 45-50   Weight: 130   Height: 5'4"   Hair: Black   Glasses: No

I do solemnly declare and affirm under penalty of perjury that I have read the foregoing information set forth herein is correct to the best of my knowledge, information, and belief.

3/31/2017
Executed On

Roberto Diaz

Client Ref Number:049742-0012
Job #: 1523626

Capitol Process Services, Inc. | 1827 18th Street, NW, Washington, DC 20009 | (202) 667-0050