UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION | MDL No. 2492<br><br>Master Docket No. 1:13-cv-09116<br><br>John Z. Lee |

**PLAINTIFF WHITTIER'S SECOND MOTION FOR LEAVE TO AMEND HIS MOTION FOR ATTORNEY'S FEES AND COSTS**

COMES NOW Plaintiff Julius Whittier by and through his next friend and Attorney in Fact, Mildred Whittier ("Plaintiff Whittier") and files this his Second Motion for Leave to Amend his Motion for Attorney's Fees and Costs and in support thereof would show the Court as follows:

**I. BACKGROUND**

1. On or about January 13, 2017 Plaintiff Whittier filed his original Agreed Motion for Attorney's Fees, Affidavit of Plaintiff's counsel, and billing invoices (Doc. 328) regarding the reasonable and necessity of the attorney's fees and cost incurred in the representation of Plaintiff Whittier in this case.

2. On or about January 20, 2017 Plaintiff Whittier filed his Motion for Leave to Amend his Agreed Motion for Attorney's Fees to correct certain errors and adjust his fee request (Doc. 340).

3. On or about February 22, 2017 (Doc. 359) Plaintiff Whittier submitted his counsel's billing records to the Court pursuant to the Court's Order of January 23, 2017 (Doc.

1

341). Plaintiff would show the Court that upon review of the billing invoices for filing with the Court, Counsel for Plaintiff identified several time entries related to services provided and cost incurred in the matter of Case No. 1:16-cv-08727. Upon discovery of these items, counsel for Plaintiff Whittier corrected the invoice to accurately reflect that all fees and cost associated with the invoice submitted to the Court were for services provided in Case No. 1:13-cv-09116.

4. Plaintiff Whittier requests leave of court to file this, his Second Amended Motion for Attorney's Fees and Costs, to correct the error described above to accurately reflect fees and cost associated with services provided solely in Cause No. 1:13-cv-09116, adjust Plaintiff's request for fees in this case to $231,798.00, and to correct Exhibit 1 to accurately reflect the fees and costs incurred in this case.

## II. PROCEDURAL HISTORY

5. Plaintiff Whittier filed this action on or about October 27, 2014. On November 20, 2014, this case was transferred to MDL 2492 by way of CTO-4. On October 23, 2014 Objector Counsel filed Plaintiff Whittier's objections to the parties' request for preliminary approval of their proposed class settlement agreement and release. The "class" was originally defined as follows:

> All persons who are playing or have played a NCAA sanctioned sport at an NCAA member institution.

(Doc. 119 at p. 75).

6. However, subsequent modification of the "class" definition expressly excluded from the "class" the following persons (i) the NCAA and the NCAA's officers and directors; (ii) Objector Counsel; (iii) the judges who have presided over the litigation; (iv) *Mildred Whittier, and* (v) *Anthony Nichols*. Whittier, Nichols, and later, Arrington, were the only objectors to the parties' preliminary class settlement as originally submitted to the Court which required all class

members to waive their right to assert class-wide claims on behalf of class members suffering from personal injuries as a result of the Defendants' conduct. Plaintiff Whittier joined Plaintiff Nichols in objecting to the original proposed preliminary settlement agreement on this and other grounds.[1]

7. On March 11, 2013 Class Plaintiffs filed their Second Amended Complaint and moved for certification of the class for medical monitoring purposes only. On August 15, 2013, the Court granted the parties' mutual requests for a stay in order to conduct further settlement negotiations. Plaintiff Nichols and Plaintiff Whittier were two of the few class members seeking to certify a class of Plaintiffs seeking monetary damages on a class-wide bases. The Court in its Memorandum Opinion and Order of December 17, 2014 denying the parties' motion for preliminary approval of Plaintiffs' Second Amended Complaint addressed the issue of attorney's fees incurred by Objector Counsels.

## CONCLUSION

Plaintiff Whittier prays that the Court grant his motion to amend his motion for attorney's fees and costs and for such other relief at law or in equity to which he has shown himself justly entitled.

Date: June 20, 2017.

---

[1] Whittier objected to provisions limiting future malpractice claims as a conflict of interest; that the class was overbroad; and termination of the tolling of claims upon preliminary approval of the class. (Doc. 94).

3

Respectfully submitted,

By: */s/ Dwight E. Jefferson*
    Dwight E. Jefferson
    State Bar No. 10605600
    djefferson@coatsrose.com
**ATTORNEY FOR CLASS-PLAINTIFF MILDRED WHITTIER, A/N/F, JULIUS WHITTIER**

OF COUNSEL:
COATS ROSE, P.C.
9 Greenway Plaza, Suite 1100
Houston, Texas 77046-0307
Telephone: (713) 651-0111
Facsimile: (713) 651-0220

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document was filed electronically via CM/ECF, which caused notice to be sent to all counsel of record on this 20th day of June, 2017.

    */s/ Dwight E. Jefferson*
    Dwight E. Jefferson

013317.000001\4813-3970-1828.v1