# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION | MDL No. 2492<br><br>Master Docket No. 1:13-cv-09116<br><br>John Z. Lee |

## AMENDED AFFIDAVIT OF DWIGHT E. JEFFERSON

THE STATE OF TEXAS      §

COUNTY OF HARRIS      §

Before me the undersigned authority personally appeared Dwight E. Jefferson, known to me to be the person for whom this affidavit is being prepared and after being first duly sworn, he did depose and say as follows:

"My name is Dwight E. Jefferson, I am over the age of twenty-one (21) and have never been convicted of a felony or crime involving moral turpitude, I am of sound mind and fully competent to make this affidavit. I have personal knowledge of all matters discussed herein.

"I am a licensed attorney in good standing with the State Bar of Texas. I have been licensed since May of 1984 and my license to practice has never been suspended or revoked for any reason. I have been a practicing attorney in Houston, Harris County, Texas for my entire legal career. However, I have appeared *pro hac* vice as attorney of record in state and federal courts in Florida, Louisiana, Illinois, Alabama and New York. I am currently licensed to practice in the United States Supreme Court, the Fifth Circuit Court of Appeals, the Fourth Circuit Court of Appeals, the Sixth Circuit Court of Appeals. I am licensed in the U. S. District Courts in Texas, Southern, Eastern and Western Divisions, as well as the U. S. District Courts in the Middle District of Pennsylvania, Eastern District of Louisiana and Southern District of Alabama.

"I have personal knowledge of the facts set forth in this Affidavit. I am Of Counsel to the law firm of Coats Rose, P.C. and am counsel for the Plaintiff Mildred Whittier as next friend of Julius Whittier.

"I make this Affidavit in support of Objector Counsel's Motion for Award of Attorney's Fees and Costs. The time expended preparing the motion and this affidavit is not included.

1

"Objector Counsel's compensation for the services rendered is fully contingent. Any fees and reimbursement costs will be limited to such amounts as may be awarded by the court associated with Whittier's objections to the preliminary approval of the Class Settlement Agreement.

"During the period from inception of the case on October 16, 2014 through November 30, 2016 Objector Counsel performed 196.30 hours of work in connection with the prosecution of this class action and Whittier's objection to the Class Settlement Agreement. Notwithstanding the contingent nature of Objector Counsel's compensation, Objector Counsel maintained hourly records of the time expended by Objector Counsel in prosecution of Whittier's class claims and objection to the Class Settlement Agreement.

"A detailed itemization of the services rendered and hourly rate applied to the time expended by Objector Counsel during the period for which fees are sought is contained in Exhibit "A."

"During the period from the inception of the case through November 30, 2016, Objector Counsel incurred costs in the amount of $9,052.67 in connection with this litigation. These costs were reasonable and necessarily incurred in connection with this litigation and objection to the Class Settlement Agreement and Class Certification. The expenses incurred are reflected in Exhibit "A", the Billing Information Memo and the costs and expenses reflected therein are maintained in the books and records of the Coats Rose Accounting Department. These books and records are prepared from checks, expense vouchers, and invoices which are regularly kept and maintained by Coats Rose and accurately reflect the costs incurred.

"The role of Objector Counsel in this litigation has been to represent the interests of class Plaintiffs who have been diagnosed with concussion related injuries, and in that capacity to participate in all aspects of the litigation including objecting to provisions in the Class Settlement Agreement that would have waived class members' rights to assert class claims for personal injuries. Objector Counsel's duties in that regard included investigating facts, researching legal issues, preparing pleadings, responses and pre-hearing motions and responses. Objector Counsel has prepared for and participated in hearings and conferences with the Court; prepared and filed objections to the Class Settlement Agreement, prepared responses to the parties' Joint Motion for Preliminary Approval of Settlement Agreement and coordinated and cooperated with counsel for Plaintiff Nichols in seeking appointment of additional class counsel for personal injury class members.

"Also attached hereto as Exhibit "B" is the curriculum vitae for Objector Counsel and the post in Martindale Hubbard regarding the Objector Counsel."

013317.000001\4839-5340-0394.v1

Further Affiant sayeth naught.

_____
DWIGHT E. JEFFERSON

STATE OF TEXAS          §
                        §
COUNTY OF HARRIS        §


      SWORN TO AND SUBSCRIBED before me on this 20th day of June, 2017, by Dwight E. Jefferson.

_____
NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS