```
 1                 IN THE UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3    IN RE:  NATIONAL COLLEGIATE      )  Docket No. 13 C 9116
      ATHLETIC ASSOCIATION STUDENT-    )
 4    ATHLETE CONCUSSION INJURY        )
      LITIGATION,                      )
 5    -----------------------------------
      IN RE:  NATIONAL COLLEGIATE      )  Docket No. 16 C 8727
 6    ATHLETIC ASSOCIATION STUDENT-    )
      ATHLETE CONCUSSION INJURY        )  Chicago, Illinois
 7    LITIGATION - SINGLE SPORT/       )  May 23, 2017
      SINGLE SCHOOL (FOOTBALL)         )  9:00 o'clock p.m.
 8
                    TRANSCRIPT OF PROCEEDINGS - MOTION
 9                 BEFORE THE HONORABLE JOHN Z. LEE

10    APPEARANCES:

11    For the Plaintiffs:          HAGENS BERMAN SOBOL SHAPIRO, by
                                   MS. ELIZABETH A. FEGAN
12                                 455 North Cityfront Plaza Drive
                                   NBC Tower - Suite 2410
13                                 Chicago, Illinois 60611

14                                 SIPRUT PC, by
                                   MR. TODD LAWRENCE McLAWHORN
15                                 17 North State Street
                                   Suite 1600
16                                 Chicago, Illinois 60602

17    For Nichols:                 EDELSON PC, by
                                   MR. BENJAMIN S. THOMASSEN
18                                 350 North LaSalle Street
                                   Suite 1300
19                                 Chicago, Illinois 60654

20    For Defendant NCAA:          LATHAM & WATKINS, by
                                   MS. JOHANNA MARGARET SPELLMAN
21                                 330 North Wabash Avenue
                                   Suite 2800
22                                 Chicago, Illinois 60611

23                       ALEXANDRA ROTH, CSR, RPR
                           Official Court Reporter
24                 219 South Dearborn Street, Room 1224
                         Chicago, Illinois 60604
25                            (312) 408-5038
```

1        (Proceedings had in open court:)
2            THE CLERK:  13 C 9116, NCAA Student-Athlete Concussion
3    Injury Litigation.  16 C 8727, NCAA Student-Athlete Concussion
4    Injury Litigation.
5            MS. SPELLMAN:  Good morning, your Honor.  Johanna
6    Spellman for the NCAA.
7            MS. FEGAN:  Good morning, your Honor.  Elizabeth Fegan
8    for the settlement class.
9            MR. McLAWHORN:  Good morning, your Honor.  Todd
10   McLawhorn for the settlement class.
11           MR. THOMASSEN:  Good morning, your Honor.  Ben
12   Thomassen here for Mr. Nichols in the 9116 litigation.
13           THE COURT:  All right.  So with regards to the
14   13 CV 9116, the class settlement, the parties have submitted a
15   revised order in light of the second wave of direct notice that
16   has gone out.  What's the status of the second wave?  And also
17   what's the status of the various schools, the 32 schools, that
18   we haven't heard from?
19           MS. FEGAN:  The second wave actually is pending the
20   entry of the scheduling order because in order to print the
21   postcards with the new dates on it, we need those dates set in
22   stone.  So they have been in the process of cleaning up the
23   data on the contact information data.  So they are on track to
24   be able to do it.  But we just need the order entered so that
25   we can get the final dates locked in on the postcards, so those

1  can be printed.

2  MS. SPELLMAN: And with respect to the 32 remaining
3  schools, your Honor, we reached out to those remaining schools
4  immediately after the last hearing to let them know about your
5  Honor's order, and that the Court had ordered the parties to
6  file a motion for rule to show cause in the very short term.
7  And I -- that has spurred a good response from schools.

8  We have received student contact information from 15
9  schools since we were last before your Honor. And all of the
10 other institutions that we've spoken with have said that they
11 are working to provide that information as soon as possible.

12 There are still a very small number, maybe four or
13 five, where we haven't been able to reach a person. We've left
14 messages or have been calling back and will continue to do so.
15 But I'm optimistic that most if not all of the remaining
16 schools will provide the requested information in the very near
17 future.

18 THE COURT: And how much time are you giving them?
19 How much additional time are you giving them to give you that
20 information?

21 MS. SPELLMAN: When we've spoken with them, we've been
22 telling them that we expected to file the motion, you know,
23 probably by the end of the month or so. So I think targeting
24 that towards the end of next week or so for them to get in that
25 remaining information is, you know -- I think they are working

1 as fast as they can. And I think that would be a reasonable
2 target.
3     THE COURT: All right. Well, they have had a lot of
4 time to do it, in any event.
5     I want the motion filed by June 6. Okay? That's
6 still 14 days from now. That will give you something to tell
7 them.
8     MS. SPELLMAN: Yes, your Honor.
9     THE COURT: As far as the motion goes, I do think it's
10 appropriate to reschedule the various dates in light of again
11 the importance and significance of the direct-notice campaign
12 to the putative class members. If anything, notice is probably
13 one of the, if not the, most important things when it comes to
14 class actions, and particularly class action settlements. And
15 so I believe the efforts to have a second wave of direct
16 notice, as well as the efforts to get additional address
17 information from the schools, from the various schools that
18 haven't responded yet, is extremely important and warrants a
19 revision of the current schedule.
20     The dates set by -- proposed in the order are fine.
21 With regard to the final approval hearing, we will set that for
22 September 22. And I will set that for 10:00 o'clock. All
23 right?
24     Anything else that we need to address with regard to
25 the class case --

```
1                  MS. SPELLMAN:  No.
2                  THE COURT:  -- the nationwide class settlement case?
3                  MS. FEGAN:  No.  Although, Kyle Solomon and Derek
4      Owens are within that case.  And we were here a couple weeks
5      ago.  Your Honor suggested that the parties submit a proposed
6      order with dates for that case.  There has been some holdup on
7      the NCAA side.  And I would just request that maybe the Court
8      enter a date by which we need to give you that proposed order
9      so we can get that schedule in place.
10                 MS. SPELLMAN:  We've been -- our client has been
11     reviewing the proposed schedule.  There -- a couple questions
12     have come up.  Mr. Mester has been traveling internationally
13     over the last week.  But we are working to get answers on
14     those.  I can get back to plaintiffs' counsel as soon as
15     possible.
16                 THE COURT:  Can you file that by -- I will give you
17     the 14 days, to June 6 as well?
18                 MS. SPELLMAN:  Yes, your Honor.
19                 MS. FEGAN:  Thank you.
20                 THE COURT:  All right.  There is also a joint motion
21     for extension of time with regard to the case management order
22     as to -- this is now the single sport/single school case, with
23     regard to petitions for attorneys fees.  Where do we stand on
24     that?  Do the parties think they will be able to come to some
25     sort of final agreement or tee it up for my decision by the end
```

1  of May?

2  MS. SPELLMAN: I believe so, your Honor.

3  MR. THOMASSEN: I think so, Judge.

4  THE COURT: All right. Very well. So that motion is
5  granted. Again, you don't have to agree on everything. If
6  there are disputes, you can just put that in one single
7  document and give me the proposed language. And I will take it
8  under advisement. I will decide. All right?

9  The other thing I want to talk about with regard to
10 the single sport/single school cases, the 16 8727 case, is the
11 selection of the sample cases that is ongoing. I know that we
12 set a schedule for that. I think that the parties are trying
13 to review and work through the various cases that have been
14 filed. And I don't even know how many there are now. But
15 there are a lot.

16 I think it would be helpful for me to sit down with
17 each side on an informal basis, to kind of discuss the various
18 selection parameters and criteria that each side is kind of
19 considering and looking at. I'm trying to decide whether I
20 need to set something for the parties to -- that would guide
21 the parties' selection, or whether the parties are basically
22 going through and looking for representative sample cases that
23 would satisfy my concern that they be somewhat representative.

24 What I want to avoid is, I want to avoid the
25 plaintiffs selecting the two best plaintiffs cases and

1  defendants selecting the two best defendants cases, because I
2  don't think that -- if those four cases were to eventually go
3  to trial, I don't know if that would provide the best guidance
4  for the parties with regard to the remaining cases.
5      I understand that the case selection process needs to
6  be -- each side's view is through their own particular prism.
7  I understand that. But I decided that it would be helpful for
8  me to understand kind of each party's thinking, and to be more
9  engaged in that initial selection process to avoid any wasted
10 time later on.
11     So what I'd like to do, unless there is any objection,
12 is, I'd like to meet with each side ex parte, informally, off
13 the record, in chambers, so that at least we can start to have
14 a discussion about what are you looking at, what are some of
15 the things you are concerned about, what are some of the things
16 that you are looking for, and how do you envision this process
17 happening.
18     Is there any objection to my doing that? If so, now
19 is the time to voice your opinions.
20     MS. SPELLMAN: No, your Honor.
21     MR. THOMASSEN: That sounds fine to us, Judge.
22     THE COURT: Okay. So I will go ahead and set a
23 schedule for that. I will send around some proposed dates.
24 And it will be basically the lead counsel for each side that I
25 will meet with respectively. Okay?

```
 1            MR. THOMASSEN:  Very good.
 2            THE COURT:  So let's see.  I think we do have statuses
 3   set in these cases coming up.  But as we get closer to those
 4   dates, depending on where things are, I might reset them.
 5   Okay?
 6            Is there anything else we need to address today?
 7            MS. SPELLMAN:  No, your Honor.
 8            MR. THOMASSEN:  Not from us, Judge.
 9            MS. FEGAN:  Thank you, your Honor.
10            THE COURT:  Very good.  Thank you.
11        (Which were all the proceedings heard in this case.)
12                              CERTIFICATE
13            I HEREBY CERTIFY that the foregoing is a correct
14   transcript from the digital recording of proceedings had at the
15   hearing of the aforementioned cause on the day and date hereof,
16   to the best of my ability given the limitations of using a
17   digital recording system.
18
19    /s/Alexandra Roth                              6/1/2017
     _____     _____
20    Official Court Reporter                          Date
      U.S. District Court
21    Northern District of Illinois
      Eastern Division
22
23
24
25
```