

July 13, 2017

To Whom it May Concern:

I am writing to express my opinion objecting to the proposed settlement *In re National Collegiate Athletic Association Student-Athlete Concussion Litigation*, Case No. 1:13-cv-09116.

I attended and played NCAA Division II basketball for Adams State College (now Adams State University) between September 2002 and May 2006. My opinion on the matter is personal in nature and could be considered inexperienced, as I was fortunate enough to not sustain concussion injuries during my collegiate athletic career. My career did however contain other physical injuries to my ankles and knees that have previously and still provide some physical discomforts. I am expecting these injuries to continue to worsen as I get older. I consider these injuries to be part of the understood and acknowledged risks of participating in athletics at any level, including collegiate athletics.

Although this settlement may not be deemed frivolous in the eyes of the court, due to its apparent high likelihood of being won with a settlement, there is still an erosion of adult responsibility that is at stake. Most student athletes participating in NCAA sanctioned events are of legal contract age (18 in most states) and thus have the adult ability to decide if their participation in these activities should commence and continue. Many institutions also require student athletes to sign liability waivers or similar documents acknowledging the risks associated with their respective sports. It is hard to believe that execution of this waiver does not relay appropriate concussion risk to the adult student athlete.

It is rightfully assumed that many student athletes feel compelled to return to competition (regardless of injury type) in their respective sports due to the potential loss of athletic scholarship for non-participation. With this assumed pressure to "play through it", further consideration should be applied by the NCAA to require continuance of athletic scholarships to those athletes injured in practice or competition. It should be in this manner that the reduction in concussion recurrence and treatment should begin.

Although the settlement will have likely already been decided, I want to further disagree with the $15 million award requested by the Counsel. The noted individual plaintiffs are to receive $2,500-$5,000 each, and they are considered the "victims" in this case. Per filings, Counsel expended 18,635.66 hours of due process for this suit. Assuming the $15 million were awarded, this equates to an average hourly rate of $804.90 for any persons working this suit. Assuming 40 hours per work week and 52 weeks in a year, an average person working this case would earn annual pay of $1,674,209.55. This large discrepancy in dollars is unjustified and further encourages lawsuits, in which Counsel will receive large compensation in exchange for "victim's rights". The abundance of paperwork, time, and required court due process from these types of filings is unreasonable and must be curbed at some point.

Although I reside in Colorado and am unable to attend the Fairness Hearing (and will not send counsel on my behalf), I appreciate the court's time in reviewing my statement of opinion on the matter.

Respectfully,

Kyle Wilson
4149 Vernal Circle
Colorado Springs, CO 80916
(719)235-8303

**FILED**

JUL 20 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

CC: Clerk of Court @ United States District Court for the Northern District of Illinois
Steve W. Berman, Esq. @ HAGENS BERMAN SOBOL SHAPIRO LLP
Mark S. Mester, Esq. @ LATHAM & WATKINS LLP