UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION | MDL No. 2492<br><br>Master Docket No. 13-cv-09116<br><br>Judge John Z. Lee |

**MOTION OF OBJECTOR SAMANTHA GREIBER FOR LEAVE TO FILE STATEMENT OF OBJECTION EXCEEDING PAGE LIMIT OF LOCAL RULE**

Samantha Greiber, a member of the Settlement Class objecting to the Second Amended Class Action Settlement Agreement and Release ("Amended Settlement Agreement"), by her undersigned counsel, moves for leave to file a Statement of Objection ("Objection") to the Amended Settlement Agreement that exceeds the fifteen page limit set forth in Local Rule 7.1 but does not exceed fifty pages. The grounds for this motion are:

1. Although the Preliminary Approval Order does not appear to set a limitation on materials submitted in support of an objection (Preliminary Approval Order (ECF No. 278), ¶¶ 29(c) and (d) (an objector "must file with the Court" a "written statement of all grounds for the objection accompanied by any legal support for such objection" and "[c]opies of any papers, briefs or other documents upon which the objection is based"), the undersigned counsel is mindful of Local Rule 7.1 which ordinarily limits briefs to fifteen pages.

2. Ms. Greiber intends to make the Objection on behalf of a putative subclass of NCAA Women Lacrosse Players. Ms. Greiber recognizes the extensive and deliberate, phased process that the Court and counsel undertook in an effort to satisfy class action standards and

1

construct a settlement that is fair, reasonable and adequate for all class members. While that process appears to have addressed many concerns, Ms. Greiber respectfully submits that the proposed settlement falls short with respect to Women Lacrosse Players because it would require them to release claims for injunctive relief that is significant and unique to them.

3. The Objection outlines why Ms. Greiber believes the settlement is not fair, reasonable or adequate as it pertains to these women. A brief exceeding fifteen pages is necessary to outline the unique interests of Women Lacrosse Players and demonstrate what Ms. Greiber believes to be the deficiencies of the Amended Settlement Agreement as it pertains to them. The Objection presents approximately two dozen academic studies and articles that address the relevant issues. It addresses the numerous papers that counsel for the parties have filed in the course of this litigation, and the several Opinions that the Court has issued. And it addresses the applicable class-action standards. All of that has required a significant number of pages.

4. The Seventh Circuit has held "it is desirable to have as broad a range of participants in the fairness hearing as possible," *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 288 (7th Cir. 2002), and class members must therefore be given an opportunity to object and be heard. *In re AT & T Mobility Wireless Data Servs. Sales Litig.,* 270 F.R.D. 330, 351 (N.D. Ill. 2010); *In re Mex. Money Transfer Litig*., 164 F.Supp.2d 1002, 1032–33 (N.D.Ill.2000). The parties to this action (and other Objectors, as well) have all previously filed papers that exceeded the fifteen page limit, and Ms. Greiber - who first received notice of this matter this year -  merely seeks the opportunity to address the Amended Settlement Agreement and the submissions made in support of it in the same reasoned fashion. Ms. Greiber respectfully submits that, by methodically laying out the entire basis for her Objection, the parties and the Court will be able to best understand the basis for the Objection and most capably address it.

5. The undersigned counsel has asked Settlement Class Counsel and counsel for the NCAA to advise whether or not they object to this motion. Despite the undersigned counsel outlining the foregoing reasons as part of that request, the exchange of several communications, and the passage of twenty-four hours, those counsel have declined to state their position or, in the case of some counsel, to respond.

WHEREFORE, Ms. Greiber respectfully requests that, for the good cause shown above, the Court enter an Order authorizing the undersigned counsel for Ms. Greiber to file a Statement of Objection that exceeds fifteen pages but does not exceed fifty pages.

Respectfully submitted,

Dated: August 24, 2017   /s/ Aron U. Raskas
Arnold M. Weiner
Aron U. Raskas
Barry L. Gogel
RIFKIN WEINER LIVINGSTON LLC
2002 Clipper Park Road, Suite 108
Baltimore, Maryland 21211
410-769-8080 Telephone
410-769-8811 Facsimile
aweiner@rwllaw.com
araskas@rwllaw.com
bgogel@rwllaw.com

Charles S. Fax
RIFKIN WEINER LIVINGSTON LLC
7979 Old Georgetown Road, Suite 400
Bethesda, MD 20814
301-951-0150 Telephone
301-951-0172 Facsimile
cfax@rwllaw.com

*Counsel for Objector Samantha Greiber*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on this 24th day of August, 2017, a true and correct copy of the foregoing document was filed electronically on the Court's CM/ECF system, which caused notice to be sent to all counsel of record.

/s/ Aron U. Raskas_____