UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION | MDL NO. 2492<br><br>Master Docket No. 13-cv-09116<br><br>Judge John Z. Lee<br><br>Magistrate Judge Geraldine Soat Brown |

**PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF SECOND AMENDED CLASS SETTLEMENT**

The Second Amended Settlement is the culmination of a three-year process, which included an adversarial preliminary review process scrutinizing the terms of the Settlement, the contours of the Medical Monitoring Program, and the sufficiency of the $70 million Medical Monitoring Fund. As a result, the historic 50-year Medical Monitoring Program is ready to be launched for the benefit of the estimated 4.4 million current and former NCAA student-athletes alive today.[1] At a time when we frequently hear of the deaths of young NFL players diagnosed with Chronic Traumatic Encephalopathy post-mortem, the benefits of the Medical Monitoring Program cannot be implemented soon enough. Plaintiffs have achieved the right for all qualifying Settlement Class Members to have neurological, neuropsychological, and mood and behavior evaluations to determine whether their symptoms or conditions are related to the concussions or accumulation of subconcussive hits they sustained while playing NCAA sports.

---

[1] Dkt. No. 170, at 12 (plaintiffs' expert, Bruce Deal, estimated that: "Based on NCAA data and U.S. mortality data, the class population comprises 4.4 million current and former male and female student-athletes in all NCAA-sanctioned sports") (citations omitted).

- 1 -

And, the Settlement will require changes to NCAA rules designed to identify concussions early and reduce the harm of secondary injury from returning to play before fully healed.

The factors considered in the Seventh Circuit to determine whether the Settlement is fair adequate and reasonable support final approval here.[2] First, this Court has invested significant time evaluating the strength of a nationwide class negligence claim as compared to the amount and benefits of a 50-year Medical Monitoring Program, $5 million for concussion research, changes to the NCAA's guidelines, and a limited release. That evaluation supports a finding that the Settlement is fair, adequate and reasonable where the likelihood that a nationwide negligence claim could be certified is virtually nil. Second, settlement is preferable to a likely complex, lengthy and expensive litigation through trial and appeal.

Third, despite the fact that 4,068,742 Class Members received email or postcard notice, just 22 persons have filed objections.[3] Other than as to Class Counsel's fee petition,[4] the most common objection complains that the Settlement does not provide for compensatory damages or medical expenses for treatment. However, given that certification of a nationwide negligence

---

[2] *Synfuel Techs., Inc. v. DHL Express (USA), Inc*., 463 F.3d 646, 653 (7th Cir. 2006) (quoting *Isby v. Bayh*, 75 F.3d 1191, 1199 (7th Cir. 1996)).

[3] Seven of these objections were sent to Class Counsel or the Administrator but do not appear to be filed with the Court. Class Counsel thus attaches to the Declaration of Elizabeth A. Fegan ("Fegan Decl.") the objections of Malcolm Campbell, Maria Fagan, Paul Krepinski, Gerry Paul Little, Carrie Murphy, Reuben David Patino, Anthony Plastino, Hans Standgaard, and Anita Jeffrey, M.D. as Exs. 1-9, respectively. The remaining 13 objections filed with the Court include Alicia Ahern (Dkt. No. 272 filed 5/25/16); Adela Aprodu (Dkt. No. 373 filed 3/10/2017); John W. Devereux, Jr. (Dkt. No. 456 filed 9/1/2017); Lacy Donlon (Dkt. No. 459 filed 9/15/2017); Samantha Greiber (Dkt. No. 450 filed 8/30/2017); Anthony Nichols (Dkt. No. 457 filed 9/14/2017); Roliff Purrington (Dkt. No. 377 filed 3/13/2017); Paul J. Schafer (Dkt. No. 438 filed 8/22/2017); Marissa Spinazola (Dkt. No. 458 filed 9/15/2017); Elizabeth Terry (Dkt. No. 427 filed 7/5/2017); Kyle Edward Wilson (Dkt. No. 428 filed 7/20/2017); Steve Wineberg (Dkt. No. 378 filed 3/13/2017); and Mark Young (Dkt. No. 425 filed 7/5/2017).

[4] The objections as to attorneys' fees and costs are addressed in Class Counsel's Reply In Support of their Fee Petition.

claim would likely be denied, a 50-state medical monitoring settlement for all current and former NCAA student-athletes is a victory and the right result for those who are suffering or will suffer from cognitive or emotional deficits resulting from head trauma. Finally, the Settlement is supported by highly-qualified counsel who litigated the merits of this matter before reaching a settlement, as well as two respected former federal judges, and the Lead Objector who withdrew his objection (except as to fees).

WHEREFORE, for the reasons more fully set forth in the Memorandum In Support of this Motion, Settlement Class Representatives respectfully request that the Court find that the Second Amended Settlement is fair, adequate and reasonable and grant Plaintiffs' Motion For Final Approval.

Dated: September 29, 2017

Respectfully submitted,

By: */s/ Steve W. Berman*
  Steve W. Berman
*steve@hbsslaw.com*
Christopher P. O'Hara
*chriso@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
*beth@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950

010270-12 988538 V1

- 4 -

By:   */s/ Joseph J. Siprut*
      Joseph J. Siprut
Todd L. McLawhorn
SIPRUT PC
17 North State Street
Suite 1600
Chicago, IL 60602
312.236.0000
Fax: 312.878.1342
www.siprut.com

*Settlement Class Counsel*

010270-12 988538 V1

- 5 -

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on September 29, 2017, a true and correct copy of the foregoing was filed electronically via CM/ECF, which caused notice to be sent to all counsel of record.

By: */s/ Steve W. Berman*
Steve W. Berman

010270-12 988538 V1