UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION** | MDL NO. 2492<br>Case No. 13-cv-09116<br><br>Judge John Z. Lee |

# DECLARATION OF JOSEPH J. SIPRUT

I, Joseph J. Siprut, declare as follows:

1. I am the Managing Partner of the law firm of Siprut PC. I represent Plaintiffs and was court-appointed as Co-Lead Class Counsel in the above-entitled action.

2. On or about March 25, 2017, Co-Lead Class Counsel in this matter, Steve Berman, informed me that Jay Edelson, who represents the Lead Objector in this matter, wanted to take my deposition concerning my firm's timekeeping practices. This request followed a meeting among Mr. Berman, Mr. Edelson and Judge Andersen, and others, in which Mr. Edelson attempted to reach an agreement concerning the competing fee petitions. My understanding was that the meeting was unsuccessful, and thus I viewed Mr. Edelson's sudden interest in discovery from me and my firm as a clumsy negotiation tactic.

3. However, rather than waste time and money fighting or providing such discovery, I offered to provide Mr. Edelson with a Declaration explaining in more detail my firm's timekeeping practices in order to allay any of his purported concerns. I agreed to provide the Declaration in draft form in case there was additional information that Mr. Edelson wished me to include or explain.

4. On April 5, 2017, I provided the Declaration attached as Ex. A hereto to Mr. Edelson in draft form. I did not hear anything further from Mr. Edelson about this after I provided the Declaration to him.

5. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of September, 2017

/s/ *Joseph J. Siprut*
Joseph J. Siprut

| | |
|---|---|
| From: | Joseph Siprut |
| To: | "Jay Edelson" |
| Bcc: | |
| Subject: | NCAA -- supplemental dec on timekeeping |
| Date: | Wednesday, April 5, 2017 8:16:00 PM |
| Attachments: | supplemental dec on timekeeping 4821-7649-9782 v.1.docx |
| | image001.jpg |
| | image002.jpg |
| | image003.png |
| | image004.jpg |
| | image005.png |
| | image006.png |
| | image007.jpg |
| | image008.png |
| | image009.png |

Jay—

Draft declaration attached here.

Joe



Joseph J. Siprut

jsiprut@siprut.com

S<small>IPRUT</small> <small>PC</small>

17 North State Street

Suite 1600

Chicago, IL  60602

312.236.0000

Fax: 312.878.1342

www.siprut.com



av

CONFIDENTIALITY NOTICE: This message and any attachments may contain confidential information which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution of, or the taking of any action in reliance on, the contents of this information is strictly prohibited. If you have received this message in error, please delete all copies of this message and any attachments.  S<small>IPRUT</small> <small>PC</small> is a Professional Corporation organized under the laws of the State of Illinois.

**DRAFT**

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION** | MDL NO. 2492<br>Case No. 13-cv-09116<br><br>Judge John Z. Lee |

### DECLARATION OF JOSEPH J. SIPRUT REGARDING
### SIPRUT PC HISTORICAL TIMEKEEPING PRACTICES

I, Joseph J. Siprut, declare as follows:

1. I am the Managing Partner of the law firm of Siprut PC. I represent Plaintiffs and was court-appointed as Co-Lead Class Counsel in the above-entitled action. This sworn declaration reiterates and further details the explanation on my firm's timekeeping practices previously provided in support of my firm's application for an award of attorneys' fees and expenses in in the above-entitled action. (Docket No. 350-2.)

2. The entries in the chart (*id.*) show the lodestar time for time-billers at Class Counsel's firm allocated to various "task billing" categories set up at the inception of the case, inclusive of all time from May 2011 through January 2017 – nearly a six-year period. During this period of time, the methods by which Class Counsel's law firm kept track of its time (on a firm-wide basis) varied from case-to-case.

3. For example, some of our firm's retentions involved traditional, bilateral commercial litigation in which the firm was paid on an hourly basis. For those matters, individual attorneys maintained contemporaneous time records for work on that matter, which was eventually centralized and then invoiced to the client (either on a monthly basis or consistent with whatever the terms of the retention agreement dictated). The description of the work performed (including

the level of detail) and other billing issues (time increments, treatment of costs, etc.) were, again, dictated by the terms of the retention agreement.

4. In other matters, such as this one, individual attorneys and time-billers were not required to maintain contemporaneous time records inputted directly into a centralized time-keeping system. Instead, attorneys and time-billers were directed to keep track of their time for this case by allocating their time to one of the predetermined "task-based" categories established for this case (Docket No. 350-2). At periodic intervals or upon request, those time-billers would submit their time internally so it could be incorporated in the centralized spreadsheet tracking all of the firm time on this matter.

5. The specific manner in which time-billers recorded their time varied from individual to individual, as we had no specific requirements at that time. For example, some people preferred to record entries in hardcopy form on time slips contemporaneously; others used Dictaphones for contemporaneous entries; and others would make no contemporaneous entries at all, and instead would calculate time incurred since the last internal submission when prompted to do so. Either way, the only requirement was that time-billers be able to report and provide their total time allocated to the predetermined categories when prompted to do so (again, this usually occurred every few months or when there was a specific need, such as when exchanging time figures with co-counsel).

6. The explanation I previously provided states that time-billers may have derived or "reconstructed" their time at some later point when it became necessary or appropriate to do so (Docket No. 350-2). What I meant by this was simply the explanation provided in Paragraph 5 above, nothing more or less.

7. Although time-keeping practices varied from case to case, as explained above, this was generally the system utilized for all of the firm's class action cases until late 2016, at which point we changed timekeeping practices. Now, the firm requires that all time-billers input contemporaneous, daily time entries with detailed, narrative descriptions into our firm-wide timekeeping software, Time59. We use this same practice on all cases, including class actions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of April, 2017

/s/ *Joseph J. Siprut*

Joseph J. Siprut

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on September 29, 2017, a true and correct copy of the foregoing was filed electronically via CM/ECF, which caused notice to be sent to all counsel of record.

By: ___/s/ *Steve W. Berman*___
Steve W. Berman