# Exhibit 14

# Carrie Flexer

| | |
|---|---|
| **From:** | Elizabeth A. Fegan |
| **Sent:** | Thursday, August 24, 2017 7:32 AM |
| **To:** | Chi_Filings |
| **Subject:** | FW: In Re: National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation, Case No. 1:13-cv-09116 |

Elizabeth A. Fegan | **Hagens Berman Sobol Shapiro LLP |** Direct: (708) 628-4960

**From:** Elizabeth A. Fegan
**Sent:** Thursday, August 24, 2017 9:32 AM
**To:** 'Aron U. Raskas' <araskas@rwllaw.com>
**Cc:** mark.mester@lw.com; Steve Berman <Steve@hbsslaw.com>; jsiprut@siprut.com; caitlin.dahl@lw.com; marc.klein@lw.com; johanna.spellman@lw.com; robert.malionek@lw.com; sean.berkowitz@lw.com; katherine.walton@lw.com; Daniel J. Kurowski <dank@hbsslaw.com>; tmclawhorn@siprut.com; rmiller@siprut.com; Charles S. Fax <cfax@rwllaw.com>
**Subject:** RE: In Re: National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation, Case No. 1:13-cv-09116

Good morning,

I can understand why you would be concerned if we had "released any claims to seek the right to wear helmets" for female lacrosse players. It is Class Counsel's position that we do not release an individual claim for negligence with a request for equitable relief requiring helmets for lacrosse players, nor do we release single-school, single-sport class claims for negligence with a request for equitable relief requiring helmets for lacrosse players.

If you would like to confer on the language in the release that you believe precludes all claims for such equitable relief, I am available just about all day today.

Sincerely,
Beth

Elizabeth A. Fegan | **Hagens Berman Sobol Shapiro LLP |** Direct: (708) 628-4960

**From:** Aron U. Raskas [mailto:araskas@rwllaw.com]
**Sent:** Thursday, August 24, 2017 8:41 AM
**To:** Elizabeth A. Fegan <beth@hbsslaw.com>
**Cc:** mark.mester@lw.com; Steve Berman <Steve@hbsslaw.com>; jsiprut@siprut.com; caitlin.dahl@lw.com; marc.klein@lw.com; johanna.spellman@lw.com; robert.malionek@lw.com; sean.berkowitz@lw.com; katherine.walton@lw.com; Daniel J. Kurowski <dank@hbsslaw.com>; tmclawhorn@siprut.com; rmiller@siprut.com; Charles S. Fax <cfax@rwllaw.com>
**Subject:** RE: In Re: National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation, Case No. 1:13-cv-09116

Dear Ms. Fegan:

As the need for more extensive briefing suggests, I cannot in a simple email provide you with the entire basis for our objection. I can tell you that we represent a female student-athlete who sustained two concussions playing NCAA women's lacrosse. We are aware of, and appreciate, the careful, considered and deliberate phased process that counsel and the Court engaged in to come to the Amended Settlement Agreement. Nonetheless, we respectfully believe that, with respect to women lacrosse players, it fell short. It would leave them vulnerable to head injuries and concussions because they are required to play without helmets and, if the Amended Settlement Agreement is approved, they would have released any claims to seek the right to wear helmets.

Our objection demonstrates why we believe the settlement is not fair, reasonable or adequate as it pertains to these women. We have cataloged more than two dozen academic studies and articles that address the issue. We have also addressed the numerous papers that counsel for the parties have filed in the course of this litigation, and the several Opinions that the Court has issued. And we have sought to address the applicable class-action standards that must be considered. All of that has required a significant number of pages. Most important, we believe that by methodically laying out the entire basis for our objection, the parties and the court will be able to best understand our position and then address and respond to it.

I am sure you recognize that "it is desirable to have as broad a range of participants in the fairness hearing as possible," *Reynolds v. Beneficial Nat. Bank*, 288 F.3 277, 288 (7th Cir. 2002), and class members must therefore be given an opportunity to object and be heard. *In re AT & T Mobility Wireless Data Servs. Sales Litig.,* 270 F.R.D. 330, 351 (N.D. Ill. 2010); In re Mex. Money Transfer Litig., 164 F.Supp.2d 1002, 1032–33 (N.D.Ill.2000). The parties to this action (and other Objectors, as well) have all previously filed papers that exceeded the fifteen page limit, and our client - who first received notice of this matter this year - merely seeks the opportunity to address the Amended Settlement Agreement and the submissions made in support of it in the same reasoned fashion.

In sum, I am requesting no more than your position on whether or not you object to our intended motion for leave to exceed the fifteen page limit. We certainly understand that you will reserve all rights to respond to the substance of the Objection as you deem appropriate.

Please let me know your position on this by 1:00 p.m. EST so that we may appropriately advise the Court.

Thank you.

**Aron U. Raskas**

**Rifkin Weiner Livingston LLC**
2002 Clipper Park Road, Suite 108
Baltimore, Maryland 21211
410-769-8080
443-695-1368 (mobile)
410-769-8811 (fax)
araskas@rwllaw.com

*You can visit us on the Web at* www.rwllaw.com

-----Original Message-----
From: Elizabeth A. Fegan [mailto:beth@hbsslaw.com]
Sent: Wednesday, August 23, 2017 8:16 PM
To: Aron U. Raskas <araskas@rwllaw.com>
Cc: mark.mester@lw.com; Steve Berman <Steve@hbsslaw.com>; jsiprut@siprut.com; caitlin.dahl@lw.com; marc.klein@lw.com; johanna.spellman@lw.com; robert.malionek@lw.com; sean.berkowitz@lw.com; katherine.walton@lw.com; Daniel J. Kurowski <dank@hbsslaw.com>; tmclawhorn@siprut.com; rmiller@siprut.com; Charles S. Fax <cfax@rwllaw.com>
Subject: Re: In Re: National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation, Case No. 1:13-cv-09116

Dear Mr. Raskas,

We cannot agree to an enlargement of the pages without an understanding of why it is necessary. If you care to share more, we would be happy to consider it.

Sincerely,
Beth

On Aug 23, 2017, at 4:17 PM, Aron U. Raskas <araskas@rwllaw.com<mailto:araskas@rwllaw.com>> wrote:

Ladies and gentlemen:

We expect to file a Statement of Objection to the Amended Settlement Agreement in the above matter.  We will be moving the Court for  leave to exceed the 15 page limit set forth in Local Rule 7.1. We believe that having the opportunity to more thoroughly set forth the nature and basis for the Objection will benefit the Court and parties in addressing it. I would be grateful if you would let me know as soon as possible whether or not you have any opposition to the motion for leave to exceed the page limit, so that I may make the necessary representation to the Court. I expect to file that motion tomorrow.

Of course, we will promptly provide you with copies of our filings, and I would be available, once we have done so, to respond to any questions that you might have.  Thank you in advance for your anticipated courtesy.

Aron U. Raskas

Rifkin Weiner Livingston LLC
2002 Clipper Park Road, Suite 108
Baltimore, Maryland 21211
410-769-8080
443-695-1368 (mobile)
410-769-8811 (fax)
araskas@rwllaw.com<mailto:araskas@rwlls.com>

You can visit us on the Web at www.rwllaw.com<http://www.rwlls.com/>

CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

CONFIDENTIALITY NOTICE: This communication may contain privileged or other confidential information. If you are not the intended recipient, or believe you have received this communication in error, please do not print, copy, retransmit, disseminate or otherwise use the information. Also, please indicate to the sender that you have received this message in error and delete the copy you received. Thank you.

CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

CONFIDENTIALITY NOTICE: This communication may contain privileged or other confidential information. If you are not the intended recipient, or believe you have received this communication in error, please do not print, copy, retransmit, disseminate or otherwise use the information. Also, please indicate to the sender that you have received this message in error and delete the copy you received. Thank you.