1

```
 1                 IN THE UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3   IN RE:  NATIONAL COLLEGIATE      )   Docket No. 13 C 9116
     ATHLETIC ASSOCIATION STUDENT-    )
 4   ATHLETE CONCUSSION INJURY        )   Chicago, Illinois
     LITIGATION,                      )   November 8, 2017
 5                                    )   9:00 o'clock a.m.

 6                 TRANSCRIPT OF PROCEEDINGS - MOTION
                   BEFORE THE HONORABLE JOHN Z. LEE
 7

     APPEARANCES:
 8

     For the Plaintiffs:            HAGENS BERMAN SOBOL SHAPIRO, by
 9                                  MS. ELIZABETH A. FEGAN
                                    455 North Cityfront Plaza Drive
10                                  NBC Tower - Suite 2410
                                    Chicago, Illinois 60611
11
                                    SIPRUT PC, by
12                                  MR. TODD LAWRENCE McLAWHORN
                                    17 North State Street
13                                  Suite 1600
                                    Chicago, Illinois 60602
14
     For Defendant NCAA:            LATHAM & WATKINS, by
15                                  MS. KATHLEEN PATRICIA LALLY
                                    330 North Wabash Avenue
16                                  Suite 2800
                                    Chicago, Illinois 60611
17

18

19

20

21
                           ALEXANDRA ROTH, CSR, RPR
22                          Official Court Reporter
                          219 South Dearborn Street
23                                 Room 1224
                            Chicago, Illinois 60604
24                              (312) 408-5038

25
```

1      (Proceedings had in open court:)

2           THE CLERK:  13 C 9116, NCAA Student-Athlete Concussion

3  Injury Litigation.

4           MS. FEGAN:  Good morning, your Honor.  Elizabeth Fegan

5  for plaintiff.

6           MR. McLAWHORN:  Good morning, Todd McLawhorn for

7  plaintiffs.

8           MS. LALLY:  Good morning, your Honor.  Kathleen Lally

9  for NCAA.

10          THE COURT:  Good morning.

11          So what happened with this notice?

12          MS. FEGAN:  So we received a call from the notice

13  administrator that they were cleaning up the files to

14  transition them to Garretson for purposes of the medical

15  monitoring program.  And they discovered a bit -- a file from

16  one school had been sitting in a queue and hadn't actually been

17  downloaded.  So --

18          THE COURT:  For all files from one particular school?

19          MS. FEGAN:  That's correct.

20          And what I received information last night, they

21  deduped that file, but there are 9,239 unique records.  And of

22  those, 3,605 have an e-mail address.  So these are not persons

23  that had multiple addresses that have already received notice.

24  These are folks that have not received notice.

25          And given the breadth of the notice program and our

1    desire to reach a hundred percent of the schools, we felt it

2    necessary to, one, bring the issue to the Court's attention;

3    but, two, to recommend that the dates be pushed back to allow

4    notice to this additional small group but obviously important

5    group to get notice.

6           THE COURT:  Presumably the group received, may have

7    received, notice through the other more public means, right?

8           MS. FEGAN:  Absolutely, yes, your Honor.  This has

9    obviously been a very well publicized case from a press

10   standpoint as well as the notice standpoint.  So it's --

11          THE COURT:  I don't really have any objection to

12   extending the dates so that this final group can receive, will

13   have an opportunity to receive, direct mail notice since, as I

14   have been saying all along, that's a significant and important

15   part of the notice program.

16          What worries me is extending the deadlines only for

17   that group may create some confusion out there amongst people.

18   So if you are part of the residual group, how would you know

19   you're part of the residual group, versus -- because this

20   order, whatever scheduling order I put, will go on line, right?

21   -- versus if you just recently received your notice as part of

22   the general notice provision, particularly because we've had

23   the direct mailings go out in various phases, right?

24          And so that's the main concern I have, and really

25   that's the only concern I have with regard to this.

1    MS. FEGAN:  Your Honor, we could certainly -- the

2  notices that folks have gotten to date obviously have their

3  dates on them.  This notice we could make clear that it's to

4  persons receiving notice after today's date, and then have

5  their dates in the card.  We can certainly ask that the

6  language of the postcard notice and the e-mail notice be

7  tweaked to be very clear, and to have the settlement

8  administrator or notice administrator on the website make clear

9  that there are two separate set of deadlines.  So it's not just

10  an amendment of the deadlines, but that there are two separate

11  sets of deadline and one ultimate hearing.

12    THE COURT:  Okay.

13    MS. FEGAN:  Or we could -- yes, Ms. Lally had a good

14  idea.  We could have the postcard be printed in a different

15  color for this new group.

16    MS. LALLY:  And then the website could perhaps reflect

17  if you received a blue postcard your dates are these.

18    THE COURT:  Okay.  Also the proposed order should make

19  it as clear as possible as to the group to whom the new

20  deadlines will apply.  I think the order as well as the website

21  and what not should make it clear that for people that received

22  notice before the date, that the prior deadlines would all

23  apply.

24    MS. FEGAN:  Okay.

25    THE COURT:  I think if I'm not mistaken, the

1    concern -- is the concern that if we just change the dates for

2    everyone that people who were diligent in providing their

3    objections would be in some respect disadvantaged from other

4    people that perhaps delayed and get another second bite at the

5    apple with regard to filing their whatever objections or

6    opt-outs they may have?

7             MS. FEGAN:  That's correct.

8             MS. LALLY:  Yes, your Honor.

9             THE COURT:  With regard to the final fairness hearing

10   then, the final supplement, the filing of the supplement to the

11   motion for final approval or otherwise respond to the

12   objections, I take it that's with regard to whatever objections

13   would be received from the residual group.

14            MS. FEGAN:  That's correct.  We don't intend to

15   retread old ground.

16            THE COURT:  So the parties propose that they will file

17   that by January 30.  We will set the final fairness hearing to

18   be March 1, at 2:00 p.m.

19            MS. FEGAN:  Great.

20            THE COURT:  And have any of you received any

21   objections or comments with regard to the motion from any

22   putative -- for any of the class members or other attorneys?

23            MS. FEGAN:  We have not, your Honor.

24            MS. LALLY:  We have not, your Honor.

25            THE COURT:  Okay.  Very well.  So the joint motion for

1  entry of revised schedule is granted.  The parties should go

2  ahead and make it clear in the notice that goes out as well as

3  the website and the proposed order exactly to whom the new

4  deadlines would apply and to whom the new deadlines -- who

5  would be bound by the prior deadlines of the Court.

6  I think the idea of making a different color is a good

7  one.  Whatever we can do to make sure that there is -- to

8  minimize confusion with regard to the deadlines I think would

9  be helpful.  And otherwise the deadlines are adopted.

10  Okay.  So once you send me the proposed order in the

11  proposed order inbox, give Ms. Acevedo a call and let her know.

12  MS. FEGAN:  Okay.  Great.  Thank you so much, your

13  Honor.

14  THE COURT:  Thank you.

15  MS. LALLY:  Thank you, your Honor.

16  (Which were all the proceedings heard in this case.)

17  CERTIFICATE

18  I HEREBY CERTIFY that the foregoing is a true, correct

19  and complete transcript of the proceedings had at the hearing

20  of the aforementioned cause on the day and date hereof.

21

22  /s/Alexandra Roth                              11/27/2017

23  _____        _____
   Official Court Reporter                        Date
   U.S. District Court
24  Northern District of Illinois
   Eastern Division

25