```
                    IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

IN RE:   NATIONAL COLLEGIATE         )   Docket No. 13 C 9116
ATHLETIC ASSOCIATION STUDENT-        )
ATHLETE CONCUSSION INJURY            )   Chicago, Illinois
LITIGATION,                          )   March 8, 2018
                                     )   9:55 o'clock a.m.

                   TRANSCRIPT OF PROCEEDINGS - MOTION
                   BEFORE THE HONORABLE JOHN Z. LEE

APPEARANCES:

For the Plaintiffs:           HAGENS BERMAN SOBOL SHAPIRO, by
                              MS. ELIZABETH A. FEGAN
                              455 North Cityfront Plaza Drive
                              NBC Tower - Suite 2410
                              Chicago, Illinois 60611

                              SIPRUT PC, by
                              MR. JOSEPH J. SIPRUT
                              17 North State Street
                              Suite 1600
                              Chicago, Illinois 60602

For Plaintiff Whittier:       COATS ROSE YALE RYMAN & LEE, by
                              MR. DWIGHT E. JEFFERSON
                              (appearing telephonically)
                              Nine Greenway Plaza
                              Suite 1100
                              Houston, Texas 77046

For Defendant NCAA:           LATHAM & WATKINS, by
                              MR. MARK STEVEN MESTER
                              MS. JOHANNA MARGARET SPELLMAN
                              330 North Wabash Avenue
                              Suite 2800
                              Chicago, Illinois 60611



                      ALEXANDRA ROTH, CSR, RPR
                       Official Court Reporter
                      219 South Dearborn Street
                              Room 1224
                       Chicago, Illinois 60604
                           (312) 408-5038
```

```
 1  APPEARANCES:  (Continued)

 2  For the Lacross Objectors:    RIFKIN WEINER LIVINGSTON LLC, by
                                  MR. ARON RASKAS
 3                                2002 Clipper Park Road
                                  Suite 108
 4                                Baltimore, Maryland 21211

 5  ALSO PRESENT:                 MS. RACHEL CHRISTMAN
                                  Notice Administrator
 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1	(Proceedings had in open court:)

2	THE CLERK: 13 C 9116, NCAA Student-Athlete Concussion
3	Injury Litigation.

4	MS. FEGAN: Good morning, your Honor. Elizabeth Fegan
5	for plaintiffs.

6	MR. SIPRUT: Good morning, your Honor. Joe Siprut on
7	behalf of plaintiffs.

8	MR. MESTER: Good morning, your Honor. Mark Mester
9	and Johanna Spellman on behalf of the NCAA.

10	MS. FEGAN: Your Honor, we also have with us Rachel
11	Christman from Gilardi, the notice administrator.

12	THE COURT: All right. Good morning.

13	So this is yet again a joint motion for entry of a
14	revised schedule on the basis that the notice administrator has
15	discovered as a result of a complete audit that notice had not
16	been -- direct notice had not been sent to 74,706 putative
17	class members.

18	Is that the right number?

19	MS. CHRISTMAN: Yes, it is.

20	THE COURT: So I have read the updated declaration of
21	Ms. Christman that explains in rather gruesome detail the
22	processing of the address, the contact files provided by the
23	various schools. The 76,000, are they across -- how many
24	different schools are they across?

25	MS. FEGAN: They are across 27 schools, your Honor.

1     THE COURT: And does that mean that all the people
2 from the particular schools affected were not sent, or only
3 some of them were not sent?
4     MS. FEGAN: Depends on the file, which Ms. Christman
5 can tell us a little bit more. But some schools did receive
6 some notice, and then some didn't receive notice. It's not
7 complete files necessarily.
8     THE COURT: And so at this point, is the notice
9 administrator and class counsel confident that the 76,000
10 represents the only remaining putative class members to which
11 notice must be given?
12     MS. FEGAN: Yes, your Honor.
13     MS. CHRISTMAN: Yes, your Honor, we do.
14     THE COURT: Mr. Mester, does the NCAA have anything to
15 add?
16     MR. MESTER: We don't, your Honor.
17     THE COURT: So we are calling the 74,000 or so
18 putative class members the residual settlement class members?
19     MS. FEGAN: I couldn't come up with a better name. I
20 apologize. Because it crossed 27 schools, it wasn't quite as
21 clean as the Frostburg group. I think having the yellow
22 postcards and the yellow e-mail notice will be key,
23 particularly if questions come in from particular class
24 members.
25     But certainly also if class members call in, the

1 Gilardi team will be able to identify by who they are which
2 group they fall within.  So if there is confusion, it will be
3 easily fixed at the notice administrator.
4         THE COURT:  Apropos of nothing in these documents, can
5 you give me an estimate at this point of -- we have been trying
6 to keep track -- of how many objections have been received to
7 the proposed settlement?
8         MS. FEGAN:  I forget how many were in the original.
9 It was no more than a dozen, plus we have the one comment that
10 came in on Frostburg.  But I don't believe it was more than
11 that.
12         MR. MESTER:  I believe that's right, your Honor.
13         THE COURT:  Because we have been getting inquiries
14 from the attorney that represents the lacross player about the
15 agenda for the final approval hearing and the scheduling and
16 what not.
17         All right.  So basically, Ms. Fegan, what you are
18 telling me is that in order to allow direct notice to be
19 provided to the 74,000 putative class members who haven't
20 received direct notice yet, although presumably they received
21 notice through other means, that the parties propose that I
22 once against extend the deadlines to provide for the mailing of
23 those direct notices and provide the residual settlement class
24 members an opportunity to object to the terms of settlement
25 and/or the petition for attorneys' fees and costs.

1           MS. FEGAN:  That is right.

2           THE COURT:  And obviously also opt out if they think

3   necessary.

4           Okay.  And when will those notices be mailed out?

5           MS. CHRISTMAN:  Within ten business days of the order,

6   sir.

7           MS. FEGAN:  And the deadlines that we propose, your

8   Honor, do track the schedule that you implemented after

9   Frostburg so that we built in the Court's preferences on time.

10          THE COURT:  All right.  As far as the final approval

11  hearing, I think it's best to give the class members, putative

12  class members, as much notice of that hearing as possible.  And

13  so the parties propose sometime after June 27.

14          So June 27 the parties will file supplement to the

15  motion for final approval.

16          MR. MESTER:  Your Honor, that was one of several

17  reasons why we proposed setting the fairness hearing on or

18  after July 27, to give your Honor enough time and also to give

19  everyone enough time.  And to also in candor address some

20  vacation, pre-planned vacations.

21          THE COURT:  August 16.  August 16 starting at 10:00

22  o'clock.

23          Carmen, let's clear that day.  Okay?

24          So that will be the new date for the final fairness

25  hearing for the settlement.

1 All right. I take it, Ms. Fegan, that I will not see
2 any more motions like this?
3     MS. FEGAN: Yes, I hope you will not. I -- we do not
4 intend to. We believe both NCAA and us spent considerable time
5 with the notice administrator, walking through the process. We
6 are very comfortable that the process was thorough at this
7 point. So we don't intend to bring any further motions.
8     THE COURT: All right. Very well.
9     So that notice, direct notice, can be provided to the
10 74,000-plus putative class members, the Court finds that there
11 is good cause to adopt the schedule proposed by the parties to
12 allow the issuance of those notices and to provide those
13 putative class members with the meaningful opportunity to
14 either object to the settlement and/or attorneys' fees or to
15 opt out.
16     Therefore, the motion is granted. And the final
17 approval hearing is rescheduled to August 16 at 10:00 a.m.
18     MS. FEGAN: Thank you, your Honor.
19     MR. MESTER: Thank you, your Honor.
20     MR. RASKAS: Your Honor, I just want to identify
21 myself. I am Aron Raskas. Since your Honor mentioned the
22 objecting women lacross players, I am sitting in the courtroom.
23 I just wanted to identify myself.
24     THE COURT: And I'm sorry --
25     MR. RASKAS: Aron Raskas, R-a-s-k-a-s.

```
 1              THE COURT:  And who do you represent?
 2              MR. RASKAS:  I represent the three objecting women.
 3   It's Samantha Greiber, Lacey Donlon, and Marissa Spinazzola.
 4              THE COURT:  And does August 16 work for your --
 5              MR. RASKAS:  Yes, thank you, your Honor.  Thank you
 6   very much.
 7              THE COURT:  Thank you.
 8              MR. JEFFERSON:  Thank you, Judge.
 9        (Which were all the proceedings heard in this case.)
10                           CERTIFICATE
11         I HEREBY CERTIFY that the foregoing is a true, correct
12   and complete transcript of the proceedings had at the hearing
13   of the aforementioned cause on the day and date hereof.
14
15    /s/Alexandra Roth                              3/14/2018
     _____       _____
16    Official Court Reporter                        Date
      U.S. District Court
17    Northern District of Illinois
      Eastern Division
```