IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION | MDL No. 2492 <br><br> Master Docket No. 1:13-cv-09116 <br><br> Judge John Z. Lee <br><br> Magistrate Judge M. David Weisman |

**JOINT MOTION TO RESET THE DATE OF THE FINAL APPROVAL
HEARING AND REQUIRE AN INDEPENDENT AUDIT OF THE
DIRECT NOTICE PORTION OF THE NOTICE PROGRAM**

Settlement Class Counsel and the National Collegiate Athletic Association ("NCAA," and together with Settlement Class Counsel, the "Parties"), through their counsel, respectfully request that the Court enter an Order resetting the final approval hearing scheduled for August 16, 2018 to a date to be determined and requiring an independent audit of the implementation of the direct notice portion of the Notice Program:[1]

1. On September 29, 2017, the Notice Administrator filed a declaration representing that the mailing of direct notice to Settlement Class Members had been completed as of August 9, 2017. See Decl. of R. Christman (Dkt. #470).

2. In late October 2017, however, the Notice Administrator discovered that it had inadvertently failed to mail or email notice to approximately 9,239 unique class members, whose last-known contact information the Notice Administrator received from Frostburg State University ("Frostburg State").

---

[1] Unless otherwise defined, capitalized terms have the meaning ascribed to them in the Second Amended Settlement Agreement, which is Exhibit 1 to the joint motion for preliminary approval filed with the Court on May 20, 2016. See Second Am. Settlement Agt. (Dkt. #266-1).

3. On November 2, 2017, the Parties requested jointly an extension of the final approval schedule so that the Notice Administrator could send notice to members of the Settlement Class who attended Frostburg State. See Joint Motion for Entry of Revised Schedule (Dkt. #476).

4. Pursuant to the Court's November 13, 2017 Order, the deadline for Class Members who attended Frostburg State to object or opt out of the Settlement Agreement was reset to January 16, 2018. See Order (Dkt. #481) at ¶ 4. The November 13, 2017 Order also directed the Notice Administrator to submit a revised declaration as to final implementation of the Notice Program by January 30, 2018. See id.

5. On January 29, 2018 (i.e., the day before the deadline for it to submit its declaration), the Notice Administrator advised counsel for the Parties that it may have inadvertently failed to provide notice to approximately 15,000 Settlement Class Members who attended at least three (3) other NCAA member institutions. On January 30, 2018, the Parties, in turn, filed a joint motion for an extension of time to address the Notice Program. See Joint Motion for Extension of Time (Dkt. #491).

6. On February 6, 2018, the Court held a status hearing and subsequently entered a Minute Entry requiring the Notice Administrator to (i) conduct an audit of the Notice Program by February 20, 2018, (ii) submit a declaration to the Court by February 26, 2018, and (iii) be present at the next status hearing to certify the audit results. See Minute Entry (Dkt. #494).

7. On February 26, 2018, the Notice Administrator filed a declaration with the Court stating that its audit had revealed there were approximately 74,700 Class Members at 27 NCAA Member Institutions who did not receive direct mail notice. See Decl. of R. Christman (Dkt. #496).

8. In light of the audit results, the Parties filed a joint motion on March 5, 2018 for entry of a revised schedule, and on March 9, 2018, the Court granted the Parties' motion. See Joint Motion for Entry of Revised Schedule (Dkt. #497); Minute Entry (Dkt. #498).

9. In its March 9, 2018 Minute Entry, the Court directed the Notice Administrator to provide direct mail notice to the "approximately 74,000" class members (the "Residual Group") who had not received direct notice. See Minute Entry (Dkt. #498). The Court also set a deadline of June 8, 2018 for Class Members in the Residual Group to object or opt out of the Settlement Agreement and directed the Notice Administrator to submit a revised declaration as to final implementation of the Notice Program by June 27, 2018. See id. The Court scheduled the final approval hearing for August 16, 2018. See id.

10. On June 27, 2018 (i.e., the day its declaration was due to be filed), the Notice Administrator informed Settlement Class Counsel and counsel for the NCAA that it had identified approximately 2,700 Class Members in the Residual Group to whom notice was sent in the last round of notice, whose notice was returned as undeliverable, and for whom the Notice Administrator failed to search for updated addresses so that notice could be re-sent. The Notice Administrator further informed the Parties that it had since searched for updated addresses and identified approximately 1,900 class members with usable updated address information.

11. On June 27, 2018, the Parties filed a joint motion for an extension of time to submit the Notice Administrator's declaration and the final Opt-Out List. See Joint Motion for Extension of Time (Dkt. #508). The Parties requested until July 2, 2018 to file a status report

and explanatory declaration from the Notice Administrator. See id. On June 28, 2018, the Court granted the Parties' joint motion . See Minute Entry (Dkt. #510).[2]

12. The Parties have requested that the Notice Administrator perform an audit of its handling of notices that were returned as undeliverable throughout the Notice Program. The Notice Administrator has begun that work and has committed to finishing the audit by Friday July 6, 2018. The Notice Administrator will bear the costs of the audit in their entirety and will not seek reimbursement of those costs from the Medical Monitoring Fund.

13. In light, however, of the repeated errors vis-à-vis the Notice Administrator's administration of the direct notice portion of the Notice Program, which have caused the final approval hearing to be delayed three (3) times, the Parties respectfully request and recommend that a third-party auditor conduct an independent audit of the direct notice portion of the Notice Program. The Parties further recommend that the Notice Administrator bear any and all costs of such audit.

14. The Parties propose that within ten (10) business days of a Court order requiring an independent audit of the direct notice portion of the Notice Program, the Parties will present a qualified third-party candidate to the Court to perform the audit.

15. The Parties further propose that on or before August 16, 2018, they will provide a status update to the Court regarding the progress of the independent audit. The Parties will also

---

[2] Because the Court granted the Parties' joint motion without requiring an appearance, the Parties submit the instant joint motion, which includes a status update, in lieu of a standalone status report. Pursuant to the accompanying notice of motion, the Parties expect to appear before the Court on July 11, 2018 and will be prepared to discuss the contents of the motion. The Parties have also requested the Notice Administrator to be present on July 11, 2018.

propose a new schedule to provide notice to the 1,900 Class Members in the Residual Group and any additional Class Members identified during the independent audit.

WHEREFORE, Settlement Class Counsel and the NCAA respectfully request that the Court enter an Order resetting the date of the final approval hearing currently scheduled for August 16, 2018 to a date to be determined and requiring an independent audit of the direct notice portion of the Notice Program, at the Notice Administrator's expense. The Parties request any further relief the Court deems appropriate.

Dated: July 2, 2018 

Respectfully submitted,

By: */s/ Steve W. Berman* (w/ consent)
   Settlement Class Counsel

By: */s/ Mark S. Mester*
   Counsel for Defendant
   National Collegiate Athletic Association

Steve W. Berman
  steve@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Mark S. Mester
  mark.mester@lw.com
Johanna Spellman
  johanna.spellman@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 606511
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

Elizabeth A. Fegan
  beth@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
455 North Cityfront Plaza Drive, Suite 2410
Chicago, Illinois 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950

**CERTIFICATE OF SERVICE**

    I, Mark S. Mester, certify that on July 2, 2018, a true and correct copy of the forgoing Joint Motion To Reset The Date Of The Final Approval Hearing And Require An Independent Audit Of The Direct Notice Portion Of The Notice Program was filed through the CM/ECF system, which caused notice to be sent to all counsel of record.

          */s/ Mark S. Mester*
          Mark S. Mester
            mark.mester@lw.com
          LATHAM & WATKINS LLP
          330 North Wabash Avenue, Suite 2800
          Chicago, Illinois, 60611
          Telephone: (312) 876-7700
          Facsimile: (312) 993-9767