**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION | MDL No. 2492<br><br>Master Docket No. 1:13-cv-09116<br><br>Judge John Z. Lee<br><br>Magistrate Judge M. David Weisman |

**DECLARATION OF RACHEL CHRISTMAN
REGARDING RUM PROCESSING**

I, Rachel Christman, hereby declare and state as follows:

1. I am employed as Senior Project Manager by Gilardi & Co. LLC ("Gilardi"), a KCC Class Action Services company. Gilardi has been retained to administer the Notice Program in this matter.[1] I have personal knowledge of the facts set forth herein, and if called as a witness, could and would testify competently thereto.

2. In its March 9, 2018 Minute Entry (Dkt. #498), the Court directed Gilardi to provide direct mail notice to the "approximately 74,000" class members ("Residual Group") who had not received direct notice. Consistent with the Court's Order, on March 23, 2018, Gilardi mailed the direct notice to members of the Residual Group (the "Residual Notice"). I submit this declaration to inform the Court that on June 26, 2018 Gilardi determined that it inadvertently failed to re-send direct notice to approximately 1,900 Residual Group Settlement Class Members whose postcard notice was returned as undeliverable but for whom we have updated contact information.

---

[1] Unless otherwise defined, capitalized terms have the meaning ascribed to them in the Second Amended Settlement Agreement, which is Exhibit 1 to the joint motion for preliminary approval filed with the Court on May 20, 2016. See Second Am. Settlement Agt. (Dkt. #266-1).

3.     Prior to mailing the Residual Notice (as well as each previous Notice Mailing) individual Class Member records were assigned unique Claim IDs which were printed on the Notice Postcards and used to track activity on each record. When the Residual Notice mailing took place, the list of Claim IDs included in the Residual Notice mailing, along with the corresponding Settlement Class Member name and address for each Claim ID, were loaded into Gilardi's proprietary claims and notice tracking software.

4.     When Gilardi receives mail returned by the United Stated Postal Service as undeliverable ("Returned Undeliverable Mail" or "RUM"), the Claim ID from each returned piece of mail is scanned by Gilardi's image center and loaded into tracking software. Records with RUM scans are exported from this tracking software along with the names and addresses assigned to each Claim ID to effectuate skip trace searches for an updated address. These searches are performed using the name and address from each record. Any resulting address updates are then applied to the record associated with the unique Claim ID in the tracking software, and notice is sent to the updated address. Gilardi performed these searches for all RUM from the Residual Notice that it received up until two days prior to the June 8, 2018 Exclusion Deadline for Residual Class Members. This was the last date on which it was administratively feasible to produce a mailing to any updated addresses that might have been obtained from skip trace searches.

5.     At the point of the data upload discussed in Paragraph 3, a subset of records from the Residual Notice (the "Affected Records") were mistakenly loaded into the tracking software with the wrong Claim IDs.  As a result, for that subset, Settlement Class Member names and addresses were associated with the wrong Claim IDs. Because RUM searches are performed

using Settlement Class Member names and addresses, any Affected Records with Claim IDs connected to a RUM scan had the wrong name and address searched.[2]

6. After two internal independent reviews, Gilardi has identified 2,694 Affected Records for which RUM scans were performed (i.e., indicating direct notice was returned undeliverable but the search for an updated address was performed incorrectly). On June 27, 2018, Gilardi performed a skip trace search for 2,610 of the 2,694 Affected Records in an attempt to find updated addresses.[3] Gilardi was able to locate updated addresses for 1,976 Affected Records and is prepared to mail notice to affected Settlement Class Members as soon as possible.

7. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 2nd day of July, 2018

*Rachel Christman* (signature)
Rachel Christman

---

[2] For example: John Smith at 123 Main Street was initially mailed notice under Claim ID A. Then his name and address were mistakenly loaded into Gilardi's tracking software under Claim ID B, while the name and address for another individual Jane Doe (456 Springfield Ln) was mistakenly loaded with John Smith's correct Claim ID, A. When John Smith's correct Claim ID, A, was scanned as undeliverable by the image center and that scan was loaded into the tracking software, the resulting exported name and address to be searched was: Claim ID A, Jane Doe, 456 Springfield Lane, and John Smith's name and address was not searched. If an updated address was provided for Jane Doe, the Notice Postcard was remailed to Jane Doe at the updated address under Claim ID A. (It should be noted that while this example contains sequential numbering, the incorrectly loaded records did not follow any particular pattern in the re-assignment of Claim IDs in the tracking software.)

[3] Eighty-four (84) of the Affected Records have addresses outside of the United States and do not contain Social Security Numbers. Gilardi is not able to search these records for updated addresses.