IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION | MDL No. 2492<br><br>Master Docket No. 1:13-cv-09116<br><br>Judge John Z. Lee<br><br>Magistrate Judge M. David Weisman |

**JOINT STATUS REPORT ON INDEPENDENT AUDIT**
**OF DIRECT NOTICE PORTION OF THE NOTICE PROGRAM**

Settlement Class Representatives Derek Owens, et al. ("Plaintiffs"), and Defendant National Collegiate Athletic Association (the "NCAA," and together with Plaintiffs, the "Parties"), through their counsel, jointly submit the following status report on the independent audit of the direct notice portion of the Notice Program.[1]

1. On June 27, 2018, the Notice Administrator informed Settlement Class Counsel and counsel for the NCAA that it had identified approximately 2,700 Class Members to whom notice was sent, whose notice was returned as undeliverable and for whom the Notice Administrator failed to search for updated addresses so that notice could be re-sent. The Notice Administrator further informed the Parties that it had since searched for updated addresses and identified approximately 1,900 Class Members with usable, updated address information.

2. On June 27, 2018, the Parties filed a joint motion for an extension of time until July 2, 2018 to submit the Notice Administrator's declaration and the final Opt-Out List. See Joint Motion for Extension of Time (Dkt. #508). The Parties also requested that the Notice

---

[1] Unless otherwise defined, capitalized terms have the meaning ascribed to them in the Second Amended Settlement Agreement, which is Exhibit 1 to the joint motion for preliminary approval filed with the Court on May 20, 2016. See Second Am. Settlement Agt. (Dkt. #266-1).

Administrator perform an audit by July 6, 2018 of its handling of notices that were returned as undeliverable throughout the Notice Program.

3. On July 2, 2018, the Notice Administrator filed its declaration concerning the Notice Program and informed the Court that it had located updated addresses for 1,976 Class Members. See Decl. of R. Christman (Dkt. #513).

4. In light of the repeated errors vis-à-vis the Notice Administrator's administration of the direct notice portion of the Notice Program, the Parties moved the Court to reset the final approval hearing scheduled for August 16, 2018 to a date to be determined and to require an independent audit of the implementation of the direct notice portion of the Notice Program. See Joint Motion to Reset Date of Final Approval Hearing and Require Independent Audit (Dkt. #511).

5. On July 11, 2018, the Court held a status hearing and subsequently entered a Minute Entry in which it reset the date of the final approval hearing and ordered an independent audit of the direct notice portion of the Notice Program. See Minute Entry (Dkt. #514).

6. The Parties have engaged Monument Economics Group ("MEG") to conduct the audit of the direct notice portion of the Notice Program. MEG is a consulting firm with extensive experience analyzing large-scale databases in class action litigation and routinely assists with claims administration and the notice process.

7. Cynthia Jones of MEG is overseeing the audit. Ms. Jones is a financial economist with experience in claims administration, including projects similar to the independent audit ordered by the Court.[2] In the securities class action context, for example, Ms. Jones has helped

---

[2] A copy of Ms. Jones' curriculum vitae is attached as Exhibit 1 hereto. Examples of her relevant experience in large data and claims administration is set forth in Exhibit 2 hereto.

develop equitable plans of distribution to compensate investors, and in that capacity, she has worked with claims administrators to identify records and reconcile submissions by reporting institutions, individual investors and brokers. In an antitrust matter involving alleged price-fixing, she helped analyze and match more than 27,000 customer names and addresses with transaction-level sales data that totaled over 22 million observations from nine different manufacturers and calculated each customer's total purchases from each manufacturer.

8. MEG prepared a scope of work for the Parties. In that scope of work, MEG stated it would review and analyze the student-athlete contact data NCAA member institutions had provided to the Notice Administrator to ensure that the Notice Administrator provided direct notice to student-athletes for whom it received valid contact information. If mail was returned as undeliverable ("RUM"), MEG indicated it would identify those records that were not sent for search and the deficiency that prevented them from being sent for search. MEG will make an assessment of the reasonableness of the success rate of RUM records that were ultimately contacted directly either by postcard or email. MEG will also provide an assessment of the effectiveness of the process used by the Notice Administrator to provide direct notice to the student-athletes.

9. On August 7, 2018, MEG provided a status update to the Parties in which it stated that to date, it has reviewed nearly 3,000 files consisting of submissions from NCAA member institutions to the Notice Administrator as well as work-product created by the Notice Administrator while administering the Notice Program. MEG has analyzed the submissions from NCAA member institutions to the Notice Administrator to confirm the number of institutions that submitted data and determine which submissions required additional processing by the Notice Administrator before the data could be used to send direct notice.

10. MEG is now in the process of comparing the data that NCAA member institutions provided to the Notice Administrator with records used to send the postcard and email notice. MEG will also review the Notice Administrator's process for handling RUM.

11. MEG currently believes the audit will be completed on or shortly after August 16, 2018 and agreed to provide the Parties with an update on the audit's expected completion date prior to the August 16, 2018 status hearing.

Dated: August 10, 2018

Respectfully submitted,

By: */s/ Steve W. Berman (w/ consent)*
    Settlement Class Counsel

Steve W. Berman
  steve@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Elizabeth A. Fegan
  beth@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
455 North Cityfront Plaza Drive, Suite 2410
Chicago, Illinois 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950

By: */s/ Mark S. Mester*
    Lead Counsel for Defendant
    National Collegiate Athletic Association

Mark S. Mester
  mark.mester@lw.com
Johanna M. Spellman
  johanna.spellman@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

## **CERTIFICATE OF SERVICE**

I, Mark S. Mester, certify that on August 10, 2018, a true and correct copy of the forgoing JOINT STATUS REPORT ON INDEPENDENT AUDIT OF DIRECT NOTICE PORTION OF THE NOTICE PROGRAM was filed through the CM/ECF system, which caused notice to be sent to all counsel of record.

*/s/ Mark S. Mester*
Mark S. Mester
   mark.mester@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois, 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767