- 1 –

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION**

MDL NO. 2492

Master Docket No. 13-cv-09116

Judge John Z. Lee

Magistrate Judge M. David Weisman

### NOTICE IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SECOND AMDENDED CLASS SETTLEMENT

Settlement Class Representatives, by and through Settlement Class Counsel, and as their Notice in Support of Plaintiffs' Motion for Final Approval of Second Amended Class Settlement, respectfully state the following:

1. On February 25, 2019, the Court held the Final Approval Hearing, at which time the Court heard arguments with regard to Plaintiffs' Motion for Final Approval of Second Amended Class Settlement. *See generally* Dkt. 540.

2. In finding that a proposed class action settlement is "fair, reasonable, and adequate," courts are required to evaluate, "the costs, risks, and delay of trial and appeal" among other factors. Fed. R. Civ. P. 23(e)(2); Fed. R. Civ. P. 23(e)(2)(i). And as the Settlement Class Plaintiffs previously noted, an assessment of the likely complexity, length, and expense of continued litigation strongly favors the Settlement here. Dkt. 486 at 12. Indeed, as Settlement Class Plaintiffs candidly stated, "[t]he risk, expense, complexity, and likely duration of further litigation *can only be characterized as monumental*." *Id.* (emphasis added).

3. A recent decision issued in this District on August 1, 2019 by Judge Kennelly further confirms the existence of the significant risk associated with continued litigation and reinforces the need for final approval of the Settlement before this Court.

- 1 –

4. Specifically, in *Jones v. BRG Sports, Inc.*, No. 18-cv-7250, 2019 U.S. Dist. LEXIS 128493, at *1 (N.D. Ill. Aug. 1, 2019), the plaintiffs in a putative personal injury class action "sued BRG Sports, Inc., the maker of sports equipment bearing the Riddell brand, alleging that it manufactured football helmets that were defective as designed, was negligent with respect to the design, and failed to adequately warn users of its products' shortcomings." *Id.* at *2–3. In their first amended complaint, the named plaintiffs sought to represent eighteen separate single-state putative classes of individuals—under Rule 23(b)(3)—who wore a Riddell helmet while participating in high school and/or college sports from 1975 to the present. *Id.* at *5.

5. However, Judge Kennelly granted the defendant football helmet manufacturer's motion to strike the plaintiffs' class action allegations. *Id.* at *1. Focusing on predominance and superiority concerns in what was essentially an attempt to consolidate multiple, individual personal injury cases into a single proceeding, Judge Kennelly concluded that: (1) "the plaintiffs' particular class allegations, taken as true, are unfit for resolution using the class action device due to the individualized questions of law and fact that will invariably predominate over common questions," *id.* at *19, and (2) "the complexity of the individualized factual issues bears a synergistic relationship with the state-by-state variations in the legal schemes, resulting in innumerable individualized inquiries that destroy both predominance and superiority and thus preclude certification under Rule 23(b)(3)." *Id.* at *21. And focusing on Rule 23(c)(4) and the plaintiffs' proposed alternative issue certification classes, Judge Kennelly noted that "[c]ertifying eighteen separate issues classes may formally avoid the predominance issues raised in cases like *Bridgestone/Firestone,* 288. F.3d at 1015, but it does not … resolve the enormous manageability problems presented by the putative class." *Id.* at *28.

- 3 –

6. Thus, *Jones* confirms that final approval of the Settlement now will ensure that significant benefits are provided to the Settlement Class by virtue of the Medical Monitoring Fund, Medical Monitoring Program, and changes to concussion management and return-to-play policies, all without the risk associated with protracted litigation. And while manageability of issue class certification is not a barrier to settlement at the current stage of the case as the "requirement of manageability is not required for a settlement class," *In re NCAA Student-Athlete Concussion Injury Litig.*, 314 F.R.D. 580, 592 n.11 (N.D. Ill. 2016) (citing *Amchem v. Windsor*, 521 U.S. 591, 620 (1997)), the manageability concerns expressed by Judge Kennelly reflect further risk with moving forward absent settlement.

7. Furthermore, *Jones* supports the Court's prior statement that "it is highly unlikely that a multiple-sport, single-school bodily injury class would be sufficiently cohesive to warrant certification under Rule 23(b)(3) and, therefore, the value of such a procedural claim—that is, the ability to file a bodily injury class action for damages on behalf of student-athletes from multiple sports at a single school—is minimal, at best." Dkt. No. 276 at 11–12. *Jones* also supports the Court's statement that a "'core issues' class likely would not satisfy the requirements of Rule 23(c)(4) and has little, if any, value to the putative class members." *In re NCAA Student-Athlete Concussion Injury Litig.*, 314 F.R.D. at 599.

Accordingly, the Settlement Class Representatives respectfully reassert their request that the Court find that the Second Amended Settlement is fair, adequate, and reasonable and grant Plaintiffs' Motion for Final Approval.

- 4 –

| | |
|---|---|
| Date: August 7, 2019 | Respectfully submitted,<br><br>By:   */s/ Steve W. Berman*<br>      Steve W. Berman<br>*steve@hbsslaw.com*<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>1301 Second Avenue, Suite 2000<br>Seattle, WA 98101<br>Tel: 206.623.7292<br>Fax: 206.623.0594<br><br>Daniel J. Kurowski<br>*damk@hbsslaw.com*<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>455 N. Cityfront Plaza Dr., Suite 2410<br>Chicago, IL 60611<br>Tel: 708.628.4949<br>Fax: 708.628.4950<br><br>Joseph J. Siprut<br>*jsiprut@siprutpc.com*<br>SIPRUT PC<br>17 North State Street<br>Suite 1600<br>Tel: 312.236.0000<br>Fax: 312.878.1342<br><br>*Settlement Class Counsel* |

010270-12 1159674 V1

- 5 –

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on August 7, 2019, a true and correct copy of the foregoing was filed electronically via CM/ECF, which caused notice to be sent to all counsel of record.

By: */s/ Steve W. Berman*
Steve W. Berman

010270-12 1159674 V1