UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION | MDL NO. 2492<br><br>Master Docket No. 13-cv-09116<br><br>Judge John Z. Lee |

FINAL ORDER AND JUDGMENT
APPROVING THE SECOND AMENDED CLASS ACTION SETTLEMENT

This matter is before the Court on Plaintiffs' Motion for Final Approval of Second Amended Class Action Settlement ("Final Approval Motion"), and Settlement Class Counsel's Petition For Fees And Expenses, And Incentive Awards For Settlement Class Representatives ("Fee Petition") in the above-captioned action (the "Action").

Having duly considered all papers filed and arguments presented and as more fully discussed in the Court's Memorandum Opinion and Order dated August 12, 2019,

IT IS HEREBY ORDERED AND ADJUDGED:

1.      Unless defined herein, all defined terms in this Final Order and Judgment shall have the respective meanings set forth in Second Amended Class Action Settlement Agreement and Release, attached hereto as Ex. 1 ("Settlement Agreement").

2.      This Court has personal jurisdiction over the Class Representatives and all Settlement Class Members, and the Court has subject matter jurisdiction to approve this Settlement Agreement.

3.      The Settlement Class and Subclasses.  The Court certifies for settlement purposes only the following Settlement Class pursuant to Federal Rules of Civil Procedure 23(b)(2): "All

Persons who played an NCAA-sanctioned sport at an NCAA member institution on or prior to July 15, 2016."

The Court certifies for settlement purposes only the following Contact Sport Settlement Subclass pursuant to Federal Rules of Civil Procedure 23(b)(2): "All Persons who played an NCAA-sanctioned Contact Sport at an NCAA member institution on or prior to July 15, 2016."

The Court also certifies for settlement purposes only the following Non-Contact Sport Settlement Subclass pursuant to Federal Rules of Civil Procedure 23(b)(2): "All Persons who played an NCAA-sanctioned non-Contact Sport at an NCAA member institution on or prior to July 15, 2016."

Specifically excluded from the Settlement Class and Subclasses are the following persons: (a) the NCAA and the NCAA's officers and directors; (b) Class Counsel; (c) the Special Master; and (d) the judges who have presided over this Litigation.

4. Pursuant to Rule 23(a), the Court finds that class certification solely for purposes of settlement is appropriate in that: (a) Members of the Settlement Class and Subclasses are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to Members of the Settlement Class and Subclasses; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class Members, the claims of the Contact Sport Settlement Class Representatives are typical of the Contact Sport Settlement Subclass members, and the claims of the Non-Contact Sport Settlement Class Representatives are typical of the Non-Contact Sport Settlement Subclass members; and (d) the Settlement Class Representatives and Class Counsel have fairly and adequately protected the interests of the Settlement Class Members; the Contact Sport Settlement Class Representatives and Class Counsel have fairly and adequately protected the interests of the Contact Sport

Settlement Subclass members; and the Non-Contact Sport Settlement Class Representatives and Class Counsel have fairly and adequately protected the interests of the Non-Contact Sport Settlement Subclass members.

5.      Pursuant to Rule 23(b)(2), the Court finds, for purposes of final approval and settlement only, final injunctive relief or corresponding declaratory relief as embodied in the Settlement Agreement is appropriate regarding the Settlement Class as a whole.

6.      <u>Approval of Settlement Agreement</u>. Pursuant to Rule 23(e), the Court grants final approval to the Settlement Agreement as being fair, reasonable and adequate as to all Parties, consistent and in compliance with all requirements of due process and applicable law and in the best interests of all Parties and directs the Parties and their counsel to implement and consummate this Settlement Agreement in accordance with its terms and provisions.

7.      To evaluate the fairness of the Settlement, the Court considered, among other things: (a) the strength of Plaintiffs' case compared to the substantial relief the Settlement affords the Settlement Class; (b) the likely complexity, length and expense of the Action; (c) the lack of meaningful opposition to the Settlement, including the lack of any meritorious objections; (d) the opinion of competent counsel; and (e) the stage of the proceedings and the amount of discovery completed at the time of settlement. Additionally, the Court has considered each of the factors set forth in Fed. R. Civ. P. 23(e)(2). Each of these factors weighs in favor of approval of the Settlement Agreement reached here and supports the Court's finding that the Settlement is fair, reasonable and adequate.

8.      The Settlement Agreement was entered into in good faith following arm's-length negotiations and is non-collusive.

9. The Court received twenty-two (22) timely objections to the Settlement. Upon due consideration, a review of the materials submitted by the objectors, their counsel, and the Parties, the Court finds that the objections are without merit and overrules all objections to the Settlement.

10. The Settlement Agreement and this Final Order and Judgment are binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of the Class Representatives and any other Settlement Class Members, as well as their agents, heirs, executors or administrators, successors, insurers and assigns.

11. The Court finds that Notice as provided for in Section XI of the Settlement Agreement: (a) constituted the best practicable reasonable notice; (b) constituted notice that was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of this Litigation, of their right to object to or exclude themselves from the proposed Settlement as applicable, of their right to appear at the Fairness Hearing and of their right to seek relief; (c) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable requirements of due process and any other applicable law.

12. All Released Claims in the MDL Action are dismissed on the merits and with prejudice and without fees or costs, except as provided herein or in the Settlement Agreement, and all other class-wide claims are dismissed without prejudice, except for the individual personal injury claims of any of the Class Representatives or Plaintiffs in the Litigation (which shall not be dismissed) and subject to the limitation on Settlement Class Members to pursue any remaining claims on an individual, non-class basis, other than personal injury or bodily injury class claims

- 4 -

brought on behalf of persons who allege injury resulting from their participation in a single NCAA-sanctioned sport at a single-NCAA member school, as specified in the Settlement Agreement.

13.     The Class Representatives and the Settlement Class Members have conclusively compromised, settled, dismissed and released any and all Released Claims against the NCAA and the Released Persons.

14.     Upon the Effective Date as defined in the Settlement Agreement, the Class Representatives and all Settlement Class Members shall be barred from asserting any Released Claims against the NCAA or any Released Persons, and any such Settlement Class Members shall have released any and all Released Claims as against the NCAA and all Released Persons.

15.     The Settlement Agreement and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of a presumption, concession, acknowledgment or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by the NCAA or any Released Persons or as an admission or acknowledgment of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to the Agreement and the Settlement provided for therein in such proceedings as may be necessary to effectuate the Agreement.

16.     Settlement Class Members are barred and permanently enjoined from: (i) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction seeking damages or other legal or equitable relief for the Released Claims, other than as a member of a class of persons who allege personal injuries or bodily injuries resulting from their participation in a single NCAA-sanctioned sport at a single-NCAA member school and seek relief

other than medical monitoring; and (ii) filing, commencing, prosecuting, intervening in or participating in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction seeking relief on a class-wide basis for personal or bodily injury related to concussions or subconcussive hits sustained during the Settlement Class Members' participation in an NCAA-sanctioned sport or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency or in a class action pursued on behalf of a class of persons who seek relief other than medical monitoring and allege personal injuries or bodily injuries resulting from their participation in a single NCAA-sanctioned sport at a single-NCAA member school.

17. The Opt-Out List is approved and determined to be a complete list of all Persons who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment except for Opt-Outs who subsequently elect to complete a Screening Questionnaire during the Medical Monitoring Period.

18. The Parties are authorized, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement as (i) shall be consistent in all material respects with the Final Order and Judgment and (ii) do not limit the rights of the Parties or Settlement Class Members.

19. As of the Effective Date, the Releasing Persons are deemed to have fully, irrevocably, absolutely, and unconditionally released and forever discharged the Released Persons from all Released Claims by operation of entry of this Final Order and Judgment. All Releasing Persons shall be bound by the Settlement Agreement and the Release, and all of their Released Claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of this Litigation or this Settlement. Without in any way limiting the scope of the Release,

this Release covers, without limitation, any and all claims for attorneys' fees, costs or disbursements incurred by Settlement Class Counsel or any other counsel representing Releasing Persons, or any of them, in connection with or related in any manner to this Litigation, the Settlement, the administration of such Settlement or the Released Claims.

20.     Nothing in the Releases shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

21.     <u>Service Awards</u>. The Court confirms its previous appointment of Derek Owens, Kyle Solomon, Angelica Palacios, Abram Robert Wolf, Sean Sweeney, Jim O'Connor, Dan Ahern, Paul Morgan, Jeffrey Caldwell, John DuRocher, Sharron Washington, Shelby Williams, Brice Sheeder, Shavaughne Desecki, Spencer Trautmann, Ryan Parks, Ursula Kunhardt, Jessica Miller, Anna Bartz, Peter Dykstra, DaChe Williams, Rachel Harada, Natalie Harada, and Adam Walker as representatives of the Class, and approves service award payments of $5,000 for Derek Owens, Kyle Solomon, Angelica Palacios, and objector Adrian Arrington, and $2,500 for Abram Robert Wolf, Sean Sweeney, Jim O'Connor, Dan Ahern, Paul Morgan, Jeffrey Caldwell, John DuRocher, Sharron Washington, Shelby Williams, Brice Sheeder, Shavaughne Desecki, Spencer Trautmann, Ryan Parks, Ursula Kunhardt, Jessica Miller, Anna Bartz, Peter Dykstra, DaChe Williams, Rachel Harada, Natalie Harada, Adam Walker, and Lead Objector Anthony Nichols. The Court specifically finds such amount to be reasonable in light of the service performed by Plaintiffs for the Class. These service awards shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

22.     <u>Attorneys' Fees, Costs, and Expenses</u>. The Court confirms its previous appointment of Hagens Berman Sobol Shapiro LLP and Siprut PC as Co-Lead Settlement Class Counsel, and

finds that they have adequately represented the Class for purposes of entering into and implementing the Settlement.

      (a)    The Court awards attorneys' fees to Settlement Class Counsel as follows:

          (i)    Hagens Berman Sobol Shapiro LLP in the amount of $8,277,671;

          (ii)    Siprut PC in the amount of $2,000,035;

          (iii)    Zimmerman Reed LLP in the amount of $528,509;

          (iv)    Hausfeld LLP in the amount of $975,096;

          (v)    Lite DePalma Greenberg LLC in the amount of $34,374;

          (vi)    Provosty and Gankendorff LLC in the amount of $40,564;

          (vii)    J. Selmer Law P.A. in the amount of $51,729;

          (viii)    Zelle Hofmann Voelbel & Mason LLP in the amount of $60,656;

          (ix)    DeFeo & Kolker LLC in the amount of $75,592;

          (x)    TLW & Assocs. LLC in the amount of $70,556;

          (xi)    Branstetter Stranch & Jennings PLLC in the amount of $6,584; and

          (xii)    Shindler Anderson Goplerud Weese PC in the amount of $80,701.

      (b)    The Court awards reimbursement of Settlement Class Counsel's expenses in the amount of $750,000;

      (c)    The Court awards attorneys' fees (and costs, where specified) to certain objectors' counsel as follows:

          (i)    Edelson PC in the amount of $1,261,824;

          (ii)    Gordon Law Offices, Ltd. in the amount of $87,806;

          (iii)    Dwight E. Jefferson of Coats Rose PC in the amount of $57,950 and costs in the amount of $9,063; and

(iv)    Clifford Law Offices PC in the amount $15,300.

In making the award of attorneys' fees and reimbursement of expenses, the Court has considered the materials submitted by Settlement Class Counsel in support of final approval of the Settlement and their request for attorneys' fees and costs, materials submitted by objectors in support of their request for attorneys' fees, and objections to fee petitions.   The Court finds the award of the listed attorneys' fees and costs appropriate and reasonable.  The Court further notes that the Settlement Notice specifically and clearly advised the Settlement Class that Class Counsel would seek the award. Any allocation of attorneys' fees and expenses among various Plaintiffs' counsel shall be at the sole discretion of Class Counsel.

23.    Neither the Settlement Agreement, nor this Order, shall be construed as an admission or concession by the NCAA of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.  Neither the Settlement Agreement nor this Order, or any of their terms or provisions, or any of the negotiations or proceedings connected with them, shall be offered as evidence or received in evidence or used in any way in any pending or future civil, criminal, or administrative action or any other proceeding to establish any liability or wrongdoing of, or admission by the NCAA or as an admission or acknowledgement of the suitability of such claims or related claims to class treatment.  Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order or the Judgment in a proceeding to consummate or enforce the Settlement Agreement or Judgment, or to defend against the assertion of Released Claims in any other proceeding. All other relief not expressly granted to the Settlement Class Members is denied.

24.    Without affecting the finality of this Final Order and Judgment in any way, this Court hereby retains continuing and exclusive jurisdiction over the implementation of the

Settlement and all Parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement. The Settlement Agreement is incorporated in this Final Order and Judgment for purposes of enforcement of the Settlement Agreement.

25. If any of the Parties invokes the right to withdraw from the Settlement Agreement as provided in Section XX of the Settlement Agreement, certification of the Settlement Class and Subclasses for purposes of this Settlement shall be automatically vacated and this Final Order and Judgment, and other orders entered in connection with the Settlement, shall be vacated and rendered null and void as provided in the Settlement Agreement, in which event the Settlement Agreement and the fact that the Settlement was entered into shall not be offered, received, or construed as an admission or as evidence for any purpose, including but not limited to an admission by any party of liability or non-liability or of the certifiability of a litigation class, or otherwise be used by any Person for any purpose whatsoever, in any trial of this Litigation or any other action or proceedings, and each party will be restored to his, her or its respective position as it existed prior to the execution of the Settlement Agreement.

26. Final Judgment is entered as to Master Docket No. 13-cv-9116 and the related cases as follows:

(a) The following related cases, which seek only injunctive relief in the form of medical monitoring on behalf of a nationwide putative class, are dismissed with prejudice in accordance with and subject to the terms of the Settlement Agreement:

(i) *In Re: National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation*, 13-cv-09116;

(ii) *Walker v. NCAA*, 13-cv-09117;

(iii) *Caldwell v. NCAA*, 14-cv-00195;

(iv) *Morgan v. NCAA*, 14-cv-00196;

(v)     *Washington v. NCAA*, 14-cv-00197;

(vi)    *Walton v. NCAA*, 14-cv-00200;

(vii)   *Wolf v. NCAA*, 14-cv-01268; and

(viii)  *Jackson v. NCAA*, 14-cv-04387.

(b)     In the following cases, pursuant to Federal Rule of Civil Procedure 54(b), the Court finds that no just reason exists for delay in entering final judgment as to any and all claims asserted on behalf of a nationwide class that seek injunctive relief in the form of medical monitoring, and such claims are dismissed with prejudice in accordance with and subject to the terms of the Settlement Agreement:

(i)     *Arrington v. NCAA*, 11-cv-06356;

(ii)    *Durocher v. NCAA*, 14-cv-00035;

(iii)   *Hudson v. NCAA*, 14-cv-00194;

(iv)   *Powell v. NCAA*, 14-cv-00198;

(v)    *Doughty v. NCAA*, 14-cv-00199;

(vi)    *Nichols v. NCAA*, 14-cv-00962; and

(vii)   *Whittier v. NCAA*, 14-cv-09322.

IT IS SO ORDERED.

Dated this 13th day of
August, 2019

_____

John Z. Lee
United States District Judge

- 11 -