McILWAIN, LLC
Timothy J. McIlwain, Esq.
NJ Attorney ID No.: 010471996
2020 New Road, Suite A
Linwood, New Jersey 08221
Tel: 877-375-9599
Fax: 609-450-7017
www.McilwainLaw.com

Attorney for Plaintiff Dan Ahern

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

|  |  |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION | MDL No. 2492<br><br>Master Docket No. 13-cv-09117<br><br>Original Docket No. TNE/1:13-cv-0293<br><br>Judge John Z. Lee<br><br>NOTICE OF APPEAL TO THE U.S. COURT OF APPEALS FOR THE EIGHTH CIRCUIT |

Notice is hereby given that attorney for Plaintiff Dan Ahern, appeals to the United States Court of Appeals for the Eighth Circuit from the Order of the United States District Court, District of the Northern District of Illinois, denying Plaintiff attorney's fees [Docket No. 75] Dated August 13, 2019.

Dated: August 26, 2016                    McILWAIN, LLC

                                          BY:   /s/ Timothy J. McIlwain
                                             TIMOTHY J. MCILWAIN
                                             2020 New Road, Suite A
                                             Linwood, New Jersey 08221
                                             Attorney@mcilwainlaw.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION | Case No. 1:13-cv-09117<br><br>Hon. Noel L. Hillman, U.S.D.J.<br><br>NOTICE OF APPEAL TO THE U.S. COURT OF APPEALS FOR THE EIGHTH CIRCUIT |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Appeal was delivered to the Defendant, through their counsel of record as follows by email transmission on this 26th Day of August 2019:

Hagens Berman Sobol Shapiro, LLP

Siprut, PC

Zimmerman Reed, LLP

Hausfeld, LLP

Lite DePalma Greenberg, LLC

J. Selmer Law P.A.

Zelle Hoffmann Voelbel & Mason, LLP

TLW & Assocs. LLC

Branstetter Stranch & Jennings PLLC

Shindler Anderson Goplerud Weese PC

Notice of Objectors' Counsel:

Edelson PC

Gordon Law Offices, Ltd.

Dwight E. Jefferson of Coats Rose PC

Clifford Law Offices PC

McILWAIN, LLC

BY: __/s/ Timothy J. McIlwain_____
        TIMOTHY J. MCILWAIN
        2020 New Road, Suite A
        Linwood, New Jersey 08221
        Attorney@mcilwainlaw.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: NATIONAL COLLEGIATE
ATHLETIC ASSOCIATION STUDENT-
ATHLETE CONCUSSION LITIGATION

MDL NO. 2492

Master Docket No. 13-cv-09116

Judge John Z. Lee

FINAL ORDER AND JUDGMENT
APPROVING THE SECOND AMENDED CLASS ACTION SETTLEMENT

This matter is before the Court on Plaintiffs' Motion for Final Approval of Second Amended Class Action Settlement ("Final Approval Motion"), and Settlement Class Counsel's Petition For Fees And Expenses, And Incentive Awards For Settlement Class Representatives ("Fee Petition") in the above-captioned action (the "Action").

Having duly considered all papers filed and arguments presented and as more fully discussed in the Court's Memorandum Opinion and Order dated August 12, 2019,

IT IS HEREBY ORDERED AND ADJUDGED:

1.      Unless defined herein, all defined terms in this Final Order and Judgment shall have the respective meanings set forth in Second Amended Class Action Settlement Agreement and Release, attached hereto as Ex. 1 ("Settlement Agreement").

2.      This Court has personal jurisdiction over the Class Representatives and all Settlement Class Members, and the Court has subject matter jurisdiction to approve this Settlement Agreement.

3.      The Settlement Class and Subclasses. The Court certifies for settlement purposes only the following Settlement Class pursuant to Federal Rules of Civil Procedure 23(b)(2): "All

Persons who played an NCAA-sanctioned sport at an NCAA member institution on or prior to July 15, 2016."

The Court certifies for settlement purposes only the following Contact Sport Settlement Subclass pursuant to Federal Rules of Civil Procedure 23(b)(2): "All Persons who played an NCAA-sanctioned Contact Sport at an NCAA member institution on or prior to July 15, 2016."

The Court also certifies for settlement purposes only the following Non-Contact Sport Settlement Subclass pursuant to Federal Rules of Civil Procedure 23(b)(2): "All Persons who played an NCAA-sanctioned non-Contact Sport at an NCAA member institution on or prior to July 15, 2016."

Specifically excluded from the Settlement Class and Subclasses are the following persons: (a) the NCAA and the NCAA's officers and directors; (b) Class Counsel; (c) the Special Master; and (d) the judges who have presided over this Litigation.

4.      Pursuant to Rule 23(a), the Court finds that class certification solely for purposes of settlement is appropriate in that: (a) Members of the Settlement Class and Subclasses are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to Members of the Settlement Class and Subclasses; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class Members, the claims of the Contact Sport Settlement Class Representatives are typical of the Contact Sport Settlement Subclass members, and the claims of the Non-Contact Sport Settlement Class Representatives are typical of the Non-Contact Sport Settlement Subclass members; and (d) the Settlement Class Representatives and Class Counsel have fairly and adequately protected the interests of the Settlement Class Members; the Contact Sport Settlement Class Representatives and Class Counsel have fairly and adequately protected the interests of the Contact Sport

Settlement Subclass members; and the Non-Contact Sport Settlement Class Representatives and Class Counsel have fairly and adequately protected the interests of the Non-Contact Sport Settlement Subclass members.

5.      Pursuant to Rule 23(b)(2), the Court finds, for purposes of final approval and settlement only, final injunctive relief or corresponding declaratory relief as embodied in the Settlement Agreement is appropriate regarding the Settlement Class as a whole.

6.      <u>Approval of Settlement Agreement</u>.  Pursuant to Rule 23(e), the Court grants final approval to the Settlement Agreement as being fair, reasonable and adequate as to all Parties, consistent and in compliance with all requirements of due process and applicable law and in the best interests of all Parties and directs the Parties and their counsel to implement and consummate this Settlement Agreement in accordance with its terms and provisions.

7.      To evaluate the fairness of the Settlement, the Court considered, among other things:  (a) the strength of Plaintiffs' case compared to the substantial relief the Settlement affords the Settlement Class; (b) the likely complexity, length and expense of the Action; (c) the lack of meaningful opposition to the Settlement, including the lack of any meritorious objections; (d) the opinion of competent counsel; and (e) the stage of the proceedings and the amount of discovery completed at the time of settlement.  Additionally, the Court has considered each of the factors set forth in Fed. R. Civ. P. 23(e)(2).  Each of these factors weighs in favor of approval of the Settlement Agreement reached here and supports the Court's finding that the Settlement is fair, reasonable and adequate.

8.      The Settlement Agreement was entered into in good faith following arm's-length negotiations and is non-collusive.

9.     The Court received twenty-two (22) timely objections to the Settlement.  Upon due consideration, a review of the materials submitted by the objectors, their counsel, and the Parties, the Court finds that the objections are without merit and overrules all objections to the Settlement.

10.     The Settlement Agreement and this Final Order and Judgment are binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of the Class Representatives and any other Settlement Class Members, as well as their agents, heirs, executors or administrators, successors, insurers and assigns.

11.     The Court finds that Notice as provided for in Section XI of the Settlement Agreement: (a) constituted the best practicable reasonable notice; (b) constituted notice that was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of this Litigation, of their right to object to or exclude themselves from the proposed Settlement as applicable, of their right to appear at the Fairness Hearing and of their right to seek relief; (c) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable requirements of due process and any other applicable law.

12.     All Released Claims in the MDL Action are dismissed on the merits and with prejudice and without fees or costs, except as provided herein or in the Settlement Agreement, and all other class-wide claims are dismissed without prejudice, except for the individual personal injury claims of any of the Class Representatives or Plaintiffs in the Litigation (which shall not be dismissed) and subject to the limitation on Settlement Class Members to pursue any remaining claims on an individual, non-class basis, other than personal injury or bodily injury class claims

brought on behalf of persons who allege injury resulting from their participation in a single NCAA-sanctioned sport at a single-NCAA member school, as specified in the Settlement Agreement.

13.     The Class Representatives and the Settlement Class Members have conclusively compromised, settled, dismissed and released any and all Released Claims against the NCAA and the Released Persons.

14.     Upon the Effective Date as defined in the Settlement Agreement, the Class Representatives and all Settlement Class Members shall be barred from asserting any Released Claims against the NCAA or any Released Persons, and any such Settlement Class Members shall have released any and all Released Claims as against the NCAA and all Released Persons.

15.     The Settlement Agreement and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of a presumption, concession, acknowledgment or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by the NCAA or any Released Persons or as an admission or acknowledgment of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to the Agreement and the Settlement provided for therein in such proceedings as may be necessary to effectuate the Agreement.

16.     Settlement Class Members are barred and permanently enjoined from: (i) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction seeking damages or other legal or equitable relief for the Released Claims, other than as a member of a class of persons who allege personal injuries or bodily injuries resulting from their participation in a single NCAA-sanctioned sport at a single-NCAA member school and seek relief

other than medical monitoring; and (ii) filing, commencing, prosecuting, intervening in or participating in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction seeking relief on a class-wide basis for personal or bodily injury related to **concussions or subconcussive hits sustained during the Settlement Class Members' participation** in an NCAA-sanctioned sport or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency or in a class action pursued on behalf of a class of persons who seek relief other than medical monitoring and allege personal injuries or bodily injuries resulting from their participation in a single NCAA-sanctioned sport at a single-NCAA member school.

17.    The Opt-Out List is approved and determined to be a complete list of all Persons who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment except for Opt-Outs who subsequently elect to complete a Screening Questionnaire during the Medical Monitoring Period.

18.    The Parties are authorized, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement as (i) shall be consistent in all material respects with the Final Order and Judgment and (ii) do not limit the rights of the Parties or Settlement Class Members.

19.    As of the Effective Date, the Releasing Persons are deemed to have fully, irrevocably, absolutely, and unconditionally released and forever discharged the Released Persons from all Released Claims by operation of entry of this Final Order and Judgment. All Releasing Persons shall be bound by the Settlement Agreement and the Release, and all of their Released Claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of this Litigation or this Settlement. Without in any way limiting the scope of the Release,

this Release covers, without limitation, any and all claims for attorneys' fees, costs or disbursements incurred by Settlement Class Counsel or any other counsel representing Releasing Persons, or any of them, in connection with or related in any manner to this Litigation, the Settlement, the administration of such Settlement or the Released Claims.

20.     Nothing in the Releases shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

21.     <u>Service Awards</u>. The Court confirms its previous appointment of Derek Owens, Kyle Solomon, Angelica Palacios, Abram Robert Wolf, Sean Sweeney, Jim O'Connor, Dan Ahern, Paul Morgan, Jeffrey Caldwell, John DuRocher, Sharron Washington, Shelby Williams, Brice Sheeder, Shavaughne Desecki, Spencer Trautmann, Ryan Parks, Ursula Kunhardt, Jessica Miller, Anna Bartz, Peter Dykstra, DaChe Williams, Rachel Harada, Natalie Harada, and Adam Walker as representatives of the Class, and approves service award payments of $5,000 for Derek Owens, Kyle Solomon, Angelica Palacios, and objector Adrian Arrington, and $2,500 for Abram Robert Wolf, Sean Sweeney, Jim O'Connor, Dan Ahern, Paul Morgan, Jeffrey Caldwell, John DuRocher, Sharron Washington, Shelby Williams, Brice Sheeder, Shavaughne Desecki, Spencer Trautmann, Ryan Parks, Ursula Kunhardt, Jessica Miller, Anna Bartz, Peter Dykstra, DaChe Williams, Rachel Harada, Natalie Harada, Adam Walker, and Lead Objector Anthony Nichols. The Court specifically finds such amount to be reasonable in light of the service performed by Plaintiffs for the Class. These service awards shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

22.     <u>Attorneys' Fees, Costs, and Expenses</u>. The Court confirms its previous appointment of Hagens Berman Sobol Shapiro LLP and Siprut PC as Co-Lead Settlement Class Counsel, and

finds that they have adequately represented the Class for purposes of entering into and implementing the Settlement.

(a) The Court awards **attorneys' fees** to Settlement Class Counsel as follows:

(i) Hagens Berman Sobol Shapiro LLP in the amount of $8,277,671;

(ii) Siprut PC in the amount of $2,000,035;

(iii) Zimmerman Reed LLP in the amount of $528,509;

(iv) Hausfeld LLP in the amount of $975,096;

(v) Lite DePalma Greenberg LLC in the amount of $34,374;

(vi) Provosty and Gankendorff LLC in the amount of $40,564;

(vii) J. Selmer Law P.A. in the amount of $51,729;

(viii) Zelle Hofmann Voelbel & Mason LLP in the amount of $60,656;

(ix) DeFeo & Kolker LLC in the amount of $75,592;

(x) TLW & Assocs. LLC in the amount of $70,556;

(xi) Branstetter Stranch & Jennings PLLC in the amount of $6,584; and

(xii) Shindler Anderson Goplerud Weese PC in the amount of $80,701.

(b) The Court awards reimbursement of **Settlement Class Counsel's expenses** in the amount of $750,000;

(c) The Court awards **attorneys' fees** (and costs, where specified) to certain **objectors' counsel** as follows:

(i) Edelson PC in the amount of $1,261,824;

(ii) Gordon Law Offices, Ltd. in the amount of $87,806;

(iii) Dwight E. Jefferson of Coats Rose PC in the amount of $57,950 and costs in the amount of $9,063; and

(iv)     Clifford Law Offices PC in the amount $15,300.

In making the award of attorneys' fees and reimbursement of expenses, the Court has considered the materials submitted by Settlement Class Counsel in support of final approval of the Settlement and their request for attorneys' fees and costs, materials submitted by objectors in support of their request for attorneys' fees, and objections to fee petitions.   The Court finds the award of the listed attorneys' fees and costs appropriate and reasonable.  The Court further notes that the Settlement Notice specifically and clearly advised the Settlement Class that Class Counsel would seek the award. Any allocation of attorneys' fees and expenses among various Plaintiffs' counsel shall be at the sole discretion of Class Counsel.

23.     Neither the Settlement Agreement, nor this Order, shall be construed as an admission or concession by the NCAA of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.  Neither the Settlement Agreement nor this Order, or any of their terms or provisions, or any of the negotiations or proceedings connected with them, shall be offered as evidence or received in evidence or used in any way in any pending or future civil, criminal, or administrative action or any other proceeding to establish any liability or wrongdoing of, or admission by the NCAA or as an admission or acknowledgement of the suitability of such claims or related claims to class treatment.  Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order or the Judgment in a proceeding to consummate or enforce the Settlement Agreement or Judgment, or to defend against the assertion of Released Claims in any other proceeding. All other relief not expressly granted to the Settlement Class Members is denied.

24.     Without affecting the finality of this Final Order and Judgment in any way, this Court hereby retains continuing and exclusive jurisdiction over the implementation of the

Settlement and all Parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement. The Settlement Agreement is incorporated in this Final Order and Judgment for purposes of enforcement of the Settlement Agreement.

25.    If any of the Parties invokes the right to withdraw from the Settlement Agreement as provided in Section XX of the Settlement Agreement, certification of the Settlement Class and Subclasses for purposes of this Settlement shall be automatically vacated and this Final Order and Judgment, and other orders entered in connection with the Settlement, shall be vacated and rendered null and void as provided in the Settlement Agreement, in which event the Settlement Agreement and the fact that the Settlement was entered into shall not be offered, received, or construed as an admission or as evidence for any purpose, including but not limited to an admission by any party of liability or non-liability or of the certifiability of a litigation class, or otherwise be used by any Person for any purpose whatsoever, in any trial of this Litigation or any other action or proceedings, and each party will be restored to his, her or its respective position as it existed prior to the execution of the Settlement Agreement.

26.    Final Judgment is entered as to Master Docket No. 13-cv-9116 and the related cases as follows:

(a)    The following related cases, which seek only injunctive relief in the form of medical monitoring on behalf of a nationwide putative class, are dismissed with prejudice in accordance with and subject to the terms of the Settlement Agreement:

(i)    *In Re: National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation*, 13-cv-09116;

(ii)   *Walker v. NCAA*, 13-cv-09117;

(iii)  *Caldwell v. NCAA*, 14-cv-00195;

(iv)   *Morgan v. NCAA*, 14-cv-00196;

(v)     *Washington v. NCAA*, 14-cv-00197;

(vi)    *Walton v. NCAA*, 14-cv-00200;

(vii)   *Wolf v. NCAA*, 14-cv-01268; and

(viii)  *Jackson v. NCAA*, 14-cv-04387.

(b)      In the following cases, pursuant to Federal Rule of Civil Procedure 54(b), the Court finds that no just reason exists for delay in entering final judgment as to any and all claims asserted on behalf of a nationwide class that seek injunctive relief in the form of medical monitoring, and such claims are dismissed with prejudice in accordance with and subject to the terms of the Settlement Agreement:

(i)      *Arrington v. NCAA*, 11-cv-06356;

(ii)    *Durocher v. NCAA*, 14-cv-00035;

(iii)   *Hudson v. NCAA*, 14-cv-00194;

(iv)   *Powell v. NCAA*, 14-cv-00198;

(v)    *Doughty v. NCAA*, 14-cv-00199;

(vi)    *Nichols v. NCAA*, 14-cv-00962; and

(vii)   *Whittier v. NCAA*, 14-cv-09322.

IT IS SO ORDERED.

Dated this 13th day of
August, 2019

_____

John Z. Lee
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION** | MDL NO. 2492<br><br>Master Docket No. 13-cv-09116<br><br>Judge John Z. Lee |

**FINAL ORDER AND JUDGMENT**
**APPROVING THE SECOND AMENDED CLASS ACTION SETTLEMENT**

This matter is before the Court on Plaintiffs' Motion for Final Approval of Second Amended Class Action Settlement ("Final Approval Motion"), and Settlement Class Counsel's Petition For Fees And Expenses, And Incentive Awards For Settlement Class Representatives ("Fee Petition") in the above-captioned action (the "Action").

Having duly considered all papers filed and arguments presented and as more fully discussed in the Court's Memorandum Opinion and Order dated August 12, 2019,

IT IS HEREBY ORDERED AND ADJUDGED:

1.     Unless defined herein, all defined terms in this Final Order and Judgment shall have the respective meanings set forth in Second Amended Class Action Settlement Agreement and Release, attached hereto as Ex. 1 ("Settlement Agreement").

2.     This Court has personal jurisdiction over the Class Representatives and all Settlement Class Members, and the Court has subject matter jurisdiction to approve this Settlement Agreement.

3.     The Settlement Class and Subclasses.  The Court certifies for settlement purposes only the following Settlement Class pursuant to Federal Rules of Civil Procedure 23(b)(2): "All

Persons who played an NCAA-sanctioned sport at an NCAA member institution on or prior to July 15, 2016."

The Court certifies for settlement purposes only the following Contact Sport Settlement Subclass pursuant to Federal Rules of Civil Procedure 23(b)(2): "All Persons who played an NCAA-sanctioned Contact Sport at an NCAA member institution on or prior to July 15, 2016."

The Court also certifies for settlement purposes only the following Non-Contact Sport Settlement Subclass pursuant to Federal Rules of Civil Procedure 23(b)(2): "All Persons who played an NCAA-sanctioned non-Contact Sport at an NCAA member institution on or prior to July 15, 2016."

Specifically excluded from the Settlement Class and Subclasses are the following persons: (a) the NCAA and the NCAA's officers and directors; (b) Class Counsel; (c) the Special Master; and (d) the judges who have presided over this Litigation.

4.     Pursuant to Rule 23(a), the Court finds that class certification solely for purposes of settlement is appropriate in that:  (a) Members of the Settlement Class and Subclasses are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to Members of the Settlement Class and Subclasses; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class Members, the claims of the Contact Sport Settlement Class Representatives are typical of the Contact Sport Settlement Subclass members, and the claims of the Non-Contact Sport Settlement Class Representatives are typical of the Non-Contact Sport Settlement Subclass members; and (d) the Settlement Class Representatives and Class Counsel have fairly and adequately protected the interests of the Settlement Class Members; the Contact Sport Settlement Class Representatives and Class Counsel have fairly and adequately protected the interests of the Contact Sport

Settlement Subclass members; and the Non-Contact Sport Settlement Class Representatives and Class Counsel have fairly and adequately protected the interests of the Non-Contact Sport Settlement Subclass members.

5.      Pursuant to Rule 23(b)(2), the Court finds, for purposes of final approval and settlement only, final injunctive relief or corresponding declaratory relief as embodied in the Settlement Agreement is appropriate regarding the Settlement Class as a whole.

6.      <u>Approval of Settlement Agreement</u>.  Pursuant to Rule 23(e), the Court grants final approval to the Settlement Agreement as being fair, reasonable and adequate as to all Parties, consistent and in compliance with all requirements of due process and applicable law and in the best interests of all Parties and directs the Parties and their counsel to implement and consummate this Settlement Agreement in accordance with its terms and provisions.

7.      To evaluate the fairness of the Settlement, the Court considered, among other things:  (a) the strength of Plaintiffs' case compared to the substantial relief the Settlement affords the Settlement Class; (b) the likely complexity, length and expense of the Action; (c) the lack of meaningful opposition to the Settlement, including the lack of any meritorious objections; (d) the opinion of competent counsel; and (e) the stage of the proceedings and the amount of discovery completed at the time of settlement.  Additionally, the Court has considered each of the factors set forth in Fed. R. Civ. P. 23(e)(2).  Each of these factors weighs in favor of approval of the Settlement Agreement reached here and supports the Court's finding that the Settlement is fair, reasonable and adequate.

8.      The Settlement Agreement was entered into in good faith following arm's-length negotiations and is non-collusive.

- 3 -

9. The Court received twenty-two (22) timely objections to the Settlement. Upon due consideration, a review of the materials submitted by the objectors, their counsel, and the Parties, the Court finds that the objections are without merit and overrules all objections to the Settlement.

10. The Settlement Agreement and this Final Order and Judgment are binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of the Class Representatives and any other Settlement Class Members, as well as their agents, heirs, executors or administrators, successors, insurers and assigns.

11. The Court finds that Notice as provided for in Section XI of the Settlement Agreement: (a) constituted the best practicable reasonable notice; (b) constituted notice that was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of this Litigation, of their right to object to or exclude themselves from the proposed Settlement as applicable, of their right to appear at the Fairness Hearing and of their right to seek relief; (c) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable requirements of due process and any other applicable law.

12. All Released Claims in the MDL Action are dismissed on the merits and with prejudice and without fees or costs, except as provided herein or in the Settlement Agreement, and all other class-wide claims are dismissed without prejudice, except for the individual personal injury claims of any of the Class Representatives or Plaintiffs in the Litigation (which shall not be dismissed) and subject to the limitation on Settlement Class Members to pursue any remaining claims on an individual, non-class basis, other than personal injury or bodily injury class claims

brought on behalf of persons who allege injury resulting from their participation in a single NCAA-sanctioned sport at a single-NCAA member school, as specified in the Settlement Agreement.

13.     The Class Representatives and the Settlement Class Members have conclusively compromised, settled, dismissed and released any and all Released Claims against the NCAA and the Released Persons.

14.     Upon the Effective Date as defined in the Settlement Agreement, the Class Representatives and all Settlement Class Members shall be barred from asserting any Released Claims against the NCAA or any Released Persons, and any such Settlement Class Members shall have released any and all Released Claims as against the NCAA and all Released Persons.

15.     The Settlement Agreement and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of a presumption, concession, acknowledgment or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by the NCAA or any Released Persons or as an admission or acknowledgment of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to the Agreement and the Settlement provided for therein in such proceedings as may be necessary to effectuate the Agreement.

16.     Settlement Class Members are barred and permanently enjoined from: (i) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction seeking damages or other legal or equitable relief for the Released Claims, other than as a member of a class of persons who allege personal injuries or bodily injuries resulting from their participation in a single NCAA-sanctioned sport at a single-NCAA member school and seek relief

other than medical monitoring; and (ii) filing, commencing, prosecuting, intervening in or participating in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction seeking relief on a class-wide basis for personal or bodily injury related to concussions or subconcussive hits sustained during the Settlement Class Members' participation in an NCAA-sanctioned sport or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency or in a class action pursued on behalf of a class of persons who seek relief other than medical monitoring and allege personal injuries or bodily injuries resulting from their participation in a single NCAA-sanctioned sport at a single-NCAA member school.

17.    The Opt-Out List is approved and determined to be a complete list of all Persons who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment except for Opt-Outs who subsequently elect to complete a Screening Questionnaire during the Medical Monitoring Period.

18.    The Parties are authorized, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement as (i) shall be consistent in all material respects with the Final Order and Judgment and (ii) do not limit the rights of the Parties or Settlement Class Members.

19.    As of the Effective Date, the Releasing Persons are deemed to have fully, irrevocably, absolutely, and unconditionally released and forever discharged the Released Persons from all Released Claims by operation of entry of this Final Order and Judgment. All Releasing Persons shall be bound by the Settlement Agreement and the Release, and all of their Released Claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of this Litigation or this Settlement. Without in any way limiting the scope of the Release,

this Release covers, without limitation, any and all claims for attorneys' fees, costs or disbursements incurred by Settlement Class Counsel or any other counsel representing Releasing Persons, or any of them, in connection with or related in any manner to this Litigation, the Settlement, the administration of such Settlement or the Released Claims.

20.     Nothing in the Releases shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

21.     <u>Service Awards</u>. The Court confirms its previous appointment of Derek Owens, Kyle Solomon, Angelica Palacios, Abram Robert Wolf, Sean Sweeney, Jim O'Connor, Dan Ahern, Paul Morgan, Jeffrey Caldwell, John DuRocher, Sharron Washington, Shelby Williams, Brice Sheeder, Shavaughne Desecki, Spencer Trautmann, Ryan Parks, Ursula Kunhardt, Jessica Miller, Anna Bartz, Peter Dykstra, DaChe Williams, Rachel Harada, Natalie Harada, and Adam Walker as representatives of the Class, and approves service award payments of $5,000 for Derek Owens, Kyle Solomon, Angelica Palacios, and objector Adrian Arrington, and $2,500 for Abram Robert Wolf, Sean Sweeney, Jim O'Connor, Dan Ahern, Paul Morgan, Jeffrey Caldwell, John DuRocher, Sharron Washington, Shelby Williams, Brice Sheeder, Shavaughne Desecki, Spencer Trautmann, Ryan Parks, Ursula Kunhardt, Jessica Miller, Anna Bartz, Peter Dykstra, DaChe Williams, Rachel Harada, Natalie Harada, Adam Walker, and Lead Objector Anthony Nichols. The Court specifically finds such amount to be reasonable in light of the service performed by Plaintiffs for the Class. These service awards shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

22.     <u>Attorneys' Fees, Costs, and Expenses</u>. The Court confirms its previous appointment of Hagens Berman Sobol Shapiro LLP and Siprut PC as Co-Lead Settlement Class Counsel, and

finds that they have adequately represented the Class for purposes of entering into and implementing the Settlement.

    (a)    The Court awards attorneys' fees to Settlement Class Counsel as follows:

        (i)    Hagens Berman Sobol Shapiro LLP in the amount of $8,277,671;

        (ii)    Siprut PC in the amount of $2,000,035;

        (iii)    Zimmerman Reed LLP in the amount of $528,509;

        (iv)    Hausfeld LLP in the amount of $975,096;

        (v)    Lite DePalma Greenberg LLC in the amount of $34,374;

        (vi)    Provosty and Gankendorff LLC in the amount of $40,564;

        (vii)    J. Selmer Law P.A. in the amount of $51,729;

        (viii)    Zelle Hofmann Voelbel & Mason LLP in the amount of $60,656;

        (ix)    DeFeo & Kolker LLC in the amount of $75,592;

        (x)    TLW & Assocs. LLC in the amount of $70,556;

        (xi)    Branstetter Stranch & Jennings PLLC in the amount of $6,584; and

        (xii)    Shindler Anderson Goplerud Weese PC in the amount of $80,701.

    (b)    The Court awards reimbursement of Settlement Class Counsel's expenses in the amount of $750,000;

    (c)    The Court awards attorneys' fees (and costs, where specified) to certain objectors' counsel as follows:

        (i)    Edelson PC in the amount of $1,261,824;

        (ii)    Gordon Law Offices, Ltd. in the amount of $87,806;

        (iii)    Dwight E. Jefferson of Coats Rose PC in the amount of $57,950 and costs in the amount of $9,063; and

(iv)     Clifford Law Offices PC in the amount $15,300.

In making the award of attorneys' fees and reimbursement of expenses, the Court has considered the materials submitted by Settlement Class Counsel in support of final approval of the Settlement and their request for attorneys' fees and costs, materials submitted by objectors in support of their request for attorneys' fees, and objections to fee petitions.   The Court finds the award of the listed attorneys' fees and costs appropriate and reasonable.  The Court further notes that the Settlement Notice specifically and clearly advised the Settlement Class that Class Counsel would seek the award. Any allocation of attorneys' fees and expenses among various Plaintiffs' counsel shall be at the sole discretion of Class Counsel.

23.     Neither the Settlement Agreement, nor this Order, shall be construed as an admission or concession by the NCAA of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.  Neither the Settlement Agreement nor this Order, or any of their terms or provisions, or any of the negotiations or proceedings connected with them, shall be offered as evidence or received in evidence or used in any way in any pending or future civil, criminal, or administrative action or any other proceeding to establish any liability or wrongdoing of, or admission by the NCAA or as an admission or acknowledgement of the suitability of such claims or related claims to class treatment.  Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order or the Judgment in a proceeding to consummate or enforce the Settlement Agreement or Judgment, or to defend against the assertion of Released Claims in any other proceeding. All other relief not expressly granted to the Settlement Class Members is denied.

24.     Without affecting the finality of this Final Order and Judgment in any way, this Court hereby retains continuing and exclusive jurisdiction over the implementation of the

Settlement and all Parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement. The Settlement Agreement is incorporated in this Final Order and Judgment for purposes of enforcement of the Settlement Agreement.

25. If any of the Parties invokes the right to withdraw from the Settlement Agreement as provided in Section XX of the Settlement Agreement, certification of the Settlement Class and Subclasses for purposes of this Settlement shall be automatically vacated and this Final Order and Judgment, and other orders entered in connection with the Settlement, shall be vacated and rendered null and void as provided in the Settlement Agreement, in which event the Settlement Agreement and the fact that the Settlement was entered into shall not be offered, received, or construed as an admission or as evidence for any purpose, including but not limited to an admission by any party of liability or non-liability or of the certifiability of a litigation class, or otherwise be used by any Person for any purpose whatsoever, in any trial of this Litigation or any other action or proceedings, and each party will be restored to his, her or its respective position as it existed prior to the execution of the Settlement Agreement.

26. Final Judgment is entered as to Master Docket No. 13-cv-9116 and the related cases as follows:

    (a)    The following related cases, which seek only injunctive relief in the form of medical monitoring on behalf of a nationwide putative class, are dismissed with prejudice in accordance with and subject to the terms of the Settlement Agreement:

        (i)    *In Re: National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation*, 13-cv-09116;

        (ii)    *Walker v. NCAA*, 13-cv-09117;

        (iii)    *Caldwell v. NCAA*, 14-cv-00195;

        (iv)    *Morgan v. NCAA*, 14-cv-00196;

       (v)      *Washington v. NCAA*, 14-cv-00197;

       (vi)     *Walton v. NCAA*, 14-cv-00200;

       (vii)    *Wolf v. NCAA*, 14-cv-01268; and

       (viii)   *Jackson v. NCAA*, 14-cv-04387.

      (b)     In the following cases, pursuant to Federal Rule of Civil Procedure 54(b), the Court finds that no just reason exists for delay in entering final judgment as to any and all claims asserted on behalf of a nationwide class that seek injunctive relief in the form of medical monitoring, and such claims are dismissed with prejudice in accordance with and subject to the terms of the Settlement Agreement:

       (i)      *Arrington v. NCAA*, 11-cv-06356;

       (ii)     *Durocher v. NCAA*, 14-cv-00035;

       (iii)    *Hudson v. NCAA*, 14-cv-00194;

       (iv)    *Powell v. NCAA*, 14-cv-00198;

       (v)      *Doughty v. NCAA*, 14-cv-00199;

       (vi)     *Nichols v. NCAA*, 14-cv-00962; and

       (vii)    *Whittier v. NCAA*, 14-cv-09322.

IT IS SO ORDERED.

Dated this 13th day of
August, 2019

_____

John Z. Lee
United States District Judge

# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| | ) | **MDL No. 2492** |
| **IN RE NATIONAL COLLEGIATE** | ) | |
| **ATHLETIC ASSOCIATION STUDENT-** | ) | **Master Docket No. 1:13-cv-09116** |
| **ATHLETE CONCUSSION INJURY** | ) | |
| **LITIGATION** | ) | **The Document Relates To:** |
| | ) | **All Cases** |
| | ) | |
| | ) | |
| | ) | **Judge John Z. Lee** |
| | ) | |
| | ) | **Magistrate Judge Geraldine Soat** |
| | | **Brown** |

## SECOND AMENDED CLASS ACTION
## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

# TABLE OF CONTENTS

<div align="right"><u>Page</u></div>

I.     RECITALS .................................................................................................1

II.    DEFINITIONS.........................................................................................8

III.    PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS................................17

IV.    BENEFITS TO SETTLEMENT CLASS MEMBERS....................................18

V.     MEDICAL SCIENCE COMMITTEE ................................................30

VI.    PROGRAM ADMINISTRATOR........................................................34

VII.   NOTICE ADMINISTRATOR...............................................................35

VIII.  SPECIAL MASTER ...........................................................................36

IX.    RETURN TO PLAY GUIDELINES, ACADEMIC ACCOMMODATIONS,
        AND CONCUSSION EDUCATION .................................................36

X.     RESEARCH FUNDS...........................................................................38

XI.    NOTICE .............................................................................................39

XII.   JUDICIAL APPROVAL PROCESS ....................................................40

XIII.  OBJECTIONS TO AND COMMENTS IN SUPPORT OF THE SETTLEMENT ..........47

XIV.  EFFECTIVE DATE OF CLASS SETTLEMENT; CONDITIONS TO FINALITY
        OF SETTLEMENT...........................................................................51

XV.   FINAL ORDER AND JUDGMENT AND RELEASES...................................52

XVI.  NO ADMISSION OF LIABILITY AND PRESERVATION OF ALL
        DEFENSES.......................................................................................56

XVII. COMPENSATION OF SETTLEMENT CLASS REPRESENTATIVES AND
        CLASS COUNSEL...........................................................................57

XVIII. NOTICES ..........................................................................................58

XIX.  DISPUTE RESOLUTION ..................................................................59

XX.   TERMINATION OF SETTLEMENT ...................................................59

XXI.  MISCELLANEOUS PROVISIONS......................................................62

# TABLE OF EXHIBITS

| Exhibit | Description |
|---------|-------------|
| A | Publication  Notice |
| B | Long-Form Notice |
| C | [Proposed] Preliminary Approval Order |
| D | Protective Order Pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA) |

Subject to Court approval, this Class Settlement Agreement And Release is entered into between and among the following parties (the "Parties"), by and through their respective counsel: (a) Derek Owens, Kyle Solomon, Angelica Palacios, Abram Robert Wolf, Sean Sweeney, Jim O'Connor, Dan Ahern, Paul Morgan, Jeffrey Caldwell, John DuRocher, Sharon Washington, Shelby Williams, Brice Sheeder, Shavaughne Desecki, Spencer Trautmann, Ryan Parks, Ursula Kunhardt, Jessica Miller, Anna Bartz, Peter Dykstra, DaChe Williams, Rachel Harada, Natalie Harada, and Adam Walker as Class Representatives on behalf of themselves and as representatives of the Settlement Class (as such Settlement Class is hereinafter defined) (collectively the "Class Representatives"); and (b) the National Collegiate Athletic Association ("NCAA") in order to effect a full and final settlement and dismissal with prejudice of all medical monitoring claims against the NCAA as alleged in the cases consolidated in In re National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation, MDL No. 2492, Master Docket No. 1:13-cv-09116 (N.D. Ill.), on the terms set forth below and to the full extent reflected herein. Capitalized terms shall have the meaning ascribed to them above and below in Section II of this Agreement.

## I. RECITALS

WHEREAS, in 2011, two (2) actions were filed in the United States District Court for the Northern District of Illinois: (i) Arrington, et al. v. NCAA, No. 1:11-cv-06356 (N.D. Ill., filed Sept. 12, 2011); and (ii) Owens, et al. v. NCAA, No. 1:11-cv-06816 (N.D. Ill., filed Sept. 28, 2011);

WHEREAS, Arrington and Owens were consolidated by the Court on October 5, 2011 pursuant to N.D. Ill. LR 40.4 (Arrington and Owens are collectively referred to herein as "Arrington");

WHEREAS, on October 19, 2011, the Honorable Sharon J. Coleman appointed Steve W. Berman of Hagens Berman Sobol Shapiro LLP and Joseph Siprut of Siprut PC as Interim Class Counsel pursuant to Fed. R. Civ. P. 23(g);

WHEREAS, on November 21, 2011, the plaintiffs in Arrington filed a Consolidated Complaint, generally alleging on behalf of themselves and all persons similarly situated that the NCAA had breached a duty to student-athletes at NCAA member institutions by failing to adopt appropriate rules regarding concussions. On February 13, 2013, the Arrington plaintiffs amended their pleading and filed the Second Amended Class Action Complaint;

WHEREAS, on March 21, 2013, the NCAA filed its Answer and Affirmative Defenses to the Second Amended Class Action Complaint, denying all material allegations therein and asserting a variety of affirmative defenses;

WHEREAS, from October 2011 through July 2013, and continuing after the Court's questions regarding the settlement, Interim Class Counsel conducted a thorough investigation into the facts and law relating to the matters addressed in the Second Amended Class Action Complaint, which included, among other things: (i) the review of approximately 29,502 documents (176,849 pages) produced by the NCAA; (ii) the review of approximately 8,124 documents (28,485 pages) produced by 42 non-parties; (iii) the review of approximately 3,842 documents (10,144 pages) produced by the Arrington plaintiffs; (iv) the preparation for, taking of and/or defending ten (10) depositions of fact witnesses for the NCAA, four (4) depositions of the Arrington plaintiffs, three (3) third-party depositions, and one (1) deposition of an absent class member; (v) extensive consultation with leading experts on sports-related concussions, including Dr. Robert Cantu, M.A., M.D., F.A.C.S., F.A.C.S.M., (v) research for and preparation of Plaintiffs' Motion for Class Certification, which was supported by a detailed 83-page Proffer

of Facts In Support of Plaintiffs' Motion for Class Certification, and the Expert Report of Dr. Robert Cantu, M.A., M.D., F.A.C.S., F.A.C.S.M.; (vi)  consultation with the Medical Science Committee as defined below; (vii) consultation with the 25 proposed class representatives; and (viii) consultation with Judge Wayne R. Anderson in his capacity as head of the Medical Science Committee.

WHEREAS, Interim Class Counsel filed a Motion for Class Certification in Arrington on July 19, 2013;

WHEREAS, on August 15, 2013, the Court entered an order staying Arrington pending mediation between the Parties;

WHEREAS, the Arrington plaintiffs and the NCAA thereafter engaged in extensive mediation and settlement discussions over the course of approximately six (6) months, including three (3) separate mediations overseen by the Honorable Layn R. Phillips (Ret.) and one (1) mediation session overseen by the Honorable Wayne R. Andersen (Ret.);

WHEREAS, after the Court stayed the Arrington litigation pending the Parties' settlement discussions, multiple other actions were filed nationwide, including the following actions:  (i) Walker, et al. v. NCAA, No. 1:13-cv-00293 (E.D. Tenn., filed Sept. 3, 2013); (ii) DuRocher, et al. v. NCAA, No. 1:13-cv-01570 (S.D. Ind., filed Oct. 1, 2013); (iii) Caldwell, et al. v. NCAA, No. 1:13-cv-03820 (N.D. Ga., filed Oct. 18, 2013); (iv) Doughty v. NCAA, No. 3:13-cv-02894 (D.S.C., filed Oct. 22, 2013); (v) Powell, et al. v. NCAA, No. 4:13-cv-01106 (W.D. Mo., filed Nov. 11, 2013); (vi) Morgan, et al. v. NCAA, No. 0:13-cv-03174 (D. Minn., filed Nov. 19, 2013); (vii) Walton, et al. v. NCAA, No. 2:13-cv-02904 (W.D. Tenn., filed Nov. 20, 2013); (viii) Washington, et al. v. NCAA, No. 4:13-cv-02434 (E.D. Mo., filed Dec. 3, 2013); (ix) Hudson v. NCAA, No. 5:13-cv-00398 (N.D. Fla., filed Dec. 3, 2013); (x) Nichols v. NCAA,

No. 1:14-cv-00962 (N.D. Ill., filed Feb. 11, 2014); and (xi) <u>Wolf v. NCAA</u>, No. 1:13-cv-09116 (N.D. Ill., filed Feb. 20, 2014) (collectively, the "Related Actions");

WHEREAS, all of the Related Actions seek medical monitoring relief on behalf of student-athletes who played football at NCAA member institutions;

WHEREAS, at the request of Interim Class Counsel, the Judicial Panel on Multidistrict Litigation transferred <u>Arrington</u> and all of the Related Actions for coordinated and consolidated pre-trial proceedings to the United States District Court for the Northern District of Illinois (the "Court" or "MDL Court") before the Honorable John Z. Lee. The resulting multidistrict litigation was captioned <u>In re National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation</u>, MDL No. 2492, Master Docket No. 1:13-cv-09116 (N.D. Ill.) (the "MDL Action");

WHEREAS, two (2) additional actions, <u>viz.</u> <u>Jackson v. NCAA</u>, No. 1:14-cv-02103 (E.D.N.Y., filed April 2, 2014) and <u>Whittier v. NCAA</u>, No. 1:14-cv-978 (W.D. Tex., filed Oct. 27, 2014), have since been transferred to the United States District Court for the Northern District of Illinois and consolidated in the MDL Action before Judge Lee;

WHEREAS, Interim Class Counsel and counsel for the plaintiffs in the Related Actions engaged in multiple written and oral communications to reach consensus regarding the leadership of the MDL Action, and agreed, by way of joint motion to the Court, to (i) the reappointment of Steve W. Berman of Hagens Berman Sobol Shapiro LLP and Joseph Siprut of Siprut PC as Lead Class Counsel ("Lead Counsel"), (ii) the appointment of Richard Lewis of Hausfeld LLP as Special Class Counsel for Medical Monitoring Relief, and (iii) the appointment of Charles Zimmerman of Zimmerman Reed, James Dugan of the Dugan Law Firm, and Mark Zamora of The Orlando Law Firm to the Executive Committee (collectively, "Class Counsel");

WHEREAS, Class Counsel conferred extensively together and with medical experts regarding the scope of an appropriate medical monitoring program for the Settlement Class;

WHEREAS, counsel in <u>Walker</u> provided input into the medical monitoring protocol to address the risk of mid- to late-life neurodegenerative disease that may be associated with subconcussive and concussive head impacts;

WHEREAS, Lead Counsel, the NCAA, Special Class Counsel for Medical Monitoring Relief and one (1) member of the Executive Committee participated on May 12, 2014 in a fourth mediation before the Honorable Wayne R. Andersen (Ret.) regarding the consensus reached by Class Counsel regarding the medical monitoring claims and requests for equitable relief;

WHEREAS, on July 29, 2014, Class Counsel filed a Motion for Preliminary Approval of Class Settlement and Certification of Settlement Class;

WHEREAS, on December 17, 2014, the Court issued an order denying Class Counsel's Motion for Preliminary Approval and directing Class Counsel and the NCAA to address certain concerns regarding the Settlement Agreement;

WHEREAS, on January 7, 2015, the <u>Arrington</u> Plaintiffs filed their Third Amended Class Action Complaint;

WHEREAS, on January 29, 2015, the NCAA filed its Answer and Affirmative Defenses to the Third Amended Class Action Complaint, denying all material allegations therein and asserting a variety of affirmative defenses. The NCAA continues to deny all of the allegations in the Third Amended Class Action Complaint and specifically denies that it has engaged in any wrongdoing whatsoever;

WHEREAS, between December 17, 2014 and April 2015, Class Counsel and the NCAA, in consultation with the Medical Science Committee as well as the Parties' respective economics

experts, worked to address the Court's concerns and revised the Settlement Agreement accordingly;

WHEREAS, on April 14, 2015, Plaintiffs and the NCAA filed a Joint Motion for Preliminary Approval of Class Settlement and Certification of Settlement Class ("Joint Motion");

WHEREAS, on April 20, 2015, Plaintiffs filed their Fourth Amended Class Action Complaint;

WHEREAS, on January 26, 2016, the Court granted the Joint Motion, subject to a number of proposed modifications;

WHEREAS, since January 26, 2016, Class Counsel and the NCAA engaged in multiple written and oral communications to consummate the Settlement and address the Court's concerns, as expressed in the Court's January 26, 2016 Memorandum Opinion and Order, and participated on April 29, 2016 in a fifth mediation before the Honorable Wayne R. Andersen (Ret.) with counsel for Lead Objector Anthony Nichols; all of the negotiations between Class Counsel, the NCAA and counsel for the Lead Objector were conducted at arm's length;

WHEREAS, the Parties agree that neither this Agreement nor the Settlement it represents shall be deemed or construed as an admission of any sort or as evidence of any violation of any statute or law, or of any liability or wrongdoing whatsoever by the NCAA and/or its member institutions or of the truth of any of the claims or allegations alleged in the MDL Action or as a waiver of any defenses thereto;

WHEREAS, the Parties agree that neither this Agreement nor the Settlement it represents shall be construed or admissible as an admission by the NCAA and/or its member institutions

that the Class Representatives' claims or any other similar claims are or would be suitable for class treatment;

WHEREAS, the Parties have conducted a thorough examination and investigation of the facts and law relating to the asserted and potential claims and defenses in the MDL Action;

WHEREAS, Class Counsel have concluded, after extensive discovery and investigation of the facts and after carefully considering the circumstances of the MDL Action, including the claims asserted in the Fourth Amended Class Action Complaint in <u>Arrington</u>, and the possible legal and factual defenses thereto, as well as the claims asserted in the Related Actions, that it would be in the best interests of the Class Representatives and the Settlement Class to enter into this Agreement to avoid the uncertainties, burdens, and risks of litigation, and to assure that the substantial benefits reflected herein are obtained for the Class Representatives and the Settlement Class, and further, that the Agreement is fair, reasonable, adequate and in the best interests of all putative members of the Settlement Class;

WHEREAS, the NCAA denies and continues to deny each and every allegation of liability, wrongdoing and damages and further denies that the MDL Action may be maintained as a class action except for settlement purposes.  Nonetheless, without admitting or conceding any liability or damages whatsoever and without admitting any wrongdoing, and without conceding the appropriateness of class treatment for claims asserted in any future pleading or proceeding, the NCAA has agreed to settle the MDL Action on the terms and conditions set forth in this Agreement solely to avoid the substantial expense, burden, inconvenience, and disruption of continued litigation;

WHEREAS, the Parties desire to compromise and settle all issues relating to medical monitoring and medical monitoring claims that have been brought or could have been brought

against the NCAA and the other Persons and entities identified in Section II(SS) as Released Persons;

WHEREAS, through their counsel, the Class Representatives and the NCAA, after months of vigorous, arm's length negotiations, have conditionally agreed to a comprehensive Medical Monitoring Program to benefit all persons who played an NCAA-sanctioned sport at an NCAA member institution through the date of preliminary approval, as well as changes to the NCAA's return-to-play and concussion management policies and guidelines;

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein, the undersigned counsel on behalf of the NCAA and Class Representatives agree that the medical monitoring claims and other class claims asserted in the MDL Action shall be settled, compromised and dismissed with prejudice on the terms and conditions set forth in this Agreement, and without costs to the NCAA (except as provided for herein), subject to Court approval of this Agreement as a good faith, fair, reasonable and adequate Settlement under Fed. R. Civ. P. 23(e), and that the remaining individual claims in the MDL Action shall not be dismissed but shall be stayed pending Final Approval.

## II.    DEFINITIONS

For purposes of this Settlement Agreement, the following definitions shall apply:

A.      "Agreement" or "Settlement Agreement" means this Class Action Settlement Agreement And Release, including all exhibits hereto.

B.      "Attorneys' Fees and Expenses" means the total award of attorneys' fees, costs and expenses sought by Class Counsel and/or allowed by the Court.

C.      "CAFA Notice" means the notice of this Settlement to be served upon State and Federal authorities as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

D.      "Class" or "Settlement Class" shall be defined as "All Persons who played an NCAA-sanctioned sport at an NCAA member institution on or prior to the Preliminary Approval Date," subject to the exclusions set forth in Section III(A) below.

E.      "Class Counsel" means Steve W. Berman of Hagens Berman Sobol Shapiro LLP and Joseph Siprut of Siprut PC as Lead Class Counsel ("Lead Counsel"), Richard Lewis of Hausfeld LLP as Special Class Counsel for Medical Monitoring Relief, and Charles Zimmerman of Zimmerman Reed, James Dugan of the Dugan Law Firm, and Mark Zamora of The Orlando Law Firm as the Executive Committee.

F.      "Class Representatives" means Derek Owens, Kyle Solomon, Angelica Palacios, Abram Robert Wolf, Sean Sweeney, Jim O'Connor, Dan Ahern, Paul Morgan, Jeffrey Caldwell, John DuRocher, Sharon Washington, Shelby Williams, Brice Sheeder, Shavaughne Desecki, Spencer Trautmann, Ryan Parks, Ursula Kunhardt, Jessica Miller, Anna Bartz, Peter Dykstra, DaChe Williams, Rachel Harada, Natalie Harada, and Adam Walker.

G.      "Class Representatives for the Contact Sports Subclass" means Derek Owens, Angelica Palacios, Kyle Solomon, Rachel Harada, Natalie Harada, and Dache Williams.

H.      "Class Representatives for the Non-Contact Sports Subclass" means Shelby Williams, Brice Sheeder, Shavaughne Desecki, Spencer Trautmann, Ryan Parks, Ursula Kunhardt, Jessica Miller, Adam Walke, Anna Bartz, and Peter Dykstra.

I.      "Contact Sports" means football, lacrosse, wrestling, ice hockey, field hockey, soccer, and basketball, whether a men's or women's team.

J.      "Contact Sports Subclass" shall mean "All current or former student-athletes who played an NCAA-sanctioned Contact Sport at an NCAA member institution on or prior to the Preliminary Approval Date," subject to the exclusions set forth in Section III(A) below.

K.   "Counsel for the NCAA" or "the NCAA's Counsel" refers to Latham & Watkins LLP.

L.   "Court" means the United States District Court for the Northern District of Illinois.

M.   "Day" or "Days" has the meaning ascribed to it in Fed. R. Civ. P. 6, and all time periods specified in this Settlement Agreement shall be computed in a manner consistent with Fed. R. Civ. P. 6.

N.   "Effective Date" means the date defined in Section XIV.

O.   "Fairness Hearing" means the hearing to be conducted by the Court under Fed. R. Civ. P. 23(e) to consider the fairness, reasonableness and adequacy of this Agreement.

P.   "Final Order and Judgment" means the Order entered by the Court granting the Motion for Final Approval of the Settlement and entering final judgment.

Q.   "HIPAA Protective Order" means the Protective Order Pursuant to the Health Insurance Portability and Accountability Act of 1996 attached as Exhibit D.

R.   "Lead Class Counsel," "Lead Counsel," or "Settlement Class Counsel" means Hagens Berman Sobol Shapiro LLP and Siprut PC.

S.   "Litigation" or "MDL Action" means In re National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation, MDL No. 2492, Master Docket No. 1:13-cv-09116 (N.D. Ill.).

T.   "Medical Evaluation" means the examination described in Section IV(B)(5) to be provided to Qualifying Class Members.

U.      "Medical Evaluation Reports" means the reports described in Section IV(B)(5)(d) sent by the designated evaluating physicians to Qualifying Class Members after a Medical Evaluation.

V.      "Medical Monitoring" means the Screening Questionnaire and Medical Evaluations, described in Sections IV(B)(4)-(5), to assess, detect and/or diagnose any conditions, symptoms, or injuries from concussions or the accumulation of subconcussive hits.  Medical Monitoring does not mean rendering medical care.

W.      "Medical Monitoring Fund" or "Fund" means the fund to be established by the NCAA and/or its insurers to pay the costs of the Medical Monitoring Program, Notice and Administrative Costs, the costs of the Medical Science Committee, Class Counsel's Attorneys' Fees and Expenses, and the Class Representatives' Service Awards.

X.      "Medical Monitoring Period" means the period that begins on the Effective Date and concludes fifty (50) years from the Effective Date.

Y.      "Medical Monitoring Program" means the program described in Section IV(B).

Z.      "Medical Science Committee" or "Committee" means the committee defined in Section V.

AA.     "Non-Contact Sports Subclass" shall mean "All current or former student-athletes who played an NCAA-sanctioned non-Contact Sport at an NCAA member institution on or prior to the Preliminary Approval Date," subject to the exclusions set forth in Section III(A) below.

BB.      "Notice" means the publication notice to be approved by the Court in the form attached hereto as Exhibit A, the long-form notice to be approved by the Court in the form attached hereto as Exhibit B, the Reminder Notice, and the other forms of notice to be addressed in the Notice Plan.

CC.     "Notice Administrator" means the company or other entity appointed by the Court to fulfill the duties defined in Section VII.

DD.     "Notice and Administrative Costs" means the reasonable and authorized costs and expenses of providing notice in accordance with the Preliminary Approval Order and any other orders of the Court, including the cost of providing the Notice, CAFA Notice, Reminder Notice, and all reasonable and authorized costs and expenses incurred in administering the Settlement.

EE.     "Notice Date" means the first Day on which the Notice Administrator or its designee publishes or otherwise disseminates the Notice.

FF.     "Notice Plan" means the plan for notifying Settlement Class Members of the Settlement.

GG.     "Opt-Out" means a member of the Settlement Class who properly and timely submits a request for exclusion from the Settlement as set forth in Section XIII(D).

HH.     "Opt-Out List" means the list compiled by the Notice Administrator pursuant to Section XIII(E), identifying those Settlement Class Members who properly opt out.

II.     "Opt-Out and Objection Date" means, respectively, the dates, to be set by the Court, by which a request for exclusion must be filed with the Notice Administrator in order for a Settlement Class Member to be excluded from the Settlement Class, and the date by which Settlement Class Members must file objections, if any, to the Settlement.

JJ.     "Parties" means the Class Representatives and Settlement Class Members together with the NCAA.  The Class Representatives and Settlement Class Members shall be referred to as one (1) "Party" with the NCAA being the other "Party."

KK.     "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, member, joint stock company, estate, legal representative,

trust, unincorporated association, any business or legal entity and such individual's or entity's spouse, heirs, predecessors, successors, representatives and assignees.

LL.     "Preliminary Approval Date" means the date the Preliminary Approval Order is entered by the Court.

MM.     "Preliminary Approval Order" means the order defined in Section XII(C)(1) and attached hereto without material alteration as Exhibit C.

NN.     "Program Administrator" means the company or other entity appointed by the Court to fulfill the duties defined in Section VI.

OO.     "Program Locations" means the regional institutions, of which there will be at least thirty-three (33), where Medical Evaluations will be conducted for Qualifying Class Members;

PP.     "Qualifying Class Members" means all members of the Settlement Class who meet the Screening Criteria to qualify for a Medical Evaluation;

QQ.     "Release" means the release and discharge, as of the Effective Date, by the Class Representatives and all Settlement Class Members (and their respective successors, assigns and insurers) of the Released Persons of and from all Released Claims and shall include the agreement and commitment by the Class Representatives and all Settlement Class Members (and their respective successors, assigns and insurers) to not now or hereafter initiate, maintain or assert against the Released Persons or any of them any and all causes of action, claims, rights, demands, actions, claims for damages, equitable, legal or administrative relief, interest, demands or rights for medical monitoring relief of any kind related to concussions or subconcussive hits or contact, including any and all claims for damages for medical monitoring, including those in excess of actual damages, whether based on federal, state or local law, statute, ordinance,

regulation, contract, common law or any other sources that have been, could have been, may be or could be alleged or asserted now or in the future by the Class Representatives or any Settlement Class Members (and their respective successors, assigns and insurers) against the Released Persons or any of them in this Litigation or in any other court action or before any administrative body (including any regulatory entity or organization), tribunal, arbitration panel or other adjudicating body arising out of or related to the Released Claims.

      RR.    "Released Claims" means (i) any and all claims, actions, causes of action, rights, demands, suits, debts, liens, contracts, agreements, offsets or liabilities seeking damages for medical monitoring, or other legal or equitable relief for medical monitoring, related to concussions or sub-concussive hits or contact, whether known or unknown, alleged or not alleged in this Litigation, suspected or unsuspected, contingent or matured, under federal, state or local law, which the Class Representatives or any Settlement Class Member had, now have or may in the future have with respect to any conduct, acts, omissions, facts, matters, transactions or oral or written statements or occurrences on or prior to the Preliminary Approval Date arising from or relating to concussions or sub-concussive hits or contact sustained during participation in NCAA-sanctioned sports as an NCAA student-athlete; and (ii) any and all claims, actions, causes of action, rights, demands, suits, debts, liens, contracts, agreements, offsets or liabilities brought or pursued on a class-wide basis (other than claims pursued on behalf of a class of persons who allege personal injuries or bodily injuries resulting from their participation in a single NCAA-sanctioned sport at a single-NCAA member school, and relating to concussions or sub-concussive hits or contact), including but not limited to tort claims, claims for breach of contract, breach of statutory duties, actual or constructive fraud, negligence, conspiracy, misrepresentation, fraudulent inducement, fraudulent concealment, breach of fiduciary duty,

compensatory and punitive damages, injunctive or declaratory relief, requests for class treatment of issues under Fed. R. Civ. P. 23(c)(4) or state law counterparts thereto, requests for attorneys' fees, interests, costs, penalties and any other claims, whether known or unknown, alleged or not alleged in this Litigation, suspected or unsuspected, contingent or matured, under federal, state or local law, which the Class Representatives or any Settlement Class Member had, now have or may in the future have with respect to any conduct, acts, omissions, facts, matters, transactions or oral or written statements or occurrences arising from or relating to concussions or sub-concussive hits or contact sustained during participation in collegiate sports as an NCAA student-athlete. "Released Claims" does not include (i) individual personal or bodily injury claims; (ii) personal or bodily injury class claims brought on behalf of a class of persons who allege injury resulting from their participation in a single NCAA-sanctioned sport at a single-NCAA member school; or (iii) class claims that do not relate in any way to medical monitoring or medical treatment or concussions or sub-concussive hits or contact.

SS.    "Released Persons" means the NCAA, its member institutions (past and present), its current and former officers, directors, employees, insurers, attorneys and agents, except as otherwise set forth in Section IX.B.

TT.    "Releasing Persons" means the Class Representatives on behalf of themselves and all Settlement Class Members, each Settlement Class Member, and the respective heirs, administrators, representatives, attorneys, agents, partners, successors, insurers and assigns of each Class Representative and Settlement Class Member.

UU.    "Reminder Notice" means the Notice to Settlement Class Members in the manner and form approved by the Court to be sent ten (10) years after the Effective Date and at such other dates and times as required by the Court, and campaigns to publicize the Settlement to be

performed ten (10) years, twenty (20) years, thirty (30) years, and forty (40) years after the Effective Date and at such other dates and times as required by the Court.

VV. "Screening Criteria" means the criteria to be used to evaluate the Settlement Class Members' responses to the Screening Questionnaire to determine whether the Settlement Class Members qualify for a Medical Evaluation, as described in Section IV(B)(4)(c) and as initially reflected in the Expert Report of the Medical Science Committee to be submitted with Plaintiffs' Renewed Motion for Preliminary Approval;

WW. "Screening Questionnaire" means the questionnaire to be completed by Settlement Class Members to qualify for a Medical Evaluation;

XX. "Service Awards" means compensation for the Class Representatives for their time and effort undertaken in this Litigation as defined in Section XVII(A), which shall be subject to Court approval.

YY. "Settlement" means the agreement for the settlement of this matter reflected by and in this Settlement Agreement.

ZZ. "Settlement Class Member" means those persons that fall within the definition of the Class, Contact Sports Subclass, and/or Non-Contact Sports Subclass.

AAA. "Settlement Website" means a website that will be created and maintained by the Notice Administrator and that will contain relevant documents and information about the Settlement, including this Agreement, the Notice and the Screening Questionnaire.

BBB. "Special Master" shall refer to the Honorable Wayne R. Andersen (Ret.), or a successor appointed by the Court. The Special Master shall also be known as the "Chair of the Medical Science Committee."

## III. PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

A.     The Parties stipulate to certification, pursuant to Fed. R. Civ. P. 23(b)(2) and for

settlement purposes only, of the following Settlement Class:

> All Persons who played an NCAA-sanctioned sport at an NCAA member
> institution on or prior to the Preliminary Approval Date.

The Parties also stipulate to certification, pursuant to Fed. R. Civ. P. 23(b)(2) and for settlement

purposes only, of the following Contact Sport Settlement Subclass:

> All Persons who played an NCAA-sanctioned Contact Sport at an NCAA member
> institution on or prior to the Preliminary Approval Date.

The Parties further stipulate to certification, pursuant to Fed. R. Civ. P. 23(b)(2) and for

settlement purposes only, of the following Non-Contact Sport Settlement Subclass:

> All Persons who played an NCAA-sanctioned non-Contact Sport at an NCAA
> member institution on or prior to the Preliminary Approval Date.

The Contact Sport Settlement Subclass and Non-Contact Sport Settlement Subclass may be

jointly referred to as the "Settlement Subclasses." Specifically excluded from the Settlement

Class and the Settlement Subclasses are the following persons.  Specifically excluded from the

Settlement Class and the Settlement Subclasses are the following persons:

> (i)     The NCAA and the NCAA's officers and directors;
>
> (ii)    Class Counsel;
>
> (iii)   The Special Master;
>
> (iv)    The judges who have presided over this Litigation.

B.     Solely for the purpose of implementing this Agreement and effectuating the

Settlement, the NCAA stipulates to the Court entering an order preliminarily certifying the

Settlement Class and Settlement Subclasses; appointing the Class Representatives as

representatives of the Settlement Class, the Contact Sport Class Representatives as

- 17 -

representatives of the Contact Sport Settlement Subclass, and the Non-Contact Sport Class

Representatives as representatives of the Non-Contact Sport Settlement Subclass; and appointing

the following as Settlement Class Counsel:

Steve W. Berman, Esq.                    Joseph J. Siprut, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLP          SIPRUT PC
1918 Eighth Avenue, Suite 3300           17 North State Street, Suite 1600
Seattle, Washington 98101                Chicago, Illinois 60602
Telephone: (206) 623-7292                Telephone: (312) 236-0000
Facsimile: (206) 623-0594                Facsimile: (312) 878-1342
E-mail: steve@hbsslaw.com                E-mail: jsiprut@siprut.com

C.       Solely for purposes of this Settlement, the NCAA does not object to the

certification of the Settlement Class and Settlement Subclasses. The NCAA's failure to so object

shall not constitute, in this or any other proceeding, an admission by the NCAA of any kind or

any determination that certification of a nationwide class for trial purposes is appropriate. If the

Settlement is not granted final approval or this Agreement is otherwise terminated or rendered

null and void, the certification of the above-described nationwide Class and Subclasses shall be

automatically vacated and shall not constitute evidence or any sort of binding determination that

the requirements for certification of a nationwide class for trial purposes in this or any other

action are satisfied; in such circumstances, the NCAA reserves all rights to challenge

certification of any class or subclass for trial purposes in the MDL Action or in any other action

on all available grounds as if no nationwide class had been certified in this Litigation for

purposes of Settlement.

## IV.    BENEFITS TO SETTLEMENT CLASS MEMBERS

Pursuant to the terms and conditions set forth below, the NCAA agrees to provide the

following benefits to the Settlement Class:

A.    Medical Monitoring Fund.

      1.    Establishment of a Medical Monitoring Fund.

          a.    Pursuant to the terms and conditions set forth below, the NCAA agrees to pay or cause to be paid on the schedule specified in Sections IV(A)(1)(d)-(e) the sum of seventy million U.S. dollars ($70,000,000.00) (the "Settlement Amount").  Certain of the NCAA's insurers have agreed to pay a portion of the Settlement Amount.  If those insurers fail to pay that agreed-upon portion prior to the Effective Date or otherwise rescind their agreement and commitment to pay that agreed-upon portion prior to the Effective Date, the NCAA shall have the option to terminate this Agreement pursuant to the procedures set forth in Section XX(A), and this Agreement shall become null and void and shall have no further force and effect with respect to any Party in this Litigation.

          b.    The NCAA's payment of the Settlement Amount shall be "ALL-IN" and in full satisfaction of all Settlement costs, including costs to fund the Medical Monitoring Program, Notice and Administrative Costs, the costs of the Medical Science Committee, Attorneys' Fees and Expenses, and Service Awards.  In no event shall the NCAA be obligated to contribute in excess of $70 million in costs towards this Settlement Agreement, except as set forth in Section IV(A)(7).

          c.    Within ten (10) Days after the Preliminary Approval Date, the Program Administrator shall establish a Medical Monitoring Fund in an interest-bearing account in a bank selected by Settlement Class Counsel (the "Settlement Account") and agreed to by the NCAA.

          d.    Within fourteen (14) Days after the Preliminary Approval Date, the NCAA shall deposit or cause to be deposited five million U.S. dollars ($5,000,000.00) into the

Medical Monitoring Fund. Such funds may be used to pay the costs of the Notice, CAFA Notice, administrative costs incurred by the Program Administrator for the responsibilities set forth in Section VI and/or the costs incurred by the Medical Science Committee for the responsibilities set forth in Section V(C). Any amounts disbursed by the Notice Administrator pursuant to this Agreement for Notice prior to the Fairness Hearing shall not be recoverable by the NCAA or its insurers in the event of termination pursuant to Section XX. Any amounts remaining in the Medical Monitoring Fund after the Effective Date will be used to make payments set forth in Section IV(A)(2).

       e.     Within thirty (30) Days after the Effective Date, the NCAA shall deposit or cause to be deposited twenty-five million U.S. dollars ($25,000,000.00) into the Settlement Account. On the first day of the eleventh year after the Effective Date, the NCAA shall deposit or cause to be deposited into the Settlement Account twenty million U.S. dollars ($20,000,000.00) ("Third Payment"). On the first day of the twenty-first year after the Effective Date, the NCAA shall deposit or cause to be deposited into the Settlement Account twenty million U.S. dollars ($20,000,000.00) ("Fourth Payment"). In the event that the balance in the Settlement Account subsequently falls below two million U.S. dollars ($2,000,000.00) more than six (6) months before the Third Payment or the Fourth Payment is due, the NCAA shall deposit or cause to be deposited into the Settlement Account such amount as necessary to bring the balance to two million U.S. dollars ($2,000,000.00) within thirty (30) Days' notice from the Program Administrator to the NCAA and its counsel that such payment is necessary ("Early Payment"). Any Early Payments made by the NCAA or its insurers before the Third Payment is due shall be deducted from the amount due for the Third Payment. Any Early Payments made by the NCAA or its insurers before the Fourth Payment is due shall be deducted from the amount

due for the Fourth Payment.  The obligation of the NCAA to make these payments is subject to the monetary limits specified in Section IV(A)(1)(b).

        f.      Monies held in the Fund shall be invested in short-term and long-term United States Agency or Treasury Securities (or a mutual fund invested solely in such instruments) or other similar short-term and long-term United States government obligations, and any interest earned thereon shall become part of the Fund.

        2.      The Fund will be administered by the Program Administrator.  The Program Administrator shall make the following payments from the Fund, subject to any authorizations required below:

        a.      All payments for Medical Evaluations within forty-five (45) Days after receipt of invoice and other required program documentation;

        b.      All payments to members of the Medical Science Committee for their time actually expended for the tasks set forth in Section V(C) at a reasonable hourly rate, in amounts to be approved by the Chair of the Medical Science Committee;

        c.      All payments for costs of administration of the Medical Monitoring Program, in amounts to be approved by the Court;

        d.      All payments for the costs of Notice and Reminder Notice, in amounts to be approved by the Court;

        e.      All payments for Attorneys' Fees and Expenses, in amounts to be determined and approved by the Court;

        f.      All payments for Service Awards to the Class Representatives, in amounts to be determined and approved by the Court.

3.	All payments dispersed from the Fund shall be reported by the Program Administrator to the Parties and their counsel on a quarterly basis and to the Court, or a Special Master designated by the Court, on an annual basis, or as requested by the Court at any time

4.	The Program Administrator, after consulting with the Medical Science Committee, shall report to the Court on the state of the Medical Monitoring Fund one year prior to the expiration of the Medical Monitoring Period.  If the Medical Monitoring Fund contains funds sufficient to extend to the Medical Monitoring Program six months or more beyond the expiration of the Medical Monitoring Period, the Medical Monitoring Period shall be so extended.  If the Medical Monitoring Fund does not contain funds sufficient to extend the Medical Monitoring Period beyond six months, except as otherwise provided in Section IV(A)(7), at the discretion of the Medical Science Committee and subject to Court approval, any monies remaining in the Medical Monitoring Fund at the expiration of the fifty (50) year Medical Monitoring Period, together with any accrued interest (if any), shall be donated to an institution or institutions selected by the Medical Science Committee and approved by the Court to be used for concussion-related research or treatment.

5.	If the Medical Monitoring Fund is depleted before the expiration of the fifty (50) year Medical Monitoring Period, Settlement Class Members may pursue claims seeking medical monitoring, including both individual and class claims.  The statute of limitations for claims for medical monitoring will be tolled during the Medical Monitoring Period.

6.	If it appears that the Fund is going to be depleted before the expiration of the Medical Monitoring Period, the Program Administrator shall notify the Parties and cease to make payments from the Medical Monitoring Fund. The Program Administrator shall do so at a

time when sufficient money remains in the Fund to pay all existing liabilities plus sufficient funds to notify the Settlement Class of the early expiration of the Medical Monitoring Period.

7.     Within ten (10) days of written notice from the Program Administrator, if it appears that the Fund is going to be depleted before the expiration of the Medical Monitoring Period, Class Counsel may serve written notice on the NCAA, requiring that the NCAA meet and confer within thirty (30) Days regarding additional funding of the Medical Monitoring Fund. In such event, the NCAA and/or its insurers may elect to deposit or cause to be deposited additional funds into the Settlement Account for the Medical Monitoring Fund but shall not be required to do so.  Any such additional funds deposited into the Settlement Account for the Medical Monitoring Fund pursuant to this Section IV(A)(7) which remain in the Settlement Account at the expiration of the fifty (50) year Medical Monitoring Period, together with any interest accrued thereon, shall be refunded to the NCAA by the Medical Monitoring Program Administrator.

8.     Within thirty (30) days of meeting and conferring with Class Counsel pursuant to the immediately preceding paragraph, if the NCAA or its insurers decline to deposit or cause to be deposited additional funds into the Settlement Account for the Medical Monitoring Fund, the Parties shall confer and request Court approval to notify the Settlement Class in a manner to be approved by the Court of the early expiration of the Medical Monitoring Period and the date on which the tolled statutes of limitations shall begin to run.

B.     Medical Monitoring Program.  The Medical Monitoring Program will operate as follows:

1.      Program Locations.

      a.      Within forty-five (45) Days of the Preliminary Approval Date, the Medical Science Committee, or the Program Administrator as its designee, will issue a request for proposals ("RFP") to medical institutions or providers in at least thirty-three (33) regionally geographic locations, requesting bids to be retained to provide the Medical Evaluations to Qualifying Class Members and to conduct any administrative functions related thereto, including but not limited to sending the physicians' reports on the Medical Evaluations to the Qualifying Class Members and implementing reasonable operating rules and guidelines to ensure compliance with 42 U.S.C. § 1395y(b).

      b.      All responses to the RFP will be due within thirty (30) Days after the RFP is issued. The Medical Science Committee, or the Program Administrator as its designee, will evaluate the responses to the RFP and recommend their selections to the Parties. The Parties will strive to arrive at a consensus with the Medical Science Committee regarding the Program Locations. If the Parties cannot agree on the Program Locations, they shall submit any dispute regarding the Program Locations to the Special Master for resolution.

2.      The Medical Monitoring Program for Settlement Class Members will begin ninety (90) Days from the Effective Date.

3.      Participation in the Medical Monitoring Program is completely voluntary. Settlement Class Members will remain eligible to participate in the Medical Monitoring Program for the entire Medical Monitoring Period, subject to the provisions of Sections IV(B)(4)(g)-(h).

4.      Settlement Class Members who wish to participate in the Medical Monitoring Program must complete a Screening Questionnaire to determine whether they qualify for a Medical Evaluation. The questionnaire-based screening program will be, and is designed to

assess, <u>inter</u> <u>alia</u>, self-reported symptoms and cognitive, mood, behavioral, and motor problems that may be associated with persistent post-concussion syndrome and/or mid- to late-life onset problems, such as Chronic Traumatic Encephalopathy ("CTE") and related disorders.

       a.       The Screening Questionnaire may be completed in hard copy or online. The Screening Questionnaire will be available on the Settlement Website, through a link maintained on the NCAA's website to the Settlement Website, or upon request from a Settlement Class Member to the Program Administrator through regular mail. If a Settlement Class Member is not able to complete the Screening Questionnaire unassisted, a family member or other authorized designee may complete the Screening Questionnaire, noting his or her identity on the Screening Questionnaire.

       b.       The Medical Science Committee has agreed on the substance of the Screening Questionnaire. The initial Screening Questionnaire is being submitted to the Court as part of the Expert Report of the Medical Science Committee with the Renewed Motion For Preliminary Approval. The Medical Science Committee can suggest changes to the Screening Questionnaire that are consistent with changes to the standard of care for the diagnosis and treatment of concussions and problems or disorders related to concussions or the accumulation of subconcussive hits. The Medical Science Committee will promptly report any changes to the Screening Questionnaire to Class Counsel, the NCAA and Counsel for the NCAA and will report any such changes to the Court on an annual basis.

       c.       The Medical Science Committee has agreed on the initial algorithms for scoring responses to the Screening Questionnaire and the scoring thresholds, or cut scores, for qualifying for a Medical Evaluation. Those initial cut scores are set forth in the Expert Report of the Medical Science Committee being submitted with the Renewed Motion For

Preliminary Approval.  Further, the Medical Science Committee will evaluate the appropriateness of the cut scores on an annual basis and make adjustments as necessary to fit the purposes of the Medical Monitoring Program.

        d.      All Screening Questionnaires will be scored electronically. Decisions regarding the need for Medical Evaluations under the Medical Monitoring Program will be determined electronically, based on the algorithm and score threshold developed by the Medical Science Committee.

        e.      Those Settlement Class Members whose responses meet the agreed-upon criteria will be eligible for a Medical Evaluation.

        f.      Intervention of Suicidality. Although the primary purpose of the Screening Questionnaire is to determine who will qualify for a Medical Evaluation, evidence of potential suicidality may warrant immediate evaluation and possible intervention prior to the Medical Evaluation visit.  If a Settlement Class Member provides responses to mood-related questions on the Screening Questionnaire that reach a specific threshold for suicide potential (as determined a priori by the Medical Science Committee), the identity of the Settlement Class Member will be provided to a trained clinician (e.g., clinical social worker) at the nearest Program Location.  The Settlement Class Member will then be contacted by telephone or similar immediate method within five (5) Days by the clinician, who will conduct a brief interview to evaluate the degree of severity of the individual's suicidality.  If the clinician determines that the Settlement Class Member is at risk of imminent self-harm, the Settlement Class Member will be referred to a local mental health provider or hospital.

        g.      Settlement Class Members may complete the Screening Questionnaire not more than once every five (5) years until the age of fifty (50) and then not

more than once every two (2) years after the age of fifty (50) until the end of the fifty (50) year Medical Monitoring Period, unless otherwise permitted on an case-by-case basis by the Medical Science Committee. After a Settlement Class Member has submitted three (3) Screening Questionnaires without qualifying for an examination, any further Screening Questionnaires completed by that Class Settlement Member will be sent to the Medical Science Committee for review. The Special Master shall confer with the members of the Medical Science Committee regarding the appropriateness of further Medical Evaluation for any such persons, and shall respond to the Settlement Class Member within sixty (60) Days of the Settlement Class Member's completion of the Screening Questionnaire.

   h. A Settlement Class Member may qualify up to two (2) times for a Medical Evaluation during the Medical Monitoring Period. However, if a Class Member seeks a third Medical Evaluation and can demonstrate a showing of significant symptoms or loss of function in the areas of cognition, behavior, mood, or movement, the Special Master shall confer with the members of the Medical Science Committee and shall determine if further Medical Evaluation is appropriate. The Special Master shall notify the Settlement Class Member of the Special Master's decision within sixty (60) Days of receiving the Settlement Class Member's request for a third Medical Evaluation. If the Special Master determines a third Medical Evaluation is appropriate, the Special Master will notify the Program Administrator, which will notify the Settlement Class Member he or she is a Qualifying Class Member eligible for a Medical Evaluation as described below.

   i. A Settlement Class Member whose responses to the Screening Questionnaire render him or her eligible for a Medical Evaluation using the algorithm described in Section IV(B)(4)(c) will be deemed a Qualifying Class Member. Within thirty (30) Days of

receiving a Screening Questionnaire, the Program Administrator will notify the Settlement Class Member whether or not he or she is a Qualifying Class Member. The Program Administrator will provide Qualifying Class Members with instructions regarding how and where to schedule a Medical Evaluation.

        5.      Qualifying Class Members will be eligible for a Medical Evaluation as follows:

        a.      Medical Evaluations will be conducted at Program Locations, of which there will be at least thirty-three (33) and which will be agreed upon by the Parties. If a Qualifying Class Member lives more than one hundred (100) miles from the nearest Program Location, the Qualifying Class Member may: (i) receive reimbursement from the Medical Monitoring Fund for the cost of driving to the nearest Program Location based on the then-prevailing rate for mileage reimbursement, if proof of such costs are submitted to the Program Administrator within sixty (60) Days of the Medical Evaluation; or (ii) if travel to the nearest Program Location would be unduly burdensome (as determined by the Program Administrator pursuant to standards approved by the Special Master), such Qualifying Class Member may propose to the Program Administrator an alternate medical institution or providers within 100 miles of such Qualifying Class Member's residence as a candidate to provide a Medical Evaluation to such Qualifying Class Member and the Program Administrator shall undertake reasonable efforts to qualify and, subject to the approval of the Special Master, contract such candidate in accordance with the standards applied in the RFP process described in Section IV(B)(1)(a) to provide such Medical Evaluation.

        b.      In no event shall the Program Administrator or a Program Location submit an invoice to Medicare for payment related to any Settlement Class Member's Medical

Evaluation.  The Program Administrator shall work with the Program Locations to implement reasonable operating rules and guidelines to ensure compliance with 42 U.S.C. § 1395y(b).

        c.      The Medical Science Committee will agree on the scope of the Medical Evaluations.  The Medical Evaluation will be designed to assess symptoms related to persistent post-concussion syndrome, as well as cognitive, mood, behavioral, and motor problems which may be associated with mid- to late-life onset diseases, such as CTE and related disorders.  The Medical Science Committee will evaluate annually whether the testing provided in the Medical Evaluations is consistent with the standard of care and will update the testing protocols for the Program Locations accordingly, taking into account the relative costs and benefits of any changes in said protocols.  The Medical Science Committee will also consider whether separately-defined evaluations are appropriate based on whether a Qualifying Class Member has persistent symptoms from a concussion, or whether the Qualifying Class Member is experiencing mid- to late-life symptoms after a period of being asymptomatic.

        d.      Within sixty (60) Days of a Medical Evaluation performed at a Program Location, the evaluating physician will send the results and/or diagnosis and report to the Qualifying Class Member or the Qualifying Class Member's physician at the direction of the Qualifying Class Member. Subject to the Qualifying Class Member's written consent, the evaluating physician will also send designated information to the Program Administrator.  The Program Administrator will maintain the confidentiality of any personally-identifiable information but will aggregate the results from all evaluations to share with the Medical Science Committee for the purpose of assessing and adjusting the cut scores used to qualify Settlement Class Members for Medical Evaluations, as set forth in the accompanying Expert Report of the Medical Science Committee.

e.      Intervention of Suicidality. Although the goals of the Medical Evaluation are for diagnostic purposes for the Qualifying Class Members, evidence of suicidality may warrant immediate intervention.  If a Qualifying Class Member's responses to questions asked during the Medical Evaluation suggest that the Qualifying Class Member may be suicidal, or otherwise provides cause for the Program Location staff to believe that the Qualifying Class Member is at risk of imminent self-harm, the Qualifying Class Member will be referred promptly or brought to the Program Location's Emergency Department or Psychiatry Admissions Program for additional evaluation and admission.  Costs associated with an emergency psychiatric evaluation, if any, are to be borne by the Qualifying Class Member or his/her insurer.

f.      The information generated through the Medical Monitoring Program, including but not limited to the evaluation of completed Screening Questionnaires, the results of Medical Evaluations, and written reports documenting the evaluation of Medical Evaluations, does not and shall not constitute an admission by the NCAA or any other Released Person.  Moreover, the circumstances regarding the initiation of testing, the medical monitoring and its funding will be governed by Fed. R. Evid. 408 and/or its state law corollaries.

g.      Neither the Program Administrator nor the Program Locations shall pursue subrogation or reimbursement from the Qualifying Class Member or his or her private health insurance, Medicare, Medicaid, or any other payor or administrator.  In no event shall a Qualifying Class Member be responsible for making a claim on his or her insurance policy to receive or qualify for the benefits of the Settlement.

## V.    MEDICAL SCIENCE COMMITTEE

A.    A Medical Science Committee will be formed as follows:

1.    The Parties have agreed on the appointment of four (4) medical experts with expertise in the diagnosis, care and management of concussions in sport and mid- to late-

life neurodegenerative disease to the Medical Science Committee: (i) Dr. Brian Hainline; (ii) Dr. Robert Cantu; (iii) Dr. Ruben Echemendia; and (iv) Dr. Robert Stern. The Parties have also agreed to the appointment of the Honorable Wayne R. Andersen (Ret.) as the Chair of the Medical Science Committee.

2.      Dr. Hainline and Dr. Cantu will be appointed for an initial five (5) year term with the potential to be reappointed by the Parties for a second five (5) year term. Dr. Ruben Echemendia and Dr. Stern will be appointed for an initial three (3) year term with the potential to be reappointed by the Parties for a second, five (5) year term. All subsequent appointments for all members will be for five (5) year terms. The Chair of the Medical Science Committee will serve an initial term of five (5) years.

3.      The membership of the Medical Science Committee will include four (4) experts with representation from among the following specialties: Behavioral Neurology; Neuropsychiatry; Neuropsychology; Neurosurgery; and Athletic Training. The membership of the Medical Science Committee will also include a person who will serve as Chair of the Medical Science Committee and who will provide the tie-breaking vote in the event that the medical experts are unable to reach consensus after a reasonable period of time and opportunity for conferral. The Chair of the Medical Science Committee at the time of its inception will be the Honorable Wayne R. Andersen (Ret.). Criteria for selection to the Medical Science Committee will be based on experience and training as it directly relates to the Medical Monitoring Program. Under usual circumstances, the Chair of the Medical Science Committee is not expected to be present for meetings of the Medical Science Committee, but the Chair of the Medical Science Committee will make himself or herself available to address disputes that arise between members of the Medical Science Committee, as further described in Section V(D).

4.  In the event that a member of the Medical Science Committee or the Chair resigns or is unable to carry out his or her responsibilities, the Parties will agree on the appointment of a successor and request the Court's approval of the appointment.

B.  The Chair of the Medical Science Committee shall ensure that the Medical Science Committee meets at least one (1) time per calendar year to carry out its responsibilities, or more if necessary to fulfill its responsibilities under this Agreement.  The meetings may take place in person or by conference call.  The Chair shall also ensure that the annual report of the Medical Science Committee is filed with the Court, through the Parties, by December 31 of each year.

C.  The Medical Science Committee's responsibilities shall include the following:

1.  The Committee shall meet in person or by conference call at least once per calendar year and more if necessary to fulfill its responsibilities under this Section;

2.  The Committee shall prepare, annually review and amend, if necessary, the Screening Questionnaire to ensure it meets the then-current standard of care and fits the purposes of the Medical Monitoring Program;

3.  The Committee shall prepare, annually review and amend, if necessary, the Screening Criteria to ensure they meet the then-current standard of care and fit the purposes of the Medical Monitoring Program;

4.  The Committee shall prepare, annually review, and, if necessary, amend the scope of the Medical Evaluations to ensure they meet the then-current standard of care and fit the purposes of the Medical Monitoring Program;

5.  The Committee shall oversee the performance of the Program Locations to ensure that the Program Locations are providing Medical Evaluations to Qualifying Class

Members in accordance with the terms of this Agreement and any additional agreements entered into in furtherance of this Agreement;

6. The Committee shall provide a written report to the Parties on an annual basis, by December 1 of each year, regarding their fulfillment of their responsibilities under this Agreement for submission to the Court. Within thirty (30) Days of receiving the Medical Science Committee's annual report, the Parties shall file the annual report with the Court.

D. The Medical Science Committee shall strive to carry out its responsibilities and reach decisions by consensus. In the event that a dispute arises among the Medical Science Committee members that cannot be resolved by consensus, the Medical Science Committee shall submit the issue to the Chair of the Medical Science Committee. Within fourteen (14) Days of receipt of an issue from the Medical Science Committee, the Chair will determine the appropriate next steps to take to facilitate agreement among the Medical Science Committee members. In the event the Medical Science Committee cannot reach agreement on the issue within sixty (60) Days after submitting the issue to the Chair, or such other time as agreed to in writing by them, the Chair will cast his or her vote to resolve the issue submitted by the medical experts and will report such vote and result to the Parties and their counsel.

E. The Parties and their counsel reserve the right to raise with the Court any disputes or issues with regard to decisions made by the Medical Science Committee after the dispute resolution process outlined in Section V(D) has been completed and the Parties and their counsel have met and conferred within thirty (30) Days after the completion of the dispute resolution process outlined in Section V(D).

F. The members of the Medical Science Committee will be compensated at a reasonable hourly rate from the Medical Monitoring Fund by the Program Administrator.

## VI.    PROGRAM ADMINISTRATOR

A.    The Program Administrator shall be an independent professional service company to be selected by the Parties and their counsel, subject to approval of the Court, and charged with the following tasks:

1.    Receiving, processing, and paying expenses as provided in this Agreement and any applicable orders of the Court;

2.    Implementing and overseeing the administration of the Screening Questionnaires designed and approved by the Medical Science Committee;

3.    Notifying Qualifying Class Members of their right to a Medical Evaluation, providing information regarding where and how the Medical Evaluation can be scheduled, and assisting, if necessary, in scheduling an appointment for the Medical Evaluation;

4.    For those Qualifying Class Members who live more than one hundred (100) miles from the nearest Program Location, (i) reimbursing Qualifying Class Members for the then-prevailing rate for mileage reimbursement to travel to the Program Location; or (ii) if they choose to have a Medical Evaluation from a local medical institution or provider pursuant to the steps described in Section IV(B)(5)(a) above, and submit proof of the Medical Evaluation to the Program Administrator, paying fees owed pursuant to the contract negotiated with the local medical institution or provider;

5.    Processing and aggregating the results of the Medical Evaluations in collaboration with the Medical Science Committee for the purpose of allowing the Medical Science Committee to assess and adjust the cut scores to qualify Class Members for Medical Evaluations.

6.     If so ordered by the Court, distributing the Settlement proceeds pursuant to the terms of this Agreement and any agreements with the Program Locations to carry out the duties described herein for the Medical Evaluations.

B.     By December 1 of each year, the Administrator shall provide the Parties with a report that includes: (i) the total number of Screening Questionnaires that have been submitted; (ii) the total number of Qualifying Class Members; (iii) the total number of Medical Evaluations at each Program Location; and (iv) the total costs paid from the Medical Monitoring Fund to date.

C.     The procedures the Program Administrator uses in performing its duties under this Agreement shall be subject to Court approval, and the Program Administrator shall operate under the continuing supervision and jurisdiction of the Special Master.

D.     The Program Administrator shall retain all records relating to payment of any claims or expenses from the Medical Monitoring Fund for a period of five (5) years from the end of the Medical Monitoring Period.  The confidentiality of any personal health information in those records shall be maintained in accordance with the HIPAA Protective Order to be entered in the MDL Action.

## VII.   NOTICE ADMINISTRATOR

The Parties and their counsel have selected Gilardi & Co. LLC, an independent professional service company, to serve as Notice Administrator, subject to approval of the Court, and charged with the following tasks:

A.     Disseminating information to Settlement Class Members concerning the Settlement Agreement by, among other ways, establishing a toll-free "hotline" and the Settlement Website;

B. Assisting the Court in processing and tabulating opt-out requests, by receiving all opt-out requests and documentation, and providing the Opt-Out List to the Parties within ten (10) Days of the Opt-Out and Objection Date; and

C. Arranging for Court-ordered dissemination of required notices.

## VIII. SPECIAL MASTER

The Special Master shall be an independent individual to be selected by the Parties and their counsel, subject to approval of the Court, and charged with the following tasks:

1. Serving as Chair of the Medical Science Committee;

2. Supervising the Program Administrator's performance of its duties under this Agreement;

3. Evaluating Settlement Class Members' requests for additional Screening Questionnaires or Medical Evaluations pursuant to Section IV(B)(4)(g)-(h); and,

4. Resolving disputes between the Parties regarding the implementation of the Medical Monitoring Program.

5. The Initial Special Master is Wayne R. Anderson.

## IX. RETURN TO PLAY GUIDELINES, ACADEMIC ACCOMMODATIONS, AND CONCUSSION EDUCATION

A. The Parties agree that the NCAA and/or its member institutions will implement the following return-to-play guidelines:

1. Every student-athlete at every NCAA member institution will undergo pre-season baseline testing for each sport in which they participate prior to participating in practice or competition.

      2.      An NCAA student-athlete who has been diagnosed with a concussion will be prohibited from returning to play or participating in any practice or game on the same Day on which he or she sustained such concussion.

      3.      Any NCAA student-athlete diagnosed with a concussion by medical personnel must be cleared by a physician before being permitted to return to play in practice or competition.

      4.      NCAA member institutions shall ensure that medical personnel with training in the diagnosis, treatment and management of concussion are present at all Contact Sports games for Divisions I, II and III.

      5.      NCAA member institutions shall ensure that medical personnel with training in the diagnosis, treatment and management of concussion are available at all Contact Sports practices for Divisions I, II and III.

      B.      Within six (6) months after the Effective Date, each NCAA member institution shall certify in writing that the member institution has put in place a concussion management plan that meets the requirements set forth in Section IX(A). Such written certifications shall be provided to the Special Master, Class Counsel, and the Notice Administrator and will be posted on the Settlement Website. The Release shall not apply to any NCAA member institution that fails to submit such written certification. Any NCAA member institution that fails to submit such written certification shall not be a Released Person.

      C.      The NCAA will create a reporting process through which member institutions will report to the NCAA instances of diagnosed concussions in NCAA student-athletes and their resolution.

D.      The NCAA will create a reporting mechanism through which third parties, such as NCAA student-athletes and/or their parents, can report concerns about concussion management issues to the NCAA.

E.      At the beginning of each academic year, the NCAA will provide member institutions with educational materials for faculty regarding academic accommodations that may be advisable to accommodate NCAA student-athletes who have sustained concussions.  Such educational materials shall be provided annually throughout the Medical Monitoring Period.

F.      The NCAA will require that member institutions provide concussion education and training approved by the NCAA to student-athletes, coaches and athletic trainers before every season for the duration of the Medical Monitoring Period.  The NCAA will remind member institutions periodically of this obligation.

## X.      RESEARCH FUNDS

A.      The NCAA will contribute five million U.S. dollars ($5,000,000.00), over a period not to exceed ten (10) years, to research the prevention, treatment, and/or effects of concussions.  These funds are in addition to any funds the NCAA has already spent on concussion research as of the Effective Date and must be used to fund research that would not have occurred absent this Settlement Agreement.

B.      The Medical Science Committee can make annual recommendations for the NCAA's consideration regarding the expenditure of research funds.  The NCAA may elect to accept these recommendations at its discretion.

C.      The NCAA will provide an annual report to the Parties, by no later than December 31 of each year, which will include:  (i) the amount of money spent since the Effective Date by the NCAA on research regarding the prevention, treatment, and/or effects of concussions and mid- to late-life neurodegenerative disease; (ii) the recipients of the research

funds; (iii) the purposes of the research being conducted by the recipients; and (iv) the results of any research, including the identity of any publications related thereto.

## XI.    NOTICE

A.    Notices to Settlement Class Members.

1.    The NCAA will work with its member institutions to obtain all reasonably-available names and addresses of NCAA student-athletes.  If necessary, the Parties will issue subpoenas to obtain such names and addresses.  The Notice Administrator will set up and maintain a database, to be shared with the Program Administrator, to store the names and addresses of Settlement Class Members so that Notice and Medical Evaluation Reports can be mailed directly to Settlement Class Members.

2.    Notice will be provided in the manner described in the Notice Plan and prescribed by the Court, including, but not limited to, through the use of the NCAA's website, Facebook pages, and Twitter accounts.

3.    Unless they have excluded themselves from the Settlement, Settlement Class Members will receive a Reminder Notice regarding the Medical Monitoring Program ten (10) years after the Effective Date.  The manner of notice will depend upon then available technology and other factors such as the accuracy of mailed notice.  Publicity campaigns publicizing the Settlement will be performed each of the following intervals: ten (10) years, twenty (20) years, thirty (30) years, and forty (40) years after the Effective Date.

4.    If necessary to encourage participation in the Medical Monitoring Program, the Court may direct additional Notice to Settlement Class Members to be paid from the Medical Monitoring Fund.

5.    In addition to notice of the procedures to participate in and benefits of the Settlement, the Notices will:

a.      provide educational information concerning concussions, their

symptoms and long-term effects, as well as why medical monitoring may be appropriate; and

b.      suggest that Settlement Class Members may contact their schools

for copies of all medical and training records maintained by their institutions.

6.      Within ten (10) Days of the filing of the Renewed Motion for Preliminary

Approval, the Program Administrator shall serve CAFA Notices upon the proper parties and

comply with the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715.

7.      All Notice and Administrative Costs shall be paid from the Medical

Monitoring Fund.

B.      The NCAA will notify all of its member institutions of the Settlement and of the

relevance of medical and training records of NCAA student-athletes to the Medical Monitoring

Program.

## XII.  JUDICIAL APPROVAL PROCESS

A.      Necessity of Court Approval.  The Parties will seek the Court's approval of this

Class Settlement and will seek certification of the Settlement Class pursuant to Rule 23(b)(2) of

the Federal Rules of Civil Procedure, with the opportunity for Settlement Class Members to opt

out or exclude themselves from the Settlement.  See Fed. R. Civ. P. 23(b)(2); see also Fed. R.

Civ. P. 23(d)(1).

B.      No class opt-outs will be permitted.

C.      The Parties contemplate that the following procedure will be followed to

effectuate the Settlement:

1.      Renewed Joint Motion for Preliminary Approval of Class Settlement and

Notice.  On or before May 20, 2016, or such other date as may be set by the Court, Class

Counsel will prepare and file with the Court a Renewed Joint Motion for Preliminary Approval.

With the Renewed Joint Motion for Preliminary Approval, Class Counsel shall seek the Court's (i) appointment of the Notice Administrator and Program Administrator; and (ii) approval of the Notice Plan. Collectively through these motions, Class Counsel will seek one or more orders, subject to agreement with the NCAA, which shall:

        a.      Conditionally certify the Settlement Class defined as: "All Persons who played an NCAA-sanctioned sport at an NCAA member institution on or prior to the Preliminary Approval Date;"

        b.      Appoint Hagens Berman Sobol Shapiro LLP and Siprut PC as Lead Class Counsel; Hausfeld LLP as Special Class Counsel for Medical Monitoring Relief; Zimmerman Reed, The Dugan Law Firm, and the Orlando Law Firm as the Executive Committee; and the Class Representatives as Class Representatives for the Settlement Class;

        c.      Preliminarily approve this Agreement;

        d.      Appoint the Program Administrator in accordance with the provisions of Section VI;

        e.      Appoint the Notice Administrator in accordance with the provisions of Section VII;

        f.      Appoint the Special Master in accordance with the provisions of Section VIII;

        g.      Direct the time and manner of the Notice to be served upon the Settlement Class;

        h.      Find that the proposed form of Notice:

                i.      is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive notice;

        ii.     fairly and adequately describes the terms and effects of this Agreement;

        iii.     fairly and adequately describes the date by which Settlement Class Counsel must file the Motion for Final Approval and Motion for Award of Attorneys' Fees and Expenses, which shall be no earlier than one hundred and eighty (180) Days after the Preliminary Approval Date;

        iv.     fairly and adequately describes the method and date by which any member of the Settlement Class may object to or comment upon the Settlement or exclude themselves from the Settlement Class;

        v.     sets a date by which Settlement Class Counsel may respond to any objections to the Settlement;

        vi.     provides notice to the Settlement Class of the date, time and place of the Fairness Hearing, such Fairness Hearing to be no earlier than two-hundred and twenty-nine (229) Days after the Preliminary Approval Date, subject to Court approval; and

        vii.     meets all applicable requirements of applicable law.

        i.     Approve the creation of the Settlement Website as defined in Section II(AAA);

        j.     Require the Notice Administrator to file proof of publication of the Notice and proof of maintenance of the Settlement Website at or before the Fairness Hearing;

        k.     Require any Settlement Class Member who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely request for exclusion, postmarked no later than two hundred and eight (208) Days after the Preliminary

Approval Date, or as the Court may otherwise direct, to the Program Administrator at the address on the Notice;

l.        Preliminarily enjoin all Settlement Class Members unless they timely exclude themselves from the Settlement Class from (i) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on the Released Claims; (ii) filing, commencing or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action, other than a personal injury or bodily injury class action on behalf of persons who allege injury resulting from their participation in a single NCAA-sanctioned sport at a single-NCAA member school, on behalf of any Settlement Class Members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) attempting to effect Opt-Outs of individuals or a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on the Released Claims.  This Agreement is not intended to prevent Settlement Class Members from participating in any action or investigation initiated by a state or federal agency, or in any lawsuit unrelated to the Released Claims.

m.        Order that any Settlement Class Member who does not become an Opt-Out will be bound by all proceedings, orders and judgments in this Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates litigation or other proceedings encompassed by the Release;

n.        Require that each Settlement Class Member who is not an Opt-Out and who wishes to object to the fairness, reasonableness or adequacy of this Agreement or the

proposed Settlement or to the Attorneys' Fees and Expenses to file with the Court and serve on

Settlement Class Counsel no later than two hundred and eight (208) Days after the Preliminary

Approval Date, or as the Court may otherwise direct, a statement of the objection signed by the

Settlement Class Member containing the information set forth in Section XIII(C)(1);

          o.      Require that any response to an objection shall be filed with the

Court no later than two hundred and twenty-nine (229) Days from the date the Court grants

Preliminary Approval;

          p.      Specify that any Settlement Class Member who does not file a

timely written objection to the Settlement or who fails to otherwise comply with the

requirements of Section XIII(C) shall be foreclosed from seeking any adjudication or review of

this Settlement by appeal or otherwise;

          q.      Allow the Court, at its discretion, to award fees to any attorney

hired by a Settlement Class Member for the purpose of objecting to this Agreement or to the

proposed Settlement or to the Attorneys' Fees and Expenses.  Any such award shall be paid from

the Medical Monitoring Fund;

          r.      Require that any attorney hired by a Settlement Class Member for

the purpose of objecting to the proposed Settlement or to the Attorneys' Fees and Expenses and

who intends to make an appearance at the Fairness Hearing to provide to Settlement Class

Counsel and Counsel for the NCAA and to file with the Clerk of the Court a notice of intention

to appear no later than two hundred and eight (208) Days after the Preliminary Approval Date or

as the Court may otherwise direct;

          s.      Require any Settlement Class Member who files and serves a

written objection and who intends to make an appearance at the Fairness Hearing to provide to

Settlement Class Counsel and Counsel for the NCAA and to file with the Clerk of the Court a notice of intention to appear no later than two hundred and eight (208) Days after the Preliminary Approval Date or as the Court otherwise may direct;

t. Direct the Program Administrator to establish a post office box in its name to be used for receiving requests for exclusion and any other communications and providing that only the Program Administrator, Settlement Class Counsel, Counsel for the NCAA, the Court, the Clerk of the Court and their designated agents shall have access to this post office box, except as otherwise provided in this Agreement;

u. Direct the Program Administrator to promptly furnish Settlement Class Counsel with copies of any and all written requests for exclusion that come into its possession, except as expressly provided in this Agreement;

v. Direct that Class Counsel, under the oversight of Settlement Class Counsel, shall file their applications for the Attorneys' Fees and Expenses in accordance with the terms set forth in Section XVII;

w. Order the Program Administrator to provide the Opt-Out List to Settlement Class Counsel no later than seven (7) Days after the Opt-Out and Objection Date, and then file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof no later than seven (7) Days thereafter or on such other date as the Parties may determine; and

x. Contain any additional provisions agreeable to the Parties that might be necessary or advisable in order to implement the terms of this Agreement and the proposed Settlement.

D.      At preliminary approval, the Parties will also seek entry of the HIPAA Protective Order attached as Exhibit D.

E.      Issuance of Notice.  Within thirty (30) Days of the Court's approval of the Notice Plan or Preliminary Approval Date, whichever is later, the Notice Administrator will commence Notice.  Notice will be completed within one hundred and eighty (180) Days of the Preliminary Approval Date.

F.      The Fairness Hearing.  On or after two hundred and twenty-nine (229) Days after the Preliminary Approval Date, or such other date as may be set by the Court, the Court will consider any objections to or comments in support of the Settlement by Settlement Class Members and determine whether to enter an order which shall:

a.      Approve this Agreement;

b.      Dismiss, with prejudice, each class claim asserted in the MDL Action; and

c.      Permanently enjoin the Settlement Class Members from bringing or participating as absent class members in the pursuit of any Released Claims against the NCAA and/or its member institutions, either derivatively or on behalf of themselves, in any forum, action or proceeding of any kind.

G.      At the Fairness Hearing, Class Counsel will request that the Court enter the Final Order and Judgment.  At that time, Class Counsel will also request that the Court enter orders approving the Medical Monitoring Program and Fund and awarding Attorneys' Fees and Expenses to Class Counsel, and Service Awards to the Class Representatives.  The Parties agree to support entry of the Court's Final Order and Judgment as contemplated herein.  The NCAA will request that the Court enter the Final Order and Judgment and will not oppose Class

Counsel's request for Attorneys' Fees and Expenses if the request does not exceed the amount described in Section XVII.

H.    Reservation of Rights.  If the Court does not enter the Preliminary Approval Order, the Final Order and Judgment, or the Settlement does not become Final for any reason, the MDL Action will, for all purposes, revert to its status as of the date immediately prior to the filing of the Motion for Preliminary Approval, and the Parties will be in the position they were before the submission to this Court of this Settlement Agreement.  Moreover, the Parties and their counsel agree that in the event the Settlement does not become Final for any reason, nothing contained in this Settlement Agreement or the negotiations that led to this Settlement Agreement can be or will be presented to the Court as any form of admission or acknowledgement with respect to the viability of any of the claims or defenses asserted or to be asserted in this Litigation or as to the viability of class treatment for any such claims.

## XIII.   OBJECTIONS TO AND COMMENTS IN SUPPORT OF THE SETTLEMENT

A.    All objections to and comments in support of the Settlement must be sent in writing to the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604, with a copy to Settlement Class Counsel and Counsel for the NCAA at:

| Lead Class Counsel: | NCAA's Counsel: |
| --- | --- |
| Steve W. Berman, Esq. | Mark S. Mester, Esq. |
| HAGENS BERMAN SOBOL SHAPIRO LLP | LATHAM & WATKINS LLP |
| 1918 Eighth Avenue, Suite 3300 | 330 North Wabash Avenue, Suite 2800 |
| Seattle, Washington  98101 | Chicago, Illinois  60611 |
| Telephone: (206) 623-7292 | Telephone: (312) 876-7700 |
| Facsimile: (206) 623-0594 | Facsimile: (312) 993-9767 |
| E-mail: steve@hbsslaw.com | E-mail: mark.mester@lw.com |

B.    The Opt-Out and Objection Date shall be two hundred and eight (208) Days after the Preliminary Approval Date.

C.       Any Settlement Class Member who intends to object to the Settlement must do so on or before the Opt-Out and Objection Date.

1.       In order to object, the Settlement Class Member must include in the objection submitted to the Court and served on Settlement Class Counsel and Counsel for the NCAA the following information:

a.       The name, address and telephone number of the Person objecting and, if represented by counsel, of his or her counsel;

b.       The case number of the MDL Action, which is Master Docket No. 1:13-cv-09116;

c.       The name of the NCAA member institution(s) at which he or she participated in NCAA-sanctioned sport(s), the NCAA-sanctioned  sport(s) in which he or she participated, and the years during which he or she participated in NCAA-sanctioned sport(s);

d.       A written statement of all grounds for the objection accompanied by any legal support for such objection;

e.       Copies of any papers, briefs or other documents upon which the objection is based;

f.       A statement of whether the objector intends to appear at the Fairness Hearing; and

g.       If the objector intends to appear at the Fairness Hearing through counsel, the objection must also identify the attorney(s) representing the objector who will appear at the Fairness Hearing.

2.       Any Settlement Class Member who fails to timely file and serve a written objection shall not be permitted to object to the approval of the Settlement at the Fairness

Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means. Unless otherwise ordered by the Court, Settlement Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

        3.     Any objector electing to be represented by counsel shall be solely responsible for any fees and costs incurred or charged by such counsel, and in no event shall the Parties be responsible for such fees or costs. The Court may, however, in its discretion award fees and/or costs from the Medical Monitoring Fund to any such person.

        D.     Except as otherwise provided in Section XIII(D)(2), a member of the Settlement Class who wishes to opt out of the Settlement Class must do so on or before the Opt-Out and Objection Date.

        1.     In order to opt out, a member of the Settlement Class must complete and send to the Notice Administrator a request for exclusion that is post-marked no later than the Opt-Out and Objection Date. The request for exclusion must include:

            a.     The name, address, telephone number of the Person opting out;

            b.     The name of the NCAA member institution(s) at which he or she participated in NCAA-sanctioned sport(s), the NCAA-sanctioned sport(s) in which he or she participated, and the years during which he or she participated in NCAA-sanctioned sport(s); and

            c.     A statement indicating his or her wish to be excluded from the Settlement Class that is personally signed by the Settlement Class Member requesting exclusion.

        2.     Any Settlement Class Member who, on or after the deadline in Section IX(B), is a current student-athlete at a NCAA member institution that fails to satisfy the requirements of Section IX(B) shall be entitled to opt out by completing and sending to the

Notice Administrator a request for exclusion that is post-marked no later than twelve (12) months after the Effective Date. The request for exclusion must include:

> a.     The name, address, telephone number of the Person opting out;

> b.     The name of the NCAA member institution at which he or she participates in an NCAA-sanctioned sport(s), and the NCAA-sanctioned sport(s) in which she participates; and

> c.     A statement indicating his or her wish to be excluded from the Settlement Class that is personally signed by the Settlement Class Member requesting exclusion.

3.     Opt-Outs, including Opt-Outs under Section XIII(D)(2), may be effectuated on an individual basis only; so-called "mass" or "class" opt-outs shall not be allowed and shall be of no force or effect.

4.     Except for those who timely and properly file a request for exclusion, all other Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Effective Date, will be bound in all respects by its terms, regardless of whether they complete a Screening Questionnaire or receive relief.

5.     Any Person who properly opts out of the Settlement Class shall not:

> a.     Be bound by any orders or judgments entered in this Litigation after the date of exclusion;

> b.     Be entitled to any relief under, or be affected by, the Agreement;

> c.     Gain any rights by virtue of the Agreement; or

> d.     Be entitled to object to any aspect of the Settlement.

6.     Any Person who opts out of the Settlement Class but later completes a Screening Questionnaire or seeks any other relief under this Settlement Agreement, and affirms

in writing to the Program Administrator his or her intention to rescind, shall be deemed to have rescinded his or her request for exclusion and shall be treated as a member of the Settlement Class for all intents and purposes on a going-forward basis.

E.      The Notice Administrator shall provide Settlement Class Counsel and Counsel for the NCAA with the Opt-Out List within seven (7) Days after the Opt-Out and Objection Date. Requests for exclusion under Section XIII(D)(2) shall not be included on the Opt-Out List.

## XIV.   EFFECTIVE DATE OF CLASS SETTLEMENT; CONDITIONS TO FINALITY OF SETTLEMENT

A.      The Settlement provided for in this Agreement shall be final and unconditional fourteen (14) Days after all of the following conditions have been satisfied or waived (i.e., the Effective Date):

1.      This Agreement has been fully executed by all Parties and their counsel;

2.      The Court enters the Preliminary Approval Order;

3.      The Notice Administrator causes the Notice to be served in accordance with the Preliminary Approval Order;

4.      The Court issues the Final Order and Judgment;

5.      The Released Claims in the MDL Action are dismissed with prejudice pursuant to the Court's Final Order and Judgment; and

6.      Expiration of Appeal Periods and/or Resolution of All Appeals.

a.      If no appeal is taken from a court order or judgment, the date after the time to appeal therefrom has expired; or

b.      If any appeal is taken from a court order or judgment, the date after all appeals therefrom, including petitions for rehearing or reargument, petitions for rehearing en banc, and petitions for certiorari or any other form of review, have been finally disposed of, such

that the time to appeal therefrom has expired, in a manner resulting in an affirmance without material modification of the relevant order or judgment.

B.     Disputes Concerning the Effective Date.  Any disputes as to whether the Effective Date has occurred shall be resolved by the Court upon the request of any Party.

## XV.   FINAL ORDER AND JUDGMENT AND RELEASES

A.     If this Agreement (including any modification thereto made with the consent of the Parties as provided for herein) is approved by the Court following the Fairness Hearing scheduled by the Court in its Preliminary Approval Order, the Parties shall request the Court to enter a Final Order and Judgment pursuant to the Federal Rules of Civil Procedure and all applicable laws, that, among other things:

1.     Finds that the Court has personal jurisdiction over the Class Representatives and all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Settlement and Agreement and all Exhibits thereto;

2.     Certifies a Settlement Class solely for purposes of this Settlement;

3.     Grants final approval to this Agreement as being fair, reasonable and adequate as to all Parties, consistent and in compliance with all requirements of due process and applicable law and in the best interests of all Parties and directs the Parties and their counsel to implement and consummate this Agreement in accordance with its terms and provisions;

4.     Declares this Agreement and the Final Order and Judgment to be binding on and to have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of the Class Representatives and any other Settlement Class Members, as well as their agents, heirs, executors or administrators, successors, insurers and assigns;

       5.      Finds that notice as provided for in Section XI of this Agreement:

(i) constituted the best practicable reasonable notice; (ii) constituted notice that was reasonably

calculated under the circumstances to apprise Settlement Class Members of the pendency of this

Litigation, of their right to object to or exclude themselves from the proposed Settlement as

applicable, of their right to appear at the Fairness Hearing and of their right to seek relief;

(iii) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive

notice; and (iv) met all applicable requirements of due process and any other applicable law;

       6.      Finds that Settlement Class Counsel and the Class Representatives

adequately represented the Settlement Class for purposes of entering into and implementing the

Settlement Agreement;

       7.      Dismisses all Released Claims in the MDL Action on the merits and with

prejudice and without fees or costs except as provided herein, in accordance with the terms of the

Final Order and Judgment as set forth herein and dismisses all other class-wide claims without

prejudice, except for the individual personal injury claims of any of the Class Representatives or

Plaintiffs in the Litigation (which shall not be dismissed) and subject to the limitation on

Settlement Class Members to pursue any remaining claims on an individual, non-class basis,

other than personal injury or bodily injury class claims brought on behalf of persons who allege

injury resulting from their participation in a single NCAA-sanctioned sport at a single-NCAA

member school, as specified in this Settlement Agreement;

       8.      Adjudges that the Class Representatives and the Settlement Class

Members have conclusively compromised, settled, dismissed and released any and all Released

Claims against the NCAA and the Released Persons;

9.      Approves payment of the Attorneys' Fees and Expenses to Settlement
Class Counsel in a manner consistent with Section XVII;

10.      Provides that upon the Effective Date, the Class Representatives and all
Settlement Class Members shall be barred from asserting any Released Claims against the
NCAA or any Released Persons, and any such Settlement Class Members shall have released
any and all Released Claims as against the NCAA and all Released Persons;

11.      Determines that the Agreement and the Settlement provided for herein and
any proceedings taken pursuant thereto are not and should not in any event be offered or received
as evidence of, a presumption, concession, acknowledgment or an admission of liability or of
any misrepresentation or omission in any statement or written document approved or made by
the NCAA or any Released Persons or of the suitability of these or similar claims to class
treatment in active litigation and trial; provided, however, that reference may be made to this
Agreement and the Settlement provided for herein in such proceedings as may be necessary to
effectuate the Agreement;

12.      Bars and permanently enjoins all Settlement Class Members from
(i) filing, commencing, prosecuting, intervening in or participating (as class members or
otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in
any jurisdiction seeking damages or other legal or equitable relief for the Released Claims, other
than as a member of a class of persons who allege personal injuries or bodily injuries resulting
from their participation in a single NCAA-sanctioned sport at a single-NCAA member school;
and (ii) filing, commencing, prosecuting, intervening in or participating in any other lawsuit or
administrative, regulatory, arbitration or other proceeding in any jurisdiction seeking relief on a
class-wide basis for personal or bodily injury related to concussions or subconcussive hits

sustained during the Settlement Class Members' participation in an NCAA-sanctioned sport or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency or in a class action pursued on behalf of a class of persons who allege personal injuries or bodily injuries resulting from their participation in a single NCAA-sanctioned sport at a single-NCAA member school;

13. Approves the Opt-Out List and determines that the Opt-Out List is a complete list of all Persons who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment except for Opt-Outs who subsequently elect to complete a Screening Questionnaire during the Medical Monitoring Period;

14. Authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Agreement and all Exhibits hereto as (i) shall be consistent in all material respects with the Final Order and Judgment, and (ii) do not limit the rights of the Parties or Settlement Class Members.

B. As of the Effective Date, the Releasing Persons are deemed to have fully, irrevocably, absolutely, and unconditionally released and forever discharged the Released Persons from all Released Claims by operation of entry of the Final Order and Judgment.

1. Subject to Court approval, all Releasing Persons shall be bound by this Agreement and the Release, and all of their Released Claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of this Litigation or this Settlement.

2. Without in any way limiting the scope of the Release, this Release covers, without limitation, any and all claims for attorneys' fees, costs or disbursements incurred by

Settlement Class Counsel or any other counsel representing Releasing Persons, or any of them, in connection with or related in any manner to this Litigation, the Settlement, the administration of such Settlement or the Released Claims.

C.       Nothing in the Releases shall preclude any action to enforce the terms of this Agreement, including participation in any of the processes detailed herein.

## XVI.   NO ADMISSION OF LIABILITY AND PRESERVATION OF ALL DEFENSES

A.       This Agreement does not constitute an admission as to the merits, validity, or accuracy, or lack thereof, of any of the allegations or claims asserted in any MDL Action.

B.       The Parties understand and agree that this Agreement embodies a compromise of disputed claims, and nothing in this Agreement, including the furnishing of consideration hereunder, shall be deemed to constitute an admission, finding, or wrongdoing by the NCAA and/or its member institutions, or to give rise to any inference of wrongdoing or admission of wrongdoing or liability, whether factual or legal, in this or any other proceeding.

C.       The NCAA specifically denies any liability or wrongdoing as well as the validity and accuracy of the allegations or the claims asserted in the MDL Action.

D.       Neither the fact nor the terms of this Agreement shall be offered or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce this Agreement or arising out of or relating to any Court order enforcing this Agreement.

E.       The results from the testing conducted under the Medical Monitoring Program shall not constitute an admission by the NCAA, its member institutions, its current and former officers, directors, employees, attorneys, insurers or agents.

F.       While a Settlement Class Member may use the results from the Medical Monitoring Program for any purpose not otherwise excluded herein, the fact that the results were obtained through the Medical Monitoring Program as a result of the MDL Action and Agreement

will be governed by Rule 408 of the Federal Rules of Evidence.  Also, the funding for the

individual tests conducted under the Medical Monitoring Program will be governed by Rule 408

of the Federal Rules of Evidence.

G.      By its agreement hereto, the NCAA does not waive any defenses or affirmative

defenses that it may be entitled to assert in any future litigation.

## XVII.  COMPENSATION OF SETTLEMENT CLASS REPRESENTATIVES AND CLASS COUNSEL

A.      Settlement Class Representatives.  Plaintiffs will apply to the Court for reasonable

Service Awards for the time and service spent by the Class Representatives in this matter to be

paid from the Medical Monitoring Fund.  The NCAA has agreed not to object to Service Awards

in the amount of $5,000 for each Settlement Class Representative deposed in Arrington, namely

Derek Owens, Angelica Palacios and Kyle Solomon.  The NCAA has agreed not to object to

Service Awards in the amount of $2,500 for each Class Representative who was not deposed,

namely Abram Robert Wolf, Sean Sweeney, Jim O'Connor, Dan Ahern, Paul Morgan, Jeffrey

Caldwell, John DuRocher, Sharon Washington, Shelby Williams, Brice Sheeder, Shavaughne

Desecki, Spencer Trautmann, Ryan Parks, Ursula Kunhardt, Jessica Miller, Anna Bartz, Peter

Dykstra, DaChe Williams, Rachel Harada, Natalie Harada, and Adam Walker.

B.      Attorneys' Fees and Expenses.  Settlement Class Counsel will apply to the Court

for an award of Attorneys' Fees and Expenses from the Medical Monitoring Fund.  The NCAA

agrees not to oppose an application for the award of Attorneys' Fees and Expenses not to exceed

a total of fifteen million U.S. dollars ($15,000,000.00) in attorneys' fees and up to seven hundred

fifty thousand U.S. dollars ($750,000.00) in out-of-pocket expenses.

C.      Class Counsel will have a continuing obligation to implement the terms of the

Settlement over its lifetime.  Lead Counsel and one (1) member of the Executive Committee

designated by Lead Counsel may be compensated at a rate not to exceed $400 per hour, plus

costs, from the Fund for work performed after the first year from the Effective Date, and the

NCAA has agreed not to object to applications by Lead Counsel and their designee that seek in

the aggregate up to five hundred thousand U.S. dollars ($500,000.00) in additional fees and costs

over the duration of the Medical Monitoring Period.  However, this provision does not preclude

Lead Counsel and their designee from seeking Court approval for attorneys' fees and costs that

exceed five hundred thousand U.S. dollars ($500,000.00) to be paid from the Medical

Monitoring Fund.  The Chair of the Medical Science Committee shall approve any such fee and

cost requests in the first two (2) years.  Lead Counsel shall remain in that position unless and

until they seek to be relieved of that responsibility due to changes in the law firm (i.e., they no

longer exist).

## XVIII. NOTICES

A.      All Notices to Settlement Class Counsel and Counsel for the NCAA required by

the Agreement shall be made in writing and communicated by facsimile and United States mail

to the following addresses:

All Notices to Settlement Class Counsel or the Class Representatives shall be sent to:

Steve W. Berman, Esq.                     Joseph J. Siprut, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLP            SIPRUT PC
1918 Eighth Avenue, Suite 3300            17 North State Street, Suite 1600
Seattle, Washington  98101                Chicago, Illinois  60602
Telephone: (206) 623-7292                 Telephone: (312) 236-0000
Facsimile: (206) 623-0594                 Facsimile: (312) 878-1342
E-mail: steve@hbsslaw.com                 E-mail: jsiprut@siprut.com

All Notices to Counsel for the NCAA or the NCAA provided herein shall be sent to:

Mark S. Mester, Esq.  
LATHAM & WATKINS LLP  
330 North Wabash Avenue, Suite 2800  
Chicago, Illinois 60611  
Telephone: (312) 876-7700  
Facsimile: (312) 993-9767  
E-mail: mark.mester@lw.com

Scott A. Bearby, Esq.  
THE NATIONAL COLLEGIATE ATHLETIC  
ASSOCIATION  
700 West Washington Street  
Indianapolis, Indiana 46204  
Facsimile: (317) 966-6518

B. The notice recipients and addresses designated in this Section may be changed by written request.

C. Upon the request of any Party, the Parties agree to promptly provide each other with copies of comments, objections, requests for exclusion or other documents or filings received as a result of the Notice.

## XIX. DISPUTE RESOLUTION

A. The Court shall retain jurisdiction over the MDL Action and the Parties for purposes of enforcement of the Settlement.

B. The Parties and their counsel will attempt in good faith to resolve any dispute or controversy arising from the Settlement, including without limitation, those relating to rights or obligations of the Parties or the terms and conditions of this Agreement.

## XX. TERMINATION OF SETTLEMENT

A. Within fifteen (15) Days after the occurrence of any of the following events and upon written notice to counsel for all Parties, a Party shall have the right to withdraw from the Settlement and terminate this Agreement:

1. If the NCAA's insurers fail to fund the Settlement or otherwise breach their commitments to the NCAA as specified in Section IV(A)(1)(a);

2. If the Court fails to approve the Agreement as written or if on appeal the Court's approval is reversed or modified;

3.       If the Court materially alters any of the terms of the Agreement other than the Attorneys' Fees and Expenses; or

4.       If the Preliminary Approval Order, as described in Section XII(C)(1), or the Final Order and Judgment, as described in Section XV(A), is not entered by the Court or is reversed or modified in any respect on appeal, or otherwise fails for any reason.  In the event of a withdrawal pursuant to this Section, any certification of a Settlement Class will be vacated, without prejudice to any Party's position on the issue of class certification and the amenability of the claims asserted in this Litigation to class treatment, and the Parties shall be restored to their litigation position existing immediately before the execution of this Agreement.

B.       If Settlement Class Members properly and timely submit requests for exclusion as set forth in Section XIII(D)(1), thereby becoming Opt-Outs and are in a number more than the confidential number submitted to the Court by the Parties at the time of filing the Renewed Motion for Preliminary Approval, then the NCAA may withdraw from the Settlement and terminate this Agreement.  In that event, all of the obligations under this Agreement shall cease to be of any force and effect; the certification of the Settlement Class shall be vacated without prejudice to the Parties' position on the issue of class certification; and the Parties shall be restored to their litigation position existing immediately before the execution of this Agreement. In order to elect to withdraw from the Settlement and terminate this Agreement on the basis set forth in this Section XX(B), the NCAA must notify Settlement Class Counsel in writing of its election to do so within fourteen (14) Days of the Medical Monitoring Program Administrator serving the Opt-Out List on the Parties.  In the event that the NCAA exercises such right, Settlement Class Counsel shall have sixty (60) Days or such longer period as agreed to by the Parties to address the concerns of the Opt-Outs.  If through such efforts the total number of

members of the Opt-Out List subsequently becomes and remains fewer than the number of

Settlement Class Members submitted to the Court at the time of filing the Renewed Motion for

Preliminary Approval, the NCAA shall withdraw its election to withdraw from the Settlement

and terminate the Agreement.  In no event, however, shall the NCAA have any further obligation

under this Agreement to any Opt-Out unless he or she withdraws his/her request for exclusion.

For purposes of this Section, Opt-Outs shall not include: (i) Persons who are specifically

excluded from the Settlement Class under Section III(A) of this Agreement; (ii) Settlement Class

Members who elect to withdraw their request for exclusion; (iii) Opt-Outs who agree to sign an

undertaking that they will not pursue an individual claim, class claim or any other claim that

would otherwise be a Released Claim as defined in this Agreement; and (iv) Persons who opt-out

under Section XIII(D)(2).

      C.      In the event of withdrawal or termination under Section XX:

      1.      This Agreement shall be null and void, shall have no further force and

effect with respect to any Party in this Litigation and shall not be offered in evidence or used in

any litigation for any purpose, including the existence, certification or maintenance of any

proposed or existing class or the amenability of these or similar claims to class treatment;

      2.      This Agreement and all negotiations, proceedings, documents prepared

and statements made in connection herewith shall be without prejudice to the NCAA, the Class

Representatives and the Settlement Class Members and shall not be deemed or construed to be

an admission or confession in any way by any Party of any fact, matter or proposition of law and

shall not be used in any manner for any purpose, and the Parties to this Litigation shall stand in

the same position as if this Agreement had not been negotiated, made or filed with the Court;

3. The Parties shall request the Court to vacate any order certifying the Settlement Class; and

4. Any monies in the Medical Monitoring Fund, together with any accrued interest, shall be promptly refunded to the NCAA by the Medical Monitoring Program Administrator.

5. Without limiting any other rights under this Settlement Agreement, the NCAA will have the unconditional right, in its sole good faith discretion, to unilaterally terminate and render null and void this Settlement Agreement for any reason whatsoever following notice of Opt-Outs and prior to the Fairness Hearing. The NCAA must provide written election to terminate this Settlement Agreement to Class Counsel and the Court prior to the Fairness Hearing.

## XXI. MISCELLANEOUS PROVISIONS

A. This document was drafted jointly and is not to be construed against any party.

B. The provisions of this Agreement are not severable. The invalidation or non-approval of a material provision may invalidate the entire Agreement at a Party's request within seven (7) Days of entry of an order invalidating or declining to approve the provision.

C. The Recitals and Exhibits to this Agreement are an integral part of the Settlement and are expressly incorporated and made a part of this Agreement.

D. This Agreement is for Settlement purposes only. Neither the fact of nor any provision contained in this Agreement or action taken hereunder shall constitute or be construed as an admission of the validity of any claim or any fact alleged in this Litigation or of any wrongdoing, fault, violation of law or liability of any kind on the part of the NCAA or any admission by the NCAA of any claim or allegation made in any action or proceeding against the NCAA or any concession as to the merit of any of the claims asserted by the Class

Representatives in this Litigation. This Agreement shall not be offered or be admissible in evidence against the Parties or cited or referred to in any action or proceeding, except in an action or proceeding brought to enforce its terms. Nothing contained herein is or shall be construed or admissible as an admission by the NCAA that the Class Representatives' claims or any similar claims are suitable for class treatment.

E.      In the event that there are any developments in the effectuation and administration of this Agreement that are not dealt with by the terms of this Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing agreement, as shall be ordered by the Court. The Parties shall execute all documents and use their best efforts to perform all acts necessary and proper to promptly effectuate the terms of this Agreement and to take all necessary or appropriate actions to obtain judicial approval of this Agreement in order to give this Agreement full force and effect. The executing of documents must take place prior to the date scheduled for the Preliminary Approval Hearing.

F.      No Person shall have any claim against the Class Representatives. Further, no person shall have any claim against the NCAA, the NCAA's Counsel, the Program Administrator, the Notice Administrator, the Special Master, the Medical Science Committee or the Released Persons or their agents based on administration of the Settlement substantially in accordance with the terms of the Agreement or any order of the Court or any appellate court.

G.      The NCAA and Settlement Class Counsel hereby agree not to disclose information to the media or the press, on the internet, or in any public forum (other than a court), orally or in writing, that relate to this Settlement or this Litigation other than information disclosed by or consistent with the Notice and/or Reminder Notice, or as otherwise permitted by the Court. The NCAA and Settlement Class Counsel also hereby agree that all other counsel of

record for the Class Representatives will not disclose information to the media or the press, on the internet, or in any public forum (other than a court), orally or in writing, that relate to this Settlement or this Litigation other than information disclosed by or consistent with the Notice and/or Reminder Notice, or as otherwise permitted by the Court.

H.      This Agreement constitutes the entire agreement between and among the Parties with respect to the Settlement of this Litigation.  This Agreement supersedes all prior negotiations and agreements and may not be modified or amended except by a writing signed by the Parties and their respective counsel.  The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation or understanding concerning any part of the subject matter of this Agreement has been made or relied on except as expressly set forth in this Agreement.  This Agreement shall not be amended, modified, or supplemented, nor shall any of its provisions be deemed to be waived, unless by written agreement signed by Settlement Class Counsel and Counsel for the NCAA.

I.      There shall be no waiver of any term or condition absent an express writing to that effect by the waiving Party.  No waiver of any term or condition in this Agreement shall be construed as a waiver of a subsequent breach or failure of the same term or condition, or waiver of any other term or condition of this Agreement.

J.      This Agreement shall not be construed more strictly against one (1) Party than another merely because of the fact that it may have been prepared by counsel for one (1) of the Parties, it being recognized that because of the arm's length negotiations resulting in the Agreement, all Parties hereto have contributed substantially and materially to the preparation of the Agreement.  All terms, conditions and Exhibits are material and necessary to this Agreement and have been relied upon by the Parties in entering into this Agreement.

K. This Agreement shall be construed under and governed by the laws of the State of Illinois without regard to its choice of law provisions.

L. The Court shall retain continuing and exclusive jurisdiction over the Parties to this Agreement for the purpose of the administration and enforcement of this Agreement. The Court may request and require a report from the Medical Science Committee, the Program Administrator, the Notice Administrator, and/or the Special Master regarding the status of the Medical Monitoring Program at any during the Medical Monitoring Period.

M. All agreements made and orders entered during the course of this Litigation relating to the confidentiality of information shall survive this Agreement.

N. This Agreement will be binding upon and inure to the benefit of the successors and assigns of the Parties.

O. The Class Representatives represent and warrant that no portion of any claim, right, demand, action, or cause of action against the Released Persons that the Class Representatives have or may have arising out of any allegations made in any of the actions comprising this Litigation or pertaining to any of the Released Claims, and no portion of any recovery or settlement to which the Class Representatives may be entitled, has been assigned, transferred, or conveyed by or for the Class Representatives in any manner; and no Persons other than the Class Representatives have any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Agreement as those of the Class Representatives.

P. The headings used in this Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Agreement. In construing this Agreement, the use of the singular includes the plural (and vice-versa) and the use of the masculine includes the feminine (and vice-versa).

Q.     The Parties stipulate to stay all proceedings in this Litigation until the approval of this Agreement has been finally determined, except the stay of proceedings shall not prevent the filing of any motions, affidavits and other matters necessary to obtain and preserve final judicial approval of this Agreement.

R.     Settlement Class Counsel warrant and represent to Counsel for the NCAA that they have the authority to sign this Agreement on behalf of the Class Representatives and their execution hereof shall be binding upon the Class Representatives as well as their agents, heirs, executors or administrators, successors and assigns.

S.     The NCAA agrees that all statutes of limitations on claims asserted in <u>Arrington</u> have been tolled since those claims were first asserted and will remain tolled until the Court has ruled on the Motion for Final Approval filed by Class Counsel of this Settlement, at which point the tolling period on such claims will end except as otherwise specified in this Settlement Agreement.

T.     All representations, warranties, and covenants set forth in this Agreement shall be deemed continuing and shall survive the termination or expiration of this Agreement.

U.     Cooperation.

1.     The Parties shall reasonably cooperate, without further consideration, with each other to effect this Settlement and all terms thereof, including, without limitation, Court approval, Notice, the Fairness Hearing, Final Approval, and the Medical Monitoring Program.

2.     This duty of cooperation includes, but is not limited to, the execution and delivery of any and all such other documents and the taking of any and all such other actions as may be reasonably necessary to effectuate this Agreement.

V.     Counterparts.  This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument.  Photocopies of fully executed copies of this Agreement may be treated as originals.

Executed this 20th day of May, 2016

For Derek Owens, Angelica Palacios, Kyle Solomon, Abram Robert Wolf, Sean Sweeney, Jim O'Connor, Dan Ahern, Paul Morgan, Jeffrey Caldwell, John DuRocher, Sharon Washington, Shelby Williams, Brice Sheeder, Shavaughne Desecki, Spencer Trautmann, Ryan Parks, Ursula Kunhardt, Jessica Miller, Anna Bartz, Peter Dykstra, DaChe Williams, Rachel Harada, Natalie Harada, and Adam Walker, individually and on behalf of all others similarly situated

By: _____

    Steve W. Berman, Esq.
    HAGENS BERMAN SOBOL SHAPIRO LLP
    1918 Eighth Avenue, Suite 3300
    Seattle, Washington  98101
    Telephone: (206) 623-7292
    Facsimile: (206) 623-0594
    E-mail: steve@hbsslaw.com

By: _____

    Joseph J. Siprut
    Gregg M. Barbakoff
    SIPRUT PC
    17 North State Street, Suite 1600
    Chicago, IL  60602
    Telephone:  (312) 236-0000
    Facsimile:  (312) 878-1342
    E-mail:  jsiprut@siprut.com
            gbarbakoff@siprut.com

Lead Class Counsel

Executed this 20th day of May, 2016

For the National Collegiate Athletic Association:

By: _____

    Mark S. Mester, Esq.
    LATHAM & WATKINS LLP
    330 North Wabash Avenue, Suite 2800
    Chicago, Illinois  60611
    Telephone: (312) 876-7700
    Facsimile: (312) 993-9767
    E-mail: mark.mester@lw.com

- 67 -

V.     Counterparts. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument. Photocopies of fully executed copies of this Agreement may be treated as originals.

Executed this 20th day of May, 2016

For Derek Owens, Angelica Palacios, Kyle Solomon, Abram Robert Wolf, Sean Sweeney, Jim O'Connor, Dan Ahern, Paul Morgan, Jeffrey Caldwell, John DuRocher, Sharon Washington, Shelby Williams, Brice Sheeder, Shavaughne Desecki, Spencer Trautmann, Ryan Parks, Ursula Kunhardt, Jessica Miller, Anna Bartz, Peter Dykstra, DaChe Williams, Rachel Harada, Natalie Harada, and Adam Walker, individually and on behalf of all others similarly situated

Executed this 20th day of May, 2016

For the National Collegiate Athletic Association:

By: _____

    Steve W. Berman, Esq.
    HAGENS BERMAN SOBOL SHAPIRO LLP
    1918 Eighth Avenue, Suite 3300
    Seattle, Washington 98101
    Telephone: (206) 623-7292
    Facsimile: (206) 623-0594
    E-mail: steve@hbsslaw.com

By: _____

    Mark S. Mester, Esq.
    LATHAM & WATKINS LLP
    330 North Wabash Avenue, Suite 2800
    Chicago, Illinois 60611
    Telephone: (312) 876-7700
    Facsimile: (312) 993-9767
    E-mail: mark.mester@lw.com

By: _____

    Joseph J. Siprut
    Gregg M. Barbakoff
    SIPRUT PC
    17 North State Street, Suite 1600
    Chicago, IL 60602
    Telephone: (312) 236-0000
    Facsimile: (312) 878-1342
    E-mail: jsiprut@siprut.com
          gbarbakoff@siprut.com

Lead Class Counsel

# Exhibit A

## LEGAL NOTICE

*In re National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation*,
Case No. 1:13-cv-09116 (United States District Court for the Northern District of Illinois)

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND
FAIRNESS HEARING FOR MEDICAL MONITORING AND RELEASE OF CLAIMS**

**If You Are a Current or Former Student-Athlete Who Played An
NCAA-Sanctioned Sport at an NCAA School At Any Time Through _____, 2016,**

**Your Rights May Be Affected by a Class Action Lawsuit**

A Settlement, subject to court approval, has been reached in a class action lawsuit called *In re National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation*, Case No. 1:13-cv-09116 (N.D. Ill.). It is pending in the United States District Court for the Northern District of Illinois.

### WHAT IS THE LAWSUIT ABOUT?

The lawsuit claims that the NCAA was negligent and breached its duty to protect all current and former student-athletes by failing to adopt appropriate rules regarding concussions. The lawsuit seeks medical monitoring relief to diagnose possible long-term effects of concussions or the accumulation of sub-concussive hits for all current and former student-athletes. The lawsuit also seeks changes to the NCAA's concussion management and return-to-play guidelines.

The NCAA denies these allegations and denies it did anything wrong. If the Court does not approve the Settlement, the NCAA will argue, among other things, that the case should not be a class action. The Court has not decided whether or not Defendant did anything wrong.

### WHO IS INCLUDED?

You are a Class Member and included in the Settlement if you played an NCAA-sanctioned sport at an NCAA school at any time up to _____, 2016.

### WHAT DOES THE SETTLEMENT PROVIDE?

The NCAA has agreed to a Medical Monitoring Fund of $70,000,000, which, after deducting administrative costs, and attorneys' fees and expenses, will fund the screening of Class Members as well as medical evaluations for those Class Members who qualify as a result of the screening during the 50-year Medical Monitoring Program. The medical evaluations will be designed to assess symptoms related to persistent post-concussion syndrome, as well as cognitive, mood, behavioral, and motor problems that may be associated with mid- to late-life onset diseases that may be linked to concussions and/or subconcussive hits, such as Chronic Traumatic Encephalopathy and related disorders. In addition, the NCAA has committed $5,000,000 to fund research regarding the prevention, diagnosis, care, and management of concussions and mid- to late-life neurodegenerative disease. The NCAA has also agreed to change its policies and procedures for concussion management and return to play. You can download the Second Amended Settlement Agreement from www._____.com or call the toll-free number listed below and request one.

### WHO REPRESENTS YOU?

The Court appointed the law firms Hagens Berman Sobol Shapiro LLP and Siprut PC to represent you. You do not have to pay these attorneys or anyone else to participate. They will ask the Court for attorneys' fees and costs, which would be paid from the Medical Monitoring Fund. You may hire your own lawyer to appear in Court for you; if you do, you have to pay that lawyer.

### WHAT ARE YOUR OPTIONS?

**Do Nothing and Remain in the Settlement**. If you do nothing, you are considered a participant in the Settlement. You will be bound by all Court orders. If the Settlement is approved, certain potential legal claims you may have against the NCAA will be resolved and forever released. Also, if the Settlement is approved, you will have the opportunity to complete a screening questionnaire to determine whether you qualify for up to two medical evaluations during the 50-year medical monitoring period.

**Opt Out ("Exclude Yourself") from the Settlement.** You must submit a written request to Opt Out of the Class and the Settlement to the Notice Administrator. The complete, signed Opt-Out request must be mailed to the Notice Administrator **postmarked no later than _____, 2016. However,** if you are a current NCAA student-athlete on or after six (6) months after the Effective Date and your school fails to put in place a concussion management plan within six months of the Effective Date, you will have a second opportunity to opt-out so long as you do so within twelve (12) months of the Effective Date with a mailed request **postmarked no later than _____, 2016.** Please see www._____.com for more information.

**Object or Comment on the Settlement.** Written objections must be filed and served **no later than _____, 2016.** You give up your right to sue and are bound by Court orders even if your objection is rejected. If you file an objection, you may appear at the Fairness Hearing to explain your objection, but you are not required to attend.

The Court will determine whether to approve the Settlement and attorneys' fees and expenses at a Fairness Hearing to be held on _____, 2016, at __ a.m., at the Everett M. Dirksen United States Courthouse for the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois. You may attend this hearing if you wish, but you do not have to attend in order to participate in the proposed Settlement.

### HOW CAN I GET MORE INFORMATION?

**If you have questions or want to complete a Screening Questionnaire:**
*Visit:* **www._____.com;** *Call:* 1-8XX-XXX-XXXX; *Write:* In re: National Collegiate
Athletic Association Student-Athlete Concussion Injury Litigation, c/o [NOTICE ADMINISTRATOR]

# Exhibit B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **MDL No. 2492**<br><br>**Case No. 1:13-cv-09116**<br><br>**This Document Relates To:**<br>**All Cases**<br><br>**Judge John Z. Lee**<br><br>**Magistrate Judge Geraldine Soat Brown** |

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**If you played a National Collegiate Athletic Association ("NCAA")-sanctioned sport at an NCAA member school, you may be entitled to free medical screening and may receive free medical testing, known as "medical monitoring," up to two times over the next 50 years.**

**In addition, the NCAA and its schools have committed to follow certain concussion management and return-to-play guidelines.**

*The United States District Court for the Northern District of Illinois authorized this Notice. This is not a solicitation from a lawyer.*

On _____, 2016, the Court issued an Order preliminarily approving a Settlement that provides benefits for all persons who played a sport for an NCAA-sanctioned team.[1]  The Settlement establishes a Medical Monitoring Program and Fund that provides eligible members of the Settlement Class with medical monitoring to screen, assess and diagnose effects from concussions or the cumulative effects of subconcussive hits.  You may be entitled to receive the medical screening even **if you were not diagnosed with a concussion**.

The Settlement also requires the NCAA and its member institutions to implement concussion management and return-to-play guidelines, having trained medical personnel in attendance or available for contact sport play, and step-wise return to play guidelines for injured athletes and further requires the NCAA to contribute $5,000,000 to research the prevention, treatment, and/or effects of concussions.

If this Settlement receives final approval from the Court, all Settlement Class Members will have the opportunity to participate in, object to, or exclude themselves from the Settlement. All Settlement Class Members who decide to participate in the Settlement or who do nothing

---

[1] Definitions for capitalized terms in this Notice can be found in the Second Amended Settlement Agreement available at www.XXXXXX.com.  To the extent any statement in this notice conflicts with the terms of the Second Amended Settlement Agreement, the terms of the Second Amended Settlement Agreement control.

will release the NCAA for all medical monitoring claims. All Settlement Class Members who decide to participate in the Settlement or who do nothing will preserve and have the right to bring any personal injury claims on an individual, non-class basis as well as any claims on behalf of a class of persons who allege personal injuries or bodily injuries resulting from their participation in a single NCAA-sanctioned sport at a single-NCAA member school.

The Court still has to decide whether to grant final approval of the Settlement. The Medical Monitoring Program will only be provided if the Court finally approves the Settlement and any appeals are resolved.

Your legal rights are affected whether or not you act. These rights and options, **and the deadlines to exercise them**, are explained in this Class Notice. Please read it carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS MEDICAL MONITORING SETTLEMENT | |
|---|---|
| **PROVIDE YOUR CONTACT INFORMATION TO THE PROGRAM ADMINISTRATOR TO RECEIVE INFORMATION REGARDING THE FREE MEDICAL MONITORING PROGRAM** | If you think you might want to participate in the Medical Monitoring Program, you should send the Program Administrator your contact information to be sure you receive further notice. If you do not do so, however, you will still have the right to participate later. The commencement of the Medical Monitoring Period will be announced on the Settlement Website and inquiries regarding the Medical Monitoring Program can be directed to the Program Administrator at XXX-XXX-XXXX. |
| **COMMENT ON THE PROPOSED SETTLEMENT** | Write to the Court about why you do, or do not, like the Settlement. Your comments or objections must be in writing and postmarked no later than XXXXX, 2016. |
| **ATTEND THE FAIRNESS HEARING** | Ask to speak in Court about the fairness of the Settlement. You may not speak unless have asked to do so in writing before XXXXX, 2016. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS** | If you are a member of the Settlement Class but do not want to be bound by the proposed settlement, you must exclude yourself ("opt-out") from the Settlement Class. If you exclude yourself, you will get no benefits. To ask to be excluded, you mail a written request stating that you want to be excluded. (*See* Paragraph 24 of this Notice for further information about your right to exclude yourself from the Settlement Class.) |
| **DO NOTHING** | Participation in the Medical Monitoring Program is completely voluntary. Final approval by the Court of the Settlement simply means that those eligible Settlement Class Members who wish to participate will have the opportunity to do so. If you do nothing now, you will have the right to participate in the Medical Monitoring Program in the future. |

**Questions? Call the Program Administrator at [1-800-__-____]**

| BASIC INFORMATION |
|---|

**1. What is this Notice and why should I read it?**

This Notice is to inform you of the settlement of a class action lawsuit titled *In re National Collegiate Athletic Association Student-Athlete Concussion Litigation*, Case No. 1:13-cv-09116, brought on behalf of current and former NCAA student-athletes and pending before Judge John Z. Lee of the United States District Court for the Northern District of Illinois. You need not live in Illinois to get a benefit under the Settlement. The Court has granted preliminary approval of the Settlement and has set a final hearing to take place on _____ at _____ in the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois to determine if the Settlement is fair, reasonable and adequate, and to consider the request by Class Counsel for Attorneys' Fees and Expenses and Service Awards for the Class Representatives. This Notice describes the Settlement.

Your rights and options – and the deadlines to exercise them – are explained in this Notice. This Notice and the Second Amended Settlement Agreement in its entirety are posted on the Settlement Website, www.XXXX.com, and are also available from the Program Administrator. Other documents available on the Settlement Website include the complaints filed in the Litigation and the papers that are or will be filed with the Court requesting preliminary and final approval of the Settlement described in this Notice. If you are a Settlement Class Member, your legal rights are affected regardless of whether you act.

**2. What is the Litigation about?**

Former student-athletes who played football and soccer at NCAA member schools filed class action lawsuits on behalf of themselves and current and former student-athletes against the NCAA. They claimed that the NCAA was negligent and had breached its duty to protect all current and former student-athletes by failing to adopt appropriate rules regarding concussions and/or manage the risks from concussions. The named plaintiffs sought medical monitoring for all current and former student-athletes, as well as changes to the NCAA's return-to-play guidelines for student-athletes who had suffered concussions or concussion symptoms.

The NCAA denied and continues to deny all allegations of liability and wrongdoing. Nonetheless, the Parties to the Litigation have reached a preliminary Settlement.

The Settlement has already been preliminarily approved by the Court. Because the settlement of a class action determines the rights of all members of the proposed class, the Court must give final approval to the Settlement <u>before</u> the Settlement can take effect.

The Court has conditionally certified the Settlement Class for settlement purposes only, so that members of the Settlement Class can be given this notice and the opportunity to exclude themselves from the Settlement Class, voice their support or opposition to final approval of the Settlement, and explain how those who do not exclude themselves from the Settlement Class may obtain the relief offered by the Settlement. If the Settlement is not granted final approval by the Court or the Parties terminate it, the Settlement will be void and the Litigation will continue as if there had been no Settlement and no certification of the Settlement Class.

**3. Does this Notice pertain to me? What if I was never diagnosed with a concussion?**

This Notice pertains to you if you are or were an NCAA student athlete:

**Questions? Call the Program Administrator at [1-800-__-____]**

☐ You are a member of the Settlement Class if you played an NCAA-sanctioned sport at an NCAA school at any time prior to [insert date of preliminary approval].

☐ You do **not** need to have been diagnosed with a concussion to be a member of the Medical Monitoring Class.

If you have any questions about whether you are a member of the Medical Monitoring Class, please contact the Program Administrator at XXXX@XXXX.com or XXX-XXX-XXXX.

**4.** **What is a class action?**

In a class action, one or more people called "Class Representatives" sue on behalf of a group of people with similar claims. All of these people together are called the "Class" or "Settlement Class Members." When a class action is settled, one court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the settlement. Excluding yourself means that you will not receive any benefits from the Settlement. The process for excluding yourself is described in Paragraph 24 of this Notice.

**5.** **Why is there a settlement?**

Although the Court has not yet resolved the merits of the lawsuit, or determined whether the Class Representatives' or the NCAA's contentions are true, the Parties have agreed to settle the Litigation. The NCAA denies all allegations of wrongdoing and liability and believes that its conduct was lawful. The NCAA, however, is settling to avoid the substantial cost, inconvenience and disruption of litigation. The Class Representatives and their attorneys believe that the Settlement is in the best interests of the Settlement Class because it provides an appropriate remedy for Settlement Class Members now, while avoiding the substantial risk, expense and delay of pursuing the case through trial and any appeals.

| BACKGROUND ON CONCUSSIONS AND SUBCONCUSSIVE HITS |
|---|

**6.** **What is a concussion?**

Concussion or mild traumatic brain injury (mTBI) has been defined as "a complex pathophysiological process affecting the brain, induced by traumatic biomechanical forces." Although concussions most commonly occur after a direct blow to the head, they can occur after a blow elsewhere in the body that transmits forces to the head. Sometimes, athletes refer to hits that result in concussions as getting "dinged" or having their "bell rung."

According to the experts retained by Class Counsel and the Class Representatives, when a concussion occurs, there is a traumatically induced alteration of brain function that may include a rapid onset of cognitive impairment (e.g., impairment to the mental processes of perception, learning, memory, judgment, and reasoning). Most times, the short-term effects of the concussion spontaneously resolve.

Other concussion symptoms include: amnesia, confusion, nausea, loss of consciousness, balance problems or dizziness, double or fuzzy vision, sensitivity to light or noise, headache, feeling sluggish, foggy or groggy, feeling unusually irritable, concentration or memory problems, or slowed reaction time.

**Questions? Call the Program Administrator at [1-800-__-____]**

4

You may have suffered a concussion if you experienced any of these symptoms while playing an NCAA sport, even if you were not formally diagnosed with a concussion. You do **not** need to have lost consciousness to have suffered a concussion.

**7.      What is a subconcussive hit?**

Subconcussive hits, or impacts, do not produce any clinical concussion symptoms, but may adversely affect brain function in the same way symptomatic concussions do.  Some published data reflecting high school and college football players who did not exhibit clinical signs of concussion and did not report symptoms of concussion but nonetheless had physiological and structural changes to the brain suggest the possibility that subconcussive hits can lead to changes in the brain that are similar to those observed in concussed players.

**8.      Do concussions only occur in football?**

Many people associate concussion with football.  However, concussions can occur in any sport, including most often in a range of contact sports, including but not limited to men's and women's soccer, ice hockey, basketball, field hockey, lacrosse and wrestling.

**9.      What is post-concussion syndrome?**

Although the symptoms of most concussions go away after a relatively short period of time, especially if the individual receives adequate rest (both physical and cognitive), some concussions in some people result in symptoms that may last for months or even longer.  This long-term persistence of concussion symptoms is referred to as Post-Concussion Syndrome or PCS.  PCS symptoms can include headaches, fatigue, memory problems, feeling in a fog, depression, impulsivity, and other physical, cognitive, mood, and behavioral problems.  There may be treatments that can alleviate some or all of these symptoms and in almost all cases they resolve eventually.

**10.      What is Chronic Traumatic Encephalopathy (CTE)?**

Repetitive impacts to the head from participation in sports can lead to a later-life, progressive neurodegenerative disease called Chronic Traumatic Encephalopathy (CTE), which may manifest in cognitive, mood, behavioral, and motor disorders.  The Parties in this Litigation and their experts disagree regarding the nature, extent and causes of CTE. The Class Representatives and their experts, however, believe that concussive and sub-concussive hits play a significant role in most if not all cases of CTE.  In light of a limited understanding of CTE, CTE is thought to be a unique disease, similar to Alzheimer's disease, which has been referred to as "punch drunk" or dementia pugilistica when it is seen in boxers.  It appears that the process may begin earlier in life and, once enough brain tissue is affected by the disease, symptoms become apparent.  It is thought that in some cases there may be a delay of years or even decades between the end of the repetitive head impacts (i.e., the end of playing the contact sport) and the beginning of the symptoms.

CTE can present with recent memory loss and other cognitive impairments similar to those experienced by people with Alzheimer's disease.  People with CTE can also have changes in behavior (e.g., impulsivity, rage, aggression, having a short fuse) and mood (e.g., depression, hopelessness, feeling suicidal). Less commonly there can be movement disorders such as parkinsonism (e.g., tremor, difficulty walking or speaking, stiffness).  Some people with CTE may first have behavior or mood problems.  Others may first have cognitive difficulties, with the changes in mood and behavior later.  In some people, the symptoms of the disease progress to

**Questions?  Call the Program Administrator at [1-800-__-____]**

the point where there is difficulty in daily functioning, requiring assistance or being unable to live alone.  In these cases, CTE may be clinically mistaken for Alzheimer's disease or dementia. In other cases, CTE may be mistakenly diagnosed as Amyotrophic Lateral Sclerosis (ALS) or "Lou Gehrig's Disease."

**11.    What symptoms may signal that I should participate in the Medical Monitoring Program?**

Any current athlete should speak to their team physician, private physician, and/or athletic trainer immediately if they experience any of the following symptoms after receiving a blow to head (or the body that may have jolted the head suddenly). If you continue to experience any of the following symptoms, you may also decide to complete a Screening Questionnaire to determine whether you qualify for a Medical Evaluation in the Medical Monitoring Program.

These symptoms include but may not be limited to: balance issues, confusion, difficulty concentrating, difficulty remembering, dizziness, don't feel right, drowsiness/fatigue/low energy, feeling in a fog, feeling more emotional, feeling slowed down, headache/head pressure, irritability, loss of  consciousness, nausea/vomiting, neck pain, nervous/anxious, numbness/tingling, ringing in the ears, sadness, sensitivity to light, sensitivity to noise, sleeping less than usual, sleeping more than usual, trouble falling asleep, visual problems/blurred vision. These symptoms may not occur immediately following the trauma, but may begin to be noticeable the following day or two.  If you are a current student-athlete, the decision regarding when you may return to play will be determined by the team physician and medical team.  It is important to remember that the symptoms listed above could also be due to causes other than concussion.  It is important to inform your medical staff if the symptoms exist and they can help determine whether or not they may be related to concussion.

A former athlete should speak to their personal physician or other appropriate health care provider if they experience a new onset of any of the following symptoms: poor memory for recent events; difficulty learning new information; problems with organization, planning, judgment, or multi-tasking; difficulties with speech, gait, or strength; language or spatial difficulties; problems with attention, concentration, or orientation; mood changes, including depression, hopelessness, or thoughts of suicide; or changes in behavior, including having a "short fuse," irritability, rage, aggression, or problems with impulse control.

If you have any of these symptoms, you may also decide to complete an online or paper-and-pencil Screening Questionnaire to determine whether you qualify for an in-person Medical Evaluation as part of the Medical Monitoring Program.

| THE MEDICAL MONITORING PROGRAM |
|---|

**12.    What Is The Medical Monitoring Program?**

The Medical Monitoring Program will screen Settlement Class Members and provide Qualifying Class Members with a Medical Evaluation designed to assess symptoms related to persistent post-concussion syndrome, as well as cognitive, mood, behavioral, and motor problems that may be associated with mid- to late-life onset diseases resulting from concussions and/or subconcussive hits, such as Chronic Traumatic Encephalopathy and related disorders. The Medical Monitoring Program will last 50 years from the Settlement's Effective Date.

**Questions?  Call the Program Administrator at [1-800-__-____]**

Settlement Class Members who wish to participate in the Medical Monitoring Program must complete a Screening Questionnaire prepared by a Court-appointed Medical Science Committee to determine whether they qualify for an in-person Medical Evaluation.

Settlement Class Members may complete a Screening Questionnaire online or download a Screening Questionnaire by going to www.XXXXX.com and following the instructions provided on the website. Settlement Class Members can also obtain a Settlement Questionnaire by writing to the Program Administrator at _____.

A Settlement Class Member may complete a Screening Questionnaire not more than once every five (5) years until the age of 50 and then not more than once every two (2) years after the age of 50, unless otherwise permitted on a case-by-case basis by the Medical Science Committee.

If you are a member of the Settlement Class and the Settlement becomes Final, you should complete a Screening Questionnaire if you wish to qualify for a Medical Evaluation or are concerned that you may be at risk for long-term effects from any concussions or the accumulation of subconcussive hits you experienced while playing in NCAA-sanctioned sports at member institutions.

The Program Administrator will notify Settlement Class Members whether they qualify for a Medical Evaluation based on the responses to the Screening Questionnaire, and explain how to arrange for a Medical Evaluation if they qualify. Eligibility for a Medical Evaluation will be determined through a scoring algorithm and "cut scores" established by the Medical Science Committee. More information regarding the scoring of Screening Questionnaires is available in the Medical Science Committee's Report posted on the Settlement Website.

A Settlement Class Member may qualify for up to two (2) Medical Evaluations during the Medical Monitoring Period, and a third Medical Evaluation may be permitted on a case-by-case basis by the Medical Science Committee. The Medical Evaluations will be administered at numerous regional locations across the United States. If you qualify for a Medical Evaluation but live more than one hundred (100) miles from the nearest location, you have the option to be reimbursed based on the then-prevailing rate for reimbursement of mileage to travel to a designated regional institution or the average cost of the examination in the Medical Monitoring Program if done locally.

The NCAA and its insurers will pay $70 million into the Medical Monitoring Fund to pay the costs of the Medical Monitoring Program, as well other costs including payments to the Medical Science Committee, Notice costs, administrative costs, Attorneys' Fees and Expenses, and Class Representative Service Awards.

**13.    What are the responsibilities of the Medical Science Committee?**

The Parties have agreed to create a Medical Science Committee to determine the scope of the Medical Evaluations provided under the Medical Monitoring Program. The Medical Science Committee has also created the Screening Questionnaire and Screening Criteria used to determine if a Settlement Class Member qualifies for a Medical Evaluation. The Medical Science Committee's initial recommendations regarding the scope of Medical Evaluations, the Screening Questionnaire, and Screening Criteria are contained within the Expert Report of the Medical Science Committee, Exhibit __ to the Renewed Motion for Preliminary Approval, and is available on the Settlement Website. The Medical Science Committee is composed of four (4)

**Questions?  Call the Program Administrator at [1-800-__-____]**

medical experts with expertise in the diagnosis, care and management of concussions in sport and mid- to late-life neurodegenerative disease, and a neutral Chair of the Medical Science Committee. The current members of the Medical Science Committee are Dr. Brian Hainline, Dr. Robert Cantu, Dr. Ruben Echemendia and Dr. Robert Stern, as well as the Honorable Wayne R. Andersen (Ret.) as Chair.

**14.    What is the scope of the Medical Evaluation if I qualify after completing the Screening Questionnaire?**

The scope of the Medical Evaluation for Qualifying Class Members will be determined by the Medical Science Committee. The Medical Science Committee's initial recommendations are contained within the Report of the Medical Science Committee, Exhibit __ to the Renewed Motion for Preliminary Approval, and are available on the Settlement Website. The Medical Science Committee will update the scope of the Medical Evaluations annually to ensure that the examinations meet the current standard of care for assessment of and diagnoses related to persistent post-concusssion syndrome, Chronic Traumatic Encephalopathy and related disorders. The results of the Medical Evaluation will be evaluated by a physician skilled in the diagnosis, treatment and management of concussions, persistent post-concussion syndrome, and mid- to late- life cognitive, mood, behavior, or motor disorders associated with concussive and subconcussive head impacts. The physician will send the results and/or diagnosis to the Qualifying Class Member or the Qualifying Class Member's physician at the direction of the Qualifying Class Member.

**The results of the Medical Evaluations will not be shared with the NCAA or anyone else without your express, written consent.**

**15.    When will the Medical Monitoring Program begin?**

Settlement Class Members may complete Screening Questionnaires after the Settlement is approved by the Court and after the time for any appeals has expired or any appeals have been dismissed. Medical Evaluations may take place at any time during the Medical Monitoring Period after Settlement Class Members have been notified that they qualify.

**16.    If I qualify, do I need to pay for a Medical Evaluation?**

Settlement Class Members who qualify for the Medical Evaluation will not have to pay out-of-pocket for any of the costs of a Medical Evaluation. You will not be responsible for making a claim on your insurance policy to receive or qualify for the benefits of the Settlement, nor will you be responsible for any co-pays or deductibles associated with any Medical Evaluation received pursuant to the Settlement.

## CONCUSSION MANAGEMENT PROTOCOLS

The Parties have agreed that the NCAA and/or its member institutions will implement certain concussion education and concussion management protocols.

**17.    What changes to its concussion management policies has the NCAA agreed to make?**

The NCAA and/or its member institutions will implement the following policies:

**Questions?  Call the Program Administrator at [1-800-__-____]**

- Baseline Testing:  Every student-athlete will undergo pre-season baseline testing for each sport in which they participate prior to participating in practice or competition.

- No Same Day Return to Play:  A student-athlete who has been diagnosed with a concussion will be prohibited from returning to play or participating in any practice or game on that same day and must be cleared by a physician before being permitted to return to play in practice or competition.

- Medical Personnel at Contact Sports[2] Games and Available for Practices: NCAA member schools will be required to have medical personnel with training in the diagnosis, treatment and management of concussions present at Contact Sports games and available during Contact Sports practices.

- Reporting Process:  The NCAA will create a reporting process through which member schools will report diagnosed concussions in student-athletes and their resolution, as well as a reporting mechanism through which anyone can report concerns about concussion management issues to the NCAA.

- Education:  The NCAA will also provide member institutions with educational materials for faculty regarding academic accommodations for student-athletes with concussions, and will require that member schools provide NCAA-approved concussion education and training to student-athletes, coaches and athletic trainers before each season.

## CONCUSSION RESEARCH

**18.     What type of research is supported by the Settlement?**

The NCAA has agreed to contribute $5,000,000, over a period not to exceed 10 years, to research the prevention, treatment, and/or effects of concussions.

## RELEASED CLAIMS

**19.     What claims will be released against the NCAA?**

Unless you exclude yourself from the Settlement, you cannot sue the NCAA (or its member institutions that certify their implementation of the agreed Concussion Management Protocols) for medical monitoring related to concussions or subconcussive hits.  In addition, except as set forth below, unless you exclude yourself from the Settlement, you cannot file a class action lawsuit against the NCAA or its member institutions relating to concussions or subconcussive hits or their effects. Settlement Class Members may, however, pursue class claims on behalf of a class of persons who allege personal injuries or bodily injuries resulting from their participation in a single NCAA-sanctioned sport at a single-NCAA member school.

If you do not exclude yourself from the Settlement, you will still have the right to file a personal injury lawsuit against the NCAA, but you will be required to do so either on an

---

[2] "Contact Sports" are football, lacrosse, wrestling, ice hockey, field hockey, soccer, and basketball.

**Questions?  Call the Program Administrator at [1-800-__-____]**

9

individual, non-class basis or solely on behalf of a class of persons who allege personal injuries or bodily injuries resulting from their participation in a single NCAA-sanctioned sport at a single-NCAA member school.

Section XV of the Second Amended Settlement Agreement contains the complete text and details of what Settlement Class Members give up unless they exclude themselves from the Settlement, so please read it carefully. The Second Amended Settlement Agreement is available at www.XXXXX.com.

| CLASS REPRESENTATIVES AND CLASS COUNSEL |
|:---:|

**20.    Who represents the Settlement Class?**

For purposes of the Settlement, the Court has appointed Derek Owens, Kyle Solomon, Angelica Palacios, Abram Robert Wolf, Sean Sweeney, Jim O'Connor, Dan Ahern, Paul Morgan, Jeffrey Caldwell, John Durocher, Sharon Washington, Shelby Williams, Brice Sheeder, Shavaughne Desecki, Spencer Trautmann, Ryan Parks, Ursula Kunhardt, Jessica Miller, Anna Bartz, Peter Dykstra, DaChe Williams, Rachel Harada, Natalie Harada and Adam Walker to serve as the Class Representatives.

For purposes of the Settlement, the Court has appointed Steve W. Berman of Hagens Berman Sobol Shapiro LLP and Joseph Siprut of Siprut P.C. as Lead Counsel to represent the Settlement Class Members. Lead Counsel can be contacted at the following addresses:

Steve W. Berman, Esq.  
HAGENS BERMAN SOBOL  
SHAPIRO LLP  
1918 Eighth Avenue,  
Suite 3300  
Seattle, Washington  98101

Joseph J. Siprut, Esq.  
SIPRUT PC  
17 North State Street  
Suite 1600  
Chicago, Illinois  60602

If you want to be represented by your own lawyer, you may hire one at your own expense.

**21.    How will Class Counsel and the Class Representatives be paid?**

To date, Class Counsel has not been paid any attorneys' fees. Class Counsel will ask the Court for an award of attorneys' fees and reimbursement of actual out-of-pocket expenses. The NCAA has agreed not to oppose or object to the request for attorneys' fees and expenses if the request does not exceed $15,000,000 in attorneys' fees and $750,000 in out-of-pocket expenses. Class Counsel will also ask the Court to approve Service Awards of $5,000 for each Class Representative deposed in the Litigation, and $2,500 for each Class Representative who was not deposed in the Litigation. The payment for the Attorneys' Fees and Expenses and the Service Awards will come from the Medical Monitoring Fund. Any Attorneys' Fees and Expenses and Service Awards will be awarded only as approved by the Court in amounts to be determined to be fair and reasonable.

Class Counsel's petition for fees and costs and the justifications supporting the request will be available at www.XXXXX.com after they are filed with the Court.

**Questions?  Call the Program Administrator at [1-800-__-____]**

| YOUR OPTIONS DURING THE SETTLEMENT APPROVAL PROCESS |
|---|

**22.   How do I support the Settlement?**

If the Court finally approves the Settlement, you will automatically become eligible to receive the benefits described above.  If you wish to comment in favor of the proposed Settlement, you may mail your comment to the Program Administrator at _____, who will forward your comments to Class Counsel, the NCAA and the Court.  Alternatively, you may send your comments directly to Class Counsel.

**23.   How do I object to the Settlement?**

If you do not exclude yourself from the Settlement Class, you may object to the Settlement or the award of Attorneys' Fees and Costs.  The Court will consider your views.  To object, you or your attorney must submit your written objection to the Court.  The objection must include the following:

- The name of the case and multi-district litigation, *In re National Collegiate Athletic Association Student-Athlete Concussion Litigation*, Case No. 1:13-cv-09116;

- Your name, address, telephone number, and, if you are represented by counsel, the name, address and telephone number of your counsel;

- The name of the NCAA member school(s) at which you participated in NCAA-sponsored sport(s), the NCAA-sponsored sport(s) in which you participated and the years during which you participated;

- A written statement of your objections, including any facts or law you wish to bring to the Court's attention;

- Any other supporting papers, materials or briefs that you want the Court to consider in support of your objection;

- A statement of whether you intend to appear at the Fairness Hearing; and

- If you intend to appear at the Fairness Hearing through counsel, the identity of the attorney(s) representing you who will appear at the Fairness Hearing.

You must send via U.S. Mail copies of the objection to each of the following addresses, postmarked no later than XXXXXX:

| | | |
|---|---|---|
| Clerk of Court | Steve W. Berman, Esq. | Mark S. Mester, Esq. |
| United States District Court for | HAGENS BERMAN SOBOL | LATHAM & WATKINS LLP |
| the Northern District of Illinois | SHAPIRO LLP | 330 North Wabash Avenue |
| 219 South Dearborn Street | 1918 Eighth Avenue | Suite 2800 |
| Chicago, IL 60604 | Suite 3300 | Chicago, Illinois  60611 |
| | Seattle, Washington  98101 | |
| | | |
| | *Settlement Class Counsel* | *Counsel for the NCAA* |

The requirements to object to the Settlement are described in detail in the Second Amended Settlement Agreement in Section XIII(C).

**Questions?  Call the Program Administrator at [1-800-__-____]**

11

**24.     How do I ask the Court to exclude me from the Settlement?**

To exclude yourself from the Settlement (or "opt out" of the Settlement), you must mail a letter or other written document to the Notice Administrator.  Your request for exclusion must include:

☐ Your name, address, and telephone number;

☐ The name of the NCAA member school(s) at which you participated in NCAA-sponsored sport(s), the NCAA-sponsored sport(s) in which you participated and the years during which you participated;

☐ A statement that "I wish to exclude myself from the Settlement Class in *In re National Collegiate Athletic Association Student-Athlete Concussion Litigation*, Case No. 1:13-cv-09116" (or substantially similar clear and unambiguous language); and,

☐ Your signature by hand (not any form of electronic signature), and the date on which you signed it (even if you are represented by an attorney).

You must mail your exclusion request, postmarked no later than _____, to:

**[Notice Administrator Address]**

Further, if you are a current NCAA student-athlete on or after six (6) months after the Effective Date and your school fails to put in place a concussion management plan within six (6) months of the Effective Date, you will have a second opportunity to opt-out so long as you do so within twelve (12) months of the Effective Date. You must mail your exclusion request, postmarked no later than _____, 2016, in the form and manner described above. Please see www._____.com for more information.

Exclusions, or opt-outs, shall be allowed on an individual basis only, and "mass" or "class" opt-outs are not allowed.  If you do not timely submit an exclusion request including all of the above information, you will be bound by the Settlement and all of your claims for any of the Released Claims will be released.  If you validly and timely request exclusion from the Settlement Class, you will not be bound by the Final Order and Judgment entered in this Litigation.  Excluding yourself means you cannot receive any of the Settlement benefits or comment upon the Settlement, but you will be able to file a lawsuit on your own behalf.

If you opt out of the Settlement but you later complete a Screening Questionnaire and confirm in writing that you intend to rescind your request for exclusion, you will be treated as a member of the Settlement Class on a going-forward basis.

If you have any questions concerning these procedures, please contact the Program Administrator or Class Counsel.

**25.     What happens if I do nothing at all?**

If you are a member of the Settlement Class and you do nothing, you will be bound by the terms of the Settlement.  You may voluntarily participate in the Medical Monitoring Program at any time during the Medical Monitoring Period.  You may complete Screening Questionnaires and may qualify for up to two (2) Medical Evaluations, subject to the limits and exceptions discussed in Paragraph 12 above.  You will release your right to sue the NCAA for medical

**Questions?  Call the Program Administrator at [1-800-__-____]**

monitoring in the future, but the Settlement reserves your right to pursue any individual personal injury claims you may have on a non-class basis.

You may contact your college or university to obtain copies of your medical and training records.

| FAIRNESS HEARING |
| --- |

The Court will hold a hearing to decide whether to finally approve the Settlement. You may attend and you may ask to speak, but you do not have to. The Court will determine if you are allowed to speak if you request to do so.

### 26. When is the Fairness Hearing?

A hearing will be held before Judge John Z. Lee on _____, 2016 at _____ (a.m./p.m.) at the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois. At the hearing, the Court will hear evidence about whether the proposed Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them and may elect to listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement. If the Court approves the Settlement, it will decide whether to approve the Attorneys' Fees and Expenses and Service Awards. The time, date and location of the Fairness Hearing may be changed by the Court without further notice to you. If you plan to attend the hearing, you should confirm its time, date and location. Any updates or changes on the time, date or location of this hearing will be posted on the Settlement Website, www.XXXXXXX.com.

### 27. Do I have to attend the Fairness Hearing?

You do not have to attend the Fairness Hearing to remain a Settlement Class Member or to file an objection to or comment on the Settlement. Class Counsel will respond to any questions the Court may have. You or your own counsel, however, may attend the Fairness Hearing at your own expense. If you timely submit a written objection, you do not have to attend the Fairness Hearing to discuss it. As long as you mailed your written objection on time, following the instructions in Paragraph 23 of this Notice, the Court will consider it.

You may ask the Court for permission to speak at the Fairness Hearing only if you have submitted your objection as provided in Paragraph 23 of this Notice and have stated in your objection letter that you wish to be heard at the Fairness Hearing.

### 28. How can I get more information?

This Notice summarizes the proposed Settlement. More details are in the Second Amended Settlement Agreement. You may obtain a copy of the Second Amended Settlement Agreement by visiting www.XXXXX.com, or writing:

[PROGRAM ADMINISTRATOR]

The Second Amended Settlement Agreement is also on file with the Clerk of the Court for the Northern District of Illinois (*see* Paragraph 26 for the address).

**Please do not contact the Clerk of the Court or the Judge regarding this Notice. Instead, please direct any inquiries to any of the Class Counsel listed above.**

**Questions? Call the Program Administrator at [1-800-__-____]**

# Exhibit C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **MDL No. 2492**<br><br>**Master Docket No. 1:13-cv-09116**<br><br>**The Document Relates To:**<br>**All Cases**<br><br><br>**Judge John Z. Lee**<br><br>**Magistrate Judge Geraldine Soat Brown** |

## [PROPOSED]
## PRELIMINARY APPROVAL ORDER

Plaintiffs Derek Owens, Kyle Solomon, Angelica Palacios, Abram Robert Wolf, Sean

Sweeney, Jim O'Connor, Dan Ahern, Paul Morgan, Jeffrey Caldwell, John DuRocher, Sharron

Washington, Shelby Williams, Brice Sheeder, Shavaughne Desecki, Spencer Trautmann, Ryan

Parks, Ursula Kunhardt, Jessica Miller, Anna Bartz, Peter Dykstra, DaChe Williams, Rachel

Harada, Natalie Harada, and Adam Walker (the "Class Representatives," and collectively with

the members of the Settlement Class the "Settlement Class Members") and Defendant National

Collegiate Athletic Association ("NCAA") have entered into a Second Amended Class Action

Settlement Agreement and Release dated May __, 2016 ("Amended Settlement" or "Amended

Settlement Agreement") to settle the above-captioned litigation ("Litigation") and have filed a

Renewed Joint Motion for Preliminary Approval of Class Settlement ("Renewed Joint Motion").

The Amended Settlement Agreement, together with its exhibits incorporated herein, sets forth

the terms and conditions for a proposed settlement and dismissal with prejudice of the Litigation.

In addition to its prior Memorandum and Opinion dated January 26, 2016 and having

read and considered the Amended Settlement and its exhibits, the Renewed Joint Motion, the

pleadings and other papers on file in this action, and statements of counsel, the Court finds that

the Renewed Joint Motion should be GRANTED and that this Preliminary Approval Order

should be entered. Terms and phrases used in this Preliminary Approval Order shall have the

same meaning ascribed to them in the Amended Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

**A.  Preliminary Approval of Amended Settlement and Conditional Certification of Settlement Class and Subclasses**

1.  The Court preliminarily approves the Amended Settlement Agreement for

purposes of providing notice of the Amended Settlement to the Settlement Class and Subclasses

and deciding whether to grant final approval of the Amended Settlement.

2.  The Court preliminarily certifies for settlement purposes the following Settlement

Class pursuant to Federal Rules of Civil Procedure 23(b)(2):

> All Persons who played an NCAA-sanctioned sport at an NCAA member institution on or prior to the date of this Order.

The Court preliminarily certifies for settlement purposes the following Contact Sport Settlement

Subclass pursuant to Federal Rules of Civil Procedure 23(b)(2):

> All Persons who played an NCAA-sanctioned Contact Sport at an NCAA member institution on or prior to the date of this Order.

The Court also preliminarily certifies for settlement purposes the following Non-Contact Sport

Settlement Subclass pursuant to Federal Rules of Civil Procedure 23(b)(2):

> All Persons who played an NCAA-sanctioned non-Contact Sport at an NCAA member institution on or prior to the date of this Order.

> Specifically excluded from the Settlement Class and Subclasses are the following

persons:

> a.  The NCAA and the NCAA's officers and directors;

> b.  Class Counsel;

2

> c. the Special Master; and
>
> d. The judges who have presided over this Litigation.

The NCAA and the Released Parties shall retain all rights to assert that the Litigation may not be certified as a class action except for settlement purposes.

3. The Court appoints the Class Representatives as representatives of the Settlement Class, the Contact Sport Class Representatives as representatives of the Contact Sport Settlement Subclass, and the Non-Contact Sport Class Representatives as representatives of the Non-Contact Sport Settlement Subclass.

4. The Court appoints the following attorneys to act as Settlement Class Counsel:

| | |
|---|---|
| Steve W. Berman, Esq. | Joseph J. Siprut, Esq. |
| HAGENS BERMAN SOBOL SHAPIRO LLP | SIPRUT PC |
| 1918 Eighth Avenue, Suite 3300 | 17 North State Street, Suite 1600 |
| Seattle, Washington 98101 | Chicago, Illinois 60602 |
| Telephone: (206) 623-7292 | Telephone: (312) 236-0000 |
| Facsimile: (206) 623-0594 | Facsimile: (312) 878-1342 |
| E-mail: steve@hbsslaw.com | E-mail: jsiprut@siprut.com |

5. The Court appoints Hausfeld LLP as Special Counsel for Medical Monitoring Relief and appoints Charles Zimmerman of Zimmerman Reed, James Dugan of the Dugan Law Firm, and Mark Zamora of The Orlando Law Firm as the Executive Committee.

6. Pursuant to Rule 23(a), the Court finds, for purposes of preliminary approval and for settlement purposes only, that: (a) Members of the Settlement Class and Subclasses are so numerous as to make joinder of all Settlement Class Members impracticable; (b) there are questions of law and fact common to Members of the Settlement Class and Subclasses; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class Members, the claims of the Contact Sport Settlement Class Representatives are typical of the

Contact Sport Settlement Subclass members, and the claims of the Non-Contact Sport Settlement

Class Representatives are typical of the Non-Contact Sport Settlement Subclass members; and

(d) the Settlement Class Representatives and Class Counsel will fairly and adequately protect the

interests of the Settlement Class Members; the Contact Sport Settlement Class Representatives

and Class Counsel will fairly and adequately protect the interests of the Contact Sport Settlement

Subclass members; and the Non-Contact Sport Settlement Class Representatives and Class

Counsel will fairly and adequately protect the interests of the Non-Contact Sport Settlement

Subclass members.

7.　　Pursuant to Rule 23(b)(2), the Court finds, for purposes of preliminary approval

and for settlement purposes only, final injunctive relief or corresponding declaratory relief is

appropriate respecting the Settlement Class as a whole.

8.　　Pursuant to Rule 23(d) and (e)(1), the Court finds that it is appropriate to provide

Notice to the Settlement Class as well as provide Settlement Class Members the right to exclude

themselves from the Settlement.

9.　　The Court finds that the proposed Settlement is within the range of possible

approval to warrant providing notice to the Settlement Class and to hold a Fairness Hearing to

consider the fairness, reasonableness, and adequacy of the proposed Settlement.

10.　　The Court orders that the certification of the Settlement Class, Settlement

Subclasses and preliminary approval of the proposed Amended Settlement, and all actions

associated with them, are undertaken on the condition that they shall be vacated if the Amended

Settlement is terminated or disapproved in whole or in part by the Court, or any appellate court

and/or other court of review, or if any of the Parties invokes the right to withdraw from the

Amended Settlement as provided in Section XX of the Settlement Agreement, in which event the

Amended Settlement Agreement and the fact that the Amended Settlement was entered into shall not be offered, received, or construed as an admission or as evidence for any purpose, including but not limited to an admission by any party of liability or non-liability or of the certifiability of a litigation class, or otherwise be used by any Person for any purpose whatsoever, in any trial of this Litigation or any other action or proceedings, and each party will be restored to his, her or its respective position as it existed prior to the execution of the Amended Settlement Agreement.

**B.      Appointment of Special Master, Medical Science Committee, Program Administrator and Notice Administrator**

11.      The Court appoints Hon. Wayne R. Andersen (ret.) as Special Master, who shall have the responsibilities and tenure set forth in the Amended Settlement Agreement.

12.      The Court appoints Dr. Brian Hainline, Dr. Robert Cantu, Dr. Ruben Echemendia and Dr. Robert Stern to the Medical Science Committee, which shall have the responsibilities and tenure set forth in the Amended Settlement Agreement.

13.      The Court appoints The Garretson Resolution Group as the Program Administrator, which shall administer the Amended Settlement in accordance with the terms and conditions of this Order and the Amended Settlement Agreement.

14.      The Court appoints Gilardi & Co. LLC as the Notice Administrator, in accordance with the provisions of Section VII of the Amended Settlement Agreement.

**C.      Notice to the Settlement Class**

15.      The Court has reviewed and approves the Publication Notice, the content of which is without material alteration from Exhibit A to the Amended Settlement Agreement and directs that Publication Notice be published as set forth in the Vasquez Declaration.

16.     The Court has reviewed and approves the Long-Form Notice, the content of which is without material alteration from Exhibit B to the Amended Settlement Agreement and directs that the Long-Form Notice be distributed as set forth in the Vasquez Declaration.

17.     The Court approves the creation of the Settlement Website, which shall include, at a minimum, downloadable copies of the Publication Notice, Long-Form Notice, and Settlement Agreement, and shall be maintained in accordance with the provisions of the Amended Settlement Agreement.  The Court also directs that the NCAA shall provide notice to the Settlement Class via the NCAA's website, as well as the NCAA's Facebook pages and Twitter accounts.

18.     The Court finds that the proposed Notice (i) is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive notice, (ii) fairly and adequately describes the terms and effects of the Amended Settlement Agreement, (iii) fairly and adequately describes the date by which Settlement Class Counsel must file the Motion For Final Approval, and Motion For Award of Attorneys' Fees and Expenses, (iv) fairly and adequately describes the method and date by which any member of the Settlement Class may object to or comment upon the Amended Settlement or exclude themselves from the Settlement Class, (v) sets a date by which Settlement Class Counsel may respond to any objections to the Amended Settlement, (vi) provides notice to the Settlement Class of the time and place of the Fairness Hearing, and (vii) constitutes reasonable notice under the circumstances and otherwise meets all requirements of applicable law.

19.     The Court orders the Notice Administrator to file proof of publication of the Publication Notice, proof of dissemination of the Long-Form Notice, and proof of maintenance of the Settlement Website at or before the Fairness Hearing.

D. **Exclusions From the Settlement Class**

20.     The Court approves the procedures set forth in the Amended Settlement Agreement and the Notice of Settlement of Class Action for exclusions from and objections to the Settlement.

21.     The Court orders that any Settlement Class Member who wishes to exclude himself or herself from the Settlement Class must comply with the terms set forth in the Settlement Agreement and Notice of Settlement of Class Action. To be considered timely, a request for exclusion must be mailed to the Notice Administrator at _____, postmarked no later than _____, 2016.

22.     The Court orders that any Settlement Class Member who does not submit a timely, written request for exclusion from the Settlement Class (i.e., becomes an Opt-Out) will be bound by all proceedings, orders and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

23.     The Court enjoins all Settlement Class Members unless and until they timely exclude themselves from the Settlement Class from (i) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on the Released Claims; (ii) filing, commencing or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any Settlement Class Members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on claims made in this Litigation, except that Settlement Class Members may pursue personal injury or bodily injury class claims on behalf of persons who allege injury resulting from their participation in a

7

single NCAA-sanctioned sport at a single-NCAA member school; (iii) pursuing any Released Claims; and (iv) attempting to effect Opt-Outs of individuals or a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on the Released Claims.

24.     The Court orders the Program Administrator to provide the Opt-Out List to Settlement Class Counsel and Counsel for the NCAA no later than seven (7) Days after the Opt-Out and Objection Date, and then file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof no later than seven (7) Days thereafter or on such other date as the Parties may direct.

**E.     Motion For Final Approval, Fee Petition, and Objections to the Settlement**

25.     The Court orders that Settlement Class Counsel shall file the Motion For Final Approval of the Settlement, and their applications for Attorneys' Fees and Expenses and Service Awards on or before _____, 2016.

26.     The Court orders that each Settlement Class Member who is not an Opt-Out and who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement or the proposed Settlement or to the Attorneys' Fees and Expenses must file with the Court and serve on Class Counsel on or before _____, 2016, or as the Court may otherwise direct, a statement of the objection signed by the Settlement Class Member containing all of the following information:

a.     The name, address and telephone number of the Person objecting and, if represented by counsel, of his or her counsel;

b.     The name of the NCAA member institution(s) at which he or she participated in NCAA-sponsored sport(s), the NCAA-sponsored sport(s) in which

he or she participated, and the years during which he or she participated in

NCAA-sponsored sport(s);

        c.      A written statement of all grounds for the objection accompanied

by any legal support for such objection;

        d.      Copies of any papers, briefs or other documents upon which the

objection is based;

        e.      A statement of whether the objector intends to appear at the

Fairness Hearing; and,

        f.      If the objector intends to appear at the Fairness Hearing through

counsel, the objection must also identify the attorney(s) representing the objector

who will appear at the Fairness Hearing.

27.      Any response to an objection must be filed with the Court by _____, 2016.

28.      The Court orders that any Settlement Class Member who fails to file and serve

timely a written objection to the Amended Settlement or who fails to otherwise comply with the

requirements of Paragraph __ of this order shall be foreclosed from seeking any adjudication or

review of the Settlement by appeal or otherwise.

29.      The Court orders that Settlement Class Member, or any attorney hired by a

Settlement Class Member for the purpose of objecting to the proposed Amended Settlement or to

the Attorneys' Fees and Expenses, who intends to make an appearance at the Fairness Hearing

must provide to Settlement Class Counsel and Counsel for the NCAA and must file with the

Clerk of the Court a notice of intention to appear no later than _____, 2016 or as the Court

may otherwise direct.

30.     The Court orders the Notice Administrator to establish a post office box in its name to be used for receiving requests for exclusion and any other communications.  The Court further orders that only the Notice Administrator, the Program Administrator, Settlement Class Counsel, Counsel for the NCAA, the Court, the Clerk of the Court and their designated agents shall have access to this post office box, except as otherwise provided in the Settlement Agreement.

31.     The Court orders that the Notice Administrator must promptly furnish Settlement Class Counsel and Counsel for the NCAA with copies of any and all written requests for exclusion that come into its possession, except as expressly provided in the Settlement Agreement.

**F.     Establishment of Medical Monitoring Fund**

32.     By _____ (14 days after entry of this Order), the NCAA shall deposit or cause to be deposited five million U.S. dollars ($5,000,000.00) into the Medical Monitoring Fund, to be used to pay the costs of the Notice, CAFA Notice, administrative costs incurred by the Program Administrator for the responsibilities set forth in Section VI of the Settlement Agreement, and/or the costs incurred by the Medical Science Committee for the responsibilities set forth in Section V of the Amended Settlement Agreement.  The Medical Monitoring Fund shall be governed by the terms of the Amended Settlement Agreement.

**G.     Fairness Hearing**

33.     The Court orders that a Fairness Hearing shall be held on _____ at _____ __ before the undersigned to consider the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court pursuant to a final approval order and judgment.

34. The Court reserves the right to adjourn or continue the Fairness Hearing, or any further adjournment or continuance thereof, without further notice other than announcement at the Fairness Hearing or at any adjournment or continuance thereof, and to approve the Settlement with modifications, if any, consented to by the counsel for the Settlement Class and NCAA without further notice.

35. All pretrial proceedings in the Litigation are stayed and suspended until further order of this Court.

36. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

37. The current deadlines, reflected in detail above, are:

       ☐   Class notice must be complete by _____, 2016;

       ☐   Papers in support of final approval of the settlement and any application for service awards, attorneys' fees, and expenses due _____, 2016;

       ☐   Comments in support of, or in objection to, the settlement and/or fee application due _____, 2016;

       ☐   Responses to any objections to the settlement due _____, 2016;

       ☐   Requests for exclusion must be postmarked by or received by Claims Administrator by _____, 2016;

       ☐   Fairness Hearing scheduled for _____ at _____ .m.

**SO ORDERED.**

Dated:_____      _____

                                    Judge John Z. Lee

# Exhibit D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION** | MDL No. 2492 |
| | Master Docket No. 1:13-cv-09116 |
| | This Document Relates To: All Cases |
| | Judge John Z. Lee |
| | Magistrate Judge Geraldine Soat Brown |

## STIPULATED QUALIFIED HIPAA PROTECTIVE ORDER

Pursuant to the Second Amended Class Action Settlement Agreement and Release,[1] the Parties have stipulated and agreed, through their respective counsel, to the entry of an Order pursuant to Federal Rule of Civil Procedure 26(c) for the protection of protected health information that may be produced or otherwise disclosed during the course of the Medical Monitoring Program.

Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1.      "HIPAA" is defined herein as the Health Insurance Portability and Accountability Act of 1996, codified primarily at Sections 18, 26 and 42 of the United States Code, and "Privacy Standards" is defined herein as the Standards for Privacy of Individually Identifiable Health Information, codified at 45 C.F.R. §§ 160 and 164.

---

[1] All capitalized terms herein shall have the same meanings as set forth in the Second Amended Class Action Settlement Agreement and Release.

2.      Confidentiality is required by HIPAA for all medical and mental health records and is necessary to protect private medical information of the Settlement Class Members.

3.      As used in this Order, "Protected Health Information" has the meaning set forth in 45 C.F.R. §§ 160.103 and 164.501.

4.      As used in this Order, "Covered Entity" has the meaning set forth in 45 C.F.R. § 160.103.

5.      This Court authorizes any Covered Entity who receives a request from the Program Administrator for a Settlement Class Member's Protected Health Information to disclose Protected Health Information in response to such request.  The Program Administrator shall not request a Settlement Class Member's Protected Health Information unless such Settlement Class Member has completed a Screening Questionnaire.  This Order is intended to authorize such disclosures pursuant to 45 C.F.R. § 164.512(e) of the Privacy Regulations issued pursuant to HIPAA.

6.      This Order does not authorize a Covered Entity to disclose the results of a Qualifying Settlement Class Member's Medical Evaluation, including the Medical Evaluation Report.  In no event shall the Program Administrator request the results of a Qualifying Settlement Class Member's Medical Evaluation, including the Medical Evaluation Report.

7.      Pursuant to 45 C.F.R. § 164.512(e)(1)(v), the Parties agree and the Court orders that this Order is a Qualified Protective Order and all Parties, their attorneys, the Program Locations, the Program Administrator, and the Medical Science Committee are hereby prohibited from using or disclosing a Settlement Class Member's Protected Health Information that is obtained through the Medical Monitoring Program for any purpose other than to: (i) facilitate the administration of and analyze the Screening Questionnaires for purposes of

determining whether a Settlement Class Member qualifies for a Medical Evaluation; (ii) provide Medical Evaluations to Settlement Class Members; (iii) complete and send Medical Evaluation Reports to Qualifying Class Members or their designees; (iv) intervene for a risk of suicidality, as set forth in Sections IV(B)(4)(f) and IV(B)(5)(e) of the Settlement Agreement; and (v) seek subrogation or reimbursement from Qualifying Settlement Class Members' private health insurance for the cost of Medical Evaluations.

8.     All Parties, their attorneys, the Program Locations, the Program Administrator, and the Medical Science Committee shall not permit the disclosure of any Protected Health Information to any third person or entity except as set forth in Paragraph (5).  Subject to these requirements, disclosure to a third party is permitted only by written consent of the Settlement Class Member or upon order of the Court.

9.     All Parties, their attorneys, the Program Locations, the Program Administrator, and the Medical Science Committee are permitted to retain Protected Health Information for a period of five (5) years from the end of the Medical Monitoring Period.

10.     Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons and entities made subject to this Order by its terms.

11.     Nothing in this Order authorizes counsel for Defendant to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

**So Ordered.**

Dated: _____        _____

                                  Judge John Z. Lee

APPEAL,MDL2492,PROTO,TERMED,WEISMAN

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6.3.1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:13-cv-09116
## Internal Use Only

In Re: National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation
Assigned to: Honorable John Z. Lee
Member cases:

1:11-cv-06356
1:13-cv-09117
1:14-cv-00035
1:14-cv-00197
1:14-cv-00200
1:14-cv-00199
1:14-cv-00195
1:14-cv-00196
1:14-cv-00194
1:14-cv-00198
1:14-cv-00962
1:14-cv-01268
1:14-cv-04387
1:14-cv-09322

Cause: 28:1331 Federal Question

Date Filed: 12/18/2013
Date Terminated: 08/13/2019
Jury Demand: Defendant
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**In Re** <u></u>

| | | |
|---|---|---|
| **National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation** | represented by | **Mark Steven Mester**<br>Latham & Watkins LLP<br>330 N. Wabash Avenue<br>Suite 2800<br>Chicago, IL 60611<br>(312) 876-7700<br>Email: mark.mester@lw.com<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **Chris Walker** | represented by | **Katrina Carroll**<br>Carlson Lynch, LLP<br>111 West Washington Street<br>Suite 1240 |

Chicago, IL 60602
(312) 750-1265
Email: kcarroll@carlsonlynch.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Paul Morgan**                        represented by    **Ruth Andom Gebreab**
J. Selmer Law, P.A.
500 Washington Avenue South
Minneapolis, MN 55415
(612) -0338
Email: Ruty@jselmerlaw.com
*ATTORNEY TO BE NOTICED*

**Todd Lawrence McLawhorn**
Siprut PC
17 N. State, Suite 1600
Chicago, IL 60602
United Sta
(312) 236-0000
Email: tmclawhorn@siprut.com
*ATTORNEY TO BE NOTICED*

**William Gustin Vandiford**
J. Selmer Law
Suite 2010
500 Washington Avenue South
Minneapolis, MN 55415
(612) 338-6005
Email: gustin@jselmerlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sharron D. Washington**              represented by    **Todd Lawrence McLawhorn**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ray Hudson**                         represented by    **Robert M. Foote**
Foote, Mielke, Chavez & O'Neil LLC
10 West State Street
#200
Geneva, IL 60134
(630) 232-7450
Email: rmf@fmcolaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Abram Robert Wolf**                    represented by    **William T Gibbs**
                                                          Corboy & Demetrio
                                                          33 North Dearborn Street
                                                          Suite 2100
                                                          Chicago, IL 60602
                                                          (312) 346-3191
                                                          Email: WTG@corboydemetrio.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **David Freydin**
                                                          Law Offices of David Freydin Ltd
                                                          8707 SKOKIE BLVD, SUITE 305
                                                          Suite 305
                                                          Skokie, IL 60077
                                                          8479726157
                                                          Email: david.freydin@freydinlaw.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **John Barton Goplerud**
                                                          Hudson Mallaney Shindler & Anderson,
                                                          P.c.
                                                          5015 Grand Ridge Dr. Ste 100
                                                          West Des Moines, IA 50265
                                                          (515) 265-5911
                                                          Email: goplerud@sagwlaw.com
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Timothy A Scott**
                                                          Law Office of David Freydin, Ltd.
                                                          8707 Skokie Blvd,
                                                          Suite 305
                                                          Skokie, IL 60077
                                                          (847)972-6157
                                                          Email: timothy.scott@freydinlaw.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Todd Lawrence McLawhorn**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Philip Harnett Corboy , Jr.**
                                                          Corboy & Demetrio
                                                          33 North Dearborn Street
                                                          Suite 2100

Chicago, IL 60602
(312) 346-3191
Email: fhc@corboydemetrio.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Walton**

**Plaintiff**

**Sean Sweeney**      represented by    **David Freydin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Barton Goplerud**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Timothy A Scott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Todd Lawrence McLawhorn**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Natalie Kay Harada**     represented by    **Steve W. Berman**
Hagens Berman Sobol Shapiro LLP
1301 2nd Ave.
Suite 2000
Seattle, WA 98101
(206) 623-7292
Email: steve@hbsslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Freydin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Barton Goplerud**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Timothy A Scott**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rachel Dianne Harada**                represented by    **Steve W. Berman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Freydin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Barton Goplerud**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Timothy A Scott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jim O'Connor**                        represented by    **David Freydin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy A Scott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Todd Lawrence McLawhorn**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Brett Sweeney**                       represented by    **David Freydin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Barton Goplerud**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Timothy A Scott**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Brett Christensen**      represented by    **David Freydin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy A Scott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Adrian Arrington**      represented by    **Robert A. Clifford**
Clifford Law Offices, P.C.
120 North LaSalle Street
31st Floor
Chicago, IL 60602
(312) 899-9090
Email: rac@cliffordlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steve W. Berman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shannon Marie McNulty**
Clifford Law Offices
120 North LaSalle Street
Suite 3100
Chicago, IL 60602
(312)899-9090
Email: smm@cliffordlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kyle Solomon**      represented by    **Steve W. Berman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd Lawrence McLawhorn**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Angelica Palacios** | represented by | **Richard Lane Miller , II** |
| | | Illinois Advocates, LLC |
| | | 77 W. Washington Street, Suite 2120 |
| | | Chicago, IL 60602 |
| | | (312) 330-0021 |
| | | Email: rmiller@iladvocates.com |
| | | *TERMINATED: 01/30/2018* |
| | | *LEAD ATTORNEY* |

**Steve W. Berman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd Lawrence McLawhorn**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Derek Owens** | represented by | **Steve W. Berman** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Todd Lawrence McLawhorn**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Anthony Nichols** | represented by | **Benjamin Harris Richman** |
| | | Edelson PC |
| | | 350 North LaSalle Street |
| | | 14th Floor |
| | | Chicago, IL 60654 |
| | | (312) 589-6377 |
| | | Email: brichman@edelson.com |
| | | *ATTORNEY TO BE NOTICED* |

**Benjamin Scott Thomassen**
Edelson P.C.
350 North Lasalle Street
14th Floor
Chicago, IL 60654
(312) 572-7208
Email: bthomassen@edelson.com
*ATTORNEY TO BE NOTICED*

**James Dominick Larry**
Keller Lenkner LLC
150 N. Riverside Plaza
Suite 4270
Chicago, IL 60606
312.948.8461
Email: nl@kellerlenkner.com
*TERMINATED: 04/03/2017*

**Richard R Gordon**
Gordon Law Offices, Ltd.
111 W. Washington Ave
Suite 1240
Chicago, IL 60602
(312) 332-5200
Email: rrg@gordonlawchicago.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Stanley Doughty**                    represented by    **Stanley Doughty**
                                                         PRO SE

**Plaintiff**

**Dan Ahern**                          represented by    **Todd Lawrence McLawhorn**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jeff Caldwell**                      represented by    **Todd Lawrence McLawhorn**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Durocher**                      represented by    **Todd Lawrence McLawhorn**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mildred Whittier**                   represented by    **Dwight E. Jefferson**
                                                         Coats Rose Yale Ryman & Lee, P.c.
                                                         9 Greenway Plaza
                                                         Suite 1000
                                                         Houston, TX 77046
                                                         (713) 651-0111
                                                         Email: djefferson@coatsrose.com
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Spencer Trautmann**

represented by   **Steve W. Berman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd Lawrence McLawhorn**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ryan Parks**

represented by   **Steve W. Berman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd Lawrence McLawhorn**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Shelby Williams**

represented by   **Steve W. Berman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd Lawrence McLawhorn**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Brice Sheeder**

represented by   **Steve W. Berman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd Lawrence McLawhorn**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Shavaughne Desecki**

represented by   **Steve W. Berman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

|  |  |
|---|---|
|  | **Todd Lawrence McLawhorn** |
|  | (See above for address) |
|  | *ATTORNEY TO BE NOTICED* |

<u>**Plaintiff**</u>

| **Ursula Kunhardt** | represented by | **Steve W. Berman** |
|---|---|---|
|  |  | (See above for address) |
|  |  | *LEAD ATTORNEY* |
|  |  | *ATTORNEY TO BE NOTICED* |
|  |  |  |
|  |  | **Todd Lawrence McLawhorn** |
|  |  | (See above for address) |
|  |  | *ATTORNEY TO BE NOTICED* |

<u>**Plaintiff**</u>

| **Jessica Miller** | represented by | **Steve W. Berman** |
|---|---|---|
|  |  | (See above for address) |
|  |  | *LEAD ATTORNEY* |
|  |  | *ATTORNEY TO BE NOTICED* |
|  |  |  |
|  |  | **Todd Lawrence McLawhorn** |
|  |  | (See above for address) |
|  |  | *ATTORNEY TO BE NOTICED* |

<u>**Plaintiff**</u>

| **Adam Walker** | represented by | **Steve W. Berman** |
|---|---|---|
|  |  | (See above for address) |
|  |  | *LEAD ATTORNEY* |
|  |  | *ATTORNEY TO BE NOTICED* |

<u>**Plaintiff**</u>

| **Anna Bartz** | represented by | **Steve W. Berman** |
|---|---|---|
|  |  | (See above for address) |
|  |  | *LEAD ATTORNEY* |
|  |  | *ATTORNEY TO BE NOTICED* |

<u>**Plaintiff**</u>

| **Peter Dykstra** | represented by | **Steve W. Berman** |
|---|---|---|
|  |  | (See above for address) |
|  |  | *LEAD ATTORNEY* |
|  |  | *ATTORNEY TO BE NOTICED* |

<u>**Plaintiff**</u>

| **Dache Williams** | represented by | **Steve W. Berman** |
|---|---|---|
|  |  | (See above for address) |
|  |  | *LEAD ATTORNEY* |
|  |  | *ATTORNEY TO BE NOTICED* |

**Plaintiff**

**Robert Samuels**        represented by    **Benjamin Scott Thomassen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Larry Carr**        represented by    **Benjamin Harris Richman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Christopher Burkholder**        represented by    **William E. Winingham**
Wilson Kehoe & Winingham
2859 North Meridian Street
Indianapolis, IN 46208
(317)920-6400
Email: winingham@wkw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**David Burns**        represented by    **David Burns**
PRO SE

**Stewart Ryan Pollock**
Edelson PC
123 Townsend Street
Suite 100
San Francisco, CA 94107
(415) 234-5345
Email: spollock@edelson.com
*TERMINATED: 01/10/2018*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**William Crawford**        represented by    **William E. Winingham**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mark Young**        represented by    **Mark Young**
4870 127th Trail N
West Palm Beach, FL 33411-9066
561-784-2322
Email: mark.young@AsBuiltLaw.com
PRO SE

V.

**Defendant**

| | | |
|---|---|---|
| **National Collegiate Athletic Association** | represented by | **Caitlin E Dahl** |

Latham & Watkins LLP
330 N Wabash Ave
Suite 2800
Chicago, IL 60611
(312) 876-7700
Email: caitlin.dahl@lw.com
*ATTORNEY TO BE NOTICED*

**Kathleen Patricia Lally**
Latham & Watkins LLP
330 N. Wabash Avenue
Suite 2800
Chicago, IL 60611
(312) 876-7700
Email: kathleen.lally@lw.com
*ATTORNEY TO BE NOTICED*

**Marc Brian Klein**
Latham & Watkins Llp
330 N. Wabash
Suite 2800
Chicago, IL 60611
(312) 876-7700
Email: marc.klein@lw.com
*TERMINATED: 03/06/2019*

**Mark Steven Mester**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Pac-12 Conference** | represented by | **Jared Fletcher Bartie** |

Herrick, Feinstein LLP
2 Park Avenue
New York, NY 10016
(212) 592-1400
Email: jbartie@herrick.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Leah Kelman**
Herrick, Feinstein LLP

One Gateway Center
22nd Floor
Newark, NJ 07102
(973) 274-2000
Email: lkelman@herrick.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ronald J. Levine**
Herrick, Feinstein LLP
One Gateway Center
22nd Floor
Newark, NJ 07102
(973) 274-2000
Email: rlevine@herrick.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Service List**      represented by   **Andrew Bell**
Locks Law Firm PLLC
747 Third Avenue
37th Floor
New York, NY 10017
(212)838-3333
Email: abell@lockslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian C. Gudmundson**
Zimmerman Reed PLLP
651 Nicollet Mall
Minneapolis, MN 55402
612 341 0400
Email: bcg@zimmreed.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles S. Zimmerman**
Zimmerman Reed, PLLP
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
612-341-0400
Email:
charles.zimmerman@zimmreed.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Chester C Townsend**
Miller & Martin Pllc
Suite 1000 Volunteer Building
832 Georgia Avenue
Chattanooga, TN 37402
(423) 756-6600
Email: ctownsend@millermartin.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Edgar Gankendorff**
Provosty & Gankendorff, LLC
Suite 2700
650 Poydras Street
New Orleans, LA 70130
504-410-2795
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eugene R Egdorf**
The Lanier Law Firm
6810 FM 1960 West
Houston, TX 77069
(713) 659-2204
Email: gene@shraderlaw.com *(Inactive)*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gene Locks**
Locks Law Firm
747 Third Avenue
37th Floor
New York, NY 10017
212-838-3333
Email: glocks@lockslawpa.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gordon Rudd**
Zimmerman Reed PLLP
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
612 341-0400
Email: gordon.rudd@zimmreed.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Johanna Margaret Spellman**
Latham & Watkins LLP
330 N. Wabash Avenue
Suite 2800
Chicago, IL 60611
(312) 876-7700
Email: johanna.spellman@lw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph J DePalma**
Lite DePalma Greenberg & Rivas, LLC
Two Gateway Center
Ste. 1201
Newark, NJ 07102
(973) 623-3000
Email: jdepalma@litedepalma.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kyle W Eiselstein**
Miller & Martin, PLLC (Chattanooga)
832 Georgia Avenue
1000 Volunteer Building
Chattanooga, TN 37402
423-756-6600
Email: Keiselstein@millermartin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark J. Feinberg**
Zelle LLP
500 Washington Avenue South
Suite 4000
Minneapolis, MN 55415-1152
612-339-2020
Email: mfeinber@zelle.com
*TERMINATED: 05/25/2016*
*LEAD ATTORNEY*

**Robert John Malionek**
Latham & Watkins, LLP
885 Third Avenue
New York, NY 10022

212-906-1200
Email: robert.malionek@lw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Roger W Dickson**
Miller & Martin, PLLC (Chattanooga)
832 Georgia Avenue
1000 Volunteer Building
Chattanooga, TN 37402
423-785-8210
Email: rdickson@millermartin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sean M. Berkowitz**
Latham & Watkins LLP
233 South Wacker Drive
Suite 5800
Chicago, IL 60606
(312) 876-7700
Email: sean.berkowitz@lw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steve W. Berman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven J. Greenfogel**
Lite DePalma Greenberg, LLC
Two Gateway Center
Ste. 1201
Newark, NJ 07102
(973) 623-0858
Email: sgreenfogel@litedepalma.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine S Walton**
Latham & Watkins LLP
233 S. Wacker Drive
Suite 5800
Chicago, IL 60606
(312) 876-7700
Email: katherine.walton@lw.com

*TERMINATED: 09/08/2015*

**Ari Jonathan Scharg**
Edelson P.C.
350 N. LaSalle St.
14th Floor
Chicago, IL 60654
312 239 3362
Email: ascharg@edelson.com
*ATTORNEY TO BE NOTICED*

**Cary A. Slobin**
BOWMAN & BROOKE, LLP
2501 N. Harwood Street
Suite 1700
Dallas, TX 75201
972-616-1700
Email:
cary.slobin@bowmanandbrooke.com
*ATTORNEY TO BE NOTICED*

**Charles Silvestri Higgins**
1946 Tutwiler Avenue
Memphis, TN 38107
703-342-9448
Email: chiggins@bpjlaw.com
*ATTORNEY TO BE NOTICED*

**Christina Laun Fugate**
ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, IN 46282
(317) 236-2374
Email: christina.fugate@icemiller.com
*TERMINATED: 11/17/2016*

**Christine R. M. Kain**
Faegre Baker Daniels LLP
90 South Seventh Street
2200 Wells Fargo Center
Minneapolis, MN 55402-3901
612-766-7000
Email: christine.kain@FaegreBD.com
*ATTORNEY TO BE NOTICED*

**Daniel J Connolly**

Faegre Baker Daniels LLP
90 S 7th St Ste 2200
Mpls, MN 55402-3901
612-766-7806
Email: daniel.connolly@faegrebd.com
*ATTORNEY TO BE NOTICED*

**Daniel T. Defeo**
The Defeo Law Firm
1627 Main Street, Suite 900
Kansas City, MO 64108
(816) 581-4600
Email: ddefeo@defeolaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel J. Kain**
LITTLETON JOYCE UGHETTA PARK
& KELLY LLP
201 King of Prussia Road
Suite 220
Radnor, PA 19807
494-254-6220
Email: daniel.kain@littletonjoyce.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel J. Kurowski**
Hagens Berman Sobol Shapiro LLP
455 North Cityfront Plaza Drive
Suite 2410
Chicago, IL 60611
708-628-4960
Email: dank@hbsslaw.com
*ATTORNEY TO BE NOTICED*

**Daniel S Mason**
Zelle Hofmann Voelbel & Mason LLP
44 Montgomery Street
Suite 3400
San Francisco, CA 94104
415-693-0700
Email: dmason@zelle.com
*TERMINATED: 05/15/2017*

**Daniel E. Pulliam**
FAEGRE BAKER DANIELS LLP -

Indianapolis
300 North Meridian Street
Suite 2700
Indianapolis, IN 46204
317-237-0300
Email: daniel.pulliam@faegrebd.com
*ATTORNEY TO BE NOTICED*

**David Baylis Franco**
FrancoLaw, PLLC
500 W. 2nd Street
Floor 19, Suite 138
Austin, TX 78701
512-714-2223
Email: dfranco@dfrancolaw.com
*ATTORNEY TO BE NOTICED*

**Denise Portnoy**
SPENCER FANE, LLP
9401 Indian Creek Parkway
Suite 700
Overland Park, KS 66210
913-327-5140
Email: dportnoy@spencerfane.com
*TERMINATED: 06/04/2014*

**Dwight E. Jefferson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Edward D Robertson , Jr**
Bartimus Frickleton Robertson &
Gorny
715 Swifts Highway
Jefferson City, MO 65109
(573) 659-4454
Email: chiprob@earthlink.net

**Elizabeth Joan Cabraser**
Lieff, Cabraser & Heimann
Embarcadero Center, West
275 Battery Street
30th Floor
San Francisco, CA 94111
(415) 956-1000
*ATTORNEY TO BE NOTICED*

**Elizabeth A. Fegan**
Hagens Berman Sobol Shapiro LLP
455 North Cityfront Plaza Drive
Suite 2410
Chicago, IL 60611
(708) 628-4949
Email: beth@hbsslaw.com
*TERMINATED: 06/03/2019*

**Gerald F. Easter**
GERALD F. EASTER, ATTORNEY AT
LAW
369 N. Main Street
Memphis, TN 38103
901-575-9998
Email: jerryeaster1@gmail.com
*ATTORNEY TO BE NOTICED*

**Gerard J Stranch , IV**
Branstetter, Stranch & Jennings, PLLC
227 Second Avenue North
Fourth Floor
Nashville, TN 37201-1631
615-254-8801
Email: gerards@branstetterlaw.com
*ATTORNEY TO BE NOTICED*

**Gordon Ball**
W. Gordon Ball, Attorney at Law
Suite 601
550 W. Main Street
Knoxville, TN 37902
865-525-7028
Email: gball@gordonball.com
*ATTORNEY TO BE NOTICED*

**Irwin B Levin**
Cohen & Malad
One Indiana Square
Suite 1400
Indianapolis, IN 46204
(317) 636-6481
Email: ilevin@cohenandmalad.com
*ATTORNEY TO BE NOTICED*

**J Gerard Stranch , IV**

Branstetter, Stranch & Jennings, PLLC
223 Rosa L. Parks Avenue
Ste. 200
Nashville, TN 37203
615-254-8801
Email: jims@branstetterlaw.com
*ATTORNEY TO BE NOTICED*

**J. Christian Word**
Latham & Watkins, LLP
555 Eleventh St. NW
1000
Washington, DC 20004
202-627-2200
*ATTORNEY TO BE NOTICED*

**JAMES MATTHEW STEPHENS**
MCCALLUM METHVIN & TERRELL
PC - BIRMINGHAM AL
2201 ARLINGTON AVE S
BIRMINGHAM, AL 35205
205-939-0199
Email: mstephens@mmlaw.net
*ATTORNEY TO BE NOTICED*

**James R. Dugan , II**
Dugan Law Firm
One Canal Place
365 Canal St.
Suite 1000
New Orleans, LA 70130
504-648-0180
Email: jdugan@dugan-lawfirm.com
*ATTORNEY TO BE NOTICED*

**James P Frickleton**
Bartimus Frickleton Robertson & Gorny
11150 Overbrook Road, Suite 200
Leawood, KS 66211
913-266-2300
Email: jimf@bflawfirm.com
*ATTORNEY TO BE NOTICED*

**James L. Petersen**
Ice Miller LLP
One American Square
Suite 3100

P.O. Box 82001
Indianapolis, IN 46282-0200
Email: james.petersen@icemiller.com
*TERMINATED: 11/17/2016*
*ATTORNEY TO BE NOTICED*

**James C Selmer**
James C Selmer & Associates, PA
500 Washington Ave S Ste 2010
Mpls, MN 55415
612-338-6005
Email: jselmer@jselmerlaw.com
*ATTORNEY TO BE NOTICED*

**Jared Fletcher Bartie**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jay Edelson**
Edelson PC
350 North LaSalle Street
14th Floor
Chicago, IL 60654
(312) 589-6375
Email: jedelson@edelson.com
*ATTORNEY TO BE NOTICED*

**John Edward Cuttino**
Gallivan White & Boyd, PA
PO Box 7368
Columbia, SC 29601
803-724-1714
Email: jcuttino@gwblawfirm.com

**John Clarke Newton**
Bluestein Nichols Thompson and Delgado
PO Box 7965
Columbia, SC 29202
803-779-7599
Email: clarke@bluesteinattorneys.com
*ATTORNEY TO BE NOTICED*

**John Shannon Nichols**
Bluestein and Nichols
P.O. Box 7965
Columbia, SC 29202

803-779-7599
Email: jsnichols@bntdlaw.com
*ATTORNEY TO BE NOTICED*

**Joseph J Siprut**
Siprut PC
17 N. State St.
Suite 1600
Chicago, IL 60602
312.236.0000
Email: jsiprut@siprut.com
*ATTORNEY TO BE NOTICED*

**Joshua B. Fleming**
Quarles & Brady LLP
135 North Pennsylvania Street
2400 BMO Plaza
Indianapolis, IN 46204
317-957-5000
Email: josh.fleming@quarles.com
*ATTORNEY TO BE NOTICED*

**Kathy Lynn Osborn**
FAEGRE BAKER DANIELS LLP -
Indianapolis
300 North Meridian Street
Suite 2700
Indianapolis, IN 46204
(317) 237-0300
Email: kathy.osborn@faegrebd.com

**Leah Kelman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lucinda Housley Luetkemeyer**
Spencer, Fane, Britt & Browne LLP-
KCMO
1000 Walnut Street
Suite 1400
Kansas City, MO 64106-2140
(816) 292-8342
Email: lluetkemeyer@spencerfane.com
*TERMINATED: 06/04/2014*

**Lynn Antoinette Toops**

Cohen & Malad, Llp
One Indiana Square, Suite 1400
Indianapolis, IN 46204
(317) 636-6481
Email: ltoops@cohenandmalad.com
*ATTORNEY TO BE NOTICED*

**Marc M Berg**
James C Selmer & Associates, PA
500 Washington Ave S Ste 2010
Mpls, MN 55415
612-338-6005
Email: mberg@jselmerlaw.com
*ATTORNEY TO BE NOTICED*

**Mark Stephen Eisen**
Benesch Friedlander Coplan & Aronoff
LLP
333 W. Washington St., Suite 1900
Chicago, IL 60606
312-212-4956
Email: meisen@beneschlaw.com
*ATTORNEY TO BE NOTICED*

**Mark Steven Mester**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael R. Cashman**
Zelle Hofmann Voelbel & Mason LLP
500 Washington Avenue South
Suite 4000
Minneapolis, MN 552115-1152
612-339-2020
Email: mcashman@zelle.com
*TERMINATED: 05/15/2017*
*ATTORNEY TO BE NOTICED*

**Michael D. Hausfeld**
Hausfield LLP
1700 K Street, NW
Suite 650
Washington, DC 20006
(202)540-7200
Email: mhausfeld@hausfeld.com
*ATTORNEY TO BE NOTICED*

**Michael Christopher Rader**
Bartimus, Frickleton, Robertson & Gorny-Leawood
11150 Overbrook Drive
Suite 200
Leawood, KS 66211
(913) 266-2300
Email: mrader@bflawfirm.com
*ATTORNEY TO BE NOTICED*

**Mindy B Pava**
Hausfeld, LLP
Suite 650
1700 K Street, NW
Washington, DC 20006
Email: mpava@hausfeldllp.com
*TERMINATED: 09/15/2015*

**Omar Mark Zamora**
Oelando Firm
Suite 400
315 East Ponce de Leon
Decatur, GA 30030
404-373-1800
Email: mark@orlandofirm.com

**Paul Gerard Cereghini**
Bowman And Brooke Llp
2901 N. Central Avenue
Suite 1600
Phoenix, AZ 85012
(602) 643-2400
Email:
paul.cereghini@bowmanandbrooke.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rafey S. Balabanian**
Edelson PC
123 Townsend Street
Suite 100
San Francisco, CA 94107
(415) 212-9300
Email: rbalabanian@edelson.com
*ATTORNEY TO BE NOTICED*

**Randall R. Riggs**

FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN 46244-0961
(317) 237-3814
Email: rriggs@fbtlaw.com
*ATTORNEY TO BE NOTICED*

**Renae D. Steiner**
Heins, Mills & Olson, P.L.C.
608 Second Avenue South
Suite 700 Northstar East
Minneapolis, MN 55402
(612) 338-4605
Email: rsteiner@heinsmills.com
*ATTORNEY TO BE NOTICED*

**Richard S Lewis**
Hausfeld LLP
1700 K Street, NW
Suite 650
Washington, DC 20006
(202) 540-7200
Email: rlewis@hausfeldllp.com
*ATTORNEY TO BE NOTICED*

**Richard E Shevitz**
Cohen & Malad, LLP
One Indiana Square
Suite 1400
Indianapolis, IN 46204
(317) 636-6481
Email: rshevitz@cohenandmalad.com
*ATTORNEY TO BE NOTICED*

**Robert A. Clifford**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Roger W Orlando**
The Orlando Firm, P.c.
315 W. Ponce De Leon Avenue
Suite 400
Decatur, GA 30030
(404) 373-1800
Email: roger@orlandofirm.com
*ATTORNEY TO BE NOTICED*

**Ronald J. Levine**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Michael Hurley**
FAEGRE BAKER DANIELS LLP -
Indianapolis
300 North Meridian Street
Suite 2700
Indianapolis, IN 46204
(317) 237-0300
Email: ryan.hurley@FaegreBD.com
*ATTORNEY TO BE NOTICED*

**Scott D. Gilchrist**
Cohen & Malad
One Indiana Square
#1400
Indianapolis, IN 46204
(317) 636-6481
Email: sgilchrist@cohenandmalad.com
*ATTORNEY TO BE NOTICED*

**Scott Toomey**
Littleton Joyce Ughetta Park & Kelly, LLP
201 King of Prussia Rd., Ste. 220
Radnor, PA 19807
484-254-6220
Email: scott.toomey@littletonjoyce.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shannon Marie McNulty**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shawn D Stuckey**
Zelle Hofmann Voelbel & Mason LLP
Suite 400
500 Washington Avenue
Minneapolis, MN 55415
612-339-2020
Email: sstuckey@zelle.com
*TERMINATED: 05/15/2017*

**Thayer L. Weaver**
TLW AND ASSOCIATES, LLC
3216 Locust
St. Louis, MO 63103-1207
314-531-4747
Email: tlweaver@tlw-law.com
*ATTORNEY TO BE NOTICED*

**Thomas E. Ahlering**
Seyfarth Shaw LLP
233 South Wacker Drive
Suite 8000
Chicago, IL 60606
(312) 460-5000
Email: tahlering@seyfarth.com
*TERMINATED: 03/03/2016*

**Timothy Joseph Mcilwain**
Mcilwain, Llc
2020 New Road
Linwood, NJ 08221
(877) 375-9599
Email: attorney@mcilwainlaw.com
*PRO HAC VICE*

**Wendy R Fleishman**
Lieff Cabraser Heimann & Bernstein Llp
250 Hudson Street
8th Floor
New York, NY 10013
(212) 355-9500
Email: wfleishman@lchb.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William Mark Lanier**
The Lanier Law Firm
6810 FM 1960 West
Houston, TX 77069
713 659 5200
Email: cag@lanierlawfirm.com
*ATTORNEY TO BE NOTICED*

**William C. Odle**
Spencer, Fane, Britt & Browne LLP-KCMO
1000 Walnut Street

Suite 1400
Kansas City, MO 64106-2140
(816) 292-8273
Email: wodle@spencerfane.com
*ATTORNEY TO BE NOTICED*

V.

**Movant**

**Marisa Spinazzola**

**Movant**

**Lacey Donlon**

**Movant**

**Mcilwain, LLC**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/18/2013 | 1 | TRANSFER Order of 12/18/13 from MDL Panel establishing MDL 2492. Lead case no. 13cv9116. (dmkf, ) (Entered: 12/23/2013) |
| 01/02/2014 | 2 | CONDITIONAL TRANSFER ORDER and Simultaneous Separation and Remand of Certain Claims (CTO-1) from the Judicial Panel on Multidistrict Litigation, transferring cases to become part of MDL 2492. (See order for details). (et, ) (Entered: 01/03/2014) |
| 01/07/2014 | 3 | CONDITIONAL TRANSFER ORDER (CTO-2) from the Judicial Panel on Multidistrict Litigation, transferring cases to become part of MDL 2492. (See order for details). (et, ) (Entered: 01/13/2014) |
| 01/13/2014 | 4 | NOTICE of Correction regarding Magistrate Judge designation. (td, ) (Entered: 01/13/2014) |
| 01/31/2014 | 5 | MOTION by Plaintiffs Chris Walker, Paul Morgan for preliminary injunction *for the ongoing settlement negotiations between Arrington Plaintiffs and Defendant* (Lewis, Richard) (Entered: 01/31/2014) |
| 01/31/2014 | 6 | MOTION by Plaintiffs Paul Morgan, Chris Walker for leave to file excess pages *for Memorandum in Support of Motion to Temporarily Enjoin Ongoing Settlement Negotiations (Ex. 1)*, MOTION by Plaintiffs Paul Morgan, Chris Walker to file instanter (Attachments: # 1 Exhibit Memorandum in Support of Motion to Enjoin Settlement Negotiations, # 2 Exhibit, # 3 Exhibit Affidavit of Robert A. Stern, Ph.D, # 4 Exhibit Appendix of Articles, # 5 Exhibit Ex. A, # 6 Exhibit Ex. B, # 7 Exhibit Ex. C, # 8 Exhibit Ex. D, # 9 Exhibit Ex. E, # 10 Exhibit Ex. F, # 11 Exhibit Ex. G, # 12 Exhibit Ex. H, # 13 Exhibit Ex. I, # 14 Exhibit Unpublished Opinion)(Lewis, Richard) (Entered: 01/31/2014) |

| 01/31/2014 | 7 | NOTICE of Motion by Richard S Lewis for presentment of motion for leave to file excess pages,,, motion to file instanter,, 6 , motion for preliminary injunction 5 before Honorable John Z. Lee on 2/5/2014 at 09:00 AM. (Lewis, Richard) (Entered: 01/31/2014) |
| --- | --- | --- |
| 02/04/2014 | 8 | ATTORNEY Appearance for Plaintiff Chris Walker by Katrina Carroll (Carroll, Katrina) (Entered: 02/04/2014) |
| 02/04/2014 | 9 | MOTION by Plaintiff Sharron D. Washington for joinder *Washington Plaintiffs' Joinder of Walker and Morgan Plaintiffs' Motion to Temporarily Enjoin the Ongoing Arrington Medical Monitoring Class Settlement Negotiations with Defendant NCAA* (Defeo, Daniel) (Entered: 02/04/2014) |
| 02/04/2014 | 10 | MOTION by Plaintiffs Paul Morgan, Chris Walker for joinder (Hellums, Chris) (Entered: 02/04/2014) |
| 02/04/2014 | 11 | MINUTE entry before the Honorable John Z. Lee: The motion hearing regarding motions 5 6 set for 2/5/14 at 9:00 a.m. is reset to 2/5/14 at 10:00 a.m. Mailed notice (ca, ) (Entered: 02/04/2014) |
| 02/05/2014 | 12 | ATTORNEY Appearance for Plaintiff Ray Hudson by Robert M. Foote (Foote, Robert) (Entered: 02/05/2014) |
| 02/05/2014 | 13 | MOTION by Plaintiff Ray Hudson for joinder *in and support the Walker and Morgan Plaintiffs Motion to Enjoin the Arrington Medical Monitoring Class Settlement Negotiations* (Foote, Robert) (Entered: 02/05/2014) |
| 02/05/2014 | 14 | MINUTE entry before the Honorable John Z. Lee: Motion hearing held on 2/5/14. Any responses to Walker and Morgans motion to temporarily enjoin the ongoing Arrington medical monitoring class settlement negotiations with Defendant NCAA 5 are due by 2/19/14 and limited to 25 pages; the reply, if any, is due by 2/26/14 and limited to 5 pages. Plaintiff Walker and Morgan's unopposed motion for extension of page limitations for memorandum in support 6 is granted. The Doughty Plaintiffs joinder of Walker and Morgan's motion to temporarily enjoin the ongoing Arrington medical monitoring class action negotiations 10 and the Hudson Plaintiffs' joinder of Walker and Morgan Plaintiffs' motion 13 are both granted. Mailed notice (ca, ) (Entered: 02/05/2014) |
| 02/05/2014 | 15 | CASE Management Order No. 1 Signed by the Honorable John Z. Lee on 2/5/14Mailed notice(ca, ). (Entered: 02/05/2014) |
| 02/06/2014 | 16 | MOTION by Service List for joinder *Plaintiff Powell's Joinder of Walker and Morgan Plaintiffs' Motion to Temporarily Enjoin the Ongoing Arrington Medical Monitoring Class Settlement Negotiations with Defendant NCAA* (Rader, Michael) (Entered: 02/06/2014) |
| 02/06/2014 | 17 | MINUTE entry before the Honorable John Z. Lee: Washington Plaintiffs' joinder of Walker and Morgan plaintiffs' motion to temporarily enjoin the ongoing Arrington medical monitoring class settlement negotiations with defendant NCAA 9 and Powell Plaintiffs' joinder of Walker and Morgan's motion 16 are both granted. Mailed notice (ca, ) (Entered: 02/06/2014) |

| 02/10/2014 | 18 | COMPLAINT filed by Abram Robert Wolf; Jury Demand. Filing fee $ 400, receipt number 0752-9185872.(Corboy, Philip) (Document 18 removed per court order dated 2/19/2014) (mgh, ). (Entered: 02/10/2014) |
|---|---|---|
| 02/11/2014 | 19 | MOTION by Plaintiff John Walton for joinder *in and support of the Walker and Morgan Plaintiffs' Motion to Temporarily Enjoin Medical Monitoring Class Settlement Negotiations* (Easter, Gerald) (Entered: 02/11/2014) |
| 02/12/2014 | 20 | ATTORNEY Appearance for Plaintiffs Abram Robert Wolf, Sean Sweeney, Natalie Kay Harada, Rachel Dianne Harada, Jim O'Connor, Brett Sweeney, Brett Christensen by Timothy A Scott (Scott, Timothy) (Entered: 02/12/2014) |
| 02/12/2014 | 21 | ATTORNEY Appearance for Plaintiffs Brett Christensen, Natalie Kay Harada, Rachel Dianne Harada, Jim O'Connor, Brett Sweeney, Sean Sweeney, Abram Robert Wolf by David Freydin (Freydin, David) (Entered: 02/12/2014) |
| 02/19/2014 | 22 | MOTION by Plaintiffs Adrian Arrington, Kyle Solomon, Angelica Palacios, Derek Owens for extension of time *Plaintiffs' Agreed Motion For Extension Of Dates Set In Case Management Order No. 1 And For Continuance Of Hearing Date* (Berman, Steve) (Entered: 02/19/2014) |
| 02/19/2014 | 23 | NOTICE of Motion by Steve W. Berman for presentment of extension of time, 22 before Honorable John Z. Lee on 2/25/2014 at 09:00 AM. (Berman, Steve) (Entered: 02/19/2014) |
| 02/19/2014 | 24 | ORDER Signed by the Honorable John Z. Lee on 2/19/2014: It has come to the Court's attention that a new Complaint attempting to file a tagalong action on behalf of plaintiff Abram Robert Wolf, et al., and intended to become part of the MDL case captioned In Re National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation, Case No. 13-cv-9116, was erroneously filed in the master case docket. The Clerk is directed to remove the document filed as docket #18 and to open up a new case with this complaint as the originating document with the filing date of 2/10/14. Counsel should file a civil cover sheet and an affidavit in accordance with Local Rule 3.1(c). The plaintiff shall not be assessed an additional filing fee, as it has already paid the $400.00 fee when it erroneously filed the instant complaint in case no. 13-cv-9116. Mailed notice (mgh, ) (Entered: 02/20/2014) |
| 02/20/2014 | 25 | MINUTE entry before the Honorable John Z. Lee: The Medical Monitoring Plaintiffs' Agreed Motion for Extension of Dates 22 is granted. The Court adopts the revised due dates proposed therein. The Plaintiffs further requested that the Court reset the upcoming status hearing from 3/5/14 until some time after 3/31/14. Accordingly, the Court resets the status hearing from 3/5/14 to 4/24/14 at 1:00 p.m. No appearance is required on 2/25/14.Mailed notice (ca, ) (Entered: 02/20/2014) |
| 02/21/2014 | 26 | TRANSCRIPT OF PROCEEDINGS held on 2/5/2014 before the Honorable John Z. Lee. Court Reporter Contact Information: ALEXANDRA ROTH, (312) 408-5038, alexandra_roth@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or |

|  |  | purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 3/14/2014. Redacted Transcript Deadline set for 3/24/2014. Release of Transcript Restriction set for 5/22/2014. (Roth, Alexandra) (Entered: 02/21/2014) |
|---|---|---|
| 02/21/2014 | 27 | ATTORNEY Appearance for Plaintiff Abram Robert Wolf by William T Gibbs (Gibbs, William) (Entered: 02/21/2014) |
| 02/27/2014 | 28 | MINUTE entry before the Honorable John Z. Lee: Walton Plaintiffs' Joinder of Walker and Morgan Plaintiffs' motion to temporarily enjoin the ongoing Arrington medical monitoring class settlement negotiations with defendant NCAA 19 is granted. Mailed notice (ca, ) (Entered: 02/27/2014) |
| 03/20/2014 | 29 | MOTION by Plaintiffs Adrian Arrington, Derek Owens, Angelica Palacios, Kyle Solomon for extension of time *Medical Monitoring Plaintiffs Second Agreed Motion For Extension of Dates Set in Case Management Order No. 1* (Fegan, Elizabeth) (Entered: 03/20/2014) |
| 03/20/2014 | 30 | NOTICE of Motion by Elizabeth A. Fegan for presentment of extension of time 29 before Honorable John Z. Lee on 4/1/2014 at 09:00 AM. (Fegan, Elizabeth) (Entered: 03/20/2014) |
| 03/21/2014 | 31 | RESPONSE by Anthony Nichols to MOTION by Plaintiffs Adrian Arrington, Derek Owens, Angelica Palacios, Kyle Solomon for extension of time *Medical Monitoring Plaintiffs Second Agreed Motion For Extension of Dates Set in Case Management Order No. 1* 29 (Scharg, Ari) (Entered: 03/21/2014) |
| 03/21/2014 | 32 | MINUTE entry before the Honorable John Z. Lee: The Medical Monitoring Plaintiffs' Motion for Extension of Dates, noticed for 4/1/14 at 9:00 a.m., is entered and continued to 4/8/14 at 10:00 a.m. All due dates are stayed and will be addressed at that time. At the hearing, counsel should be prepared to report on the status of the case. Any counsel located out of town may attend telephonically. Hagens Berman, as counsel for movant, shall coordinate attendance and provide the Court with a call-in number. Mailed notice (ca, ) (Entered: 03/21/2014) |
| 03/21/2014 | 33 | MINUTE entry before the Honorable John Z. Lee: By agreement of the parties, the medical monitoring Plaintiffs' motion for extension of dates 29 hearing set for 4/8/14 at 10:00 a.m is reset to 4/14/14 at 3:00 p.m.Mailed notice (ca, ) (Entered: 03/21/2014) |
| 04/14/2014 | 34 | MINUTE entry before the Honorable John Z. Lee: Motion hearing held on 4/14/14. Medical Monitoring Plaintiffs' second agreed motion for extension of dates set in Case Management Order No. 1 29 is granted. The responses by the Arrington Plaintiffs and NCAA to the the Walker Plaintiffs' Motion To Temporarily Enjoin Settlement Negotiations is due by 5/5/14; applications for |

| | | |
|---|---|---|
| | | Lead and Liaison Counsel are due by 5/9/14; the Walker Plaintiffs Reply in Support of the Motion To Temporarily Enjoin Settlement Negotiations is due by 5/12/14; any objections to Lead Applications are due by 5/15/14; the Proposed Case Management Schedule is due by 5/15/14. This will be the final extension absent exceptional circumstances. The hearing date set for 4/24/14 is stricken. The Court is available for a case management hearing on the following days: 5/27/14, 5/28/14 or 5/29/14, all at 2:00 p.m. The parties are to confer and call the Courtroom Deputy within 7 days of the entry of this order with the date and time that works best for the parties. Out of town counsel may appear by telephone. Counsel should provide a call in number to the Court for the next case management hearing. Mailed notice (ca, ) (Entered: 04/16/2014) |
| 04/14/2014 | 🔒 | (Court only) ***Deadlines terminated. (ca, ). (Entered: 04/16/2014) |
| 04/16/2014 | 35 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-9395899. (Attachments: # 1 Certificate of Good Standing)(Goplerud, John) (Entered: 04/16/2014) |
| 04/16/2014 | 36 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-9395976. (Attachments: # 1 Certificate of Good Standing)(Goplerud, John) (Entered: 04/16/2014) |
| 04/18/2014 | 🔒 | (Court only) ***Motions terminated: MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-9395899. 35 (ca, ). (Entered: 04/18/2014) |
| 04/18/2014 | 37 | MINUTE entry before the Honorable John Z. Lee: By agreement of the parties, a case management hearing is scheduled for 5/29/14 at 2:00 p.m. Mailed notice (ca, ) (Entered: 04/18/2014) |
| 04/21/2014 | 38 | MINUTE entry before the Honorable John Z. Lee: Motion for leave to appear pro hac vice by J. Barton Goplerud 36 is granted. Mailed notice (ca, ) (Entered: 04/21/2014) |
| 04/22/2014 | 🔓 39 | TRANSCRIPT OF PROCEEDINGS held on 4/14/2014 before the Honorable John Z. Lee. Court Reporter Contact Information: ALEXANDRA ROTH, alexandra_roth@ilnd.uscourts.gov, (312) 408-5038.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 5/13/2014. Redacted Transcript Deadline set for 5/23/2014. Release of Transcript Restriction set for 7/21/2014. (Roth, Alexandra) (Entered: 04/22/2014) |
| 04/30/2014 | 40 | Notice of Withdrawal by Paul Morgan, Chris Walker *of Motion to Temporarily Enjoin Medical Monitoring Settlement Negotiations (Dkt. No. 5)* (Lewis, |

| | | |
|---|---|---|
| | | Richard) (Entered: 04/30/2014) |
| 04/30/2014 | 41 | MINUTE entry before the Honorable John Z. Lee: Pursuant to the notice of withdrawal of motion [dkt. 40] filed on 4/30/14, the Walker and Morgan Plaintiffs' Motion to Temporarily Enjoin the Class Settlement Negotiations [dkt. 5] is stricken without prejudice. Mailed notice (ca, ) (Entered: 04/30/2014) |
| 04/30/2014 | 42 | Notice of Withdrawal by Sharron D. Washington *of Joinder to Motion to Temporarily Enjoin Medical Monitoring Settlement Negotiations (Dkt. No. 9)* (Defeo, Daniel) (Entered: 04/30/2014) |
| 04/30/2014 | 43 | Notice of Withdrawal by Service List *of Christopher Powell of Joinder to Motion to Temporarily Enjoin Medical Monitoring Settlement Negotiations (Dkt. No. 16)* (Rader, Michael) (Entered: 04/30/2014) |
| 05/01/2014 | 44 | NOTICE by Stanley Doughty *Notice of Withdrawal Without Prejudice of Joinder to Motion to Temporarily enjoin the Ongoing Arrington Medical Monitoring Class Settlement Negotiations with Defendant NCAA byt the Doughty Plaintiffs* (Hellums, Chris) (Entered: 05/01/2014) |
| 05/02/2014 | 45 | Notice of Withdrawal by John Walton *Without Prejudice of Joinder to Motion to Temporarily Enjoin Settlement Negotiations (Dkt. No. 19)* (Easter, Gerald) (Entered: 05/02/2014) |
| 05/02/2014 | 46 | NOTICE by Ray Hudson *Notice of Withdrawl, Without Prejudice, of Joinder to Motion to Temporarily Enjoin the Ongoing Arrington Medical Monitoring Class Settlement Negotiations with Defendant NCAA by Plaintiff Ray Hudson* (Stephens, James) (Entered: 05/02/2014) |
| 05/09/2014 | 47 | Designation of Lead and Liaison Counsel for the National Collegiate Athletic Association by National Collegiate Athletic Association (Attachments: # 1 Exhibit A)(Mester, Mark) (Entered: 05/09/2014) |
| 05/09/2014 | 48 | National Collegiate Athletic Association List of Related Cases as of May 9, 2014 by National Collegiate Athletic Association (Mester, Mark) (Entered: 05/09/2014) |
| 05/09/2014 | 49 | Joint Agreed Application For Appointment Of Lead Class Counsel, Special Class Counsel For Monitoring Relief, And Executive Committee For The Medical Monitoring Plaintiffs by Adrian Arrington, Brett Christensen, Stanley Doughty, Natalie Kay Harada, Rachel Dianne Harada, Ray Hudson, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Kyle Solomon, Brett Sweeney, Sean Sweeney, Chris Walker, John Walton, Sharron D. Washington, Abram Robert Wolf (Attachments: # 1 Exhibit A - Declaration of Steve W. Berman (with Exs. 1-9), # 2 Exhibit B - Declaration of Joseph Siprut (with Ex. 1), # 3 Exhibit C - Declaration of Richard Lewis (with Ex. A), # 4 Exhibit D - Firm Resume of Zimmerman Reed), # 5 Exhibit E - Declaration of James Dugan, # 6 Exhibit F - Declaration of Mark Zamora)(Berman, Steve) (Entered: 05/09/2014) |
| 05/09/2014 | 50 | MOTION by Plaintiff Anthony NicholsTo Appoint Jay Edelson As Lead Counsel Of The Class Personal Injury Claims (Attachments: # 1 Exhibit |

| | | 1-Declaration of Jay Edelson)(Scharg, Ari) (Entered: 05/09/2014) |
|---|---|---|
| 05/13/2014 | 51 | MOTION by Service List to stay *Joint Motion For 60-Day Stay* (Berman, Steve) (Entered: 05/13/2014) |
| 05/13/2014 | 52 | NOTICE of Motion by Steve W. Berman for presentment of motion to stay 51 before Honorable John Z. Lee on 5/20/2014 at 09:00 AM. (Berman, Steve) (Entered: 05/13/2014) |
| 05/13/2014 | 53 | MOTION by Plaintiffs Adrian Arrington, Derek Owens, Angelica Palacios, Kyle Solomon to stay regarding MOTION by Service List to stay *Joint Motion For 60-Day Stay* 51 , notice of motion 52 *Corrected Joint Motion For 60-Day Stay* (Berman, Steve) (Entered: 05/13/2014) |
| 05/14/2014 | 🔒 | (Court only) ***Motions terminated: MOTION by Service List to stay *Joint Motion For 60-Day Stay* 51 (ca, ). (Entered: 05/14/2014) |
| 05/15/2014 | 54 | NOTICE of Motion by Steve W. Berman for presentment of motion to stay,, motion for relief,,, 53 before Honorable John Z. Lee on 5/22/2014 at 09:00 AM. (Berman, Steve) (Entered: 05/15/2014) |
| 05/15/2014 | 55 | RESPONSE by Adrian Arrington, Derek Owens, Angelica Palacios, Kyle Solomonin Opposition to MOTION by Plaintiff Anthony NicholsTo Appoint Jay Edelson As Lead Counsel Of The Class Personal Injury Claims 50 *MDL Plaintiffs' Objection to Plaintiff Nichols' Motion to Appoint Jay Edelson as Lead Counsel of the Class Personal Injury Claims* (Berman, Steve) (Entered: 05/15/2014) |
| 05/15/2014 | 56 | RESPONSE by Plaintiff Anthony Nichols to motion to stay,, motion for relief,,, 53 , other,,, 49 *Class Personal Injury Plaintiffs Combined Opposition to Joint Motion for 60-Day Stay (Dkt. 53) And The Medical Monitoring Plaintiffs Agreed Leadership Application (Dkt. 49)* (Attachments: # 1 Exhibit 1)(Scharg, Ari) (Entered: 05/15/2014) |
| 05/22/2014 | 57 | MINUTE entry before the Honorable John Z. Lee: Motion hearing held on 5/22/14. For the reasons stated on the record, Plaintiff's corrected joint motion for a 60 day stay 53 is granted; all pending deadlines are stayed through 7/14/14. The Court strikes the case management hearing on 5/29/14 at 2:00 p.m. Status hearing set for 7/29/14 at 10:00 a.m. Out-of-town counsel may appear by telephone and should contact the courtroom deputy the day before with a call in number. Mailed notice (ca, ) (Entered: 05/22/2014) |
| 05/30/2014 | 🔓 58 | TRANSCRIPT OF PROCEEDINGS held on 5/22/2014 before the Honorable John Z. Lee. Court Reporter Contact Information: ALEXANDRA ROTH, alexandra_roth@ilnd.uscourts.gov, (312) 408-5038.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links |

| | | |
|---|---|---|
| | | select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 6/20/2014. Redacted Transcript Deadline set for 6/30/2014. Release of Transcript Restriction set for 8/28/2014. (Roth, Alexandra) (Entered: 05/30/2014) |
| 06/04/2014 | 59 | MOTION by counsel for Defendant National Collegiate Athletic Association to withdraw as attorney - *Joint Motion to Withdraw Appearances of Denise M. Portnoy and Lucinda H. Luetkemeyer* (Walton, Katherine) (Entered: 06/04/2014) |
| 06/04/2014 | 60 | NOTICE of Motion by Katherine S Walton for presentment of motion to withdraw as attorney 59 before Honorable John Z. Lee on 6/17/2014 at 09:00 AM. (Walton, Katherine) (Entered: 06/04/2014) |
| 06/04/2014 | 61 | MINUTE entry before the Honorable John Z. Lee:Joint motion to withdraw appearances of Denise M. Portnoy and Lucinda H. Luetkemeyer 59 is granted. No appearance is required on the motion.Mailed notice (ca, ) (Entered: 06/04/2014) |
| 06/10/2014 | 62 | CONDITIONAL TRANSFER ORDER (CTO-3) from the Judicial Panel on Multidistrict Litigation, transferring cases to become part of MDL 2492. (See order for details). (lcw, ) (Entered: 06/12/2014) |
| 07/25/2014 | 63 | MINUTE entry before the Honorable John Z. Lee: The status hearing set for 7/29/14 at 10:00 a.m. is reset to 7/29/14 at 2:00 p.m.Mailed notice (ca, ) (Entered: 07/25/2014) |
| 07/29/2014 | 64 | MOTION by Plaintiffs Adrian Arrington, Derek Owens, Angelica Palacios, Kyle Solomon for settlement *Plaintiffs' Motion for Preliminary Approval of Class Settlement and Certification of Settlement Class* (Attachments: # 1 Exhibit 1 (Settlement Agreement), # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F)(Berman, Steve) (Entered: 07/29/2014) |
| 07/29/2014 | 65 | MEMORANDUM by Adrian Arrington, Derek Owens, Angelica Palacios, Kyle Solomon in support of motion for settlement, 64 *Plaintiffs' Memorandum in Support of Motion for Preliminary Approval of Class Settlement and Certification of Settlement Class* (Berman, Steve) (Entered: 07/29/2014) |
| 07/29/2014 | 66 | DECLARATION by Plaintiffs Adrian Arrington, Derek Owens, Angelica Palacios, Kyle Solomon in Support of MOTION by Plaintiffs Adrian Arrington, Derek Owens, Angelica Palacios, Kyle Solomon for settlement *Plaintiffs' Motion for Preliminary Approval of Class Settlement and Certification of Settlement Class* 64 *of Steve W. Berman in Support of Motion for Preliminary Approval of Class Settlement and Certification of Settlement Class* (Berman, Steve) Modified on 7/30/2014 (smm). (Entered: 07/29/2014) |
| 07/29/2014 | 67 | DECLARATION by Plaintiffs Adrian Arrington, Derek Owens, Angelica Palacios, Kyle Solomon in Support of MOTION by Plaintiffs Adrian Arrington, Derek Owens, Angelica Palacios, Kyle Solomon for settlement *Plaintiffs'* |

| | | |
|---|---|---|
| | | *Motion for Preliminary Approval of Class Settlement and Certification of Settlement Class* 64 *of Mediator and Former United States District Court Judge Layn R. Phillips In Support of Preliminary Approval of Settlement* (Berman, Steve) Modified on 7/30/2014 (smm). (Entered: 07/29/2014) |
| 07/29/2014 | 68 | DECLARATION by Plaintiffs Adrian Arrington, Derek Owens, Angelica Palacios, Kyle Solomon in Support of MOTION by Plaintiffs Adrian Arrington, Derek Owens, Angelica Palacios, Kyle Solomon for settlement *Plaintiffs' Motion for Preliminary Approval of Class Settlement and Certification of Settlement Class* 64 *of Mediator and Former United States District Court Judge Wayne R. Andersen in Support of Preliminary Approval of Settlement* (Berman, Steve) Modified on 7/30/2014 (smm). (Entered: 07/29/2014) |
| 07/29/2014 | 69 | REPORT by Plaintiffs Adrian Arrington, Derek Owens, Angelica Palacios, Kyle Solomon in Support of MOTION by Plaintiffs Adrian Arrington, Derek Owens, Angelica Palacios, Kyle Solomon for settlement *Plaintiffs' Motion for Preliminary Approval of Class Settlement and Certification of Settlement Class* 64 *Report of Robert C. Cantu, M.A., M.D., F.A.C.S.M. In Support of Plaintiffs' Motion for Preliminary Approval of Settlement* (Berman, Steve) Modified on 7/30/2014 (smm). (Entered: 07/29/2014) |
| 07/29/2014 | 70 | AFFIDAVIT by Plaintiffs Adrian Arrington, Derek Owens, Angelica Palacios, Kyle Solomon in Support of MOTION by Plaintiffs Adrian Arrington, Derek Owens, Angelica Palacios, Kyle Solomon for settlement *Plaintiffs' Motion for Preliminary Approval of Class Settlement and Certification of Settlement Class* 64 *Expert Report of Bruce Deal Regarding the Medical Monitoring Fund* (Berman, Steve) (Entered: 07/29/2014) |
| 07/29/2014 | 71 | MOTION by Plaintiffs Adrian Arrington, Derek Owens, Angelica Palacios, Kyle Solomon for leave to file excess pages *Plaintiffs' Motion for Leave to File Oversized Brief in Support of Motion for Preliminary Approval of Settlement* (Berman, Steve) (Entered: 07/29/2014) |
| 07/29/2014 | 72 | NOTICE of Motion by Steve W. Berman for presentment of motion for leave to file excess pages, 71 before Honorable John Z. Lee on 7/29/2014 at 02:00 PM. (Berman, Steve) (Entered: 07/29/2014) |
| 07/29/2014 | 73 | MINUTE entry before the Honorable John Z. Lee: Status hearing held on 7/29/14. Status hearing set for 9/19/14 at 10:00 a.m. Plaintiffs' motion for preliminary approval 64 is entered and continued for 9/19/14 at 10:00 a.m. The Settling Plaintiffs motion for leave to file an oversized brief 71 is granted. [For further details see Case Management Order No. 2.]Mailed notice (ca, ) (Entered: 07/30/2014) |
| 07/29/2014 | 74 | CASE Management Order No. 2 Signed by the Honorable John Z. Lee on 7/29/14Mailed notice(ca, ). (Entered: 07/30/2014) |
| 07/29/2014 | 🔒 | (Court only) ***Motions terminated: MOTION by Plaintiffs Adrian Arrington, Derek Owens, Angelica Palacios, Kyle Solomon for leave to file excess pages *Plaintiffs' Motion for Leave to File Oversized Brief in Support of Motion for Preliminary Approval of Settlement* 71 (ca, ). (Entered: 07/30/2014) |

| 07/30/2014 | 75 | MINUTE entry before the Honorable John Z. Lee: The Joint Agreed Application for Appointment of Lead Class Counsel, Special Class Counsel and Executive Committee 49 and Designation of Lead and Liaison Counsel for the NCAA 47 are approved. Plaintiff Anthony Nichols' Motion to Appoint Jay Edelson as Lead Counsel 50 is denied without prejudice. [For further details see Case Management Order No. 3].Mailed notice (ca, ) (Entered: 07/30/2014) |
| 07/30/2014 | 76 | CASE Management Order No. 3 Signed by the Honorable John Z. Lee on 7/30/14Mailed notice(ca, ). (Entered: 07/30/2014) |
| 08/08/2014 | 77 | Settlement Class Representatives' Supplemental Submission In Support of Plaintiffs' Motion for Preliminary Approval of Settlement by Adrian Arrington, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Kyle Solomon, Sean Sweeney, Sharron D. Washington, Abram Robert Wolf, Dan Ahern, Jeff Caldwell, John Durocher (Berman, Steve) (Entered: 08/08/2014) |
| 08/08/2014 | 78 | MOTION by Defendant National Collegiate Athletic Association for leave to file - *Defendant NCAA's Motion for Leave to File a Supplemental Memorandum Concerning FED. R. CIV. P. 23(b)(2) and FED. R. CIV. P. 23(b)(3)* (Mester, Mark) (Entered: 08/08/2014) |
| 08/08/2014 | 79 | NOTICE of Motion by Mark Steven Mester for presentment of motion for leave to file 78 before Honorable John Z. Lee on 8/19/2014 at 09:00 AM. (Mester, Mark) (Entered: 08/08/2014) |
| 08/12/2014 | 80 | MINUTE entry before the Honorable John Z. Lee: Defendant NCAA's motion for leave to file a supplemental memorandum concerning Fed.R.Civ.P. 23(b)(2) and Fed.R.Civ.P. 23(b)(3) 78 is granted. No appearance is required on the motion.Mailed notice (ca, ) (Entered: 08/12/2014) |
| 08/12/2014 | 81 | MEMORANDUM by National Collegiate Athletic Association - *Submission of the NCAA Regarding Fed. R. Civ. P. 23(B)(2) and Fed. R. Civ. P. 23(B)(3)* (Mester, Mark) (Entered: 08/12/2014) |
| 08/19/2014 | 82 | TRANSCRIPT OF PROCEEDINGS held on 7/29/2014 before the Honorable John Z. Lee. Court Reporter Contact Information: ALEXANDRA ROTH, alexandra_roth@ilnd.uscourts.gov (312) 408-5038.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 9/9/2014. Redacted Transcript Deadline set for 9/19/2014. Release of Transcript Restriction set for 11/17/2014. (Roth, Alexandra) (Entered: 08/19/2014) |
| 08/22/2014 | 83 | RESPONSE by Anthony Nicholsin Opposition to MOTION by Plaintiffs Adrian Arrington, Derek Owens, Angelica Palacios, Kyle Solomon for |

| | | |
|---|---|---|
| | | settlement *Plaintiffs' Motion for Preliminary Approval of Class Settlement and Certification of Settlement Class* 64 (Scharg, Ari) (Entered: 08/22/2014) |
| 09/05/2014 | 84 | Settlement Class Representatives' Motion for Approval of Notice Plan by Dan Ahern, Adrian Arrington, Jeff Caldwell, John Durocher, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Kyle Solomon, Sean Sweeney, Sharron D. Washington, Abram Robert Wolf (Attachments: # 1 Exhibit A)(Berman, Steve) (Entered: 09/05/2014) |
| 09/05/2014 | 85 | MOTION by Plaintiffs Dan Ahern, Adrian Arrington, Jeff Caldwell, John Durocher, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Kyle Solomon, Sean Sweeney, Sharron D. Washington, Abram Robert Wolf for leave to file *27-Page Reply In Support of Plaintiffs' Motion for Preliminary Approval of Settlement (Response to the Nichols' Opposition)* (Attachments: # 1 Exhibit A, # 2 Exhibit 1 (to Exhibit A), # 3 Exhibit 2 (to Exhibit A), # 4 Exhibit 3 (to Exhibit A), # 5 Appendix A (to Exhibit A))(Berman, Steve) (Entered: 09/05/2014) |
| 09/05/2014 | 86 | NOTICE of Motion by Steve W. Berman for presentment of motion for leave to file,, 85 before Honorable John Z. Lee on 9/9/2014 at 09:00 AM. (Berman, Steve) (Entered: 09/05/2014) |
| 09/08/2014 | 87 | MINUTE entry before the Honorable John Z. Lee: Plaintiffs' motion for leave to file 27-page reply in support of plaintiffs' motion for preliminary approval of settlement 85 is granted. No appearance is required on the motion. Mailed notice (ca, ) (Entered: 09/08/2014) |
| 09/08/2014 | 88 | REPLY by Plaintiffs Dan Ahern, Adrian Arrington, Jeff Caldwell, John Durocher, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Kyle Solomon, Sean Sweeney, Sharron D. Washington, Abram Robert Wolf *In Support of Plaintiffs' Motion for Preliminary Approval of Settlement (Response to Nichols' Opposition)* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Appendix A)(Berman, Steve) (Entered: 09/08/2014) |
| 09/09/2014 | 89 | MINUTE entry before the Honorable John Z. Lee: In light of the recent submissions related to Plaintiffs Motion for Preliminary Approval of Class Settlement and Certification of Settlement Class 64 , the hearing on the motion previously set for 9/19/2014 at 10:00 a.m. is rescheduled to 10/23/14 at 10:00 a.m. Mailed notice (ca, ) (Entered: 09/09/2014) |
| 09/10/2014 | 90 | MINUTE entry before the Honorable John Z. Lee: The status hearing set for 9/19/14 is stricken. Mailed notice (ca, ) (Entered: 09/10/2014) |
| 10/20/2014 | 91 | MOTION by Plaintiffs Adrian Arrington, Derek Owens, Angelica Palacios, Kyle Solomon to amend/correct MOTION by Plaintiffs Adrian Arrington, Derek Owens, Angelica Palacios, Kyle Solomon for settlement *Plaintiffs' Motion for Preliminary Approval of Class Settlement and Certification of Settlement Class* 64 *Amended Motion To Preliminarily Approve Amended Settlement Agreement* (Attachments: # 1 Exhibit Ex. A Amended Settlement Agreement, # 2 Exhibit Ex. B Redlined Amended Settlement Agreement) (Berman, Steve) (Entered: 10/20/2014) |

| 10/21/2014 | 92 | AMENDED motion to amend/correct, motion for relief,,,, *91 AMENDED EXHIBIT A TO MOTION* (Berman, Steve) (Entered: 10/21/2014) |
|---|---|---|
| 10/23/2014 | 93 | MINUTE entry before the Honorable John Z. Lee: Motion hearing held on 10/23/14. Plaintiffs' motion for preliminary approval of class action and certification of settlement class 64 is taken under advisement.Mailed notice (ca, ) (Entered: 10/23/2014) |
| 10/23/2014 | 94 | OBJECTIONS from Julius Whittier's to Plaintiffs' motion for preliminary approval of class settlement by Attorney Dwight E. Jefferson. (mgh, ) (Entered: 10/28/2014) |
| 10/28/2014 | 95 | Plaintiffs' Notice of Submission of Order Granting Preliminary Approval in Keller v. Electronic Arts, Inc., National Collegiate Athletic Association, et al. by Dan Ahern, Adrian Arrington, Jeff Caldwell, John Durocher, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Kyle Solomon, Sean Sweeney, Sharron D. Washington, Abram Robert Wolf (Attachments: # 1 Exhibit A)(Berman, Steve) (Entered: 10/28/2014) |
| 11/07/2014 | 96 | MOTION by Plaintiffs Dan Ahern, Adrian Arrington, Jeff Caldwell, John Durocher, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Kyle Solomon, Sean Sweeney, Sharron D. Washington, Abram Robert Wolf Settlement Class Representatives' Motion to Add Non-Contact Sports Plaintiffs and Class Representatives (Attachments: # 1 Exhibit A - Declaration of Shelby Williams, # 2 Exhibit B - Declaration of Brice Sheeder, # 3 Exhibit C - Transcript of Proceedings)(Berman, Steve) (Entered: 11/07/2014) |
| 11/07/2014 | 97 | NOTICE of Motion by Steve W. Berman for presentment of motion for miscellaneous relief,, 96 before Honorable John Z. Lee on 11/18/2014 at 09:00 AM. (Berman, Steve) (Entered: 11/07/2014) |
| 11/17/2014 | 98 | MOTION by Defendant National Collegiate Athletic Association for leave to file - *Defendant NCAA's Motion for Leave to File a Supplemental Submission Regarding Adequacy of Representation and the Scope of the Proposed Settlement Class* (Attachments: # 1 Exhibit A Supplemental Memorandum) (Mester, Mark) (Entered: 11/17/2014) |
| 11/17/2014 | 99 | NOTICE of Motion by Mark Steven Mester for presentment of motion for leave to file, 98 before Honorable John Z. Lee on 11/25/2014 at 09:00 AM. (Mester, Mark) (Entered: 11/17/2014) |
| 11/18/2014 | 100 | MINUTE entry before the Honorable John Z. Lee: Motion hearing held on 11/18/14. For the reasons stated on the record, the Settlement Class Representatives' motion to add non-contact sports plaintiffs and class representatives 96 is denied without prejudice; the renewed motion is due by 12/15/14 and should be noticed up for presentment on 12/19/14 at 10:00 a.m. Defendant NCAA's motion for leave to file a supplemental submission regarding adequacy of representation and the scope of the proposed settlement class 98 is granted without objection. Mailed notice (ca, ) (Entered: 11/18/2014) |

| | | |
|---|---|---|
| 11/18/2014 | 101 | Supplemental Submission of the NCAA Regarding Adequacy of Representation and the Scope of the Proposed Settlement Class by National Collegiate Athletic Association (Mester, Mark) (Entered: 11/18/2014) |
| 11/20/2014 | 102 | CONDITIONAL TRANSFER ORDER (CTO-4) from the Judicial Panel on Multidistrict Litigation, transferring cases to become part of MDL 2492. (lcw, ) (Entered: 11/20/2014) |
| 12/02/2014 | 103 | TRANSCRIPT OF PROCEEDINGS held on 10/23/2014 before the Honorable John Z. Lee. Court Reporter Contact Information: ALEXANDRA ROTH, alexandra_roth@ilnd.uscourts.gov, (312) 408-5038. IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 12/23/2014. Redacted Transcript Deadline set for 1/2/2015. Release of Transcript Restriction set for 3/2/2015. (Roth, Alexandra) (Entered: 12/02/2014) |
| 12/02/2014 | 104 | TRANSCRIPT OF PROCEEDINGS held on 11/18/2014 before the Honorable John Z. Lee. Court Reporter Contact Information: ALEXANDRA ROTH, alexandra_roth@ilnd.uscourts.gov, (312) 408-5038. IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 12/23/2014. Redacted Transcript Deadline set for 1/2/2015. Release of Transcript Restriction set for 3/2/2015. (Roth, Alexandra) (Entered: 12/02/2014) |
| 12/15/2014 | 105 | MOTION by Plaintiffs Dan Ahern, Adrian Arrington, Jeff Caldwell, John Durocher, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Kyle Solomon, Sean Sweeney, Sharron D. Washington, Abram Robert Wolf Settlement Class Representatives' Renewed Motion to Add Non-Contact Sports Plaintiffs and Class Representatives (Attachments: # 1 Exhibit A - Declaration of Hon. Wayne R. Andersen, # 2 Exhibit B - Transcript of Proceedings - Motion Before the Honorable John Z. Lee, Oct. 23, 2014, # 3 Exhibit C - Transcript of Proceedings, Nov. 18, 2014, # 4 Exhibit D - Declaration of Shelby Williams, # 5 Exhibit E - Declaration of Brice Sheeder, # 6 Exhibit F - Declaration of Shavaughne Desecki, # 7 Exhibit G - Declaration of Spencer Trautmann, # 8 Exhibit H - Declaration of Ryan Parks, # 9 Exhibit I - Declaration of Ursula Kunhardt, # 10 Exhibit J - Declaration of Jessica Miller, # 11 Exhibit K - List of |

| | | |
|---|---|---|
| | | NCAA Sanctioned Sports, # 12 Exhibit L - Expert Report of Bruce Deal Regarding Medical Monitoring Fund Supplementary Report: Non-Contact Sports)(Berman, Steve) (Entered: 12/15/2014) |
| 12/15/2014 | 106 | DECLARATION of Steve W. Berman regarding motion for miscellaneous relief,,,, 105 *Declaration of Steve W. Berman in Support of Renewed Motion to Add Non-Contact Sports Plaintiffs and Class Representatives* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Berman, Steve) (Entered: 12/15/2014) |
| 12/15/2014 | 107 | MEMORANDUM by Dan Ahern, Adrian Arrington, Jeff Caldwell, John Durocher, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Kyle Solomon, Sean Sweeney, Sharron D. Washington, Abram Robert Wolf in support of motion for miscellaneous relief,,,, 105 *[Redacted] Settlement Class Representatives' Memorandum In Support of Renewed Motion to Add Non-Contact Sports Plaintiffs and Class Representatives* (Berman, Steve) (Entered: 12/15/2014) |
| 12/15/2014 | 108 | NOTICE of Motion by Steve W. Berman for presentment of motion for miscellaneous relief,,,, 105 before Honorable John Z. Lee on 12/19/2014 at 10:00 AM. (Berman, Steve) (Entered: 12/15/2014) |
| 12/15/2014 | 109 | MOTION by Plaintiffs Dan Ahern, Adrian Arrington, Jeff Caldwell, John Durocher, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Kyle Solomon, Sean Sweeney, Sharron D. Washington, Abram Robert Wolf to seal document memorandum in support of motion, 107 *Plaintiffs' Motion for Leave to File Documents Under Seal* (Berman, Steve) (Entered: 12/15/2014) |
| 12/15/2014 | 110 | NOTICE of Motion by Steve W. Berman for presentment of motion to seal document,, motion for relief, 109 before Honorable John Z. Lee on 12/19/2014 at 10:00 AM. (Berman, Steve) (Entered: 12/15/2014) |
| 12/16/2014 | 111 | MINUTE entry before the Honorable John Z. Lee:Plaintiffs' motion for leave to file documents under seal 109 is granted. Mailed notice (ca, ) (Entered: 12/16/2014) |
| 12/16/2014 | 112 | SEALED DOCUMENT by Plaintiffs Dan Ahern, Adrian Arrington, Jeff Caldwell, John Durocher, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Kyle Solomon, Sean Sweeney, Sharron D. Washington, Abram Robert Wolf *Declaration of Steve W. Berman in Support of Renewed Motion to Add Non-Contact Sports Plaintiffs and Class Representatives* (Attachments: # 1 Exhibit 4, # 2 Exhibit 5)(Berman, Steve) (Entered: 12/16/2014) |
| 12/16/2014 | 113 | SEALED DOCUMENT by Plaintiffs Dan Ahern, Adrian Arrington, Jeff Caldwell, John Durocher, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Kyle Solomon, Sean Sweeney, Sharron D. Washington, Abram Robert Wolf *[Unredacted] Settlement Class Representatives' Memorandum in Support of Renewed Motion to Add Non-Contact Sports Plaintiffs and Class Representatives* (Berman, Steve) (Entered: 12/16/2014) |
| 12/17/2014 | 114 | MINUTE entry before the Honorable John Z. Lee: For the reasons stated in the memorandum opinion and order, the Court denies Plaintiffs' Motion for |

| | | |
|---|---|---|
| | | Preliminary Approval of Amended Class Settlement and Certification of Settlement Class [Dkt. 64] and Amended Motion [Dkt. 91]. [For further details see memorandum opinion and order.] Mailed notice (ca, ) (Entered: 12/17/2014) |
| 12/17/2014 | 115 | MEMORANDUM Opinion and Order Signed by the Honorable John Z. Lee on 12/17/14Mailed notice(ca, ). (Entered: 12/17/2014) |
| 12/19/2014 | 116 | MINUTE entry before the Honorable John Z. Lee: Motion hearing held on 12/19/14. Because the Court denied without prejudice the Settlement Class Representatives' Motion for Preliminary Approval of Amended Class Settlement and Certification of Settlement Class, the Settlement Class Representatives' Renewed Motion to Add Non-Contact Sports Plaintiffs and Class Representatives 105 is denied as moot. During the hearing, Plaintiffs counsel for the Arrington action made an oral motion to amend the Second Amended Complaint in the Arrington action in order to join as named plaintiffs the individuals, who were the subject of the Renewed Motion. For the reasons stated on the record, that motion is granted. The amended complaint is due no later than 1/7/15. Defendants' answer or responsive pleading is due by 1/28/15. Furthermore, Plaintiff's counsel stated that he hopes to address the issues raised by the Court in its 12/17/14 order by mid-March. A status hearing is set for April 3, 2015 at 10:00 a.m.Mailed notice (ca, ) (Entered: 12/19/2014) |
| 12/22/2014 | 117 | MINUTE entry before the Honorable John Z. Lee:The Court on its own motion resets the status hearing previously scheduled for 4/3/15 to 4/17/15 at 10:00 a.m. Mailed notice (ca, ) (Entered: 12/22/2014) |
| 12/26/2014 | 118 | Plaintiff's Rule 23 Motion for Appointment of Additional Class Counsel by Mildred Whittier (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Jefferson, Dwight) (Entered: 12/26/2014) |
| 01/07/2015 | 119 | *Third Amended Class Action Complaint* AMENDED complaint by Adrian Arrington, Angelica Palacios, Derek Owens, Kyle Solomon, Spencer Trautmann, Ryan Parks, Shelby Williams, Brice Sheeder, Shavaughne Desecki, Ursula Kunhardt, Jessica Miller against All Defendants (Berman, Steve) (Entered: 01/07/2015) |
| 01/12/2015 | 120 | MINUTE entry before the Honorable John Z. Lee: Plaintiff's Rule 23 motion for appointment of additional class counsel 118 is stricken without prejudice. Local Rule 5.3(b) clearly specifies that all motions must be accompanied by a notice of motion specifying the date and time on which, and the judge before whom, the motion is to be presented. Counsel is instructed to refile its motion with the proper notice, and is further cautioned to comply with the procedures set forth in this Court's standing order with respect to motion practice. Mailed notice (ca, ) (Entered: 01/12/2015) |
| 01/13/2015 | 121 | MOTION by Plaintiff Mildred WhittierPlaintiff's Rule 23 Motion for Appointment of Additional Class Counsel (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Notice of Motion)(Jefferson, Dwight) (Entered: 01/13/2015) |

| | | |
|---|---|---|
| 01/13/2015 | 122 | NOTICE of Motion by Dwight E. Jefferson for presentment of motion for miscellaneous relief 121 before Honorable John Z. Lee on 1/20/2015 at 09:00 AM. (Jefferson, Dwight) (Entered: 01/13/2015) |
| 01/14/2015 | 123 | MEMORANDUM by Dan Ahern, Adrian Arrington, Jeff Caldwell, Shavaughne Desecki, John Durocher, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Sharron D. Washington, Shelby Williams, Abram Robert Wolf in Opposition to motion for miscellaneous relief 121 *Class Representatives' Memorandum in Opposition to Plaintiff Whittier's Rule 23 Motion for Appointment of Additional Class Counsel* (Attachments: # 1 Exhibit 1 - Case Management Order No. 3)(Berman, Steve) (Entered: 01/14/2015) |
| 01/15/2015 | 124 | MOTION by Plaintiffs Dan Ahern, Adrian Arrington, Jeff Caldwell, Shavaughne Desecki, John Durocher, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Sharron D. Washington, Shelby Williams, Abram Robert Wolf *Class Representatives' Agreed Motion for Entry of Briefing Schedule and to Strike Hearing Date* (Berman, Steve) (Entered: 01/15/2015) |
| 01/15/2015 | 125 | NOTICE of Motion by Steve W. Berman for presentment of motion for miscellaneous relief, 124 before Honorable John Z. Lee on 1/20/2015 at 09:00 AM. (Berman, Steve) (Entered: 01/15/2015) |
| 01/16/2015 | 126 | MINUTE entry before the Honorable John Z. Lee:Class representatives' agreed motion for entry of briefing schedule and to strike hearing date 124 is granted. Plaintiff Whittier's reply in support of his motion is due by January 26, 2015. No appearance is required on 1/20/15. Mailed notice (ca, ) (Entered: 01/16/2015) |
| 01/26/2015 | 127 | MOTION by Plaintiff Mildred Whittier to set a briefing schedule *Agreed Motion for Amended Briefing Schedule* (Attachments: # 1 Notice of Filing Notice of Motion)(Jefferson, Dwight) (Entered: 01/26/2015) |
| 01/26/2015 | 128 | MOTION by Plaintiff Anthony Nichols Renewed Motion To Appoint Jay Edelson as Lead Counsel of the Class Personal Injury Claims (Attachments: # 1 Exhibit 1- Transcript of July 29, 2014 Hearing, # 2 Exhibit 2- Declaration of Ramogi Huma, Executive Director of the National College Players Association and President of the College Athletes Players Association)(Scharg, Ari) (Entered: 01/26/2015) |
| 01/26/2015 | 129 | *Plaintiff Nichols' Notice of Motion to Appoint Jay Edelson As Lead Counsel of the Personal Injury Class* NOTICE of Motion by Ari Jonathan Scharg for presentment of motion for miscellaneous relief, 128 before Honorable John Z. Lee on 2/3/2015 at 09:00 AM. (Scharg, Ari) (Entered: 01/26/2015) |
| 01/27/2015 | 130 | NOTICE of Motion by Dwight E. Jefferson for presentment of motion by filer to set a briefing schedule 127 before Honorable John Z. Lee on 2/3/2015 at 09:00 AM. (Jefferson, Dwight) (Entered: 01/27/2015) |

| | | |
|---|---|---|
| 01/28/2015 | 131 | ANSWER to amended complaint *and Affirmative Defenses* by National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation (Mester, Mark) (Modified by Clerk's Office on 1/29/2015) (sxw). (Entered: 01/28/2015) |
| 01/28/2015 | 132 | MOTION by Plaintiff Mildred Whittierto Withdraw Rule 23 Motion for Appointment of Additional Class Counsel (Jefferson, Dwight) (Entered: 01/28/2015) |
| 01/28/2015 | 133 | NOTICE of Motion by Dwight E. Jefferson for presentment of motion for miscellaneous relief 132 before Honorable John Z. Lee on 2/3/2015 at 09:00 AM. (Jefferson, Dwight) (Entered: 01/28/2015) |
| 01/28/2015 | 134 | ANSWER to Complaint *Third Amended* by National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation(Mester, Mark) (Duplicate Filing of entry No. 131 - Modified by Clerk's Office on 1/29/2015) (sxw). (Entered: 01/28/2015) |
| 02/04/2015 | 135 | MINUTE entry before the Honorable John Z. Lee: Motion hearing held on 2/3/15. Plaintiff Julius Whittier's motion to withdraw his Rule 23 motion for appointment of additional class counsel 132 is granted. Plaintiff's Rule 23 motion for appointment of additional class counsel 121 is stricken. Plaintiffs' response to Plaintiff Nichol's renewed motion to appoint Jay Edelson as lead counsel of the personal injury class 128 is due by 2/10/15; reply due by 2/17/15. A status hearing is set for 2/24/15 at 11:00 a.m. Mailed notice (ca, ) (Entered: 02/04/2015) |
| 02/04/2015 | 🔒 | (Court only) ***Motions terminated: MOTION by Plaintiff Mildred Whittier to set a briefing schedule *Agreed Motion for Amended Briefing Schedule* 127 (ca, ). (Entered: 06/24/2015) |
| 02/10/2015 | 136 | MEMORANDUM by Dan Ahern, Adrian Arrington, Jeff Caldwell, Shavaughne Desecki, John Durocher, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Sharron D. Washington, Shelby Williams, Abram Robert Wolf in Opposition to motion for miscellaneous relief, 128 *Lead Class Counsel's Memorandum Regarding Plaintiff Nichols' Renewed Motion to Appoint Jay Edelson as Lead Counsel of the Personal Injury Class* (Attachments: # 1 Appendix A)(Berman, Steve) (Entered: 02/10/2015) |
| 02/12/2015 | 137 | TRANSCRIPT OF PROCEEDINGS held on 12/19/14 before the Honorable John W. Darrah. Court Reporter Contact Information: Mary M. Hacker, (312) 435-5564, Mary_Hacker@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links |

| | | |
|---|---|---|
| | | select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 3/5/2015. Redacted Transcript Deadline set for 3/16/2015. Release of Transcript Restriction set for 5/13/2015. (Hacker, Mary) (Entered: 02/12/2015) |
| 02/17/2015 | 138 | REPLY by Anthony Nichols to MOTION by Plaintiff Anthony Nichols Renewed Motion To Appoint Jay Edelson as Lead Counsel of the Class Personal Injury Claims 128 , memorandum in opposition to motion,, 136 (Attachments: # 1 Exhibit 1- Transcript of February 3, 2015 Hearing)(Scharg, Ari) (Entered: 02/17/2015) |
| 02/17/2015 | 139 | MOTION by In Re National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation for extension of time *(Agreed)* (Mester, Mark) (Entered: 02/17/2015) |
| 02/17/2015 | 140 | NOTICE of Motion by Mark Steven Mester for presentment of extension of time 139 before Honorable John Z. Lee on 2/24/2015 at 09:00 AM. (Mester, Mark) (Entered: 02/17/2015) |
| 02/20/2015 | 141 | *Amended* NOTICE of Motion by Mark Steven Mester for presentment of extension of time 139 before Honorable John Z. Lee on 2/24/2015 at 11:00 AM. (Mester, Mark) (Entered: 02/20/2015) |
| 02/23/2015 | 142 | Joint Submission Regarding the Feasibility and Cost of Direct Notice by National Collegiate Athletic Association (Attachments: # 1 Exhibit List, # 2 Exhibit A, # 3 Exhibit B)(Mester, Mark) (Entered: 02/23/2015) |
| 02/23/2015 | 143 | Supplemental Submission by Dan Ahern, Adrian Arrington, Jeff Caldwell, Brett Christensen, Shavaughne Desecki, Stanley Doughty, John Durocher, Natalie Kay Harada, Rachel Dianne Harada, Ray Hudson, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Brett Sweeney, Sean Sweeney, Spencer Trautmann, Chris Walker, John Walton, Sharron D. Washington, Shelby Williams, Abram Robert Wolf *Regarding The Feasibility and Cost of Direct Notice* (Attachments: # 1 Affidavit Declaration of Christopher A. O'Hara)(Berman, Steve) (Entered: 02/23/2015) |
| 02/23/2015 | 144 | MINUTE entry before the Honorable John Z. Lee: Defendant NCAA's motion for an extension of time is granted. 139 The NCAA is granted until 2/23/15 to submit its memorandum regarding direct notice to the putative class. Furthermore, in light of this submission and the status hearing previously set for 4/17/15, the Court hereby strikes the status hearing previously set for 2/24/15. The status hearing set for 4/17/15 at 10:00 a.m. will stand. Mailed notice (air, ) (Entered: 02/23/2015) |
| 02/27/2015 | 145 | TRANSCRIPT OF PROCEEDINGS held on 2/3/2015 before the Honorable John Z. Lee. Court Reporter Contact Information: ALEXANDRA ROTH, alexandra_roth@ilnd.uscourts.gov, (312) 408-5038.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or |

| | | |
|---|---|---|
| | | purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 3/20/2015. Redacted Transcript Deadline set for 3/30/2015. Release of Transcript Restriction set for 5/28/2015. (Roth, Alexandra) (Entered: 02/27/2015) |
| 03/31/2015 | 146 | MEMORANDUM by Mildred Whittier in support of motion for miscellaneous relief, 128 (Jefferson, Dwight) (Entered: 03/31/2015) |
| 04/14/2015 | 147 | MOTION by Plaintiffs Adrian Arrington, Shavaughne Desecki, Rachel Dianne Harada, Ursula Kunhardt, Jessica Miller, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Spencer Trautmann, Shelby Williams for leave to file *Plaintiffs' Unopposed Motion for Leave to File Fourth Amended Complaint* (Attachments: # 1 Exhibit A (Fourth Amended Complaint), # 2 Exhibit B (Declaration of Mediator Wayne Andersen, # 3 Exhibit C (List of NCAA Sports), # 4 Exhibit D (Declaration of Rachel Harada), # 5 Exhibit E (Declaration of Adam Walker), # 6 Exhibit Declaration of Anna Bartz), # 7 Exhibit G (Declaration of Natalie Harada), # 8 Exhibit H (Declaration of Dache Williams), # 9 Exhibit I (Declaration of Peter Dykstra)) (Berman, Steve) (Entered: 04/14/2015) |
| 04/14/2015 | 148 | SEALED DOCUMENT by Plaintiffs Adrian Arrington, Shavaughne Desecki, Ursula Kunhardt, Jessica Miller, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Spencer Trautmann, Shelby Williams *Plaintiffs' Memorandum in Support of Unopposed Motion for Leave to File Fourth Amended Complaint [Filed Under Seal]* (Berman, Steve) (Entered: 04/14/2015) |
| 04/14/2015 | 149 | MEMORANDUM by Adrian Arrington, Shavaughne Desecki, Ursula Kunhardt, Jessica Miller, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Spencer Trautmann, Shelby Williams in support of motion for leave to file,,, 147 *Plaintiffs' Memorandum in Support of Unopposed Motion for Leave to File Fourth Amended Complaint [Redacted Version]* (Berman, Steve) (Entered: 04/14/2015) |
| 04/14/2015 | 150 | DECLARATION of Steve W. Berman regarding motion for leave to file,,, 147 *Declaration of Steve W. Berman in Support of Plaintiffs' Unopposed Motion for Leave to File Fourth Amended Complaint* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4 (Filed Under Seal), # 5 Exhibit 5 (Filed Under Seal))(Berman, Steve) (Entered: 04/14/2015) |
| 04/14/2015 | 151 | SEALED DOCUMENT by Plaintiffs Adrian Arrington, Shavaughne Desecki, Ursula Kunhardt, Jessica Miller, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Spencer Trautmann, Shelby Williams *Exhibit 4 to the Declaration of Steve W. Berman in Support of Plaintiffs' Unopposed Motion for Leave to File Fourth Amended Complaint* (Berman, Steve) (Entered: 04/14/2015) |

| 04/14/2015 | 152 | SEALED DOCUMENT by Plaintiffs Adrian Arrington, Shavaughne Desecki, Ursula Kunhardt, Jessica Miller, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Spencer Trautmann, Shelby Williams *Exhibit 5 to the Declaration of Steve W. Berman in Support of Plaintiffs' Unopposed Motion for Leave to File Fourth Amended Complaint* (Berman, Steve) (Entered: 04/14/2015) |
|---|---|---|
| 04/14/2015 | 153 | NOTICE of Motion by Steve W. Berman for presentment of motion for leave to file,,, 147 before Honorable John Z. Lee on 4/17/2015 at 10:00 AM. (Berman, Steve) (Entered: 04/14/2015) |
| 04/14/2015 | 154 | MOTION by Plaintiffs Adrian Arrington, Shavaughne Desecki, Ursula Kunhardt, Jessica Miller, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Spencer Trautmann, Shelby Williams for settlement *Joint Motion for Preliminary Approval of Class Settlement and Certification of Settlement Class* (Attachments: # 1 Exhibit 1 (Amended Class Action Settlement Agreement and Release), # 2 Exhibit A (Publication Notice), # 3 Exhibit B (Long Form Notice), # 4 Exhibit C (Proposed Preliminary Approval Order), # 5 Exhibit D (Stipulated Qualified HIPAA Protective Order))(Berman, Steve) (Entered: 04/14/2015) |
| 04/14/2015 | 155 | SEALED DOCUMENT by Plaintiffs Adrian Arrington, Shavaughne Desecki, Ursula Kunhardt, Jessica Miller, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Spencer Trautmann, Shelby Williams *Plaintiffs' Memorandum in Support of Joint Motion for Preliminary Approval of Class Settlement and Certification of Settlement Class [Filed Under Seal]* (Berman, Steve) (Entered: 04/14/2015) |
| 04/14/2015 | 156 | MEMORANDUM by Adrian Arrington, Shavaughne Desecki, Ursula Kunhardt, Jessica Miller, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Spencer Trautmann, Shelby Williams in support of motion for settlement,, 154 *[Redacted Version] Plaintiffs' Memorandum in Support of Joint Motion for Preliminary Approval of Class Settlement and Certification of Settlement Class* (Berman, Steve) (Entered: 04/14/2015) |
| 04/14/2015 | 157 | AFFIDAVIT by Plaintiffs Adrian Arrington, Shavaughne Desecki, Ursula Kunhardt, Jessica Miller, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Spencer Trautmann, Shelby Williams in Support of MOTION by Plaintiffs Adrian Arrington, Shavaughne Desecki, Ursula Kunhardt, Jessica Miller, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Spencer Trautmann, Shelby Williams for settlement *Joint Motion for Preliminary Appro 154 Declaration of Steve W. Berman in Support of Joint Motion for Preliminary Approval of Amended Class Settlement and Certification of Settlement Class (Berman, Steve) (Entered: 04/14/2015)* |
| 04/14/2015 | 158 | AFFIDAVIT by Plaintiffs Adrian Arrington, Shavaughne Desecki, Ursula Kunhardt, Jessica Miller, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Spencer Trautmann, Shelby Williams in Support of MOTION by Plaintiffs Adrian Arrington, Shavaughne Desecki, Ursula Kunhardt, Jessica Miller, Derek Owens, Angelica Palacios, Ryan Parks, Brice |

| | | |
|---|---|---|
| | | Sheeder, Kyle Solomon, Spencer Trautmann, Shelby Williams for settlement *Joint Motion for Preliminary Appro* [154](#) *Declaration of Mediator Wayne Andersen in Support of Preliminary Approval of Amended Settlement Agreement (Berman, Steve) (Entered: 04/14/2015)* |
| 04/14/2015 | [159](#) | DECLARATION regarding motion for settlement,, [154](#) *Report of the Proposed Medical Science Committee in Support of Motion for Preliminary Approval* (Berman, Steve) (Entered: 04/14/2015) |
| 04/14/2015 | [160](#) | DECLARATION regarding motion for settlement,, [154](#) *Expert Report of Bruce Deal* (Berman, Steve) (Entered: 04/14/2015) |
| 04/14/2015 | [161](#) | DECLARATION regarding motion for settlement,, [154](#) *Report of the Garretson Resolution Group Regarding Administration of the Proposed Medical Monitoring Program Under the Amended Settlement Agreement* (Berman, Steve) (Entered: 04/14/2015) |
| 04/14/2015 | [162](#) | DECLARATION of Alan Vasquez regarding motion for settlement,, [154](#) *Declaration of Alan Vasquez Regarding Dissemination of Notice to Class Members* (Berman, Steve) (Entered: 04/14/2015) |
| 04/14/2015 | [163](#) | NOTICE of Motion by Steve W. Berman for presentment of motion for settlement,, [154](#) before Honorable John Z. Lee on 4/17/2015 at 10:00 AM. (Berman, Steve) (Entered: 04/14/2015) |
| 04/14/2015 | [164](#) | MOTION by Plaintiffs Adrian Arrington, Shavaughne Desecki, Ursula Kunhardt, Jessica Miller, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Spencer Trautmann, Shelby Williams to seal document sealed document, [155](#) , sealed document, [151](#) , sealed document, [152](#) , sealed document, [148](#) *Plaintiffs' Motion for Leave to File Documents Under Seal* (Berman, Steve) (Entered: 04/14/2015) |
| 04/14/2015 | [165](#) | NOTICE of Motion by Steve W. Berman for presentment of motion to seal document, motion for relief,,,,,,,, [164](#) before Honorable John Z. Lee on 4/17/2015 at 10:00 AM. (Berman, Steve) (Entered: 04/14/2015) |
| 04/14/2015 | [166](#) | MEMORANDUM by National Collegiate Athletic Association in support of motion for settlement,, [154](#) (Mester, Mark) (Entered: 04/14/2015) |
| 04/15/2015 | [167](#) | Joint Supplemental Submission Regarding Notice by National Collegiate Athletic Association (Attachments: # [1](#) Exhibit A - Declaration of Johanna Spellman)(Mester, Mark) (Entered: 04/15/2015) |
| 04/15/2015 | [168](#) | Submission of the NCAA Regarding the Sufficiency of the Medical Monitoring Fund by National Collegiate Athletic Association (Attachments: # [1](#) Exhibit A - Report of Ross Mishkin)(Mester, Mark) (Entered: 04/15/2015) |
| 04/17/2015 | [169](#) | MINUTE entry before the Honorable John Z. Lee: Plaintiff's unopposed motion for leave to file fourth amended complaint [147](#) is granted. Plaintiffs' motion for leave to file documents under seal [164](#) is granted. Nichols' objections to the joint motion for preliminary approval of class settlement and certification of settlement class [154](#) is due by 5/8/15; response due by 5/22/15. A status hearing |

| | | |
|---|---|---|
| | | is set for 6/11/15 at 2:00 p.m. Mailed notice (ca, ) (Entered: 04/17/2015) |
| 04/20/2015 | 170 | DECLARATION regarding motion for settlement,, 154 *Corrected Expert Report of Bruce Deal* (Berman, Steve) (Entered: 04/20/2015) |
| 04/20/2015 | 171 | AMENDED complaint by Adrian Arrington, Ursula Kunhardt, Natalie Kay Harada, Angelica Palacios, Jessica Miller, Ryan Parks, Shavaughne Desecki, Spencer Trautmann, Rachel Dianne Harada, Shelby Williams, Derek Owens, Kyle Solomon, Brice Sheeder, Adam Walker, Anna Bartz, Peter Dykstra, Dache Williams against National Collegiate Athletic Association *Fourth Amended Class Action Complaint* (Berman, Steve) (Entered: 04/20/2015) |
| 04/22/2015 | 172 | MOTION by Plaintiff Mildred Whittier for leave to file *Objections to the Plaintiffs Motion for Preliminary Approval of Settlement Class* (Jefferson, Dwight) (Entered: 04/22/2015) |
| 04/22/2015 | 173 | NOTICE of Motion by Dwight E. Jefferson for presentment of motion for leave to file 172 before Honorable John Z. Lee on 4/28/2015 at 09:00 AM. (Jefferson, Dwight) (Entered: 04/22/2015) |
| 04/23/2015 | 174 | MINUTE entry before the Honorable John Z. Lee:Plaintiff Julius Whittier's motion for leave to file objections to the plaintiff's motion for preliminary approval of settlement class 172 is granted. Objections to the joint motion for preliminary approval of class settlement and certification of settlement class is due by 5/8/15; response due by 5/22/15. No appearance is required on the motion.Mailed notice (ca, ) (Entered: 04/23/2015) |
| 04/27/2015 | 175 | NOTICE by Elizabeth A. Fegan of Change of Address (Fegan, Elizabeth) (Entered: 04/27/2015) |
| 05/04/2015 | 176 | TRANSCRIPT OF PROCEEDINGS held on 4/17/2015 before the Honorable John Z. Lee. Court Reporter Contact Information: ALEXANDRA ROTH, alexandra_roth@ilnd.uscourts.gov (312) 408-5038.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 5/26/2015. Redacted Transcript Deadline set for 6/4/2015. Release of Transcript Restriction set for 8/3/2015. (Roth, Alexandra) (Entered: 05/04/2015) |
| 05/07/2015 | 177 | ANSWER to amended complaint - *Answer and Affirmative Defenses of Defendant National Collegiate Athletic Association to Plaintiffs' Fourth Amended Class Action Complaint* by National Collegiate Athletic Association (Mester, Mark) (Entered: 05/07/2015) |

| 05/08/2015 | 178 | MOTION by Plaintiff Anthony Nichols for leave to file excess pages *[Nichols' Motion for Leave to File Instanter an Enlarged Response to Plaintiffs' Motion for Preliminary Approval of Class Settlement]* (Attachments: # 1 Exhibit A - Response to Plaintiffs' Motion for Preliminary Approval of Class Settlement, re: Dkt. 154)(Scharg, Ari) (Entered: 05/08/2015) |
|---|---|---|
| 05/08/2015 | 179 | NOTICE of Motion by Ari Jonathan Scharg for presentment of motion for leave to file excess pages, 178 before Honorable John Z. Lee on 5/13/2015 at 09:00 AM. (Scharg, Ari) (Entered: 05/08/2015) |
| 05/08/2015 | 180 | RESPONSE by Mildred Whittier to MOTION by Plaintiffs Adrian Arrington, Shavaughne Desecki, Ursula Kunhardt, Jessica Miller, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Spencer Trautmann, Shelby Williams for settlement *Joint Motion for Preliminary Appro 154 (Jefferson, Dwight) (Entered: 05/08/2015)* |
| 05/12/2015 | 181 | MINUTE entry before the Honorable John Z. Lee: Nichol's motion for leave to file instanter an enlarged response to Plaintiffs' motion for preliminary approval of class settlement 178 is entered and continued to 5/14/15 at 9:15 a.m. No appearance is required on 5/13/15. Mailed notice (ca, ) (Entered: 05/12/2015) |
| 05/14/2015 | 182 | MINUTE entry before the Honorable John Z. Lee: The Court sua sponte strikes the motion by Plaintiff Anthony Nichols for leave to file excess pages. 178 One of the primary objections to the proposed settlement that Nichols raises in his papers is his belief that a personal injury damages class can be certified in this case pursuant to Fed. R. Civ. P. 23(b)(3). After reviewing the various submissions by the parties to date, the Court finds that the current record is insufficient to allow it to make a determination as to the viability of a personal injury damages class under Rule 23(b)(3) as part of its fairness analysis. Accordingly, the Court sets the following schedule. Nichols is granted until 5/27/15 to file a memorandum discussing the objections that he has to Plaintiffs motion for preliminary approval, other than his argument that a personal injury class can be certified under Rule 23(b)(3); it should be no more than 15 pages. Any responses by the NCAA and/or the settling Plaintiffs to these objections should be filed by 6/10/15 and likewise is limited to 15 pages. Additionally, Nichols is granted until 6/24/15 to file a supplemental memorandum objecting to Plaintiffs motion for preliminary approval that specifically addresses his argument that a personal injury class can be certified in this action under Rule 23(b)(3); it is limited to 25 pages. The status hearing previously set for 6/11/15 is reset to 7/1/15 at 9:00 a.m., at which time the Court will set a schedule for any additional briefing on this issue. As the Court has previously noted, class and merits discovery already has been taken in the Arrington case, and the parties should incorporate this discovery in their memoranda to the extent necessary. Mailed notice (ca, ) (Entered: 05/14/2015) |
| 05/27/2015 | 183 | RESPONSE by Anthony Nicholsin Opposition to MOTION by Plaintiffs Adrian Arrington, Shavaughne Desecki, Ursula Kunhardt, Jessica Miller, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Spencer Trautmann, Shelby Williams for settlement *Joint Motion for Preliminary Appro* |

| | | |
|---|---|---|
| | | *154* Nichols' First Objections to Plaintiffs' Motion for Preliminary Approval of Class Settlement (Scharg, Ari) (Entered: 05/27/2015) |
| 06/10/2015 | 184 | RESPONSE by Plaintiffs Adrian Arrington, Shavaughne Desecki, Natalie Kay Harada, Rachel Dianne Harada, Ursula Kunhardt, Jessica Miller, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Spencer Trautmann, Adam Walker, Shelby Williams to response in opposition to motion, 183 *Plaintiffs' Response to Nichols' First Objections to Plaintiffs' Motion for Preliminary Approval* (Berman, Steve) (Entered: 06/10/2015) |
| 06/10/2015 | 185 | MOTION by Defendant National Collegiate Athletic Association for extension of time - *Agreed Motion for an Extension of Time* (Spellman, Johanna) (Entered: 06/10/2015) |
| 06/10/2015 | 186 | NOTICE of Motion by Johanna Margaret Spellman for presentment of extension of time 185 before Honorable John Z. Lee on 6/16/2015 at 09:00 AM. (Spellman, Johanna) (Entered: 06/10/2015) |
| 06/11/2015 | 187 | RESPONSE by Plaintiffs Adrian Arrington, Shavaughne Desecki, Natalie Kay Harada, Rachel Dianne Harada, Ursula Kunhardt, Jessica Miller, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Spencer Trautmann, Adam Walker, Shelby Williams to Response, 184 *Plaintiffs' [Corrected] Response to Nichols' First Objections to Plaintiffs' Motion for Preliminary Approval* (Berman, Steve) (Entered: 06/11/2015) |
| 06/15/2015 | 188 | MINUTE entry before the Honorable John Z. Lee:NCAA's motion for an extension of time to file their response to the first objections to plaintiffs' motion for preliminary approval of class settlement 185 is granted; the response is due by 6/22/15. No appearance is required on the motion.Mailed notice (ca, ) (Entered: 06/15/2015) |
| 06/19/2015 | 189 | MOTION by Plaintiff Anthony Nichols for extension of time *Agreed Motion for Extension of Time* (Scharg, Ari) (Entered: 06/19/2015) |
| 06/19/2015 | 190 | NOTICE of Motion by Ari Jonathan Scharg for presentment of extension of time 189 before Honorable John Z. Lee on 6/24/2015 at 09:00 AM. (Scharg, Ari) (Entered: 06/19/2015) |
| 06/22/2015 | 191 | RESPONSE by Defendant National Collegiate Athletic Association to response in opposition to motion, 183 (Attachments: # 1 Index of Exhibits, # 2 Exhibit A, # 3 Exhibit B)(Mester, Mark) (Entered: 06/22/2015) |
| 06/23/2015 | 192 | ATTORNEY Appearance for Plaintiff Anthony Nichols by Benjamin Scott Thomassen (Thomassen, Benjamin) (Entered: 06/23/2015) |
| 06/23/2015 | 193 | MINUTE entry before the Honorable John Z. Lee:Agreed motion for extension of time to file objection to the Lead Plaintiffs' pending motion for preliminary approval of class settlement 189 is granted until 7/15/15. No appearance is required on the motion.Mailed notice (ca, ) (Entered: 06/23/2015) |
| 06/26/2015 | 194 | MINUTE entry before the Honorable John Z. Lee: In light of the continued briefing in the case with regards to the motion for preliminary approval of class |

| | | |
|---|---|---|
| | | settlement the status hearing set for 7/1/15 is stricken. The Court will set another status by minute order.Mailed notice (ca, ) (Entered: 06/26/2015) |
| 07/02/2015 | 195 | ATTORNEY Appearance for Plaintiff Adrian Arrington by Robert A. Clifford (Clifford, Robert) (Entered: 07/02/2015) |
| 07/02/2015 | 196 | ATTORNEY Appearance for Plaintiff Adrian Arrington by Shannon Marie McNulty (McNulty, Shannon) (Entered: 07/02/2015) |
| 07/06/2015 | 197 | MINUTE entry before the Honorable John Z. Lee: The Court denies Plaintiff Anthony Nichols Renewed Motion to Appoint Jay Edelson as Lead Counsel of the Class Personal Injury Claims 128 . However, as outlined in the Court's May 14, 2015 Minute Order, the Court appoints Nichols as Lead Objector.Mailed notice (ca, ) (Entered: 07/06/2015) |
| 07/08/2015 | 198 | MINUTE entry before the Honorable John Z. Lee: The Court sets a status hearing on Friday, July 24, 2015 at 2:00 p.m. for the purpose of setting a schedule for additional briefing with regard to Plaintiff Nichols' argument that a personal injury class can be certified in this action under Fed. R. Civ. P. 23(b)(3). Out-of-town counsel are granted leave to appear telephonically and should provide Judge Lee's Courtroom Deputy Carmen Acevedo with a call-in number the day prior to the status hearing. Should the parties come to an agreement with respect to a briefing schedule (and page limits) prior to the status hearing--which the Court strongly encourages--the parties should file a joint motion for entry of the stipulated schedule and page limits to be heard at the same time and date as the status hearing. If the Court approves of the stipulation, it will enter an order and strike the July 24 status hearing.Mailed notice (ca, ) (Entered: 07/08/2015) |
| 07/15/2015 | 199 | MOTION by Plaintiff Anthony Nichols for leave to file excess pages *Agreed Motion to File Oversized Brief* (Scharg, Ari) (Entered: 07/15/2015) |
| 07/15/2015 | 200 | NOTICE of Motion by Ari Jonathan Scharg for presentment of motion for leave to file excess pages 199 before Honorable John Z. Lee on 7/24/2015 at 02:00 PM. (Scharg, Ari) (Entered: 07/15/2015) |
| 07/15/2015 | 201 | RESPONSE by Anthony Nicholsin Opposition to MOTION by Plaintiffs Adrian Arrington, Shavaughne Desecki, Ursula Kunhardt, Jessica Miller, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Spencer Trautmann, Shelby Williams for settlement *Joint Motion for Preliminary Appro 154 [Nichols' Second Objections to Plaintiffs Motion for Preliminary Approval of Class Settlement]* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Scharg, Ari) (Entered: 07/15/2015) |
| 07/21/2015 | 202 | STIPULATION *Joint Stipulation Concerning Briefing Schedule* (Berman, Steve) (Entered: 07/21/2015) |
| 07/22/2015 | 203 | MINUTE entry before the Honorable John Z. Lee: The Court grants Nichols' unopposed motion for leave to file a 35-page brief concerning the viability of a Rule 23(b)(3) personal injury damages class 199 and grants NCAA leave to file a response brief of equal length. The Court adopts the parties' proposed briefing |

| | | |
|---|---|---|
| | | schedule 202 and strikes the status hearing set for July 24, 2015 at 2:00 p.m. NCAA's response to Nichols' Second Objections to Plaintiffs' Motion for Preliminary Approval of Class Settlement concerning the viability of a Rule 23(b)(3) personal injury damages class is due on or before September 14, 2015. Nichols' reply is due on or before September 28, 2015. Ruling by mail. Status hearing set for Thursday, November 12, 2015 at 2:00 p.m.Mailed notice (ca, ) (Entered: 07/22/2015) |
| 08/12/2015 | 204 | MOTION by Plaintiff Adrian Arrington for leave to file *an Opposition to the Proposed Settlement* (McNulty, Shannon) (Entered: 08/12/2015) |
| 08/12/2015 | 205 | NOTICE of Motion by Shannon Marie McNulty for presentment of motion for leave to file 204 before Honorable John Z. Lee on 8/18/2015 at 09:00 AM. (McNulty, Shannon) (Entered: 08/12/2015) |
| 08/12/2015 | 209 | NOTICE OF EMAIL NOTIFICATION FAILURE, for document #204 205 sent to Attorney Katherine S Walton returned as: Unknown Address Error. The Clerk telephoned Katherine S Walton, no contact made. Document 204 , 205 mailed to attorney Katherine S Walton with Letter re: bounce back email and a Notification of Change of Address form. Notices have been set to No. Counsel must email the Clerk's Office at Docketing_ILND@uscourts.gov when a Notification of Change of Address has been filed to ensure electronic notification is reset. (ea, ) Modified on 8/28/2015 (ea, ). (Entered: 08/28/2015) |
| 08/12/2015 | 210 | NOTICE OF EMAIL NOTIFICATION FAILURE, for document #204 205 sent to Attorney Mindy B Pava returned as: Unknown Address Error. The Clerk telephoned Mindy B Pava, no contact made. Document 204 , 205 mailed to attorney Mindy B Pava with Letter re: bounce back email and a Notification of Change of Address form. Notices have been set to No. Counsel must email the Clerk's Office at Docketing_ILND@uscourts.gov when a Notification of Change of Address has been filed to ensure electronic notification is reset. (ea, ) (Entered: 08/28/2015) |
| 08/12/2015 | 211 | NOTICE OF EMAIL NOTIFICATION FAILURE, for document #204 205 sent to Attorney John Edward Cuttino returned as: Unknown Address Error. The Clerk telephoned John Edward Cuttino, no contact made. Document 204 , 205 mailed to attorney John Edward Cuttino with Letter re: bounce back email and a Notification of Change of Address form. Notices have been set to No. Counsel must email the Clerk's Office at Docketing_ILND@uscourts.gov when a Notification of Change of Address has been filed to ensure electronic notification is reset. (ea, ) (Entered: 08/28/2015) |
| 08/18/2015 | 206 | MINUTE entry before the Honorable John Z. Lee:Motion hearing held on 8/18/15. Plaintiff's motion for leave to file an opposition to the proposed settlement 204 is granted.Mailed notice (ca, ) (Entered: 08/18/2015) |
| 08/20/2015 | 207 | ATTORNEY Appearance for Plaintiff Angelica Palacios by Richard Lane Miller, II (Miller, Richard) (Entered: 08/20/2015) |
| 08/27/2015 | 208 | TRANSCRIPT OF PROCEEDINGS held on 8/18/2015 before the Honorable John Z. Lee. Court Reporter Contact Information: ALEXANDRA ROTH, |

| | | |
|---|---|---|
| | | alexandra_roth@ilnd.uscourts.gov (312) 408-5038.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 9/17/2015. Redacted Transcript Deadline set for 9/28/2015. Release of Transcript Restriction set for 11/25/2015. (Roth, Alexandra) (Entered: 08/27/2015) |
| 08/28/2015 | 212 | MOTION by Attorney Katherine S. Walton to withdraw as attorney for National Collegiate Athletic Association. No party information provided (Mester, Mark) (Entered: 08/28/2015) |
| 08/28/2015 | 213 | NOTICE of Motion by Mark Steven Mester for presentment of motion to withdraw as attorney 212 before Honorable John Z. Lee on 9/9/2015 at 09:00 AM. (Mester, Mark) (Entered: 08/28/2015) |
| 09/08/2015 | 214 | MINUTE entry before the Honorable John Z. Lee:Motion for leave to withdraw Katherine S. Walton as counsel of record 212 is granted. No appearance is required on the motion.Mailed notice (ca, ) (Entered: 09/08/2015) |
| 09/10/2015 | 230 | MAIL RETURNED, for document # 209 sent to Katherine S. Walton returned as undeliverable, return to sender. No new contact information received; therefore future mailings will not be sent until a new address is provided to the Clerk's Office using a Notification of Change of Address or Pro Se Appearance form (ea, ) (Entered: 10/01/2015) |
| 09/11/2015 | 215 | MOTION by Attorney Mindy B. Pava to withdraw as attorney for Dan Ahern, Adrian Arrington, Anna Bartz, Jeff Caldwell, Brett Christensen, Shavaughne Desecki, Stanley Doughty, John Durocher, Peter Dykstra, Natalie Kay Harada, Rachel Dianne Harada, Ray Hudson, Ursula Kunhardt, Jessica Miller, Paul Morgan, Anthony Nichols, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Brett Sweeney, Sean Sweeney, Spencer Trautmann, Adam Walker, Chris Walker, John Walton, Sharron D. Washington, Mildred Whittier, Dache Williams, Shelby Williams, Abram Robert Wolf. No party information provided (Lewis, Richard) (Entered: 09/11/2015) |
| 09/14/2015 | 216 | MOTION by Plaintiffs Dan Ahern, Jeff Caldwell, Shavaughne Desecki, John Durocher, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Sharron D. Washington, Shelby Williams, Abram Robert Wolf for leave to file *Documents Under Seal* (Berman, Steve) (Entered: 09/14/2015) |
| 09/14/2015 | 217 | NOTICE of Motion by Steve W. Berman for presentment of motion for leave to file, 216 before Honorable John Z. Lee on 9/17/2015 at 09:00 AM. (Berman, |

| | | |
|---|---|---|
| | | Steve) (Entered: 09/14/2015) |
| 09/14/2015 | 218 | RESPONSE by Plaintiffs Dan Ahern, Jeff Caldwell, Shavaughne Desecki, John Durocher, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Sharron D. Washington, Shelby Williams, Abram Robert Wolf to response in opposition to motion,, 201 *Plaintiffs' Response to Nichols' Second Objections to Plaintiffs' Motion for Preliminary Approval of Class Settlement [REDACTED VERSION]* (Attachments: # 1 Exhibit A - Exemplar Proffer of Facts Concerning the Arrington Plaintiffs' Individual Experiences, # 2 Exhibit B - Cook County Jury Verdict reports) (Berman, Steve) (Entered: 09/14/2015) |
| 09/14/2015 | 219 | SEALED DOCUMENT by Plaintiffs Dan Ahern, Jeff Caldwell, Shavaughne Desecki, John Durocher, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Sharron D. Washington, Shelby Williams, Abram Robert Wolf *Plaintiffs' Response to Nichols' Second Objections to Plaintiffs' Motion for Preliminary Approval of Class Settlement [SEALED, UNREDACTED VERSION]* (Attachments: # 1 Exhibit A - Exemplar Proffer of Facts Concerning the Arrington Plaintiffs' Individual Experiences, # 2 Exhibit B - Cook County Jury Verdict reports)(Berman, Steve) (Entered: 09/14/2015) |
| 09/14/2015 | 220 | MOTION by Defendant National Collegiate Athletic Association for leave to file *Documents Under Seal* (Mester, Mark) (Entered: 09/14/2015) |
| 09/14/2015 | 221 | NOTICE of Motion by Mark Steven Mester for presentment of motion for leave to file 220 before Honorable John Z. Lee on 9/17/2015 at 09:00 AM. (Mester, Mark) (Entered: 09/14/2015) |
| 09/14/2015 | 222 | RESPONSE by Defendant National Collegiate Athletic Association to response in opposition to motion,, 201 - *Response of the NCAA to Nichols' July 15, 2015 Submission [REDACTED VERSION]* (Attachments: # 1 Exhibit A, # 2 Exhibit B-I)(Mester, Mark) (Entered: 09/14/2015) |
| 09/15/2015 | 223 | MINUTE entry before the Honorable John Z. Lee: The Court grants Mindy Pava's motion for leave to withdraw as counsel 215 . The Court also grants Defendants' motion for leave to file under seal certain portions of Plaintiffs' response to Nichols' Second Objections and Exhibit A thereof that contain protected health information and/or confidential information 216 . In addition, the Court grants Defendant NCAA's motion for leave to file under seal Exhibits 35, 36, 37, and 38 to the Spellman Declaration and those portions of Exhibit F that cites confidential protected health information 220 . No appearance on these motions is necessary. Mailed notice. (et, ) (Entered: 09/15/2015) |
| 09/15/2015 | 224 | SEALED RESPONSE by National Collegiate Athletic Association to response in opposition to motion,, 201 - *Response of the NCAA to Nichols' July 15, 2015 Submission [SEALED, UNREDACTED VERSION]* (Attachments: # 1 Exhibit A, # 2 Exhibit B-I)(Mester, Mark) (Entered: 09/15/2015) |

| 09/22/2015 | 225 | RESPONSE by Plaintiff Anthony Nichols *to the NCAA's September 15, 2015 Ex Parte Letter to the Court* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Edelson, Jay) (Entered: 09/22/2015) |
|---|---|---|
| 09/23/2015 | 226 | CERTIFICATE of Service by Benjamin Scott Thomassen on behalf of Anthony Nichols regarding Response 225 (Thomassen, Benjamin) (Entered: 09/23/2015) |
| 09/24/2015 | 227 | MOTION by Plaintiff Anthony Nichols for extension of time to file response/reply as to response in opposition to motion,, 201 *[Agreed Motion For Extension of Time]* (Scharg, Ari) (Entered: 09/24/2015) |
| 09/24/2015 | 228 | NOTICE of Motion by Ari Jonathan Scharg for presentment of motion for extension of time to file response/reply, motion for relief 227 before Honorable John Z. Lee on 9/29/2015 at 09:00 AM. (Scharg, Ari) (Entered: 09/24/2015) |
| 09/25/2015 | 229 | MINUTE entry before the Honorable John Z. Lee:Plaintiff Nichols agreed motion for extension of time to file to file his reply brief in support of his second objection to the pending motion for preliminary approval of class settlement 227 is granted; the reply is due by 10/12/15. No appearance is required on the motion.Mailed notice (ca, ) (Entered: 09/25/2015) |
| 10/12/2015 | 231 | MOTION by Plaintiff Anthony Nichols for leave to file excess pages *[Unopposed Motion for Leave to File Oversized Combined Reply Brief]* (Scharg, Ari) (Entered: 10/12/2015) |
| 10/12/2015 | 232 | NOTICE of Motion by Ari Jonathan Scharg for presentment of motion for leave to file excess pages 231 before Honorable John Z. Lee on 10/15/2015 at 09:00 AM. (Scharg, Ari) (Entered: 10/12/2015) |
| 10/12/2015 | 233 | REPLY by Plaintiff Anthony Nichols to response in opposition to motion,, 201 *Nichols' Combined Reply in Support of His Second Objections to Motion for Preliminary Approval of Class Settlement* (Attachments: # 1 Declaration of Ari J. Scharg)(Scharg, Ari) (Entered: 10/12/2015) |
| 10/13/2015 | 234 | MINUTE entry before the Honorable John Z. Lee:Unopposed motion for leave to file an over-sized reply brief 231 is granted. No appearance is required on the motion.Mailed notice (ca, ) (Entered: 10/13/2015) |
| 11/05/2015 | 235 | MINUTE entry before the Honorable John Z. Lee: The Court strikes the status hearing previously set for Thursday, November 12, 2015 at 2:00 p.m. and resets the status hearing for Thursday, December 17, 2015 at 2:00 p.m. Notices mailed by Judicial Staff. (psm, ) (Entered: 11/05/2015) |
| 11/05/2015 | 236 | RESPONSE by Adrian Arringtonin Opposition to MOTION by Plaintiffs Adrian Arrington, Shavaughne Desecki, Ursula Kunhardt, Jessica Miller, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Spencer Trautmann, Shelby Williams for settlement *Joint Motion for Preliminary Appro 154 (Attachments: # 1 Exhibit A)(McNulty, Shannon) (Entered: 11/05/2015)* |
| 11/06/2015 | 237 | MINUTE entry before the Honorable John Z. Lee: On 11/5/15, Plaintiff Adrian Arrington filed his objection to the joint motion for preliminary approval of the proposed class settlement 236 . To the extent that his objection raises issues not |

| | | |
|---|---|---|
| | | previously raised by Plaintiff Anthony Nichols, the Court grants the Settling Plaintiffs and Defendant NCAA leave to file memoranda in response no later than 11/16/2015. Mailed notice (air, ) (Entered: 11/06/2015) |
| 11/16/2015 | 238 | RESPONSE by Defendant National Collegiate Athletic Association to response in opposition to motion, 236 *(Redacted)* (Mester, Mark) (Entered: 11/16/2015) |
| 11/16/2015 | 239 | MOTION by Defendant National Collegiate Athletic Association for leave to file *under seal* (Mester, Mark) (Entered: 11/16/2015) |
| 11/16/2015 | 240 | NOTICE of Motion by Mark Steven Mester for presentment of motion for leave to file 239 before Honorable John Z. Lee on 11/24/2015 at 09:00 AM. (Mester, Mark) (Entered: 11/16/2015) |
| 11/16/2015 | 241 | SEALED DOCUMENT by Defendant National Collegiate Athletic Association *Response of the NCAA to Adrian Arrington's Objection to the Proposed Settlement* (Mester, Mark) (Entered: 11/16/2015) |
| 11/16/2015 | 242 | RESPONSE by Plaintiff Angelica Palacios to response in opposition to motion, 236 (Siprut, Joseph) (Entered: 11/16/2015) |
| 11/17/2015 | 243 | MINUTE entry before the Honorable John Z. Lee: NCAA's motion for leave to file under seal its response to Plaintiff's Arrington's objection 239 is granted. No appearance on the motion is necessary. Mailed notice (ao,) (Entered: 11/17/2015) |
| 12/09/2015 | 244 | MINUTE entry before the Honorable John Z. Lee: In light of the recent filings, the Court strikes the status hearing set for December 17, 2015, and resets the status hearing for Thursday, January 28, 2016, at 2:00 p.m. Mailed notice (ca, ) (Entered: 12/09/2015) |
| 01/26/2016 | 245 | MINUTE entry before the Honorable John Z. Lee: Subject to the modifications outlined in the memorandum opinion and order, the Court grants the Joint Motion for Preliminary Approval of Amended Class Settlement and Certification of Settlement Class 154 . The parties should discuss whether they are amenable to the Court's modifications and report on the status of these discussions at the next status hearing. [For further details see memorandum opinion and order.] Mailed notice (ca, ) (Entered: 01/26/2016) |
| 01/26/2016 | 246 | MEMORANDUM Opinion and Order Signed by the Honorable John Z. Lee on 1/26/16Mailed notice(ca, ). (Entered: 01/26/2016) |
| 01/26/2016 | 247 | MINUTE entry before the Honorable John Z. Lee: At the parties request, the status hearing set for 1/28/16 is reset to 2/4/16 at 3:30 p.m.Mailed notice (ca, ) (Entered: 01/26/2016) |
| 02/01/2016 | 248 | MINUTE entry before the Honorable John Z. Lee: At the parties' request, the status hearing previously scheduled for 2/4/16 is reset to 3/3/16 at 2:00 p.m.Mailed notice (ca, ) (Entered: 02/01/2016) |
| 02/29/2016 | 249 | MOTION by Defendant National Collegiate Athletic Association to supplement - *Motion of the NCAA for Leave to Supplement the Record Previously Presented to the Court* (Mester, Mark) (Entered: 02/29/2016) |

| | | |
|---|---|---|
| 02/29/2016 | 250 | NOTICE of Motion by Mark Steven Mester for presentment of motion to supplement 249 before Honorable John Z. Lee on 3/3/2016 at 09:00 AM. (Mester, Mark) (Entered: 02/29/2016) |
| 03/01/2016 | 251 | MINUTE entry before the Honorable John Z. Lee: Defendant's motion for leave to supplement the record 249 set for 3/3/16 at 9:00 a.m. is reset to 3/3/16 at 2:00 p.m.Mailed notice (ca, ) (Entered: 03/01/2016) |
| 03/01/2016 | 252 | MOTION by Plaintiffs Adrian Arrington, Shavaughne Desecki, Ursula Kunhardt, Jessica Miller, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Spencer Trautmann, Shelby Williams to withdraw *Motion for Leave to Withdraw Counsel* (Fegan, Elizabeth) (Entered: 03/01/2016) |
| 03/01/2016 | 253 | NOTICE of Motion by Elizabeth A. Fegan for presentment of motion to withdraw, 252 before Honorable John Z. Lee on 3/3/2016 at 02:00 PM. (Fegan, Elizabeth) (Entered: 03/01/2016) |
| 03/02/2016 | 254 | MOTION by Plaintiff Mildred Whittier for leave to file *Supplement the Record Previously Presented to the Court* (Attachments: # 1 Notice of Filing Notice of Motion for Leave to Supplement)(Jefferson, Dwight) (Entered: 03/02/2016) |
| 03/02/2016 | 255 | MOTION by Plaintiff Mildred Whittier for leave to file *Supplement the Record Previously Presented to the Court* (Attachments: # 1 Notice of Filing) (Jefferson, Dwight) (Entered: 03/02/2016) |
| 03/03/2016 | 256 | NOTICE of Motion by Dwight E. Jefferson for presentment of motion for leave to file 254 before Honorable John Z. Lee on 3/3/2016 at 02:00 PM. (Jefferson, Dwight) (Entered: 03/03/2016) |
| 03/03/2016 | 257 | MINUTE entry before the Honorable John Z. Lee: Status and motion hearing held on 3/3/16. Defendant's motion for leave to supplement the record previously presented to the Court 249 granted. The supplemental briefs by the NCAA and the Settling Plaintiffs are limited to 35 pages and due by 4/15/16. Motion for leave to withdraw as counsel 252 is granted; Thomas E. Ahlering is granted leave to withdraw as counsel. Motion of Plaintiff Whittier to supplement the record previously presented to the Court 254 255 is denied as moot; Whittier's objections already are part of the record. Status hearing set for 4/21/16 at 2:00 p.m.Mailed notice (ca, ) (Entered: 03/03/2016) |
| 03/21/2016 | 258 | TRANSCRIPT OF PROCEEDINGS held on 3/3/2016 before the Honorable John Z. Lee. Court Reporter Contact Information: ALEXANDRA ROTH, alexandra_roth@ilnd.uscourts.gov (312) 408-5038.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. |

| | | |
|---|---|---|
| | | Redaction Request due 4/11/2016. Redacted Transcript Deadline set for 4/21/2016. Release of Transcript Restriction set for 6/20/2016. (Roth, Alexandra) (Entered: 03/21/2016) |
| 03/23/2016 | 259 | MOTION by Defendant National Collegiate Athletic Association for extension of time - *(Agreed)* (Mester, Mark) (Entered: 03/23/2016) |
| 03/23/2016 | 260 | NOTICE of Motion by Mark Steven Mester for presentment of extension of time 259 before Honorable John Z. Lee on 4/5/2016 at 09:00 AM. (Mester, Mark) (Entered: 03/23/2016) |
| 04/04/2016 | 261 | MINUTE entry before the Honorable John Z. Lee: The motion hearing set for 4/5/16 at 9:00 a.m. is reset to 4/5/16 at 1:00 p.m.Mailed notice (ca, ) (Entered: 04/04/2016) |
| 04/05/2016 | 262 | MINUTE entry before the Honorable John Z. Lee: Motion hearing held on 4/5/16. The agreed motion for an extension of time until May 16, 2016 to supplement the recordregarding the viability of single-school and single-school/single-sport bodily injury classes 259 isgranted. The supplemental pleadings are now due by 5/16/16. Mailed notice (ca, ) (Entered: 04/05/2016) |
| 04/13/2016 | 263 | MINUTE entry before the Honorable John Z. Lee: By agreement of the parties, the status hearing set for 4/21/16 is reset to 5/25/16 at 11:00 a.m.Mailed notice (ca, ) (Entered: 04/13/2016) |
| 05/11/2016 | 264 | TRANSCRIPT OF PROCEEDINGS held on 4/5/2016 before the Honorable John Z. Lee. Court Reporter Contact Information: ALEXANDRA ROTH, alexandra_roth@ilnd.uscourts.gov (312) 408-5038.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 6/1/2016. Redacted Transcript Deadline set for 6/13/2016. Release of Transcript Restriction set for 8/9/2016. (Roth, Alexandra) (Entered: 05/11/2016) |
| 05/19/2016 | 265 | MOTION by Attorney Mark J. Feinberg to withdraw as attorney for Dan Ahern, Chris Walker. No party information provided (Mason, Daniel) (Entered: 05/19/2016) |
| 05/20/2016 | 266 | MOTION by Plaintiffs Dan Ahern, Jeff Caldwell, Shavaughne Desecki, John Durocher, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Sharron D. Washington, Shelby Williams, Abram Robert Wolf for settlement *Joint Motion for Preliminary Approval of Second Amended Class Settlement and Certification of Settlement Class and Settlement Subclasses* (Attachments: # 1 Exhibit 1 (Second Amended Class |

| | | |
|---|---|---|
| | | Action Settlement Agreement & Release), # 2 Exhibit 2 (red-lined version of Second Amended Class Action Settlement Agreement & Release))(Berman, Steve) (Entered: 05/20/2016) |
| 05/20/2016 | 267 | MEMORANDUM by Dan Ahern, Jeff Caldwell, Shavaughne Desecki, John Durocher, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Sharron D. Washington, Shelby Williams, Abram Robert Wolf in support of motion for settlement,, 266 *Plaintiffs' Memorandum in Support of Joint Motion for Preliminary Approval of Second Amended Class Settlement and Certification of Settlement Class and Settlement Subclasses* (Attachments: # 1 Appendix A)(Berman, Steve) (Entered: 05/20/2016) |
| 05/20/2016 | 268 | MEMORANDUM motion for settlement,, 266 by National Collegiate Athletic Association - *Memorandum of the NCAA in Further Support of the Joint Motion for Preliminary Approval of Second Amended Class Settlement and Certification of Settlement Class and Settlement Subclasses* (Attachments: # 1 Exhibit A, Part 1 (Ex 1-24), # 2 Exhibit A, Part 2 (Ex 25-30), # 3 Exhibit A, Part 3 (Ex 31-38), # 4 Exhibit B, Exhibit C)(Mester, Mark) (Entered: 05/20/2016) |
| 05/24/2016 | 269 | RESPONSE by Anthony Nichols to MOTION by Plaintiffs Dan Ahern, Jeff Caldwell, Shavaughne Desecki, John Durocher, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, 266 (Edelson, Jay) (Entered: 05/24/2016) |
| 05/25/2016 | 270 | MINUTE entry before the Honorable John Z. Lee: Status hearing held on 5/25/16. Any additional responses or objections to the joint motion for preliminary approval of second amended class settlement 266 should be filed by 6/8/16. A status hearing is set for 7/14/16 at 2:00 p.m. Mailed notice (ca, ) (Entered: 05/25/2016) |
| 05/25/2016 | 271 | MINUTE entry before the Honorable John Z. Lee:Motion to withdraw as counsel for certain plaintiff's 265 is granted. Mark J. Feinberg is granted leave to withdraw as counsel.Mailed notice (ca, ) (Entered: 05/25/2016) |
| 05/25/2016 | 272 | LETTER from Alicia Ahern dated 5/18/2016. (mmy, ) (Entered: 05/25/2016) |
| 06/03/2016 | 273 | TRANSCRIPT OF PROCEEDINGS held on 5/25/2016 before the Honorable John Z. Lee. Court Reporter Contact Information: ALEXANDRA ROTH, alexandra_roth@ilnd.uscourts.gov (312) 408-5038.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. |

| | | |
|---|---|---|
| | | Redaction Request due 6/24/2016. Redacted Transcript Deadline set for 7/4/2016. Release of Transcript Restriction set for 9/1/2016. (Roth, Alexandra) (Entered: 06/03/2016) |
| 07/14/2016 | 274 | ATTORNEY Appearance for Plaintiff Anthony Nichols by Benjamin Harris Richman (Richman, Benjamin) (Entered: 07/14/2016) |
| 07/14/2016 | 275 | MINUTE entry before the Honorable John Z. Lee: Status hearing held on 7/14/16. For the reasons stated on the record, the joint motion for preliminary approval of second amended class settlement and certification of settlement class and settlement subclasses 266 is granted. A written opinion will follow. The parties should submit to the proposed order mailbox a proposed order that incorporates the deadline dates discussed. The motion to enter the stipulated HIPAA protective order is granted. The parties should the proposed HIPAA order to the proposed order mailbox and contact the courtroom deputy when the have done so. Status hearing set for 12/8/16 at 9:00 a.m. Mailed notice (ca, ) (Entered: 07/14/2016) |
| 07/14/2016 | 280 | CONDITIONAL TRANSFER ORDER (CTO-5) from the Judicial Panel on Multidistrict Litigation, transferring cases to become part of MDL 2492. (mr, ) (Main Document 280 replaced on 9/12/2016) (kp, ). (Entered: 07/18/2016) |
| 07/15/2016 | 276 | MEMORANDUM Opinion and Order Signed by the Honorable John Z. Lee on 7/15/16.Mailed notice(ca, ). (Entered: 07/15/2016) |
| 07/15/2016 | 277 | MINUTE entry before the Honorable John Z. Lee: Enter Preliminary Approval Order. A Fairness Hearing is scheduled for 5/5/17 at 10:00 a.m.Mailed notice (ca, ) (Entered: 07/15/2016) |
| 07/15/2016 | 278 | PRELIMINARY Approval Order Signed by the Honorable John Z. Lee on 7/15/16.Mailed notice(ca, ). (Entered: 07/15/2016) |
| 07/15/2016 | 279 | STIPULATED Qualified HIPAA Protective Order Signed by the Honorable John Z. Lee on 7/15/16.Mailed notice(ca, ). (Entered: 07/15/2016) |
| 07/25/2016 | 281 | ATTORNEY Appearance for Plaintiff Anthony Nichols by James Dominick Larry (Larry, James) (Entered: 07/25/2016) |
| 07/27/2016 | 282 | TRANSCRIPT OF PROCEEDINGS held on 07/14/16 before the Honorable John Z. Lee. Court Reporter Contact Information: Colleen Conway @312.435.5594 or colleen_conway@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 8/17/2016. Redacted Transcript Deadline set for 8/29/2016. Release of Transcript Restriction set for 10/25/2016. (Conway, Colleen) (Entered: 07/27/2016) |

| 07/28/2016 | 283 | ATTORNEY Appearance for Plaintiff Paul Morgan by William Gustin Vandiford (Vandiford, William) (Entered: 07/28/2016) |
|---|---|---|
| 08/05/2016 | 284 | REQUEST for claim forms and Service of Notices (cc, ) (Entered: 08/08/2016) |
| 08/19/2016 | 285 | ATTORNEY Appearance for Plaintiff Robert Samuels by Benjamin Scott Thomassen (Thomassen, Benjamin) (Entered: 08/19/2016) |
| 08/19/2016 | 286 | MOTION by Plaintiff Robert Samuels to reassign case *[Joint Motion to Reassign Tag-Along Action to MDL Proceedings]* (Thomassen, Benjamin) (Entered: 08/19/2016) |
| 08/19/2016 | 287 | NOTICE of Motion by Benjamin Scott Thomassen for presentment of motion to reassign case 286 before Honorable John Z. Lee on 8/25/2016 at 09:00 AM. (Thomassen, Benjamin) (Entered: 08/19/2016) |
| 08/22/2016 | 288 | ATTORNEY Appearance for Defendant National Collegiate Athletic Association by Caitlin E Dahl (Dahl, Caitlin) (Entered: 08/22/2016) |
| 08/23/2016 | 289 | MINUTE entry before the Honorable John Z. Lee: The Court denies Plaintiff's motion to reassign case 286 without prejudice until the Clerk of the Court is able to create an internal mechanism by which the single-school, single-sport cases may be kept separate from the medical monitoring cases. No appearance is required on the motion.Mailed notice (ca, ) (Entered: 08/23/2016) |
| 09/01/2016 | 290 | CONDITIONAL TRANSFER ORDER (CTO-6) from the Judicial Panel on Multidistrict Litigation, transferring cases to become part of MDL 2492. (mr, ) (Main Document 290 replaced on 9/12/2016) (kp, ). (Entered: 09/01/2016) |
| 09/08/2016 | 291 | CASE MANAGEMENT ORDER no. 4 "Single Sport/Single School" Cases. Signed by the Honorable John Z. Lee on 9/8/2016. Mailed notice. (kp, ) (Entered: 09/08/2016) |
| 09/09/2016 | 292 | ORDER. Signed by the Honorable John Z. Lee on 9/9/2016. Mailed notice. (kp, ) (Entered: 09/12/2016) |
| 10/05/2016 | 293 | MOTION by Plaintiff Mildred WhittierAppointment as Class Liaison Counsel (Attachments: # 1 Exhibit Jefferson C.V., # 2 Exhibit Coats Rose, P.C. bio)(Jefferson, Dwight) (Entered: 10/05/2016) |
| 10/05/2016 | 294 | NOTICE of Motion by Dwight E. Jefferson for presentment of motion for miscellaneous relief 293 before Honorable John Z. Lee on 10/19/2016 at 02:00 PM. (Jefferson, Dwight) (Entered: 10/05/2016) |
| 10/07/2016 | 295 | MINUTE entry before the Honorable John Z. Lee: Julius Whittier's motion for appointment of Dwight E. Jefferson as plaintiffs' class liason counsel 293 is stricken and should be filed in the correct case number. Mailed notice (ca, ) (Entered: 10/07/2016) |
| 10/07/2016 | 296 | MOTION by Plaintiff Mildred WhittierLeave to Amend Complaint (Jefferson, Dwight) (Entered: 10/07/2016) |

| 10/07/2016 | 297 | AMENDED complaint by Mildred Whittier against National Collegiate Athletic Association (Jefferson, Dwight) (Entered: 10/07/2016) |
|---|---|---|
| 10/12/2016 | 298 | CASE Management Order No. 5 Signed by the Honorable John Z. Lee on 10/12/16Mailed notice(ca, ). (Entered: 10/12/2016) |
| 10/13/2016 | 299 | MOTION by Plaintiff Mildred Whittier to amend/correct *Complaint* (Attachments: # 1 Exhibit Amended Complaint)(Jefferson, Dwight) (Entered: 10/13/2016) |
| 10/13/2016 | 300 | *Whittier's* NOTICE of Motion by Dwight E. Jefferson for presentment of motion to amend/correct 299 before Honorable John Z. Lee on 11/30/2016 at 10:30 AM. (Jefferson, Dwight) (Entered: 10/13/2016) |
| 10/20/2016 | 301 | STATUS Report *on Notice to Members of the Settlement Class* by National Collegiate Athletic Association (Spellman, Johanna) (Entered: 10/20/2016) |
| 10/20/2016 | 302 | NOTICE OF EMAIL NOTIFICATION FAILURE, for document # 301 sent to Attorney Shawn D Stuckey returned as: Unknown Address Error. Mailed to attorney Shawn D Stuckey a with Letter re: bounce back email and a Notification of Change of Address form. Notices have been set to No. Counsel must email the Clerk's Office at Docketing_ILND@uscourts.gov when a Notification of Change of Address has been filed to ensure electronic notification is reset. (ek, ) (Entered: 10/21/2016) |
| 11/15/2016 | | On 11/15/16 the Clerk audited this case file and discovered that Christina Laun Fugate is not receiving electronic notice. The Clerk modified CM/ECF to provide notice to the attorney. The record indicates you are counsel of record in this case. If you are no longer representing this client, you must file a motion to withdraw from this case pursuant to LR 83.17. (tt, ) (Entered: 11/15/2016) |
| 11/15/2016 | | On 11/15/16 the Clerk audited this case file and discovered that Attorneys Ryan Michael Hurley, Kathy Lynn Osborn, James L. Petersen and Daniel E. Pulliam are not receiving electronic notice. The Clerk modified CM/ECF to provide notice to the attorneys. The record indicates you are counsel of record in this case. If you are no longer representing this client, you must file a motion to withdraw from this case pursuant to LR 83.17. (tt, ) (Entered: 11/15/2016) |
| 11/16/2016 | 303 | MOTION by Attorney James L. Petersen and Christina L. Fugate to withdraw as attorney for Service List. No party information provided (Petersen, James) (Entered: 11/16/2016) |
| 11/16/2016 | 304 | NOTICE of Motion by James L. Petersen for presentment of motion to withdraw as attorney 303 before Honorable John Z. Lee on 11/22/2016 at 09:00 AM. (Petersen, James) (Entered: 11/16/2016) |
| 11/17/2016 | 305 | MINUTE entry before the Honorable John Z. Lee: Pursuant to the withdrawal of appearance, Christina Laun Fugate and James L. Petersen are granted leave to withdraw their appearances. Mailed notice (ca, ) (Entered: 11/17/2016) |
| 11/17/2016 | 🔒 | (Court only) ***Motions terminated: MOTION by Attorney James L. Petersen and Christina L. Fugate to withdraw as attorney for Service List. No party |

| | | |
|---|---|---|
| | | information provided 303 (ca, ). (Entered: 11/30/2016) |
| 11/18/2016 | 🔒 | (Court only) ***Deadlines and hearings Terminated. (ca, ). (Entered: 11/18/2016) |
| 11/28/2016 | 306 | MOTION by Plaintiffs Dan Ahern, Jeff Caldwell, Shavaughne Desecki, John Durocher, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Sharron D. Washington, Shelby Williams, Abram Robert Wolf *for Leave to Pay Settlement Expenses from the Settlement Fund* (Berman, Steve) (Entered: 11/28/2016) |
| 11/28/2016 | 307 | NOTICE of Motion by Steve W. Berman for presentment of motion for miscellaneous relief, 306 before Honorable John Z. Lee on 12/1/2016 at 09:00 AM. (Berman, Steve) (Entered: 11/28/2016) |
| 11/29/2016 | 308 | MINUTE entry before the Honorable John Z. Lee: The Court takes Settlement Class Counsel's Motion for Leave to Pay Settlement Expenses from the Settlement Fund under advisement 306 . No appearance on the motion is necessary. With regard to this motion and all future motions to pay settlement expenses from the settlement fund, Settlement Class Counsel shall: (1) certify that the settlement expenses are necessary for the purpose of a just and efficient settlement of this case, (2) file the invoice(s) justifying the expenses as exhibits to the motion, (3) provide the budget previously submitted to the Court for such expenses and state whether the actual expenses are under, over, or at the budgeted amount, and (4) provide an estimate as to whether the parties are on target for meeting the previously submitted budget. Settlement Class Counsel shall submit this information for 306 within ten days. Ruling by mail.Mailed notice (ca, ) (Entered: 11/29/2016) |
| 11/29/2016 | 309 | ATTORNEY Appearance for Plaintiffs Dan Ahern, Jeff Caldwell, Shavaughne Desecki, John Durocher, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Sharron D. Washington, Shelby Williams, Abram Robert Wolf by Todd Lawrence McLawhorn (McLawhorn, Todd) (Entered: 11/29/2016) |
| 11/29/2016 | 310 | MINUTE entry before the Honorable John Z. Lee: The Court takes Settlement Class Counsel's Motion for Leave to Pay Settlement Expenses from the Settlement Fund under advisement 306 . No appearance on the motion is necessary. With regard to this motion and all future motions to pay settlement expenses from the settlement fund, Settlement Class Counsel shall: (1) certify that the settlement expenses are necessary for the purpose of a just and efficient settlement of this case, (2) file the invoice(s) justifying the expenses as exhibits to the motion, (3) provide the budget previously submitted to the Court for such expenses and state whether the actual expenses are under, over, or at the budgeted amount, and (4) provide an estimate as to whether the parties are on target for meeting the previously submitted budget. Settlement Class Counsel shall submit this information for 306 within ten days. Ruling by mail. Mailed notice (ca, ) (Entered: 11/30/2016) |

| 11/29/2016 | 311 | ENTERED IN ERROR. (lcw, ) Modified on 12/8/2016 (lcw, ). (Entered: 11/30/2016) |
|---|---|---|
| 11/29/2016 | 🔒 | (Court only) ***Deadlines and hearings Terminated. (ca, ). (Entered: 01/24/2017) |
| 11/30/2016 | 312 | MINUTE entry before the Honorable John Z. Lee: Status and motion hearing held on 11/30/16. Plaintiffs Adrian Arrington, Derek Owens, Angela Palacios, Kyle Solomon, Ray Hudson, Christopher Powell, and Anthony Nichols previously asserted claims seeking personal injury damages in cases that are part of the Nationwide Class (master docket no. 13C9116). Lead Counsel for NCAA reports that it requests additional time to explore settlement with these Plaintiffs. The parties have until March 3, 2017 to explore settlement. To the extent that any of these Plaintiffs still wish to proceed on those claims, they should file new complaints by March 17, 2017. If the case was originally filed in the N.D. Illinois, any new complaint should be filed in this district. If the case was originally filed elsewhere and transferred here, the new complaint should be filed in the transferor court, and the Plaintiff may request that the MDL Panel conditionally transfer the case to MDL 2492. When the case is transferred, the case may then be a tag-along case to MDL 2492s Single-Sport/Single School Cases, master docket 16C8727. If any such new complaint is filed, or if any of these particular Plaintiffs no longer wishes to proceed on his or her claims seeking personal injury damages, the Plaintiff shall file a motion to withdraw all claims seeking personal injury damages in 13C9116. Plaintiff Whittiers motions to amend/correct the complaint are denied 296 299 . Lead Counsel for the Settlement Class provided an update regarding notice to the class and orally moved the Court to approve a plan to obtain data from certain NCAA member institutions, including a third request letter and subpoenas. The Court approved the plan. The next status update regarding notice to the class shall be filed on or by January 6, 2016. The next status hearing will take place January 26, 2017 at 1:00 p.m.. The status hearing date previously set for December 8, 2016 is stricken. Mailed notice (ca, ) (Entered: 11/30/2016) |
| 12/01/2016 | 🔒 313 | (Court only) SIGN in Sheet for the 10:30 a.m. hearing on 11/30/16.(ca, ). (Entered: 12/01/2016) |
| 12/08/2016 | 314 | NOTICE of Correction regarding docket entry 311 . (lcw, ) (Entered: 12/08/2016) |
| 12/09/2016 | 315 | MOTION by Plaintiffs Dan Ahern, Jeff Caldwell, Shavaughne Desecki, John Durocher, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Sharron D. Washington, Shelby Williams, Abram Robert Wolf for extension of time *Unopposed Motion for Extension to Provide Additional Detail in Support of Settlement Expenses* (Berman, Steve) (Entered: 12/09/2016) |
| 12/09/2016 | 316 | NOTICE of Motion by Steve W. Berman for presentment of extension of time, 315 before Honorable John Z. Lee on 12/15/2016 at 09:00 AM. (Berman, |

| | | |
|---|---|---|
| | | Steve) (Entered: 12/09/2016) |
| 12/13/2016 | 317 | MINUTE entry before the Honorable John Z. Lee:Unopposed motion for extension of time to provide additional detail in support of settlement expenses 315 is granted. No appearance is required on the motion.Mailed notice (ca, ) (Entered: 12/13/2016) |
| 12/13/2016 | 318 | TRANSCRIPT OF PROCEEDINGS held on 11/30/2016 before the Honorable John Z. Lee. Court Reporter Contact Information: ALEXANDRA ROTH, alexandra_roth@ilnd.uscourts.gov (312) 408-5038. <br><br> IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. <br><br> Redaction Request due 1/3/2017. Redacted Transcript Deadline set for 1/13/2017. Release of Transcript Restriction set for 3/13/2017. (Roth, Alexandra) (Entered: 12/13/2016) |
| 12/16/2016 | 319 | MOTION by Plaintiffs Dan Ahern, Jeff Caldwell, Shavaughne Desecki, John Durocher, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Sharron D. Washington, Shelby Williams, Abram Robert Wolf for extension of time *Second Unopposed Motion for Extension to Provide Additional Detail in Support of Settlement Expenses* (Berman, Steve) (Entered: 12/16/2016) |
| 12/16/2016 | 320 | NOTICE of Motion by Steve W. Berman for presentment of extension of time, 319 before Honorable John Z. Lee on 12/20/2016 at 09:00 AM. (Berman, Steve) (Entered: 12/16/2016) |
| 12/19/2016 | 321 | MINUTE entry before the Honorable John Z. Lee:Second unopposed motion for extension of time to provide additional detail in support of settlement expenses 319 is granted through 12/23/16. No appearance is required on the motion. Mailed notice (ca, ) (Entered: 12/19/2016) |
| 12/23/2016 | 322 | RESPONSE by Plaintiffs Dan Ahern, Jeff Caldwell, Shavaughne Desecki, John Durocher, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Sharron D. Washington, Shelby Williams, Abram Robert Wolf to motion for miscellaneous relief, 306 , text entry,,,, 310 *Responses to Order Requesting Additional Detail in Support of Settlement Expenses* (Berman, Steve) (Entered: 12/23/2016) |
| 12/27/2016 | 323 | MINUTE entry before the Honorable John Z. Lee: The Clerk of the Court shall enter Florida Agricultural and Mechanical University's (Florida A&M) Non-Party Motion to Quash Subpoena to Produce Documents on the docket of lead case no. 13C9116 in MDL 2492 (Nationwide Class). The motion is stricken for |

| | | |
|---|---|---|
| | | failure to adhere to the Local Rules of the Northern District of Illinois governing motion practice, attorney appearances, and local counsel. In addition, the motion is stricken for failure to comply with Judge Lee's standing order that requires a movant to meet and confer prior to filing a motion. Florida A&M is instructed to meet and confer with Plaintiffs' Co-Lead Counsel Steve Berman of Hagens Berman Sobol Shapiro LLP and Joseph Siprut of Siprut PC, as well as Defendant NCAA's Lead Counsel Mark S. Mester of Latham & Watkins LLP. Mailed notice (ber, ) (Entered: 12/27/2016) |
| 12/27/2016 | 324 | MOTION by Non-Party Florida Agricultural and Mechanical University (Florida A&M) to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and Incorporated Memorandum of Law. (ber, ) (Entered: 12/27/2016) |
| 01/03/2017 | 325 | MINUTE entry before the Honorable John Z. Lee: The Court has received various types of written communications from individual putative class members. Any communication that indicates a desire to opt out of the class settlement will be forwarded to Plaintiffs' Lead Counsel, who is directed to forward a copy of the communication to the Notice Administrator pursuant to Paragraph XIII(D)(2) of the Second Amended Class Action Settlement Agreement and Release. Any communication that indicates that the sender wishes to object to the subpoenas issued by the NCAA to its member institutes for notice purposes will be forwarded to Defendant's Lead Counsel, who is directed to provide a copy of the communication to Mr. Berman. To the extent that a putative class member wishes to file a formal objection to the subpoenas, he or she should first meet and confer with counsel for Plaintiffs and the NCAA and, if the dispute is not resolved, file a formal motion with the Court. Any motion filed with the Court must comply with the local rules and the standing orders of this Court. Mailed notice (ca, ) (Entered: 01/03/2017) |
| 01/06/2017 | 326 | STATUS Report *on Notice to Members of the Settlement Class* by National Collegiate Athletic Association (Attachments: # 1 Exhibit A)(Mester, Mark) (Entered: 01/06/2017) |
| 01/13/2017 | 327 | PETITION *Settlement Class Counsel's Petition for Fees and Expenses, and Incentive Awards for Settlement Class Representatives* (Attachments: # 1 Exhibit - Declaration of Steve W. Berman, # 2 Exhibit - Declaration of Joseph J. Siprut, # 3 Exhibit - Declaration of Charles S. Zimmerman, # 4 Exhibit - Declaration of Richard S. Lewis, # 5 Exhibit - Declaration of Joseph J. Depalma, # 6 Exhibit - Declaration of Edgar D. Gankendorff, # 7 Exhibit - Declaration of Daniel T. Defeo, # 8 Exhibit - Declaration of Judith A. Zahid, # 9 Exhibit - Declaration of Marc M. Berg, # 10 Exhibit - Declaration Thayer L. Weaver, Jr., # 11 Exhibit - Declaration of J. Barton Goplerud, # 12 Exhibit - Declaration of J. Gerard Stranch, IV)(Berman, Steve) (Entered: 01/13/2017) |
| 01/13/2017 | 328 | MOTION by Plaintiff Mildred Whittier for attorney fees - *Plaintiff Whittier's Agreed Motion for Attorney's Fees and Costs* - (Attachments: # 1 Affidavit - Affidavit of Dwight E. Jefferson, # 2 Exhibit A - Record of Time and Costs, # 3 Exhibit B - Curriculum Vitae of Dwight E. Jefferson, # 4 Notice of Filing - |

| | | |
|---|---|---|
| | | Notice of Motion)(Jefferson, Dwight) (Entered: 01/13/2017) |
| 01/13/2017 | 329 | NOTICE by Anna Bartz, Shavaughne Desecki, Peter Dykstra, Natalie Kay Harada, Rachel Dianne Harada, Ursula Kunhardt, Jessica Miller, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Spencer Trautmann, Adam Walker, Chris Walker, Dache Williams, Shelby Williams *Notice of Filing of Administrative Declaration Regarding Dissemination of Notice to Class Members* (Attachments: # 1 Exhibit A - Declaration of Alan Vasquez Regarding Dissemination of Notice to Class Members)(Berman, Steve) Docket text modified on 1/17/2017 (cc, ). (Entered: 01/13/2017) |
| 01/13/2017 | 330 | PETITION - *Objector Anthony Nichols's Petition For and Memorandum in Support of an Award of Attorneys' Fees and Service Award* (Attachments: # 1 Declaration of Jay Edelson)(Edelson, Jay) (Entered: 01/13/2017) |
| 01/13/2017 | 331 | MOTION by Plaintiff Anthony Nichols for leave to file excess pages *instanter* (Edelson, Jay) (Entered: 01/13/2017) |
| 01/13/2017 | 332 | NOTICE of Motion by Jay Edelson for presentment of motion for leave to file excess pages 331 before Honorable John Z. Lee on 1/19/2017 at 09:00 AM. (Edelson, Jay) (Entered: 01/13/2017) |
| 01/13/2017 | 333 | DECLARATION of Richard R. Gordon regarding petition 330 (Gordon, Richard) (Entered: 01/13/2017) |
| 01/13/2017 | 334 | MOTION by Plaintiff Adrian Arrington for attorney fees *Declaration of Shannon M. McNulty* (McNulty, Shannon) Modified on 2/28/2017 (mmy, ). (Entered: 01/13/2017) |
| 01/17/2017 | 335 | MOTION by Plaintiff Chris Walker for attorney fees *Notice of Motion for Leave of Court to file as if in time* (Attachments: # 1 Declaration)(Mcilwain, Timothy) (Entered: 01/17/2017) |
| 01/19/2017 | 336 | *For Leave to file as if in time* NOTICE of Motion by Timothy Joseph Mcilwain for presentment of motion for attorney fees 335 , motion for miscellaneous relief, 306 before Honorable John Z. Lee on 1/26/2017 at 09:00 AM. (Attachments: # 1 Declaration)(Mcilwain, Timothy) (Entered: 01/19/2017) |
| 01/19/2017 | 337 | ORDER: Motion hearing held on 1/19/17. A number of attorneys have filed petitions for fees and costs. Any response or objections to the petitions for fees should be filed by the date that class member objections to the amended settlement agreement are due. Plaintiff Nichols' unopposed motion for leave to file excess pages 331 is granted.The Court received an update from the parties on the status of the class notice program. As set forth in the recent declaration of Alan Vasquez [329-1], the Court was informed that the settlement administrator has received approximately 3.6 million records from over 900 NCAA member institutions and anticipates receiving more in the coming weeks. Ms. Vasquez also reported on the status of the media and social media notice program and estimated that the media program, in conjunction with the direct notice program, will reach at least 80% of the 4.6 million putative class members. As a result, Mr. Vasquez recommended that the media and social |

| | | |
|---|---|---|
| | | media notice program be concluded. The Court accepts this recommendation.Additionally, the declaration submitted by Rachel Christman of Gilardi & Co, LLC, the notice administrator, 322 indicates that Gilardi anticipates incurring a substantial amount of additional expenses to administer the notice program. These administrative expenses were not previously discussed by the parties in their filings in support of preliminary approval of the amended class settlement and were not included in the costs considered by Bruce Deal in his declaration supporting the amended settlement. Accordingly, the Court directs the parties to submit a supplemental status report regarding these additional expenses by 2/9/17.Finally, in light of the above, the Court does not believe that a statushearing is necessary on 1/26/17 and resets the status hearing to 3/7/17 at 1:00 p.m. Signed by the Honorable John Z. Lee on 1/19/17.Mailed notice(ca, ) (Entered: 01/20/2017) |
| 01/20/2017 | 338 | MINUTE entry before the Honorable John Z. Lee:Plaintiff Walker's motion for leave to file motion for attorney fees as if on time [335, 336] is denied. The motion fails to establish good cause as to why the petition was not file by the deadline that was set by the Court months ago. Mailed notice (ca, ) (Entered: 01/20/2017) |
| 01/20/2017 | 339 | MOTION by Plaintiff John Durocher for attorney fees (Attachments: # 1 Declaration of James R. Dugan, II)(Dugan, ii, James) Incorrect document linked. Docket text modified on 1/20/2017 (mmy, ) (Entered: 01/20/2017) |
| 01/20/2017 | 340 | MOTION by Plaintiff Mildred Whittier for leave to file *Amended Motion for Attorney's Fees and Costs* (Attachments: # 1 Plaintiff Whittier's Amended Motion for Attorney's Fees and Costs, # 2 Affidavit - Amended Affidavit of Dwight E. Jefferson, # 3 Exhibit A - Record of Time and Costs, # 4 Exhibit B - Curriculum Vitae of Dwight E. Jefferson)(Jefferson, Dwight) (Entered: 01/20/2017) |
| 01/23/2017 | 341 | MINUTE entry before the Honorable John Z. Lee:The Court grants Whittier's motion for leave to file an amended motion for attorneys' fees and costs 340 and strikes the original motion as moot 328 . No appearance on the motion for leave is necessary.Mailed notice (ca, ) (Entered: 01/23/2017) |
| 01/24/2017 | 343 | LETTER from Dorothy Hanley dated 1/18/2017. (Exhibit) (mmy, ) (Entered: 01/26/2017) |
| 01/25/2017 | 342 | MOTION by Plaintiff John Durocher for attorney fees *and expenses* (Attachments: # 1 Declaration In Support of Motion)(Dugan, ii, James) (Entered: 01/25/2017) |
| 01/27/2017 | 344 | MINUTE entry before the Honorable John Z. Lee:The Court denies Plaintiff John Durocher's motion for attorneys' fees and expenses 342 as being untimely. On 7/15/16, the Court ordered that all petitions for attorneys fees and costs must be filed by 1/13/17. Plaintiff John Durocher did not comply with that order; moreover, he has not provided good cause for his failure nor any basis for his claimed belief that his fees and expenses would be included in the Settlement Class Counsel's Petition for Fees and Expenses.Mailed notice (ca, ) (Entered: |

| | | 01/27/2017) |
|---|---|---|
| 01/27/2017 | 345 | MINUTE entry before the Honorable John Z. Lee: As to their petition for attorneys fees and costs, counsel for the Settlement Class, Whittier, Nichols, and Arrington are hereby ordered to file billing records containing sufficient detail to allow the Court to determine whether the attorney time spent was reasonable and the charges reasonably incurred. Any privileged information can be redacted from the records, and the redacted copies of the billing records filed on the docket. Additionally, unredacted copies of the billing records should be filed under seal and provided to chambers.Mailed notice (ca, ) (Entered: 01/27/2017) |
| 01/31/2017 | 346 | LETTER from John Aretakis dated 1/30/2017. (mmy, ) (Entered: 02/01/2017) |
| 01/31/2017 | 347 | LETTER from John Aretakis dated 1/30/2017. (mmy, ) (Entered: 02/01/2017) |
| 02/01/2017 | 348 | NOTICE of Correction regarding letter 346 (mmy, ) (Entered: 02/01/2017) |
| 02/02/2017 | 349 | MINUTE entry before the Honorable John Z. Lee: The Court orders Settlement Class Counsel to provide copies of all letters that have been and will be received by the Court from individual plaintiffs (which have been and will be provided to Settlement Class Counsel) to the Program Administrator pursuant to Paragraph 24 of the Preliminary Approval Order.Mailed notice (ca, ) (Entered: 02/02/2017) |
| 02/03/2017 | 350 | NOTICE by Dan Ahern, Jeff Caldwell, Shavaughne Desecki, John Durocher, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Sharron D. Washington, Shelby Williams, Abram Robert Wolf re petition,,, 327 (Attachments: # 1 Exhibit A Hagens Berman detailed time and expense report, # 2 Exhibit B Siprut detailed time and expense report, # 3 Exhibit C Zimmerman detailed time and expense report, # 4 Exhibit D Hausfeld detailed time and expense report, # 5 Exhibit E Lite DePalma detailed time and expense report, # 6 Exhibit F Provosty detailed time and expense report, # 7 Exhibit G DeFeo detailed time and expense report, # 8 Exhibit H Zelle detailed time and expense report, # 9 Exhibit I Thayer detailed time and expense report, # 10 Exhibit J Stranch detailed time and expense report, # 11 Exhibit K Goplerud detailed time and expense report, # 12 Exhibit L J. Selmer detailed time and expense report, # 13 Exhibit M Amended Declaration of Charles S. Zimmerman, # 14 Exhibit N Amended Declaration of Marc M. Berg)(Berman, Steve) (Entered: 02/03/2017) |
| 02/03/2017 | 351 | SEALED DOCUMENT by Plaintiffs Dan Ahern, Jeff Caldwell, Shavaughne Desecki, John Durocher, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Sharron D. Washington, Shelby Williams, Abram Robert Wolf (Attachments: # 1 Exhibit A Hagens Berman (unredacted) detailed time and expense report)(Berman, Steve) (Entered: 02/03/2017) |

| 02/09/2017 | 352 | MOTION by Plaintiffs Dan Ahern, Jeff Caldwell, Shavaughne Desecki, John Durocher, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Sharron D. Washington, Shelby Williams, Abram Robert Wolf for extension of time *Joint Motion for Extension of Time to Submit Supplemental Report Concerning Projected Notice Expenses* (Berman, Steve) (Entered: 02/09/2017) |
| --- | --- | --- |
| 02/09/2017 | 353 | NOTICE of Motion by Steve W. Berman for presentment of extension of time, 352 before Honorable John Z. Lee on 2/23/2017 at 09:00 AM. (Berman, Steve) (Entered: 02/09/2017) |
| 02/15/2017 | 354 | NOTICE by Anthony Nichols *of Filing Billing and Expense Report of Edelson PC* (Attachments: # 1 Exhibit A - Billing and Expense Report of Edelson PC)(Balabanian, Rafey) (Entered: 02/15/2017) |
| 02/15/2017 | 355 | Notice of Filing and Exhibit A Detailed Time Report by Adrian Arrington (McNulty, Shannon) (Entered: 02/15/2017) |
| 02/16/2017 | 356 | ATTORNEY Appearance for Plaintiff Anthony Nichols by Richard R Gordon (Gordon, Richard) (Entered: 02/16/2017) |
| 02/16/2017 | 357 | NOTICE by Anthony Nichols (Attachments: # 1 Exhibit Gordon Law Billing Records)(Gordon, Richard) (Entered: 02/16/2017) |
| 02/21/2017 | 358 | MOTION by Plaintiff Chris WalkerLeave to File out of time or to be annexed as Exhibit to Settlement Class Counsel's Petition *Application for Fees & Expenses* (Attachments: # 1 Text of Proposed Order, # 2 Declaration Carol Crawford, # 3 Declaration Timothy J. McIlwain, Esq., # 4 Exhibit)(Mcilwain, Timothy) Modified on 2/22/2017 (mmy, ) (Entered: 02/21/2017) |
| 02/22/2017 | 359 | NOTICE by Mildred Whittier - *Notice of Filing Coats Rose Billing Records* (Attachments: # 1 Exhibit Coats Rose Billing Records)(Jefferson, Dwight) (Entered: 02/22/2017) |
| 02/22/2017 | 360 | MINUTE entry before the Honorable John Z. Lee:By agreement of the parties, the motion hearing 352 set for 2/23/17 is reset to 3/3/17 at 10:00 a.m.Mailed notice (ca, ) (Entered: 02/22/2017) |
| 02/23/2017 | 361 | *Leave to File or Annex as Exhibit* NOTICE of Motion by Timothy Joseph Mcilwain for presentment of (Attachments: # 1 Text of Proposed Order, # 2 Declaration Carol Crawford, # 3 Declaration Timothy J. McIlwain, Esq., # 4 Exhibit A to D in Support of NOM)(Mcilwain, Timothy) (Entered: 02/23/2017) |
| 02/24/2017 | 362 | NOTICE of Motion by Timothy Joseph Mcilwain for presentment of motion for attorney fees 334 , motion for miscellaneous relief, 358 , extension of time, 352 , motion for miscellaneous relief, 306 before Honorable John Z. Lee on 3/3/2017 at 09:00 AM. (Mcilwain, Timothy) (Entered: 02/24/2017) |
| 02/27/2017 | 363 | MINUTE entry before the Honorable John Z. Lee: Walker Plaintiffs' motion 358 is stricken for failure to file a motion pursuant to L.R. 5.4. No appearance is required at 9:00 a.m. on 3/3/17. Mailed notice (ca, ) (Entered: 02/27/2017) |

| 03/03/2017 | 364 | MINUTE entry before the Honorable John Z. Lee:Motion hearing held on 3/3/17. Joint motion for extension of time to submit supplemental report concerning projected notice expenses 352 is granted. Counsel reports that the supplemental submission regarding notice costs will be filed today. The parties also informed the Court that they will likely seek to modify the dates related to the final approval of the settlement agreement due to ongoing efforts to provide direct notice to the class. The status hearing set for 3/7/17 at 1:00 p.m. will stand.Mailed notice (ca, ) (Entered: 03/03/2017) |
|---|---|---|
| 03/03/2017 | 365 | RESPONSE by Plaintiffs Dan Ahern, Jeff Caldwell, Shavaughne Desecki, John Durocher, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Sharron D. Washington, Shelby Williams, Abram Robert Wolf to order on motion for extension of time, motion hearing,,,, 364 *Response to Order Requesting Supplemental Status Report Regarding Additional Notice Program Expenses* (Attachments: # 1 Declaration Ex 1 (Second Declaration of Rachel Christman Regarding Notice Program Expenses))(Berman, Steve) (Entered: 03/03/2017) |
| 03/07/2017 | 366 | MOTION by Defendant National Collegiate Athletic Association for extension of time *(Agreed)* (Mester, Mark) (Entered: 03/07/2017) |
| 03/07/2017 | 367 | NOTICE of Motion by Mark Steven Mester for presentment of extension of time 366 before Honorable John Z. Lee on 3/14/2017 at 09:00 AM. (Mester, Mark) (Entered: 03/07/2017) |
| 03/07/2017 | 368 | MINUTE entry before the Honorable John Z. Lee: Status hearing held on 3/7/17. In their response to the order requesting supplemental status report regarding additional notice program expenses 36 , the parties state that the updated total estimated cost of the Notice program is $2,135,380.21, an increase of $635,380.21 from the $1.5 million estimate provided in the motion to preliminary approve the class action settlement. They ask that the Court authorize these costs and find them to be necessary and reasonable for the reasons stated in the response. Any objection to this request must be filed by 3/21/17. Mailed notice (ca, ) (Entered: 03/08/2017) |
| 03/07/2017 | 369 | MINUTE entry before the Honorable John Z. Lee: The parties have filed a joint motion for an extension of time 366 . In short, the parties request a continuance of certain dates, including the date of the Final Fairness hearing, to allow the parties to obtain additional contact information from 78 NCAA member institutions and send out direct mail notice based upon that data. Finding this request reasonable and appropriate, the Court intends to modify the schedule that was set forth in its 7/15/16 order as follows: The deadline for Settlement Class Members to object or opt out of the Settlement will be 5/31/17. The deadline for any objections or responses to the petitions for attorneys fees and costs shall be 5/31/17. The Notice Administrator shall file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof by 6/16/17. The Notice Administrator and Program Administrator shall file declarations with the Court concerning implementation of the Notice |

| | | program and other terms of the Settlement by 6/16/17. The motion for Final Approval of the Settlement, including any responses to objections, shall be filed by 6/23/17. The Fairness Hearing shall take place on 7/27/17 at 10:00 a.m. Any objections to these proposed scheduling changes should be filed by 3/21/17. If and when the Court approves the scheduling modifications, the Court authorizes the parties to inform the class members of the modifications in accordance with the plan set forth in the joint motion. Finally, in the event that any NCAA member institutions have not complied with the subpoenas for class member contact information by 4/14/17, the parties should file a status report on 4/15/17 identifying those institutions that have failed to comply. Mailed notice (ca, ) (Entered: 03/08/2017) |
|---|---|---|
| 03/07/2017 | 🔒 | (Court only) ***Motions terminated: MOTION by Defendant National Collegiate Athletic Association for extension of time *(Agreed)* 366 (ca, ). (Entered: 03/08/2017) |
| 03/09/2017 | 370 | MOTION by Defendant National Collegiate Athletic Association for protective order *permitting disclosure of federal records* (Spellman, Johanna) (Entered: 03/09/2017) |
| 03/09/2017 | 371 | NOTICE of Motion by Johanna Margaret Spellman for presentment of motion for protective order 370 before Honorable John Z. Lee on 3/14/2017 at 09:00 AM. (Spellman, Johanna) (Entered: 03/09/2017) |
| 03/09/2017 | 375 | NOTICE OF EMAIL NOTIFICATION FAILURE, for document # 371 , 373 , 374 , 370 , 372 sent to Attorney Timothy Joseph Mcilwain returned as: Bad Destination Host. The Clerk telephoned Timothy Joseph Mcilwain, no contact made. Mailed to attorney Timothy Joseph Mcilwain a Letter re: bounce back email and a Notification of Change of Address form. Notices have been set to No. Counsel must email the Clerk's Office at Docketing_ILND@uscourts.gov when a Notification of Change of Address has been filed to ensure electronic notification is reset. (ek, ) (Entered: 03/14/2017) |
| 03/10/2017 | 372 | LETTER from Adela Aprodu dated 3/8/2017. (lf, ) (Entered: 03/10/2017) |
| 03/10/2017 | 373 | CLASS Member Objection. (lf, ) (Entered: 03/10/2017) |
| 03/13/2017 | 374 | MINUTE entry before the Honorable John Z. Lee:Motion for entry of privacy act protective order permitting disclosure of Federal Records 370 is granted. No appearance is required on the motion.Mailed notice (ca, ) (Entered: 03/13/2017) |
| 03/13/2017 | 376 | PRIVACY Act Protective Order Signed by the Honorable John Z. Lee on 3/13/17.Mailed notice(ca, ). (Entered: 03/14/2017) |
| 03/13/2017 | 377 | LETTER from Roliff Purrington dated 3/9/2017. (lf, ) (Entered: 03/15/2017) |
| 03/13/2017 | 378 | LETTER from Steve Wineberg dated 3/9/2017. (lf, ) (Entered: 03/15/2017) |
| 03/17/2017 | 379 | MOTION by Plaintiffs Derek Owens, Kyle SolomonMotion to Lift Stay And For Entry of Scheduling Orders for Derek Owens' and Kyle Solomon's Individual Claims Against Defendant NCAA (Attachments: # 1 Exhibit A - Owens Proposed Scheduling Order, # 2 Exhibit B - Solomon Proposed |

| | | |
|---|---|---|
| | | Scheduling Order)(Kurowski, Daniel) (Entered: 03/17/2017) |
| 03/17/2017 | 380 | *Motion to Lift Stay and For Entry of Scheduling Orders for Derek Owens' and Kyle Solomon's Individual Claims Against NCAA* NOTICE of Motion by Daniel J. Kurowski for presentment of motion for miscellaneous relief, 379 before Honorable John Z. Lee on 3/22/2017 at 09:00 AM. (Kurowski, Daniel) (Entered: 03/17/2017) |
| 03/17/2017 | 381 | MOTION by Plaintiff Anthony Nichols to withdraw *[Motion to Withdraw Plaintiff Anthony Nichols's Claims Seeking Personal Injury Damages From Case No. 13-cv-9116]* (Thomassen, Benjamin) (Entered: 03/17/2017) |
| 03/17/2017 | 382 | NOTICE of Motion by Benjamin Scott Thomassen for presentment of motion to withdraw 381 before Honorable John Z. Lee on 3/22/2017 at 09:00 AM. (Thomassen, Benjamin) (Entered: 03/17/2017) |
| 03/18/2017 | 383 | MOTION by Plaintiff Chris WalkerLeave to File out of time or to be annexed as Exhibit to Settlement Class Counsel's Petition *Leave to File or Annex as Exhibit* (Attachments: # 1 Notice of Filing Notice of Motion, # 2 Declaration Timothy Mcilwain, # 3 Exhibit A to D, # 4 Declaration Carol Crawford, # 5 Text of Proposed Order Order)(Mcilwain, Timothy) (Entered: 03/18/2017) |
| 03/21/2017 | 384 | RESPONSE by National Collegiate Athletic Association to MOTION by Plaintiffs Derek Owens, Kyle SolomonMotion to Lift Stay And For Entry of Scheduling Orders for Derek Owens' and Kyle Solomon's Individual Claims Against Defendant NCAA 379 (Mester, Mark) (Entered: 03/21/2017) |
| 03/21/2017 | 385 | MOTION by Defendant National Collegiate Athletic Association For The Payment of Settlement Expenses (Attachments: # 1 Exhibit A)(Spellman, Johanna) (Entered: 03/21/2017) |
| 03/21/2017 | 386 | NOTICE of Motion by Johanna Margaret Spellman for presentment of motion for miscellaneous relief 385 before Honorable John Z. Lee on 3/30/2017 at 09:00 AM. (Spellman, Johanna) (Entered: 03/21/2017) |
| 03/22/2017 | 387 | MINUTE entry before the Honorable John Z. Lee: Motion hearing held on 3/22/17. For the reasons stated on the record, motion to lift stay and for entry of scheduling orders for Derek Owens' and Kyle Solomon's individual claims against Defendant NCAA 379 is granted in part and denied in part; the individual claims will proceed under case 11-cv-6356. The parties should meet and confer and submit a proposed discovery schedule within 14 days. Motion to withdraw plaintiff Anthony Nichol's claim seeking personal injury damages from Case No. 13-cv-9116 381 is granted. Class Counsel's response to NCCA's motion for the payment of settlement expenses 385 shall be due by 3/29/17; reply due by 4/5/17. No appearance is required on 3/30/17. Status hearing set for 4/20/17 at 9:00 a.m. Mailed notice (ca, ) (Entered: 03/22/2017) |
| 03/23/2017 | 388 | MOTION by Plaintiff Mildred Whittier to withdraw *Motion to Withdraw Plaintiff Mildred Whittier a/n/f and Attorney in Fact for Julius Whittier's Claims Seeking Personal Injury Damages from Case No. 13-cv-09116* (Jefferson, Dwight) (Entered: 03/23/2017) |

| 03/23/2017 | 389 | NOTICE of Motion by Dwight E. Jefferson for presentment of motion to withdraw 388 before Honorable John Z. Lee on 3/29/2017 at 09:00 AM. (Jefferson, Dwight) (Entered: 03/23/2017) |
|---|---|---|
| 03/28/2017 | 390 | MEMORANDUM by Dan Ahern, Anna Bartz, Jeff Caldwell, Shavaughne Desecki, John Durocher, Peter Dykstra, Natalie Kay Harada, Rachel Dianne Harada, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Adam Walker, Sharron D. Washington, Dache Williams, Shelby Williams, Abram Robert Wolf in Opposition to motion for miscellaneous relief 385 *Settlement Class Representatives' Opposition to NCAA's Request for Payment of Settlement Expenses from the Medical Monitoring Fund to Subpoena Its Own Members* (Berman, Steve) (Entered: 03/28/2017) |
| 03/29/2017 | 391 | MINUTE entry before the Honorable John Z. Lee:Motion to withdraw Plaintiff Mildred Whittier and attorney in fact for Julius Whittier's claims seeking personal injury damages from Case No. 13-cv-9116 388 is granted. No appearance is required on 3/29/17.Mailed notice (ca, ) (Entered: 03/29/2017) |
| 03/29/2017 | 392 | TRANSCRIPT OF PROCEEDINGS held on 3/3/2017 before the Honorable John Z. Lee. Court Reporter Contact Information: ALEXANDRA ROTH, alexandra_roth@ilnd.uscourts.gov (312) 408-5038.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 4/19/2017. Redacted Transcript Deadline set for 5/1/2017. Release of Transcript Restriction set for 6/27/2017. (Roth, Alexandra) (Entered: 03/29/2017) |
| 03/29/2017 | 393 | TRANSCRIPT OF PROCEEDINGS held on 3/7/2017 before the Honorable John Z. Lee. Court Reporter Contact Information: ALEXANDRA ROTH, alexandra_roth@ilnd.uscourts.gov (312) 408-5038.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 4/19/2017. Redacted Transcript Deadline set for 5/1/2017. Release of Transcript Restriction set for 6/27/2017. (Roth, Alexandra) (Entered: 03/29/2017) |

| 03/29/2017 | 🔒 | (Court only) ***Deadlines and hearings Terminated. (ca, ). (Entered: 03/29/2017) |
|---|---|---|
| 03/31/2017 | [394](#) | MOTION by Attorney J. Dominick Larry to withdraw as attorney for Anthony Nichols. No party information provided (Attachments: # [1](#) Text of Proposed Order)(Richman, Benjamin) (Entered: 03/31/2017) |
| 03/31/2017 | [395](#) | NOTICE of Motion by Benjamin Harris Richman for presentment of motion to withdraw as attorney [394](#) before Honorable John Z. Lee on 4/6/2017 at 09:00 AM. (Richman, Benjamin) (Entered: 03/31/2017) |
| 04/03/2017 | [396](#) | MINUTE entry before the Honorable John Z. Lee:Unopposed motion to withdraw the appearance of J. Dominick Larry as one of the counsel of record for plaintiff Anthony Nichols [394](#) is granted. No appearance is required on the motion.Mailed notice (ca, ) (Entered: 04/03/2017) |
| 04/05/2017 | [397](#) | MOTION by Defendant National Collegiate Athletic Association for extension of time *(unopposed)* (Spellman, Johanna) (Entered: 04/05/2017) |
| 04/05/2017 | [398](#) | NOTICE of Motion by Johanna Margaret Spellman for presentment of extension of time [397](#) before Honorable John Z. Lee on 4/11/2017 at 09:00 AM. (Spellman, Johanna) (Entered: 04/05/2017) |
| 04/06/2017 | [399](#) | MINUTE entry before the Honorable John Z. Lee:Unopposed motion for extension of time until April 10, 2017 to file its reply in support of its motion for payment of settlement expenses [397](#) is granted. No appearance is required on the motion.Mailed notice (ca, ) (Entered: 04/06/2017) |
| 04/10/2017 | 🔓 [400](#) | TRANSCRIPT OF PROCEEDINGS held on 3/22/17 before the Honorable John Z. Lee. Court Reporter Contact Information: Nancy LaBella, 312-435-6890, NLaBella.ilnd@gmail.com.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 5/1/2017. Redacted Transcript Deadline set for 5/11/2017. Release of Transcript Restriction set for 7/10/2017. (Labella, Nancy) (Entered: 04/10/2017) |
| 04/10/2017 | [401](#) | REPLY by Defendant National Collegiate Athletic Association *in Further Support of the NCAA's Motion for the Payment of Settlement Expenses* (Attachments: # [1](#) Exhibit A)(Spellman, Johanna) (Entered: 04/10/2017) |
| 04/17/2017 | [402](#) | STATUS Report *On Notice To Members Of The Settlement Class And Identifying NCAA Member Institutions That Did Not Comply With Subpoenas (Joint)* by National Collegiate Athletic Association (Attachments: # [1](#) Exhibit) (Spellman, Johanna) (Entered: 04/17/2017) |

| 04/18/2017 | 403 | MINUTE entry before the Honorable John Z. Lee:By agreement of the parties, the status hearing set for 4/20/17 is reset to 4/26/17 at 9:00 a.m.Mailed notice (ca, ) (Entered: 04/18/2017) |
|---|---|---|
| 04/25/2017 | 404 | MINUTE entry before the Honorable John Z. Lee:The status hearing set for 4/26/17 is reset to 5/9/17 at 10:00 a.m.Mailed notice (ca, ) (Entered: 04/25/2017) |
| 05/09/2017 | 405 | MINUTE entry before the Honorable John Z. Lee: Status hearing held on 5/9/17. For the reasons stated on the record, NCAA's motion for the payment of settlement expenses in the amount of $131,323.15 for the service of supoenas 385 is granted. The Court approves the amended estimated budget for the notice program in the total amount of $2,135,380.21. In light of the continuing efforts to provide direct notice to class members, the parties should file a joint motion with a revised schedule and a motion for a rule to show cause to address any NCAA affiliated schools that have not responded to the subpoenas. Status hearing set for 7/27/17 at 10:00 a.m.Mailed notice (ca, ) (Entered: 05/10/2017) |
| 05/09/2017 | 🔒 | (Court only) ***Motions terminated: MOTION by Plaintiffs Dan Ahern, Jeff Caldwell, Shavaughne Desecki, John Durocher, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, 306 (ca, ). (Entered: 08/15/2017) |
| 05/12/2017 | 406 | MOTION by Attorney Shawn D. Stuckey, Michael R. Cashman, Daniel S. Mason, and Zelle LLP to withdraw as attorney for Dan Ahern, Chris Walker. No party information provided (Lewis, Richard) (Entered: 05/12/2017) |
| 05/15/2017 | 407 | MINUTE entry before the Honorable John Z. Lee:Motion to withdraw as attorney 406 is grante. Shawn D Stuckey; Michael R. Cashman and Daniel S Mason are granted leave to withdraw as counsel.Mailed notice (ca, ) (Entered: 05/15/2017) |
| 05/18/2017 | 408 | MOTION by Plaintiffs Dan Ahern, Anna Bartz, Jeff Caldwell, Shavaughne Desecki, John Durocher, Peter Dykstra, Natalie Kay Harada, Rachel Dianne Harada, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Adam Walker, Sharron D. Washington, Dache Williams, Shelby Williams, Abram Robert Wolf JOINT Motion for Entry of Revised Schedule (Attachments: # 1 Text of Proposed Order)(Berman, Steve) (Entered: 05/18/2017) |
| 05/18/2017 | 409 | *Joint Motion for Entry of Revised Schedule* NOTICE of Motion by Steve W. Berman for presentment of motion for miscellaneous relief,, 408 before Honorable John Z. Lee on 5/23/2017 at 09:00 AM. (Berman, Steve) (Entered: 05/18/2017) |
| 05/23/2017 | 410 | MINUTE entry before the Honorable John Z. Lee:Motion hearing held on 5/23/17. Joint motion for entry of a revised schedule 408 is granted. The parties should submit an order with the revised schedule and contact the courtroom deputy when they have done so. The final settlement approval hearing set for |

| | | |
|---|---|---|
| | | 7/27/17 is reset to 9/22/17 at 10:00 a.m. Status hearing reset for 9/22/17 at 10:00 a.m. Mailed notice (ca, ) (Entered: 05/23/2017) |
| 05/23/2017 | 🔒 | (Court only) ***Motions terminated: MOTION by Plaintiffs Dan Ahern, Anna Bartz, Jeff Caldwell, Shavaughne Desecki, John Durocher, Peter Dykstra, Natalie Kay Harada, Rachel Dianne Harada, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan 408 (ca, ). (Entered: 05/23/2017) |
| 05/23/2017 | 411 | SCHEDULING ORDER Signed by the Honorable John Z. Lee on 5/23/17. Mailed notice(ca, ). (Entered: 05/23/2017) |
| 05/25/2017 | 412 | MINUTE entry before the Honorable John Z. Lee: Minute entry 410 is amended: Motion hearing held on 5/23/17. Joint motion for entry of a revised schedule 408 is granted. The Notice Administrator shall begin the second wave of direct mail and email by May 30, 2017, and shall continue until completed. The deadline for Settlement Class Members to object or opt out of the Settlement is August 4, 2017. The deadline for any objections or responses to the petitions for attorneys fees and costs is August 4, 2017. The Notice Administrator shall file with the Court the OptOut List with an affidavit attesting to the completeness and accuracy thereof by August 18, 2017.The Notice Administrator and Program Administrator shall file declarations with the Court concerning implementation of the Notice program and other terms of the Settlement by August 18, 2017. The Motion for Final Approval of the Settlement, including any responses to Objections is due August 25, 2017. The final settlement approval hearing set for 7/27/17 is reset to 9/22/17 at 10:00 a.m. Status hearing reset for 9/22/17 at 10:00 a.m.Mailed notice (ca, ) (Entered: 05/25/2017) |
| 05/31/2017 | 🔓 413 | TRANSCRIPT OF PROCEEDINGS held on 1/19/2017 before the Honorable John Z. Lee. Court Reporter Contact Information: ALEXANDRA ROTH, alexandra_roth@ilnd.uscourts.gov (312) 408-5038.

IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.

Redaction Request due 6/21/2017. Redacted Transcript Deadline set for 7/3/2017. Release of Transcript Restriction set for 8/29/2017. (Roth, Alexandra) (Entered: 05/31/2017) |
| 06/06/2017 | 414 | MOTION by Plaintiffs Dan Ahern, Anna Bartz, Jeff Caldwell, Shavaughne Desecki, John Durocher, Peter Dykstra, Natalie Kay Harada, Rachel Dianne Harada, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Adam Walker, Sharron D. Washington, Dache Williams, Shelby Williams, Abram Robert Wolf for order *on Rule to Show* |

|  |  | *Cause* (Attachments: # 1 Exhibit A)(Berman, Steve) (Entered: 06/06/2017) |
|---|---|---|
| 06/06/2017 | 415 | NOTICE of Motion by Steve W. Berman for presentment of motion for order, 414 before Honorable John Z. Lee on 6/20/2017 at 09:00 AM. (Berman, Steve) (Entered: 06/06/2017) |
| 06/19/2017 | 416 | STATUS Report *On NCAA Member Institutions That Have Complied With Subpoenas (Joint)* by National Collegiate Athletic Association (Spellman, Johanna) (Entered: 06/19/2017) |
| 06/19/2017 | 417 | Submission on Direct Notice by National Collegiate Athletic Association (Spellman, Johanna) (Entered: 06/19/2017) |
| 06/20/2017 | 418 | MINUTE entry before the Honorable John Z. Lee:Motion hearing held on 6/20/17. For the reasons stated on the record, the motion for order on rule to show cause 414 is entered and continued for 7/7/17 at 9:30 a.m. Mailed notice (ca, ) (Entered: 06/20/2017) |
| 06/20/2017 | 419 | MOTION by Plaintiff Mildred Whittier- Plaintiff Whittier's Second Motion for Leave to Amend His Motion for Attorney's Fees and Costs (Attachments: # 1 Plaintiff Whittier's Second Amended Motion for Attorney's Fees and Costs, # 2 Affidavit Amended Affidavit of Dwight E. Jefferson)(Jefferson, Dwight) (Entered: 06/20/2017) |
| 06/20/2017 | 420 | NOTICE of Motion by Dwight E. Jefferson for presentment of motion for miscellaneous relief, 419 before Honorable John Z. Lee on 7/11/2017 at 09:00 AM. (Jefferson, Dwight) (Entered: 06/20/2017) |
| 06/21/2017 | 421 | NOTICE by All Plaintiffs (Dugan, ii, James) (Entered: 06/21/2017) |
| 06/28/2017 | 422 | TRANSCRIPT OF PROCEEDINGS held on 5/23/2017 before the Honorable John Z. Lee. Court Reporter Contact Information: ALEXANDRA ROTH, alexandra_roth@ilnd.uscourts.gov (312) 408-5038.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 7/19/2017. Redacted Transcript Deadline set for 7/31/2017. Release of Transcript Restriction set for 9/26/2017. (Roth, Alexandra) (Entered: 06/28/2017) |
| 07/05/2017 | 425 | OBJECTION To the Settlement and Opt-Out by Mark Young.(Exhibits) (nsf, ) (Entered: 07/10/2017) |
| 07/05/2017 | 427 | LETTER from Elizabeth Terry dated 6/30/2017. ("EXHIBITS"). (ks, ) (Entered: 07/12/2017) |

| 07/06/2017 | 423 | STATUS Report - *Joint Status Report on NCAA Member Institutions that have Complied with Subpoenas* by National Collegiate Athletic Association (Attachments: # 1 Declaration Johanna Spellman)(Spellman, Johanna) (Entered: 07/06/2017) |
|---|---|---|
| 07/07/2017 | 426 | MINUTE entry before the Honorable John Z. Lee: Motion hearing held on 7/7/17. In light of the status report filed that the NCAA member institutions that have all complied with the subpoenas 423 , the motion for order on rule to show cause 414 is denied.The deadline for Settlement Class Members to object or opt out of the Settlement is August 18, 2017. The deadline for any objections or responses to the petitions for attorneys fees and costs is August 18, 2017. The Notice Administrator shall file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof by August 25, 2017.The Notice Administrator and Program Administrator shall file declarations with the Court concerning implementation of the Notice program and other terms of the Settlement by August 25, 2017. The Motion for Final Approval of the Settlement, including any responses to Objections is due August 25, 2017. The final settlement approval hearing date of 9/22/17 at 10:00 a.m. will stand. Mailed notice (ca, ) (Entered: 07/12/2017) |
| 07/10/2017 | 424 | MINUTE entry before the Honorable John Z. Lee:Plaintiff Whittier's second motion for leave to amend his motion for attorney's fees and costs 419 is granted. No appearance is required on the motion.Mailed notice (ca, ) (Entered: 07/10/2017) |
| 07/20/2017 | 428 | STATEMENT about the settlement by Kyle Wilson (nsf, ) (Entered: 07/24/2017) |
| 07/26/2017 | 429 | TRANSCRIPT OF PROCEEDINGS held on 6/20/2017 before the Honorable John Z. Lee. Court Reporter Contact Information: ALEXANDRA ROTH, alexandra_roth@ilnd.uscourts.gov, (312) 408-5038.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 8/16/2017. Redacted Transcript Deadline set for 8/28/2017. Release of Transcript Restriction set for 10/24/2017. (Roth, Alexandra) (Entered: 07/26/2017) |
| 07/28/2017 | 430 | MOTION by Defendant National Collegiate Athletic Association - Joint Motion for Entry of Revised Schedule (Spellman, Johanna) (Entered: 07/28/2017) |
| 07/28/2017 | 431 | NOTICE of Motion by Johanna Margaret Spellman for presentment of motion for miscellaneous relief 430 before Honorable John Z. Lee on 8/2/2017 at 09:00 AM. (Spellman, Johanna) (Entered: 07/28/2017) |

| | | |
|---|---|---|
| 08/01/2017 | 432 | MINUTE entry before the Honorable John Z. Lee:Joint motion for entry of revised schedule 430 is granted. The deadline for Settlement Class Members to object or opt out of the Settlement is September 15, 2017. The deadline for any objections or responses to the petitions for attorneys fees and costs is September 15, 2017. The Notice Administrator shall file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof by September 29, 2017.The Notice Administrator and Program Administrator shall file declarations with the Court concerning implementation of the Notice program and other terms of the Settlement by September 29, 2017. The Motion for Final Approval of the Settlement, including any responses to Objections is due September 29, 2017. The final settlement approval hearing date of 9/22/17 at 10:00 a.m. is reset to 11/28/17 at 1:30 p.m. No appearance is required on the motion. Mailed notice (ca, ) (Entered: 08/01/2017) |
| 08/08/2017 | 433 | MOTION by Plaintiffs Dan Ahern, Jeff Caldwell, Shavaughne Desecki, John Durocher, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Sharron D. Washington, Shelby Williams, Abram Robert Wolf Motion for Leave to Pay Notice Program Expenses From the Settlement Fund (Berman, Steve) (Entered: 08/08/2017) |
| 08/08/2017 | 434 | NOTICE of Motion by Steve W. Berman for presentment of motion for miscellaneous relief, 433 before Honorable John Z. Lee on 8/22/2017 at 09:00 AM. (Berman, Steve) (Entered: 08/08/2017) |
| 08/08/2017 | 435 | DECLARATION of Rachel Christman regarding motion for miscellaneous relief, 433 *Declaration of Rachel Christman Regarding Notice Program Expenses* (Berman, Steve) (Entered: 08/08/2017) |
| 08/15/2017 | 436 | MINUTE entry before the Honorable John Z. Lee: Motion for leave to pay notice program expenses from the settlement fund 433 scheduled for 8/22/17 is reset to 8/23/17 at 9:15 a.m. Mailed notice (ca, ) (Entered: 08/15/2017) |
| 08/15/2017 | 437 | ATTORNEY Appearance for Defendant National Collegiate Athletic Association by Marc Brian Klein (Klein, Marc) (Entered: 08/15/2017) |
| 08/22/2017 | 438 | OBJECTION to settlement.( Exhibits)(Envelope post marked 8/16/2017) (nsf, ) . (Entered: 08/23/2017) |
| 08/23/2017 | 439 | MINUTE entry before the Honorable John Z. Lee: Motion hearing held on 8/23/17. For the reason stated on the record, Plaintiff's motion for leave to pay notice program expenses from the settlement fund 433 is granted without objection. Mailed notice (ca, ) (Entered: 08/24/2017) |
| 08/24/2017 | 440 | ATTORNEY Appearance for Movant Samantha Greiber by Aron Uri Raskas (Raskas, Aron) (Entered: 08/24/2017) |
| 08/24/2017 | 441 | MOTION by Movant Samantha Greiber for leave to file excess pages (Raskas, Aron) (Entered: 08/24/2017) |

| | | |
|---|---|---|
| 08/24/2017 | 442 | NOTICE of Motion by Aron Uri Raskas for presentment of motion for leave to file excess pages 441 before Honorable John Z. Lee on 8/29/2017 at 09:00 AM. (Raskas, Aron) (Entered: 08/24/2017) |
| 08/25/2017 | 443 | ATTORNEY Appearance for Movant Samantha Greiber by Charles S Fax (Fax, Charles) (Entered: 08/25/2017) |
| 08/25/2017 | 444 | ATTORNEY Appearance for Defendant National Collegiate Athletic Association by Kathleen Patricia Lally (Lally, Kathleen) (Entered: 08/25/2017) |
| 08/28/2017 | 445 | MINUTE entry before the Honorable John Z. Lee: Objector Samantha Greiber's motion for leave to file statement of objection exceeding page limit of local rule 441 is granted in part. Greiber is granted leave to file a statement of objection that does not exceed 30 pages. No appearance is necessary on the motion. Mailed notice (ca, ) (Entered: 08/28/2017) |
| 08/28/2017 | 446 | MOTION by Defendant National Collegiate Athletic Association - Agreed Motion to Designate Interim Liaison Counsel for the NCAA (Mester, Mark) (Entered: 08/28/2017) |
| 08/28/2017 | 447 | NOTICE of Motion by Mark Steven Mester for presentment of motion for miscellaneous relief 446 before Honorable John Z. Lee on 8/31/2017 at 09:00 AM. (Mester, Mark) (Entered: 08/28/2017) |
| 08/29/2017 | 448 | MINUTE entry before the Honorable John Z. Lee:Agreed motion to designate liaison counsel for the NCAA 446 is granted. Kathleen P. Lally of Latham & Watkins is designated as Interim Liaison Counsel for the NCAA. No appearance is required on the motion.Mailed notice (ca, ) (Entered: 08/29/2017) |
| 08/29/2017 | 449 | MINUTE entry before the Honorable John Z. Lee: Agreed motion to designate liaison counsel for the NCAA 446 is granted. Kathleen P. Lally of Latham & Watkins is designated as Interim Liaison Counsel for the NCAA. No appearance is required on the motion.Mailed notice (ca, ) (Entered: 08/29/2017) |
| 08/30/2017 | 450 | OBJECTIONS by Samantha Greiber to MOTION by Plaintiffs Dan Ahern, Jeff Caldwell, Shavaughne Desecki, John Durocher, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, 266 , order 278 *Preliminary Approval Order* (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6, # 7 Exhibit Exhibit 7, # 8 Exhibit Exhibit 8, # 9 Exhibit Exhibit 9, # 10 Exhibit Exhibit 10, # 11 Exhibit Exhibit 11, # 12 Exhibit Exhibit 12, # 13 Exhibit Exhibit 13, # 14 Exhibit Exhibit 14, # 15 Exhibit Exhibit 15, # 16 Exhibit Exhibit 16, # 17 Exhibit Exhibit 17, # 18 Exhibit Exhibit 18, # 19 Exhibit Exhibit 19, # 20 Exhibit Exhibit 20, # 21 Exhibit Exhibit 21, # 22 Exhibit Exhibit 22, # 23 Exhibit Exhibit 23, # 24 Exhibit Exhibit 24, # 25 Exhibit Exhibit 25, # 26 Exhibit Exhibit 26, # 27 Exhibit Exhibit 27, # 28 Exhibit Exhibit 28, # 29 Exhibit Exhibit 29, # 30 Exhibit Exhibit 30, # 31 Exhibit Exhibit 31, # 32 Exhibit Exhibit 32, # 33 Exhibit Exhibit 33)(Raskas, Aron) (Entered: 08/30/2017) |

| 08/31/2017 | 451 | ATTORNEY Appearance for Movant Samantha Greiber by Alan Mark Rifkin (Rifkin, Alan) (Entered: 08/31/2017) |
| --- | --- | --- |
| 08/31/2017 | 452 | ATTORNEY Appearance for Movant Samantha Greiber by Roy Mason (Mason, Roy) (Entered: 08/31/2017) |
| 08/31/2017 | 453 | ATTORNEY Appearance for Movant Samantha Greiber by Arnold Murray Weiner (Weiner, Arnold) (Entered: 08/31/2017) |
| 08/31/2017 | 454 | ATTORNEY Appearance for Movant Samantha Greiber by Barry Louis Gogel (Gogel, Barry) (Entered: 08/31/2017) |
| 08/31/2017 | 455 | Notice of Intention to Appear at Fairness Hearing by Samantha Greiber (Raskas, Aron) (Entered: 08/31/2017) |
| 09/01/2017 | 456 | OBJECTIONS by John W. Deuereux, JR. (jk, ) (Entered: 09/05/2017) |
| 09/14/2017 | 457 | OBJECTIONS *to Class Counsel's Petition for Attorney's Fees and Costs* (Scharg, Ari) (Entered: 09/14/2017) |
| 09/15/2017 | 458 | OBJECTIONS by Marisa Spinazzola to MOTION by Plaintiffs Dan Ahern, Jeff Caldwell, Shavaughne Desecki, John Durocher, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, 266 , order 278 (Raskas, Aron) (Entered: 09/15/2017) |
| 09/15/2017 | 459 | OBJECTIONS by Lacey Donlon to MOTION by Plaintiffs Dan Ahern, Jeff Caldwell, Shavaughne Desecki, John Durocher, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, 266 , order 278 (Attachments: # 1 Exhibit Exhibit 1)(Raskas, Aron) (Entered: 09/15/2017) |
| 09/15/2017 | 460 | RESPONSE by Plaintiffs Dan Ahern, Anna Bartz, Jeff Caldwell, Shavaughne Desecki, John Durocher, Peter Dykstra, Natalie Kay Harada, Rachel Dianne Harada, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Adam Walker, Sharron D. Washington, Dache Williams, Shelby Williams, Abram Robert Wolf - *SETTLEMENT CLASS COUNSEL'S COMBINED RESPONSE TO FEE PETITIONS OF CERTAIN PLAINTIFFS' AND OBJECTORS' COUNSEL* (Berman, Steve) (Entered: 09/15/2017) |
| 09/20/2017 | 461 | LETTER from Robert A. Smith dated 9/15/2017. (pk, ) (Entered: 09/21/2017) |
| 09/20/2017 | 462 | LETTER from Annita N. Jeffery, MD dated 9/15/2017. (pk, ) (Entered: 09/21/2017) |
| 09/21/2017 | 463 | MINUTE entry before the Honorable John Z. Lee: By agreement of the parties, the status hearing set for 9/22/17 is reset to 10/5/17 at 10:00 a.m.Mailed notice (ca, ) (Entered: 09/21/2017) |

| 09/22/2017 | 464 | TRANSCRIPT OF PROCEEDINGS held on 8/23/2017 before the Honorable John Z. Lee. Court Reporter Contact Information: ALEXANDRA ROTH, alexandra_roth@ilnd.uscourts.gov, (312) 408-5038.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 10/13/2017. Redacted Transcript Deadline set for 10/23/2017. Release of Transcript Restriction set for 12/21/2017. (Roth, Alexandra) (Entered: 09/22/2017) |
| --- | --- | --- |
| 09/22/2017 | 465 | ATTORNEY Appearance for Plaintiff Paul Morgan by Ruth Andom Gebreab (Gebreab, Ruth) (Entered: 09/22/2017) |
| 09/29/2017 | 466 | REPLY by Plaintiffs Dan Ahern, Anna Bartz, Jeff Caldwell, Shavaughne Desecki, John Durocher, Peter Dykstra, Natalie Kay Harada, Rachel Dianne Harada, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Adam Walker, Sharron D. Washington, Dache Williams, Shelby Williams, Abram Robert Wolf to petition,,, 327 *Reply in Support of Settlement Class Counsel's Fee Petition* (Berman, Steve) (Entered: 09/29/2017) |
| 09/29/2017 | 467 | MOTION by Plaintiffs Dan Ahern, Anna Bartz, Jeff Caldwell, Shavaughne Desecki, John Durocher, Peter Dykstra, Natalie Kay Harada, Rachel Dianne Harada, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Adam Walker, Sharron D. Washington, Dache Williams, Shelby Williams, Abram Robert Wolf for settlement *Plaintiffs' Motion for Final Approval of Second Amended Class Settlement* (Berman, Steve) (Entered: 09/29/2017) |
| 09/29/2017 | 468 | MEMORANDUM by Dan Ahern, Anna Bartz, Jeff Caldwell, Shavaughne Desecki, John Durocher, Peter Dykstra, Natalie Kay Harada, Rachel Dianne Harada, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Adam Walker, Sharron D. Washington, Dache Williams, Shelby Williams, Abram Robert Wolf in support of motion for settlement,, 467 *Plaintiffs' Memorandum in Support of Motion for Final Approval of Second Amended Class Settlement* (Berman, Steve) (Entered: 09/29/2017) |
| 09/29/2017 | 469 | DECLARATION of Matthew L. Garretson on behalf of program administrator the Garretson Resolution Group, Inc.. by Plaintiffs Dan Ahern, Anna Bartz, Jeff Caldwell, Shavaughne Desecki, John Durocher, Peter Dykstra, Natalie Kay Harada, Rachel Dianne Harada, Ursula Kunhardt, Jessica Miller, Paul Morgan, |

| | | |
|---|---|---|
| | | Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Adam Walker, Sharron D. Washington, Dache Williams, Shelby Williams, Abram Robert Wolf in Support of MOTION by Plaintiffs Dan Ahern, Anna Bartz, Jeff Caldwell, Shavaughne Desecki, John Durocher, Peter Dykstra, Natalie Kay Harada, Rachel Dianne Harada, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan 467 *Declaration of Matthew L. Garretson on Behalf of Program Administrator the Garretson Resolution Group, Inc.* (Berman, Steve)(Docket Text Modified by Clerk's Office 10/2/2017) . (Entered: 09/29/2017) |
| 09/29/2017 | 470 | DECLARATION of Rachel Christman Regarding Dissemination of Direct Notice by Plaintiffs Dan Ahern, Anna Bartz, Jeff Caldwell, Shavaughne Desecki, John Durocher, Peter Dykstra, Natalie Kay Harada, Rachel Dianne Harada, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Spencer Trautmann, Adam Walker, Sharron D. Washington, Dache Williams, Shelby Williams, Abram Robert Wolf in Support of MOTION by Plaintiffs Dan Ahern, Anna Bartz, Jeff Caldwell, Shavaughne Desecki, John Durocher, Peter Dykstra, Natalie Kay Harada, Rachel Dianne Harada, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan 467 *Declaration of Rachel Christman Regarding Dissemination of Direct Notice* (Berman, Steve) (Docket Text modified by Clerks Office). (Entered: 09/29/2017) |
| 09/29/2017 | 471 | DECLARATION of Joseph J. Siprut regarding reply,, 466 (Berman, Steve) (Entered: 09/29/2017) |
| 09/29/2017 | 472 | DECLARATION of Elizabeth A. Fegan in support of plaintiff's motion for final approval of second amended class settlement by Plaintiffs Dan Ahern, Anna Bartz, Jeff Caldwell, Shavaughne Desecki, John Durocher, Peter Dykstra, Natalie Kay Harada, Rachel Dianne Harada, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Adam Walker, Sharron D. Washington, Dache Williams, Shelby Williams, Abram Robert Wolf in Support of MOTION by Plaintiffs Dan Ahern, Anna Bartz, Jeff Caldwell, Shavaughne Desecki, John Durocher, Peter Dykstra, Natalie Kay Harada, Rachel Dianne Harada, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan 467 *Declaration of Elizabeth A. Fegain in Support of Plaintiffs' Motion for Final Approval of Second Amended Class Settlement* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14)(Fegan, Elizabeth) (Docket Text modified by Clerks Office). (Entered: 09/29/2017) |
| 09/29/2017 | 473 | NOTICE of Motion by Steve W. Berman for presentment of motion for settlement,, 467 before Honorable John Z. Lee on 11/28/2017 at 01:30 PM. (Berman, Steve) (Entered: 09/29/2017) |

| 09/29/2017 | 474 | RESPONSE by Defendant National Collegiate Athletic Association to objections, 458 , objections, 459 , objections,,,,, 450 - *Response of the NCAA to Objections to Final Approval of Proposed Settlement* (Mester, Mark) (Entered: 09/29/2017) |
|---|---|---|
| 10/05/2017 | 475 | MINUTE entry before the Honorable John Z. Lee:Status hearing held on 10/5/17. The parties report that the notice program has been completed and that they are ready to proceed with the final approval hearing in November.Mailed notice (ca, ) (Entered: 10/05/2017) |
| 11/02/2017 | 476 | MOTION by Plaintiffs Dan Ahern, Anna Bartz, Jeff Caldwell, John Durocher, Peter Dykstra, Natalie Kay Harada, Rachel Dianne Harada, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Spencer Trautmann, Adam Walker, Sharron D. Washington, Dache Williams, Shelby Williams, Abram Robert Wolf for extension of time *Joint Motion for Entry of Revised Schedule* (Berman, Steve) (Entered: 11/02/2017) |
| 11/02/2017 | 477 | NOTICE of Motion by Steve W. Berman for presentment of extension of time, 476 before Honorable John Z. Lee on 11/7/2017 at 09:00 AM. (Berman, Steve) (Entered: 11/02/2017) |
| 11/06/2017 | 478 | MINUTE entry before the Honorable John Z. Lee:The motion hearing 476 set for 11/7/17 is reset to 11/8/17 at 9:00 a.m.Mailed notice (ca, ) (Entered: 11/06/2017) |
| 11/06/2017 | 479 | TRANSCRIPT OF PROCEEDINGS held on 10/5/2017 before the Honorable John Z. Lee. Order Number: 28545. Court Reporter Contact Information: ALEXANDRA ROTH, alexandra_roth@ilnd.uscourts.gov, (312) 408-5038.

IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.

Redaction Request due 11/27/2017. Redacted Transcript Deadline set for 12/7/2017. Release of Transcript Restriction set for 2/5/2018. (Roth, Alexandra) (Entered: 11/06/2017) |
| 11/08/2017 | 480 | MINUTE entry before the Honorable John Z. Lee:Motion hearing held on 11/8/17. Joint motion for entry of a revised schedule 476 is granted. Counsel should provide a proposed order to the proposed order mailbox and contact the courtroom deputy when they have done so. The final fairness hearing scheduled for 11/28/17 is reset to 3/1/18 at 2:00 p.m. Mailed notice (ca, ) (Entered: 11/09/2017) |
| 11/13/2017 | 481 | ORDER Signed by the Honorable John Z. Lee on 11/13/17.Mailed notice(ca, ) (Entered: 11/13/2017) |

| 11/27/2017 | 482 | MINUTE entry before the Honorable John Z. Lee: In accordance with the Court's order of 11/8/17, the final fairness hearing scheduled for 11/28/17 is reset to 3/1/18 at 2:00 p.m. Plaintiffs' motion for final approval of second amended class settlement 467 is entered and continued to that date and time. Mailed notice (lp, ) (Entered: 11/27/2017) |
|---|---|---|
| 11/28/2017 | 483 | MINUTE entry before the Honorable John Z. Lee: Pursuant to the Court's order 481 entered on 11/13/17. The Court orders as follows: (1) The November 28, 2017 date for the Fairness Hearing is vacated and reset to March 1, 2018 at 2 p.m. for all Settlement Class Members; (2) Other than the new March 1, 2018 date for the Fairness Hearing, the September 15, 2017 deadline to file objections or requests for exclusion contained in the Courts August 1, 2017 Minute Order (Dkt # 432 ) shall continue to apply to all Settlement Class Members except for Frostburg State University Settlement Class Members; (3)The Notice Administrator shall send the postcard and email notices to Frostburg State University Settlement Class Members by November 14, 2017. The postcard notices shall be printed on blue paper, and the background of the email notices shall be light blue. (4) As to the Frostburg State University Settlement Class Members only, the following new deadlines shall apply and be contained in the blue postcard and email notices: The Deadline for Frostburg State University Settlement Class Members to object to or opt out of the Settlement shall be January 16, 2018; the deadline for Frostburg State University Settlement Class Members to object or respond to the petitions for attorneys fees and costs shall be January 16, 2018; the Notice Administrator shall file with the Court an amended Opt-Out List with an affidavit attesting to the completeness and accuracy thereof by January 30, 2018; Notice Administrator shall file an amended declaration with the Court concerning implementation of the Notice program and other terms of the Settlement by January 30, 2018; the Deadline for the Parties to file a supplement to the Motion for Final Approval of the Settlement or to otherwise respond to objections. These additional filings will solely address objections made by the Frostburg State University Settlement Class Members by January 30, 2018. (5) By November 14, 2017, the Notice Administrator shall update the Settlement Website, located at http://www.collegeathleteconcussionsettlement.com/, to clearly identify that: (a) Settlement Class Members who attended any NCAA member institution other than Frostburg State University are subject to the deadlines set forth in the Courts August 1, 2017 Minute Order (Dkt # 432 ) with the new Fairness Hearing Date of March 1, 2018; (b) Frostburg State University Settlement Class Members, who will be able to identify themselves through receipt of the blue postcard or email notices, are subject to the deadlines. Mailed notice (ca, ) (Entered: 11/28/2017) |
| 12/01/2017 | 484 | TRANSCRIPT OF PROCEEDINGS held on 11/8/2017 before the Honorable John Z. Lee. Order Number: 28949. Court Reporter Contact Information: ALEXANDRA ROTH, alexandra_roth@ilnd.uscourts.gov, (312) 408-5038.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for |

| | | |
|---|---|---|
| | | Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 12/22/2017. Redacted Transcript Deadline set for 1/2/2018. Release of Transcript Restriction set for 3/1/2018. (Roth, Alexandra) (Entered: 12/01/2017) |
| 01/09/2018 | 485 | MOTION by Attorney Stewart Pollock to withdraw as attorney for David Burns. No party information provided (Balabanian, Rafey) (Entered: 01/09/2018) |
| 01/09/2018 | 486 | NOTICE of Motion by Rafey S. Balabanian for presentment of motion to withdraw as attorney 485 before Honorable John Z. Lee on 1/16/2018 at 09:00 AM. (Balabanian, Rafey) (Entered: 01/09/2018) |
| 01/10/2018 | 487 | MINUTE entry before the Honorable John Z. Lee:Motion by Stewart R. Pollack for leave to withdraw his appearance as one of the counsel of record for plaintiffs 485 is granted. No appearance is required on the motion.Mailed notice (ca, ) (Entered: 01/10/2018) |
| 01/29/2018 | 488 | MOTION by Attorney Richard L. Miller II to withdraw as attorney for Angelica Palacios. No party information provided (McLawhorn, Todd) (Entered: 01/29/2018) |
| 01/29/2018 | 489 | NOTICE of Motion by Todd Lawrence McLawhorn for presentment of motion to withdraw as attorney 488 before Honorable John Z. Lee on 2/1/2018 at 09:00 AM. (McLawhorn, Todd) (Entered: 01/29/2018) |
| 01/30/2018 | 490 | MINUTE entry before the Honorable John Z. Lee:Motion to withdraw appearance of Richard L. Miller 488 is granted. No appearance is required on the motion.Mailed notice (ca, ) (Entered: 01/30/2018) |
| 01/30/2018 | 491 | MOTION by Defendant National Collegiate Athletic Association for extension of time - *Joint Motion for an Extension of Time to Address the Notice Program* (Mester, Mark) (Entered: 01/30/2018) |
| 01/30/2018 | 492 | NOTICE of Motion by Mark Steven Mester for presentment of extension of time 491 before Honorable John Z. Lee on 2/6/2018 at 09:00 AM. (Mester, Mark) (Entered: 01/30/2018) |
| 01/30/2018 | 493 | Settlement Class Counsel's Supplemental Submission in Support of Motion for Final Approval of Second Amended Class Settlement by Dan Ahern, Anna Bartz, Jeff Caldwell, John Durocher, Peter Dykstra, Natalie Kay Harada, Rachel Dianne Harada, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Spencer Trautmann, Adam Walker, Sharron D. Washington, Dache Williams, Shelby Williams, Abram Robert Wolf (Attachments: # 1 Exhibit - A)(Berman, Steve) (Entered: 01/30/2018) |

| | | |
|---|---|---|
| 02/06/2018 | 494 | MINUTE entry before the Honorable John Z. Lee: Motion hearing held on 2/6/18. For the reasons stated on the record, the joint motion for an extension of time to address the notice program 491 is granted. The final fairness hearing scheduled for 3/1/18 is stricken. The audit should be completed by 2/20/18; the declaration from the Notice Administrator should be filed by 2/26/18. The Notice Administrator must be present at the status hearing. A final fairness hearing date will be set at the next status. A status hearing is scheduled for 3/1/18 at 2:00 p.m. Mailed notice (ca, ) (Entered: 02/06/2018) |
| 02/14/2018 | 495 | MINUTE entry before the Honorable John Z. Lee: As requested by the parties, the status hearing set for 3/1/18 is reset to 3/8/18 at 10:00 a.m.Mailed notice (ca, ) (Entered: 02/14/2018) |
| 02/26/2018 | 496 | DECLARATION of Rachel Christman *Updated Declaration of Rachel Christman Regarding the Dissemination of Direct Notice and Audit of Direct Notice Program* (Attachments: # 1 Exhibit - A, # 2 Exhibit - B, # 3 Exhibit - C)(Berman, Steve) (Entered: 02/26/2018) |
| 03/05/2018 | 497 | MOTION by Plaintiffs Dan Ahern, Anna Bartz, Jeff Caldwell, John Durocher, Peter Dykstra, Natalie Kay Harada, Rachel Dianne Harada, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Spencer Trautmann, Adam Walker, Sharron D. Washington, Dache Williams, Shelby Williams, Abram Robert Wolf for extension of time *Joint Motion for Entry of Revised Schedule* (Attachments: # 1 Text of Proposed Order)(Berman, Steve) (Entered: 03/05/2018) |
| 03/09/2018 | 498 | MINUTE entry before the Honorable John Z. Lee: Status hearing held on 3/8/18. The Court is informed that, after a comprehensive audit, the Notice Administrator has determined that it failed to send direct mail notices to approximately 74,000 putative class members ("the residual group"). For the reasons stated on the record, the joint motion for entry of revised schedule 497 is granted. Postcard notices to the residual group will be mailed out by 3/23/18; the deadline for settlement class members in the residual group to object or opt out of the settlement is 6/8/18; the deadline for any objections or responses to the petitions for attorneys' fees and costs by the settlement class members in the residual group is 6/8/18. As to putative class members who are not part of the residual group, the deadlines set by the Court in its previous orders will stand. The Notice Administrator shall file with the Court the amended opt out list with an affidavit attesting to the completeness and accuracy by 6/27/18; the Notice Administrator shall file an amended declaration with the Court concerning implementation of the notice program and other terms of the settlement by 6/27/18; the deadline for the parties to file the supplement to the Motion for Final Approval of the Settlement, or to otherwise respond to objections is 6/27/18. The final approval hearing for the proposed settlement is scheduled for 8/16/18 at 10:00 a.m. Mailed notice (ca, ) (Entered: 03/09/2018) |
| 03/13/2018 | 499 | NOTICE by Jay Edelson of Change of Address (Edelson, Jay) (Entered: 03/13/2018) |

| 03/14/2018 | 500 | NOTICE by Benjamin Scott Thomassen of Change of Address (Thomassen, Benjamin) (Entered: 03/14/2018) |
|---|---|---|
| 03/14/2018 | 501 | NOTICE by Ari Jonathan Scharg of Change of Address (Scharg, Ari) (Entered: 03/14/2018) |
| 03/14/2018 | 502 | NOTICE by Benjamin Harris Richman of Change of Address (Richman, Benjamin) (Entered: 03/14/2018) |
| 04/11/2018 | 503 | TRANSCRIPT OF PROCEEDINGS held on 2/6/2018 before the Honorable John Z. Lee. Order Number: 30049. Court Reporter Contact Information: ALEXANDRA ROTH, alexandra_roth@ilnd.uscourts.gov, (312) 408-5038.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 5/2/2018. Redacted Transcript Deadline set for 5/14/2018. Release of Transcript Restriction set for 7/10/2018. (Roth, Alexandra) (Entered: 04/11/2018) |
| 04/11/2018 | 504 | TRANSCRIPT OF PROCEEDINGS held on 3/8/2018 before the Honorable John Z. Lee. Order Number: 30211. Court Reporter Contact Information: ALEXANDRA ROTH, alexandra_roth@ilnd.uscourts.gov, (312) 408-5038.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 5/2/2018. Redacted Transcript Deadline set for 5/14/2018. Release of Transcript Restriction set for 7/10/2018. (Roth, Alexandra) (Entered: 04/11/2018) |
| 05/08/2018 | 505 | NOTICE by Katrina Carroll of Change of Address (Carroll, Katrina) (Entered: 05/08/2018) |
| 05/10/2018 | 506 | NOTICE by Richard R Gordon of Change of Address (Gordon, Richard) (Entered: 05/10/2018) |
| 06/27/2018 | 507 | MEMORANDUM status hearing,,,,,, order on motion for extension of time,,,,,, set/reset hearings,,,,, 498 by Dan Ahern, Anna Bartz, Jeff Caldwell, Shavaughne Desecki, John Durocher, Peter Dykstra, Natalie Kay Harada, Rachel Dianne Harada, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Adam Walker, Sharron D. |

| | | |
|---|---|---|
| | | Washington, Dache Williams, Shelby Williams, Abram Robert Wolf *Settlement Class Counsel's Second Supplemental Submission in Support of Motion for Final Approval of Second Amended Class Settlement* (Berman, Steve) (Entered: 06/27/2018) |
| 06/27/2018 | 508 | MOTION by Plaintiffs Dan Ahern, Anna Bartz, Jeff Caldwell, Shavaughne Desecki, John Durocher, Peter Dykstra, Natalie Kay Harada, Rachel Dianne Harada, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Sean Sweeney, Spencer Trautmann, Adam Walker, Sharron D. Washington, Dache Williams, Shelby Williams, Abram Robert Wolf for extension of time to file *Joint Motion for Extension of Time to Submit Declaration from Notice Administrator and Final Opt-Out List* (Berman, Steve) (Entered: 06/27/2018) |
| 06/27/2018 | 509 | NOTICE of Motion by Steve W. Berman for presentment of motion for extension of time to file,, 508 before Honorable John Z. Lee on 7/5/2018 at 09:00 AM. (Berman, Steve) (Entered: 06/27/2018) |
| 06/28/2018 | 510 | MINUTE entry before the Honorable John Z. Lee:Joint motion for extension of time until July 2, 2018 to file a status report and explanatory declaration from the notice administrator with the Court 508 is granted. No appearance is required on the motion.Mailed notice (ca, ) (Entered: 06/28/2018) |
| 07/02/2018 | 511 | MOTION by Defendant National Collegiate Athletic Association to reset Final Approval Hearing Date and Require an Independent Audit of the Direct Notice Portion of the Notice Program (Joint) (Mester, Mark) (Entered: 07/02/2018) |
| 07/02/2018 | 512 | NOTICE of Motion by Mark Steven Mester for presentment of motion to reset 511 before Honorable John Z. Lee on 7/11/2018 at 09:00 AM. (Mester, Mark) (Entered: 07/02/2018) |
| 07/02/2018 | 513 | DECLARATION of Rachel Christman *Regarding Rum Processing* (Mester, Mark) (Entered: 07/02/2018) |
| 07/11/2018 | 514 | MINUTE entry before the Honorable John Z. Lee: Motion hearing held on 7/11/18. Joint motion to reset the date of the final approval hearing and require an independent audit of the direct notice portion of the notice program 511 is granted. For the reasons stated on the record, the Court finds that an independent audit is necessary to evaluate the effectiveness of the direct notice program. The costs of the audit should be split 50% for Plaintiffs and 50% for the Defendant. The fairness hearing scheduled for 8/16/18 is stricken; a status hearing is set for 8/16/18 at 10:00 a.m. The parties should submit a status report regarding the audit by 8/10/18. Mailed notice (ca, ) (Entered: 07/11/2018) |
| 07/13/2018 | 515 | TRANSCRIPT OF PROCEEDINGS held on 7/11/2018 before the Honorable John Z. Lee. Order Number: 31437. Court Reporter Contact Information: ALEXANDRA ROTH, alexandra_roth@ilnd.uscourts.gov, (312) 408-5038.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the |

| | | Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 8/3/2018. Redacted Transcript Deadline set for 8/13/2018. Release of Transcript Restriction set for 10/11/2018. (Roth, Alexandra) (Entered: 07/13/2018) |
|---|---|---|
| 08/09/2018 | 516 | MOTION by Plaintiffs Dan Ahern, Anna Bartz, Jeff Caldwell, Shavaughne Desecki, John Durocher, Peter Dykstra, Natalie Kay Harada, Rachel Dianne Harada, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Sean Sweeney, Spencer Trautmann, Adam Walker, Sharron D. Washington, Dache Williams, Shelby Williams, Abram Robert Wolf Motion for Leave to Pay Medical Monitoring Expenses from the Settlement Fund (Attachments: # 1 Declaration Declaration of M. Garretson (with Ex. A))(Berman, Steve) (Entered: 08/09/2018) |
| 08/09/2018 | 517 | NOTICE of Motion by Steve W. Berman for presentment of motion for miscellaneous relief,, 516 before Honorable John Z. Lee on 8/16/2018 at 10:00 AM. (Berman, Steve) (Entered: 08/09/2018) |
| 08/10/2018 | 518 | STATUS Report *Joint Status Report on Independent Audit of Direct Notice Portion of the Notice Program* by National Collegiate Athletic Association (Attachments: # 1 Exhibits 1 and 2)(Mester, Mark) (Entered: 08/10/2018) |
| 08/16/2018 | 519 | MINUTE entry before the Honorable John Z. Lee:Status hearing held on 8/16/18. The parties provided an update on the case from the MEG auditor. The deadline for the audit to be completed is 8/27/18. Motion for leave to pay medical monitoring expenses from the settlement fund 516 is entered and continued for 9/12/18 at 10:00 a.m. Status hearing set for 9/12/18 at 10:00 a.m. Mailed notice (ca, ) (Entered: 08/16/2018) |
| 08/31/2018 | 520 | TRANSCRIPT OF PROCEEDINGS held on 8/16/2018 before the Honorable John Z. Lee. Order Number: 31950. Court Reporter Contact Information: ALEXANDRA ROTH, alexandra_roth@ilnd.uscourts.gov, (312) 408-5038.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 9/21/2018. Redacted Transcript Deadline set for 10/1/2018. Release of Transcript Restriction set for 11/29/2018. (Roth, Alexandra) (Entered: 08/31/2018) |
| 09/07/2018 | 521 | STATUS Report - *Joint Status Report on Independent Audit of Direct Notice Portion of the Notice Program* by National Collegiate Athletic Association |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit 1)(Mester, Mark) (Entered: 09/07/2018) |
| 09/07/2018 | 522 | MOTION by Defendant National Collegiate Athletic Association Entry of Revised Schedule (Joint) (Mester, Mark) (Entered: 09/07/2018) |
| 09/07/2018 | 523 | NOTICE of Motion by Mark Steven Mester for presentment of motion for miscellaneous relief 522 before Honorable John Z. Lee on 9/12/2018 at 10:00 AM. (Mester, Mark) (Entered: 09/07/2018) |
| 09/12/2018 | 524 | MINUTE entry before the Honorable John Z. Lee:Status hearing held on 9/12/18. Joint motion for entry of a revised schedule 522 is granted. The parties should submit a proposed order to the mailbox and contact the courtroom deputy when they have done so. Postcard notices to be mailed to Remaining Settlement Class Members by 9/28/18; the deadline for Remaining Settlement Class Members to object to or opt out of the Settlement is 12/7/18; the deadline for any objections or responses to the petitions for attorneys fees and costs by Remaining Settlement Class Members is 12/7/18. Notice Administrator shall file with the Court an amended Opt-Out List with an affidavit attesting to the completeness and accuracy thereof by 12/19/18. Notice Administrator shall file an amended declaration with the Court concerningimplementation of the Notice Program and other terms of the settlement by 12/19/18; the deadline for filing supplement to the Motion for Final Approval of the Settlement, or to otherwise respond to objections.These filings will solely address objections made by the remaining settlement class members. The fairness hearing is set for 1/30/19 at 10:00 a.m. (ca, ) (Entered: 09/12/2018) |
| 09/12/2018 | 525 | ORDER Signed by the Honorable John Z. Lee on 9/12/18.Mailed notice(ca, ) (Entered: 09/13/2018) |
| 09/17/2018 | 526 | MINUTE entry before the Honorable John Z. Lee: ORDER 525 is vacated. Enter corrected order.Mailed notice (ca, ) (Entered: 09/17/2018) |
| 09/17/2018 | 527 | AMENDED ORDER Signed by the Honorable John Z. Lee on 9/17/18.Mailed notice(ca, ) (Entered: 09/17/2018) |
| 10/01/2018 | 528 | MINUTE entry before the Honorable John Z. Lee: The Court held a status hearing on 9/12/18, Plaintiff's motion 516 was entered and continued for 9/12/18. Plaintiff's motion for leave to pay medical monitoring expenses from the settlement fund in the amount of $395,442.03 516 is granted. Mailed notice (ca, ) (Entered: 10/01/2018) |
| 12/19/2018 | 529 | Settlement Class Counsel's Third Supplemental Submission In Support Of Motion For Final Approval Of Second Amended Class Settlement by Dan Ahern, Anna Bartz, Jeff Caldwell, John Durocher, Peter Dykstra, Natalie Kay Harada, Rachel Dianne Harada, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Spencer Trautmann, Adam Walker, Sharron D. Washington, Dache Williams, Shelby Williams, Abram Robert Wolf (Berman, Steve) (Entered: 12/19/2018) |
| 12/19/2018 | 530 | DECLARATION of Rachel Crhistman regarding order 527 *Final Declaration of Rachel Christman Regarding the Dissemination of Direct Notice* |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Berman, Steve) (Entered: 12/19/2018) |
| 01/15/2019 | 531 | MINUTE entry before the Honorable John Z. Lee: The Court orders the Notice Administrator to file with the Court the final Opt-Out List with an affidavit attesting to the completeness and accuracy thereof by January 22, 2019. To the extent that personal identifiers other than names are included in the list, the Notice Administrator shall file a redacted public version as well as unredacted sealed version on the docket.Mailed notice (ca, ) (Entered: 01/15/2019) |
| 01/16/2019 | 532 | MINUTE entry before the Honorable John Z. Lee:The Court acknowledges that the final Opt-Out List addressed in its 1/15/19 minute entry has been provided, see ECF No. 530-8.Mailed notice (ca, ) (Entered: 01/16/2019) |
| 01/28/2019 | 533 | MINUTE entry before the Honorable John Z. Lee:The Court construes Plaintiff Chris Walker 's motion for leave to file out of time or to be annexed as an exhibit to the settlement class counsel's petition 383 as a motion to reconsider the Court's previous ruling 338 denying Walker's petition for attorney's fees and costs [335, 336]. Because the Court provided notice on July 15, 2016, that all petitions for attorney's fees and costs were required to be filed by January 13, 2017, the Court finds that Walker had more than sufficient time to file the petition and the problems that counsel experienced in filing the petition on the final day were completely avoidable. The fact that Walker's attorney was out of the country on what appears to be a pre-planned trip to a winery in Italy and the fact that neither the attorney nor the paralegal was familiar with CM-ECF filing system does not establish good cause. Rather, because the attorney was aware of the mandatory filing deadline, he should have attempted to file the petition to accommodate his trip and any unfamiliarity with the filing system.Mailed notice (ca, ) (Entered: 01/28/2019) |
| 01/28/2019 | 534 | MINUTE entry before the Honorable John Z. Lee: Given the expected weather conditions in the Chicago area and after consultation with the parties, the Court hereby resets the Final Approval Hearing for the proposed class settlement (which previously was scheduled to take place on 1/30/19) to Monday, 2/25/19 commencing at 10:00 a.m. The Court will issue an agenda for the hearing shortly. Mailed notice (ca, ) (Entered: 01/28/2019) |
| 02/14/2019 | 535 | ENTERED IN ERROR Modified on 2/21/2019 (nsf, ). (Main Document 535 replaced on 2/21/2019) (nsf, ). (Entered: 02/20/2019) |
| 02/20/2019 | 536 | ENTERED IN ERROR. Modified on 2/21/2019 (nsf, ). (Main Document 536 replaced on 2/21/2019) (nsf, ). (Entered: 02/20/2019) |
| 02/20/2019 | 537 | AGENDA for fairness hearing on February 25, 2019 Signed by the Honorable John Z. Lee on 2/20/19.Mailed notice(ca, ) (Entered: 02/20/2019) |
| 02/21/2019 | 538 | MINUTE entry before the Honorable John Z. Lee: The clerk is directed to remove the Conditional transfer order No. 18 535 and No. 19 536 and docket them in the 16-cv-8727 master docket.Mailed notice (ca, ) (Entered: 02/21/2019) |

| 02/21/2019 | 539 | NOTICE of Correction regarding 536 , 535 (nsf, ) (Entered: 02/21/2019) |
|---|---|---|
| 02/25/2019 | 540 | MINUTE entry before the Honorable John Z. Lee:Fairness hearing held on 2/25/19. The motions will be taken under advisement. Mailed notice (ca, ) (Entered: 02/25/2019) |
| 03/05/2019 | 541 | MOTION by Attorney Marc B. Klein to withdraw as attorney for National Collegiate Athletic Association. No party information provided (Klein, Marc) (Entered: 03/05/2019) |
| 03/05/2019 | 542 | NOTICE of Motion by Marc Brian Klein for presentment of motion to withdraw as attorney 541 before Honorable John Z. Lee on 3/12/2019 at 09:00 AM. (Klein, Marc) (Entered: 03/05/2019) |
| 03/06/2019 | 543 | MINUTE entry before the Honorable John Z. Lee:Motion to withdraw as attorney 541 is granted, Marc Klein is granted leave to withdraw his appearance. No appearance is required on the motion.Mailed notice (ca, ) (Entered: 03/06/2019) |
| 03/14/2019 | 544 | TRANSCRIPT OF PROCEEDINGS held on 2/25/19 before the Honorable John Z. Lee. Order Number: 33832. Court Reporter Contact Information: Joseph Rickhoff, 312-435-5562, joseph_rickhoff@ilnd.uscourts.gov. <P>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.</P> Redaction Request due 4/4/2019. Redacted Transcript Deadline set for 4/15/2019. Release of Transcript Restriction set for 6/12/2019. (Rickhoff, Joseph) (Entered: 03/14/2019) |
| 05/31/2019 | 545 | MOTION by Attorney Elizabeth A. Fegan to withdraw as attorney for Derek Owens, Kyle Solomon. No party information provided (Fegan, Elizabeth) (Entered: 05/31/2019) |
| 05/31/2019 | 546 | NOTICE of Motion by Elizabeth A. Fegan for presentment of motion to withdraw as attorney 545 before Honorable John Z. Lee on 6/19/2019 at 09:00 AM. (Fegan, Elizabeth) (Entered: 05/31/2019) |
| 06/03/2019 | 547 | MINUTE entry before the Honorable John Z. Lee:Motion to withdraw as attorney 545 is granted. Elizabeth A. Fegan is granted leave to withdraw as counsel. No appearance is required on the motion.Mailed notice (ca, ) (Entered: 06/03/2019) |
| 07/23/2019 | 548 | NOTICE OF EMAIL NOTIFICATION FAILURE, for document # 547 sent to Attorney Omar Mark Zamora returned as: Unknown address error. Mailed to attorney Omar Mark Zamora a letter re: bounce back email and a Notification of Change of Address form. Notices have been set to No. Counsel must email the Clerk's Office at Docketing_ILND@ilnd.uscourts.gov when a Notification of Change of Address has been filed to ensure electronic notification is reset. |

| | | (mc, ) (Entered: 07/23/2019) |
|---|---|---|
| 08/07/2019 | 549 | Notice in Support of Plaintiffs' Motion for Final Approval of Second Amended Class Settlement by Dan Ahern, Anna Bartz, Jeff Caldwell, Shavaughne Desecki, John Durocher, Peter Dykstra, Natalie Kay Harada, Rachel Dianne Harada, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Spencer Trautmann, Adam Walker, Sharron D. Washington, Dache Williams, Shelby Williams, Abram Robert Wolf (Berman, Steve) (Entered: 08/07/2019) |
| 08/09/2019 | 550 | MINUTE entry before the Honorable John Z. Lee: Co-Lead Counsel for the Settlement Class and Subclasses have submitted a notice in support of Plaintiffs' motion for final approval of the Second Amended Class Settlement 549 . Such submissions are unnecessary, and no further submissions will be accepted. The Court will issue its ruling as to Plaintiff's motion for final approval on Monday, August 12, 2019. Mailed notice (ca, ) (Entered: 08/09/2019) |
| 08/12/2019 | 551 | MINUTE entry before the Honorable John Z. Lee:For the reasons stated in the memorandum opinion and order, the Court certifies the Settlement Class and Subclasses, grants the motion for final approval of the Second Amended Class Action Settlement Agreement 467 , and grants in part and denies in part the petitions for fees and service awards 327 328 330 333 334 . [For further details see memorandum opinion and order].Mailed notice (ca, ) (Entered: 08/12/2019) |
| 08/12/2019 | 552 | MEMORANDUM Opinion and Order Signed by the Honorable John Z. Lee on 8/12/19.Mailed notice(ca, ) (Entered: 08/12/2019) |
| 08/13/2019 | 553 | FINAL Order and Judgment approving the second amended class action settlement. Civil case terminated. Signed by the Honorable John Z. Lee on 8/13/19. [For further details see order].Mailed notice (Attachments: # 1 Exhibit)(ca, ) (Entered: 08/13/2019) |
| 08/15/2019 | 554 | NOTICE by Richard S Lewis of Change of Address *for Daniel T. DeFeo* (Lewis, Richard) (Entered: 08/15/2019) |
| 08/15/2019 | 555 | MOTION by Plaintiffs Dan Ahern, Anna Bartz, Jeff Caldwell, Shavaughne Desecki, John Durocher, Peter Dykstra, Natalie Kay Harada, Rachel Dianne Harada, Ursula Kunhardt, Jessica Miller, Paul Morgan, Jim O'Connor, Derek Owens, Angelica Palacios, Ryan Parks, Brice Sheeder, Kyle Solomon, Spencer Trautmann, Adam Walker, Sharron D. Washington, Dache Williams, Shelby Williams, Abram Robert Wolf to clarify *Motion for Clarification Regarding Final Order and Judgment Fee Awards to Two Firms* (Berman, Steve) (Entered: 08/15/2019) |
| 08/15/2019 | 556 | NOTICE of Motion by Steve W. Berman for presentment of motion to clarify,, 555 before Honorable John Z. Lee on 8/22/2019 at 09:00 AM. (Berman, Steve) (Entered: 08/15/2019) |
| 08/19/2019 | 557 | MINUTE entry before the Honorable John Z. Lee:Plaintiffs' motion to clarify is granted in full 555 , and the Court sua sponte corrects its award of fees to Coats |

| | | |
|---|---|---|
| | | Rose, who represented Mildred Whittier. The Court amends the Final Order and Judgment entered on August 13, 2019, as follows: (1) Lite DePalma shall be awarded $109,374 in fees; (2) Branstetter Stranch shall be awarded $4,389 in fees; and (3) Coats Rose shall be awarded $60,800 in fees. In all other respects, the judgment remains the same. Mailed notice (ca, ) (Entered: 08/19/2019) |
| 08/19/2019 | 558 | AMENDED Final order and Judgment approving the second amended class action settlement. Signed by the Honorable John Z. Lee on 8/19/19.Mailed notice (Attachments: # 1 Exhibit)(ca, ) (Entered: 08/19/2019) |
| 08/26/2019 | 559 | NOTICE of appeal by Mcilwain, LLC regarding orders 336 , 553 , 335 Filing fee $ 505, receipt number 0752-16173106. Receipt number: n (Attachments: # 1 Order)(Mcilwain, Timothy) (Entered: 08/26/2019) |
| 08/26/2019 | 560 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 559 (ek, ) (Entered: 08/26/2019) |