UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION** | MDL NO. 2492<br>Case No. 13-cv-09116<br><br>Judge John Z. Lee<br><br>Magistrate Judge Weisman |

**SETTLEMENT CLASS PLAINTIFFS' MOTION FOR RESOLUTION OF A DISPUTE CONCERNING THE EFFECTIVE DATE**

## I. INTRODUCTION

On August 13, 2019, this Court entered its Final Order and Judgment, granting final approval to the Second Amended Class Action Settlement in this long running litigation. *See generally* Dkt. 553, as amended at 558. Though there were a number of objectors to the settlement, no objectors appealed. Instead, only Timothy McIlwain (an attorney, not a class member) has appealed, challenging this Court's orders denying his untimely requests for $44,539.25 in fees and $306.45 in costs. *See generally* Dkt. 559. Even though the only appeal does not relate to the merits, and Settlement Class Counsel have agreed to escrow the entire amount of money sought by the appeal (plus interest), the NCAA will not agree to fully implement the settlement until the appeal is conclusively resolved. However, this delay-on-top-of-delay need not stand. Because the sole appeal filed in the case will not result in a material modification to the settlement, Settlement Class Plaintiffs respectfully request that the Court exercise its power under Section XIV.B of the Settlement and establish September 26, 2019 as the Settlement's Effective Date.

010270-12/1192562 V1

- 2 –

## II. ARGUMENT

**A.  This Court has the power under Section XIV.B of the Settlement to resolve disputes regarding the Effective Date.**

Under Section XIV.B of the Settlement, this Court has the power to resolve disputes concerning the Effective Date: "Any disputes as to whether the Effective Date has occurred shall be resolved by the Court upon the request of any Party." Dkt. 553-1 at § XIV.B.

**B.  The Effective Date should be set at September 26, 2019 as the sole appeal does not stay the Effective Date because, even if successful, it will not result in a material modification to the Settlement.**

Notwithstanding the McIlwain appeal, it is the position of the Settlement Class Plaintiffs that the Settlement becomes "final and unconditional" under the terms of the Settlement on Thursday, September 26, 2019, i.e., 14 days from the date after the time to appeal has expired. This conclusion results from the narrow scope of the only appeal filed in this case, which even if successful, will not result in a *material* modification to this Court's Final Order and Judgment.

### 1.  Under the Settlement, only appeals that result in a "material modification" of the Final Order and Judgment operate to toll the Effective Date.

While the NCAA takes the position that any and all appeals stay the Effective Date, emphasizing the "All Appeals" language in Section XIV.A of the Settlement, the Settlement itself confirms that only appeals that are of a manner that could result in a "material modification" of the Final Order and Judgment will toll the Effective Date. As Section XIV.A provides in full:

> The Settlement provided for in this agreement shall be final and unconditional fourteen (14) days after all of the following conditions have been satisfied or waived (i.e., the Effective Date):
>
> 1.  This Agreement has been fully executed by all Parties and their counsel;
>
> 2.  The Court enters the Preliminary Approval Order;

3. The Notice Administrator causes the Notice to be served in accordance with the Preliminary Approval Order;

4. The Court issues the Final Order and Judgment;

5. The Released Claims in the MDL Action are dismissed with prejudice pursuant to the Court's Final Order and Judgment; and

6. Expiration of Appeal Periods and/or Resolution of All Appeals.

   a. If no appeal is taken from a court order or judgment, the date after the time to appeal therefrom has expired; or

   b. If any appeal is taken from a court order or judgment, the date after all appeals therefrom, including petitions for rehearing or reargument, petitions for rehearing en banc, and petitions for certiorari or any other form of review, have been finally disposed of, such that the time to appeal therefrom has expired, ***in a manner resulting in an affirmance without material modification of the relevant order and judgment***.

*See* Dkt. 266-1 at Section XIV.A (emphasis added).[1] Because only appeals that may result in a material modification of the Final Order and Judgment will toll the Effective Date, and the only appeal filed does not fall within that category, no tolling of the Effective Date occurs.

**2. The only appeal filed does not relate to the merits of the Settlement, rather it seeks reversal of the aspect of this Court's orders that denied one attorney's untimely motion for attorney's fees and costs.**

Because the only appeal filed does not (and cannot) relate to the merits of the Settlement, it does not (and cannot) toll the Effective Date. Specifically, on August 13, 2019, this Court entered its Final Order and Judgment, approving the Second Amended Class Action Settlement Agreement. *See* Dkt. 553. Under Rule 4 of the Federal Rules of Appellate Procedure, any and all

---

[1] There exists no dispute among the Parties that Sections XIV.A.1 through 5 are satisfied here.

- 3 –

appeals to be filed in the case were due to be filed by September 12, 2019.[2] Only one appeal was filed by the September 12, 2019 deadline: the appeal by McIlwain. Dkt. 559.

Critically, however, the McIlwain appeal ***does not attack the merits of the settlement***. Indeed, McIlwain repeatedly declared his support for the Settlement. *See, e.g.,* Declaration of Timothy J. McIlwain In Support of Motion for Fees and Expenses ¶ 2 ("I support the settlement in this matter.") (Dkt. 335-1); Declaration of Timothy J. McIlwain In Support of Motion for Leave to File for Fees and Expenses ¶ 9 (Dkt. 383-2). Instead, McIlwain "seeks review of the District Court order granting awards of attorney's fees to every other lawyer involved in this litigation except him." Ex. 1, Plaintiff-Appellant's Amended Docketing Statement at p. 3. *Compare id. with* Dkt. 559 ("Notice is hereby given that attorney for Plaintiff Dan Ahern, appeals to the United States District Court of Appeals for the Eighth Circuit [*sic*] from the Order of the United States District Court, District of the Northern District of Illinois, denying Plaintiff attorney's fees [Docket No. 75] Dated August 13, 2019") (brackets in original). As a result, as the McIlwain appeal itself confirms, it does not challenge the Settlement's merits but only involves a minor monetary dispute related to the Court's denial of McIlwain's request for $44,539.25 in fees and $306.45 in costs.

On top of this, the McIlwain appeal ***cannot attack the merits of the Settlement***. McIlwain is the only appellant and he is not a party to the Settlement. Nonparties to a proceeding generally cannot bring an appeal. *See, e.g., Marino v. Ortiz,* 484 U.S. 301, 304 (1988) ("[O]nly parties to a

---

[2] While the Court issued an Amended Final Order and Judgment on August 19, 2019 (*see* Dkt. 558), that order was not substantive but rather made minor clarifications to the amounts of fees awarded to certain counsel. As a result, the August 13, 2019 order governs any deadlines for the time to appeal. *See, e.g., Exchange Nat'l Bank v. Daniels,* 763 F.2d 286 (7th Cir. 1985) ("A trivial or clerical correction to a judgment does not restart the time for appeal. Unless the second order disturbs or revises legal rights and obligations which, by its prior judgment, are plainly and properly settled with finality the first order controls the time for appeal.").

lawsuit, or those that properly become parties, may appeal an adverse judgment."); *Moy v. Cowen*, 958 F.2d 168, 170 (7th Cir. 1992) ("Only a person satisfying constitutional requirements may appeal in quest of an alteration in the judgment."). In the incredibly unlikely scenario where McIlwain's appeal succeeds, at best, the appeal results in an award to McIlwain or a re-evaluation by this Court whether or to what extent McIlwain is entitled to $44,539.25 in fees and $306.45 in costs, not a rejection and reversal of the entire settlement.

Given the narrow issue now before the Seventh Circuit, i.e., whether this Court abused its discretion in denying McIlwain's untimely request for fees and costs, it is clear that there exists no challenge to the merits of the Settlement. Because the only appeal filed does not (and cannot) relate to the merits of the Settlement, the appeal does not (and cannot) result in a "material modification" of the Final Order and Judgment. Accordingly, per Section XIV.B of the Settlement, Settlement Class Plaintiffs request that this Court resolve this dispute concerning the running of the Effective Date and find that the Effective Date begins on September 26, 2019. In the absence of such a clarification, important benefits to class members will be delayed along with increased costs resulting from the delay created by a limited scope appeal that does not challenge the merits of the settlement.

C. **To further alleviate concerns regarding the appeal, Settlement Class Counsel have offered to set up an escrow fund in the amount sought by the appeal.**

In order to facilitate the implementation of the Settlement, and to alleviate any risk to the NCAA or its insurers resulting from the appeal filed by Timothy J. McIlwain, Settlement Class Counsel have offered to create an escrow fund in the entire amount sought by McIlwain (including interest). *See generally* Ex. 2, Declaration of Steve W. Berman in Support of Motion for Resolution of Dispute Concerning the Effective Date.

### III. CONCLUSION

In order to expedite the long-delayed relief to Settlement Class Members, Settlement Class Plaintiffs respectfully request that this Court enter an order resolving this Effective Date dispute.

Dated: September 24, 2019

Respectfully submitted,

By: */s/ Steve W. Berman*
Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel.: 206.623.7292
Fax: 206.623.0594
Email: steve@hbsslaw.com

Daniel J. Kurowski
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Tel.: 708.628.4949
Fax: 708.628.4950
Email: dank@hbsslaw.com

Joseph J. Siprut
SIPRUT PC
17 N. State Street, Suite 1600
Chicago, IL 60602
Email: jsiprut@siprut.com

*Settlement Class Counsel*

- 7 –

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on September 24, 2019, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF electronic filing system, which caused notice to be sent to all counsel of record.

By:    */s/ Steve W. Berman*
       Steve W. Berman