# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION | MDL NO. 2492<br>Master Docket No. 1:13-cv-09116<br>This Document Relates To:<br>All Cases<br>Judge John Z. Lee<br>Magistrate Judge M. David Weisman |

## DECLARATION OF JOHANNA SPELLMAN

I, Johanna Spellman, declare as follows:

1. I am an attorney with Latham & Watkins LLP, counsel of record for the National Collegiate Athletic Association ("NCAA"). On July 30, 2014, I was appointed by the Court as Liaison Counsel for the NCAA. I make this declaration based upon my personal knowledge, and I am competent to testify as to its contents.

2. Since initially entering into the settlement agreement that was submitted for preliminary approval on July 29, 2014 (see Pls.' Mot. for Prelim. Approval (Dkt. #64-1)), the NCAA has been diligently working to utilize guidelines established by a broad interdisciplinary group of industry experts for purposes of developing and periodically updating a checklist of suggested concussion management practices for NCAA member institutions, relying most recently (July 2019) on the expertise of the Interassociation Concussion Advisory Group ("ICAG"), which includes three members of the Medical Science Committee[1] ("MSC"), namely (1) Dr. Robert Cantu, (2) Dr. Ruben Echemendia and (3) Dr. Brian Hainline. The aforementioned checklist has been developed and updated separate and apart from the NCAA's obligations under the Settlement Agreement.

---

[1] Unless otherwise defined, capitalized terms have the meaning ascribed to them in the Settlement Agreement, which is Exhibit 1 to the Amended Final Order and Judgment Approving the Second Amended Class Action Settlement issued by the Court on August 19, 2019. See Second Am. Settlement Agt. (Dkt. #558-1).

3. The requirements of the checklist overlap to a substantial degree with the injunctive requirements of the Settlement Agreement.

4. Since the injunctive requirements of the Settlement Agreement were agreed upon more than five (5) years ago, the state of medical knowledge has progressed considerably. This progress has resulted in the additional review of and updates to the checklist, which have created minor differences between the checklist and the Settlement Agreement. These differences have been the principal focus of the discussions between the parties and Judge Wayne R. Andersen since the filing of the Motion to Reset the Effective Date (Dkt. #563) by the Settlement Class Plaintiffs ("Plaintiffs").

5. The checklist already developed, which represents a consensus of the ICAG, will remain in full force and effect during the pendency of the appeal filed by counsel for Plaintiff Dan Ahern, McIlwain LLC (see Notice of Appeal, McIlwain, et al. v. NCAA, et al., Case No. 19-2638 (7th Cir., filed Aug. 26, 2019)).

6. In an effort to resolve the issues presented by Plaintiffs' Motion to Reset the Effective Date (Dkt. #563), the NCAA and Plaintiffs' counsel have engaged in negotiations overseen by Judge Andersen. To date, those discussions have not resulted in a resolution acceptable to all relevant parties.

I declare under penalty of perjury under the laws of the state of Illinois that the foregoing is true and correct.

EXECUTED on this 8th day of October, 2019, at Chicago, Illinois.

_____
Johanna M. Spellman – Bar No. 6293851
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

Liaison Counsel for Defendant NCAA

2