## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION** | MDL NO. 2492<br>Case No. 13-cv-09116<br><br>Judge John Z. Lee<br><br>Magistrate Judge Weisman |

## REPLY IN SUPPORT OF SETTLEMENT CLASS PLAINTIFFS' MOTION FOR RESOLUTION OF A DISPUTE CONCERNING THE EFFECTIVE DATE

### I.        INTRODUCTION

Seeking to confirm the (disputed) Effective Date for the Second Amended Class Action Settlement Agreement ("Settlement"), Settlement Class Plaintiffs filed their opening motion to provide prompt relief to the Settlement Class Members and avoid further costs should settlement be delayed (*see* Dkt. 565). In response, and akin to the football move memorialized with the famous Heisman Trophy, the NCAA appears to offer a 'stiff arm' to the prompt resolution of this dispute, a strange position given that an earlier Effective Date could narrow litigation against the NCAA.[1] Because the NCAA offers nothing that confirms the appeal will result in a material modification to the settlement, Settlement Class Plaintiffs respectfully request that the Court establish the Settlement's Effective Date. This result follows from the facts that the only appellant offers a narrow complaint to the Seventh Circuit, appeals on behalf of himself and his self-interest alone, and does not contest any other aspect of the Final Order and Judgment.

---

[1] *See* Amended Final Order and Judgment at 5 ("Upon the Effective Date as defined in the Settlement Agreement, the Class Representatives and all Settlement Class Members shall be barred from asserting any Released Claims against the NCAA or any Released Persons, and any such Settlement Class Members shall have released any and all Released Claims as against the NCAA and all Released Persons.").

## II.    ARGUMENT

**A.    The NCAA continues to ignore the impact of the "material modification" language in the Settlement.**

First, the NCAA argues that the Effective Date cannot occur until the resolution of the narrow appeal. Resp. at 4–5. In doing so, the NCAA emphasizes *In re Trans Union Corp. Privacy Litig.*, 741 F.3d 811 (7th Cir. 2014), in its effort to downplay important language in the Settlement. But *Trans Union* does not support the NCAA's position but rather supports Settlement Class Plaintiffs' position.[2] Indeed, *Trans Union* did not evaluate the issue of determining an effective date. Instead, it noted that "[f]or purposes of applying the settlement, the meaning agreed upon by the parties and approved by the district court is the one that counts" and the court looked to the definition provided in the settlement agreement to dismiss an objection related to post-settlement claims. *Id.* at 818. Thus, *Trans Union* calls for the application of the "material modification" requirement in a way to give that language meaning, which requires rejection of the NCAA's efforts to ignore the requirement.

Next, in an attempt to counter the effect of the "material modification" requirement, the NCAA relies on two cases to argue that it is uncertain that the Seventh Circuit "would not <u>sua sponte</u> take the opportunity to review any other aspect of the Final Order and Judgment, including the Court's decision to grant Final Approval." Resp. at 8 n.6. But neither case involved the specific situation here (an appellant objecting to a court's denial of a fee petition as untimely), nor do the issues raised in each case reflect the potential of a similar result here.

---

[2] The NCAA's district court authority (*Southeast & Sw. Areas Pension Fund v. Art Pape Transfer* and *May v. Mitchell*) fares no better than its citation to *Trans Union* and support Settlement Class Plaintiffs' position here since both cases involved efforts to enforce a settlement's terms.

010270-12/1198796 V1

The first case cited, *Curry v. Beatrice Pocahontas Coal Co.*, 67 F.3d 517 (4th Cir. 1995), concerned application of a court's equitable powers to determine whether an issue was properly raised below. *See id* at 522 n.8 ("Here, generally recognized equities compel our review. Both immediate parties, not just Curry, were understandably confused by the ambiguous BRB order. Pocahontas as well as Curry assumed that the (b)(4) rebuttal ruling had effectively been 'vacated.' This led Curry, favored by such a ruling, not to raise it as an issue; it led Pocahontas, whom it disfavored, to raise and challenge it as respondent. In consequence, the issue has been properly raised, briefed, and argued by Pocahontas who could not therefore be prejudiced by our review."). Here, this Court did not issue an ambiguous ruling, the appellant missed a known deadline and seeks relief from the Court's enforcement of that deadline.

Regarding the second case, *Nuelsen v. Sorensen*, 293 F.2d 454 (9th Cir. 1961), while the Ninth Circuit noted potential "exceptional cases or peculiar circumstances" may permit it to address an issue not raised below, the Ninth Circuit did so in an employment case on a dissimilar issue. *Id.* at 461–62 (noting issue as "whether the board of directors had the right to terminate [an employment] this contract for cause" under a provision of California labor law). Moreover, the NCAA also omits two important aspects of the *Nuelsen* decision. *Nuelsen* emphasized the general rule that appellate courts "will not consider sua sponte arguments not presented or urged by the litigants." And it explained that "[t]he power to raise and decide [a] question sua sponte is, however, to be exercised sparingly and with full realization of the restrictions and limitations inherent in its employment." *Id.* at 462. In its response, the NCAA offers nothing to suggest that the general rule would not apply or that exceptional cases or peculiar circumstances exist here as they did in *Nuelsen*. As such, neither *Curry* nor *Nuelsen* support the NCAA's position here.

**B.** **Other cases containing explicit carve-outs for fee appeals do not counsel against setting the Effective Date given the settlement's provisions.**

Lastly, regarding the NCAA's argument that the Settlement does not contain a carve out for appeals relating to fees unlike settlement agreements in other matters involving Class Counsel, Resp. at 7–8, this argument does not counsel against setting an Effective Date here. First, the excerpts cited by the NCAA do not include references to the "material modification" language present in this Settlement. *Compare* Resp. at 6 (collecting provisions) *with* Settlement at § XIV (containing "material modification" requirement). Thus, the absence of such a provision in other cases does not direct the interpretation of the language in this matter. Furthermore, the provisions from other settlements involving Class Counsel provide no guidance here under the terms of this Settlement because such efforts impermissibly attempt to construe the Settlement against Settlement Class Plaintiffs and Class Counsel. However, the Settlement explicitly acknowledges that it "was drafted jointly and is not to be construed against any party." Dkt 558-1 at XXI.A. *See also* Dkt 558-1 at XXI.J (prohibiting efforts to construe the Settlement "more strictly against one (1) Party than another merely because of the fact that it may have been prepared by counsel for one (1) of the parties . . . "). The NCAA's attempt to delay implementation here based on language from other settlements should be rejected.

### III.    CONCLUSION

Accordingly, Settlement Class Plaintiffs request that the Court resolve the Parties' dispute and enter an order setting the Effective Date.

010270-12/1198796 V1

Dated: October 15, 2019

Respectfully submitted,

By: */s/ Steve W. Berman*

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel.: 206.623.7292
Fax: 206.623.0594
Email: steve@hbsslaw.com

Daniel J. Kurowski
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Tel.: 708.628.4949
Fax: 708.628.4950
Email: dank@hbsslaw.com

Joseph J. Siprut
SIPRUT PC
17 N. State Street, Suite 1600
Chicago, IL 60602
Email: jsiprut@siprut.com

*Settlement Class Counsel*

010270-12/1198796 V1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on October 15, 2019, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF electronic filing system, which caused notice to be sent to all counsel of record.

By:    */s/ Steve W. Berman*
        Steve W. Berman

010270-12/1198796 V1