**McILWAIN, LLC**
Timothy J. McIlwain, Esq.
NJ Attorney ID No.: 010471996
2020 New Road, Suite A
Linwood, New Jersey 08221
Tel: 877-375-9599
Fax: 609-450-7017
www.McilwainLaw.com

Attorney for Plaintiffs: Chris Walker, Dan Ahern, Ben Martin & All Others Similarly Situated

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION | MDL NO. 2492<br>Master Docket No. 13-cv-09116<br>Judge John Z. Lee |

### PLAINTIFF-APPELLANT'S OPPOSITION TO IMPOSITION OF APPEAL BOND

Timothy J McIlwain, counsel for the above listed parties, pursuant respectfully opposes the imposition of an appeal bond, or an appeal bond in the amount sought by settlement class counsel. An appeal bond in the sought amounts by settlement class counsel would foreclose all but the wealthiest of litigants from access to the courts.

### I. PRELIMINARY STATEMENT

Counsel, Timothy J. McIlwain, ("McIlwain) was solicited by the Hausfeld International LLC to assist them in their pursuit of lead counsel status in the

above-entitled action.[1] For five years, McIlwain obtained additional members of the class, reviewed medical reports to determine if the player fit within the class parameters and obtained other experts to buttress the case.

On January 13, 2017, the final deadline for filing applications for attorneys' fees. the law firms in the case filed their applications. (See Settlement Class Plaintiff's Brief pg 3.) Attorney McIlwain, a sole practitioner, filed his application a day or so after the deadline. Attorney McIlwain was out of the country on the day the other firms filed their applications and his paralegal had problems with the electronic filing. He submitted three applications for minimal attorney's fees in contrast to the millions of dollars obtained by leading counsel.[2] All three applications were summarily denied by the settlement court. The law firm of Hagens Berman Sobol Shapiro ("HBSS") to date, is the only firm opposing McIlwain's appeal.[3] In order to force an end to the appeal, HBSS filed the instant motion for imposition of a bond.

## II.  LEGAL ARGUMENT

---

[1] As of the filing of this motion, Hausfeld International LLC had 49 attorneys and 9 paralegals in their U.S. offices. They also have offices in London, Berlin, Brussels, Dusseldorf and Stockholm.

[2] As this court is undoubtedly aware, none of the class members is receiving a penny from this settlement. They are getting "medical monitoring" (not necessarily treatment) and "protocols" to attempt to avoid injuries to future athletes. Plaintiff's opposition counsel alleges McIlwain's appeal delays implementation of the "benefits." McIlwain is at a loss to see how, for the implementation of the protocols at least, they would have to be delayed at all. The real consequences that HBSS primarily objects to is the delay in receiving their attorneys' fees.

[3] As of the date of this filing HBSS had 85 attorneys spread over 9 offices in the United States.

2

### A. The Amount Class Counsel Is Seeking As a Bond Is Not Properly Included As "Costs."

HBSS has filed their motion pursuant to Fed. R. App. P 7. Rule 7 states, in relevant part, "In a civil case, the District Court may require an appellant to file a bond or other security in any form and amount necessary to ensure payment of costs on appeal. Rule 39 states, that the costs taxable in the District Court consists of:

(1) the costs of preparation and transmission of the record;

(2) the reporter's transcript if necessary, to determine the appeal;

(3) premiums paid for a bond or other security to preserve rights pending appeal and

(4) the fee for filing notice of appeal.

In the case at bar, preparation of the record is minimal since it would consist of Appellant's fee applications, the court's denials and the final judgment which is already part of the appellate record.

There's no necessity for preparation of a transcript. No bond for the premium is necessary and the fee for filing the notice of appeal has already been paid.

HBSS primarily relies upon *Heekin v. Anthem*, Inc. No. 1:05-cv-01908-TWB-TAB to justify the imposition of the alleged additional administrative costs

that would be engendered by the appeal.

The reasoning in *Heekin,* however has been called into question by a case in this district, *In Re Navistar Diesel Engine products Liability Litigation*, Case No. 11C 2490, MDL No. 2273, 2013 WL 4052673 (N.D. Ill. Aug. 12, 2013). In, *Navistar*, Plaintiffs, similarly to HBSS, requested the court impose an appeal bond of $77,000.00 on one of the objectors to a class action. $52,000 was alleged as representing the "administrative costs of the delay caused by the appeal," and $25,000.00 representing the direct taxable costs of the appeal. The court instead imposed a bond of $5,000.00 deeming it more appropriate. The court found the Plaintiff's estimate of the direct costs to be wildly inflated and the requested bond to cover the alleged administrative costs that would be caused by the delay to not be authorized by Rule 7.

In the case at bar, similarly to the Plaintiffs in *Navistar*, "[t]here is no reasonable possibility that the expense of preparing transcripts (likely just the preliminary approval and final approval hearings regarding the settlement), the expense of duplicating the record, the expense of duplicating the briefs, and the appellate filing fee will approach this amount. **Rule 7 is not intended to authorize a court to impose a bond in order to deter or prevent an appeal**." *2 As to the administrative costs of delay,

> Plaintiffs also cite decisions by a number of district
> courts that have concluded, in situations like the
> present one, that Rule 7 allows a court to require an

4

appellant to post a bond in an amount sufficient to cover extra administrative costs that a party otherwise would not have incurred. See, e.g. upon *Heekin v. Anthem*, Inc. No. 1:05-cv-01908-TWP, WL 752637 at * 1-2 (S.D. Ind. Feb. 27. 2013) [Accompanying cites omitted]. **This court, respectfully, does not find these decisions persuasive. None of them explains how a rule that expressly allows requiring a bond only to secure payment of recoverable costs (which under some statutes, included recoverable attorney's fees) can be read to authorize posting a bond to secure payment of expenses that are not recoverable costs.**

Ibid (Emphasis added.)

(Exhibit 1 in Opposition to HBSS's Motion for Imposition of Bond, hereafter "Exhibit").

B. **The Four Factors That Determine Whether To Impose A Bond Militate Against Setting A Bond In the Instant Case.**

In deciding whether to impose an appeal bond, the courts look at four factors:

(1) the appellant's financial ability to post a bond. In this case, McIlwain's ability to post a bond is extremely limited. (Attached please find a copy McIlwain's 2018 tax return showing $31,000.00 in income.) (Exhibit 2- entered under seal). Ironically, HBSS "presumes" McIlwain's financial ability to post their requested bond. HBSS has been diligent in opposing McIlwain's attempts to make a living in at least two other pending cases.[4]

(2) The risk of non-payment of appellee's costs if the appeal is unsuccessful.

As stated above it is highly unlikely that the taxable costs would exceed McIlwain's

---

[4] McIlwain v. Brown, United States District Court Central District of California; 2:18-cv-05275-DMG-SKx; McIlwain, LLC v. Hagens Berman Sobol Shapiro, Northern District of California.

ability to pay.

(3) The merits of the appeal. The salient factor in the present case is that there was no prejudice to any party by McIlwain's slight delay in submitting his application for attorney's fees. Many larger fee issues had not been resolved. By HBSS's own admission the court extended the time to allow counsel to produce billing records to corroborate their fee applications. It's certainly arguable that those fee applications were not completed by January 13, 2017, and if strict application of the court's order was to be adhered to, the applications from the other counsel should have been rejected as well.

(4) Whether the appeal is being brought in bad faith, or constitutes vexatious conduct. HBSS is trying to piggy-back the issue of whether the appeal has merit, with the issue of whether the appeal is being filed for vexatious reasons, or in bad faith.

In the sole case cited by HBSS, *Heekin v. Anthem*, Inc. No. 1:05-cv-01908-TWP, WL 752637 (S.D. Ind. Feb. 27. 2013), the court found the appellant's class action objector's appeal was brought for vexatious reasons, or in bad faith, when the appellant was represented by an attorney who had not filed an appearance, had previously applied to appear *pro hac vice*, but had withdrawn his application when the court scheduled a teleconference. Furthermore, there was evidence that the attorney was a serial objector.

In Disability Rights New Jersey, Inc. v. Velez, the court found the defendant had filed frivolous defenses, when the defendant persisted in clinging to special

defenses that had no application to the case. For example, defendant filed special defenses stating that monetary damages were not chargeable to Defendant as a result of contributory negligence, assumption of risk, third party intervention, failure of proximate causation, and/or unavoidable circumstances. The plaintiff had not sought monetary damages as relief in its complaint. It solely sought injunctive relief.

Compared to these two cases, McIlwaine's appeal could hardly be ruled to be either frivolous, vexatious, or brought in bad faith. The Appellant is merely seeking recompense for five years of effort that he undertook at the request of one of the lead counsel in the case. The fee sought constitutes 0.0036 of the total fees awarded to settlement class counsel.[5]

### III. <u>CONCLUSION</u>

The most recent filing from HBSS in this case (Dkt # 572) argues that the appeal from McIlwain should not affect the determination of an effective date for implementation of the settlement agreement. This argument certainly seems to undercut HBSS's claim for the necessity of an appeal bond to cover the costs of delayed administrative expenses. Consequently, and for the reasons stated above, Appellant respectfully requests this Honorable Court deny Settlement Class Counsel's request for an appellate bond, or, if the court finds within its discretion that one is

---

[5] This calculation does not include the fees awarded to objectors' attorneys. Even opposing counsel, HBSS concedes that there's no evidence to support a finding that appellant is acting in bad faith or committing vexatious conduct. (HBSS Memorandum of Law pg.9).

necessary, the minimum amount that is appropriate to the case.

Respectfully Submitted,

**McILWAIN, LLC**

BY: /s/ Timothy J. McIlwain
TIMOTHY J. MCILWAIN
2020 New Road, Suite A Linwood, New Jersey 08221 Tel: 877-375-9599
Fax: 609-450-7017
Attorney@mcilwainlaw.com

TIMOTHY J. McILWAIN, ESQ.
*Pro Hac Vice*
2020 New Road, Suite A
Linwood, New Jersey 08221
Tel: (877) 375-9599
Fax: (609) 677-1790
AttorneyMcilwain@me.com

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION | MDL NO. 2492<br>Master Docket No. 13-cv-09116<br>Judge John Z. Lee |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Opposition to Imposition of Bond with the Clerk of the Court of the United States District Court for the District of Illinois, Eastern Division , by using the CM/ECF system. I certify that all participants are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

(X) Certificate of service when all case participants are cM/ecf particpants.

Dated: This __Day of October, 2019.

MARK S. MESTER                              J. CHRISTIAN WORD LATHAM &

| | | |
|---|---|---|
| 1 | WATKINS, LLP<br>SOUTH WACKER DRIVE | LATHAM & WATKINS, LLP 233 5800<br>555 ELEVENTH STREET N.W. SUITE |
| 2 | CHICAGO, IL 60606-6362 | WASHINGTON, DC 20004-1327 |
| 3 | | |
| 4 | RENAE STEINER<br>HEINS MILLS & OLSON, P.L.C. | GORDON BALL<br>LAW OFFICES OF GORDON BALL 310 |
| 5 | CLIFTON AVENUE<br>MINNEAPOLIS MN 55403 | 7001 OLD KENT DRIVE<br>KNOXVILLE, TN 37919 |
| 6 | | |
| 7 | DANIEL S MASON<br>MARK J FEINBERG | MICHAEL D. HAUSFIELD<br>RICHARD S LEWIS |
| 8 | ZELLE HOFMANN VOEBEL<br>& MASON, LLP | MINDY B. PAVA<br>HAUSFELD LLP |
| 9 | 44 MONTGOMERY STREET<br>SUITE 3400 | WASHINGTON, DC 20006 |
| 10 | SAN FRANCISCO, CA 94104 | |
| 11 | | |
| 12 | MICHAEL R. CASHMAN<br>SHAWN D, STUCKEY | W. MARK LANIER<br>EUGENE R. EGDORF ZELLE |
| 13 | HOFFMANN VOEBEL<br>MASON, LLP | THE LANIER LAW FIRM &<br>6810 FM 1960 WEST |
| 14 | 500 WASHINGTON AVE. SOUTH<br>4000 | HOUSTON, TX 77069 SUITE |
| 15 | MINNEAPOLIS MN 55415. | |
| 16 | EDGAR D. GANKENDORFF<br>PROVOSTY & GANKENDORF | JOSEPH J. DEPALMA<br>STEVEN J. GREENFOGEL |
| 17 | 650 POYDRAS STREET<br>SUITE 2700 | LITE, DEPALMA, GREENBERG, LLC<br>TWO GATEWAY CENTER, SUITE 1201 |
| 18 | NEW ORLEANS, LA 70130 | NEWARK, NJ 07102 |
| 19 | | |
| 20 | CHARLES S. ZIMMERMAN<br>J. GORDON RUDD, JR. | ROGER W. DICKSON<br>KYLE W. EISELSTEIN |
| 21 | BRIAN C. GUDMUNDSON<br>ZIMMERAN REED PLLP | C. CREWS TOWNSEND<br>MILLER & MARTIN, PLLC<br>(CHATTANOOGA) |
| 22 | 1100 IDS CENTER , 80 SOUTH<br>8TH STREET | 832 GEORGIA AVENUE |
| 23 | MINNEAPOLIS, MN<br>55402 | 1000 VOLUNTEER BUILDING<br>CHATTANOOGA TN 37402 |
| 24 | | |
| 25 | STEVE W. BERMAN<br>ELIZABETH A. FEGAN | JOSEPH J. SIPRUT<br>SIPRUT PC |
| 26 | HAGENS BERMAN SOBOL<br>SHAPIRO | 17 NORTH STATE STREET, SUITE 1600<br>CHICAGO, IL 60602 |
| 27 | 1918 EIGHTH AVE. SUITE 3300<br>SEATTLE, WASHINGTON 98101 | |
| 28 | | |

| | | |
|---|---|---|
| 1 | J. GERARD STRANCH IV | KEN LEVINSON, ESQ. |
| | JAMES G. STRANCH III | LEVINSON & STEFANI |
| 2 | BRANSTETTER, STRANCH & | 230 WEST MONROE AVENUE |
| | JENNINGS, PLLC | SUITE 2210 |
| 3 | 227 SECOND AVENUE NORTH | CHICAGO, IL |
| | FOURTH FLOOR | 60606 |
| 4 | NASHVILLE, TN 37201-1631 | KEN@LEVINSONSTEFANI.COM |

## **McILWAIN, LLC**

BY:  /s/ Timothy J. McIlwain
     TIMOTHY J. MCILWAIN
     2020 New Road, Suite A Linwood,
     New Jersey 08221 Tel: 877-375-9599
     Fax: 609-450-7017
       Attorney@mcilwainlaw.com