UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION** | MDL NO. 2492<br>Case No. 13-cv-09116<br><br>Judge John Z. Lee<br><br>Magistrate Judge Weisman |

**SUPPLEMENT IN SUPPORT OF SETTLEMENT CLASS PLAINTIFFS' MOTION FOR RESOLUTION OF A DISPUTE CONCERNING THE EFFECTIVE DATE**

In opposing Settlement Class Plaintiffs' Motion for Resolution of a Dispute Concerning the Effective Date, the NCAA relied in part on the supposed uncertainty and risk associated with how the Seventh Circuit could resolve the sole appeal. Effectively ignoring the actual scope of the appeal, the NCAA declared that it was "by no means certain that the Seventh Circuit panel assigned to hear the case would not sua sponte take the opportunity to review any other aspect of the final order and judgment, including the Court's decision to grant Final Approval." Dkt. 571 at 8 n.6. Using that uncertainty, the NCAA rejected Settlement Class Plaintiffs' proposal to create an escrow fund in the amount of the disputed fees, as "an escrow fund would not alleviate the risk posed by the possibility that the appeal could result in a material modification of the Settlement Agreement." *Id.* at 8 n.6.

However, on October 25, 2019, the Court of Appeals for the Seventh Circuit summarily affirmed this Court's Final Order and Judgment. *See* Ex. 1 (attaching the Seventh Circuit's October 25, 2019 Order). That order, issued by a three-judge panel, clearly and completely disposed of the McIlwain appeal. *Id.* Delivered by a court that clearly wishes to spend no further time with a meritless and frivolous appeal, the Seventh Circuit's order eliminates the purported uncertainty and risk raised by the NCAA:

- 1 –

- 2 –

> This court has carefully reviewed the final order of the district court, the record on appeal, and the above listed motions papers. Based on this review, the court has determined that any issues which could be raised are insubstantial and that further briefing would not be helpful to the court's consideration of the issues. *See Taylor v. City of New Albany*, 979 F.2d 87 (7th Cir. 1992); *Mather v. Village of Mundelein*, 869 F.2d 356, 357 (7th Cir. 1989) (per curiam) (court can decide case on motions papers and record where briefing would be [*sic*] not assist the court and no member of the panel desires briefing or argument). "Summary disposition is appropriate 'when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.'" *Williams v. Chrans*, 42 F.3d 1137, 1139 (7th Cir. 1995), *citing Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). **The district court, in its thorough and well-reasoned orders, did not abuse its discretion when denying attorney McIlwain's motions for leave to file an untimely petition for attorney's fees and costs**.

Ex. 1 at 2 (emphasis added). This Order makes clear that the Seventh Circuit did not "sua sponte take the opportunity to review any other aspect of the final order and judgment, including the Court's decision to grant Final Approval." Dkt. 571 at 8 n.6. And the Seventh Circuit's summary disposition forecloses the "possibility that the appeal could result in a material modification of the Settlement Agreement." *Id.*

Plaintiffs remain willing to "reasonably cooperate" "to effect this Settlement and all terms thereof," particularly with respect to the Medical Monitoring Program, and to take "any and all such other actions as may be reasonably necessary to effectuate [the Settlement] Agreement." Dkt. 558-1 at § U(1)–(2). The Settlement Agreement, and good faith, requires the same from the NCAA. To that end, and without waiving their arguments in their opening motion, Settlement Class Plaintiffs are willing to agree to **November 8, 2019 as the Effective Date**, a date 14 days after the Seventh Circuit's October 25, 2019 Order.

- 2 –

- 3 –

Dated: October 31, 2019            Respectfully submitted,

By: */s/ Steve W. Berman*
Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel.: 206.623.7292
Fax: 206.623.0594
Email: steve@hbsslaw.com

Daniel J. Kurowski
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Tel.: 708.628.4949
Fax: 708.628.4950
Email: dank@hbsslaw.com

Joseph J. Siprut
SIPRUT PC
17 N. State Street, Suite 1600
Chicago, IL 60602
Email: jsiprut@siprut.com

*Settlement Class Counsel*

- 4 –

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on October 31, 2019, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF electronic filing system, which caused notice to be sent to all counsel of record.

By: */s/ Steve W. Berman*
Steve W. Berman

- 4 –

010270-12/1205209 V2