```
 1                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3
    IN RE:  NATIONAL COLLEGIATE      ) Docket No. 13 C 9116
 4  ATHLETIC ASSOCIATION STUDENT-    )
    ATHLETE CONCUSSION INJURY        )
 5  LITIGATION                       ) Chicago, Illinois
                                     ) November 5, 2019
 6                                   ) 9:05 o'clock a.m.

 7
                 TRANSCRIPT OF PROCEEDINGS - STATUS
 8               BEFORE THE HONORABLE JOHN Z. LEE

 9
    APPEARANCES:
10

11  For the Plaintiffs:        HAGENS BERMAN SOBOL SHAPIRO, LLP
                               BY:  MR. DANIEL J. KUROWSKI
12                             455 North Cityfront Plaza Drive
                               Suite 2410
13                             Chicago, Illinois  60611

14
    For the NCAA:              LATHAM & WATKINS, LLP
15                             BY:  MS. JOHANNA M. SPELLMAN
                               330 North Wabash Avenue, Suite 2800
16                             Chicago, Illinois  60611

17
    Court Reporter:            MR. JOSEPH RICKHOFF
18                             Official Court Reporter
                               219 S. Dearborn St., Suite 2128
19                             Chicago, Illinois  60604
                               (312) 435-5562
20

21              *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

22                      PROCEEDINGS RECORDED BY
                          MECHANICAL STENOGRAPHY
23                   TRANSCRIPT PRODUCED BY COMPUTER

24

25
```

```
1            THE CLERK:  Case 13 CV 9116, NCAA Student Athlete
2   Concussion Injury Litigation.
3            MS. SPELLMAN:  Good morning, your Honor, Johanna
4   Spellman on behalf of the NCAA.
5            MR. KUROWSKI:  Good morning, your Honor, Daniel
6   Kurowski for plaintiffs.
7            THE COURT:  Good morning.
8            So, the Seventh Circuit issued its decision.  I see
9   that the appellant has filed a motion to dismiss the appeal.
10           So, with regard to the effective date, then, where
11  does that leave us?
12           MS. SPELLMAN:  Our position is that the effective
13  date would begin 14 days after the Seventh Circuit enters an
14  order granting that motion that was filed yesterday.
15           THE COURT:  And the plaintiffs?
16           MR. KUROWSKI:  Your Honor, our position is that the
17  effective date is 14 days from the date of the Seventh
18  Circuit's order.  The order summarily and completely
19  dismissing the appeal.
20           We also, just in terms of an update from the -- to
21  the Court as it relates to the motion for voluntarily
22  dismissal -- or voluntary dismissal -- the Seventh Circuit
23  issued a brief order on that motion -- stipulated motion --
24  basically, confirming in writing that Mr. McIlwain will not be
25  pursuing a further appeal.  It states, "In light of the
```

1 Court's final order dated October 25th, 2019, the motion will
2 be filed without court action."
3     So, from our perspective, it's final as of October
4 25th. And, so, the effective date is 14 days after that
5 opinion. There's no dispute here that the settlement has been
6 affirmed without material modification, and that no further
7 appellate action is going. The appeal is over.
8     THE COURT: Why isn't the effective date 14 days from
9 the filing of the stipulation of dismissal? Why do we have to
10 wait for the Seventh Circuit to -- do you think the Seventh
11 Circuit isn't going to agree to the stipulation in light of
12 its order?
13     MS. SPELLMAN: No, your Honor. It's just that
14 until -- the language of the settlement agreement provides
15 that the effective date arises after all appeals have been
16 finally disposed of. And we think that once that order
17 enters, it will be finally disposed of.
18     THE COURT: All right.
19     Having reviewed the agreement and the circumstances
20 here, I believe that the appeals are finally disposed of as of
21 date of the filing of the stipulated dismissal of the appeal.
22 And, so, the effective date will be 14 days thereafter.
23     All right. So, the --
24     MR. KUROWSKI: So, your Honor, just so I'm clear, 14
25 days from yesterday?

```
 1              THE COURT:  Yes.
 2              MR. KUROWSKI:  Okay.
 3              THE COURT:  There are a couple of -- let's see --
 4              MR. KUROWSKI:  And I think there's a related issue as
 5    it relates to the bond.
 6              THE COURT:  Right.
 7              MR. KUROWSKI:  Your Honor had issued a show-cause
 8    order.
 9              THE COURT:  I think the bond is -- the issue of the
10    bond is moot now, right?
11              MR. KUROWSKI:  I think in light of -- our hesitation
12    from plaintiffs' perspective was if Mr. McIlwain was going to
13    pursue any sort of further action.  And now we've got
14    confirmation that he's not.
15              And, so, your Honor, we're inclined to agree with
16    your Honor and then -- you know, so we'd request that your
17    Honor either strike it, you know, or permit us to withdraw it
18    as -- without prejudice, given the recent developments.
19              THE COURT:  I'll deny the motion as being mooted by
20    recent developments.
21              MS. SPELLMAN:  Your Honor, one other related item
22    that we wanted to bring to your attention.  As we referenced
23    in our response to plaintiffs' motion, there has been
24    discussion regarding the requirements of two of the injunctive
25    relief -- a couple of the injunctive relief -- provisions in
```

1  the settlement.  Given the passage of time since the
2  settlement was negotiated, there have been advances in the
3  state of medical knowledge such that some of what was agreed
4  to, you know, several years ago is no longer what leading
5  practitioners recommend.
6         We have been trying to harmonize that, working with
7  Judge Andersen and plaintiffs' counsel.  We're willing to
8  continue to do that and intend to.  If we're unable to resolve
9  that, that may be something that we'll need to bring to the
10 Court for the Court's resolution.
11        THE COURT:  But the agreement provides or gives
12 allowances for developments in technology and in the medical
13 sciences, doesn't it?
14        So, I guess I'm not quite clear what the issue would
15 be.
16        MS. SPELLMAN:  The issue would be with respect to the
17 specific injunctive relief requirements that are imposed upon
18 member institutions.  That provision, as we read it -- at
19 least conservatively -- doesn't seem to allow for modification
20 without the agreement of the parties or with the Court's
21 blessing.  And, so, that's what we're focused on.
22        And these are minor differences, but we do think that
23 in the interest of getting certainty for the member
24 institutions going forward, that if we're unable to resolve
25 them with plaintiffs' counsel, it's something that we would

1  need to bring to the Court's attention.

2          And if that were the case, I think it is possible
3  that we might -- member institutions may need a little bit
4  more time than the time provided in the settlement agreement
5  to comply since they, obviously, can't comply with
6  requirements until they know with certainty what those are.

7          THE COURT:  That's with regard to the return-to-play
8  requirements, the --

9          MS. SPELLMAN:  Correct.  The concussion management
10 plan requirements that are set forth in the --

11         THE COURT:  I will let you know that I am loath to
12 make any modifications or changes to the agreement or the
13 order, because it's time to get going on implementing the
14 settlement.  It's been too long.  And we've been hampered by
15 the appeal, which, obviously, the Seventh Circuit didn't think
16 much of.  And, so, now that we have an effective date, I want
17 the parties to quickly resolve whatever issues they have, and
18 I want the timetable met.

19         So, I'm going to set this case for further status the
20 first week in February.  And at that point, I would like a
21 detailed report on the scope or the extent of implementation
22 and the time frame of the implementation, particularly of the
23 medical monitoring side.

24         Carmen, give me a date, please.

25         THE CLERK:  February 5th at 9:00 o'clock.

```
 1            THE COURT:  All right.  Thank you.
 2            MR. KUROWSKI:  Thank you, your Honor.
 3            MS. SPELLMAN:  Thank you, your Honor.
 4                    *     *     *     *     *
 5
 6  I certify that the foregoing is a correct transcript from the
    record of proceedings in the above-entitled matter.
 7
 8
    /s/ Joseph Rickhoff                       November 14, 2019
 9  Official Court Reporter
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```