**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION LITIGATION** | MDL NO. 2492<br><br>Master Docket No. 13-cv-09116<br><br>Judge John Z. Lee<br><br>Magistrate Judge M. David Weisman |

**UNOPPOSED THIRD MOTION FOR LEAVE TO PAY
MEDICAL MONITORING EXPENSES
FROM THE SETTLEMENT FUND**

Settlement Class Counsel respectfully requests that the Court grant leave to the Program Administrator to pay Medical Monitoring Program expenses and Notice Expenses from the Medical Monitoring Fund to (A) Epiq Mass Tort (fka Garretson Resolution Group) for payment of (1) $54,880 of licensing fees for psychological assessments required by the Medical Science Committee in the implementation of the Screening Questionnaire, (2) $495,600 in additional expenses associated with establishment of the network of Program Locations, (3) $2,084 in hourly fees for administering certification of compliance with the Return-to-Play Guidelines, and (4) $432 in additional pass-through expenses associated with administering certification of compliance with the Return-to-Play Guidelines, and (B) Gilardi & Co. LLC for payment of $13,799.99 in final administrative costs related to the costs to transfer the IVR line, settlement website, NCAA Member Institution datasets, and mail tables to Epiq Mass Tort.

In support thereof, Settlement Class Counsel state as follows:

1.    On November 5, 2019, the Court set November 18, 2019 as the Effective Date under the terms of the Second Amended Class Action Settlement Agreement (Dkt. 558-1) ("Settlement Agreement"). *See* Dkt. 578. Under the terms of the Settlement Agreement, Epiq, as

the Program Administrator, is directed to make certain payments from the Medical Monitoring Fund, including "[a]ll payments for costs of administration of the Medical Monitoring Program, in amounts to be approved by the Court." Dkt. 558-1 at Section IV.A.2.c.

A.   **Fees and Expenses Submitted By Epiq Mass Tort.**

2.   Since the previous submission to the Court on April 8, 2020 (Dkt. 591), Epiq has incurred additional expenses in 2020 in its ongoing administration and implementation of the Medical Monitoring Program.  Declaration of Crystal Utley of Epiq Mass Tort ("Utley Decl.") ¶ 2 (filed with this Motion as Exhibit 1).

3.   Epiq seeks reimbursement of fees and expenses falling within three categories. *Id.* ¶ 19.

4.   First, Epiq requests approval of $54,880 in *licensing fees* for psychological assessments required by the Medical Science Committee in the implementation of the Screening Questionnaire.  *Id.* ¶ 6-8.

5.   The Medical Science Committee designated seven psychological assessments as part of the Screening Questionnaire for use in determining eligibility of Settlement Class Members for in-person Medical Evaluations.  *Id.* ¶ 6.  Of those seven assessments, four were under copyright protection and thus required licensing from their owners for use in the Screening Questionnaire.  *Id.*  After various discussions with the owners of the test that resulted in reducing the overall licensing costs, Epiq issued payment to the test owners – Pearson and PAR, Inc. – for their required licensing fees in July 2020, prior to making the Screening Questionnaire available to Settlement Class Members.  *Id.* ¶¶ 7-8.  As a result, Epiq requests Court approval to be reimbursed for these costs totaling $54,880.

6. Second, Epiq requests $495,600 in *additional expenses associated with establishment of the network of Program Locations*.

7. In its 2015 cost estimate, Epiq projected the expenses for efforts required to contract a network of Program Locations to deliver Medical Evaluations to Qualifying Class Members. *Id.* ¶ 9.

8. For this cost category, Epiq estimated total billings of $455,483 for tasks that included defining and drafting Program operating procedures; defining and drafting participant and provider materials; enrolling providers; defining specifications for billing platforms; and internal training. *Id.* ¶ 9.

9. However, Epiq's original projection suffered from shortcomings related to the number of Program Locations needed and the need to address Program Locations that may drop out during the course of the Medical Monitoring Program. *Id.* ¶¶ 10-12.

10. The April 2020 Declaration described provider enrollment billings to date and calculated the remaining balance of the provider enrollment estimate at $270,000 in 2020 dollars. *Id.* ¶ 15. Adjusting the $431,889 increase in projected variable expenses (in 2015 dollars) for inflation yields an inflation-adjusted increase of $495,600 in 2020 dollars, which when added to the earlier April 2020 estimate yields a revised remaining balance of $765,600. *Id.* Through November 2020, Epiq has incurred expenses in this category of $531,647, or $261,647 higher than the remaining balance of the estimate described in the April 2020 Declaration. *Id.*

11. Through November 2020, Epiq has incurred expenses in this category of $531,647, or $261,647 higher than the remaining balance of the estimate described in the April 2020 Declaration. *Id.* ¶ 15.

12. Epiq estimates incurring approximately $50,000 in additional provider enrollment expenses in December 2020, for projected total provider enrollment expenses of $580,000 in 2020. *Id.* ¶ 15.

13. Subtracting the projected $580,000 in 2020 provider enrollment expenses from the revised total projected balance of $765,600 leaves $185,600 remaining for additional provider enrollment work, which Epiq proposes to "roll over" to 2021 to complete the initial setup of Program Locations, which is necessary primarily due to delays imposed by the Covid-19 pandemic. *Id.* ¶ 16.

14. Third, Epiq requests reimbursement of $2,516 in ***expenses for administering certification of compliance with the Return-to-Play Guidelines***. *Id.* ¶ 17.

15. In the April 2020 Declaration, Epiq included a cost estimate of $20,600 to set up and administer a process to collect written certifications from NCAA member institutions that those institutions were in compliance with the Return-to-Play Guidelines set forth in Section IX.A of the Settlement Agreement. *Id.* ¶ 18.

16. Beginning in February 2020 and continuing through May 2020, Epiq administered the process it established for NCAA member institutions, collecting and posting certifications from 996 member institutions. *Id.* ¶ 18. Total costs for this effort were $23,116, representing an increase of $2,516 over the original estimate, for which Epiq now seeks reimbursement. *Id.*

17. Per the Court's prior instructions, Epiq has demonstrated how the costs are in line with or depart from costs addressed in prior Epiq Reports submitted on April 14, 2015 (Dkt. 161), April 20, 2015 (Dkt. 170), August 9, 2018 (Dkt. 516), and April 8, 2020 (Dkt. 591). *See*

Utley Decl. ¶¶ 6-8 (discussing licensing expenses), ¶¶ 9-16 (discussing Program Location expenses), ¶¶ 17-18 (discussing return to play certification expenses).

18. Should the Court approve payment of the amounts requested in the Utley Declaration, the total approved hourly fees for Program Setup will equal $1,981,631 and approved one-time pass-through expenses for Program Setup will total $90,583. Utley Decl. ¶¶ 21-22.

**B.  Fees and Expenses Submitted By Gilardi & Co. LLC.**

19. As reflected in the Declaration of Rachel Christman Regarding Updated Notice Program Expenses ("Christman Decl.") (filed with this Motion as Exhibit 2), Gilardi seeks payment of $13,799.99 in direct notice and administration costs from February 1, 2019 through July 31, 2020. Christman Decl. ¶ 9.

20. Gilardi seeks reimbursement in three categories. *Id.* ¶¶ 6-8.

21. First, Gilardi seeks reimbursement of Project Management expenses in the amount of $7,804.00. *Id.* ¶ 6. With this amount, when consolidated with the amounts previously billed and paid, Gilardi is under-budget in this category by $29,171.00. *Id.*

22. Second, Gilardi seeks reimbursement of Correspondence Processing expenses in the amount of $56.00. *Id.* ¶ 7. Gilardi projected costs in the amount of $2,883.00 and previously billed and was paid $6,506.00 in this category. *Id.* The total billed amount in this category exceeds the projected budget by $3,679.00. *Id.* This amount has not been discounted as this reflects the actual time necessary to process and respond to the higher than expected volume of both emailed and mailed correspondence from Class Members. *Id.*

23. Finally, Gilardi seeks $5,939.99 in total reimbursement for IVR Line Charges ($1,497.49), IVR Transfer Fee ($550.44), and Staff Hours Providing Phone Support ($3,892.06).

*Id.* ¶ 8. Gilardi previously projected costs in the amount of $7,935.01 for this category and Gilardi previously billed and was paid $50,043.44 in this category. *Id.* The total billed amount in this category exceeds the projected budget by $48,048.42. *Id.* This amount has not been discounted as this reflects the actual time necessary to handle the higher than anticipated call volume in this case. *Id.*

24. Such amounts represent the final payment to KCC for services in this litigation until the reminder mailings contemplated in Section XI.A.3 of the Second Amended Class Action Settlement and Release. *Id.* ¶ 9. If approved, the $13,799.99 payment would result in an overall cost of $2,278,409.28 for Settlement Administration ($2,248,296.03 in administrative costs and expenses plus $30,113.25 in sales tax). *Id.* The pre-tax amount of $2,248,296.03 is $97,715.83 (4.50%) more than the budget previously approved by the Court. *Id.*

\*\*\*

25. Settlement Class Counsel certifies that these settlement expenses are necessary for the purpose of a just and efficient settlement of this case.

26. The NCAA does not oppose this motion.

WHEREFORE, Settlement Class Counsel respectfully requests the Court grant leave for payment of $552,996 in fees and expenses to Epiq Mass Tort and $13,799.99 in final administrative costs to Gilardi & Co. LLC.

Date: February 4, 2021　　　　　　　　　　Respectfully submitted,

By:   */s/ Daniel J. Kurowski*

Steve W. Berman
*steve@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
206.623.7292
Fax: 206.623.0594

Daniel J. Kurowski
*dank@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
708.628.4949
Fax: 708.628.4950

*Settlement Class Counsel*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on February 4, 2021 a true and correct copy of the foregoing was filed electronically via CM/ECF, which caused notice to be sent to all counsel of record.

By: ___/s/ Daniel J. Kurowski___